IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | Civil Action No. _____ <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT**

Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. ("Bridgestone") bring this action seeking monetary damages and injunctive relief against Defendant, Acushnet Company ("Acushnet"), to remedy Acushnet's infringement of ten United States patents from Bridgestone's extensive patent portfolio, in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq.*, and the harm caused thereby. Bridgestone further seeks a declaratory judgment with respect to four United States patents allegedly owned by Acushnet. Bridgestone, for its Complaint against Acushnet, alleges as follows:

**PARTIES**

1. Plaintiff Bridgestone Sports Co., Ltd. is a Japanese corporation organized and existing under the laws of Japan, with a principal place of business in Tokyo, Japan.

2. Plaintiff Bridgestone Golf, Inc., formerly Bridgestone Sports (U.S.A.), Inc., is a U.S. subsidiary of Bridgestone Sports Co., Ltd., and located in and has a principal place of business in Covington, Georgia. Bridgestone Sports Co., Ltd. and its subsidiary, Bridgestone

Golf, Inc., manufacture, market and sell golf products including golf balls in the United States, including this judicial district.

3. On information and belief, defendant Acushnet Company is a corporation organized and existing under the laws of Delaware, with a principal place of business at 333 Bridge Street, Fairhaven, MA 02719.

## JURISDICTION AND VENUE

4. This is an action arising under the patents laws of the United States. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to 28 U.S.C. §§2201 and 2202.

5. Acushnet resides in this Judicial District, and is doing business in this Judicial District, by selling and offering to sell its products, including certain golf balls that infringe one or more of the Bridgestone patents, directly or through third parties.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL ALLEGATIONS AND BACKGROUND

7. Bridgestone has been and continues to be a recognized worldwide leader in the design, development and manufacture of golf equipment, including golf balls. For years, Bridgestone has invested significant time, financial resources, and effort in the research and development of technology that is used in all facets of golf ball design and manufacture of golf balls. To protect its investment, Bridgestone has applied for and obtained extensive patent rights world-wide, including a large number of United States patents.

8. As a result of the technology developed by Bridgestone over the years, Bridgestone is one of the leading suppliers of golf balls to the United States market, selling to all

categories of golfers, including professional and amateur golfers, male and female golfers, and golfers with high and low handicaps.

9. Many of Bridgestone's United States patents relate to an extensive and broad spectrum of technology contained in golf balls used today by both professional and amateur players. The following are ten such Bridgestone patents (collectively referred to as "Bridgestone's patents-in-suit").

10. United States Patent No. 5,252,652 ("the '652 Patent"), entitled *Solid Golf Ball*, was duly and lawfully issued on October 12, 1993. A true and correct copy of the '652 Patent is attached hereto as Exhibit A. Bridgestone is the owner of all right, title and interest in the '652 Patent, including the right to sue and recover damages for infringement of this patent.

11. United States Patent No. 5,553,852 ("the '852 Patent"), entitled *Three-Piece Solid Golf Ball*, was duly and lawfully issued on September 10, 1996. A true and correct copy of the '852 Patent is attached hereto as Exhibit B. Bridgestone is the owner of all right, title and interest in the '852 Patent, including the right to sue and recover damages for infringement of this patent.

12. United States Patent No. 5,695,413 ("the '413 Patent"), entitled *Solid Golf Ball*, was duly and lawfully issued on December 9, 1997. A true and correct copy of the '413 Patent is attached hereto as Exhibit C. Bridgestone is the owner of all right, title and interest in the '413 Patent, including the right to sue and recover damages for infringement of this patent.

13. United States Patent No. 5,743,817 ("the '817 Patent"), entitled *Golf Ball*, was duly and lawfully issued on April 28, 1998. A true and correct copy of the '817 Patent is attached hereto as Exhibit D. Bridgestone is the owner of all right, title and interest in the '817 Patent, including the right to sue and recover damages for infringement of this patent.

14. United States Patent No. 5,782,707 ("the '707 Patent"), entitled *Three-Piece Solid Golf Ball*, was duly and lawfully issued on July 21, 1998. A true and correct copy of the '707 Patent is attached hereto as Exhibit E. Bridgestone is the owner of all right, title and interest in the '707 Patent, including the right to sue and recover damages for infringement of this patent.

15. United States Patent No. 5,803,834 ("the '834 Patent"), entitled *Two-Piece Solid Golf Ball*, was duly and lawfully issued on September 8, 1998. A true and correct copy of the '834 Patent is attached hereto as Exhibit F. Bridgestone is the owner of all right, title and interest in the '834 Patent, including the right to sue and recover damages for infringement of this patent.

16. United States Patent No. 5,813,924 ("the '924 Patent"), entitled *Golf Ball*, was duly and lawfully issued on September 29, 1998. A true and correct copy of the '924 Patent is attached hereto as Exhibit G. Bridgestone is the owner of all right, title and interest in the '924 Patent, including the right to sue and recover damages for infringement of this patent.

17. United States Patent No. 6,634,961 ("the '961 Patent"), entitled *Multi-Piece Solid Golf Ball*, was duly and lawfully issued on October 21, 2003. A true and correct copy of the '961 Patent is attached hereto as Exhibit H. Bridgestone is the owner of all right, title and interest in the '961 Patent, including the right to sue and recover damages for infringement of this patent.

18. United States Patent No. 6,679,791 ("the '791 Patent"), entitled *Golf Ball*, was duly and lawfully issued on January 20, 2004. A true and correct copy of the '791 Patent is attached hereto as Exhibit I. Bridgestone is the owner of all rights, title and interest in the '791 Patent, including the right to sue and recover damages for infringement of this patent.

19. United States Patent No. 6,780,125 ("the '125 Patent"), entitled *Multi-Piece Solid Golf Ball*, was duly and lawfully issued on August 24, 2004. A true and correct copy of the '125 Patent is attached hereto as Exhibit J. Bridgestone is the owner of all right, title and interest in the '125 Patent, including the right to sue and recover damages for infringement of this patent.

20. Acushnet makes, uses, sells, and offers for sale in the United States golf balls, including the Titleist® Pro V1™, the Titleist® Pro V1x™, the Titleist® NXT™, Titleist® NXT Tour, the Titleist® DT SoLo, and the Pinnacle® Exception™ golf balls.

21. Acushnet advertises the golf balls it manufactures, including those identified above, as the "#1 ball in golf,"® and touts its golf balls, such as the Titleist® Pro V1™ and the Titleist® Pro V1x™ golf balls, as representing "the coalescence of three of Titleist's industry leading technologies: large solid core, multi-component construction, and high performance Urethane Elastomer cover technology." However, many of Acushnet's golf balls, including those identified herein, such as the Titleist® Pro V1™ and the Titleist® Pro V1x™ golf balls, embody and contain technology invented by Bridgestone, and for which Bridgestone has obtained United States patents covering such technologies.

22. Acushnet has infringed and continues to infringe Bridgestone's patents-in-suit.

23. Bridgestone and Acushnet have negotiated regarding Bridgestone's patents-in-suit, as well as the following United States patents in which Acushnet represented it owns all right, title and interest (collectively referred to as "Acushnet's patents-in-suit").

24. United States Patent No. 4,729,861 ("the '861 Patent"), entitled *Method of Making Golf Balls*, has an issue date of March 8, 1988, and names Francis deS. Lynch, John W.

Jepson, and Robert A. Brown as the alleged inventors. A true and correct copy of the '861 Patent is attached hereto as Exhibit K.

25. United States Patent No. 4,936,587 ("the '587 Patent"), entitled *Golf Ball*, has an issue date of June 26, 1990, and names Francis deS. Lynch, John W. Jepson, and Robert A. Brown as the alleged inventors. A true and correct copy of the '587 Patent is attached hereto as Exhibit L.

26. United States Patent No. 5,080,367 ("the '367 Patent"), entitled *Golf Ball*, has an issue date of January 14, 1992, and names Francis deS. Lynch, John W. Jepson, and Robert A. Brown as the alleged inventors. A true and correct copy of the '367 Patent is attached hereto as Exhibit M.

27. United States Patent No. 6,729,976 ("the '976 Patent"), entitled *Golf Ball With Improved Flight Performance*, has an issue date of May 4, 2004, and names Laurent C. Bissonnette, Jeffrey L. Dalton, and Steven Aoyama as the alleged inventors. A true and correct copy of the '976 Patent is attached hereto as Exhibit N.

28. Acushnet has alleged that certain Bridgestone's products have infringed and continue to infringe Acushnet's patents-in-suit.

## COUNT I

### (Infringement of the '652 Patent)

29. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-28 of this Complaint as though fully set forth herein.

30. Acushnet has infringed and continues to infringe the '652 Patent by making, using, selling and offering for sale in the United States certain products including, but not limited to, at least the Titleist® Pro V1™, Titleist® Pro V1x™, Titleist® NXT™, Titleist®

NXT Tour, Titleist® DT SoLo and Pinnacle® Exception™ golf balls, and by contributing to infringement and actively inducing others to infringe the '652 Patent, in violation of 35 U.S.C. § 271(a), (b) and (c).

31. Acushnet will continue to infringe the '652 Patent unless enjoined by this Court.

32. In compliance with 35 U.S.C. § 287, Bridgestone has marked at least some of its products with the '652 patent.

33. Bridgestone has given notice in writing to Acushnet of the '652 Patent at least as of February 13, 2004.

34. Acushnet's infringement of the '652 Patent is, has been and continues to be willful and deliberate.

35. As a result of Acushnet's infringement of the '652 Patent, Bridgestone has been and continues to be damaged in an amount yet to be determined.

## COUNT II

### (Infringement of the '852 Patent)

36. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-35 of this Complaint as though fully set forth herein.

37. Acushnet has infringed and continues to infringe the '852 Patent by making, using, selling and offering for sale in the United States certain products including, but not limited to, at least the Titleist® Pro V1™ and the Titleist® Pro V1x™ golf balls, and by contributing to infringement and actively inducing others to infringe the '852 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

38. Acushnet will continue to infringe the '852 Patent unless enjoined by this Court.

39. In compliance with 35 U.S.C. § 287, Bridgestone has marked at least some of its products with the '852 patent.

40. Bridgestone has given notice in writing to Acushnet of its infringement of the '852 Patent at least as early as June 11, 2004.

41. Acushnet's infringement of the '852 Patent is, has been and continues to be willful and deliberate.

42. As a result of Acushnet's infringement of the '852 Patent, Bridgestone has been and continues to be damaged in an amount yet to be determined.

## COUNT III
### (Infringement of the '413 Patent)

43. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-42 of this Complaint as though fully set forth herein.

44. Acushnet has infringed and continues to infringe the '413 Patent by making, using, selling and offering for sale in the United States certain products including, but not limited to, at least the Titleist® DT SoLo and Pinnacle® Exception™ golf balls, and by contributing to infringement and actively inducing others to infringe the '413 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

45. Acushnet will continue to infringe the '413 Patent unless enjoined by this Court.

46. In compliance with 35 U.S.C. § 287, Bridgestone has marked at least some of its products with the '413 patent.

47. Bridgestone has given notice in writing to Acushnet of its infringement of the '413 Patent at least as early as June 11, 2004.

48. Acushnet's infringement of the '413 Patent has been willful and deliberate.

49. As a result of Acushnet's infringement of the '413 Patent, Bridgestone has been damaged in an amount yet to be determined.

## COUNT IV

### (Infringement of the '817 Patent)

50. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-49 of this Complaint as though fully set forth herein.

51. Acushnet has infringed and continues to infringe the '817 Patent by making, using, selling and offering for sale in the United States certain products including, but not limited to, at least the Titleist® NXT™, Titleist® NXT Tour, Titleist® DT SoLo and Pinnacle® Exception™ golf balls, and by contributing to infringement and actively inducing others to infringe the '817 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

52. Acushnet will continue to infringe the '817 Patent unless enjoined by this Court.

53. In compliance with 35 U.S.C. § 287, Bridgestone has marked at least some of its products with the '817 patent.

54. Bridgestone has given notice in writing to Acushnet of its infringement of the '817 Patent at least as early as June 11, 2004.

55. Acushnet's infringement of the '817 Patent is, has been and continues to be willful and deliberate, and without regard for Bridgestone's rights in the '817 Patent.

56. As a result of Acushnet's infringement of the '817 Patent, Bridgestone has been and continues to be damaged in an amount yet to be determined.

## COUNT V

**(Infringement of the '707 Patent)**

57. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-56 of this Complaint as though fully set forth herein.

58. Acushnet has infringed and continues to infringe the '707 Patent by making, using, selling and offering for sale in the United States its products including, but not limited to, at least the Titleist® Pro V1™ golf balls, and by contributing to infringement and actively inducing others to infringe the '707 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

59. Acushnet will continue to infringe the '707 Patent unless enjoined by this Court.

60. In compliance with 35 U.S.C. § 287, Bridgestone has marked at least some of its products with the '707 patent.

61. Bridgestone has given notice to Acushnet of its infringement of the '707 Patent at least as early as June 11, 2004.

62. Acushnet's infringement of the '707 Patent is, has been and continues to be willful and deliberate.

63. As a result of Acushnet's infringement of the '707 Patent, Bridgestone has been and continues to be damaged in an amount yet to be determined.

## COUNT VI

**(Infringement of the '834 Patent)**

64. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-63 of this Complaint as though fully set forth herein.

10

65. Acushnet has infringed and continues to infringe the '834 Patent by making, using, selling and offering for sale in the United States certain products including, but not limited to, at least the Titleist® NXT™, Titleist® DT SoLo and Pinnacle® Exception™ golf balls, and by contributing to infringement and actively inducing others to infringe the '834 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

66. Acushnet will continue to infringe the '834 Patent unless enjoined by this Court.

67. In compliance with 35 U.S.C. § 287, Bridgestone has marked at least some of its products with the '834 patent.

68. Bridgestone has given notice in writing to Acushnet of its infringement of the '834 Patent at least as early as June 11, 2004.

69. Acushnet's infringement of the '834 Patent is, has been and continues to be willful and deliberate.

70. As a result of Acushnet's infringement of the '834 Patent, Bridgestone has been and continues to be damaged in an amount yet to be determined.

## COUNT VII
### (Infringement of the '924 Patent)

71. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-70 of this Complaint as though fully set forth herein.

72. Acushnet has infringed and continues to infringe the '924 Patent by making, using, selling and offering for sale in the United States certain products including, but not limited to, at least the Pinnacle® Exception™ golf balls, and by contributing to infringement

11

and actively inducing others to infringe the '924 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

73. Acushnet will continue to infringe the '924 Patent unless enjoined by this Court.

74. In compliance with 35 U.S.C. § 287, Bridgestone has marked at least some of its products with the '924 patent.

75. Bridgestone has given notice in writing to Acushnet of its infringement of the '924 Patent at least as early as June 11, 2004.

76. Acushnet's infringement of the '924 Patent is, has been and continues to be willful and deliberate.

77. As a result of Acushnet's infringement of the '924 Patent, Bridgestone has been and continues to be damaged in an amount yet to be determined.

### COUNT VIII

**(Infringement of the '961 Patent)**

78. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-77 of this Complaint as though fully set forth herein.

79. Acushnet has infringed, and continues to infringe the '961 Patent by making, using, selling and offering for sale in the United States certain products including, but not limited to, at least the Titleist® Pro V1™ and Titleist® Pro V1x™ golf balls, and by contributing to infringement and actively inducing others to infringe the '961 Patent, in violation of 35 U.S.C. § 271(a), (b) and (c).

80. Acushnet will continue to infringe the '961 Patent unless enjoined by this Court.

81. In compliance with 35 U.S.C. § 287, Bridgestone has marked at least some of its products with the '961 patent.

82. Acushnet has given notice in writing to Bridgestone of the '961 Patent at least as early as March 8, 2004.

83. Acushnet's infringement of the '961 Patent is, has been and continues to be willful and deliberate.

84. As a result of Acushnet's infringement of the '961 Patent, Bridgestone has been and continues to be damaged in an amount yet to be determined.

## COUNT IX

### (Infringement of the '791 Patent)

85. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-84 of this Complaint as though fully set forth herein.

86. Acushnet has infringed, and continues to infringe, the '791 Patent by making, using, selling and offering for sale in the United States certain products including, but not limited to, at least the Titleist® Pro V1™ and Titleist® Pro V1x™ golf balls, and by contributing to infringement and actively inducing others to infringe the '791 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

87. Acushnet will continue to infringe the '791 Patent unless enjoined by this Court.

88. Bridgestone has given notice in writing to Acushnet of its infringement of the '791 Patent at least as early as June 11, 2004.

89. Acushnet's infringement of the '791 Patent is, has been and continues to be willful and deliberate.

90. As a result of Acushnet's infringement of the '791 Patent, Bridgestone has been and continues to be damaged in an amount yet to be determined.

## COUNT X

### (Infringement of the '125 Patent)

91. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-90 of this Complaint as though fully set forth herein.

92. Acushnet has infringed, and continues to infringe, the '125 Patent by making, using, selling and offering for sale in the United States certain products including, but not limited to, at least the Titleist® Pro V1™ and Titleist® Pro V1x™ golf balls, and by contributing to infringement and actively inducing others to infringe the '125 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

93. Acushnet will continue to infringe the '125 Patent unless enjoined by this Court.

94. In compliance with 35 U.S.C. § 287, Bridgestone has marked at least some of its products with the '125 patent.

95. Bridgestone has given notice in writing to Acushnet that the golf balls identified above would be covered by one or more allowed claims that correspond to the claims of the '125 Patent at least as early as June 11, 2004.

96. Acushnet's infringement of the '125 Patent is, has been and continues to be willful and deliberate.

97. As a result of Acushnet's infringement of the '125 Patent, Bridgestone has been and continues to be damaged in an amount yet to be determined.

## COUNT XI

### (Declaratory Judgment re: the '861 Patent)

98. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-97 of this Complaint as though fully set forth herein.

99. This is a claim against Acushnet for a declaratory judgment that the '861 Patent has not been and is not infringed by Bridgestone and that the '861 Patent is invalid.

100. Acushnet has represented that it is the owner of the '861 Patent.

101. Acushnet has asserted that certain golf balls manufactured by Bridgestone have infringed and continue to infringe the '861 Patent. Acushnet's statements and actions have created on the part of Bridgestone a reasonable apprehension and belief that Bridgestone imminently will be faced with an infringement suit if it continues to manufacture and/or sell the products claimed by Acushnet to infringe the '861 Patent.

102. No golf ball made, used, sold, or offered for sale in the United States by Bridgestone infringes any claim of the '861 Patent.

103. The '861 Patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 101 *et seq*.

104. Accordingly, a real and justiciable controversy has arisen and exists between Bridgestone and Acushnet. Bridgestone desires a judicial determination and declaration of the respective rights and duties of the parties herein in accordance with Bridgestone's foregoing contentions. Such a determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the validity and infringement of the '861 Patent.

105. Bridgestone requests a judgment declaring that Bridgestone has not infringed and is not infringing the '861 Patent, and declaring the '861 Patent invalid.

## COUNT XII

### (Declaratory Judgment re: the '587 Patent)

106. Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-105 of this Complaint as though fully set forth herein.

107. This is a claim against Acushnet for a declaratory judgment that the '587 Patent has not been and is not infringed by Bridgestone and that the '587 Patent is invalid.

108. Acushnet has represented that it is the owner of the '587 Patent.

109. Acushnet has asserted that certain golf balls manufactured by Bridgestone have infringed and continue to infringe the '587 Patent. Acushnet's statements and actions have created on the part of Bridgestone a reasonable apprehension and belief that Bridgestone imminently will be faced with an infringement suit if it continues to manufacture and/or sell the products claimed by Acushnet to infringe the '587 Patent.

110. No golf ball made, used, sold, or offered for sale in the United States by Bridgestone infringes any claim of the '587 Patent.

111. The '587 Patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 101 *et seq*.

112. Accordingly, a real and justiciable controversy has arisen and exists between Bridgestone and Acushnet. Bridgestone desires a judicial determination and declaration of the respective rights and duties of the parties herein in accordance with Bridgestone's foregoing contentions. Such a determination and declaration are necessary and appropriate at

this time in order that the parties may ascertain their respective rights and duties regarding the validity and infringement of the '587 Patent.

113.    Bridgestone requests a judgment declaring that Bridgestone has not infringed and is not infringing the '587 Patent, and declaring the '587 Patent invalid.

## COUNT XIII

### (Declaratory Judgment re: the '367 Patent)

114.    Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-113 of this Complaint as though fully set forth herein.

115.    This is a claim against Acushnet for a declaratory judgment that the '367 Patent has not been and is not infringed by Bridgestone and that the '367 Patent is invalid.

116.    Acushnet has represented that it is the owner of the '367 Patent.

117.    Acushnet has asserted that certain golf balls manufactured by Bridgestone have infringed and continue to infringe the '367 Patent. Acushnet's statements and actions have created on the part of Bridgestone a reasonable apprehension and belief that Bridgestone imminently will be faced with an infringement suit if it continues to manufacture and/or sell the products claimed by Acushnet to infringe the '367 Patent.

118.    No golf ball made, used, sold, or offered for sale in the United States by Bridgestone infringes any claim of the '367 Patent.

119.    The '367 Patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 101 *et seq*.

120.    Accordingly, a real and justiciable controversy has arisen and exists between Bridgestone and Acushnet. Bridgestone desires a judicial determination and declaration of the respective rights and duties of the parties herein in accordance with Bridgestone's

foregoing contentions. Such a determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the validity and infringement of the '367 Patent.

121.    Bridgestone requests a judgment declaring that Bridgestone has not infringed and is not infringing the '367 Patent, and declaring the '367 Patent invalid.

## COUNT XIV
### (Declaratory Judgment re: the '976 Patent)

122.    Bridgestone incorporates by reference the allegations set forth in Paragraphs 1-121 of this Complaint as though fully set forth herein.

123.    This is a claim against Acushnet for a declaratory judgment that the '976 Patent has not been and is not infringed by Bridgestone and that the '976 Patent is invalid.

124.    Acushnet has represented that it is the owner of the '976 Patent.

125.    Acushnet has asserted that certain golf balls manufactured by Bridgestone have infringed and continue to infringe the '976 Patent. Acushnet's statements and actions have created on the part of Bridgestone a reasonable apprehension and belief that Bridgestone imminently will be faced with an infringement suit if it continues to manufacture and/or sell the products claimed by Acushnet to infringe the '976 Patent.

126.    No golf ball made, used, sold, or offered for sale in the United States by Bridgestone infringes any claim of the '976 Patent.

127.    The '976 Patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*

128.    Accordingly, a real and justiciable controversy has arisen and exists between Bridgestone and Acushnet. Bridgestone desires a judicial determination and declaration

of the respective rights and duties of the parties herein in accordance with Bridgestone's foregoing contentions. Such a determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the validity and infringement of the '976 Patent.

129. Bridgestone requests a judgment declaring that Bridgestone has not infringed and is not infringing the '976 Patent, and declaring the '976 Patent invalid.

**PRAYER FOR RELIEF**

**WHEREFORE**, Bridgestone requests that this Court grant the following relief:

a) Enter judgment that Acushnet infringes and has infringed the '652, '852, '413, '817, '707, '834, '924, '961, '791 and '125 Patents;

b) Declare that Acushnet's infringement of the '652, '852, '413, '817, '707, '834, '924, '961, '791 and '125 Patents has been willful;

c) Award Bridgestone a preliminary and permanent injunction restraining Acushnet, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from further infringement of the '652, '852, '413, '817, '707, '834, '924, '961, '791 and '125 patents;

d) Award Bridgestone damages from Acushnet adequate to compensate for Acushnet's infringement, including interest and costs;

e) Award Bridgestone treble damages based on the willfulness of Acushnet's infringement;

f) Declare the '861, '587, '367 and '976 patents to be invalid;

g) Declare that Bridgestone has not infringed and does not infringe the '861, '587, '367 and '976 patents;

x

h)  Declare this case to be exceptional and award Bridgestone its reasonable attorney fees and costs; and

i)  Grant Bridgestone such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Bridgestone requests a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Jack Blumenfeld
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
  Attorneys for Bridgestone Sports Co., Ltd.
  and Bridgestone Golf, Inc.

**OF COUNSEL:**

**SUGHRUE MION, PLLC**
ROBERT M. MASTERS
JOHN T. CALLAHAN
RAJA SALIBA
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 293-7060

March 7, 2005