IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.,       )
And BRIDGESTONE GOLF, INC.,         )       C. A. No. 05-132 (JJF)
                                    )
            Plaintiffs,             )
                                    )
      v.                            )
                                    )
ACUSHNET COMPANY,                   )
                                    )       **DEMAND FOR JURY TRIAL**
            Defendants.             )
                                    )

### REPLY AND COUNTERCLAIM OF BRIDGESTONE TO
### ACUSHNET'S ANSWER AND COUNTERCLAIM

Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (individually or collectively "Bridgestone"), by and through their undersigned attorneys, hereby reply to the numbered paragraphs of the Counterclaims in defendant Acushnet Company's ("Acushnet") Answer and Counterclaim, as set forth below.

### ACUSHNET'S COUNTERCLAIMS

142.    Bridgestone admits the allegations of paragraph 142.

143.    Bridgestone admits the allegations of paragraph 143.

144.    Bridgestone admits the allegations of paragraph 144.

145.    Bridgestone admits the allegations of paragraph 145.

146.    Bridgestone admits that venue is proper in this district; otherwise denied.

147.    Bridgestone admits that U.S. Patent No. 6,818,705 (the '705 patent) is entitled *Thin-Layer-Covered Golf Ball with Improved Velocity* and issued on November 16, 2004. Bridgestone is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 147 and, therefore, denies the same.

## COUNTERCLAIM I

### (Declaratory Judgment Re The '652 Patent)

148.    Bridgestone incorporates paragraphs 1-129 of its Complaint and its responses to paragraphs 142-147, as though fully set forth herein.    Bridgestone responds to paragraphs 130-141 of Acushnet's Answer as follows:

130.    Bridgestone denies the allegations of paragraph 130.

131.    Bridgestone denies the allegations of paragraph 131.

132.    Bridgestone denies the allegations of paragraph 132.

133.    Bridgestone admits that JP 9-228902 was filed on August 11, 1997, that a Rejection Notice was issued on December 26, 2000 followed by a Final Rejection on April 17, 2001, and that an appeal was filed and that the application was abandoned on March 10, 2003; otherwise denied.

134.    Bridgestone admits that it filed in the United States a patent application which matured into the '125 patent and which claims priority under 35 U.S.C. § 119 to JP 9-228902; otherwise denied.

135.    Bridgestone admits that it designed and manufactured the Altus Newing Massy and Precept Dynawing Double Cover S+ golf balls; otherwise denied.

136.    Bridgestone admits that it designed and manufactured the Precept EV Extra Spin golf ball; otherwise denied.

137.    Bridgestone admits that it designed and manufactured the Precept EV Extra Spin golf ball; otherwise denied.

138.    Bridgestone admits that both the '852 patent and EP 0 633 043 are commonly assigned and have common listed inventors to the '707 patent, and that Mr. Siegel was involved in the U.S. prosecutions of both the '852 and '707 patent applications; otherwise denied.

139.    Bridgestone denies the allegations of paragraph 139.

140.    Bridgestone denies the allegations of paragraph 140.

141.    Bridgestone denies the allegations of paragraph 141.

149.    Bridgestone admits that it is the assignee and lawful owner of all right, title and interest in and to the '652 Patent.

150.    Bridgestone admits the allegations of paragraph 150.

151.    Bridgestone denies the allegations of paragraph 151.

152.    Bridgestone denies the allegations of paragraph 152.

153.    Bridgestone admits that an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the infringement and alleged invalidity of the '652 Patent, and that Acushnet requests a declaratory judgment; otherwise denied.

## COUNTERCLAIM II

### (Declaratory Judgment Re: The '852 Patent)

154.    Bridgestone incorporates its responses to paragraphs 148-153 above, as though fully set forth herein.

155.    Bridgestone admits that it is the assignee and lawful owner of all right, title and interest in and to the '852 Patent.

156.    Bridgestone admits the allegations of paragraph 156.

157.    Bridgestone denies the allegations of paragraph 157.

158.    Bridgestone denies the allegations of paragraph 158.

159.    Bridgestone admits that an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the infringement and alleged invalidity of the '852 Patent, and that Acushnet requests a declaratory judgment; otherwise denied.

## COUNTERCLAIM III

### (Declaratory Judgment Re: The '413 Patent)

160.    Bridgestone incorporates its responses to paragraphs 148-159 above, as though fully set forth herein.

161.    Bridgestone admits that it is the assignee and lawful owner of all right, title and interest in and to the '413 Patent.

162.    Bridgestone admits the allegations of paragraph 162.

163.    Bridgestone denies the allegations of paragraph 163.

164.    Bridgestone denies the allegations of paragraph 164.

165.    Bridgestone admits that an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the infringement and alleged invalidity and unenforceability of the '413 Patent, and that Acushnet requests a declaratory judgment; otherwise denied.

## COUNTERCLAIM IV

### (Declaratory Judgment Re: The '817 Patent)

166.    Bridgestone incorporates its responses to paragraphs 148-165 above, as though fully set forth herein.

167.    Bridgestone admits that it is the assignee and lawful owner of all right, title and interest in and to the '817 Patent.

168.    Bridgestone admits the allegations of paragraph 168.

169.    Bridgestone denies the allegations of paragraph 169.

170.    Bridgestone denies the allegations of paragraph 170.

171.    Bridgestone admits that an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the infringement and alleged invalidity and unenforceability of the '817 Patent, and that Acushnet requests a declaratory judgment; otherwise denied.

### COUNTERCLAIM V

### (Declaratory Judgment Re: The '707 Patent)

172.    Bridgestone incorporates its responses to paragraphs 148-171 above, as though fully set forth herein.

173.    Bridgestone admits that it is the assignee and lawful owner of all right, title and interest in and to the '707 Patent.

174.    Bridgestone admits the allegations of paragraph 174.

175.    Bridgestone denies the allegations of paragraph 175.

176.    Bridgestone denies the allegations of paragraph 176.

177.    Bridgestone admits that an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the infringement and alleged invalidity and unenforceability of the '707 Patent, and that Acushnet requests a declaratory judgment; otherwise denied.

## COUNTERCLAIM VI

### (Declaratory Judgment Re: The '834 Patent)

178.    Bridgestone incorporates its responses to paragraphs 148-177 above, as though fully set forth herein.

179.    Bridgestone admits that it is the assignee and lawful owner of all right, title and interest in and to the '834 Patent.

180.    Bridgestone admits the allegations of paragraph 180.

181.    Bridgestone denies the allegations of paragraph 181.

182.    Bridgestone denies the allegations of paragraph 182.

183.    Bridgestone admits that an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the infringement and alleged invalidity of the '834 Patent, and that Acushnet requests a declaratory judgment; otherwise denied.

## COUNTERCLAIM VII

### (Declaratory Judgment Re: The '924 Patent)

184.    Bridgestone incorporates its responses to paragraphs 148-183 above, as though fully set forth herein.

185.    Bridgestone admits that it is the assignee and lawful owner of all right, title and interest in and to the ['924] Patent.

186.    Bridgestone admits the allegations of paragraph 186, and assumes that Acushnet meant to refer to the '924 Patent.

187.    Bridgestone denies the allegations of paragraph 187.

188.    Bridgestone denies the allegations of paragraph 188.

6

189.    Bridgestone admits that an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the infringement and alleged invalidity and unenforceability of the '924 Patent, and that Acushnet requests a declaratory judgment, and assumes that Acushnet meant to refer to the '924 Patent; otherwise denied.

## COUNTERCLAIM VIII

### (Declaratory Judgment Re: The '961 Patent)

190.    Bridgestone incorporates its responses to paragraphs 148-189 above, as though fully set forth herein.

191.    Bridgestone admits that it is the assignee and lawful owner of all right, title and interest in and to the '961 Patent.

192.    Bridgestone admits that it has sued Acushnet in the present action, alleging infringement of the ['961] patent.

193.    Bridgestone denies the allegations of paragraph 193.

194.    Bridgestone denies the allegations of paragraph 194 and assumes that Acushnet meant to refer to the '961 Patent.

195.    Bridgestone admits that an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the infringement and alleged invalidity of the '961 Patent, and that Acushnet requests a declaratory judgment; otherwise denied.

## COUNTERCLAIM IX

### (Declaratory Judgment Re: The '791 Patent)

196.    Bridgestone incorporates its responses to paragraphs 148-195 above, as though fully set forth herein.

197.    Bridgestone admits that it is the assignee and lawful owner of all right, title and interest in and to the '791 Patent.

198.    Bridgestone admits the allegations of paragraph 198.

199.    Bridgestone denies the allegations of paragraph 199.

200.    Bridgestone denies the allegations of paragraph 200.

201.    Bridgestone admits that an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the infringement and alleged invalidity of the '791 Patent, and that Acushnet requests a declaratory judgment; otherwise denied.

## COUNTERCLAIM X

### (Declaratory Judgment Re: The '125 Patent)

202.    Bridgestone incorporates its responses to paragraphs 148-201 above, as though fully set forth herein.

203.    Bridgestone admits that it is the assignee and lawful owner of all right, title and interest in and to the '125 Patent.

204.    Bridgestone admits the allegations of paragraph 204.

205.    Bridgestone denies the allegations of paragraph 205.

206.    Bridgestone denies the allegations of paragraph 206.

207.    Bridgestone admits that an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the infringement and alleged invalidity and unenforceability of the '125 Patent, and that Acushnet requests a declaratory judgment; otherwise denied.

## COUNTERCLAIM XI

### (Infringement of the '861 Patent)

208.    Bridgestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208 and, therefore, denies the same.

209.    Bridgestone denies the allegations of paragraph 209.

210.    Bridgestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210 and, therefore, denies the same.

211.    Bridgestone admits to receiving from Acushnet on June 11, 2004 a sheet of paper purportedly identifying the '861 patent and stating: "Laddie: Covered by claims 1 and 9" and "Utri-Tour: Covered by claims 1, 9, and 22"; otherwise denied.

212.    Bridgestone denies the allegations of paragraph 212.

213.    Bridgestone denies the allegations of paragraph 213.

## COUNTERCLAIM XII

### (Infringement of the '587 Patent)

214.    Bridgestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214 and, therefore, denies the same.

215.    Bridgestone denies the allegations of paragraph 215.

216.    Bridgestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216 and, therefore, denies the same.

217.    Bridgestone admits to receiving from Acushnet on June 11, 2004 a sheet of paper purportedly identifying the '587 patent and stating: "Laddie: Covered by claims 1, 18, and 26" and "Utri-Tour: Covered by claims 1, 18, 22, and 26"; otherwise denied.

218.    Bridgestone denies the allegations of paragraph 218.

219.    Bridgestone denies the allegations of paragraph 219.

## COUNTERCLAIM XIII

### (Infringement of the '367 Patent)

220.    Bridgestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220 and, therefore, denies the same.

221.    Bridgestone denies the allegations of paragraph 221.

222.    Bridgestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222 and, therefore, denies the same.

223.    Bridgestone admits to receiving from Acushnet on June 11, 2004 a sheet of paper purportedly identifying the '367 patent and stating: "Laddie: Covered by claims 1 and 18" and "Utri-Tour: Covered by claims 1, 18, and 22"; otherwise denied.

224.    Bridgestone denies the allegations of paragraph 224.

225.    Bridgestone denies the allegations of paragraph 225.

## COUNTERCLAIM XIV

### (Infringement of the '976 Patent)

226.    Bridgestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226 and, therefore, denies the same.

227.    Bridgestone denies the allegations of paragraph 227.

228.    Bridgestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228 and, therefore, denies the same.

229.    Bridgestone admits to receiving from Acushnet on June 11, 2004 a sheet of paper purportedly identifying the '976 patent and listing the "Utri-Tour," "Utri Spin" and "Nike One" golf balls; otherwise denied.

230.    Bridgestone denies the allegations of paragraph 230.

## COUNTERCLAIM XV

## (Infringement of the '705 Patent)

231.    Bridgestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231 and, therefore, denies the same.

232.    Bridgestone denies the allegations of paragraph 232.

233.    Bridgestone admits that it is now aware of the '705 Patent; otherwise denied.

234.    Bridgestone denies the allegations of paragraph 234.

235.    Bridgestone denies the allegations of paragraph 235.

### First Affirmative Defense

236.    Bridgestone has not infringed and does not infringe, either directly or indirectly and either literally or by application of the doctrine of equivalents, any claim of any of the '861, '587, '367, '976, and '705 patents ("Acushnet patents-in-suit").

### Second Affirmative Defense

237.    By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in each of the Acushnet patents-in-suit and related applications, Acushnet is estopped from construing the claims of the Acushnet patents-in-suit to cover and include any products of or acts by Bridgestone.

### Third Affirmative Defense

238.    Bridgestone's products are so different in principle from the subject matter claimed by each of the Acushnet patents-in-suit, and are so different in function, operation, way and result from the subject matter claimed by each of the Acushnet patents-in-suit, that

11

Bridgestone's products function in a substantially different way to achieve a substantially different result from that claimed by the Acushnet patents-in-suit.

### Fourth Affirmative Defense

239. Each claim of the Acushnet patents-in-suit is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.*

### Fifth Affirmative Defense

240. Each of the Acushnet patents-in-suit is unenforceable by virtue of Acushnet's misuse of the patents-in-suit because Acushnet has attempted to exclude from the marketplace Bridgestone's products which do not infringe any valid or enforceable claim of the Acushnet patents-in-suit even though Acushnet has knowledge that Bridgestone's products and/or acts do not so infringe. At least the '861 patent has already expired and is no longer enforceable. Acushnet is, thereby, seeking impermissibly to lengthen the term of at least the '861 patent claims with an anticompetitive effect. On information and believe, Acushnet's assertion of continued and willful infringement of the '861 patent against Bridgestone was done with bad faith and for an improper purpose.

### Sixth Affirmative Defense

241. Acushnet's claims are barred by the equitable doctrines of waiver, estoppel and laches.

### Seventh Affirmative Defense

242. The relief sought in the Counterclaims is barred or limited by the failure of Acushnet to mark its products or to otherwise give notice to Bridgestone pursuant to 35 U.S.C. § 287.

**Eighth Affirmative Defense**

243.    The relief sought in Acushnet's Counterclaims is barred in whole or in part because Acushnet comes to this Court with unclean hands.

**Ninth Affirmative Defense**

244.    On information and belief, the '705 patent was obtained through inequitable conduct due to Acushnet's failure to disclose to the USPTO material information about the resilience index for a prior art rubber compound. The '705 patent is thus unenforceable. As grounds therefor, Bridgestone states as follows:

    a.    The '705 patent application was filed on September 27, 2002 and the '705 patent issued therefrom on November 16, 2004.

    b.    Acushnet, including those persons associated with the filing and prosecution of the '705 patent application, had a duty of candor and good faith in dealing with the USPTO, which includes a duty to disclose to the USPTO all information material to patentability of the claimed subject matter of the '705 patent application.

    c.    On or about February 25, 2004, during the prosecution of the '705 patent application, the USPTO issued an office action rejecting certain claims under 35 U.S.C. § 102 as being anticipated by U.S. Patent No. 5,980,396 to Moriyama et al. ("the '396 patent") and under 35 U.S.C. § 103 as being unpatentable in view of the '396 patent. In making the rejection, the USPTO relied on the disclosure in the '396 patent of a golf ball center material made from BR-11, a high cispolybutadiene rubber manufactured by Japan Synthetic Rubber Co., Ltd. ("JSR").

13

d.      On or about May 25, 2004, Acushnet, through its representative, filed a response to the February 25, 2004 office action, amending independent claim 1 to further recite that the material of the center has "a resilience index of at least about 40."    Additionally, Acushnet added independent claim 29, which recited a similar limitation.    In the remarks section of the response, Acushnet affirmatively represented to the USPTO that the '396 patent did not disclose a center material having a resilience index of at least about 40 as recited in claims 1 and 29.    For example, Acushnet stated: "Moriyama '396 is silent, however, as to the resilience index of the center material, as presently recited in independent claim 1 and new independent claim 29.    One of ordinary skill in the art would not have been motivated to form the center presently recited from the teachings of Moriyama '396 without the improper use of hindsight."    Response of May 25, 2004 at page 7.    Acushnet repeated this assertion later in its response: "Like rewritten independent claim 1, independent claim 29 also recites a resilience index for the center material, which is lacking from the cited references."    *Id.* at page 9.

e.      On or about July 26, 2004, following and based upon Acushnet's May 25 response, the USPTO issued a Notice of Allowability for the '705 patent application, in which the USPTO explained the reason for the allowance of claims 1 and 29 as follows: "The Examiner is unable to determine the inherent resilience index of the polybutadiene used [in] Moriyama '396 and therefore cannot reject claims 1 and 29."    Notice of Allowability at

page 2. The '705 patent subsequently issued on November 16, 2004, with claim 1 and claim 29 (renumbered as patent claim 16), among other claims.

f.  On information and belief, prior to the filing date of the '705 patent application, the resilience index for BR-11 was greater than 40 and within the range of the '705 patent claims.

g.  On information and belief, Acushnet, including one or more persons associated with the filing or the prosecution of the '705 patent application, knew or should have known that the resilience index for BR-11 was greater than 40. Before and during the prosecution of the '705 patent application, the physical properties of BR-11 were known by the golf ball industry and use of this material in golf balls predates the filing date of the '705 patent application by several years. Moreover, Acushnet disclosed in the '705 patent application the resilience index for several other polybutadiene polymers, including CB23, CB22, BR-60, BR-40, Taktene 8855, CARIFLEX BR1220, and BUDENE 1207G.

h.  From the prosecution history of the '705 patent application and in particular the Examiner's Statement for Reasons of Allowance, Acushnet knew or should have known that the USPTO considered information about the resilience index for BR-11 to be highly material to the patentability of certain claims then pending. Had Acushnet informed the USPTO about the resilience index for BR-11, the USPTO would not have allowed the '705 patent to issue.

i.      On information and belief, Acushnet, while appreciating the high materiality of the '396 patent and its inherent disclosure regarding the resilience index for BR-11, intentionally misled the USPTO into issuing the '705 patent by not disclosing material information about the resilience index for BR-11.

j.      Acushnet's failure to disclose material information about BR-11 constitutes inequitable conduct which renders each claim of the '705 patent unenforceable.

## BRIDGESTONE COUNTERCLAIM

### (Declaratory Judgment re: the '705 Patent)

Bridgestone alleges the following Counterclaim against Acushnet.

245.    Bridgestone repeats and realleges paragraphs 142-243, as if fully set forth herein.

246.    Acushnet has alleged that it is the owner of all right, title and interest in the '705 patent.

247.    Acushnet has alleged that Bridgestone has infringed and continues to infringe the '705 patent.

248.    Bridgestone has not infringed and is not infringing the '705 patent.

249.    The '705 patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*

250.    On information and belief, the '705 patent was obtained through inequitable conduct due to Acushnet's failure to disclose to the USPTO material information about the resilience index for a prior art rubber compound.  The '705 patent is thus unenforceable.  As grounds therefor, Bridgestone states as follows:

16

a.    The '705 patent application was filed on September 27, 2002 and the '705 patent issued therefrom on November 16, 2004.

b.    Acushnet, including those persons associated with the filing and prosecution of the '705 patent application, had a duty of candor and good faith in dealing with the USPTO, which includes a duty to disclose to the USPTO all information material to patentability of the claimed subject matter of the '705 patent application.

c.    On or about February 25, 2004, during the prosecution of the '705 patent application, the USPTO issued an office action rejecting certain claims under 35 U.S.C. § 102 as being anticipated by U.S. Patent No. 5,980,396 to Moriyama et al. ("the '396 patent") and under 35 U.S.C. § 103 as being unpatentable in view of the '396 patent.   In making the rejection, the USPTO relied on the disclosure in the '396 patent of a golf ball center material made from BR-11, a high cispolybutadiene rubber manufactured by Japan Synthetic Rubber Co., Ltd. ("JSR").

d.    On or about May 25, 2004, Acushnet, through its representative, filed a response to the February 25, 2004 office action, amending independent claim 1 to further recite that the material of the center has "a resilience index of at least about 40."   Additionally, Acushnet added independent claim 29, which recited a similar limitation.   In the remarks section of the response, Acushnet affirmatively represented to the USPTO that the '396 patent did not disclose a center material having a resilience index of at least about 40 as recited in claims 1 and 29.   For example, Acushnet

stated: "Moriyama '396 is silent, however, as to the resilience index of the center material, as presently recited in independent claim 1 and new independent claim 29. One of ordinary skill in the art would not have been motivated to form the center presently recited from the teachings of Moriyama '396 without the improper use of hindsight." Response of May 25, 2004 at page 7. Acushnet repeated this assertion later in its response: "Like rewritten independent claim 1, independent claim 29 also recites a resilience index for the center material, which is lacking from the cited references." *Id.* at page 9.

e.    On or about July 26, 2004, following and based upon Acushnet's May 25 response, the USPTO issued a Notice of Allowability for the '705 patent application, in which the USPTO explained the reason for the allowance of claims 1 and 29 as follows: "The Examiner is unable to determine the inherent resilience index of the polybutadiene used [in] Moriyama '396 and therefore cannot reject claims 1 and 29." Notice of Allowability at page 2. The '705 patent subsequently issued on November 16, 2004, with claim 1 and claim 29 (renumbered as patent claim 16), among other claims.

f.    On information and belief, prior to the filing date of the '705 patent application, the resilience index for BR-11 was greater than 40 and within the range of the '705 patent claims.

g.    On information and belief, Acushnet, including one or more persons associated with the filing or the prosecution of the '705 patent application,

18

knew or should have known that the resilience index for BR-11 was greater than 40. Before and during the prosecution of the '705 patent application, the physical properties of BR-11 were known by the golf ball industry and use of this material in golf balls predates the filing date of the '705 patent application by several years. Moreover, Acushnet disclosed in the '705 patent application the resilience index for several other polybutadiene polymers, including CB23, CB22, BR-60, BR-40, Taktene 8855, CARIFLEX BR1220, and BUDENE 1207G.

h.   From the prosecution history of the '705 patent application and in particular the Examiner's Statement for Reasons of Allowance, Acushnet knew or should have known that the USPTO considered information about the resilience index for BR-11 to be highly material to the patentability of certain claims then pending. Had Acushnet informed the USPTO about the resilience index for BR-11, the USPTO would not have allowed the '705 patent to issue.

i.   On information and belief, Acushnet, while appreciating the high materiality of the '396 patent and its inherent disclosure regarding the resilience index for BR-11, intentionally misled the USPTO into allowing invalid claims and issuing the '705 patent by not disclosing material information about the resilience index for BR-11.

j.   Acushnet's failure to disclose material information about BR-11 constitutes inequitable conduct which renders each claim of the '705 patent unenforceable.

19

251.    Accordingly, a real and justiciable controversy has arisen and exists between Bridgestone and Acushnet.  Bridgestone desires a judicial determination and declaration of the respective rights and duties of the parties herein in accordance with Bridgestone's foregoing contentions.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the infringement, validity and unenforceability of the '705 patent.

252.    Bridgestone requests a judgment declaring that Bridgestone has not infringed the '705 patent and is not infringing the '705 patent, and declaring the '705 patent invalid and unenforceable.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, in addition to paragraphs a) through i) of the PRAYER FOR RELIEF of Bridgestone's Complaint For Patent Infringement And Declaratory Judgment, Bridgestone further requests that this Court grant the following relief:

A)    Dismiss with prejudice Acushnet's Counterclaims I through XV;

B)    Award Bridgestone its costs and expenses in defending Acushnet's Counterclaims I through XV;

C)    Declare that Bridgestone has not infringed and is not infringing the '705 patent;

D)    Declare the '705 patent invalid and unenforceable;

E)    Find that this is an exceptional case, and award Bridgestone its attorneys' fees pursuant to 35 U.S.C. §285; and

F)    Grant such further and other relief as this Court determines to be just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
   *Attorneys for Bridgestone Sports Co., Ltd.*
   *and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
John T. Callahan
Raja Saliba
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C.  20037
(202) 293-7060

May 18, 2005
465624

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on May 18, 2005 I electronically filed

Reply And Counterclaim Of Bridgestone To Acushnet's Answer And Counterclaim with the

Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

David E. Moore
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

I also certify that copies were caused to be served on May 18, 2005 upon the

following in the manner indicated:

### BY HAND

David E. Moore
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

Alan M. Grimaldi
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004

/s/    Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com