# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 575 7291
302 425 3012 Fax
jblumenfeld@mnat.com

June 3, 2005

<u>By E-Filing</u>

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

      RE:    Bridgestone Sports Co., Ltd., *et al.* v. Acushnet Company
               <u>C.A. No. 05-132 (JJF)</u>

Dear Judge Farnan:

      We are writing on behalf of plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf Inc. (collectively "Bridgestone") in connection with the Scheduling Order being jointly submitted by the parties (attached as Exhibit A). We will be prepared to discuss Bridgestone's proposal in detail during the call next Wednesday at 11:30. We address only the two main differences of the parties in this letter.

      Bridgestone filed its complaint against defendant Acushnet Company ("Acushnet"), on March 7, 2005, following more than two years of negotiations. The issues in the action are therefore not new to the parties. Acushnet seeks to further extend resolution of this matter by another three years by proposing a schedule where the trial would not take place until the end of 2007.

      Bridgestone seeks a schedule more in line with the sixteen-month guideline set forth in the Court's May 5, 2005 letter to the parties. Bridgestone believes that this case can be ready for trial in sixteen months, but has nonetheless proposed a schedule contemplating a trial within two years from filing in an attempt to compromise. Bridgestone does not agree with Acushnet's proposed schedule or its proposed number or time limits for depositions.

      1.    <u>**Acushnet's Schedule Is Unnecessarily Extended And Not Workable**</u>

      Bridgestone believes that this case can be ready for trial in sixteen months. In an attempt to compromise, however, Bridgestone has agreed to extend the schedule so that this case is ready for trial in late 2006 or early 2007, approximately twenty to twenty-four months from

The Honorable Joseph J. Farnan, Jr.
Page 2
June 3, 2005

the filing of the complaint. Bridgestone submits that this schedule provides more than ample time for discovery to be completed on all issues.

Acushnet, on the other hand, wants to extend the schedule so that the case is not ready for trial until mid- to late 2007 at the earliest -- at least thirty months from the filing of the case, and probably more. As the defendant, Acushnet wants to delay Bridgestone's day in Court more than a year beyond the Court's guideline.

Acushnet also proposes putting the *Markman* hearing off until February 1, 2007 – more than two years after the case was filed. In our view, this schedule is unworkable because the proposed *Markman* hearing and the disclosures and briefing relating to the *Markman* hearing extend beyond expert discovery. Thus, experts will not have the benefit of either a *Markman* decision or even the parties' proffered position on the disputed claim terms at the time of their reports. Accordingly, the expert reports will be incomplete, not providing a statement of all opinions and the basis and reasons therefore, and contingent on the ultimate construction of the claims. The reports will likely need to be later supplemented, thus introducing even further delay.

Bridgestone proposes, on the other hand, a *Markman* hearing well in advance of expert discovery. Accordingly, in preparing expert reports, the experts will have the benefit of the parties' positions on the disputed claim terms and perhaps even the Court's decision on the construction of claim terms. As claim construction is based largely and essentially on intrinsic evidence, which is already available to the parties, Bridgestone's schedule provides adequate time to prepare for and conduct a *Markman* hearing.[1]

Bridgestone thus submits that its proposed schedule provides ample time to conduct discovery and other pretrial proceedings in an efficient and orderly manner, and respectfully requests that the Court to adopt its schedule.

2. **Acushnet's Proposed Limits on Depositions Are Excessive**

The parties have agreed on the number of interrogatories (75) and request for admissions (150). They have not agreed, however, on limits for depositions of fact witnesses. (See Paragraph 3(d).)

The Federal Rules of Civil Procedure limit the number of depositions to ten per side, at seven hours each. In this case, Acushnet seeks to expand the number to approximately

---

[1] Bridgestone also proposes a limitation of thirty claim terms to be submitted to the Court for construction. This will place a greater burden on the parties to cooperate and present for construction only those terms for which construction is required, and a lesser burden on the Court.

The Honorable Joseph J. Farnan, Jr.
Page 3
June 3, 2005

seventy days of deposition per side.[2] This case does not need seventy days of deposition per side. Rather, Bridgestone proposes increasing the limit to twenty depositions of individual witnesses, and seventy hours of F.R.C.P. 30(b)(6) depositions. This effectively increases the number of depositions to thirty, and provides more than ample time to obtain discovery on all issues.

Further, although there are fourteen inventors named on the ten Bridgestone patents in the case, many are inventors on more than one patent. On some of the patents there are at least three named inventors and it is not necessary to depose each inventor for the same patent. Similarly, three of the five Acushnet patents are closely related, sharing the same specification and having the same inventors.

Thus, although Bridgestone recognizes that ten depositions would not be enough, over seventy days of depositions is excessive and designed to lead to an abuse and prolonging of the discovery process.

Respectfully,

Jack B. Blumenfeld

/klm
Enclosures
cc: Peter T. Dalleo, Clerk (By Hand)
    Richard L. Horwitz, Esquire (By Hand)
    Alan M. Grimaldi, Esquire (By Fax)
    Robert M. Masters, Esquire (By Fax)
468279

---

[2] Acushnet proposes 500 hours of deposition time. Assuming each deposition is seven hours, Acushnet is requesting more than seventy full days of deposition. Depositions conducted in a foreign language and translated can extend up to fourteen hours.