IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C. A. No. 05-132 (JJF) |

## ACUSHNET'S ANSWER TO BRIDGESTONE'S COUNTERCLAIM TO ACUSHNET'S COUNTERCLAIM

Defendant Acushnet Company ("Acushnet") hereby answers plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") Reply and Counterclaim of Bridgestone to Acushnet's Answer and Counterclaim:

1. Acushnet hereby incorporates by reference the statements in paragraphs 1-235 of Acushnet's Answer and Counterclaim.

### BRIDGESTONE'S COUNTERCLAIM

### (Declaratory Judgment re: the '705 patent)

2. Acushnet admits the allegations of paragraph 246.

3. Acushnet admits the allegations of paragraph 247.

4. Acushnet denies the allegations of paragraph 248.

5. Acushnet denies the allegations of paragraph 249.

6. Acushnet denies the allegations in paragraph 250, except that:

   a) Acushnet admits that the '705 patent application was filed on September 27, 2002 and that the '705 patent issued therefrom on November 16, 2004.

b) Acushnet admits that 37 C.F.R. § 1.56 imposes certain duties on "individuals associated with the filing or prosecution of a patent application" to disclose all "information known to be material to patentability." Acushnet denies remainder of the allegations in paragraph 250, subparagraph b.

c) Acushnet admits that, according to the file history of the '705 patent, on or about February 25, 2004 the USPTO issued an office action rejecting claims 1, 2, 4, 6, and 7 under 35 U.S.C. § 102(e) or, in the alternative under 35 U.S.C. § 103(a) over U.S. Patent No. 5,980,396 that purports to be to Moriyama et al. ("Moriyama"). Acushnet also admits that the February 25th office action references a center including BR-11. Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 250, subparagraph c.

d) Acushnet also admits that based on the file history for the '705 patent, on or about May 25, 2004 a response to the February 25, 2004 office action appears to have been filed. Acushnet also admits that the response amended claim 1 to recite "a resilience index of at least about 40." Acushnet also admits that this response appears to have added independent claim 29, which also recites "a resilience index of at least about 40." Acushnet admits that the response states that the Moriyama patent is "silent, however, as to the resilience index of the center material, as presently recited in independent claim 1 and new independent claim 29. One of ordinary skill in the art would not have been motivated to form the center presently recited from the teachings of Moriyama '396 without the improper use of hindsight." Acushnet also admits that this response includes the statement: "Like the

rewritten independent claim 1, independent claim 29 also recites a resilience index for the center material, which is lacking from the cited references." Acushnet denies the remainder of the allegations in paragraph 250, subparagraph d.

e) Acushnet admits that based on the prosecution history of the '705 patent, on or about July 26, 2004, the USPTO issued a Notice of Allowability for the '705 patent application. Acushnet also admits that based on the prosecution history of the '705 patent the Notice of Allowability included the statement that "The Examiner is unable to determine the inherent resilience index of the polybutadiene used [in] Moriyama '396 and therefore cannot reject claims 1 and 29." Acushnet also admits that the '705 patent issued on November 16, 2004, with claims 1 and claim 29 (renumbered as patent claim 16), among other claims. Acushnet denies the remaining allegations in paragraph 250, subparagraph e.

f) Acushnet denies the allegations in paragraph 250, subparagraph f.

g) Acushnet admits that the '705 patent discloses the resilience index for several polybutadiene polymers, including CB23, CB22, BR-60, BR-40, Taktene 8855, CARIFLEX BR1220, and BUDENE 1207G. Acushnet denies the remaining allegations in paragraph 250, subparagraph g.

h) Acushnet denies the allegations in paragraph 250, subparagraph h.

i) Acushnet denies the allegations in paragraph 250, subparagraph i.

j) Acushnet denies the allegations in paragraph 250, subparagraph j.

7. Acushnet admits that a real and justiciable controversy has arisen and exists between Bridgestone and Acushnet and that Bridgestone desires a judicial determination and declaration of the respective rights and duties of the parties. Acushnet

3

also admits that such a determination and declaration are necessary and appropriate at this time to so that the parties may ascertain their respective rights and duties regarding infringement, validity and unenforceabiliy of the '705 patent. Acushnet denies the remaining allegations in paragraph 251.

8.  Acushnet admits that Bridgestone requests a declaratory judgment that is has not infringed and is not infringing the '705 patent. Acushnet also admits that Bridgestone has requested a declaratory judgment that the '705 patent is invalid and unenforceable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Vivian S. Kuo
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 783-0800

Dated: July 15, 2005

690684

BY: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on July 15, 2005, the attached document was served via hand delivery and electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on July 15, 2005, I have Federal Expressed the documents to the following non-registered participants:

Robert M. Masters
John T. Callahan
Raja Saliba
Sughrue Mion, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC 20037

/s/ David E. Moore
_____
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012