# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| **BRIDGESTONE SPORTS CO., LTD,**<br>**and BRIDGESTONE GOLF, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ACUSHNET COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | **C. A. No. 05-132 (JJF)** |
| | ) | |
| **ACUSHNET COMPANY,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Counterclaim Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BRIDGESTONE SPORTS CO., LTD,**<br>**and BRIDGESTONE GOLF, INC.** | ) | |
| | ) | |
| **Counterclaim Defendant.** | ) | |

## ACUSHNET'S FIRST AMENDED ANSWER AND COUNTERCLAIMS

Defendant Acushnet Company ("Acushnet") hereby answers plaintiffs

Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone")

Complaint For Patent Infringement And Declaratory Judgment ("Complaint") as follows:

### PARTIES

1.     Acushnet admits the allegations of paragraph 1.

2.     Acushnet lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 2 of the Complaint and therefore denies the same.

3.     Acushnet admits the allegations of paragraph 3.

## JURISDICTION AND VENUE

4.      Acushnet admits that this action arises under the patent laws of the United States.  Acushnet admits that this court has jurisdiction over the subject matter of Bridgestone's infringement counts pursuant to 28 U.S.C. §§ 1331 and 1338(a) and Bridgestone's declaratory judgment counts (i.e., counts XI, XII, XIII, and XIV) pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Acushnet admits that it resides in this district and is selling and offering to sell its products, including certain golf balls that Bridgestone accuses of infringement of Bridgestone's patents.  Acushnet denies, however, that any of its golf balls infringe, directly or through third parties, any valid Bridgestone patents.

6.      Acushnet admits that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL ALLEGATIONS AND BACKGROUND

7.      Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies the same.

8.      Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies the same.

9.      Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies the same.

10.     Acushnet admits that U.S. Patent 5,252,652 (the '652 patent) attached as Exhibit A to the Complaint is entitled Solid Golf Ball and lists October 12, 1993 as the issue date.  Acushnet also admits that on its face the '652 patent lists Bridgestone Corporation as the assignee.  Acushnet lacks knowledge or information sufficient to form

2

a belief as to truth of the remaining allegations in paragraph 10 and therefore denies the same.

11.    Acushnet admits that U.S. Patent 5,553,852 (the '852 patent) attached as Exhibit B to the Complaint is entitled Three-Piece Solid Golf Ball and lists September 10, 1996 as the issue date. Acushnet also admits that on its face the '852 patent lists Bridgestone Sports Co., Ltd., as the assignee. Acushnet lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 11 and therefore denies the same.

12.    Acushnet admits that U.S. Patent 5,695,413 (the '413 patent) attached as Exhibit C to the Complaint is entitled Solid Golf Ball and lists December 9, 1997 as the issue date. Acushnet also admits that on its face the '413 patent lists Bridgestone Sports Co., Ltd., as the assignee. Acushnet lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 12 and therefore denies the same.

13.    Acushnet admits that U.S. Patent 5,743,817 (the '817 patent) attached as Exhibit D to the Complaint is entitled Golf Ball and lists April 28, 1998 as the issue date. Acushnet also admits that on its face the '817 patent lists Bridgestone Sports Co., Ltd., as the assignee. Acushnet lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 13 and therefore denies the same.

14.    Acushnet admits that U.S. Patent 5,782,707 (the '707 patent) attached as Exhibit E to the Complaint is entitled Three-Piece Solid Golf Ball and lists July 21, 1998 as the issue date. Acushnet also admits that on its face the '707 patent lists Bridgestone Sports Co., Ltd., as the assignee. Acushnet lacks knowledge or information sufficient to

3

form a belief as to truth of the remaining allegations in paragraph 14 and therefore denies the same.

15.    Acushnet admits that U.S. Patent 5,803,834 (the '834 patent) attached as Exhibit F to the Complaint is entitled Two-Piece Solid Golf Ball and lists September 8, 1998 as the issue date. Acushnet also admits that on its face the '834 patent lists Bridgestone Sports Co., Ltd., as the assignee. Acushnet lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 15 and therefore denies the same.

16.    Acushnet admits that U.S. Patent 5,813,924 (the '924 patent) attached as Exhibit G to the Complaint is entitled Golf Ball and lists September 29, 1998 as the issue date. Acushnet also admits that on its face the '924 patent lists Bridgestone Sports Co., Ltd., as the assignee. Acushnet lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 16 and therefore denies the same.

17.    Acushnet admits that U.S. Patent 6,634,961 (the '961 patent) attached as Exhibit H to the Complaint is entitled Multi-Piece Solid Golf Ball and lists October 21, 2003 as the issue date. Acushnet also admits that on its face the '961 patent lists Bridgestone Sports Co., Ltd., as the assignee. Acushnet lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 17 and therefore denies the same.

18.    Acushnet admits that U.S. Patent 6,679,791 (the '791 patent) attached as Exhibit I to the Complaint is entitled Golf Ball and lists January 20, 2004 as the issue date. Acushnet also admits that on its face the '791 patent lists Bridgestone Sports Co.,

Ltd., as the assignee. Acushnet lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 18 and therefore denies the same.

19.    Acushnet admits that U.S. Patent 6,780,125 (the '125 patent) attached as Exhibit J to the Complaint is entitled Multi-Piece Solid Golf Ball and lists August 24, 2004 as the issue date. Acushnet also admits that on its face the '125 patent lists Bridgestone Sports Co., Ltd., as the assignee. Acushnet lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 19 and therefore denies the same.

20.    Acushnet admits the allegations of paragraph 20.

21.    Acushnet admits that it advertises the golf balls identified in paragraph 21. Acushnet denies, however, that any of its golf balls embody or contain technology invented by Bridgestone, and for which Bridgestone has obtained valid United States patents covering such technologies.

22.    Acushnet denies the allegations of paragraph 22.

23.    Acushnet admits that Bridgestone and Acushnet have negotiated regarding Bridgestone's patents-in-suit, as well as the Acushnet patents-in-suit.

24.    Acushnet admits the allegations of paragraph 24.

25.    Acushnet admits the allegations of paragraph 25.

26.    Acushnet admits the allegations of paragraph 26.

27.    Acushnet admits the allegations of paragraph 27.

28.    Acushnet admits that certain Bridgestone products have infringed and continue to infringe Acushnet's patents-in-suit.

## COUNT I

### (Infringement of the '652 Patent)

29.    Acushnet incorporates by reference its responses to paragraphs 1-28 above.

30.    Acushnet denies the allegations in paragraph 29.

31.    Acushnet denies the allegations of paragraph 31.

32.    Acushnet denies the allegations of paragraph 32.

33.    Acushnet admits that Bridgestone has given notice in writing to Acushnet of the '652 patent at least as of February 13, 2004.

34.    Acushnet denies the allegations of paragraph 34.

35.    Acushnet denies the allegations of paragraph 35.

## COUNT II

### (Infringement of the '852 Patent)

36.    Acushnet incorporates by reference its responses to paragraphs 1-35 above.

37.    Acushnet denies the allegations in paragraph 37.

38.    Acushnet denies the allegations of paragraph 38.

39.    Acushnet denies the allegations of paragraph 39.

40.    Acushnet admits that Bridgestone has given notice in writing to Acushnet of the '852 patent at least as early as June 11, 2004.  Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

41.    Acushnet denies the allegations of paragraph 41.

6

42.    Acushnet denies the allegations of paragraph 42.

## COUNT III

### (Infringement of the '413 Patent)

43.    Acushnet incorporates by reference its responses to paragraphs 1-42 above.

44.    Acushnet denies the allegations in paragraph 44.

45.    Acushnet denies the allegations of paragraph 45.

46.    Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies the same.

47.    Acushnet admits that Bridgestone has given notice in writing to Acushnet of the '413 patent at least as early as June 11, 2004. Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

48.    Acushnet denies the allegations of paragraph 48.

49.    Acushnet denies the allegations of paragraph 49.

## COUNT IV

### (Infringement of the '817 Patent)

50.    Acushnet incorporates by reference its responses to paragraphs 1-49 above.

51.    Acushnet denies the allegations in paragraph 51.

52.    Acushnet denies the allegations of paragraph 52.

53.    Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies the same.

7

54.     Acushnet admits that Bridgestone has given notice in writing to Acushnet of the '817 patent at least as early as June 11, 2004. Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

55.     Acushnet denies the allegations of paragraph 55.

56.     Acushnet denies the allegations of paragraph 56.

## COUNT V

### (Infringement of the '707 Patent)

57.     Acushnet incorporates by reference its responses to paragraphs 1-56 above.

58.     Acushnet denies the allegations in paragraph 58.

59.     Acushnet denies the allegations of paragraph 59.

60.     Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies the same.

61.     Acushnet admits that Bridgestone has given notice in writing to Acushnet of the '707 patent at least as early as June 11, 2004. Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

62.     Acushnet denies the allegations of paragraph 62.

63.     Acushnet denies the allegations of paragraph 63.

## COUNT VI

### (Infringement of the '834 Patent)

64.    Acushnet incorporates by reference its responses to paragraphs 1-63 above.

65.    Acushnet denies the allegations in paragraph 65.

66.    Acushnet denies the allegations of paragraph 66.

67.    Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies the same.

68.    Acushnet admits that Bridgestone has given notice in writing to Acushnet of the '834 patent at least as early as June 11, 2004. Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

69.    Acushnet denies the allegations of paragraph 69.

70.    Acushnet denies the allegations of paragraph 70.

## COUNT VII

### (Infringement of the '924 Patent)

71.    Acushnet incorporates by reference its responses to paragraphs 1-70 above.

72.    Acushnet denies the allegations in paragraph 72.

73.    Acushnet denies the allegations of paragraph 73.

74.    Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies the same.

9

75.    Acushnet admits that Bridgestone has given notice in writing to Acushnet of the '924 patent at least as early as June 11, 2004.  Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

76.    Acushnet denies the allegations of paragraph 76.

77.    Acushnet denies the allegations of paragraph 77.

## COUNT VIII

### (Infringement of the '961 Patent)

78.    Acushnet incorporates by reference its responses to paragraphs 1-78 above.

79.    Acushnet denies the allegations in paragraph 79.

80.    Acushnet denies the allegations of paragraph 80.

81.    Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies the same.

82.    Acushnet admits that Bridgestone has given notice in writing to Acushnet of the '961 patent at least as early as June 11, 2004.  Acushnet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

83.    Acushnet denies the allegations of paragraph 83.

84.    Acushnet denies the allegations of paragraph 84.

## COUNT IX

### (Infringement of the '791 Patent)

85.    Acushnet incorporates by reference its responses to paragraphs 1-84

above.

86.    Acushnet denies the allegations in paragraph 86.

87.    Acushnet denies the allegations of paragraph 87.

88.    Acushnet admits that Bridgestone has given notice in writing to Acushnet

of the '791 patent at least as early as June 11, 2004. Acushnet lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations and

therefore denies the same.

89.    Acushnet denies the allegations of paragraph 90.

90.    Acushnet denies the allegations of paragraph 91.

## COUNT X

### (Infringement of the '125 Patent)

91.    Acushnet incorporates by reference its responses to paragraphs 1-90

above.

92.    Acushnet denies the allegations in paragraph 92.

93.    Acushnet denies the allegations of paragraph 93.

94.    Acushnet lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 94 and therefore denies the same.

95.    Acushnet denies that Bridgestone has given notice in writing to Acushnet

that the Pro V1 and Pro V1x golf balls were covered by one or more allowed claims that

11

correspond to the claims of the '125 patent as of June 11, 2004. Bridgestone, to the contrary, indicated that tests were ongoing regarding the Pro V1 series of golf balls.

96.     Acushnet denies the allegations of paragraph 96.

97.     Acushnet denies the allegations of paragraph 97.

## COUNT XI

### (Declaratory Judgment re: the '861 Patent)

98.     Acushnet incorporates by reference its responses to paragraphs 1-97 above.

99.     Acushnet admits that this purports to be a claim for a declaratory judgment that the '861 Patent has not been and is not infringed by Bridgestone and that the '861 Patent is invalid. Acushnet affirmatively states, however, that the '861 Patent has been infringed by Bridgestone and that the '861 Patent is not invalid.

100.     Acushnet admits the allegations of paragraph 100.

101.     Acushnet admits that it has asserted that certain golf balls manufactured by Bridgestone have infringed and continue to infringe the '861 patent. Acushnet denies the remaining allegations in paragraph 101.

102.     Acushnet denies the allegations of paragraph 102.

103.     Acushnet denies the allegations of paragraph 103.

104.     Acushnet admits the allegations of paragraph 104.

105.     Acushnet denies the allegations of paragraph 105.

## COUNT XII

### (Declaratory Judgment re: the '587 Patent)

106.    Acushnet incorporates by reference its responses to paragraphs 1-105 above.

107.    Acushnet admits that this purports to be a claim for a declaratory judgment that the '587 Patent has not been and is not infringed by Bridgestone and that the '861 Patent is invalid.  Acushnet affirmatively states, however, that the '587 Patent has been and continues to be infringed by Bridgestone and that the '587 Patent is not invalid.

108.    Acushnet admits the allegations of paragraph 108.

109.    Acushnet admits that it has asserted that certain golf balls manufactured by Bridgestone have infringed and continue to infringe the '587 patent.  Acushnet denies the remaining allegations in paragraph 109.

110.    Acushnet denies the allegations of paragraph 110.

111.    Acushnet denies the allegations of paragraph 111.

112.    Acushnet admits the allegations of paragraph 112.

113.    Acushnet denies the allegations of paragraph 113.

## COUNT XIII

### (Declaratory Judgment re: the '367 Patent)

114.    Acushnet incorporates by reference its responses to paragraphs 1-113 above.

115.    Acushnet admits that this purports to be a claim for a declaratory judgment that the '367 Patent has not been and is not infringed by Bridgestone and that the '367

Patent is invalid. Acushnet affirmatively states, however, that the '861 Patent has been and continues to be infringed by Bridgestone and that the '367 Patent is not invalid.

116.    Acushnet admits the allegations of paragraph 116.

117.    Acushnet admits that it has asserted that certain golf balls manufactured by Bridgestone have infringed and continue to infringe the '367 patent. Acushnet denies the remaining allegations in paragraph 117.

118.    Acushnet denies the allegations of paragraph 118.

119.    Acushnet denies the allegations of paragraph 119.

120.    Acushnet admits the allegations of paragraph 120.

121.    Acushnet denies the allegations of paragraph 121.

## COUNT XIV

### (Declaratory Judgment re: the '976 Patent)

122.    Acushnet incorporates by reference its responses to paragraphs 1-121 above.

123.    Acushnet admits that this purports to be a claim for a declaratory judgment that the '976 Patent has not been and is not infringed by Bridgestone and that the '976 Patent is invalid. Acushnet affirmatively states, however, that the '976 Patent has been and continues to be infringed by Bridgestone and that the '976 Patent is not invalid.

124.    Acushnet admits the allegations of paragraph 124.

125.    Acushnet admits that it has asserted that certain golf balls manufactured by Bridgestone have infringed and continue to infringe the '976 patent. Acushnet denies the remaining allegations in paragraph 125.

126.    Acushnet denies the allegations of paragraph 126.

14

127.    Acushnet denies the allegations of paragraph 127.

128.    Acushnet admits the allegations of paragraph 128.

129.    Acushnet denies the allegations of paragraph 129.

## PRAYER FOR RELIEF

Acushnet denies that Bridgestone is entitled to the requested relief identified in items (a)-(i) of its Prayer For Relief or any other relief.

## DEFENSES

Acushnet hereby asserts the following defenses without undertaking or otherwise shifting any applicable burdens of proof.  Acushnet reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

## FIRST DEFENSE

### (Non-infringement)

130.    Acushnet does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any of the Bridgestone patents-in-suit.

## SECOND DEFENSE

### (Prosecution History Estoppel)

131.    Bridgestone is estopped from maintaining that any claim of the Bridgestone patents-in-suit covers any of the golf balls made, used, sold or offered for sale by Acushnet.

## THIRD DEFENSE

### (Invalidity under 35 U.S.C. §§ 101, 102, 103 and 112)

132.    Each claim of the Bridgestone patents-in-suit is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103 and 112.

## FOURTH DEFENSE

### (Inequitable Conduct)

### The '125 Patent is Unenforceable.

133.    The '125 patent is unenforceable because the inventors and prosecuting attorneys failed to disclose material prior art discovered during the prosecution of the Japanese equivalent to the '125 patent, JP9-228902. This Japanese application was filed on August 11, 1997. During the prosecution of this application, the Japanese Patent Office received a third party submission identifying at least one material piece of prior art, JP 09-56848. Based on this prior art, the Japanese Patent Office issued a Rejection Notice on December 26, 2000 and a Final Rejection on April 17, 2001. Although Bridgestone appealed the Final Rejection, this application was ultimately abandoned on March 10, 2003.

134.    One year after Bridgestone filed this Japanese application, Bridgestone also filed an equivalent U.S. patent application, which ultimately issued as the '125 patent. The claims in the U.S. Patent Application were substantially identical to the claims pending in the Japanese application. Yet during prosecution of this U.S. patent application, neither the inventors nor prosecuting attorneys ever disclosed the JP 09-056848 reference identified as material to these claims by the Japanese Patent Office. The inventors and prosecuting attorneys never disclosed this prior art to the U.S. Patent Office

even though this prior art reference ultimately required Bridgestone to abandon its corresponding Japanese patent application. This reference teaches certain aspects of the claims of the '125 patent that formed the basis for allowance and would have rendered the claimed invention obvious at least in view of various admissions that Bridgestone made throughout prosecution of the '125 patent. On information and belief, the inventors and prosecuting attorneys knew or should have known of the prior art identified during the prosecution of the corresponding Japanese patent application. Thus, the inventors and prosecuting attorneys did not act in accordance with the duty of good faith and candor imposed on them by the U.S. Patent Office Rules, but instead withheld this prior art to mislead the examiner regarding the patentability of the subject matter claimed in their applications.

135.    The '125 patent is also unenforceable because the inventors and prosecuting attorneys failed to disclose the Altus Newing Massy and Precept Dynawing Double Cover S+ golf balls. These golf balls were material to the prosecution of the '125 patent because they anticipate at least claim 1 of the '125 patent and contradict arguments made to the examiner. The Altus Newing Massy and Precept Dynawing Double Cover S+ golf balls were designed and manufactured by Bridgestone. On information and belief, the inventors and prosecuting attorneys knew or should have known of these balls and failed to disclose them to the United States Patent and Trademark Office (U.S. Patent Office). Thus, the inventors and prosecuting attorneys did not act in accordance with the duty of good faith and candor imposed on them by the U.S. Patent Office Rules, but instead withheld this prior art to mislead the examiner regarding the patentability of the subject matter claimed in their applications.

17

**The '924 Patent Is Unenforceable**.

136.    The '924 patent is unenforceable because the inventors and Bridgestone's attorneys failed to disclose the Precept EV Extra Spin golf ball during prosecution. The Precept EV Extra Spin golf ball is material to the prosecution of the '924 patent because it anticipates at least claim 1 of the '924 patent. The Precept EV Extra Spin ball was designed and manufactured by Bridgestone. On information and belief, the inventors and prosecuting attorneys knew or should have known of this ball and failed to disclose it to the U.S. Patent Office. Thus, the inventors and prosecuting attorneys did not act in accordance with the duty of good faith and candor imposed on them by the U.S. Patent Office Rules, but instead withheld this prior art to mislead the examiner regarding the patentability of the subject matter claimed in their applications.

**The '817 Patent Is Unenforceable**.

137.    The '817 patent is unenforceable because the inventors and prosecuting attorneys failed to disclose the Precept EV Extra Spin golf ball during prosecution. The Precept EV Extra Spin golf ball was material to this prosecution because it discloses many of the claim elements. The Precept EV Extra Spin ball was designed and manufactured by Bridgestone. On information and belief, the inventors and prosecuting attorneys knew or should have known of this ball and failed to disclose it to the U.S. Patent Office. Thus, the inventors and prosecuting attorneys did not act in accordance with the duty of good faith and candor imposed on them by the U.S. Patent Office Rules, but instead withheld this prior art to mislead the examiner regarding the patentability of the subject matter claimed in their applications.

**The '707 Patent Is Unenforceable**.

138.    The '707 patent is unenforceable based on the failure to disclose European Patent Application Publication 0 633 043 ("the EP 043 publication") or its U.S. equivalent, the '852 patent.  The EP 043 application and the '852 patent are material because they anticipate or renders obvious at least claim 1.  The EP 043 publication and the '852 patent are assigned to Bridgestone.  In fact, two of the inventors of the '707 patent, Mr. Yamasishi and Mr. Higuchi, are also inventors on the EP 043 publication and the '852 patent.  In addition, the same attorney that prosecuted the '707 patent, Mr. Siegel, also prosecuted the '852 patent.  Thus, the inventors and prosecuting attorneys knew of the EP 043 publication and the '852 patent and failed to disclose it to the U.S. Patent Office.  Accordingly, the inventors and prosecuting attorneys did not act in accordance with the duty of good faith and candor imposed on them by the U.S. Patent Office Rules, but instead withheld this prior art to mislead the examiner regarding the patentability of the subject matter claimed in their applications.

## FIFTH DEFENSE

### (Unclean Hands)

139.    Bridgestone is not entitled to any relief in this action because it has knowingly asserted at least one invalid patent.

## SIXTH DEFENSE

### (Waiver/Estoppel/Laches)

140.    Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel and laches.

## COUNTERCLAIMS

Counterclaimant Acushnet alleges the following counterclaims against

Counterdefendant Bridgestone.

141.    Acushnet is a corporation organized and existing under the laws of the

state of Delaware and maintains its principle place of business at 333 Bridge Street,

Fairhaven, MA 02719.

142.    Bridgestone Sports Co., Ltd. is a Japanese corporation organized and

existing under the laws of Japan, with a principal place of business in Tokyo, Japan.

Bridgestone Golf, Inc., formerly Bridgestone Sports (U.S.A.), Inc., is a U.S. subsidiary of

Bridgestone Sports Co., Ltd., and located in and has a principal place of business in

Covington, Georgia.

143.    This Court has subject matter jurisdiction over these counterclaims

pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201 and 2202, and 35 U.S.C. § 1, *et

seq.*

144.    Bridgestone has submitted to the personal jurisdiction of this Court.

145.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400

because this suit was filed in this district by Bridgestone and Bridgestone has made, used,

sold and offered to sell and continues to make, use sell and offer to sell golf balls in this

district.

146.    United States Patent No. 6,818,705 ("the '705 patent"), entitled "Thin-

Layer-Covered Golf Ball with Improved Velocity", was duly and lawfully issued on

November 16, 2004. A true and correct copy of the '705 patent is attached hereto as

Exhibit A. Acushnet is the owner of all right, title and interest in the '705 patent, including the right to sue and recover damages for infringement of this patent.

## COUNTERCLAIM I

### (Declaratory Judgment Re The '652 Patent)

147.    Acushnet repeats and realleges paragraphs 1-147 above as if fully set forth herein.

148.    Bridgestone purports to be the assignee and lawful owner of all right, title and interest in and to the '652 patent.

149.    Bridgestone has sued Acushnet in the present action, alleging infringement of the '652 patent.

150.    Acushnet, however, does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of '652 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

151.    To the extent that any claim of the '652 patent is found infringed by Acushnet, that claim is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 or 112.

152.    Thus, an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the alleged infringement and invalidity of the '652 patent. Acushnet requests declaratory judgment that Acushnet has not and does not infringe, directly or indirectly, any valid claim of the '652 patent, and that the claims of the '652 patent are invalid.

## COUNTERCLAIM II

### (Declaratory Judgment Re The '852 Patent)

153.    Acushnet repeats and realleges paragraphs 1-153 above as if fully set forth herein.

154.    Bridgestone purports to be the assignee and lawful owner of all right, title and interest in and to the '852 patent.

155.    Bridgestone has sued Acushnet in the present action, alleging infringement of the '852 patent.

156.    Acushnet, however, does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '852 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

157.    To the extent that any claim of the '852 patent is found infringed by Acushnet, that claim is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 or 112.

158.    Thus, an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the alleged infringement and invalidity of the '852 patent. Acushnet requests declaratory judgment that Acushnet has not and does not infringe, directly or indirectly, any valid claim of the '852 patent and that the claims of the '852 patent are invalid.

## COUNTERCLAIM III

### (Declaratory Judgment Re The '413 Patent)

159.    Acushnet repeats and realleges paragraphs 1-159 above as if fully set forth herein.

160.    Bridgestone purports to be the assignee and lawful owner of all right, title and interest in and to the '413 patent.

161.    Bridgestone has sued Acushnet in the present action, alleging infringement of the '413 patent.

162.    Acushnet, however, does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '413 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

163.    To the extent that any claim of the '413 patent is found infringed by Acushnet, that claim is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 or 112 and unenforceable.

164.    Thus, an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the alleged infringement, invalidity and unenforceability of the '413 patent. Acushnet requests declaratory judgment that Acushnet has not and does not infringe, directly or indirectly, and that the claims of the '413 patent are invalid and unenforceable.

## COUNTERCLAIM IV

### (Declaratory Judgment Re The '817 Patent)

165.    Acushnet repeats and realleges paragraphs 1-165 above as if fully set forth herein.

166.    Bridgestone purports to be the assignee and lawful owner of all right, title and interest in and to the '817 patent.

167.    Bridgestone has sued Acushnet in the present action, alleging infringement of the '817 patent.

168.    Acushnet, however, does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '817 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

169.    To the extent that any claim of the '817 patent is found infringed by Acushnet, that claim is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 or 112 and unenforceable.

170.    Thus, an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the alleged infringement, invalidity and unenforceability of the '817 patent.  Acushnet requests declaratory judgment that Acushnet has not and does not infringe, directly or indirectly, and that the claims of the '817 patent are invalid and unenforceable.

## COUNTERCLAIM V

### (Declaratory Judgment Re The '707 Patent)

171.    Acushnet repeats and realleges paragraphs 1-171 above as if fully set forth herein.

172.    Bridgestone purports to be the assignee and lawful owner of all right, title and interest in and to the '707 patent.

173.    Bridgestone has sued Acushnet in the present action, alleging infringement of the '707 patent.

174.    Acushnet, however, does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '707 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

175.    To the extent that any claim of the '707 patent is found infringed by Acushnet, that claim is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 or 112 and unenforceable.

176.    Thus, an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the alleged infringement, invalidity and unenforceability the '707 patent. Acushnet requests declaratory judgment that Acushnet has not and does not infringe, directly or indirectly, and that the claims of the '707 patent are invalid and unenforceable.

## COUNTERCLAIM VI

### (Declaratory Judgment Re The '834 Patent)

177.    Acushnet repeats and realleges paragraphs 1-177 above as if fully set forth herein.

178.    Bridgestone purports to be the assignee and lawful owner of all right, title and interest in and to the '834 patent.

179.    Bridgestone has sued Acushnet in the present action, alleging infringement of the '834 patent.

180.    Acushnet, however, does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '834 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

181.    To the extent that any claim of the '834 patent is found infringed by Acushnet, that claim is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 or 112.

182.    Thus, an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the alleged infringement and invalidity of the '834 patent.  Acushnet requests declaratory judgment that Acushnet has not and does not infringe, directly or indirectly, any valid claim of the '834 patent, and that the claims of the '834 patent are invalid.

## COUNTERCLAIM VII

### (Declaratory Judgment Re The '924 Patent)

183.    Acushnet repeats and realleges paragraphs 1-183 above as if fully set forth herein.

184.    Bridgestone purports to be the assignee and lawful owner of all right, title and interest in and to the '834 patent.

185.    Bridgestone has sued Acushnet in the present action, alleging infringement of the '834 patent.

186.    Acushnet, however, does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '924 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

187.    To the extent that any claim of the '924 patent is found infringed by Acushnet, that claim is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 or 112 and unenforceable.

188.    Thus, an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the alleged infringement, invalidity and unenforceability of the '924 patent. Acushnet requests declaratory judgment that Acushnet has not and does not infringe, directly or indirectly, and that the claims of the '413 patent are invalid and unenforceable.

## COUNTERCLAIM VIII

### (Declaratory Judgment Re The '961 Patent)

189.    Acushnet repeats and realleges paragraphs 1-189 above as if fully set forth herein.

190.    Bridgestone purports to be the assignee and lawful owner of all right, title and interest in and to the '961 patent.

191.    Bridgestone has sued Acushnet in the present action, alleging infringement of the '834 patent.

192.    Acushnet, however, does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '961 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

193.    To the extent that any claim of the '961 patent is found infringed by Acushnet, that claim is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 or 112.

194.    Thus, an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the alleged infringement and invalidity of the '961 patent. Acushnet requests declaratory judgment that Acushnet has not and does not infringe, directly or indirectly, any valid claim of the '961 patent and that the claims of the '961 patent are invalid.

## COUNTERCLAIM IX

### (Declaratory Judgment Re The '791 Patent)

195.    Acushnet repeats and realleges paragraphs 1-195 above as if fully set forth herein.

196.    Bridgestone purports to be the assignee and lawful owner of all right, title and interest in and to the '791 patent.

197.    Bridgestone has sued Acushnet in the present action, alleging infringement of the '791 patent.

198.    Acushnet, however, does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '791 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

199.    To the extent that any claim of the '791 patent is found infringed by Acushnet, that claim is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 or 112.

200.    Thus, an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the alleged infringement and invalidity of the '791 patent. Acushnet requests declaratory judgment that Acushnet has not and does not infringe, directly or indirectly, any valid claim of the '791 patent and that the claims of the '791 patent are invalid.

## COUNTERCLAIM X

### (Declaratory Judgment Re The '125 Patent)

201.    Acushnet repeats and realleges paragraphs 1-201 above as if fully set forth herein.

202.    Bridgestone purports to be the assignee and lawful owner of all right, title and interest in and to the '125 patent.

203.    Bridgestone has sued Acushnet in the present action, alleging infringement of the '125 patent.

204.    Acushnet, however, does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '125 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

205.    To the extent that any claim of the '125 patent is found infringed by Acushnet, that claim is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 or 112 and unenforceable.

206.    Thus, an immediate, real and justiciable controversy exists between Acushnet and Bridgestone with respect to the alleged infringement, invalidity and unenforceability of the '125 patent. Acushnet requests declaratory judgment that Acushnet has not and does not infringe, directly or indirectly, and that the claims of the '125 patent are invalid and unenforceable.

## COUNTERCLAIM XI

### (Infringement Of The '861 Patent)

207.    Acushnet is the owner of all right, title and interest in the '861 patent, including the right to sue and recover damages for infringement.

208.    Bridgestone has infringed the '861 patent by making, using, selling and offering to sell in the United States certain products including, but not limited to, at least Precept Laddie, Bridgestone Tour B330 and Precept U-Tri Tour.

209.    Acushnet has marked its products in compliance with 35 U.S.C. § 287.

210.    Acushnet notified Bridgestone of its infringement of the '861 patent at least as early as June 11, 2004.

211.    Bridgestone's infringement of the '861 patent has been willful and deliberate.

212.    As a result of Bridgestone's infringement of the '861 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## COUNTERCLAIM XII

### (Infringement Of The '587 Patent)

213.    Acushnet is the owner of all right, title and interest in the '587 patent, including the right to sue, recover damages for infringement or obtain a preliminary or permanent injunction.

214.    Bridgestone has infringed and continues to infringe the '587 patent by making, using, selling and offering to sell in the United States certain products including, but not limited to, at least Precept Laddie, Bridgestone Tour B330 and Precept U-Tri Tour.

31

215.   Acushnet has marked its products in compliance with 35 U.S.C. § 287.

216.   Acushnet notified Bridgestone of its infringement of the '587 patent at least as early as June 11, 2004.

217.   Bridgestone's infringement of the '587 patent has been and continues to be willful and deliberate.

218.   As a result of Bridgestone's infringement of the '587 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## COUNTERCLAIM XIII

### (Infringement Of The '367 Patent)

219.   Acushnet is the owner of all right, title and interest in the '367 patent, including the right to sue, recover damages for infringement or obtain a preliminary or permanent injunction.

220.   Bridgestone has infringed and continues to infringe the '367 patent by making, using, selling and offering to sell in the United States certain products including, but not limited to, at least Precept Laddie, Bridgestone Tour B330 and Precept U-Tri Tour.

221.   Acushnet has marked its products in compliance with 35 U.S.C. § 287.

222.   Acushnet notified Bridgestone of its infringement of the '367 patent at least as early as June 11, 2004.

223.   Bridgestone's infringement of the '367 patent has been and continues to be willful and deliberate.

224.   As a result of Bridgestone's infringement of the '367 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## COUNTERCLAIM XIV

### (Infringement Of The '976 Patent)

225.    Acushnet is the owner of all right, title and interest in the '976 patent, including the right to sue, recover damages for infringement or obtain a preliminary or permanent injunction.

226.    Bridgestone has infringed and continues to infringe the '976 patent by making, using, selling and offering to sell in the United States certain products including, but not limited to, at least Nike One, U-Tri Spin and Precept U-Tri Tour.

227.    Acushnet has marked its products in compliance with 35 U.S.C. § 287.

228.    Acushnet notified Bridgestone of its infringement of the '976 patent at least as early as June 11, 2004.

229.    Bridgestone's infringement of the '976 patent has been and continues to be willful and deliberate.  As a result of Bridgestone's infringement of the '976 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## COUNTERCLAIM XV

### (Infringement of The '705 Patent)

230.    Acushnet is the owner of all right, title and interest in the '705 patent, including the right to sue, recover damages for infringement or obtain a preliminary or permanent injunction.

231.    Upon information and belief, Bridgestone has infringed and continues to infringe the '705 patent by making, using, selling and offering to sell in the United States certain products including, but not limited to, at least the Bridgestone Tour B330, the

Precept U-Tri Extra Spin, the Precept U-Tri Extra Distance, the Nike OneGold, and the Nike OneTW golf balls.

232.    Upon information and belief, Bridgestone is aware of the '705 patent and is therefore on notice of its infringement of the '705 patent.

233.    Bridgestone's infringement of the '705 patent has been and continues to be willful and deliberate.

234.    As a result of Bridgestone's infringement of the '705 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

### PRAYER FOR RELIEF

THEREFORE, Acushnet prays for the following relief:

(1)    any and all relief requested by Bridgestone, as set forth in the Prayer of Relief of the Complaint, be denied and that the Complaint be dismissed with prejudice;

(2)    enter judgment that Bridgestone infringes and has infringed the '861, '587, '367, and '976 patents and that infringement has been willful;

(3)    declare that Acushnet does not infringe the '652, '852, '413, '817, '707, '834, '924, '961, '791 and '125 patents;

(4)    declare that the '652, '852, '413, '817, '707, '834, '924, '961, '791 and '125 patents are invalid and/or unenforceable;

(5)    award Acushnet permanent injunction restraining Bridgestone, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from further infringement of the '587, '367, '976 and '705 patents;

34

(6)    award Acushnet damages from Bridgestone adequate to compensate for Acushnet's infringement, including interest and costs;

(7)    award Acushnet treble damages based on the willfulness of Bridgestone's infringement;

(8)    declare this case to be exceptional and award Acushnet its reasonable attorneys fees and costs; and

(9)    grant Acushnet such other relief as this Court deems just and proper.

## JURY DEMAND

Acushnet demands a trial by jury on all issues triable of right by a jury.


POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Vivian S. Kuo
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone (202) 783-0800

Dated: September 20, 2005

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P. O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

700030 / 28946