**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD, and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ACUSHNET COMPANY, | ) ) | C. A. No. 05-132 (JJF) |
| Defendant. | ) ) | |
| ACUSHNET COMPANY, | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| BRIDGESTONE SPORTS CO., LTD, and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Counterclaim Defendant. | ) | |

**ACUSHNET'S RULE 37 MOTION TO COMPEL DISCOVERY
FROM BRIDGESTONE IN RESPONSE TO
ACUSHNET'S CONTENTION INTERROGATORIES**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Local Rule 37.1, and the discovery dispute procedures outlined in paragraph 4(b) of the Scheduling Order (D.I. 18), defendant and counterclaim plaintiff Acushnet Company ("Acushnet") hereby moves for an Order compelling discovery from plaintiffs and counterclaim defendants Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively, "Bridgestone").

**A.      Acushnet Interrogatory No. 2**

In response to Acushnet Interrogatory No. 2 requesting a claim chart that describes in detail on an element-by-element basis how Bridgestone contends each accused Acushnet product infringes each claim, Bridgestone provided claim charts that

make only vague and conclusory statements that the accused Acushnet products have properties "within the claimed range[s]." For example, claim 1 of Bridgestone's asserted U.S. Patent No. 5,803,834 (the "'834 Patent") includes a limitation that "a hardness within 5 mm inside the core surface is up to 8 degrees lower than the surface hardness." '834 Pat., col. 7, ll. 38-40. Bridgestone asserts that Acushnet's Pinnacle® Exception™, Titleist® DT SoLo™ and Titleist® NXT™ balls literally infringe that limitation because the properties of the Acushnet balls are "within the claimed range."[1] Bridgestone's conclusory infringement contentions are insufficient and defeat the purpose of discovery. Acushnet is entitled to know the facts underlying Bridgestone's infringement contentions. Otherwise, discovery will not narrow or focus the issues. Thus, Acushnet respectfully requests that the Court order Bridgestone to identify the facts and measurements supporting its infringement contentions.

Bridgestone's failure to produce this information is particularly suspicious because Acushnet's measurements repeatedly show that the properties of its accused golf balls are outside the ranges claimed by Bridgestone. Acushnet has provided that information to Bridgestone, who nevertheless maintains that the accused golf balls literally infringe the claimed ranges. Bridgestone must have measurements to support its literal infringement positions under Fed. R. Civ. P. 11 and 37 and Acushnet is entitled to know what those measurements are.

### B. Acushnet Interrogatory No. 4

Similarly, in response to Acushnet Interrogatory No. 4 requesting on a claim-by-claim basis all facts that support Bridgestone's contention that Acushnet has willfully infringed the Bridgestone Patents, Bridgestone responds that it "notified Acushnet prior to the filing of this lawsuit of Acushnet's infringement of the Bridgestone Patents."[2]

---

[1] Pl.'s Response to Def.'s Interrog. # 2 at F1-3 (attached hereto as Exhibit A).

[2] Pl.'s Response to Def.'s Interrog. # 4 at 10 (attached hereto as Exhibit B).

Bridgestone's conclusory assertion is insufficient. Thus, Acushnet respectfully requests that the Court order Bridgestone to identify any and all facts on which it relies in support of its contention, such as when and how it contends that it notified Acushnet for each patent.

### C.    Acushnet Interrogatory No. 9

In response to Acushnet Interrogatory No. 9 requesting Bridgestone to identify all third party products that embody any claim of the asserted Bridgestone patents, Bridgestone responds only by reference to the production of documents under Fed. R. Civ. P. 33(d).[3] Documents alone, however, cannot identify Bridgestone's contentions regarding which products embody which claims of which patents. Thus, Acushnet respectfully requests that the Court order Bridgestone to identify specifically, on an element-by-element basis, which products embody which claims.

### D.    Acushnet Interrogatory No. 12

In response to Acushnet Interrogatory No. 12 requesting Bridgestone to identify all articles marked with the asserted Bridgestone patent numbers in compliance with the marking provision of 35 U.S.C. § 287 and all supporting facts, Bridgestone responds only by reference to the production of documents under Fed. R. Civ. P. 33(d).[4] Documents alone, however, cannot identify Bridgestone's contentions regarding first alleged compliance and whether such compliance has been continuous. Thus, Acushnet respectfully requests that the Court order Bridgestone to produce a list of every product, past or present, marked with each of the asserted Bridgestone patent numbers.

---

[3] Pl.'s Response to Def.'s Interrog. # 9 at 14 (attached hereto as Exhibit C).

[4] Pl.'s Response to Def.'s Interrog. # 12 at 16 (attached hereto as Exhibit D).

### E.     Acushnet Interrogatory No. 23

In response to Acushnet Interrogatory No. 23 requesting Bridgestone to identify its basis for its Seventh Affirmative Defense that Acushnet's claims are barred or limited in time for failure to mark its products, Bridgestone responds only that "Acushnet has failed to give actual notice or has failed to mark its products with one or more Acushnet Patents ….."[5]  Thus, Acushnet respectfully requests that the Court order Bridgestone to identify the specific facts upon which it bases its Seventh Affirmative Defense.

\*       \*       \*

Acushnet certifies that it conferred in good faith with Bridgestone in an effort to secure disclosure of the requested discovery without Court action.

In light of the foregoing, Acushnet respectfully moves this Court for an ORDER compelling Bridgestone to produce the requested discovery.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi                                By: /s/ David E. Moore
Joseph P. Lavelle                                   Richard L. Horwitz (#2246)
Matthew J. Moore                                    David E. Moore (#3983)
Vivian S. Kuo                                       Hercules Plaza, 6th Floor
HOWREY LLP                                          1313 N. Market Street
1299 Pennsylvania Ave., N.W.                        Wilmington, DE  19801
Washington, D.C.  20004                             Telephone: (302) 984-6000
Telephone: (202) 783-0800                           rhorwitz@potteranderson.com
                                                    dmoore@potteranderson.com
Dated:  October 3, 2005
                                                    *Attorneys for Defendant*
                                                    *Acushnet Company*
701827

---

[5] Pl.'s Response to Def.'s Interrog. # 23 at 23 (attached hereto as Exhibit E).

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 3, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

I hereby certify that on October 3, 2005, I have Federal Expressed the documents to the following non-registered participants:

Robert M. Masters
John T. Callahan
Raja Saliba
Sughrue Mion, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC  20037

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012