**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

October 3, 2005

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 4124, Lockbox 27
Wilmington, DE 19801

>   Re:   **Bridgestone Sports Co., LTD, and Bridgestone Golf, Inc.
>         v. Acushnet Company, CA No. 05-132 (JJF)**

Dear Judge Farnan:

In addition to the issues raised in the Rule 37 motions submitted today by the parties, we would like to place a few other matters on the agenda for Wednesday's conference, if time permits. The parties have met and conferred on these issues, but have not reached agreement.

First, at the June 8, 2005 scheduling conference, Your Honor indicated that you would address the issue of deposition timing and discovery at the October 5 hearing. Acushnet will need a minimum of 400 hours of fact depositions and 100 hours of 30(b)(6) depositions based on the complexity and sheer number of patents and issues in this case. That amounts to a total of 40 hours per Bridgestone patent, all of which have Japanese inventors. Bridgestone, in contrast, proposes that there be only 20 depositions and 70 hours total for 30(b)(6) witnesses.

Bridgestone, however, has asserted 10 different patents with a total of 13 different inventors, each of whom Acushnet will need to depose. In addition, Acushnet will also need to depose several of Bridgestone's U.S. and Japanese patent attorneys in connection with its inequitable conduct defenses asserted against four Bridgestone patents. Moreover, Acushnet will need depositions regarding the design of ten different accused Bridgestone products. Because the first language for most of the relevant witnesses is Japanese, these depositions will take significantly longer than a standard deposition based on the need for a translator.

Bridgestone's attempt to limit depositions to 20 does not even cover the inventors and attorneys who prosecuted these patents, along with Bridgestone's product designers and others. A strict number of depositions (*i.e.*, 20) also fails to take into consideration that some necessary depositions may take only a few hours, and this Court and others in this District have been more flexible in limiting depositions to a set number of hours.

The Honorable Joseph J. Farnan, Jr.
October 3, 2005
Page  2

Accordingly, Acushnet respectfully requests that it be granted at least 400 hours for fact depositions and 100 hours for 30(b)(6) depositions.

In addition, given that depositions did not begin in September as originally intended due to the postponement of the discovery conference from September 9, 2005, the parties have agreed that no deposition will begin before November 1, 2005. Therefore, Acushnet proposes extending the deposition deadline from June 9, 2006 to August 11, 2006.

Second, the parties are currently asserting 83 claims from 15 patents against 16 accused products.[1]  Such a large number of claims, patents, and accused products places a substantial burden on the parties for conducting discovery, developing their arguments and bringing those arguments to trial before a jury.  Thus, Acushnet proposes that the Court limit Bridgestone to ten representative claims from five patents and limit Acushnet to five representative claims from two patents.  By forcing each party's case to rise and fall with the representative claims, both sides can focus their efforts and resources on their best arguments, thereby streamlining the litigation process and alleviating the burden on the parties, the Court and the jury.

Third, in order to further alleviate the burden on all involved, Acushnet proposes the bifurcation of the damages case from liability for discovery and/or trial.  If the Court is willing to consider bifurcation, we can discuss at Wednesday's conference the various options available on this issue.

Finally, Acushnet proposes that the Court appoint a Special Master in this case to hear summary judgment motions on a rolling basis.  At this early stage in the litigation, it is apparent that both parties have arguments that will benefit from an early adjudication to further narrow and focus the issues for trial.

We can file motions, as appropriate, dealing with the last three items, but wanted to alert the Court to the substantial burden on the parties, the Court and the jury if we are not able to streamline, cut back and make this litigation more manageable.

                                        Respectfully,

                                        */s/ Richard L. Horwitz*

                                      Richard L. Horwitz

701919
cc:     Robert M. Masters, Esquire
        Jack B. Blumenfeld, Esquire

---

[1] Bridgestone is currently asserting 78 claims from its ten patents against six Acushnet products.  Acushnet is currently asserting five claims from five patents against ten Bridgestone products.