IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD, and BRIDGESTONE GOLF, INC.<br><br>Plaintiff,<br><br>v.<br><br>ACUSHNET COMPANY,<br><br>Defendant.<br><br>ACUSHNET COMPANY,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>BRIDGESTONE SPORTS CO., LTD, and BRIDGESTONE GOLF, INC.<br><br>Counterclaim Defendant. | C. A. No. 05-132 (JJF) |

## ORDER

WHEREAS the parties have appeared before this Court on October 5, 2005 in a discovery hearing, the Court having considered the parties' submissions of October 3, 2005 and oral argument by counsel;

IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel answers to Plaintiffs' Interrogatory Nos. 1 and 2 is granted in part and denied in part. Defendant Acushnet shall provide a product list of all golf balls it has sold or offered for sale anywhere in the world over the past four years.

2. Plaintiffs' motion to compel responses to Plaintiff's Document Request Nos. 89, 90, 117 and 119 is deemed moot in view of the parties' agreement before the hearing. Defendant Acushnet agrees to produce all responsive documents and things related to the accused Acushnet golf balls in response to Plaintiffs' Document Request Nos. 89, 90, 117 and 119.

3. Defendant's motion to compel responses to Defendant's Interrogatory Nos. 2 and 4 is denied as premature.

4. Defendant's motion to compel a response to Defendant's Interrogatory No. 9 is granted in part and denied in part. Plaintiff Bridgestone shall produce any non-privileged information in its possession responsive to Acushnet Interrogatory No. 9.

5. Defendant's motion to compel a response to Defendant's Interrogatory No. 12 is deemed moot in view of the parties' agreement before the hearing. Plaintiffs agree to respond in full to Interrogatory No. 12.

6. Defendant's motion to compel responses to Defendant's Interrogatory No. 23 is granted in part and denied in part. After receipt of further discovery from Acushnet including the product list identified above, Bridgestone shall produce any non-privileged information in its possession responsive to Acushnet Interrogatory No. 23 regarding the factual bases for Bridgestone's contention that Acushnet has failed to mark any of its golf balls with the number(s) of any Acushnet patent(s)-in-suit under 35 U.S.C. § 287.

7. The completion date for all fact discovery, including depositions, is extended from June 9, 2006 to August 8, 2006.

8. Each party shall elect whether it intends to rely on advice of counsel and shall produce the opinions upon which it relies and any other documents falling within the scope of the waiver by June 1, 2006.

9. It is further ORDERED by this Court that the parties shall further meet and confer in an attempt to resolve limitations on fact depositions.

_November 2, 2005_  
Date

_Joseph J. Farnan_  
UNITED STATES DISTRICT JUDGE