**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD, and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ACUSHNET COMPANY, | ) ) | C. A. No. 05-132 (JJF) |
| Defendant. | ) ) | |
| ACUSHNET COMPANY, | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| BRIDGESTONE SPORTS CO., LTD, and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Counterclaim Defendant. | ) | |

**ACUSHNET'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO
BIFURCATE LIABILITY FROM DAMAGES AND WILLFULNESS**

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Vivian S. Kuo
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Telephone: (202) 783-0800

Dated:  December 2, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Telephone: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Acushnet Company*

i

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................................ 2

    A.   The Court Has The Discretion To Separate The Issues Of Liability, Damages, And Willfulness To Promote Efficient Resolution Of This Action. ................................................................................................................. 2

    B.   Despite The Use Of Representative Claims, Bifurcation Is Appropriate To Conserve Resources And Enhance Jury Comprehension. ..................... 3

    C.   Bifurcation Will Not Unduly Prejudice Plaintiff Or Burden Judicial Resources Because It Will Not Unduly Delay The Final Resolution Of The Matter. ................................................................................................................ 5

CONCLUSION ..................................................................................................................... 6

## TABLE OF AUTHORITIES

### CASES

*Ciena Corp. v. Corvis Corp.*,
210 F.R.D. 519 (D.Del. 2002) ................................................................................... 2, 3

*Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA, Inc.*,
C. A. No. 04-038 (D.Del. Dec. 9, 2004) ................................................................ 2, 5, 6

*Gardco Manufacturing, Inc. v. Herst Lighting Co.*,
820 F.2d 1209 (Fed. Cir. 1987) ..................................................................................... 2

*Lucent Tech., Inc. v. Extreme Networks, Inc.*,
229 F.R.D. 459 (D.Del. 2005) ....................................................................................... 2

*Pfizer Inc., v. Ranbaxy Laboratoriess Ltd.*,
2004 WL. 1376586 (D.Del. 2004) ................................................................................. 3

*St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*,
C. A. No. 01-557, 2002 WL. 1901268 (D.Del. August 16, 2002) ........................... 3, 4, 5

*St. Clair Intellectual Property Consultants, Inc. v. Sony Corp.*,
C. A. No. 01-557 (D.Del. Feb. 10, 2003) ...................................................................... 4

### FEDERAL STATUTES

35 U.S.C. § 102 ................................................................................................................ 1, 3

35 U.S.C. § 103 ................................................................................................................ 1, 3

Fed. R. Civ. P. 42(b) ............................................................................................................ 2

Defendant Acushnet Company ("Acushnet") requests that the Court bifurcate liability from damages and willfulness for the purposes of discovery and trial. Despite the use of representative claims, this case is still unnecessarily complex and burdensome. For example, even if the Court orders representative claims, this case still involves 15 patents asserted against 15 accused products and multiple noninfringement and invalidity defenses for each. Acushnet's invalidity defenses alone include many different theories under 35 U.S.C. § 102, including patents, publications, public uses, and on-sale bars as well as multiple combinations of prior art under 35 U.S.C. § 103. In addition, these 15 patents still relate to many different facets of golf ball design. Because of the large number of patents and potential outcomes of the liability phase, the damages case will be at least equally complex. Thus, it does not make sense to waste significant resources during discovery (including expensive and time-consuming Japanese discovery) preparing a variety of damages theories – many of which will be irrelevant after a determination of the liability issues.

Bifurcation will not unduly prejudice Bridgestone or burden judicial resources. This procedure will streamline the liability phase of the case. In addition, the case may be disposed of by a liability determination or settle. Moreover, the determination on liability will significantly focus damages and willfulness discovery. Thus, they can most likely occur concurrently with the post-trial briefing. Accordingly, Acushnet respectfully moves to bifurcate liability from damages and willfulness for the purposes of discovery and trial.

## ARGUMENT

### A. The Court Has The Discretion To Separate The Issues Of Liability, Damages, And Willfulness To Promote Efficient Resolution Of This Action.

This Court has broad discretion to separate issues of liability, damages, and willfulness in a patent litigation. *See Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D.Del. 2002); *See also Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987) (stating that "a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management"). Relevant considerations are whether bifurcation will avoid prejudice, conserve judicial resources and enhance juror comprehension of the issues presented in the case. *Ciena Corp.,* 210 F.R.D. at 521.

Under Federal Rule of Civil Procedure 42(b), this Court "may order a separate trial of any claims . . . or issues" when doing so is "in furtherance of convenience or to avoid prejudice, or when separate trial will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). This Court has bifurcated and trifurcated patent cases on numerous occasions. *Lucent Tech., Inc. v. Extreme Networks, Inc.*, 229 F.R.D. 459, 461 (D.Del. 2005) (referring to a Trial Management Order trifurcating the case into a separate trial on infringement, damages and willfulness, a trial on invalidity, and a trial on state law claims); (Moore Ex. 3[1] (Order *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, C. A. No. 04-038 (D.Del. Dec. 9, 2004) (permitting separate

---

[1] Exhibits referenced herein ("Moore Ex. ___") refer to the Declaration of David E. Moore in Support of Acushnet's Motion to Bifurcate Liability From Damages and Willfulness, filed contemporaneously herewith.

2

discovery and trials on the issues of liability and damages) Moore Ex. 8; *Pfizer Inc., v. Ranbaxy Labs. Ltd.,* 2004 WL 1376586, at *2 (D.Del. 2004) (delaying document discovery in a case where the issue of willful infringement was bifurcated from the other issues in the case.) Moore Ex. 9; *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.,* 2002 WL 1901268, at *2 (bifurcating willfulness from the rest of the case); *Ciena Corp.*, 210 F.R.D. at 521 (bifurcating liability from damages and willfulness).

### B. Despite The Use Of Representative Claims, Bifurcation Is Appropriate To Conserve Resources And Enhance Jury Comprehension.

This matter is a patent dispute regarding 15 golf balls manufactured by Acushnet and Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively, "Bridgestone"). Regardless of what representative claims procedure the Court adopts, this case involves 15 patents related to many different facets of golf ball design, including chemical compositions, golf ball construction (e.g., cores and cover layers and properties thereof), aerodynamic properties and dimple configurations. In addition, the case still involves 15 accused products and many different liability defenses, including noninfringement (literal and doctrine of equivalents), multiple grounds of invalidity under 35 U.S.C. §§ 102 and 103 (including many different patents and publications as well as multiple examples public uses and/or on-sale bars based on prior art golf balls,[2] and multiple theories of inequitable conduct[3].

---

[2] See Moore Ex. 5 at 7-12 (Def.'s Resp. to Pl.'s Interrog. #4, 5).

[3] See Moore Ex. 4 at 13-16 (Def.'s Answer & Countercl.).

3

Because the case involves 15 different patents related to many different aspects of golf ball design and 15 accused products, the case also will inevitably include many highly complex and varied damages theories. In fact, it would be very complicated to have the parties conduct discovery, prepare and present all the potential damages theories necessary to account for all the potential outcomes on liability. For example, there may be one damages theory based on the patents related to the chemical composition of the core, another theory based on the patents for the structural properties of the ball, another theory based on the patents related to the aerodynamic properties of a ball, another theory based on the patents related to the dimple patterns as well as all the potential combinations thereof. In addition, the parties are both pursuing damages based on lost profits and reasonable royalties. Numerous experts will be needed for these tasks as well. Thus, bifurcation will avoid wasting resources in discovery and preparation of many irrelevant damages theories as well as simplifying the case for the jury, in a case where jury confusion otherwise is a real and significant risk. (*See* Moore Ex. 1 at 1 (Order *St. Clair Intellectual Property Consultants, Inc. v. Sony Corp.*, C. A. No. 01-557 (D.Del. Feb. 10, 2003) (citing the number of patents and claims at issue in the case, the large number of invalidity assertions by the Defendants and the intense factual questions involved in these defenses as grounds for bifurcating); *see also* Moore Ex. 9 *St. Clair,* 2002 WL 1901268 at *1 (explaining that the case involved four patents and numerous accused products). In addition, Bridgestone has requested over one hundred different categories of damages documents, significantly complicating damages discovery. Moore Ex. 7 (Bridgestone's First Set of Req. For Produc. Docs. And Things at 21-23).

Moreover, the time necessary for discovery and the complexity of all these issues is exacerbated by the fact that Bridgestone is a Japanese company. For this reason, many of the liability and damages documents are written in Japanese and many of the witnesses speak Japanese. In short, the unwieldy and complex nature of this case warrants separating this case into smaller pieces instead of trying to blindly forge ahead on all issues.

This Court, in fact, has used representative claims in combination with bifurcation to manage a similarly complicated case in the past. *See* Moore Ex. 10 *Fenster Family Patent Holdings, Inc,* C. A. No. 04-038, 2002 WL 1901268 (D.Del. Sept. 20, 2005). There, the Court limited a case involving 90 claims from 8 unrelated patents to 10 representative claims and also bifurcated liability from damages and willfullness. *Id.*; (Moore Ex. 3.) Here, Acushnet has moved to focus this case from 83 claims from 15 mostly unrelated patents to 10 representative claims and bifurcate damages from liability and willfulness.

### C. Bifurcation Will Not Unduly Prejudice Plaintiff Or Burden Judicial Resources Because It Will Not Unduly Delay The Final Resolution Of The Matter.

By streamlining the initial discovery process, and limiting the number of issues presented to the jury on liability grounds, the court would expedite the initial determination of liability. This determination may potentially dispose of this matter or lead to settlement. In addition, the scope of discovery and the number of damages and willfulness issues presented to a jury will likely be significantly reduced after an initial finding of liability. In fact, it is likely that the additional discovery needed between a

liability trial and damages trial could be conducted concurrently with post-trial briefing, and the length of a trial devoted to these issues would be significantly reduced. (Moore Ex. 2 at 4) (Tr. of Oral Argument, *Fenster Family Patent Holdings, Inc.*, C. A. No. 04-0038 (D.Del. Nov. 22, 2004).)

## CONCLUSION

For the foregoing reasons, Acushnet respectfully moves this court to trifurcate liability, damages and willfulness or at least bifurcate liability from damages.

          Respectfully submitted,

          POTTER ANDERSON & CORROON LLP

OF COUNSEL:

| | |
|---|---|
| Alan M. Grimaldi | By: */s/ David E. Moore* |
| Joseph P. Lavelle | Richard L. Horwitz (#2246) |
| Matthew J. Moore | David E. Moore (#3983) |
| Vivian S. Kuo | Hercules Plaza, 6th Floor |
| HOWREY LLP | 1313 N. Market Street |
| 1299 Pennsylvania Ave., N.W. | Wilmington, DE 19801 |
| Washington, D.C. 20004 | Telephone: (302) 984-6000 |
| Telephone: (202) 783-0800 | rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |

Dated: December 2, 2005

*Attorneys for Defendant Acushnet Company*

709795

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on December 2, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

I hereby certify that on December 2, 2005, I have Federal Expressed the documents to the following non-registered participants:

Robert M. Masters
John T. Callahan
Raja Saliba
Sughrue Mion, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC  20037

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com