**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD, and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ACUSHNET COMPANY, | ) ) | C. A. No. 05-132 (JJF) |
| Defendant. | ) ) | |
| ACUSHNET COMPANY, | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| BRIDGESTONE SPORTS CO., LTD, and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Counterclaim Defendant. | ) | |

**ACUSHNET'S BRIEF IN SUPPORT OF ITS MOTION FOR REPRESENTATIVE
CLAIMS AND TO REQUIRE DETAILED INFRINGEMENT CONTENTIONS**

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Vivian S. Kuo
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800

Dated: December 2, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Acushnet Company*

## TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................................1

ARGUMENT.................................................................................................................................3

    A.    The Case Is Currently Too Unwieldy And Unnecessarily Complex. ..........3

    B.    Bridgestone Should Be Required To Provide Detailed Contentions By January 13, 2006 So That Acushnet Can Comply With The February 28, 2006 Deadline For Final Contentions. ..................................4

    C.    Bridgestone Has More Than Enough Information To Select Its Representative Claims; Acushnet Needs Bridgestone Invalidity Contentions. ......................................................................................................7

    D.    January 13, 2006 Is The Appropriate Time To Identify Representative Claims And Provide Detailed Contentions To Avoid Unnecessarily Wasting Resources. ....................................................8

CONCLUSION...............................................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Bridgestone Sports Co., Ltd. v. Callaway Golf Co.*,
    No. 00-CV-1871 (N.D.Ga. Jul. 24, 2000) ................................................................7

*Fenster Family Patent Holdings, Inc. v. Elscint, Ltd.*,
    C. A. No. 04-0038, 2005 WL 2304190 (D.Del. Sept. 20, 2005) .............................3

*Lewmar Marine, Inc. v. Barient, Inc.*,
    827 F.2d 744 (Fed.Cir. 1987) ..................................................................................5

*Loctite Corp. v. Fel-Pro, Inc.*,
    667 F.2d 577 (7th Cir. 1981) ...................................................................................6

*Panduit Corp. v. Dennison Mfg. Co.*,
    836 F.2d 1329 (Fed. Cir. 1987) ...............................................................................3

*Sulzer Textile A.G. v. Picanol N.V.*,
    358 F.3d 1356 (Fed. Cir. 2004) ...............................................................................9

*Upjohn Co. v. U.S.*,
    449 U.S. 383 (1981)..................................................................................................6

**INTRODUCTION**

Defendant and Counterclaim Plaintiff Acushnet Company ("Acushnet") moves to focus this unwieldy case proportionally on the parties using representative claims--an alternative that should require Plaintiff and Counterclaim Defendant Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") to provide detailed infringement contentions with respect to their representative claims.[1] This case currently includes 15 patents related to numerous different aspects of golf ball design. From these patents, the parties currently assert over 120 claims against at least 15 accused products. Thus, this case is currently very complex.

In addition, Bridgestone's patents were originally filed in the Japanese Patent Office and name 13 Japanese inventors. Bridgestone's continued assertion of 83 claims from these patents will keep an unnecessarily large number of potential issues in play and prejudice Acushnet by requiring it to obtain a huge amount of Japanese discovery on those issues.

The Court, in fact, indicated at the October 5, 2005 hearing that it would require Bridgestone to provide detailed infringement contentions after it focused the case to avoid wasting the parties' resources. (Moore Ex. 3 at (Oct. 5, 2005 Tr. at 26-28.))[2] The only question left open was when. Based on this Court's Rule 16 Scheduling Order, final

---

[1] Acushnet did not raise the issue of more detailed infringement contentions at the postponed conference because the parties had already met and conferred on the issue and raised this issue with the Court at the October 5, 2005 conference. In addition, as this Court recognized at that conference, this issue flows from the time of narrowing the case.

[2] Exhibits referenced herein ("Moore Ex. ___") refer to the Declaration of David E. Moore in Support of Acushnet's Motion For Representative Claims and To Require Detailed Infringement Contentions, filed contemporaneously herewith.

contentions are due on February 28, 2006. Without focusing on a reasonable number of claims with the corresponding framework of requiring Bridgestone to produce detailed infringement contentions six weeks before that deadline, Acushnet simply will not have a fair opportunity to prepare its final noninfringement and invalidity contentions. As a result, the Court should require the parties to identify representative claims and Bridgestone must provide detailed infringement contentions with regard to those claims by January 13, 2006.

Bridgestone will not be prejudiced by this procedure because its detailed infringement contentions in response to Acushnet's interrogatories were actually due July 11, 2005 - five months ago. The Court only delayed that date to avoid Acushnet having to work through a bunch of unnecessary paper (Moore Ex. 3 (Oct. 5, 2005 Tr. at 26-28)), and Bridgestone will have done this analysis already in order to select its claims. Moreover, Acushnet has produced all the technical documents necessary for Bridgestone to select its representative claims. Unlike Bridgestone, Acushnet also produced detailed, element-by-element preliminary invalidity contentions and noninfringement contentions. Thus, Bridgestone has more than enough information to select its representative claims.

To date, Bridgestone has asserted that Acushnet infringes 83 claims from 10 patents, and Acushnet has counterclaimed that Bridgestone infringes at least 42 claims from 5 patents. To simplify this complex litigation, Acushnet moves the Court to require Bridgestone to select 10 representative claims from its ten patents and Acushnet to select 5 representative claims from its five patents. Each party's case would rise or fall based on these representative claims. In addition, now that Acushnet has moved to focus the

case, and, based on the Court's suggestion, at the time Bridgestone selects its claims, it should also provide more detailed infringement contentions regarding those claims.

**ARGUMENT**

The use of representative claims is a well-known means of simplifying the complex issues placed before the jury and reducing the demands upon the court. *See Panduit Corp. v. Dennison Mfg. Co.,* 836 F.2d 1329, 1331 (Fed. Cir. 1987) ("The term 'representative claims' is well understood in patent litigation, and the procedure followed in this trial is familiar to any experienced patent litigator."). If representative claims are used, the representative claims "'represent' *all* of the claims in the case and [] whatever result the court reached as to those [representative] claims would be the result for all claims." *Id*. at 1330 (emphasis in original).

This Court, in fact, has recently addressed a similarly broad patent dispute. In *Fenster Family Patent Holdings*, this Court adjudicated a dispute involving 8 unrelated patents with 90 claims, and limited the plaintiff to 10 claims covering five products. (Moore Ex. 4) *Fenster Family Patent Holdings, Inc. v. Elscint, Ltd.*, C. A. No. 04-0038, 2005 WL 2304190 (D.Del. Sept. 20, 2005). It should do the same here.

    **A.    The Case Is Currently Too Unwieldy And Unnecessarily Complex.**

Bridgestone asserts that Acushnet infringes 83 claims from 10 patents, and Acushnet counterclaims that Bridgestone infringes at least 42 claims from 5 patents—a total of 125 claims from 15 patents. These 15 patents relate to nearly all facets of golf ball design, including chemical compositions, golf ball construction (e.g., cores, cover

layers and properties thereof), aerodynamic properties and dimple configurations. (Compl. Ex. A-N (D.I. 2); Answer Ex. A (patents-at-issue) D. I. 7.)

Because Bridgestone is a Japanese corporation, Acushnet's case will also involve extensive Japanese discovery. If Bridgestone is permitted to continue pursuing 83 patent claims, Acushnet will be forced to pursue Japanese discovery on all of the issues for all 83 claims. This burden will force Acushnet to translate significantly more Japanese documents and increase the length and number of Japanese depositions. Thus, it would be exceptionally wasteful to require Acushnet to conduct an unnecessarily burdensome amount of highly complex Japanese discovery with regard to 83 claims when this case will inevitably be narrowed for trial.

> **B.** **Bridgestone Should Be Required To Provide Detailed Contentions By January 13, 2006 So That Acushnet Can Comply With The February 28, 2006 Deadline For Final Contentions.**

Under this Court's Rule 16 Scheduling Order, the deadline for the parties' final contentions is February 28, 2006. To thoroughly comply with this deadline, Acushnet will need the case focused six weeks before the Court's February 28, 2006 deadline for final contentions. While Acushnet has already produced detailed invalidity contentions with regard to these claims, Acushnet cannot apply the appropriate focus to finalize these contentions with regard to 83 claims.

The Court has also instructed Acushnet to bring its motion to narrow the case before seeking Bridgestone's detailed infringement contention to avoid wasting resources. (Moore Ex. 3 (Oct. 5, 2005 Tr. at 26.)) Of course, Acushnet must have Bridgestone's detailed infringement contentions before Acushnet can prepare its final

4

noninfringement contentions. Thus, the Court must narrow the case and compel Bridgestone to produce its detailed infringement contentions at least six weeks before the February 28, 2006 deadline so that Acushnet has adequate time to prepare its noninfringement contentions.

Every claim which is asserted invites multiple defenses of invalidity. The standards for literal infringement and invalidity by anticipation are the same. *See Lewmar Marine, Inc. v. Barient, Inc.*, 827 F.2d 744, 747 (Fed.Cir. 1987) ("That which would *literally* infringe if later in time anticipates if earlier than the date of invention."). Thus, broad positions taken by patent owners to establish infringement often create issues with regard to identifying invalidating prior art. This is because accused infringers need an opportunity to locate the necessary prior art to show that, under the patent owner's broad interpretation of a claim term, the patent claim is invalid. Further, every prior art reference raised in defense to an asserted claim must be considered with the same rigor as the determination of infringement. As a result, the Court should focus the case and compel Bridgestone to provide detailed infringement contentions at least by January 13, 2006 to provide Acushnet a fair opportunity to prepare its final contentions by February 28, 2006.

Bridgestone's current infringement contentions are inadequate because they are nothing more than conclusory assertions that Acushnet's accused golf balls satisfy all of the recited limitations. For example, Bridgestone's infringement contentions with regard to a "cover having a thickness of 1 to 3 mm" in claim 1 of the '852 patent is only "The Pro V1 has a cover with a thickness <u>within the scope of the claimed range</u>." (Moore Ex. 2 at B-1 (Pl.'s Resp. to Def.'s Interrog. #1) (emphasis added).). Similarly, Bridgestone's

5

contention regarding "said solid core having a distortion of 2.8 to 3.0 mm under an applied load of 100 kg" in claim 2 of the '125 patent is only "The solid core of the Pro V1 has a distortion <u>within the scope of the claimed range</u>," (Moore Ex. 2 at J-1 (emphasis added).) Likewise, a hardness within 5 mm inside the core surface "is up to 8 degrees lower than the surface hardness" in claim 1 of the '834 patent is the Pinnacle Exception has "a hardness with 5 mm inside the core surface is <u>within the scope of the claim</u>." (Moore Ex. 2 at F-1 (emphasis added).) These contentions are nothing more than notice pleading, and are not adequate responses to Acushnet's contention interrogatory with regard to infringement. To comply with Rule 11, Bridgestone must have tested each of the Acushnet's accused balls to form an information and belief that they satisfy these limitations before filing this suit. Accordingly, Acushnet is entitled to detailed infringement contentions that should include at least these test results, showing exactly where Bridgestone measures the accused balls inside (or outside) the claimed range.

      While Bridgestone has refused to disclose these contentions based on privilege and/or attorney work product, attorney-client privilege and work product do not allow a party to avoid responding to contention interrogatories on contentions that they ultimately must assert at trial. The whole purpose of contention interrogatories is to allow parties to discover each others theories and avoid trial by ambush. In addition, attorney-client privilege protects communications, not the underlying facts. *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981) ("The protection of the [attorney-client] privilege extends only to communications and not to the facts."); *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577, 582 (7th Cir. 1981) (privilege and work product). Thus, there is no legitimate basis for Bridgestone to refuse to produce responsive infringement contentions.

6

Bridgestone, in fact, has requested similar facts from Acushnet, and Acushnet produced them four months ago. Moreover, in another context, Bridgestone has been much more forthcoming with this type of information. Bridgestone produced its test data in its complaint in a suit filed against Callaway. (Moore Ex. 1 at 4-7 (Compl. *Bridgestone Sports Co., Ltd. v. Callaway Golf Co.*, No. 00-CV-1871 (N.D.Ga. Jul. 24, 2000).) Thus, Bridgestone clearly did not believe it was privileged or work product in that case, just as the information should not be protected from disclosure here.

### C. Bridgestone Has More Than Enough Information To Select Its Representative Claims; Acushnet Needs Bridgestone Invalidity Contentions.

Acushnet has produced all the necessary documentation for Bridgestone to select its representative claims. Acushnet, for example, has produced all its manufacturing guidelines for each of the accused balls. Acushnet has also produced the recipes actually used in the Acushnet plants to produce each of the accused balls. In addition, Acushnet has produced all of the other responsive technical documentation that it is aware of at this time. Thus, Bridgestone has more than enough information to evaluate its infringement contentions.

Additionally, Acushnet has produced detailed, element-by-element preliminary invalidity analyses for each of the accused claims. As a result, Bridgestone has all the necessary information to select its representative claims.

In contrast, Bridgestone has not produced all the necessary information for Acushnet to select its representative claims. Bridgestone has made only broad and general contentions as to the invalidity of any of Acushnet's asserted patents, without any

element-by-element analysis. (Moore Ex. 2 at 19-21.) In fact, Bridgestone has not provided any prior art invalidity contentions with regard to the asserted claims in U.S. Patent Nos. 4,729,861, 4,936,587, 5,080,367, and 6,729,976. (Moore Ex. 2 at 19-21.)

Bridgestone has also not produced detailed noninfringement contentions with regard to its accused products. Bridgestone, for example, has not identified any noninfringement positions with regard to U.S. Patent No. 6,818,705. (Moore Ex. 2 at 18-19.) In addition, Bridgestone's other noninfringement contentions are merely conclusory assertions that fail to provide any reasons or measurements supporting its contentions. (Moore Ex. 2 at 18-19.) Thus, Acushnet will need this discovery to select its representative claims and provide its final infringement contentions.[3] Accordingly, Bridgestone, in fact, is in a much better position to select its representative claims than Acushnet, and up until now, the discovery in this case has been completely one-sided to the detriment of Acushnet.

### D. January 13, 2006 Is The Appropriate Time To Identify Representative Claims And Provide Detailed Contentions To Avoid Unnecessarily Wasting Resources.

Since the parties have exchanged discovery and the period to take depositions has recently opened, January 13, 2006 is the appropriate time to focus the case so that the parties can focus their efforts on these depositions. It will be inefficient for everyone if the parties are attempting to explore all the potential issues with regard to over 120 patent

---

[3] While Acushnet lacks sufficient invalidity and noninfringement positions from Bridgestone with regard to the five Acushnet patents-in-suit, Acushnet does not move to compel these positions at this time because the parties have not yet completed their meet and conferred on those issues.

8

claims in these depositions, especially when only a small number of these claims can efficiently be presented at trial and the case involves numerous Japanese depositions.

In addition, the Federal Circuit has held that a trial court must construe all the patent claim terms that the parties dispute in order to properly instruct the jury. *Sulzer Textile A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004). Thus, to avoid unnecessarily wasting the resources of the parties and this Court, the case should be narrowed in early January.

## CONCLUSION

For the reasons set forth above, Acushnet respectfully move for representative claims and to compel Bridgestone to provide more detailed noninfringement positions. To comply with this Court's Rule 16 Scheduling Order, Acushnet needs this relief for a fair opportunity to meet the February 28, 2006 deadline for final contentions.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Vivian S. Kuo
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800

Dated: December 2, 2005

709796

By: */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE 19801
     Telephone: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendant
Acushnet Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on December 2, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on December 2, 2005, I have Federal Expressed the documents to the following non-registered participants:

Robert M. Masters
John T. Callahan
Raja Saliba
Sughrue Mion, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC 20037

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com