**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ACUSHNET COMPANY, | ) ) | C. A. No. 05-132 (JJF) |
| Defendant. | ) ) | |
| ACUSHNET COMPANY, | ) ) | **DEMAND FOR JURY TRIAL** |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC. | ) ) ) | |
| Counterclaim Defendant. | ) ) | |

<u>**NOTICE OF 30(b)(6) DEPOSITION**</u>

**PLEASE TAKE NOTICE** that Defendant/Counterclaim Plaintiff Acushnet Company ("Acushnet") will take the deposition upon oral examination of Plaintiff/Counterclaim Defendant Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") pursuant to Federal Rule of Civil Procedure 30(b)(6), before an authorized court reporter, commencing at 9:00 A.M. on Wednesday, December 21, 2005 at the offices of Howrey LLP, 1299 Pennsylvania Ave., N.W., Washington, D.C. 20004, or at such other time and place as agreed to by the parties. The deposition will continue from day to day until completed, shall be transcribed, and may be videotaped.

Bridgestone shall designate to Acushnet**,** on or before December 16, 2005, one or more

persons most knowledgeable about, and who can testify on its behalf with respect to, the following matters:

## SUBJECTS FOR BRIDGESTONE'S 30(B)(6) DEPOSITION

1. Bridgestone's document collection efforts, including but not limited to the persons asked for documents responsive to Defendant's First Set of Requests for the Production of Documents and Things (served on June 10, 2005) and Defendant's Second Set of Requests for the Production of Documents and Things (served on August 2, 2005) and physical locations, storage facilities, servers, personal computers and/or electronic storage devices searched for such responsive documents.

2. Bridgestone's document retention policies, including but not limited to its policies for the retention of electronic records and paper records, including, but not limited to e-mail records in Japan and in the United States, any policies related to the preservation or destruction of research and/or development documents.

3. Bridgestone's storage, archival, retention or destruction of any Things including, but not limited to any golf balls or prototypes of golf balls, golf ball cores, golf ball cover materials, whether manufactured by Bridgestone or any third party (including Acushnet), the use of any such stored, archived or retained Thing, and the chain of custody of such Things.

4. The existence of any translations of any documents produced by Bridgestone in response to Defendant's First Set of Requests for the Production of Documents and Things (served on June 10, 2005) and Defendant's Second Set of Requests for the Production of Documents and Things (served on August 2, 2005), including the dates of any such translations, the location of any such translations, and the identity of any persons providing such translations.

5.      Bridgestone's relationship with Nike both in the United States and abroad, including, but not limited to where the sale of Nike™ brand golf balls by Bridgestone to Nike takes place, the manner of such sale, including but not limited to the price per dozen golf balls sold, where Nike takes possession of Nike™ brand golf balls, any licensing agreements between Bridgestone and Nike and the terms of any such agreements and any role that Nike had or continues to have in the research, development or testing of any golf ball manufactured by Bridgestone on behalf of Nike.

The designated deponent(s) should be prepared to testify concerning all facts relating to the above-referenced matters.

In the event that Bridgestone is unable to designate a deponent with knowledge of all of the matters referenced above, Acushnet requests that Bridgestone provide a statement to that effect, in writing, to Acushnet's counsel at least three (3) business days prior to the scheduled deposition.

## DEFINITIONS AND INSTRUCTIONS

As used in this Notice of 30(b)(6) Deposition, the following definitions shall apply:

1.      "Bridgestone" or "you" or "your" shall mean Bridgestone Sports Co., Ltd., Bridgestone Golf, Inc., and any parent, subsidiary, partner (including general and limited partners), member and/or affiliated entities, past or present, of Bridgestone, and any person or entity, past or present, acting on behalf of Bridgestone, including each of its present and former officers, executives, general partners, limited partners, directors, employees, attorneys, agents and/or representatives.

2.     "Acushnet" as used herein each shall refer to the named defendant, Acushnet Company and its present and/or former officers, directors, employees, agents, attorneys, and/or representatives.

3.     "Nike" shall mean any division of Nike including, but not limited to the following: Nike Holding, Inc., Nike IHM, Inc., Nike International, Ltd., Nike Retail Services, Inc., Nike TN, Inc., Nike USA, Inc., Nike Golf and/or Nike, Inc. including but not limited to any parent, subsidiary, partner (including general and limited partners), member and/or affiliated entities, past or present, of Nike, and any person or entity, past or present, acting on behalf of Nike, including each of its present and former officers, executives, general partners, limited partners, directors, employees, attorneys, agents and/or representatives either in the United States or abroad.

4.     "Bridgestone Patents" means the patents that Bridgestone alleges Acushnet is infringing in its Complaint, namely:

U.S. Patent No. 5,252,652 ("the '652 patent");

U.S. Patent No. 5,553,852 ("the '852 patent");

U.S. Patent No. 5,695,413 ("the '413 patent");

U.S. Patent No. 5,743,817 ("the '817 patent");

U.S. Patent No. 5,782,707 ("the '707 patent");

U.S. Patent No. 5,803,834 ("the '834 patent");

U.S. Patent No. 5,813,924 ("the '924 patent");

U.S. Patent No. 6,634,961 ("the '961 patent");

U.S. Patent No. 6,679,791 ("the '791 patent"); and

U.S. Patent No. 6,780,125 ("the '125 patent").

5.    "Bridgestone Related Patents" means patents or patent applications related to any of the Bridgestone Patents, including all parents, continuations, continuations-in-parts, divisions, reissues, reexaminations, and foreign counterparts.

6.    "Nike Accused Products" shall mean the Nike One, the Nike One Gold and/or the Nike One TW.

7.    "Thing" shall be defined as synonymous in meaning and equal in scope to the use of that term in Fed. R. Civ. P. 34(a), and includes any tangible object, other than a document.

8.    "Document(s)" is synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34(a) of the Federal Rules of Civil Procedure. As used herein, the term shall mean and include any and all things which would be considered to be a "writing" within the meaning set forth in Rule 1001(1) of the Federal Rules of Evidence and shall include any writing or tangible or intangible thing containing or exhibiting any information or Communications or having the ability to convey or exhibit the same through any medium whatsoever, either directly or with the aid of a machine or device, including, by way of example, and without limitation, all originals, copies, and/or drafts of any written, typewritten, recorded, transcribed, printed, taped, photographic, radiographic or graphic matter, however produced or reproduced, whether sent or received, or neither, including but not limited to, papers, photographs, films, recordings, memoranda, books, records, pamphlets, circulars, handbooks, manuals, periodicals, files, envelopes, notices, instructions, transcripts, formal, informal, audited and unaudited financial statements, notes, telex messages, Communications (including reports, notes, notation and memoranda of, relating to, telephone conversations and

conferences, electronic mail, minutes, transcriptions, correspondence, etc.), offering circulars, graphs, tabulations, analyses, evaluations, projections, statements, telephone logs, questionnaires, surveys, indices, tapes, computer inputs or outputs, microfilm, magnetic tapes, accounts, writing letters, telegrams, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electronic devices, notes, accountants' statements or summaries, appraisals, work papers, reports, purchase orders, invoices, canceled checks, check stubs receipts, bank statements, studies, services, legal opinions, vouchers, minutes of meetings, designs, drawings, manuals, notebooks, work sheets, promissory notes, diaries, desk calendars, charts, ledgers, schedules, licenses, appointment books, payment records, stenographer note books, punch cards, computer data bases, regardless of how maintained or stored, computer print-out sheets, articles of incorporation, articles of association, by-laws, minutes, rules directives, hotel charges, telephone bills, transfer books, proposals, prospectuses, offers, orders, logs, in Your possession, custody, or control.

    9. The connectives "and" and "or" shall be construed either conjunctively or disjunctively, and the terms "any" and "all" shall be construed to also include the other, as necessary to bring within the scope of the discovery request all information which might otherwise be construed to be outside of its scope.

    10. "And" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of such scope.

11.    "Each" shall include the word "every" and "every" shall include the word "each."   "Any" shall include the word "all" and "all" shall include the word "any."

12.    "Includes," "including," or "such as" shall be used nonexclusively (i.e. to mean "including without limitation…" or "including, but not limited to,…").

13.    The use of the singular form of any word includes the plural, and vice versa.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Vivian S. Kuo
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone (202) 783-0800

Dated:  December 13, 2005

711169

By:  _/s/ David E. Moore_____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P. O. Box 951
    Wilmington, DE  19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 13, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

I hereby certify that on December 13, 2005, I have Federal Expressed the documents to the following non-registered participants:

Robert M. Masters
John T. Callahan
Raja Saliba
Sughrue Mion, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC  20037

       */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012