# Exhibit A

Jack B. Blumenfeld
_____

**From:**  Grimaldi, Alan [GrimaldiA@howrey.com]
**Sent:**  Thursday, May 19, 2005 6:11 PM
**To:**    _Horwitz, Richard; Jack B. Blumenfeld
**Cc:**    Grimaldi, Alan
**Subject:** RE: Scheduling Order

looks ok- we would want consideration of the bifurcation suggestion i.e. all liability issues vs. damages- discovery and trial

-----Original Message-----
**From:** Horwitz, Richard L. [mailto:rhorwitz@Potteranderson.com]
**Sent:** Thursday, May 19, 2005 3:39 PM
**To:** Jack Blumenfeld (E-mail)
**Cc:** Alan Grimaldi (E-mail)
**Subject:** Scheduling Order

Here are my notes, but I didn't run them by Alan in advance, so we might have other comments.

Rich

Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801
(302) 984-6027 (Phone)
(302) 658-1192 (Fax)
rhorwitz@potteranderson.com

_____

This electronic mail transmission may contain confidential or proprietary information intended only for the person(s) named.  Any use, distribution, copying or disclosure by another person is strictly prohibited.

# Exhibit B

-----Original Message-----
**From:** Horwitz, Richard L. [mailto:rhorwitz@Potteranderson.com]
**Sent:** Friday, June 03, 2005 9:25 AM
**To:** Leslie A. Polizoti; Jack B. Blumenfeld
**Cc:** Alan Grimaldi (E-mail); Matthew Moore (E-mail); Moore, David E.
**Subject:** RE: Bridgestone / Acushnet - revised proposed scheduling order

Leslie - We have decided not to push for bifurcated discovery and trial of damages, so you can remove the additional language on that issue. The other language added looks fine to us as is. Thanks. Call me if you have any questions.

Rich

> -----Original Message-----
> **From:** Horwitz, Richard L.
> **Sent:** Thursday, June 02, 2005 6:40 PM
> **To:** 'Leslie A. Polizoti'
> **Subject:** RE: Bridgestone / Acushnet - revised proposed scheduling order
>
> Thanks - I'll get back to you tomorrow morning after speaking with co-counsel.
>
>> -----Original Message-----
>> **From:** Leslie A. Polizoti [mailto:LPolizoti@mnat.com]
>> **Sent:** Thursday, June 02, 2005 3:59 PM
>> **To:** Horwitz, Richard L.
>> **Subject:** Bridgestone / Acushnet - revised proposed scheduling order
>>
>> Hi Rich,
>>
>> Attached is a revised version of the proposed scheduling order based on our discussion this morning. I've redlined the changes. Let me know what you think.
>>
>> Regards,
>> Leslie
>>
>> <<LIB01-467953-v2-Bridgestone Acushnet Scheduling order.DOC>>
>>
>> Leslie A. Polizoti
>> Morris, Nichols, Arsht & Tunnell
>> 1201 N. Market St., P.O. Box 1347
>> Wilmington, DE 19899-1347
>> **direct:** 302.575.7415
>> **email:** lpolizoti@mnat.com
>>
>>
>> .....

12/15/2005

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD., AND BRIDGESTONE GOLF, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | C. A. No. 05-132(JJF) |
| v. | ) ) | |
| ACUSHNET COMPANY, | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Acushnet Corporation ("Acushnet") hereby requests that plaintiff Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") produce the documents and things hereinafter described for inspection and copying in the time required by law at the offices of Howrey LLP, 1299 Pennsylvania Avenue, NW, Washington, DC 20004.

### DEFINITIONS

The Definitions set forth in Defendant's First Set of Interrogatories to Plaintiff are hereby incorporated by reference.

### INSTRUCTIONS

1.    These requests are continuous in nature, and pursuant to Fed. R. Civ. P. 26(e), Bridgestone is under a duty to timely amend each prior response to a request for production if Bridgestone learns that the response is in some material respect incomplete or incorrect, or if any information or documents are hereafter acquired.

2.    Produce all responsive documents and things in Bridgestone's possession, custody or control, wherever located.

31.     All documents identifying competitors of Bridgestone or setting forth, referring or relating to actual or potential competition between Bridgestone and any person other than Acushnet for the sale of golf balls.

32.     All documents and things related to or concerning any business, financial, strategic product development or marketing plans, forecasts, projections, research, analyses, investigations, studies or estimates relating to products, machines, processes, services, and/or technology covered by the Bridgestone Patents and Bridgestone Related Patents.

33.     All documents referring or relating to market share, market forecasts, sales projections, financial projections or profit margins (actual or anticipated) relating to products, machines, processes, services, and/or technology covered by the Bridgestone Patents or Bridgestone Related Patents, including market share estimates, sales estimates, cost estimates and growth estimates.

34.     All reports prepared for use by management, whether periodic or not, referring or relating to Bridgestone's costs, returns, discounts and rebates, including without limitation, costs for manufacture, sales, marketing, distribution, overhead administration, advertising, promotion, production, labor, taxes, research and development for products, machines, processes, services, and/or technology covered by the Bridgestone Patents and Bridgestone Related Patents.

35.     All documents referring or relating to any computation, calculation or estimation of damages suffered by Bridgestone whether in terms of lost profits or royalties, as a consequence of Acushnet's alleged infringement of the Bridgestone Patents.

36.     All documents referring or relating to market demand for products, machines, processes, services, and/or technology covered by the Bridgestone Patents as related to Bridgestone's ability to manufacture or have manufactured, use or sell sufficient products, machines, processes, services, and/or technology to meet such demand.

37.     All reports prepared for use by management, whether periodic or not, referring or relating to unit quantities and dollar amounts of sales by Bridgestone relating to products, machines, processes, services, and/or technology covered by the Bridgestone Patents or

Bridgestone Related Patent and all price lists, promotional materials, show specials and associated literature.

38.    All documents referring or relating to the design of all Bridgestone products that Bridgestone believes would have been commercially acceptable alternatives to the Accused Products.

39.    All documents concerning Bridgestone's allegation in its Sixth Affirmative Defense, including but not limited to documents concerning Bridgestone's contention that "Acushnet's claims are barred by the equitable doctrine of wavier, estoppel and laches."

40.    All documents concerning Bridgestone's allegation in its Seventh Affirmative Defense, including but not limited to documents concerning Bridgestone's contention that Acushnet's Counterclaims are "barred or limited by the failure of Acushnet to mark its products or to otherwise give notice to Bridgestone pursuant to 35 U.S.C. § 287."

41.    All documents concerning Bridgestone's allegation in its Eighth Affirmative Defense, including but not limited to documents concerning Bridgestone's contention that "Acushnet's Counterclaims are barred in whole or in part because Acushnet comes to this Court with unclean hands."

42.    All documents used or referred to in responding to Plaintiff's First Set of Interrogatories to Defendants.

43.    All documents and things that Bridgestone will rely on at trial.

OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore                               BY: _____
Vivian S. Kuo                                        Richard L. Horwitz (#2246)
HOWREY LLP                                           David E. Moore (#3983)
                                                     Hercules Plaza, 6th Floor
1299 Pennsylvania Avenue, N.W.                       1313 N. Market Street
Washington, D.C. 20004                               Wilmington, DE 19801
Telephone (202) 783-0800                             Telephone (302) 984-6000
                                                     rhorwitz@potteranderson.com
Dated: June 10, 2005                                 dmoore@potteranderson.com

                                               *Attorneys for Defendant*

686175

10

# Exhibit D

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

Direct Dial 202.383.6904
File 00634.0002

November 22, 2005

BY FACSIMILE

Raja N. Saliba, Esq.
Sughrue Mion, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-3213

Re: *Bridgestone Sports Co. v. Acushnet Co.*,
 Civil Action No. 05-132 (JJF) (D. Del.)

Dear Raja:

I write in response to your November 17 letter in which you request, among other things, financial documents "at a more detailed level." We have uncovered additional data that does provide more detailed information. The volume of this data, however, is massive.

In addition, our review of Bridgestone's document production revealed that there is likely to be a similarly large number of additional Bridgestone financial documents at the same level of detail as the Acushnet data. We believe there may be a way to focus the production of documents to include only those documents required by both parties, thus avoiding any unnecessary burden and expense. We anticipate reaching a reciprocal solution and look forward to discussing this with you during our pre-hearing conference.

We are looking into the remaining questions raised in your November 17 letters and hope to have answers for you within a few days.

Regards,

Brian S. Seal

# Exhibit E

84

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DATASTRIP (IOM) LIMITED, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 97-70-JJF |
| | : | |
| SYMBOL TECHNOLOGIES, INC. and | : | |
| THE TRACKER CORPORATION | : | |
| OF AMERICA, | : | |
| | : | |
| Defendants. | : | |

---

Jack B. Blumenfeld, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL, Wilmington, Delaware.
Of Counsel:  Milton Springut, Esquire, and David A. Kalow, Esquire of KALOW, SPRINGUT & BRESSLER, New York, New York.
Attorneys for Plaintiff.

Howard M. Handelman, Esquire, and John H. Newcomer, Jr., Esquire of BAYARD, HANDELMAN & MURDOCH, P.A., Wilmington, Delaware.
Of Counsel:  Arnold Sprung, Esquire, Nathanial D. Kramer, Esquire, and Esther H. Steinhauer, Esquire of SPRUNG, KRAMER, SCHAEFER & BRISCOE, Tarrytown, New York.
Attorneys for Defendants.

---

**MEMORANDUM OPINION**

January 7, 1998
Wilmington, Delaware

Farnan, Chief Judge.

This is a patent infringement action brought by Plaintiff, Datastrip (IOM) Limited, against Defendants, Symbol Technologies, Inc. and The Tracker Corporation of America.  Presently before the Court is Defendants' Motion For Separate Trials On Liability And Damages (D.I. 45).  In their Motion, Defendants seek relief based upon Federal Rule of Civil Procedure 42(b), which grants district courts broad discretion to order separate trials to avoid prejudice and to promote judicial economy (D.I. 46).  In opposition to Defendants' application, Plaintiff asserts that Defendants have failed to demonstrate that bifurcation will promote convenience or judicial economy and that Defendants have not established that any undue prejudice will result if their application is denied (D.I. 54).

For the reasons discussed, the Court will deny Defendants' Motion For Separate Trials On Liability And Damages (D.I. 45).

## BACKGROUND

Both Plaintiff and Defendant Symbol are engaged in the business of designing, manufacturing and selling bar code scanning products.  Defendant Tracker is engaged in the business of making and reselling kits for marking personal possessions with a bar code label.  A bar code consists of a pattern of

1

printed bars and spaces which is used to input information into a computer by means of optical scanning.

Plaintiff brought this action against Defendants for infringement of the '221 Patent owned by Plaintiff. The '221 Patent covers the invention of a two-dimensional bar code. Plaintiff alleges that Defendant Symbol made certain modifications and additions to the technology in the '221 Patent, filed a patent application and in January, 1990, acquired United States Patent No. 5,304,786 ("'786 Patent"). Plaintiff claims that Defendant Symbol's other patents on technology used in conjunction with printed bar codes have deprived Plaintiff of its patent rights and induced infringement of the '221 Patent. Meanwhile, Defendant Tracker has been making and selling kits which Plaintiff claims incorporate a bar code of the type covered by the '221 Patent and thus, directly infringe Plaintiff's '221 Patent.

The parties have exchanged their initial disclosures under Rule 26(a)(1) and have served initial discovery requests. Plaintiff has sought and received permission from the Court to defer Rule 26(a)(1) disclosure of its damage theories until January 1998.

2

## STANDARD OF REVIEW

In the normal course of litigation, all claims and issues in a civil action are presented for resolution in one trial. <u>Johns Hopkins Univ. v. Cellpro</u>, 160 F.R.D. 30, 32-33 (D.Del. 1995) (citations omitted). However, in some instances, bifurcation may be worthwhile and is governed by Federal Rule of Civil Procedure 42(b):

> **(b) Separate Trials.** The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The decision to bifurcate a trial is committed to the informed discretion of the trial judge based on the particular facts and circumstances of each case. <u>Lis v. Robert Packer Hosp.</u>, 579 F.2d 819, 824 (3d Cir. 1978). In exercising its discretion, a court must consider the arguments made by each side in light of the circumstances and equities of the case.

## DISCUSSION

Defendants offer two justifications for bifurcation in the instant case. First, Defendants contend that bifurcation will

3

promote judicial and legal economy.  Second, Defendants claim

that bifurcation will avoid prejudice by not requiring Defendants

to identify privileged attorney-client communications during the

liability phase of the trial.  In response, Plaintiff argues that

Defendants have failed to demonstrate that bifurcation would

promote convenience and judicial economy or avoid prejudice, and

that Defendants' Motion is merely an attempt to avoid their

discovery obligations.    In Akzona Inc. v. E.I. DuPont De Nemours

& Co., 607 F.Supp. 227, 232 (D.Del. 1984), the Court outlined the

primary factors to be considered in ruling on a motion to

bifurcate, which include the potential for confusion, delay,

prejudice or the additional expense resulting from the grant or

denial of the motion.  Bifurcation may be advisable if the case

contains a large number of dissimilar or complex issues, or if

the trial of one issue is likely to be much shorter than the

others.  Procter & Gamble Co. v. Nabisco Brands, Inc., 604

F.Supp. 1485, 1491 (D.Del. 1985).  Conversely, bifurcation will

not be warranted if there will be a substantial overlap among the

issues to be proven at both trials.  Id. at 1491-92.

    Historically, courts have often found it worthwhile to hold

separate trials on liability and damage issues in patent cases.

Courts have found it to be more efficient to defer discovery and

4

trial on damages issues until after liability questions have been resolved at trial and on appeal. <u>John Hopkins Univ. v. Cellpro</u>, 160 F.R.D. 30, 33 (D.Del. 1995) (citations omitted). However, in a case relied upon by Defendants, although the court approved bifurcation, it went on to explain that:

> [t]here is an important limitation on ordering a separate trial of the issues under Rule 42(b): the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without justice.

<u>Swofford v. B. & W. Inc.</u>, 336 F.2d 406, 415 (5th Cir. 1964). Thus, bifurcation is not necessarily appropriate in every patent case and the Court's discretion in this regard must be exercised with caution. <u>Brad Ragan, Inc. v. Shrader's Incorporated</u>, 89 F.R.D. 548, 549-50 (S.D. Ohio 1981).

I.    <u>Defendants Must Demonstrate That Bifurcation Would Promote Convenience and Judicial Economy</u>

Since Defendants are seeking bifurcation, they have the burden of demonstrating that bifurcation is warranted in light of the general principle that a single trial tends to lesson the delay, expense and inconvenience to all the parties. <u>Mellon v. Beecham Group PLC</u>, No. CIV 86-2179, 1991 WL 16494 (D.N.J. Jan. 3, 1991). In this case, the Court concludes that Defendants have not provided sufficient reasons to demonstrate the efficiency of

5

bifurcating the damages and liability issues.

In their Motion, Defendants contend that judicial and legal economy will be promoted by bifurcation because the Court and the parties will have avoided discovery and trial on the damages issues if Defendants prevail.  Further, Defendants point out that bifurcation will permit the jury to decide the already complicated liability issues in the case without being confused and distracted by the equally complicated damages issues.

The Court is not in a position at this time to fairly evaluate Defendants' claim that there is a substantial probability that they will prevail on liability.  At this juncture, the Court does not have sufficient information to agree or disagree with such a proposition.  Thus, the Court cannot consider this factor in determining bifurcation.  Of course, in every case it may be said that a separate trial on a dispositive issue might save some time, however, a bare suggestion of efficiency cannot support the granting of a bifurcation request, and certainly judicial economy is not the only factor to be considered.

Further, the Court finds that in this case Defendants have not shown that discovery on damages will be complicated, expensive or time-consuming.  This is a patent case, and

6

therefore, by its nature it can be described as complex, but Defendants have not convincingly shown that the benefits in saving time and expense in staying discovery on damages and ordering separate trials, outweighs the advantages of presenting these issues for resolution at one trial.

An additional factor that courts find significant in deciding whether to bifurcate is the overlapping of issues. Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc., 707 F.Supp. 1429, 1434 (D.Del. 1989) (citing Akzona, Inc. v. E.I. DuPont De Nemours & Co., 607 F.Supp. 227, 233-34 (D.Del. 1984)). Plaintiff contends the following:  (1) the evidence on commercial success of Defendant Symbol's products relates to both liability and damages; (2) the proof of liability and causation for damages will significantly overlap because Defendant Symbol is charged with inducing infringement; and (3) the proof on laches relates to both liability and damages.  Accepting Plaintiff's assertions that the evidence on several issues may overlap, the Court agrees that bifurcation may not result in a more efficient presentation of the case.  Evidence of "commercial success" is relevant in the determination of obviousness under 36 U.S.C. §103, and therefore, such evidence may be considered in assessing liability, as well as damages.  In addition, general financial matters are likely to

7

be highly relevant to the liability and damages issues, resulting in a significant duplication in the presentation of evidence in both phases of the trial. Lastly, Defendants' assertion of the affirmative defense of laches may also weigh against bifurcation. In order to contest the laches defense, Plaintiff may have to inquire into damages claims during the liability phase of the trial. Thus, considering the issues cited by Plaintiff and the evidence that most likely will be presented at trial, the Court concludes that the testimony of probable witnesses and other evidence, will overlap on liability and damages issues and any time savings accomplished by bifurcation will be speculative.

Further, the Court finds that in this case it will be more efficient to work towards one trial and one appeal. Other than general assertions of potential efficiency, the Court finds that Defendants have not demonstrated that bifurcation will facilitate a single appeal, and, absent some strong evidence of the likelihood of one appeal, the Court concludes that one complete trial is the most efficient manner in which to timely dispose of this case.

II. <u>Defendants Must Demonstrate That Bifurcation Will Prevent Prejudice</u>

Defendants assert that if bifurcation is not granted, they

8

will either have to waive the attorney-client privilege and share the opinions of their counsel with Plaintiff sooner than necessary or in the alternative, they will have to forego reliance upon the opinion of counsel in order to maintain the privileged status of the material.  The attorney-client privilege protects a confidential communication between attorney and client when discovery is sought.  The burden of proving that the privilege exists is on the party asserting the privilege.  In re Bevill, Bresler & Schulman Asset Management Corp., 805 F.2d 120, 126 (3d Cir. 1986).  Clients waive the attorney-client privilege by deliberately injecting into the litigation the advice which the clients received from counsel.  Smith v. Alyeska Pipeline Service Co., 538 F.Supp. 977, 979 (D.Del. 1982), aff'd, 758 F.2d 668 (Fed. Cir. 1984).  Similarly, the advice of counsel exception to the privilege states that where a party asserts as an essential element of their defense that it relied upon the advice of counsel, that party waives the privilege regarding communications pertaining to that advice.  Mellon v. Beecham Group PLC, No. CIV 86-2179, 1991 WL 16494 (D.N.J. Jan. 3, 1991).

In the instant case, staying discovery specifically on Defendants' advice of counsel defense by ordering a separate trial on liability and damages is not in the Court's view, an

9

effective solution to Defendants' dilemma. Staying discovery on privileged communications until after liability issues have been resolved may cause unnecessary delays and complications.

Denying a request for bifurcation and stay of discovery is a close question when concerns of prejudice have been raised by a party asserting an attorney-client privilege. However, in this case, the Court is persuaded that bifurcation will cause Plaintiff to suffer prejudice because the final disposition of this matter will be unfairly delayed. In the Court's view, Plaintiff should be permitted to present to the jury its entire story and not be required to present it in piecemeal. If the counsel opinion that Defendants rely upon for their actions provides a defense to Plaintiff's assertions of infringement, the opinion should be disclosed as soon as practicable. Any advice that may be highly and unduly prejudicial to Defendants presenting a valid defense to Plaintiff's charge of infringement can be addressed during the preparation for trial.

## CONCLUSION

For the reasons discussed, the Court will deny Defendants' Motion For Separate Trials On Liability And Damages (D.I. 45) pursuant to Federal Rule of Civil Procedure 42(b).

An appropriate Order will be entered.

85

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

DATASTRIP (IOM) LIMITED,          :
                                  :
          Plaintiff,              :
                                  :
     v.                           :        C.A. No. 97-70 (JJF)
                                  :
SYMBOL TECHNOLOGIES, INC. and     :
THE TRACKER CORPORATION           :
OF AMERICA,                       :
                                  :
          Defendants.             :


## O R D E R

At Wilmington, this 7 day of January, 1998, for the

reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendants' Motion For

Separate Trials On Liability And Damages (D.I. 45) is DENIED.


UNITED STATES DISTRICT JUDGE

# Exhibit F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MATSUSHITA ELECTRICAL          )
INDUSTRIAL CO., LTD.,          )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civ. No. 01-882-SLR
                               )
CINRAM INTERNATIONAL, INC.     )
                               )
        Defendants.            )

**ORDER**

At Wilmington, this 16th day of December, 2003, having
reviewed Cinram's motion for a protective order to stay discovery
on willfulness and to bifurcate willfulness until a determination
of liability/damages and the papers submitted in connection
therewith;

IT IS ORDERED that said motion (D.I. 150) is denied, for the
reasons that follow:

1.    The decision whether to bifurcate the liability and
damages phases of a patent infringement action is left to the
discretion of the trial court.  Fed. R. Civ. P. 42(b); Lis v.
Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978).
"Bifurcation of trials, even in patent cases, should be the
exception, not the rule."  Fuji Mach. Mfg. Co., Ltd. v. Hover-
Davis, Inc., 982 F. Supp. 923, 924 (W.D. N.Y. 1997).  "The burden

is on the moving party to demonstrate that bifurcation is
justified." Id. (citing Mellon v. Beecham Group PLC, 17 U.S.P.Q.
2D (BNA) 1149, 1154 (D. N.J. 1989)). "Even if bifurcation might
somehow promote judicial economy, courts should not order
separate trials when bifurcation would result in unnecessary
delay, additional expense, or some other form of prejudice.'"
Laitram Corp. Hewlett-Packard Co., 791 F. Supp. 113, 115 (E.D.
La. 1992) (quoting Willemijn Houdstermaatschaapij BV v. Apollo
Computer Inc., 707 F. Supp. 1429, 1433 (D. Del. 1989)). Courts,
therefore, must balance the equities in ruling on a motion to
bifurcate. Laitram, 791 F. Supp. at 115.

2. After balancing the equities, the court believes that
neither a protective order nor bifurcation of willfulness from
liability and damages is appropriate under the facts at bar.
Cinram bears the burden to demonstrate that bifurcation is
justified. In attempting to do so, Cinram points out that it
intends to rely upon an opinion of counsel, rendered after MEI
brought suit, as an affirmative defense against Cinram's charge
of willfulness. Cinram claims that this opinion may include
trial strategy such that it would be prejudicial to its defense
to provide the opinion to MEI. Cinram also makes the traditional
arguments that a single jury may be overwelmed by liability and
willfulness issues and that bifurcation will promote judicial
economy because a verdict in its favor on the issue of liability

would obviate the need for a trial on damages.  In this case, the

liability issues are fairly narrowly drawn and the issue of

willfulness is inextricably intertwined with those issues.  As

observed by the court in THK Am. Inc. v. NSK Co. Ltd., 151 F.R.D.

625, 630 (N.D. Ill. 1993):

> A willfulness determination, that is, the defendant's
> state of mind when it infringed the patent, is a
> finding of fact inextricably bound to the facts
> underlying the alleged infringement.  In reaching a
> willfulness determination, a trial court weighs
> evidence of the totality of the surrounding
> circumstances in order to ascertain the infringer's
> good faith or its willfulness.  Factors considered
> include:  the infringer's knowledge of the inventor's
> patent rights, any good faith belief or invalidity or
> infringement formed by the infringer after an
> investigation of the inventor's patent rights, and the
> infringer's behavior as a litiant.

Consequently, the court concludes that because willfulness is

determined from the totality of the circumstances, it is most

efficiently and expeditiously tried together with liability and

damages.

    3.    The court further finds Cinram's motion to bifurcate

untimely.  MEI served document requests relating to willfulness

on Cinram in July 2002, eleven months before the close of

discovery.  MEI served additional requests in May 2003.  Cinram

waited until June 3, 2003, three days prior to the close of fact

discovery, to file its motion to bifurcate.

2

4.    Although the court closed expert discovery on August 15, 2003 pursuant to its scheduling order of June 10, 2003, discovery directed toward the issue of willful infringement may occur in accord with the instant order until trial commences.[1]

_____
United States District Judge

_____

[1]Cinram initially designated Mr. Lewis Ritchie as its witness on the willfulness issue.  Cinram scheduled his deposition originally during the last week of discovery and then rescheduled it until after the close of discovery.  Citing its motion to bifurcate, Cinram refused to allow any questions concerning specific opinions of counsel at the rescheduled deposition.  (See D.I. 154, tab H)

3

# Exhibit G

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 FEB 12  AM 10: 05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL          :
PROPERTY CONSULTANTS, INC.,     :
                                :
            Plaintiff,          :
                                :
       v.                       :      Civil Action No. 03-241 JJF
                                :
CANON INC., et al.,             :
                                :
            Defendants.         :

## MEMORANDUM ORDER

WHEREAS, Defendants Canon Inc. and Canon U.S.A. (collectively "Canon defendants") have moved to bifurcate willfulness (D.I. 184);

WHEREAS, Plaintiff, St. Clair Intellectual Property Consultants, Inc. ("St. Clair") does not oppose bifurcation of the trial of willfulness but does oppose bifurcation of discovery (D.I. 189);

WHEREAS, the Court finds that bifurcation of willfulness issue will not simplify discovery and/or trial;

NOW THEREFORE, IT IS HEREBY ORDERED that the Motion by Canon Defendants to Bifurcate And Stay Discovery Regarding Willfulness is **DENIED** (D.I. 184).

February 12, 2004
_____
DATE

_____
UNITED STATES DISTRICT JUDGE

# Exhibit H

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CRITIKON, INC.,

   Plaintiff,

  v.

BECTON DICKINSON VASCULAR
ACCESS, INC.,

   Defendant.

:
:
:
:
:
:
:
:
:
:

Civil Action No. 93-108-JJF

## MEMORANDUM & ORDER

   Defendant Becton Dickinson Vascular Access, Inc. ("Becton") filed a Motion to Bifurcate Discovery and Trial on Liability and Damages Issues (Including Willfulness) arguing that judicial economy and fairness will best be served by trying the liability issues first.    Becton contends that because the Plaintiff, Critikon, Inc. ("Critikon") is primarily seeking injunctive relief, separation for trial of the liability and damages issues will result in some economies for the Court and the parties.

   Critikon, although initially favoring bifurcation, now asserts that the bifurcation proposed by Becton "would result in a wasteful duplication of efforts including two trials and two more appeals to the Federal Circuit." (Memorandum in Opposition to Defendant's Motion, p. 3). Critikon's change of heart results from Becton's now-asserted position regarding the damages issue and Becton's desire to try the issue of willfulness separate from

liability.  In addition, Critikon argues that overlapping evidence on liability and damages favors a single trial.

The decision to bifurcate is one left to the sound discretion of the trial Court.  The decision is obviously influenced by a consideration of the circumstances of each case and an evaluation of whether a conservation of resources and effort will result from a separation of issues for trial.

In this case, the Court is persuaded that a single trial is the most efficient and fair way to resolve the dispute.  The parties and Court have already been through a full briefing effort and hearing on several of the issues, and it is the Court's view that the trial should be somewhat less complex and proceed smoothly.  Also, since some evidence on the issues to be tried does overlap, the Court believes holding one trial will result in significant dollar savings for the parties.  For these reasons, the Court will deny Becton's application for bifurcation.

Now, therefore,

IT IS HEREBY ORDERED this ___30___ day of September, 1993, that Defendant's Motion to Bifurcate Discovery and Trial on Liability and Damages Issues (D.I. 147) is DENIED.

UNITED STATES DISTRICT JUDGE

Exhibit I

*69*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SECURITY AND ACCESS          )
(ELECTRONIC MEDIA) LTD.,     )
TANIS PATRICIA WAKEFIELD, and )
TERENCE JOHN NEWELL,         )
                             )
        Plaintiffs,          )
                             )
        v.                   )    Civil Action No. 96-287-SLR
                             )
MOTOROLA, INC.               )
                             )
        Defendant.           )

## O R D E R

At Wilmington this *4th* day of March 1997, having
reviewed defendant's motion for separate trials on liability,
damages and enhanced damages and for a stay of discovery on those
issues (D.I. 27) and the papers filed in connection therewith;

IT IS ORDERED that said motion is denied, for the
following reasons.

1.  The decision to order separate trials on different
issues in the same case is left to the sound discretion of the
trial judge.  Separate trials are favored only when bifurcation is
"conducive to expedition and economy," furthers convenience, or
avoids prejudice.  Fed. R. Civ. P. 42(b).

2.  This is a complex patent case which has been
scheduled for trial in December 1997.  The court's primary case
management goals are to try the case as scheduled and in such a

manner as to promote the efficient and effective presentation of evidence at a minimal inconvenience to jurors.

3.    Keeping those goals in mind, the court declines to stay discovery.   The court disagrees with defendant's contention that there is no overlapping evidence.   Permitting a second discovery phase after a trial on liability and willful infringement would likely cause substantial inconvenience to jurors.   Moreover, defendant's attorney client privilege will not be compromised by discovery proceeding on all issues.   If, as defendant attests, defendant's disclosure of counsel's opinions in defense of plaintiff's willful infringement claim results in "endless battles about the scope and intent of the waiver" (D.I. 28 at 10) of such privilege, the court is quite prepared to settle them as they arise.

4.    The court will reconsider bifurcation of the trial after the case and issue dispositive motions have been resolved.

_____
United States District Judge

# Exhibit J

44.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SQUARE D COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 95-201-SLR |
| POWER MEASUREMENT LTD. and C.D. POWER MEASUREMENT LTD., | ) |
| Defendants. | ) |

## O R D E R

At Wilmington this 5th day of October, 1995, having reviewed defendant's motion for separate trials on liability and damages, including willful patent infringement, and for stay of discovery on the issues of damages and willful patent infringement (D.I. 21) and the papers filed in connection therewith;

IT IS ORDERED that said motion is denied as follows:

1. Rule 42(b) of the Federal Rules of Civil Procedure provides in relevant part that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or of any separate issue . . . or issues . . . ."

2. The decision to separate issues for trial is committed to the sound discretion of the court. Smith v. Alyeska Pipeline Service Co., 538 F.Supp. 977, 984 (D.Del. 1982), aff'd, 758 F.2d 668 (Fed. Cir. 1984), cert. denied, 471 U.S. 1066 (1985).

3.   The court declines to stay discovery on any disputed issue.

4.   The record as developed to date does not justify a bifurcated trial; however, the court, if requested, will again review the need for a bifurcated trial once case dispositive motions have been resolved and the triable issues have been finally identified.

_____
United States District Judge

2