IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | C.A. No. 05-132 (JJF) <br><br><br> REDACTED PUBLIC VERSION |

**BRIDGESTONE'S MOTION TO STRIKE ACUSHNET'S REPLY BRIEF REGARDING ITS MOTION FOR REPRESENTATIVE CLAIMS AND TO REQUIRE DETAILED INFRINGEMENT CONTENTIONS**

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
  *Attorneys for Bridgestone Sports Co., Ltd.
  and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
John T. Callahan
Raja Saliba
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, DC 20037
(202) 293-7060

Original Version Filed January 10, 2006
Redacted Public Version Filed January 17, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ACUSHNET COMPANY, <br><br>Defendant. | C.A. No. 05-132 (JJF) <br><br><br>**CONFIDENTIAL** <br><br>**FILED UNDER SEAL** |

### BRIDGESTONE'S MOTION TO STRIKE ACUSHNET'S REPLY BRIEF REGARDING ITS MOTION FOR REPRESENTATIVE CLAIMS AND TO REQUIRE DETAILED INFRINGEMENT CONTENTIONS

Bridgestone respectfully moves this Court to strike a portion of Acushnet's Reply Brief in Support of its Motion For Representative Claims And To Require Detailed Infringement Contentions (D.I. 58) on the grounds that Acushnet impermissibly relies on positions taken during settlement negotiations in violation of a Mutual Nondisclosure Agreement, to argue that Bridgestone has waived privilege. In that Agreement, the parties agreed that no positions or statements during settlement discussions would constitute, or be used to assert, any waiver of privilege. Accordingly, Bridgestone requests that the Court strike certain portions of Acushnet's Reply Brief.

### STATEMENT OF FACTS

During the course of settlement negotiations, the parties entered into and executed a Mutual Nondisclosure Agreement on February 14, 2005. (Ex. 1) The Agreement governed the

settlement discussions surrounding the disputes between the parties concerning both Bridgestone and Acushnet patents. Specifically, the Agreement provides:

REDACTED

During the course of the settlement discussions, Bridgestone sent a letter to Acushnet dated December 6, 2004. (Ex. 2.) That letter was labeled "Subject to FRE 408, For Settlement Purposes Only." This letter clearly was prepared for the purposes of settlement discussions and clearly falls within the scope of the Agreement, including paragraph 4 thereof.

On December 2, 2005, Acushnet filed a Motion For Representative Claims And To Require Detailed Infringement Contentions. (D.I. 47.) Bridgestone opposed this Motion, filing its Answering Brief on December 16, 2005. (D.I. 56.) On December 22, 2005, Acushnet filed a brief in reply to Bridgestone's Answering Brief. (D.I. 58.)

In its Reply Brief (D.I. 58), however, Acushnet argued that Bridgestone "has already waived any alleged privilege by providing some test data in presuit correspondence to Acushnet[,]" citing a letter dated December 6, 2004, between counsel for the parties during settlement negotiations. (D.I. 58, Acushnet's Reply Br. at pp. 10-11.) Acushnet then quotes from that same letter, and further includes in its Reply Brief selected test results. On the basis of

this letter and in violation of the Agreement, Acushnet contends that Bridgestone has waived privileged on <u>all</u> of its test results.

## ARGUMENT

Acushnet's argument in its Reply Brief that Bridgestone has waived privilege based on the December 6, 2004 letter is in breach of the Agreement between the parties. Paragraph 4 of the Agreement expressly precludes either party from relying on documents, statements, positions, or arguments related to the dispute that had been exchanged or would be exchanged in the future in the course of settlement discussions to assert a waiver of the attorney-client privilege or work product immunity. The December 6, 2004 letter was prepared expressly for the purposes of trying to settle this matter. That document is marked "Subject to FRE 408, For Settlement Purposes Only" and it clearly falls within the scope of Paragraph 4 of the Agreement. It cannot be argued that the document was prepared for any purpose other than the settlement discussions between the parties.

As a result, the portion of Acushnet's argument spanning pages 10 and 11 of its Reply Brief should be stricken.

MORRIS, NICHOLS, ARSHT & TUNNELL

<u>/s/ Jack B. Blumenfeld (#1014)</u>
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
   *Attorneys for Bridgestone Sports Co., Ltd.*
   *and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
John T. Callahan
Raja Saliba
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, DC  20037
(202) 293-7060

January 10, 2006

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with with counsel for the defendant, and that we have not reached agreement.

/s/ *Jack B. Blumenfeld (#1014)*
Jack B. Blumenfeld

# EXHIBIT 1

Case 1:05-cv-00132-JJF   Document 70   Filed 01/17/2006   Page 7 of 11

# REDACTED

# EXHIBIT 2

# REDACTED

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2006, I electronically filed, on behalf of Bridgestone, a redacted version of its Motion To Strike Acushnet's Reply Brief Regarding Its Motion For Representative Claims And To Require Detailed Infringement Contentions with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to:

> Richard L. Horwitz
> Potter Anderson & Corroon

I further certify on January 17, 2006, copies of the foregoing document were served upon counsel of record in the manner indicated:

**BY HAND**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE  19801

**BY FEDERAL EXPRESS**

Alan M. Grimaldi
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004

> _/s/ Jack B. Blumenfeld  (#1014)_
> Jack B. Blumenfeld (#1014)
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> jblumenfeld@mnat.com