IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | C.A. No. 05-132 (JJF) <br><br> REDACTED PUBLIC VERSION |

**LETTER FROM JACK B. BLUMENFELD TO
THE HONORABLE JOSEPH J. FARNAN, JR.**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
  *Attorneys for Plaintiffs*

OF COUNSEL:

Robert M. Masters
John T. Callahan
Raja Saliba
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, DC  20037
(202) 293-7060

Original Filing Date:  January 11, 2006

Redacted Filing Date:  January 17, 2006

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JACK B. BLUMENFELD
302 575 7291
302 425 3012 FAX
jblumenfeld@mnat.com

January 11, 2006

BY ELECTRONIC FILING                           CONFIDENTIAL – FILED UNDER SEAL

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

      RE:    *Bridgestone Sports Co., Ltd., et al. v. Acushnet Company*
             C.A. No. 05-132 (JJF)

Dear Judge Farnan:

      We are writing on behalf of Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") in advance of the hearing scheduled for January 13, 2006 at 3:30 p.m. to identify and briefly explain disputed discovery issues that the parties have been unable to resolve since the last hearing on October 5, 2005.

      The first discovery hearing was held on October 5 and resulted in the Court's Order of November 2, 2005 (D.I. 42). In the November 2 Order, the Court ordered Acushnet to provide Bridgestone with a product list of all golf balls sold or offered for sale by Acushnet anywhere in the world for the past 4 years. Acushnet provided that list on November 10, 2005. *See* Ex. A. In addition, the Order reflected Acushnet's agreement to produce all responsive documents and things with respect to certain document requests propounded by Bridgestone relating to damages and samples of golf ball components and materials.

    1.    **Bridgestone is Entitled to Discovery on All Accused Golf Balls Including All Balls in the "Pro V1" Family of Golf Balls**

      On December 22, 2005, Bridgestone pointed out that Acushnet's production with respect to numerous Pro V1 balls was deficient, and particularly pointed to the lack of any documentation regarding the golf ball labeled as Pro V1 *. Ex. B. On January 4, 2006, Acushnet informed Bridgestone that it did not consider the Pro V1 * ball to be an accused ball, and on that basis has refused to produce responsive documents. Ex. C. During the January 10

The Honorable Joseph J. Farnan, Jr.
January 11, 2006
Page 2

meet and confer, Acushnet told Bridgestone that it had produced responsive documents as to every ball in the Pro V1 family since 2000 except for the Pro V1 * balls. Bridgestone requests the Court to order Acushnet to produce responsive information and documents regarding the Pro V1 * ball, and all balls within the Pro V1 family of balls, by a date certain.

The Pro V1 family of balls were identified in Bridgestone's Complaint, which accused "at least the Titleist® Pro V1™, Titleist® Pro V1x™, Titleist® NXT™, Titleist® NXT Tour, Titleist® DT SoLo and Pinnacle® Exception™ golf balls" (D.I. 2 at ¶ 20).

Consistent with the Complaint, Bridgestone requested discovery of "all models, types, versions and revisions of at least the Titleist® Pro V1™, the Titleist® Pro V1x™, the Titleist® NXT™, Titleist® NXT Tour, the Titleist® DT SoLo, and the Pinnacle® Exception™ golf balls" (Ex. D), and thus did not limit the accused balls to a specific model, type, version or revision within an accused family.

Bridgestone also responded to Acushnet's requests for an identification of infringing Acushnet golf balls by stating that it was accusing "at least one or more of the Titleist® Pro V1™, the Titleist® Pro V1x™, the Titleist® NXT™, Titleist® NXT Tour, the Titleist® DT SoLo, and the Pinnacle® Exception™ golf balls, and all other golf balls made or sold by Acushnet under a different brand and being substantially identical to the foregoing golf balls." Ex. E, Bridgestone's Response to Acushnet Interrogatory No. 1.

REDACTED

Moreover, in its Court-ordered list of products that have been sold in the last four years (D.I. 42 at ¶ 2), Acushnet identified the Pro V1 * golf ball as one of many Pro V1 golf balls it sold since 2000 (Ex. A):

The Honorable Joseph J. Farnan, Jr.
January 11, 2006
Page 3

| Model Year | Ball | Sidestamp[1] |
|---|---|---|
| 2000 | Pro V1 (on tour only) | Pro V1 392 |
| 2001 | Pro V1 | <Pro V1·392> |
| 2002 | Pro V1 | <Pro V1·392> |
| 2002 | Pro V1 (star) | <Pro V1 * 392> |
| 2003 | Pro V1 | <·Pro V1 392·> |
| 2003 | Pro V1x | <·Pro V1x 332·> |
| 2004 | Pro V1 | <·Pro V1 392·> |
| 2004 | Pro V1x | <·Pro V1x 332·> |
| 2005 | Pro V1 | <Pro V1-392> |
| 2005 | Pro V1x | <Pro V1x-332> |

To help illustrate Acushnet's use of sidestamps, below is a photograph showing the <Pro V1·392> and the <Pro V1 * 392> sidestamps side by side.



There are many additional Pro V1 golf balls that were manufactured by Acushnet but not sold. For example, in 2005, Acushnet submitted to the USGA numerous golf balls within the Pro V1 family, as evidenced by the attached USGA list of conforming golf balls, which identifies each ball by its unique sidestamp.[2] Ex. B. Acushnet represented to Bridgestone in the

---

[1] The different models, types, versions and revisions of Acushnet golf balls are identified by unique sidestamps on the golf ball, such as "<Pro V1 * 392>" for the 2002 Pro V1 * golf ball.

[2] As we recently learned from Acushnet's counsel, many of the balls that Acushnet submitted to the USGA with sidestamps were of <u>identical</u> structure.

January 10, 2006 meet and confer that it has produced responsive documents as to every ball in the Pro V1 family since 2000 <u>except</u> for the Pro V1 * balls.

Finally, regardless of whether Acushnet thinks the Pro V1 * golf ball is accused, all documents relating to the Pro V1 * golf balls are clearly relevant and responsive because they form part of the development history of the entire Pro V1 family of golf balls. Solely on this basis, Bridgestone is entitled to complete discovery on the Pro V1 *.

2. **Bridgestone is Entitled to Full and Complete Responses to its Damages-Related Discovery**

Bridgestone requests the Court to require Acushnet to respond in full, and by a date certain, to Bridgestone's damages-related Document Request Nos. 87-89, 93, 95, 109, 110 and 112. Ex. G. The Court's November 2, 2005 Order noted Acushnet's agreement to produce all documents and things responsive to Bridgestone's Document Request No. 89, relating to estimates or projections Acushnet has made with respect to sales, pricing and profit margin information for each Acushnet product since March 7, 1998. To date, Acushnet has not provided a complete response to these discovery requests.

Bridgestone's first set of document requests (served on June 7, 2005) requested financial documents relating to the manufacture and sale of the accused golf balls. Acushnet finally acknowledged on November 22, 2005 that "... [w]e have uncovered additional [financial] data that does provide more detailed information. The volume of this data, however, is massive." Ex I. After Bridgestone narrowed its requests on December 15 to identify specific types of financial documents it needed, Acushnet indicated on January 10 that it would reconsider its level of responsiveness of its production of damages related documents, including worldwide export information for the accused golf balls.[3]

To avoid any further delay or disputes as to damages-related documents, Bridgestone requests an Order from the Court that Bridgestone is entitled <u>by a date certain</u> to receive a full response to Bridgestone's damages related Document Request Nos. 87-89, 93, 95, 109, 110 and 112.

3. **Bridgestone is Entitled to Samples of Golf Ball Components and Component Materials Requested in Document Request Nos. 116, 117 and 119**

Bridgestone Document Request Nos. 116 and 117 requested particular types of samples of golf ball components from Acushnet's production line, and its Document Request No. 119 requested samples of particular types of component materials. Ex. G.

---

[3]   All of the accused Acushnet golf balls sold abroad are manufactured in the United States.

The Honorable Joseph J. Farnan, Jr.
January 11, 2006
Page 5

As set forth in this Court's November 2, 2005 Order, Acushnet agreed to produce responsive samples (D.I. 42 at ¶ 2).[4] To date, it has not.

Acushnet's counsel now takes the position that it will not produce the samples unless the parties agree to conduct joint testing or, alternatively, return any tested samples promptly after testing is complete. According to Acushnet's counsel, "... any component or ball subjected to such testing must be returned to us within two days, as certain properties of that component may change shortly after the destructive testing." Ex. H.

Because the Court already ordered Acushnet to produce samples, which Bridgestone needs to perform its own independent testing and analysis, Bridgestone requests that the Court enforce its Order and require Acushnet to produce, by a date certain, the requested samples and components identified in Document Requests Nos. 116, 117 and 119.

4.  **Bridgestone is Entitled to a Complete Response to its Interrogatory No. 8**

Bridgestone's Interrogatory No. 8 states:

Separately, for each of the Bridgestone patents-in-suit, state whether an opinion of counsel was prepared by or on behalf of Acushnet, and if so, when it was prepared, by whom it was prepared, to whom it was addressed, whether the opinion is in written form or oral, and whether Acushnet plans to rely on such opinion(s) to defend against a charge of willful patent infringement.

Acushnet initially objected to the interrogatory and provided no substantive answer, but agreed on January 10 to at least partially supplement its response by identifying only the following information: (1) whether an opinion was prepared, (2) when the opinion was prepared, (3) by whom it was prepared, and (4) to whom it was addressed. Bridgestone requests the Court to order Acushnet to identify what patent(s) the opinion(s) relates to and whether the opinion(s) is oral or written.

---

[4]  While the Order does not reference Request No. 116, Acushnet had previously agreed to comply with this request.

The Honorable Joseph J. Farnan, Jr.
January 11, 2006
Page 6

      Bridgestone is prepared to elaborate on these issues and to address any other issues that may arise at the hearing on January 13.

      Respectfully,

      */s/ Jack B. Blumenfeld (#1014)*

      Jack B. Blumenfeld

Enclosures

cc:  Peter T. Dalleo, Clerk (By Hand)
     Richard L. Horwitz, Esquire (By Hand)
     Alan M. Grimaldi, Esquire (By Fax)
     Robert M. Masters, Esquire (By Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2006, I electronically filed, on behalf of Bridgestone, a Redacted Version of the January 11, 2006 Letter from Jack B. Blumenfeld to the Honorable Joseph J. Farnan, Jr. with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to:

Richard L. Horwitz
Potter Anderson & Corroon

I further certify on January 17, 2006, copies of the foregoing document were served upon counsel of record in the manner indicated:

**BY HAND**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

Alan M. Grimaldi
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Jack B. Blumenfeld (#1014)
Jack B. Blumenfeld (#1014)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com