IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | C.A. No. 05-132 (JJF) <br><br><br> REDACTED VERSION |

**BRIDGESTONE'S MOTION FOR RECONSIDERATION OF ITS REQUEST FOR DISCOVERY RELATING TO THE PRO V1* GOLF BALLS**

Pursuant to D. Del. LR 7.1.5, Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively, "Bridgestone") respectfully request reconsideration of the Court's January 13, 2006 decision denying discovery on the Pro V1* golf ball (read "Pro V one star").

On January 11, 2006, Bridgestone wrote to the Court identifying disputed discovery issues for a January 13 conference, including Acushnet's refusal to produce documents relating to the Pro V1*. (D.I. 67) At the January 13 conference, the Court denied Bridgestone's request that Acushnet produce responsive information and documents relating to the Pro V1*. However, the Court permitted each party to request reconsideration of one ruling from the January 13 conference that the party believes will result in unfair prejudice.

Accordingly, Bridgestone request reconsiderations of the Court's denial of Bridgestone's request for discovery relating to the Pro V1* because, without this discovery, Bridgestone is unfairly prejudiced for the following reasons:

The Pro V1* was and remains an accused golf ball of at least two of the Bridgestone patents-in-suit. Nonetheless, so as to remove any doubt, Bridgestone has now supplemented its interrogatory responses to identify this ball expressly by its name. (Ex. 1) Accordingly, Acushnet's basis to refuse discovery as to the accused Pro V1* is no longer relevant, and Bridgestone submits its is entitled to the requested discovery to prove infringement.

In addition, the introduction and later discontinuation of the Pro V1* golf ball is an important chapter in the development history of the "Pro V1 Family" of golf balls, which Acushnet's own documents confirm includes the Pro V1*. (Ex. 2) Without this discovery, Bridgestone will be forced to prosecute its infringement claims for the remaining accused Pro V1 golf balls without access to all of the relevant facts. Moreover, in responding to a subpoena duces tecum, Acushnet's original counsel in this matter did produce documents relating to the Pro V1*. Bridgestone should be entitled to complete discovery, not a parsed selection of documents pertaining to the Pro V1*.

### A.  THE PRO V1* INFRINGES AT LEAST TWO BRIDGESTONE PATENTS-IN-SUIT

In its Complaint (D.I. 2), Bridgestone accused the *entire* Pro V1 Family of golf balls of infringement. (*See also* Bridgestone's January 11, 2006 letter to the Court. (D.I. 67)) The Pro V1* is plainly one of the three types of balls within the Pro V1 Family, according to Acushnet's own documents. (Ex. 2) Additionally, Bridgestone now has supplemented its responses to Acushnet Interrogatory Nos. 1 and 2, expressly identifying the Pro V1* as infringing two patents-in-suit: U.S. Patent Nos. 5,252,652 and 5,553,852. (Ex. 1)

At the October 5 conference, the Court ordered, at Bridgestone's request, Acushnet to produce a list of all golf balls it sold for the past five years. The very reason for Bridgestone's request was to determine the variations of the specific branding within the Pro V1

Family of golf balls and other golf balls sold by Acushnet and to ensure that it had identified all of the golf balls that infringed the Bridgestone patents in suit. Upon receiving the list, Bridgestone realized Acushnet's game of semantics in withholding key discovery concerning the Pro V1*, despite the fact that Acushnet considered the Pro V1* to be within the "Pro V1 Family" and the substantial similarities between the Pro V1x and Pro V1* golf balls.[1]

The Pro V1* is an accused ball infringing two patents, is a member of the "Pro V1 Family," and therefore, is directly relevant to claims in this lawsuit. Bridgestone should have received the requested discovery long ago.

### B. THE PRO V1* IS PART OF THE DEVELOPMENT HISTORY OF THE "PRO V1 FAMILY" AND THUS DISCOVERY IS NECESSARY FOR A FAIR PRESENTATION OF BRIDGESTONE'S INFRINGEMENT CASE

Putting aside that the Pro V1* is an accused ball, Bridgestone is entitled to discovery on golf ball development data for the Pro V1 and Pro V1x golf balls. In fact, Bridgestone's request for discovery is of the same kind that Acushnet was granted with respect to the accused Bridgestone golf balls, that is, complete discovery on golf ball development data for the accused golf balls.[2]

---

[1] As another example, Bridgestone propounded Interrogatory No. 40, asking Acushnet to identify all golf balls using a certain chemical composition. Even though Acushnet knows that the Pro V1* uses this composition, Acushnet did not identify the Pro V1*, yet further frustrating Bridgestone's attempt to obtain relevant discovery. (Ex. 3)

[2] Indeed, Acushnet's refusal to respond to Bridgestone's discovery requests with information on the Pro V1* golf ball is remarkable, given that Acushnet specifically asked the Court and the Court granted at the January 13 hearing for an order that Bridgestone produce all development data on the accused Bridgestone balls. (D.I. 68)

The Pro V1* was introduced in 2002 and discontinued that same year or in early 2003. However, the Pro V1* represented an initial generation of the golf balls sold under the Pro V1 Family brand name – the Pro V1* was one of only three golf ball models within the Pro V1 Family sold commercially; the other two being the Pro V1 and Pro V1x. (Ex. 4) Without discovery on the Pro V1*, Bridgestone will lack a complete account of the development history of the Pro V1 and Pro V1x. Without this discovery, Bridgestone will be unfairly prejudiced in presenting its infringement case.

**Redacted**

---

3

**Redacted**

**Redacted**

In summary, Bridgestone should be granted discovery to confirm its understanding as to: (1) Acushnet's criteria for determining the members of the Pro V1 Family, (2) how the Pro V1* fits within that family, (3) why the Pro V1* was introduced in 2002 and then discontinued in 2003, (4) whether the Pro V1* was the precursor to the Pro V1x, and (5) all other relevant development concerning the Pro V1 Family.

Finally, Acushnet has not asserted any undue burden in responding to Bridgestone's discovery requests with respect to the Pro V1* golf ball. Given the limited production of the Pro V1*, Acushnet cannot demonstrate any undue burden that would outweigh the benefit of the requested discovery.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
  *Attorneys for Bridgestone Sports Co., Ltd.
  and Bridgestone Golf, Inc.*

---

4

**Redacted**

OF COUNSEL:

Robert M. Masters
John T. Callahan
Raja Saliba
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, DC  20037
(202) 293-7060

Original Filing Date:  January 30, 2006

Redacted Filing Date:  February 2, 2006

CERTIFICATE OF SERVICE

I certify that on February 2, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to Richard L. Horwitz.

I further certify on February 2, 2006, copies of the foregoing document were served upon counsel of record in the manner indicated:

BY HAND

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE  19801

BY FEDERAL EXPRESS

Alan M. Grimaldi
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004

/s/  Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com