## ATTACHMENT A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Notice of Deposition is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

As used herein, the following terms are to be interpreted in accordance with the DEFINITIONS set forth in Bridgestone's First Set of Requests For Production of Documents and Things (Request Nos. 1-100) as though fully set forth herein.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

1. Efforts by or on behalf of Acushnet to identify and collect documents for production in this litigation, including but not limited to identification of those persons from whom Acushnet sought documents responsive to Bridgestone's First Set of Request for Production of Documents and Things (Request Nos. 1-100) and Bridgestone's Second Set of Requests for Production of Documents and Things (Nos. 101-155), and physical locations, storage facilities, servers, personal computers and/or electronic devices searched for such responsive documents.

2. Acushnet's production of documents to Bridgestone, including, but not limited to, Acushnet's production of documents related to:

   (a) United States Golf Association approval of any Acushnet product;

   (b) sales, pricing, and profit margin of the Acushnet products;

   (c) Acushnet's annual revenues for the sale of the Acushnet products;

(d) sales and marketing literature;

(e) dimple geometries and patterns for the Acushnet products;

(f) manufacturing quality control standards and testing for the Acushnet products;

(g) evaluations or studies of the market or business done by or for Acushnet;

(h) estimates with respect to the sales, pricing and profit margin for the Acushnet products;

(i) testing of the Acushnet products, for example, as reported in AB-0004622 to AB-0004624;

(j) meeting minutes relating to the Acushnet products;

(k) any license agreements with Callaway Golf Company; and

(l) the Titleist HP Eclipse and Tour Distance golf balls.

3. Any and all databases maintained by or for Acushnet containing or storing manufacturing, testing or research data and/or information, including without limitation, indoor test range data and analyses of competitive golf balls.

4. Acushnet's document retention policies including, but not limited to, its policies for retention of electric records and paper records, including e-mail records, electronic databases, patent application file histories, any policies related to the preservation or destruction of research and/or development documents, and any policies related to the preservation or destruction of golf ball test samples and/or plaques.

Attachment A                                          -2-

-3-

5. Acushnet's storage, archiving, retention or destruction of any Things including, but not limited to any golf balls or prototypes of golf balls, golf ball cores, golf ball cover materials, and golf ball test samples, whether manufactured by Acushnet or any third party, the use of any such stored, archived or retained Thing, and the chain of custody of such things.

6. Acushnet's inventory of golf balls, including, but not limited to, the following golf balls: the Wilson Ultra Competition 90, the Wilson Ultra Competition 100, the Dynawing Double Cover S+, the Precept EV Extra Spin, the Reygrande WF, the Altus Newing Massy, the Wilson Ultra Tour Balata 90, the Wilson Ultra Tour Balata 100, the Top Flite System C, the Tour Stage U-Spin, and each of the Acushnet products and the accused Bridgestone products.

## CERTIFICATE OF SERVICE

I, JackB. Blumenfeld, hereby certify that on March 15, 2006, I electronically filed Bridgestone's Third Notice of Deposition Pursuant to Rule 30(b)(6) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to:

> Richard L. Horwitz
> Potter Anderson & Corroon

I further certify on March 30, 2006, copies of the foregoing document were served upon counsel of record in the manner indicated:

### BY HAND

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

Alan M. Grimaldi
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

> *Jack B. Blumenfeld*
> Jack B. Blumenfeld (#1014)
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> jblumenfeld@mnat.com