# EXHIBIT 1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

Bridgestone Sports Co., Ltd., et al
V.
Acushnet Company

**SUBPOENA IN A CIVIL CASE**
Case Number:[1] C.A. No. 05-132 (JJF)
District of Delaware

TO: Arnold Worldwide
ATTN: Fran Kelly
President, Chief Operating Officer
101 Huntington Avenue
Boston, MA 02199

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): see Exhibit A attached

| PLACE | DATE AND TIME |
|---|---|
| Birnbaum & Godkin, LLP, 280 Summer St., Boston, MA 02210 | May 11, 2006, 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 4/26/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert M. Masters, Paul Hastings Janofsky & Walker, LLP, 875 15th Street, NW, Washington, DC 20005 (202) 551-1700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT "A" TO SUBPOENA
# FOR PRODUCTION OF BUSINESS RECORDS

**TO:** Arnold Worldwide
ATTN: Fran Kelly
President, Chief Operating Officer
101 Huntington Avenue
Boston, MA 0219

## DEFINITIONS AND INSTRUCTIONS

Please note that these Definitions and Instructions form an integral part of the Document Requests that follow.

A. "Arnold Worldwide" as used herein means and includes Arnold Worldwide and/or MPG/Arnold and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

B. "Acushnet" as used herein means and includes Acushnet Company and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

C. "Bridgestone" as used herein means and includes Bridgestone Sports Company, Ltd. and/or Bridgestone Golf, Inc. and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and any other entity acting on behalf of any of the foregoing.

D. "Nike" as used herein means and includes Nike, Inc., and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and any other entity acting on behalf of any of the foregoing.

E. "DOCUMENT" is used here in the broadest sense possible and shall mean any medium upon, through or by which intelligence or information is recorded, in whole or in part, of form which intelligence or information may be retrieved, including, without limitation, any recorded tape, recorded, written, printed, typed or other graphic matter of any kind of nature whatsoever, however produced or reproduced, whether sent or received or neither, and all drafts, abstracts and/or copies bearing notations or markings not found on the original, including, but not limited to, all tape recordings, recordings, recording transcriptions, memoranda, reports, notes, jottings, correspondence, transcripts, letters, envelopes, diaries, telegrams, cables, telexes, telex files, teletypes, computer programs or printouts, marginal notations, statements, summaries, opinions, journals, fact sheets, offering sheets, credit files, credit reports, credit requests, investment reports, minding reports, engineering reports, appraisals, investment analysis, legal opinions, commitment letters, closing documents, estimates, contracts, books, appointment

books, calendars, records, receipts, articles, authorizations, investigations, circulars, bulletins, bills, invoices, checks, check stubs, bank statements, notices, accounts, account statements, messages, telephone messages, policies, insurance policies, applications, insurance applications, agreements, ledgers, promissory notes, guarantees, instruments, negotiable instruments, premiums, insurance premiums, work-sheets, sheets, registers, minutes, photographs, sketches, newspapers, press releases, projections, magazines, proofs papers, charts, map graphs, day books brochures, magnetic tape, card or wire recordings, pleadings, notices, excerpts, clippings, transcripts, sworn or unsworn testimony and interviews or examinations, whether copies or originals. A draft or non-identical copy is a separate DOCUMENT within the meaning of that term.

      F.     The terms "THING" and "THINGS" mean and include any tangible item other than a Document.

      G.     "COMMUNICATION" means any oral or written communication or conveyance of thought, word, fact or opinion, including, but not limited to, a conversation in person or a telephone call. It includes transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any oral, electronic or written means, including, but not limited to, letter, facsimile, memorandum, note, e-mail, tape recording, videotape, computer, or electronic or satellite transmission.

      H.     The use of the singular form of any word includes the plural and vice versa.

      I.     The words "refer" or "related to" mean in any way, directly or indirectly, referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, respecting, analyzing, constituting, evidencing and/or pertaining to.

      J.     These "instructions" also apply to any DOCUMENT that is called for by this Request where such DOCUMENT has been destroyed, discarded, or lost or has otherwise passed out of the possession, custody or control of Arnold Worldwide. With respect to any such DOCUMENT, provide the following: (a) type of DOCUMENT; (b) the general subject matter of the DOCUMENT; (c) the date the DOCUMENT was prepared, sent or received; (d) the number of pages of the DOCUMENT; (e) the title and subject matter of any attachment or annexation to the DOCUMENT; (f) the disposition of the DOCUMENT; (g) the date of destruction or other disposition of the DOCUMENT; (h) the manner of and reason for destruction or other disposition of the DOCUMENT; (i) if destroyed, the identity of the person who authorized the destruction; (j) if otherwise disposed of, the nature of that disposition and, if placed in the possession, custody or control of another person, the name and last known address of that person; and (k) the person who destroyed or otherwise disposed of the DOCUMENT.

      K.     "ACCUSED ACUSHNET BALLS" means one or more of the following golf balls: ProV1, ProV1*, ProV1x, DT SoLo, NXT, NXT Tour, and Pinnacle Exception.

## **REQUESTS FOR PRODUCTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, please produce the following documents and things for inspection and copying to the attention of David S. Godkin at the offices of Birnbaum & Godkin, LLP, 280 Summer Street, Boston, MA 02210, on or before 9:00 a.m. on May 11, 2006:

1. All Documents and/or Things that refer or relate to communications and/or correspondence transmitted from Acushnet to Arnold Worldwide concerning any marketing campaigns referring or relating to, or for, the Accused Acushnet Balls;

2. All Documents and/or Things that refer or relate to communications and/or correspondence transmitted from Arnold Worldwide to Acushnet concerning any marketing campaigns referring or relating to, or for, the Accused Acushnet Balls;

3. All Documents and/or Things that refer or relate to communications and/or correspondence concerning promotion, advertisement, demonstration, marketing, importation, branding, offer for sale and/or sale of the Accused Acushnet Balls;

4. All Documents and/or Things that refer or relate to features, attributes, characteristics, and/or performance of the Accused Acushnet Balls.

5. All Documents and/or Things that refer or relate to any comparisons between the Accused Acushnet Balls and any golf balls produced or sold by Bridgestone or Nike or any other sporting equipment manufacturer.

6. All Documents and/or Things that refer or relate to case studies concerning golf balls, the golf ball market in the United States, and competitors of Acushnet in the golf ball market from January 1, 1994 to the present; and

7. All Documents and/or Things from January 1, 1994 to the present that refer or relate to Acushnet's market share in the golf ball market and/or any attempt to optimize that market share.

8. All Documents and/or Things that constitute or reflect samples of print, point of sale, or billboard advertisements for the Accused Acushnet Balls.

9. All Documents and/or Things that constitute or reflect samples of copy for television advertisements for the Accused Acushnet Balls

LEGAL_US_E # 70630921.5