IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br> C.A. No. 05-132 (JJF) |

**BRIDGESTONE'S NINTH
NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. ("Bridgestone") shall take the deposition upon oral examination under oath of Defendant Acushnet Company ("Acushnet") beginning at 9:00 a.m., on the 27th day of June, 2006, and continuing from day to day until completed, in the offices of Paul, Hastings, Janofsky & Walker LLP, 875 15th Street, NW, Washington, DC 20005, or at such other time and place as may be agreed upon by counsel. The deposition will be recorded by stenographic means and may be videotaped, and is being taken for the purposes of discovery, for use at trial, and for such other purposes as permitted under the Federal Rules of Civil Procedure.

In accordance with Rule 30(b)(6), Acushnet shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf concerning the matters set forth in Attachment A hereto.

                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                    */s/ Leslie A. Polizoti*

                    Jack B. Blumenfeld (#1014)
                    Maryellen Noreika (#3208)
                    Leslie A. Polizoti (#4299)
                    1201 N. Market Street
                    P.O. Box 1347
                    Wilmington, DE 19899
                    (302) 658-9200
                    lpolizoti@mnat.com
                      *Attorneys for Bridgestone Sports Co., Ltd.*
                      *and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th St., N.W.
Washington, DC  20005
(202) 551-7100

June 8, 2006

523969

2

## ATTACHMENT A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Notice of Deposition is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

As used herein, the following terms are to be interpreted in accordance with the DEFINITIONS set forth in Bridgestone's First Set of Requests For Production of Documents and Things (Request Nos. 1-100) as though fully set forth herein.

In addition, the following phrases in this Notice are to be interpreted in accordance with the following definitions:

1. The term "competitive ball" means any golf ball that was made and/or sold by an entity other than Acushnet.

2. The term "test" or "testing" means any objective or subjective analysis of competitive balls or components thereof.

3. The term "determine" means any objective or subjective analysis of competitive balls.

4. The term "test results" means any data, information, documentation, communications or any other records, recorded in any way, that evidence the results of any tests or determinations regarding any competitive ball or component thereof.

5. The term "layer" means any discrete layer or core in a competitive ball.

6. The term "material construction" means the relative amounts of respective raw materials.

1

## MATTERS ON WHICH EXAMINATION IS REQUESTED

1. Acushnet's corporate policy, programs, standards, practices, processes and budget for testing of competitive balls since 1990.

2. The identity of persons involved in testing competitive balls for Acushnet since 1990, including overall organizational structure and the total number of employees involved with such testing, and their names and whereabouts.

3. The manner and methodology in which Acushnet identifies competitive balls to test.

4. Acushnet's selection and/or decisions regarding what features, characteristics or properties to test for in competitive balls.

5. Acushnet's decisions regarding what tests to perform on competitive balls.

6. The manner in which Acushnet obtains and/or acquires competitive balls.

7. The manner in which Acushnet stores, manages, and maintains competitive balls and/or their constituent pieces before, during and after testing.

8. The manner, protocols, manuals, instructions, guidelines, methodology, machinery, standards and/or devices Acushnet uses to:

    a. determine the thickness or diameter of any competitive ball or layer or combination of layers of a competitive ball;

    b. determine the specific gravity of any layer or combination of layers of a competitive ball;

    c. determine the hardnesses of any layer or combination of layers of a competitive ball;

    d. determine the hardness differences within or between any layer or combination of layers of a competitive ball;

  e. convert measured hardness values between hardness scales;

  f. determine the 300% modulus of any layer or combination of layers of a competitive ball;

  g. determine the compression (including but not limited to any of Atti, distortion under 100kg, or distortion under 10-130kg compression) of any competitive ball or layer or combination of layers of a competitive ball;

  h. convert measured compression values between compression scales;

  i. determine the material construction and/or composition of any layer or combination of layers of a competitive ball;

  j. determine the number of dimples on a competitive ball;

  k. determine the dimensions, including size, shape, area and depth, of dimples on a competitive ball;

  l. determine the overall dimple area of a competitive ball;

  m. determine the Mooney viscosity of any layer or combination of layers of a competitive ball;

  n. determine the resilience index by measuring loss tangent of any material, layer or combination of layers of a competitive ball; and

  o. determine the molecular weight of any material of a competitive ball.

  9. The manner in which Acushnet stores, manages, communicates and maintains test results or other information obtained or determined by Acushnet through testing of competitive balls.

3

10. The manner in which test results or other information obtained by Acushnet through testing of competitive balls is utilized and/or communicated to design, development and production processes of Acushnet products.

11. The manner in which Acushnet determines dates when competitive balls were first imported into the United States, or manufactured, sold, offered for sale, or used in the United States.

12. Third party testing of the competitive balls, their constituent components, and/or the materials used therein.

**CERTIFICATE OF SERVICE**

I certify that on June 8, 2006, I electronically filed Bridgestone's Ninth Notice of Deposition Pursuant to Rule 30(b)(6) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to:

Richard L. Horwitz
Potter Anderson & Corroon

I further certify on June 8, 2006, copies of the foregoing document were served upon counsel of record in the manner indicated:

**BY HAND**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE  19801

**BY FEDERAL EXPRESS**

Alan M. Grimaldi
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004

*/s/ Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
1201 N. Market Street
Wilmington, DE  19899
(302) 658-9200
lpolizoti@mnat.com