IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) C. A. No. 05-132 (JJF) |
| ACUSHNET COMPANY, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC., <br><br> Counterclaim Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) **DEMAND FOR JURY TRIAL** |

**ACUSHNET'S RULE 37 MOTION
TO COMPEL DISCOVERY FROM BRIDGESTONE
TO ACUSHNET INTERROGATORY NOS. 29-38**

Pursuant to Federal Rule of Civil Procedure 37, Local Rule 37.1, and the discovery dispute procedures outlined in Paragraph 4(b) of the Scheduling Order (D.I. 18), Defendant and Counterclaim Plaintiff Acushnet Company ("Acushnet") respectfully moves the Court for an order compelling discovery from Plaintiffs and Counterclaim Defendants Bridgestone Sports Co. and Bridgestone Golf, Inc. (collectively "Bridgestone").

Bridgestone has asserted 10 patents against Acushnet. These patents are directed to various aspects of golf ball design including the chemical composition of golf ball cores and covers, mechanical and physical properties of golf balls, (e.g. hardness,

modulus, specific gravity, etc.) and dimple design, to name a few. In August 2005, Bridgestone produced just over 100 pages of documents Bridgestone contended constituted its "development documents" related to the patents-in-suit. In January of 2006, Acushnet asked this Court to compel Bridgestone to produce documents related to the development of the alleged inventions in the patents-in-suit. This Court granted Acushnet's motion.

On January 30, 2006, Bridgestone produced 95,000 pages of Japanese-language documents to Acushnet.[1] Bridgestone's attorneys, however, stated that the documents were not necessarily "relevant to the issues in this matter." (Ex. A, Masters Ltr. to Seal, Jan. 30, 2006.)

In an effort to identify the most relevant documents for this litigation, Acushnet's Interrogatory Nos. 29-38[2] request that Bridgestone identify documents within its production related to each of its patents-in-suit. Acushnet's Interrogatory 29 is representative of these interrogatories:

> Identify each and every document produced by Bridgestone in response to any request in Defendant's First Set of Requests for the Production of Documents and Things (served on June 10, 2005) and Defendant's Second Set of Requests for the Production of Documents and Things (served on August 2, 2005) or that is identified on any privilege log that is related in any way to the conception, reduction to practice (either actual or conceptual), diligence toward reduction to practice, or lack of abandonment, suppression, or concealment of the alleged invention claimed in the '791 patent.

---

[1] Bridgestone also produced approximately 25,000 pages of email, despite previously stating at a meet and confer in the fall of 2005 that Bridgestone's employees are not heavy email users.

[2] Acushnet recently discovered that its Second Set of Interrogatories is not numbered correctly. The second set begins with Interrog. No. 25, but should begin with Interrog. No. 29. This motion refers to Interrog. Nos. 29-38 as they were originally numbered in Acushnet's Second Set of Interrogatories.

2

(Ex. B, Pl.'s Resp. to Def.'s Interrog. No. 29.)

As an initial matter, one Court in this District has ordered responses to similar interrogatories under almost identical circumstances:

> Plaintiff urges that defendant is equally capable of identifying documents, since all possible relevant documents have been produced. *The fact the discovery may be burdensome to plaintiff, however, is not sufficient to justify plaintiff's refusal to answer this interrogatory.* Even though defendant may have physical possession of most of the documents concerned, *it would be more efficient for plaintiff's representatives, who are familiar with the documents, to identify relevant material.* . . .

*Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 158 (D. Del. 1977) (emphasis added).

Rather than answering these interrogatories, Bridgestone has essentially repeated its objections to Interrogatory No. 25 an additional ten times in each of interrogatories 29-38, claiming that Acushnet can determine the answers as readily as Bridgestone.[3] (Ex. B at 2.) Bridgestone's objections regarding these interrogatories are improper. As discussed in more detail in Acushnet's Rule 37 Motion to Compel Discovery From Bridgestone to Acushnet Interrogatory No. 25, Bridgestone is in a better position to respond to this interrogatory than Acushnet because: 1) the documents are Bridgestone's own; 2) the vast majority of the documents are in Japanese; and 3) Bridgestone can, under the Protective Order in this case, seek the help of its employees in determining relevancy, while Acushnet cannot.

Bridgestone has also objected to these interrogatories because they "call for a legal conclusion." (Ex. B at 2-3.) This objection also lacks merit. At most, these interrogatories require Bridgestone to make a determination of whether documents are

---

[3] Bridgestone's response to Interrog. No. 25 is discussed in Acushnet's Rule 37 Motion to Compel Discovery From Bridgestone to Acushnet Interrogatory No. 25.

related to the technology described in the patents-in-suit. Such a determination does not constitute "a legal conclusion" and can easily be made by the inventors themselves. Furthermore, The Federal Rules contemplate that a party may request that the other party provide information about opinions, contentions, and the application of law to fact.[4]

Finally, Bridgestone objected to Acushnet's interrogatories on the grounds that "to the extent priority for any of the Bridgestone patents is not claimed prior to January 1, 1996,[5] the interrogatory is not relevant to any issue in the case." (Ex. B at 3.) Bridgestone's objection is not justified. Documents relating to the development of the alleged inventions are relevant to many issues in a patent infringement case, irrespective of the dates involved. For example, documents surrounding the alleged invention claimed in the '652 patent may show whether the inventors contemplated using more than 2.0 parts of pentachlorothiophenol in a golf ball core, an issue central to Acushnet's non-infringement of the '652 patent.[6]

In conclusion, Acushnet certifies that it has conferred in good faith with Bridgestone in an effort to secure disclosure of the requested discovery without Court action.

In light of the foregoing, Acushnet respectfully moves this Court for an ORDER compelling Bridgestone to produce the requested discovery.

---

[4] See Fed. R. Civ. P. 33(c) ("An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . . .").

[5] This date represents the effective date of the GATT Agreement permitted inventors to attempt to establish earlier invention by acts performed outside of the United States.

[6] Moreover, Acushnet has been unable to identify *any* non-privileged documents in Bridgestone's production relating to the development of the '652 patent.

          Respectfully submitted,

          POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Brian A. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: June 16, 2006
737307 / 28946

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P. O. Box 951
    Wilmington, DE 19899-0951
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 16, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on June 16, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012