# EXHIBIT A



# Sughrue
SUGHRUE MION, PLLC

2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
T 202.293.7060
F 202.293.7860

www.sughrue.com

Robert M. Masters
T 202.663.7434
RMasters@Sughrue.com

January 30, 2006

***Via Hand Delivery***

Brian S. Seal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Re:  Bridgestone Sports v. Acushnet
     Our Ref.: L10518

Dear Brian:

Pursuant to the Court's January 18, 2006 Order, Bridgestone is producing under cover of this letter documents bearing Bates Nos. BSP101389-196422, and four compact discs containing documents bearing Bates Nos. BSP145269-177749 and 196422.

Bridgestone does not admit that all of these documents are responsive to Acushnet's Document Request Nos. 1, 4, 5, 48 and 62 and reserves the right to argue otherwise. Bridgestone also does not admit that these documents are relevant to the issues in this matter. Lastly, while we made attempts to eliminate duplicates, some of the documents may have been previously produced to Acushnet.

Please contact me if you have any questions.

Sincerely,

Robert M. Masters

# EXHIBIT B

Case 1:05-cv-00132-JJF    Document 114-2    Filed 06/16/2006    Page 3 of 8

IN UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | C.A. No. 05-132(JJF) <br><br> DEMAND FOR JURY TRIAL |

## PLAINTIFFS' RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules at Civil Procedure, Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (individually or collectively "Bridgestone") hereby respond to Defendant's Second Set of Interrogatories Directed to Plaintiff dated December 13, 2005.

### GENERAL OBJECTIONS

The General and Specific Objections set forth in Plaintiffs' First Responses to Defendant's First Set of Interrogatories are incorporated herein by reference.

In addition, Bridgestone objects to the definition of "Nike" as being overly broad, unduly burdensome and oppressive, on the grounds that it includes undefined entities, such as any parent, subsidiary, partner (including general and limited partners), member and/or affiliated entities, past or present. Bridgestone further objects on the grounds that this definition refers to third parties to this action that are unknown to Bridgestone.

Subject to, and without waiving, any of the General and Specific Objections, Bridgestone hereby responds to Interrogatory Nos. 25-38 as follows.

1

**RESPONSE TO INTERROGATORY NO. 28**

In addition to the General Objections, Bridgestone objects to the interrogatory as being overly broad, unduly burdensome and oppressive, and seeking information that is neither relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the general and specific objections, pursuant to Fed. R. Civ. P. 33(d), Bridgestone responds that it has produced documents from which the answer can be derived or ascertained by Acushnet as readily as Bridgestone, and Bridgestone specifies documents bearing Bates Nos. BSP050496-536 and BSP088931-89005.

Bridgestone reserves the right to later amend or supplement its disclosures after further investigation.

**INTERROGATORY NO. 29**

Identify each and every document produced by Bridgestone in response to any request in Defendant's First Set of Requests for the Production of Documents and Things (served on June 10, 2005) and Defendant's Second Set of Requests for the Production of Documents and Things (served on August 2, 2005) or that is identified on any privilege log that is related in any way to the conception, reduction to practice (either actual or conceptual), diligence toward reduction to practice, or lack of abandonment, suppression, or concealment of the alleged invention claimed in the '791 patent.

**RESPONSE TO INTERROGATORY NO. 29**

In addition to the General Objections, Bridgestone objects to the interrogatory as overly broad, unduly broad and oppressive, and as being vague and ambiguous in reference to at least the phrase "reduction to practice (either actual or conceptual)." Bridgestone also objects to the interrogatory as being a multiple and compound request constituting more than one interrogatory. In addition, Bridgestone objects to the interrogatory as being unduly burdensome because Bridgestone has produced documents and its privilege log are sufficient to permit Acushnet to determine an answer as readily as Bridgestone. Further, Bridgestone objects to the interrogatory as

4

premature, since it calls for a legal conclusion and further seeks information that is neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, to the extent priority for any of the Bridgestone patent is not claimed prior to January 1, 1996, the interrogatory is not relevant to any issue in the case.

Accordingly, in view of the foregoing objections, Bridgestone will not respond to the interrogatory.

### INTERROGATORY NO. 30

Identify each and every document produced by Bridgestone in response to any request in Defendant's First Set of Requests for the Production of Documents and Things (served on June 10, 2005) and Defendant's Second Set of Requests for the Production of Documents and Things (served on August 2, 2005) or that is identified on any privilege log that is related in any way to the conception, reduction to practice (either actual or conceptual), diligence toward reduction to practice, or lack of abandonment, suppression, or concealment of the alleged invention claimed in the '125 patent.

### RESPONSE TO INTERROGATORY NO. 30

In addition to the General Objections, Bridgestone objects to the interrogatory as overly broad, unduly broad and oppressive, and as being vague and ambiguous in reference to at least the phrase "reduction to practice (either actual or conceptual)." Bridgestone also objects to the interrogatory as being a multiple and compound request constituting more than one interrogatory. In addition, Bridgestone objects to the interrogatory as being unduly burdensome because Bridgestone has produced documents and its privilege log are sufficient to permit Acushnet to determine an answer as readily as Bridgestone. Further, Bridgestone objects to the interrogatory as premature, since it calls for a legal conclusion and further seeks information that is neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, to the extent priority for any of the Bridgestone patent is not claimed prior to January 1, 1996, the interrogatory is not relevant to any issue in the case.

As to objections:

DATED: January 17, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc.*

OF COUNSEL:

_____
Robert M. Masters
John T. Callahan
Steven M. Gruskin
Raja Saliba
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 293-7060

13

## VERIFICATION

I hereby declare under penalty of perjury under the laws of the United States that the facts set forth in the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES** are true and correct to the best of my present knowledge and beliefs, although the truth of the entirety of each said response may not be known to me personally because said responses are based in part upon information received from others, and that I am authorized to execute this Verification on behalf of Plaintiff Bridgestone Sports Co., Ltd and Bridgestone Golf, Inc.


Dated:            , 2006          _____