IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) C. A. No. 05-132 (JJF) |
| ACUSHNET COMPANY, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC., <br><br> Counterclaim Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) **DEMAND FOR JURY TRIAL** |

**ACUSHNET'S RULE 37 MOTION
TO COMPEL DISCOVERY FROM BRIDGESTONE
TO ACUSHNET INTERROGATORY NO. 21**

Pursuant to Federal Rule of Civil Procedure 37, Local Rule 37.1, and the discovery dispute procedures outlined in Paragraph 4(b) of the Scheduling Order (D.I. 18), Defendant and Counterclaim Plaintiff Acushnet Company ("Acushnet") respectfully moves the Court for an order compelling discovery from Plaintiffs and Counterclaim Defendants Bridgestone Sports Co. Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone").

Acushnet has asserted four patents against Bridgestone. Three of Acushnet's patents relate to dimple configurations for golf balls. The fourth Acushnet patent relates to unique core and cover compositions for golf balls. Bridgestone has contended it does not infringe any of

these patents, either literally or under the doctrine of equivalents. (*See* Ex. A, Pls.' Fifth Supp. Resp. to Def.'s First Set of Interrog. at 8-9.)

On May 1, the parties exchanged final supplemental their responses to the contention interrogatories they had previously exchanged. Acushnet's Interrogatory No. 21 asks for Bridgestone's contentions regarding the application of prosecution history estoppel to the Acushnet patents-in-suit:[1]

> On a claim-by-claim basis, for ***each claim*** of the Acushnet Patents that Bridgestone contend is not infringed by Bridgestone for reasons of the proceedings in the U.S. Patent and Trademark Office during prosecution of the Acushnet Patents, ***identify each term in each such claim*** and state all factual bases for your contention, including the page and line number of any portion of the prosecution history relied upon.

(Ex. B, Acushnet Interrog. 21 (emphasis added).)

Bridgestone's final supplement to this contention interrogatory was inadequate.[2] (*See* Ex. A at 9-14.) Bridgestone has failed to identify any claim terms which it will contend are limited by prosecution history estoppel. Bridgestone's response merely cites the documents in all of the relevant prosecution histories. This response is inadequate as it fails to either "identify each term in each such claim," or "state all factual bases," including the "page and line number of any portion of the prosecution history relied upon," as Acushnet has requested. Bridgestone's response has failed to narrow the issues in this case because it does not provide Acushnet with Bridgestone's contentions regarding which claim terms Bridgestone contends are not entitled to equivalency.

---

[1] Prosecution history estoppel limits the application of the doctrine of equivalents. The doctrine of prosecution history estoppel precludes the patentee from claiming equivalency for equivalents surrendered during proceedings before the Patent and Trademark Office. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733-734 (2002).

[2] The Court's deadline for supplementing responses to this interrogatory has passed. (Ex. G, Stipulated Revised Rule 16 Scheduling Order.)

In contrast, in response to Bridgestone's prosecution history estoppel interrogatory, which was essentially identical to Acushnet's, Acushnet identified claim terms and specific portions of documents it will rely on in asserting that the prosecution history precludes equivalents. (Ex. C, Bridgestone Interrog. 39; *see also* Ex. D, Acushnet's Second Supp. to Obj. and Resp. to Bridgestone's Second Set of Interrog. Directed to Acushnet at 16-39. Bridgestone has provided no such detail.

On May 5, Acushnet wrote to Bridgestone to request that it supplement its response. (*See* Ex. E, Grimaldi Ltr. to Masters, May 5, 2006 at 15.) Bridgestone refused to do so on the grounds that "[a]ny discussion regarding the interpretation of claim terms is premature at this point in the proceedings," suggesting that it is going to wait until after the *Markman* hearing to supplement its response. (*See* Ex. F, Masters Ltr. to Grimaldi, May 17, 2006 at 6.)

Bridgestone's objection is without merit. An analysis of prosecution history estoppel is independent of claim construction. There is a "clear distinction between following the statements in the prosecution history in defining a claim term, and the doctrine of prosecution history estoppel, which limits expansion of the protection under the doctrine of equivalents when a claim has been distinguished over relevant prior art." *Spectrum Int'l v. Sterilite Corp.*, 164 F.3d 1372, 1378 (Fed. Cir. 1998) (quoting *Southwall Techs. Inc. v Cardinal IG Co.*, 54 F.3d 1570, 1578 (Fed. Cir. 1995)). Moreover, the application of the doctrine of equivalents, which prosecution history estoppel limits, is a determination made independently of claim interpretation. *See Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1238 (Fed. Cir. 2001) ("the doctrine of prosecution history estoppel is 'irrelevant' to the determination of literal claim scope").

Bridgestone is already in possession of the information it needs to conduct a prosecution history estoppel analysis. Therefore, Bridgestone's contentions regarding prosecution history estoppel can be made prior to *Markman*, in the same manner as Acushnet's contentions. Thus,

Bridgestone's objection that its contentions are premature prior to the *Markman* hearing is without merit.[3]

Finally, Bridgestone's failure to provide Acushnet with a full response to this interrogatory is manifestly unfair to Acushnet. In complying with the Court's Scheduling Order, Acushnet has already provided detailed contentions regarding prosecution history estoppel for all ten of Bridgestone's patents in suit. While identification of relevant prosecution history does not depend on claim construction, it does inform claim construction. *See Spectrum Int'l,* 164 F.3d at 1378. Therefore, Bridgestone has the benefit of going into the upcoming *Markman* hearing with the knowledge of what elements in the prosecution history Acushnet is going to rely upon. Bridgestone has provided no such information to Acushnet, placing Acushnet at a disadvantage going into the *Markman* process.

Acushnet certifies that it conferred in good faith with Bridgestone in an effort to secure disclosure of the requested discovery without Court action.

In light of the foregoing, Acushnet respectfully moves this Court for an ORDER compelling Bridgestone to produce the requested discovery.

---

[3] In fact, this was contemplated by the parties because the date for final supplementation of contention interrogatories was *before* the *Markman* hearing in the Stipulated Scheduling Order. (*See* Ex. G.) Moreover, Bridgestone served an essentially identical interrogatory and received the discovery Acushnet is now seeking from Bridgestone—over six weeks after Acushnet provided that discovery to Bridgestone.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Brian A. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  (202) 783-0800

Dated:  June 16, 2006
737315 / 28946

By:  /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P. O. Box 951
    Wilmington, DE  19899-0951
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 16, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on June 16, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012