IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  C. A. No. 05-132 (JJF) |
| ACUSHNET COMPANY, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC. <br><br> Counterclaim Defendant. | ) ) ) ) ) ) ) ) ) ) ) )  DEMAND FOR JURY TRIAL |

**ACUSHNET'S RULE 37 MOTION TO COMPEL
DISCOVERY FROM BRIDGESTONE TO ACUSHNET DOCUMENT
REQUEST NOS. 4 AND 5 AND INTERROGATORY NO. 9**

Pursuant to Federal Rule of Civil Procedure 37, Local Rule 37.1, and the discovery dispute procedures outlined in Paragraph 4(b) of the Scheduling Order (D.I. 18), Defendant and Counterclaim Plaintiff Acushnet Company ("Acushnet") respectfully moves the Court for an order compelling discovery from Plaintiffs and Counterclaim Defendants Bridgestone Sports Co. Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone").

Bridgestone has accused Acushnet of infringing 10 patents on various aspects of golf ball construction and design. In discovery, Acushnet, by interrogatory, requested that Bridgestone provide it with an identification of all golf balls that are "reductions to practice" of any claim of

the patents-in-suit.[1] (Ex. A, Acushnet Interrog. 9.) Acushnet has also requested documents related to each reduction to practice of the Bridgestone patents-in-suit. (Ex. B, Acushnet's Req. for Prod. 4, 5.) Acushnet has contended that each claim of the Bridgestone patents-in-suit is obvious under the Patent Act and is therefore invalid.

Under the Supreme Court's *Graham v. John Deere* test for obviousness, Bridgestone can present evidence of "secondary considerations" to rebut Acushnet's contention that the patents-in-suit are obvious. *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1974). Bridgestone has raised only one secondary consideration—the commercial success of certain golf balls, including Acushnet's products. (Ex. C, Bridgestone Resp. to Acushnet Interrog. 10.) In addition to establishing that Acushnet's products practice the patents-in-suit, Bridgestone will need to establish that the claimed features caused the commercial success of the Titleist® and Pinnacle® products. *In re GPAC, Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995) ("For objective evidence to be accorded substantial weight, its proponent must establish a nexus between the evidence and the merits of the claimed invention.") Therefore, Bridgestone will need to show that the alleged commercial success is due to the claimed invention, and not other causes, such as advertising or product branding.

Bridgestone has identified over 30 golf balls that it contends practice at least one claim of the patents-in-suit. (Ex. D, Pls. Resp. to Def.'s Interrog. 12.) This list omits numerous golf balls sold by Bridgestone outside the United States and the Bridgestone-manufactured NIKE golf balls that Acushnet has accused of infringement. Acushnet needs an identification of all of the

---

[1] In fact, the Court ordered Bridgestone to supplement its response to Acushnet's Interrogatory No. 9 by identifying Bridgestone golf balls that practiced the patents-in-suit. (Oct. 5, 2005 Hearing Tr. at 32:23-36:6 (D.I. 39).) The NIKE golf balls and the golf balls that Bridgestone has sold throughout the world do not appear to be "third-party products" that Mr. Masters was concerned about having to investigate. (*Id.* at 34:17-35:6.) They are Bridgestone products made by Bridgestone. Bridgestone has all of the information it needs to perform this analysis to respond Acushnet's Interrog. No. 9. Because Bridgestone has raised the commercial success as a rebuttal to Acushnet's obviousness defense, Acushnet now needs a full response to its Interrogatory No. 9 in order to rebut Bridgestone's claims.

2

Bridgestone-made golf balls that practice the patents-in-suit—regardless of where they are sold—to adequately prepare its defense as they are relevant to the lack of commercial success of products that practice the patents-in-suit. *See Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*, 730 F.2d 1452, 1461 (Fed. Cir. 1984) (finding district court erred by "improperly discount[ing] the weight due the evidence of commercial success because that success occurred abroad. A showing of commercial success of a claimed invention, wherever such success occurs is relevant in resolving the issue of non-obviousness.")

If Bridgestone is going to point to Acushnet's sales of golf balls that allegedly practice the patents-in-suit as evidence of commercial success, Acushnet should be able to show that numerous Bridgestone-made golf balls that practice the patents-in-suit were not successful in the marketplace. *See, e.g., Medtronic, Inc. v. Intermedics, Inc.*, 799 F.2d 734, 740 (Fed. Cir. 1986) (upholding a jury finding of "lack of commercial success"); *Toro Co. v. Textron, Inc.*, 499 F. Supp. 241, 246 (D. Del. 1980) (evidence of commercial success must be evaluated in light of "all the evidence, direct and circumstantial."); *Ferag AG v. Grapha-Holding AG*, 935 F. Supp. 1238, 1247 (D. D.C. 1996) (lack of commercial success buttressed a finding of obviousness).

Bridgestone, however, has repeatedly refused to give Acushnet that discovery, despite numerous requests by Acushnet. (*See* Ex. E, Moore Ltr. to Saliba, Nov. 10, 2005; Ex. F, Seal Ltr. to Masters, Apr. 6, 2006 at 1; Ex. G, Seal Ltr. to Masters, Apr. 18, 2006 at 2.) Bridgestone's response, however, is that "documents related to the commercial embodiments of its patents after the date of issue are irrelevant and non-responsive. As such, ***Bridgestone will not supplement its production at this time.***" (Ex. H, Masters Ltr. to Grimaldi, May 17, 2006 at 1.) (emphasis added). Bridgestone has similarly refused to provide additional discovery with response to Interrogatory No. 9.[2] (*Id.* at 4-5.)

---

[2] Bridgestone has also contended that Acushnet's interrogatory 9 is limited in geography by referring to U.S. Patents. (Masters Ltr. to Grimaldi, May 17, 2006 at 4-5.) As discussed above, because sales anywhere in the world are relevant to commercial success or lack thereof, this objection is without merit.

3

As shown above, however, the discovery sought by Acushnet is both responsive and relevant at least to the question of commercial success and the nexus between the claims of the patents-in-suit and that alleged commercial success. Thus, Acushnet requests that the Court compel complete responses to Acushnet Interrogatory No. 9 and Document Request Nos. 4 and 5 to include discovery for all Bridgestone-made golf balls that practice the Bridgestone patents-in-suit, regardless of date of their production or where in the world they were sold.

Acushnet certifies that it conferred in good faith with Bridgestone in an effort to secure disclosure of the requested discovery without Court action.

In light of the foregoing, Acushnet respectfully moves this Court for an ORDER compelling Bridgestone to produce the requested discovery.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Brian A. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: June 16, 2006
737311 / 28946

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P. O. Box 951
    Wilmington, DE 19899-0951
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on June 16, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on June 16, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012