# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD., AND BRIDGESTONE GOLF, INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 05-132(JJF) |
| v. | ) ) | |
| ACUSHNET COMPANY, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Acushnet Company ("Acushnet") hereby requests that plaintiff Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") answer the following interrogatories in the time required by law at the offices of Howrey LLP, 1299 Pennsylvania Avenue, NW, Washington DC 20004.

### DEFINITIONS

The following definitions apply to these requests:

1.      The term "Bridgestone" or "you" or "your" shall mean Bridgestone Sports Co., Ltd., Bridgestone Golf, Inc., and any parent, subsidiary, partner (including general and limited partners), member and/or affiliated entities, past or present, of Bridgestone, and any person or entity, past or present, acting on behalf of Bridgestone, including each of its present and former officers, executives, general partners, limited partners, directors, employees, attorneys, agents and/or representatives.

2.      The term "Acushnet" as used herein each shall refer to the named defendant, Acushnet Company and its present and/or former officers, directors, employees, agents, attorneys, and/or representatives.

**INTERROGATORY NO. 6.**

Identify on a claim-by-claim basis, for each claim of the Bridgestone Patents identified in your responses to Interrogatory No. 1 above, any alleged dates of conception; any alleged subsequent diligence until reduction to practice; any alleged dates of actual reduction to practice of the claimed invention; any written descriptions or drawings of the claimed invention prepared prior to the filing date; the date of the first constructive reduction to practice of the subject matter defined by the claim; the names, titles, and place of work (at the time of their involvement and current) of all persons who were involved in connection with such conception, diligence, or reduction to practice; and the earliest effective filing date Bridgestone will assert for each such claim. State in detail all factual bases supporting Bridgestone's identification of each such date, and identify all persons, documents, and tangible things corroborating each such date.

**INTERROGATORY NO. 7.**

Describe in detail on a claim-by-claim basis, for each claim of the Bridgestone Patents identified in your responses to Interrogatory No. 1, the first public use, the first offer for sale, and the first sale which you are aware in the United States and in any foreign country of any product embodying the alleged claimed invention.

**INTERROGATORY NO. 8.**

Identify all known prior art to the Bridgestone Patents, and separately state as to each item of Prior Art the date that Bridgestone became aware thereof, all persons that were aware of each item of Prior Art, the circumstances under which Bridgestone became aware of each item of Prior Art, and whether and/or when and in what manner each item of Prior Art was disclosed to the PTO during the prosecution of the Bridgestone Patents.

**INTERROGATORY NO. 9.**

Identify and describe in detail all Bridgestone and/or all third-party products that have ever been sold commercially or used in the public that embody any of the claims of the

7

Bridgestone Patents, and for each such product, identify the time period(s) and geographical location in which that product was made, used and/or sold.

## INTERROGATORY NO. 10.

Separately for each of the Bridgestone Patents, state whether you contend there is objective evidence of nonobviousness, and if so, identify on a claim-by-claim basis all facts that you contend support or evidence such alleged objective evidence of nonobviousness or secondary considerations (including but not limited to commercial success, long-felt need, failure of others, commercial acquiescence, unexpected results, improved results, and/or new results) that should be considered in determining whether the claim is invalid for obviousness.

## INTERROGATORY NO. 11.

Identify and describe in detail each instance in which Bridgestone has communicated with any person or entity regarding a potential license of one or more of the Bridgestone Patents, including offers to license, demands that the person or entity license, and any agreements concerning any of the Bridgestone Patents.

## INTERROGATORY NO. 12.

Separately for each of the Bridgestone Patents, state whether Bridgestone contends it has complied with the marking provision of 35 U.S.C. § 287, and if so, identify the article so marked and describe all facts supporting such contention, including dates of first alleged compliance and whether such compliance has been continuous to the filing of the Complaint.

## INTERROGATORY NO. 13.

Separately for each of the Bridgestone Patents, describe in detail any investigation relating to the allegations against Acushnet undertaken by you or on your behalf prior to filing the Complaint.

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Vivian S. Kuo
HOWREY LLP

1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 783-0800

Dated:  June 10, 2005

686174

POTTER ANDERSON & CORROON LLP

BY: _____
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Telephone (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendant*

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., AND BRIDGESTONE GOLF, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) C. A. No. 05-132(JJF) |

## DEFENDANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Acushnet Corporation ("Acushnet") hereby requests that plaintiff Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") produce the documents and things hereinafter described for inspection and copying in the time required by law at the offices of Howrey LLP, 1299 Pennsylvania Avenue, NW, Washington, DC 20004.

### DEFINITIONS

The Definitions set forth in Defendant's First Set of Interrogatories to Plaintiff are hereby incorporated by reference.

### INSTRUCTIONS

1. These requests are continuous in nature, and pursuant to Fed. R. Civ. P. 26(e), Bridgestone is under a duty to timely amend each prior response to a request for production if Bridgestone learns that the response is in some material respect incomplete or incorrect, or if any information or documents are hereafter acquired.

2. Produce all responsive documents and things in Bridgestone's possession, custody or control, wherever located.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.    All documents relating to the persons involved in the research, design, development, testing, experimentation, patent activities, manufacture, production, quality control, licensing, marketing, promotion, sales, accounting, finance, and investments related to any of the Bridgestone Patents.

2.    All prior art charts, claim construction charts, infringement or non-infringement charts, and invalidity or validity charts prepared, served, or exchanged in any past or present litigation involving any of the Bridgestone Patents, Bridgestone Related Patents, Acushnet Patents and/or Acushnet Related Patents.

3.    All documents referring or relating to the prosecution of any of the Bridgestone Patents and Bridgestone Related Patents.

4.    All documents and things referring or relating to the conception, diligence toward reduction to practice, or reduction to practice of any of the subject matter of the Bridgestone Patents, including but not limited to, invention disclosure documents, notes, notebook entries, sketches, drawings, schematics, models, prototypes, specimens, memoranda, reports, correspondence, records of tests, and records of meetings.

5.    All documents referring or relating to the invention, conception, research, design, development, testing, demonstration, commercial exploitation, public display, manufacture, use, sale, offer for sale, or disclosure of products or services embodying practicing, or using in whole or in substantial part any of the inventions claimed in the Bridgestone Patents.

6.    All documents and things referring, relating to, or embodying information that may be considered Prior Art to any of the Bridgestone Patents, Bridgestone Related Patents, Acushnet Patents and/or Acushnet Related Patents.

7.    All documents and things referring or relating to Bridgestone's knowledge or awareness of any Prior Art to any of the Bridgestone Patents and/or Bridgestone Related Patents.

4

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Vivian S. Kuo
HOWREY LLP

BY:  _____

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 783-0800

Dated:  June 10, 2005

*Attorneys for Defendant*

686175

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 10, 2005, a true and correct copy of

the within document was caused to be served on the attorney of record at the following addresses

as indicated:

### VIA HAND DELIVERY

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801


### VIA FEDERAL EXPRESS

Robert M. Masters
John T. Callahan
Raja Saliba
Sughrue Mion, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC  20037

_____
David E. Moore

680013

# EXHIBIT C

**IN UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **BRIDGESTONE SPORTS CO., LTD.,**<br>**AND BRIDGESTONE GOLF, INC.,**<br><br>                              **Plaintiffs,**<br>          **v.**<br><br>**ACUSHNET COMPANY,**<br><br>                              **Defendant.** | C.A. No. 05-132(JJF)<br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Bridgestone Sports Co., Ltd., and Bridgestone Golf, Inc., (individually or collectively "Bridgestone") hereby respond to Defendant's First Set Of Interrogatories To Plaintiff dated June 10, 2005.

### GENERAL OBJECTIONS

The following general objections are made to each and every interrogatory, irrespective of whether they are stated specifically in response thereto:

1.      The following responses are based upon information presently available to and located by Bridgestone and its attorneys. Bridgestone has not completed its investigation of the facts relating to this action, and has not completed discovery in this action. Bridgestone's responses are based upon (1) a reasonable search, given the time allotted to Bridgestone to respond to the interrogatories, and (2) inquiries of Bridgestone employees and/or representatives who could reasonably be expected to possess responsive information. The subject matter of these requests is under continuing investigation. Bridgestone's responses are without prejudice to its rights to identify and to use additional information revealed in subsequent investigations and discovery.

## INTERROGATORY NO. 9

Identify and describe in detail all Bridgestone and/or all third-party products that have ever been sold commercially or used in the public that embody any of the claims of the Bridgestone Patents, and for each such product, identify the time period(s) and geographical location in which that product was made, used and/or sold.

## RESPONSE TO INTERROGATORY NO. 9

In addition to the General Objections, Bridgestone objects to the interrogatory as being a multiple and compound request constituting more than one interrogatory. Bridgestone also objects to the interrogatory as being overly broad and unduly burdensome and oppressive because it is not limited in geographical location or time period relevant to the issues of this case. Further, Bridgestone objects to the interrogatory as seeking information in the possession of third parties. Bridgestone further objects to the interrogatory to the extent that it purports to require Bridgestone to disclose information in violation of legal or contractual obligation of nondisclosure to a third party.

Subject to and without waiving the general and specific objections, Bridgestone will produce, pursuant to Fed. R. Civ. P. 33(d), documents responsive to the interrogatory sufficient to permit Acushnet to determine an answer as readily as Bridgestone, except that Bridgestone will not disclose information subject to a legal or contractual obligation of nondisclosure to a third party without either the written consent of the third party or a court order compelling such production.

## INTERROGATORY NO. 10.

Separately for each of the Bridgestone Patents, state whether you contend there is objective evidence of nonobviousness, and if so, identify on a claim-by-claim basis all facts that you contend support or evidence such alleged objective evidence of nonobviousness or secondary considerations (including but not limited to commercial success, long-felt need, failure of others, commercial acquiescence, unexpected results, improved results, and/or new results) that should be considered in determining whether the claim is invalid for obviousness.

14

## RESPONSE TO INTERROGATORY NO. 10

In addition to the General Objections, Bridgestone objects to the interrogatory as being a multiple and compound request constituting more than one interrogatory. Bridgestone also objects to the interrogatory as being overly broad, unduly burdensome, oppressive and not being limited in subject matter and/or scope to issues in the case. Further, Bridgestone objects to the interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence since Acushnet has not made any contention that any of the Bridgestone Patents are invalid for obviousness.

Bridgestone reserves the right to later amend or supplement its disclosures after further investigation, discovery and based on positions taken by, or contentions of, Acushnet.

## INTERROGATORY NO. 11

Identify and describe in detail each instance in which Bridgestone has communicated with any person or entity regarding a potential license of one or more of the Bridgestone Patents, including offers to license, demands that the person or entity license, and any agreements concerning any of the Bridgestone Patents.

## RESPONSE TO INTERROGATORY NO. 11

In addition to the General Objections, Bridgestone objects to the interrogatory as being overly broad, unduly burdensome, oppressive and not being limited in subject matter and/or scope to issues in the case. Bridgestone additionally specifically objects to the term "agreements" as unduly broad and overly burdensome to the extent it has a meaning different from license. Bridgestone also objects to the interrogatory to the extent that it purports to require Bridgestone to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.

Subject to and without waiving the general and specific objections, Bridgestone responds that it is public knowledge that Bridgestone and Callaway entered into a license agreement on

15

As to objections:

MORRIS, NICHOLS, ARSHT & TUNNELL

DATED:      July 11, 2005

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd. and*
*Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
John T. Callahan
Steven M. Gruskin
Raja Saliba
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 293-7060

29

## VERIFICATION

I hereby declare under penalty of perjury under the laws of the United States that the facts set forth in the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** are true and correct to the best of my present knowledge and beliefs, although the truth of the entirety of each said response may not be known to me personally because said responses are based in part upon information received from others, and that I am authorized to execute this Verification on behalf of Plaintiff Bridgestone Sports Co., Ltd and Bridgestone Golf, Inc.

Dated:   July 11, 2005

_____
Director
Intellectual Property Department
Bridgestone Sports Co., Ltd.

33

# EXHIBIT D

IN UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **BRIDGESTONE SPORTS CO., LTD., AND BRIDGESTONE GOLF, INC.,**<br><br>　　　　　**Plaintiffs,**<br><br>　　v.<br><br>**ACUSHNET COMPANY,**<br><br>　　　　　**Defendant.** | C.A. No. 05-132(JJF)<br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Bridgestone Sports Co., Ltd., and Bridgestone Golf, Inc., (individually or collectively "Bridgestone") hereby respond to Defendant's First Set Of Interrogatories To Plaintiff dated June 10, 2005.

## GENERAL OBJECTIONS

The following general objections are made to each and every interrogatory, irrespective of whether they are stated specifically in response thereto:

1.　　The following responses are based upon information presently available to and located by Bridgestone and its attorneys. Bridgestone has not completed its investigation of the facts relating to this action, and has not completed discovery in this action. Bridgestone's responses are based upon (1) a reasonable search, given the time allotted to Bridgestone to respond to the interrogatories, and (2) inquiries of Bridgestone employees and/or representatives who could reasonably be expected to possess responsive information. The subject matter of these requests is under continuing investigation. Bridgestone's responses are without prejudice to its rights to identify and to use additional information revealed in subsequent investigations and discovery.

one or more of the Bridgestone Patents as a condition for settlement of the lawsuit *Bridgestone*

*Sports Co. Ltd. v. Callaway Golf Company, et. al.* Case No. 1:00-cv-01871-JEC.

## INTERROGATORY NO. 12

Separately for each of the Bridgestone Patents, state whether Bridgestone contends it has complied with the marking provision of 35 U.S.C. § 287, and if so, identify the article so marked and describe all facts supporting such contention, including dates of first alleged compliance and whether such compliance has been continuous to the filing of the Complaint.

## RESPONSE TO INTERROGATORY NO. 12

In addition to the General Objections, Bridgestone objects to the interrogatory as being a

multiple and compound request constituting more than one interrogatory. Further, Bridgestone

objects to the interrogatory as being overly broad and unduly burdensome. Subject to and

without waiving the general and specific objections, see Bridgestone's response to Interrogatory

No. 5.

Bridgestone reserves the right to later amend or supplement its disclosures after further

investigation, discovery and based on positions taken by, or contentions of, Acushnet.

## INTERROGATORY NO. 13

Separately for each of the Bridgestone Patents, describe in detail any investigation relating to the allegations against Acushnet undertaken by you or on your behalf prior to filing the Complaint.

## RESPONSE TO INTERROGATORY NO. 13

In addition to the General Objections, Bridgestone objects to the interrogatory as being a

multiple and compound request constituting more than one interrogatory. Bridgestone also

objects to the interrogatory as being overly broad and unduly burdensome. Bridgestone further

objects to the interrogatory as calling for privileged information.

## INTERROGATORY NO. 14.

Separately for each claim and each product identified in RESPONSE TO INTERROGATORY NO. 1, describe all testing, analysis and/or evaluation by you or on your behalf of such products, including the type of test(s) performed, the testing equipment, test

16

As to objections:

MORRIS, NICHOLS, ARSHT & TUNNELL

DATED:       July 11, 2005

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd. and*
*Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
John T. Callahan
Steven M. Gruskin
Raja Saliba
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 293-7060

29

## VERIFICATION

I hereby declare under penalty of perjury under the laws of the United States that the facts set forth in the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** are true and correct to the best of my present knowledge and beliefs, although the truth of the entirety of each said response may not be known to me personally because said responses are based in part upon information received from others, and that I am authorized to execute this Verification on behalf of Plaintiff Bridgestone Sports Co., Ltd and Bridgestone Golf, Inc.

Dated:  July 11, 2005

Director
Intellectual Property Department
Bridgestone Sports Co., Ltd.

33

# EXHIBIT E

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

**Matthew J. Moore**
Partner
T 202.383.7275
F 202.383.6610
moorem@howrey.com

November 10, 2005

BY FACSIMILE

Raja N. Saliba, Esq.
Sughrue Mion, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C.  20037-3213

>    Re:   *Bridgestone Sports Co. v. Acushnet Co.*,
>          Civil Action No. 05-132 (JJF)
>          <u>Deficiencies in Bridgestone's Document Production</u>

Dear Raja:

We have reviewed Bridgestone's document production and note the following deficiencies:

1.  As indicated to you by Mr. Seal on October 7, 2005, we have not seen any personal files, including laboratory notebooks, from the named inventors of the Bridgestone patents-in-suit. These files are responsive to Acushnet Request Nos. 1, 4, 5, 48, and 62.

2.  Bridgestone has not produced any personal files from the individuals involved in the research, design, and development, etc., of Bridgestone's Tour Stage U-Spin, Altus Newing Massey, Precept Dynawing Double Cover S+, Precept EV Extra Spin, Precept Laddie, Precept U-Tri Tour, Precept U-Tri Extra Spin, Precept U-Tri Extra Distance, Nike One, Nike OneGold, Nike OneTW, U-Tri Spin or Bridgestone B330 golf balls. The files are responsive to Acushnet Request Nos. 22 and 23.

3.  Bridgestone has not produced any documents or things related to any competitive analysis or testing of Bridgestone's Tour Stage U-Spin, Altus Newing Massey, Precept Dynawing Double Cover S+, Precept EV Extra Spin, Precept Laddie, Precept U-Tri Tour, Precept U-Tri Extra Spin, Precept U-Tri Extra Distance, Nike One, Nike OneGold, Nike OneTW, U-Tri Spin or Bridgestone B330 golf balls. Such documents or things are responsive to Acushnet Document Request Nos. 23, 24, and 25.

4.  Bridgestone has not produced any documents or things related to any competitive analysis or testing of Wilson's Ultra Competition 90, Ultra Competition 100 and Ultra Tour Balata golf balls. Such documents are responsive to Acushnet Request Nos. 23 and 25.

**HOWREY** LLP

5.  Bridgestone has not produced any documents or things related to any competitive analysis or testing of the accused Acushnet golf balls, including any samples of the accused Acushnet golf balls. Such documents or things are responsive to Acushnet Request Nos. 15, 18, 21, and 49.

6.  Bridgestone has not produced documents or things from previous litigations, including its litigation with Callaway, such as prior art searches, claim charts, expert reports or claim construction briefs. Such documents or things are responsive to Acushnet Request Nos. 2, 8, 9, 10, 11, 16, 27, 54, and 58.

7.  Bridgestone has not produced any samples of Bridgestone's Tour Stage U-Spin, Altus Newing Massey, Precept Dynawing Double Cover S+, Precept EV Extra Spin, Precept Laddie, Precept U-Tri Tour, Precept U-Tri Extra Spin, Precept U-Tri Extra Distance, Nike One, Nike OneGold, Nike OneTW, U-Tri Spin or Bridgestone B330 golf balls. Such samples are responsive to Acushnet Request Nos. 5, 22, and 23.

8.  Bridgestone has not produced any documents or things relating to any document maintenance, retention or destruction policy, as identified in Acushnet Request No. 30.

9.  Bridgestone has not produced any manufacturing specifications for the Tour Stage U-Spin, Altus Newing Massey, Precept Dynawing Double Cover S+, Precept EV Extra Spin, Precept Laddie, Precept U-Tri Tour, Precept U-Tri Extra Spin, Precept U-Tri Extra Distance, Nike One, Nike OneGold, Nike OneTW, U-Tri Spin or Bridgestone B330 golf balls. The specifications are responsive to Acushnet Request Nos. 5 and 45.

10. Bridgestone has not produced any documents concerning USGA conformance or non-conformance of Bridgestone's Tour Stage U-Spin, Altus Newing Massey, Precept Dynawing Double Cover S+, Precept EV Extra Spin, Precept Laddie, Precept U-Tri Tour, Precept U-Tri Extra Spin, Precept U-Tri Extra Distance, Nike One, Nike OneGold, Nike OneTW, U-Tri Spin or Bridgestone B330 golf balls. Such documents are responsive to Acushnet Request Nos. 46 and 47.

11. Bridgestone has not produced any documents or things concerning any alleged sale, offer for sale, knowledge, prior invention or public use of any subject matter covered by the Acushnet patents-in-suit. Such documents or things are responsive to Acushnet Request No. 55.

12. Bridgestone has not produced any documents or things concerning marking, such as any Bridgestone marking policies or procedures. Such documents or things are responsive to Acushnet Request Nos. 5, 12, 59, and 29.

# HOWREY LLP

13. Bridgestone has not produced any samples of the retail packaging for each model of the accused Bridgestone golf balls. Such samples are responsive to Acushnet Request No. 72.

14. Bridgestone has not produced any documents or things concerning any testing or analysis of any prior art Acushnet golf balls, including the Titleist HP Eclipse and Titleist Tour Distance golf balls. Such documents or things are responsive to Acushnet Request Nos. 18 and 75.

15. Bridgestone has not produced any documents or things referring to or relating to any licenses, assignments, or agreements related to any of the Bridgestone patents-in-suit as requested by Acushnet Request No. 11.

16. While Bridgestone produced numerous e-mail files related to sales and marketing from a server located in the United States, there is no indication that Bridgestone similarly produced any Japanese e-mail files. As the majority of Bridgestone's research and development takes place in Japan, those e-mails are responsive to numerous requests. In addition to any such files maintained on a central server, responsive documents also include any electronic files separately maintained by Bridgestone employees, including any of the named inventors. Please confirm that you will produce such files as soon as possible.

Where you believe you have already produced documents or things for any deficiency identified above, please identify any such documents or things by bates range.

Further, as indicated during our September 28, 2005 meet and confer on discovery issues, Bridgestone's initial document production consists of single sheets of paper, with no breaks or slip sheets separating individual documents. It is inconceivable to us that Bridgestone maintains its files in such a fashion in its ordinary course of business. We ask once again how you intend to remedy that deficiency?

Finally, we are still awaiting some indication from you as to when you will be prepared to exchange privilege logs. While we were prepared to exchange our privilege log on August 31, Mr. Gruskin stated at that time that Bridgestone was not prepared for an exchange. During our conference on September 28, Mr. Gruskin stated again that Bridgestone needed some additional time to complete its privilege log. It has now been six weeks, so please let us know when your privilege log will be complete. At the latest, we want to exchange the privilege logs in advance of the December 1 discovery hearing.

Very truly yours,

Matthew J. Moore

# EXHIBIT F



1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202 783 0800
F 202 383 6610
www howrey com

Direct Dial 202 383 6904
File 00634 0002

April 6, 2006

BY FACSIMILE

Robert M. Masters, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

> Re: ***Bridgestone Sports Co. v. Acushnet Co.,***
> **C.A. No. 05-132 (JJF) (D. Del.)**
> <u>**Continued Deficiencies in Bridgestone's Discovery Responses**</u>

Dear Rob:

We have reviewed Bridgestone's January production of over 95,000 pages and note the following deficiencies. This identification of deficiencies is not intended to be exhaustive and Acushnet reserves the right to identify further deficiencies in light of continued discovery.

## A.    Testing Protocols

Bridgestone's document production does not include any documents describing Bridgestone's past or current testing protocols, including protocols for testing 300% modulus or any protocols for measuring hardness gradient across the core (e.g. JIS-C). Such information is responsive to Acushnet Interrogatory No. 14, while any documents are responsive to Acushnet Request No. 5, 14, 20, 24, 25, 48 and 49, 51.

## B.    Manufacturing Guidelines

Bridgestone's document production does not include any manufacturing guidelines or specifications for golf balls identified by Acushnet as prior art to the Bridgestone patents-in-suit. For example, while we have located such documents for certain Bridgestone golf balls, we have located no such guidelines or specifications for the Altus Newing Massy or Tour Stage U-Spin golf balls. Any such documents are responsive to Acushnet Request Nos. 6, 23, and 47. Nor does Bridgestone's document production include any such manufacturing guidelines or specifications for numerous golf balls identified by Bridgestone in response to Acushnet Interrogatory No. 12, which requested the identification of all golf balls that practice the inventions disclosed in the Bridgestone patents-in-suit. Specifically, Bridgestone has failed to produce any manufacturing guidelines for at least the following golf balls identified in its response:

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US\8331097 v1

# HOWREY␣LLP

EV Classic Distance;

Precept D▲Force;

Precept D▲Feel;

Precept PWR Drive;

Precept Tour Premium;

Precept Tour Premium LS;

Precept MC Tour Premium; and

Precept Tour Advantage

Because each of those golf balls constitutes a reduction-to-practice of its respective Bridgestone patent, those manufacturing guidelines or specifications are responsive to Acushnet Request No. 5.

### C.    Identification of Bridgestone Officers and Employees by Employee Number

In Acushnet Interrogatory No. 28, we asked that Bridgestone identify by full name each individual identified or described on the documents in Bridgestone's production, including an identification of each number assigned to each individual. During our meet-and-confer on that question, you indicated that the requested information could be derived from the documents produced by Bridgestone as BSP 50496-50536 and BSP 88931-89005. We have reviewed the documents you identified and concluded that are not sufficient to answer the interrogatory in full. Specifically, the documents you identify are Japanese-language organizational charts that identify each individual by last name only. In addition, the documents reveal that certain individuals have held different employee numbers at different times, and that still others have held multiple employee numbers concurrently. Because Bridgestone may speak directly to its employees and officers to derive the requested information, its burden is substantially less than the burden on Acushnet to fully translate and sort through over 100 pages of organizational charts. As Acushnet requires this information in order to prepare for depositions, please provide a full response to this interrogatory immediately.

### D.    Bridgestone Test Data on Cover Thickness of the Pro V1 and Pro V1x

In response to Acushnet's Request for Admission Nos. 21 and 22, Bridgestone admits that a member of its staff measured the outer cover thickness of the Titleist Pro V1 and Pro V1x golf balls, respectively, to be less than 1 mm. (Pls.' Supp. Response to Def.'s Requests for

# HOWREY LLP

Robert M. Masters
April 6, 2006
Page 3

Admission at 2-3). The facts surrounding those tests, and the results obtained, are responsive to Acushnet Interrogatory No. 14, while any related documents are responsive to Acushnet Request No. 21. Accordingly, please supplement your responses to those discovery requests.

Regards,

Brian S. Seal

P. 1

✱ ✱ ✱ COMMUNICATION RESULT REPORT ( APR. 6.2006  5:09PM ) ✱ ✱ ✱

FAX HEADER:  HOWREY SIMON ARNOLD

TRANSMITTED/STORED : APR. 6. 2006  5:08PM
FILE MODE         OPTION

| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
|------|------|--------|---------|--------|------|
| 548 | MEMORY TX | | #94195511705 | OK | 4/4 |

------------------------------------------------------------------
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL            E-2) BUSY
  E-3) NO ANSWER                       E-4) NO FACSIMILE CONNECTION

# HOWREY LLP

1299 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2402
PHONE: 202.783.0800 ● FAX: 202.383.6610

## FACSIMILE COVER SHEET

| | | | | |
|---|---|---|---|---|
| DATE: | April 6, 2006 | | | |
| TO: | NAME: | Robert M. Masters | | |
| | COMPANY: | Paul Hastings | | |
| | FAX NUMBER | 202.551.1705 | PHONE NUMBER: | 202.551.1700 |
| | CITY: | Washington, DC | | |
| FROM: | NAME: | Brian Seal | | |
| | DIRECT DIAL NUMBER: | 202.383.6904 | USER ID: | 2233 |
| NUMBER OF PAGES, INCLUDING COVER: | 4 | | CHARGE NUMBER: | 00634.0002 |

☐ ORIGINAL WILL FOLLOW VIA:

☐ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER: _____

☐ ORIGINAL WILL NOT FOLLOW

SUPPLEMENTAL MESSAGE:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU EXPERIENCE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE PLEASE CALL 202.383.7117 OR EXT. 94.5117

# HOWREY LLP

1299 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2402
PHONE: 202.783.0800 • FAX: 202.383.6610

## FACSIMILE COVER SHEET

**DATE:** April 6, 2006

**TO:**

| | | | |
|---|---|---|---|
| NAME: | Robert M. Masters | | |
| COMPANY: | Paul Hastings | | |
| FAX NUMBER | 202.551.1705 | PHONE NUMBER: | 202.551.1700 |
| CITY: | Washington, DC | | |

**FROM:**

| | | | |
|---|---|---|---|
| NAME: | Brian Seal | | |
| DIRECT DIAL NUMBER: | 202.383.6904 | USER ID: | 2233 |

NUMBER OF PAGES, _INCLUDING_ COVER: 4    CHARGE NUMBER: 00634.0002

☐ ORIGINAL WILL FOLLOW VIA:

☐ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER: _____

☐ ORIGINAL WILL NOT FOLLOW

SUPPLEMENTAL MESSAGE:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 202.383.7137.

# EXHIBIT G

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202 783 0800
F 202 383 6610
www.howrey.com

Direct Dial 202 383 6904
File 00634 0002

April 18, 2006

BY FACSIMILE

Robert M. Masters, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

> Re:     ***Bridgestone Sports Co. v. Acushnet Co.***,
>          **C.A. No. 05-132 (JJF) (D. Del.)**
>          <u>**Continued Deficiencies in Bridgestone's Document Production**</u>

Dear Rob:

 We have yet to receive a response to our two letters of April 6, 2006 even though Acushnet informed Bridgestone that the continued deficiencies in Bridgestone's document production would prejudice Acushnet in meeting the Court's final contention deadline. Please provide us with responses to those letters immediately.

 This letter summarizes additional deficiencies in Bridgestone's document production. The list of deficiencies identified herein is not intended to be exhaustive and Acushnet reserves the right to identify further deficiencies based on its continued review of Bridgestone's document production.

## I.     BRIDGESTONE'S DOCUMENT PRODUCTION RELATED TO 300% MODULUS IS DEFICIENT

 In its supplemental response to Interrogatory No. 12, which requested that Bridgestone identify all facts that support its contention that it has complied with 35 U.S.C. § 287, Bridgestone provided the following chart:

| '413 | Precept MC Tour Premium | on or about October 1, 1999 |
|------|-------------------------|------------------------------|
|      | Precept MC Double Cover | on or about September 1, 1998 |
|      | Precept MC Lady | on or about September 1, 1998 |
|      | Precept MC Tour Advantage | on or about October 1, 1999 |
|      | Precept Extra Distance | on or about August 15, 2000 |
|      | Precept Laddie | on or about January 1, 2002 |
|      | Precept Lady | on or about January 31, 2003 |
|      | Precept D▲Feel | on or about July 18, 2003 |
|      | Precept PWR Drive | on or about April 8, 2004 |

# HOWREY LLP

Robert M. Masters
April 18, 2006
Page 2

(Pls. Supp. Resp. To Def. First Set of Interrog. No. at 8.)  One of the limitations of claim 1 of the '413 patent calls for the cover to have a particular 300% modulus. ('413 patent, claim 1.) According to Bridgestone's response to Acushnet's Interrogatory No. 12, Bridgestone has concluded that the Precept MC Tour Premium, Precept MC Double Cover, Precept MC Lady, Precept MC Tour Advantage, Precept Extra Distance, Precept Laddie, Precept Lady, Precept D ▲ Feel and the Precept PWR Drive golf balls include covers that satisfy the limitations of claim 1.  Bridgestone, however, has failed to produce any documents showing what the 300% modulus of the covers of these golf balls is.  Any such documents are directly responsive to Acushnet Request No. 5, which calls for Bridgestone to produce "documents ... relating to the ... testing ... of products ... embodying practicing, or using in whole or in substantial part any of the inventions claimed in the Bridgestone Patents." (Def.'s First Set of Req. for the Production of Documents and Things to Pl. at 4 (served on June 10, 2005).)[1]

Additionally, buried in the over 95,000 pages of Japanese-language documents that Bridgestone produced subject to Court order in January is a document referring to specific equipment and procedures used for determining 300% modulus. (*See* BSP167255-BSP167259.) This document is an e-mail discussing the testing of the 300% modulus of "WILSON 90," "S8120," "S8320," and "WO545"). (*See* BSP167256.)  Based on this e-mail, it appears that Bridgestone performs competitive testing of golf balls for 300% modulus, as Bridgestone had tested the 300% modulus of "Wilson 90," which appears to be a golf ball manufactured by Wilson Sporting Goods Co.  Please produce all other documents including competitive testing of golf balls for 300% modulus, Shore D hardness, etc..

Additionally, based on this document, it appears that Bridgestone evaluates various resins for both Shore D hardness and 300% modulus. (*See id.* (evaluating Surlyn® 8320 and Surlyn® 8120 for Shore D hardness and 300% modulus.)) Please produce all documents related to the testing of any material for Shore D hardness and 300% modulus in Bridgestone's possession as those documents are responsive at least to Acushnet's request No. 48 which requests that Bridgestone produce "documents ... concerning any testing, experimentation, or research done by or on behalf of Bridgestone to determine the 300% modulus of any material suitable for use in a golf ball, including, but not limited to any resins including ionomer resins or blends thereof and or ethylene copolymer resins, polyurethanes and rubbers." (Acushnet's Second Set of Req. for the Production of Documents and Things Directed to Bridgestone (Nos. 44-86).)

Moreover, the same e-mail references a piece of equipment manufactured by Instron and used by Bridgestone to test for 300% modulus as well as software for use in connection with

---

[1] Acushnet has noted that Bridgestone's document production remains deficient due to Bridgestone's failure to produce documents related to each of the golf balls specified in Bridgestone's response to Interrogatory 12.  As Acushnet has pointed out, each of these golf balls constitute reductions to practice of Bridgestone's alleged inventions and therefore, documents related to each of the golf balls identified by Bridgestone in response to Acushnet's Interrogatory No. 12 must be produced.  (*See* Ltr. from Seal to Masters dated April 6, 2005 at pp. 1-2.) After nearly two weeks, Acushnet is still waiting for a reply to its letter.

# HOWREY LLP

such a machine. (*See* BSP167255-BSP167259.) To date, Bridgestone has yet to produce any documents related to that piece of equipment despite Acushnet's request that Bridgestone produce "documents and things concerning testing devices, testing equipment and/or testing facilities and any changes, revisions or updates thereto, used to test and/or determine golf ball characteristics, performance, physical attributes, compositions and make-up, from 1990 to the present...." (Acushnet Req. for Prod. No. 51). Please produce all documents relating to Bridgestone's equipment and test methods for testing the modulus at 300% elongation immediately.

The aforementioned documents are critical to Acushnet's evaluation of the prior art and the timely completion of Acushnet's final contentions. Therefore, Bridgestone must immediately produce all documents relating to the 300% modulus of various cover materials, including the cover materials for at least the above-identified golf balls that allegedly practice the claims of the '413 patent and documents relating to the test equipment for determining 300% modulus.

## II.    BRIDGESTONE IS WITHHOLDING ITS TESTING RELATED TO VARIOUS PRIOR ART GOLF BALLS

Acushnet's request for production No. 23 calls for Bridgestone to produce "documents that refer or relate to ... testing ... related to Wilson's Ultra Competition 90 and 100 and Ultra Tour Balata golf balls." (Acushnet. Req. for Prod. No. 23). Moreover, Acushnet's request for production No. 24 calls for Bridgestone to produce "documents ... referring or relating to any analysis or test performed by or on behalf of Bridgestone on ... Wilson's Ultra Competition 90 and 100 and Ultra tour Balata golf balls ...."

Acushnet has asserted that these Wilson golf balls are invalidating prior art to at least the '852, '707, '817, '834 and '924 patents. Bridgestone has repeatedly taken the position that Acushnet's testing of the Wilson golf balls did not produce the same results that Bridgestone had obtained by way of its own testing. However, Bridgestone's document production does not include any documents related to the testing of any of the prior art Wilson golf balls discussed above. Therefore, please produce all documents relating to any testing of any Wilson golf ball by Bridgestone immediately. To the extent that Bridgestone claims any such documents are privileged, please inform us how many golf balls were cut in half or otherwise destroyed (e.g., by removing the cover) at the request of Bridgestone's attorneys.

On the same note, during our November 28, 2005 conference, you agreed to provide us with a list of all prior art golf balls and accused golf balls in Bridgestone's possession. (*See* Ltr. from Moore to Saliba dated December 12, 2005 at 3.) It has been nearly five months since Acushnet provided you with a similar list. (*See* Ltr. from Seal to Saliba dated November 28, 2005.) Acushnet is entitled to the same courtesy given Bridgestone. Please provide this list immediately.

# HOWREY LLP

**III.    DOCUMENTS RELATING TO THE PRIOR BRIDGESTONE-
CALLAWAY LITIGATION**

Acushnet's request for production No. 10 calls for Bridgestone to produce "documents
referring or relating to litigation concerning any of the Bridgestone Patents or Bridgestone
Related Patents." (Acushnet Req. No. 10.)  On December 22, 2005, Bridgestone produced
documents related to the previous Callaway litigation involving at least the '852 and '707 patents
it is asserting in this litigation. (*See* BSP099230-BSP099629.)  The declaration of Mr.
Cadorniga, however, is missing from that production.  Acushnet believes that this declaration is
highly material to at least the interpretation of the claims of the '852 patent, specifically to the
meaning of the term "intermediate layer."  Please produce this declaration immediately.

If that declaration has been destroyed or is otherwise no longer in Bridgestone's
possession, custody or control, please indicate why it is no longer in Bridgestone's possession,
custody, or control.  In particular, if destroyed, provide us with information related to its
destruction, including an identification of who destroyed the document, who requested that the
document be destroyed and when the document was destroyed.

**IV.    DOCUMENTS FROM BRIDGESTONE'S STRATEGY OFFICE**

A document produced by Bridgestone indicates that Bridgestone has a Strategy Office
that works closely with the Golf Ball Development Department and the Intellectual Property
Office on matters of golf ball development and patents. (*See* BSP 172625).  While Bridgestone
has produced periodic reports and other documents from both the Golf Ball Development
Department and the Intellectual Property Department, you have produced no such documents
from the Strategy Office.

Any such documents are responsive to Acushnet's Request Nos. 22 and 23, which call for
Bridgestone to produce, *inter alia*, "documents and things referring or relating to the research,
design, design changes, development, ... [and] patent activities" related to the accused
Bridgestone golf balls and prior art golf balls identified by Acushnet, respectively. (Acushnet
Req. Nos. 22-23.)  Moreover, the Strategy Office's relationship with the Golf Ball Development
Department suggests that any documents from the Strategy Office are subject to the Court's
Order of January 13, 2006, which required Bridgestone to produce all documents related to the
development of the accused Bridgestone golf balls and the patents-in-suit by January 30, 2006.

To date, Bridgestone has not even provided an organizational chart to indicate the
Bridgestone employees and other personnel employed in the Strategy Office.  Any such charts
are responsive to Acushnet Request No. 52, which calls for Bridgestone to produce documents
"sufficient to identify Bridgestone's corporate management and personnel responsible for
management, research and development, ... patenting or any patent related activities."
(Acushnet Req. No. 52.)  Please produce these documents immediately.

# HOWREY LLP

Robert M. Masters
April 18, 2006
Page 5

### V.    "SUMMARY V1" SPREADSHEET

As part of its production of over 95,000 pages on January 30, Bridgestone produced an e-mail discussing Acushnet's Pro V1 golf ball. (*See* BSP 145526.) The e-mail was sent with an attached Excel spreadsheet titled "Summary V1." (*Id.*) That spreadsheet, however, was not produced. Given that the subject of the e-mail itself is the Pro V1 golf ball and that the attachment is titled "Summary V1," the attachment is almost certainly responsive to Acushnet Request No. 21, which calls for the production of all documents "referring or relating to any analysis or test performed by or on behalf of Bridgestone of any of the Accused Products …." (Acushnet Req. No. 21.) Accordingly, please produce the spreadsheet immediately.

Regards,

Brian S. Seal



1299 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2402
PHONE: 202.783.0800 • FAX: 202.383.6610

## FACSIMILE COVER SHEET

| | | | |
|---|---|---|---|
| **DATE:** | April 18, 2006 | | |
| **TO:** | *NAME:* | Robert M. Masters, Esq. | |
| | *COMPANY:* | Paul, Hastings et al | |
| | *FAX NUMBER* | 202.551.1705 | *PHONE NUMBER:* 202.551.1763 |
| | *CITY:* | Washington, DC | |
| **FROM:** | *NAME:* | Brian Seal | |
| | *DIRECT DIAL NUMBER:* | 202-383-6904 | *USER ID:* 2233 |

NUMBER OF PAGES, *INCLUDING* COVER:  6          CHARGE NUMBER:  00634.0002

☐ ORIGINAL WILL FOLLOW VIA:

  ☐ REGULAR MAIL   ☐ OVERNIGHT DELIVERY   ☐ HAND DELIVERY   ☐ OTHER:  _____

☒ ORIGINAL WILL NOT FOLLOW

SUPPLEMENTAL MESSAGE:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 202.383.7197.

# Confirmation Report—Memory Send

Time    : Apr-18-06  03:27pm
Tel line 1 : +
Tel line 2 : +
Name      : HOWREY SIMON

Job number          :    470

Date               :    Apr-18 03:22pm

To                 :    №68395511705

Document Pages     :    06

Start time         :    Apr-18 03:22pm

End time           :    Apr-18 03:27pm

Pages sent         :    06

Job number    : 470          *** SEND SUCCESSFUL ***



1299 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2402
PHONE: 202.783.0800 ● FAX: 202.383.6610

## FACSIMILE COVER SHEET

| | | | | |
|---|---|---|---|---|
| DATE: | April 18, 2006 | | | |
| TO | NAME | Robert M. Masters, Esq. | | |
| | COMPANY: | Paul, Hastings et al | | |
| | FAX NUMBER: | 202.551.1705 | PHONE NUMBER: | 202.551.1763 |
| | CITY: | Washington, DC | | |
| FROM: | NAME: | Brian Seal | | |
| | DIRECT DIAL NUMBER | 202-383-6904 | USER ID | 2233 |
| NUMBER OF PAGES, INCLUDING COVER. | | 6 | CHARGE NUMBER | 00634.0002 |

☐ ORIGINAL WILL FOLLOW VIA:
☐ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER
☒ ORIGINAL WILL NOT FOLLOW
SUPPLEMENTAL MESSAGE:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE PLEASE CALL 202.383.7101

# EXHIBIT H


ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W. • Washington, DC 20005
telephone 202 551 1700 • facsimile 202 551 1705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(202) 551-1763
robmasters@paulhastings.com

May 17, 2006                                                            70416.00002

BY HAND DELIVERY

Alan M. Grimaldi
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC  20004

Re:     *Bridgestone v. Acushnet*

Dear Alan:

This letter responds to your May 5, 2006 letter laying out alleged deficiencies in Bridgestone's discovery responses.

I.     **ALLEGED DEFICIENCIES IN BRIDGESTONE'S DOCUMENT PRODUCTION**

   A.     **Development Documents for Golf Balls Practicing the Bridgestone Patents**

Bridgestone has produced all documents relevant to Acushnet's Requests for Production Nos. 4 and 5 and believes that it has fully complied with these requests. Bridgestone asserts that any documents related to the commercial embodiments of its patents after the date of issue are irrelevant and non-responsive. As such, Bridgestone will not supplement its production at this time. To the extent Acushnet disagrees, please explain the relevance of this information. Furthermore, please explain why Acushnet has not produced the same kind of information.

As for Interrogatory No. 12, Bridgestone is satisfied with the completeness of its response on this matter and believes it has fully responded to this Interrogatory. As such, Bridgestone will not supplement its response to this interrogatory at this time. To the extent Acushnet maintains that golf balls made and sold only in countries outside of the U.S. should be identified in response to Interrogatory No. 12, which pertains solely to U.S. patents, explain your reasoning and support for such a position. Also, explain the relevance of such information to the issues in this case.

Paul*Hastings*
ATTORNEYS

Alan M. Grimaldi
May 17, 2006
Page 2

### B.    Documents Relating to the Testing of Third Party Golf Balls

Bridgestone has produced all non-privileged, non-work product documents related to the testing of balls relied on by Acushnet prior to the May 1, 2006 supplementation date. Further, Bridgestone responded to the November 10, 2005 letter on December 22, 2005. (See Letter from Gruskin to Moore re Bridgestone's Response to Acushnet's Alleged Deficiencies in Bridgestone's Document Production.) Accordingly, there is no need for Bridgestone to supplement its production.

Bridgestone will provide an inventory of balls shortly.

### C.    Documents Relating to the Callaway Litigation

Bridgestone has previously produced a large number of documents relating to both the Callaway litigation (see BSP099230-629) and the licensing agreement with Callaway (see BSP058856-908). No other non-privileged documents exist. Bridgestone has searched its records and does not have a copy of the Cadorniga declaration.

### D.    Manufacturing Guidelines for Bridgestone Prior Art Golf Balls

Bridgestone responded to your April 6, 2006 letter on this issue on April 19, 2006. (See Letter from White to Seal re Alleged Deficiencies in Bridgestone's Discovery Response, April 19, 2006). Bridgestone stands by its assertions in that correspondence. I am enclosing a courtesy copy for your review.

### E.    Samples of Bridgestone's Retail Packaging

On November 18, 2005, a mere 8 days after your letter to us on this issue, Bridgestone produced copies of retail packaging for the accused products (See, e.g., BSP094584-600). You may inspect the originals in our office, but otherwise our response is complete.

### F.    Documents Relating to Testing Protocols

Bridgestone responded to your April 6, 2006 letter on this issue on April 19, 2006. (See Letter from White to Seal re Alleged Deficiencies in Bridgestone's Discovery Response, April 19, 2006). Bridgestone stands on its position in that correspondence.

Regarding the issues raised in your April 18, 2006 letter regarding the equipment for measuring 300% modulus, Bridgestone believes it has produced all relevant non-privileged documents at this time.[1] (See, e.g., documents BSP034053-403 and BSP034735-BSP035050).

---

[1] In a separate letter, Bridgestone has requested the return of the documents referenced by you, BSP167255-59, as part of a range of privileged documents inadvertently produced.

Paul*Hastings*
ATTORNEYS

Alan M. Grimaldi
May 17, 2006
Page 3

Additionally, further to your letter of April 21, 2006, Bridgestone is producing
BSP202133-207, which are unrevised testing protocols. Although the previously
produced COR testing protocol states that it was revised in August, 2002, the document
was in fact created on that date.

Finally, as for designating certain Bridgestone test protocols "highly confidential,"
Bridgestone maintains that these documents are properly designated under the Protective
Order.

### G.     Documents Regarding the Testing of Pro V1's Cover Thickness

Bridgestone responded to your April 6, 2006 letter on the issue of cover thickness
measurements on April 19, 2006. (See enclosed Letter from White to Seal re Alleged
Deficiencies in Bridgestone's Discovery Response, April 19, 2006). Bridgestone stands on
its positions in that correspondence.

### H.     Documents Related to the Testing of Materials for 300% Modulus

Regarding the issues raised in your April 6, 2006 and April 18, 2006 letters regarding the
testing of materials for 300% modulus, Bridgestone believes it has produced all relevant
non-privileged documents at this time. Contrary to your assumptions, Bridgestone does
not routinely perform competitive testing of golf balls for 300% modulus.

### I.     Documents Regarding Bridgestone's Strategy Office

The document referred to herein, BSP172625, does not, as you allege, indicate that
Bridgestone has a Strategy Office. Rather, it suggests the idea of having a Strategy Office.
Thus, there is not now nor has there ever been a Strategy Office at Bridgestone and
therefore no documents responsive to this request exist.

### J.     The "Summary Pro V1 Spreadsheet"

Bridgestone is producing BSP202204-286, which is the spreadsheet attachment to
BSP145526, with this letter.

### K.     Golf ball Development Reports

Bridgestone is producing BSP202097-132, which are the remaining golf ball development
reports. As these meetings were not held every month, there are many months for which
no development report exists. Additionally, please note that the document for the January
2002 meeting is mistakenly labeled "January 8, 2001."

PaulHastings
ATTORNEYS

Alan M. Grimaldi
May 17, 2006
Page 4

### L.    Bridgestone Prior Art and Acushnet's Invalidity Contentions

It is Bridgestone's belief that the documents requested in Acushnet's April 21, 2006 letter
are both irrelevant and non-responsive.  Furthermore, as all of the patents you referenced
have issued from the U.S. Patent Office, you are able to obtain copies of the file histories.
As such, Bridgestone will not be supplementing its production.

Bridgestone is not withholding documents related to the development of the patents in
suit.  The fact that Bridgestone filed other patents related to golf balls or that the
inventors of the patents in suit are named inventors on other patents does not mean that
other responsive, relevant documents exist.  Acushnet is simply looking for an excuse to
stall this case out as long as possible by raising alleged deficiencies in Bridgestone's
production.

### M.    Documents Related to the "New" Nike Golf Balls

We certainly look forward to discussing the "new" Nike golf balls with you at our meet
and confer next week.  However, we believe that Acushnet needs to explain the basis for
its new allegations of infringement before we consider the request.

### N.    Missing Pages in Documents

Documents BSP088712-785 and BSP088811-25 were produced in the manner in which
they were kept.  Bridgestone produced all pages of these documents that were in their
files.  Document BSP109522 appears to have 18 pages, but this is simply due to a
formatting issue.  When printed out, the last 2 pages are blank, and thus were not
produced.  As for the remainder of its production, Bridgestone is satisfied with its
completeness.

## II.    ALLEGED DEFICIENCIES IN BRIDGESTONE'S INTERROGATORY RESPONSES

### A.    Employee Numbers for Bridgestone Employees

Bridgestone responded to your April 6, 2006 letter on this issue on April 19, 2006.  (See
enclosed Letter from White to Seal re Alleged Deficiencies in Bridgestone's Discovery
Response, April 19, 2006).  Bridgestone stands by its assertions in that correspondence.

### B.    Bridgestone Golf Balls Practicing the Patents-in-suit

Bridgestone contends that it has fully complied with the Court's November 2, 2005 order
in regard to Interrogatory No. 9 by incorporating the response of Interrogatory No. 12
identifying the Bridgestone golf balls and Callaway golf balls.  Furthermore, the
interrogatory is limited by geography because it refers to only to U.S. patents.  As to

Paul*Hastings*
ATTORNEYS

Alan M. Grimaldi
May 17, 2006
Page 5

the Nike golf balls, Bridgestone does not in the course of its business make a determination as to which balls, if any, are covered by any Bridgestone patents and the Court was clear that Bridgestone did not have to conduct such an analysis. As such, there is no need for Bridgestone to supplement its response to this interrogatory.

### C.     Licenses to the Patents-in-suit

Bridgestone's response to Interrogatory No. 11 is complete.

### D.     Documents Relating to Organosulfur Compounds in Golf Balls

Bridgestone's response to Interrogatory No. 25 is complete and Bridgestone stands on its objections.

### E.     Documents Relating to the Bridgestone Patents-in-suit

Bridgestone's responses to Interrogatories Nos. 29-38 is complete, and Bridgestone stands on its objections. As such, Bridgestone will not supplement its response to these interrogatories at this time.

### F.     Individuals Named on Bridgestone's Privilege Log

Each of the names listed by you in your April 18, 2006 letter identified as not being listed in Bridgestone's response to Acushnet's Interrogatory No. 39 is the result of a typographical error in the privilege log, and thus a supplementation of Interrogatory No. 39 will not be necessary.

1. Shinodo  — Should be Shindo, J.

2. Ishikawa, Y. — Should be Ishikawa, T.

3. Sato — Should be Sano, M.

4. Ichinose, T. — Should be Ichinose, J.

5. Kitama, K  — Should be Kitamura, K.

6. Na – Should be Nanba, A.

7. Surdiffe, N. – Should be Sutcliff, N.

Paul*Hastings*
ATTORNEYS

Alan M. Grimaldi
May 17, 2006
Page 6

### G.    Bridgestone's Response to Acushnet's Interrogatory No. 6

Bridgestone has provided a complete response to this interrogatory. Acushnet is seeking
information that is neither relevant to this case nor reasonably calculated to lead to the
discovery of admissible evidence with this interrogatory. Please explain the basis for
believe that the date of conception, if earlier than the filing date of the Japanese
applications and/or is not being relied upon by Bridgestone, is relevant. As such,
Bridgestone will not supplement its response to this interrogatory at this time.

### H.    Individuals Most Knowledgeable About Testing Acushnet Products

Bridgestone will supplement its response to Interrogatory 14 to identify persons
knowledgeable about testing.

### I.    Bridgestone's Response to Acushnet's Interrogatory No. 15

Bridgestone confirms it is seeking a reasonable royalty and not lost profits.

### J.    Doctrine of Equivalents and Prosecution History Estoppel

Any discussion regarding the interpretation of claim terms is premature at this point in the
proceedings. Bridgestone will follow the Court's schedule in preparation for the *Markman*
hearing.

### K.    Bridgestone's Response to Acushnet's Interrogatory No. 27

Bridgestone is satisfied with the completeness of its response to this interrogatory and
believes it has fully complied with this request. As such, Bridgestone does not believe it
needs to supplement this response to this interrogatory but we will review the documents
you have identified to confirm.

Paul*Hastings*
ATTORNEYS

Alan M. Grimaldi
May 17, 2006
Page 7

### III.    ALLEGED DEFICIENCIES IN BRIDGESTONE'S ANSWERS TO ACUSHNET'S REQUESTS FOR ADMISSIONS

Bridgestone is satisfied with the completeness of its responses to Acushnet's Requests for Admission Nos. 12-20 and stands by its objections. As such, Bridgestone will not supplement its responses to these Requests for Admission at this time.

We look forward to discussing these issues with you during the meet and confer scheduled for May 22.

Sincerely,

Robert M. Masters
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_E # 70859872.3