**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ACUSHNET COMPANY, | )     C. A. No. 05-132 (JJF) ) |
| Defendant. | ) ) |
| ACUSHNET COMPANY, | )     **DEMAND FOR JURY TRIAL** ) |
| Counterclaim Plaintiff, | ) ) |
| v. | ) ) |
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC. | ) ) ) |
| Counterclaim Defendant. | ) |

### ACUSHNET'S RULE 37 MOTION
### TO COMPEL DISCOVERY FROM BRIDGESTONE
### TO ACUSHNET INTERROGATORY NO. 25

Pursuant to Federal Rule of Civil Procedure 37, Local Rule 37.1, and the

discovery dispute procedures outlined in Paragraph 4(b) of the Scheduling Order

(D.I. 18), Defendant and Counterclaim Plaintiff Acushnet Company ("Acushnet")

respectfully moves the Court for an order compelling discovery from Plaintiffs and

Counterclaim Defendants Bridgestone Sports Co. and Bridgestone Golf, Inc. (collectively

"Bridgestone").

Three of the ten Bridgestone patents-in-suit have claims directed to the use of

organosulfur compounds, an additive used in the core rubber of golf balls. (*See* '961

patent, col.15, l.3 (Ex. A); '652 patent, col.5, ll.14-18 (Ex. B); '791 patent, col. 9, ll.26-31

(Ex. C).)  In some cases, specific compounds are used including those called "pentachlorothiophenol" and "p-chlorothiophenol." (*See* '791 patent, col. 9, ll. 26-31.) Thus, the use of organosulfur compounds in the rubber of a golf ball core is an issue that goes to the heart of this litigation. *See In re ML-Lee Acquisition Fund II, L.P.*, 151 F.R.D. 37, 39 (D. Del. 1993) (requiring a party to answer an interrogatory going to the "heart of the litigation").

Because of the importance of this issue, Acushnet propounded an interrogatory asking Bridgestone to identify the documents within its production relating to the use of organosulfur compounds in golf ball cores. (Ex. D, Pl.'s Resp. to Def.'s Interrog. No. 25.)[1]  Bridgestone has refused to answer this interrogatory on several grounds.

Secondly, Bridgestone has objected because it believes that "Acushnet can ascertain an answer *as readily as Bridgestone*." [2]  (*Id.*)  Aside from being false, this is not an appropriate objection to an interrogatory.   While Fed. R. Civ. P. 33(d) allows a party to identify *specific* documents in which the answers to an interrogatory can be found, Bridgestone has not responded under Rule 33(d). (*See* Ex. G, Gruskin Ltr. to Seal, Jan. 31, 2006 at 1.)

---

[1] Acushnet recently discovered a clerical error in its Second Set of Interrogatories. Acushnet's Second Set of Interrogatories begins with Interrog. No. 25, but should begin with Interrog. No. 29.  This motion refers to Interrog. No. 25 as it was originally numbered in Acushnet's Second Set of Interrogatories.

[2] Bridgestone stated that it was investigating whether it had produced all responsive documents relating to the use of organosulfur compounds in golf ball cores and would "provide Acushnet with an update in due course." (*See* Ex. E, Shin Ltr. to Seal, May 5, 2006.)  Acushnet has not received an update from Bridgestone, although, with respect to Interrog. No. 25, Bridgestone stated that its "response to Interrogatory No. 25 is complete and Bridgestone stands on its objections." (Ex. F, Masters Ltr. to Grimaldi, May 17, 2006 at 5.)

As an initial matter, one Court in this District has ordered responses to similar interrogatories under almost identical circumstances:

> Plaintiff urges that defendant is equally capable of identifying documents, since all possible relevant documents have been produced. *The fact the discovery may be burdensome to plaintiff, however, is not sufficient to justify plaintiff's refusal to answer this interrogatory.* Even though defendant may have physical possession of most of the documents concerned, *it would be more efficient for plaintiff's representatives, who are familiar with the documents, to identify relevant material.* . . .

*Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 158 (D. Del. 1977) (emphasis added).

Despite Bridgestone's assertion, Acushnet cannot determine the answer to this interrogatory as readily as Bridgestone. Bridgestone is more familiar with its documents than Acushnet. Presumably, Bridgestone reviewed the documents for responsiveness prior to producing them.[3] Bridgestone's January 31 document production consists of over 95,000 pages of Japanese-language documents. Thus, it is significantly more burdensome for Acushnet to answer this interrogatory. Bridgestone has numerous employees that speak Japanese, who created the documents, and who were custodians for the documents. Acushnet, on the other hand, must rely on translators who may be unfamiliar with the relevant technology to attempt to make sense of Bridgestone's document production. Therefore, the burden on Acushnet in ascertaining the relevancy of these documents with a high degree of confidence is significantly greater than that on Bridgestone.

---

[3] Bridgestone has also failed to identify documents in its privilege log that refer to the use of organosulfur compounds in golf ball cores. Acushnet's Interrog. No. 25 requests this information and there is no way for Acushnet to ascertain this information without a response from Bridgestone.

3

Bridgestone has also designated its documents as "highly confidential" under the Protective Order in this case. Therefore, Acushnet's employees, who may be familiar with chemicals such as pentachlorothiophenol and p-chlorothiophenol, cannot assist its attorneys in reviewing the production of technical documents for relevancy. Bridgestone's employees, however, are free to assist their attorneys in their review of the documents.

In conclusion, Acushnet certifies that it conferred in good faith with Bridgestone in an effort to secure disclosure of the requested discovery without Court action.

In light of the foregoing, Acushnet respectfully moves this Court for an ORDER compelling Bridgestone to produce the requested discovery.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Brian A. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: June 16, 2006
737321 / 28946

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P. O. Box 951
    Wilmington, DE 19899-0951
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 16, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on June 16, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012