## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD., and
BRIDGESTONE GOLF, INC.,

      *Plaintiffs,*

      *v.*

ACUSHNET COMPANY,

      *Defendant.*

C. A. No.  05-132 (JJF)

## BRIDGESTONE'S OPPOSITION TO ACUSHNET'S RULE 37 MOTION TO COMPEL
## DISCOVERY FROM BRIDGESTONE TO ACUSHNET INTERROGATORY NO. 25

      Acushnet's Interrogatory No. 25 turns Rules 33(d) and 34 of the Federal Rules of

Civil Procedure on their heads.  In it, Acushnet demands that Bridgestone "[i]dentify each

document produced by Bridgestone … *related to* the use of organosulfur compounds in golf balls

in any amount, including but not limited to the following sulfur-containing compounds:  [listing

five compounds]."  Ex. D at 2 (emphasis added).[1]  This request is not a discovery demand

sanctioned by the Federal Rules, but rather a request for administrative assistance in the search

for certain words or phrases in documents Acushnet has in its possession.  Bridgestone does not

have this information readily available, and the burden of obtaining through a search of

Bridgestone's production is no greater for Acushnet than it is for Bridgestone.

      Additionally, Acushnet's assertion that Bridgestone has defaulted on its discovery

obligations by (i) objecting that in Interrogatory No. 25 Acushnet is improperly shifting the

burden of reviewing Bridgestone's production and (ii) failing to specify the documents under

---

[1] As defined by Acushnet in the Interrogatories, the term "relating to" includes "*making reference to,* pertaining to, *mentioning,* discussing, representing, embodying, illustrating, describing, reflecting, supporting, negating, rebutting, contradicting, evidencing, and/or constituting."  Defendant's First Set of Interrogatories to Plaintiff, at Definition 12, Ex. 1 (emphasis added).

Fed. R. Civ. 33(d) is simply without basis.  Interrogatory No. 25 is, put plainly, an abusive and

objectionable demand.  It is not tailored to any specific contention or discrete issue in the case.  It

does not ask Bridgestone to identify or interpret specific claim terms and request identification of

documents relevant to those issues.   In fact, Acushnet's Interrogatory No. 25 in no way

resembles the interrogatory at issue in *Hercules Inc. v. Exxon Corp.,* 434 F. Supp. 136, 158 (D.

Del. 1977), on which Acushnet relies.   Motion at 3.   There, the interrogatory sought the

plaintiff's contentions regarding the interpretation of certain claim terms, the portions of the

claims and specification that supported the interpretation, and the identification of all documents

supporting that position.  *Id.*

       Here, Acushnet demands that Bridgestone undertake the rote exercise of

searching every word of each document in its orderly production – which was duly provided in

accordance with Rule 34(b)'s mandate that documents be produced as kept in the ordinary course

of business – and listing those that (using Acushnet's definition of "relating to") make reference

to or mention the use of organosulfur compounds in golf balls.  Acushnet has, in the words of the

First Circuit, impermissibly used a broadsword where a scalpel would suffice.  *See Mack v.*

*Great Atlantic and Pacific Tea Co., Inc.*, 871 F.2d 179, 187 (1st Cir. 1989) ("…parties have a

correlative obligation to tailor interrogatories to suit the particular exigencies of the litigation.

They ought not to be permitted to use broadswords where scalpels will suffice, nor to undertake

wholly exploratory operations in the vague hope that something helpful will turn up.").

Acushnet could have prepared focused interrogatories tailored to the issues in this case.  Having

failed to do so, Acushnet cannot be heard to complain that Bridgestone must remedy the

deficiency and tell Acushnet which documents "relate to" the use of organosulfur compounds in

golf balls.

Moreover, Acushnet's counsel is a large and sophisticated law firm with access to the tools of modern document review, including trained personnel and electronic database tools. Contrary to Acushnet's claim, responding to the Interrogatory does not require knowledge of Bridgestone's documents, training in organic chemistry or in-depth knowledge of golf ball design. Instead, what is required is the ability to locate the names of organosulfurs. No special knowledge of Bridgestone's documents is needed. To the extent that such a search is burdensome, Bridgestone does not have the requested information available, and it would be as burdensome for Bridgestone to conduct as it would be for Acushnet.[2]

## I.     **LEGAL AUTHORITIES**

Rule 26(b)(2)(iii) mandates that discovery shall not be had if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *See also Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 616 (D. Kan. 2005). Even considering the liberal scope of discovery, district courts retain the discretion to prevent discovery abuse through the use of oppressive discovery tactics and requests.[3] *See, e.g., Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("Broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant.").

---

[2] As for Acushnet's complaint that the documents are in Japanese, Acushnet's counsel has translators and trained personnel to conduct their review.

[3] As recognized in the Advisory Committee Notes on the 1993 Amendments to Rule 34, it is highly desirable to "reduce the frequency and increase the efficiency of interrogatory practice." Acushnet made no effort to meet this standard with Interrogatory No. 25.

A party resisting discovery is only required to show that the discovery request at issue is not relevant, overly broad, or unduly burdensome. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Indeed, discovery should be limited "when sought in bad faith, to harass or oppress the party subject to it, [or] when it is irrelevant." *In re Six Grand Jury Witnesses*, 979 F. 2d 939, 943 (2d Cir. 1992).

The burden of responding to Acushnet's interrogatory is likely to have little benefit to either party while placing a great and undue burden on Bridgestone. Although the chemistry of a golf ball core is a live issue in this case, the marginal value of a complete response to Acushnet's interrogatory, in view of the undue burden such a response would force onto Bridgestone mandates that Acushnet's discovery not be had. A complete response to Acushnet's interrogatory would be nothing more than a list of every single document in Bridgestone's production that in any way mentions an organosulfur. In view of Bridgestone's organized production and detailed source log,[4] such a list is nearly worthless and entirely unnecessary.

## II.    **CONCLUSION**

In view of the breadth of Acushnet's interrogatory and the marginal value of a response to this interrogatory, and in consideration of Acushnet's failure to (1) identify the relevance of a response to this interrogatory or (2) to justify the expenditure of time and effort by Bridgestone, the Court should deny Acushnet's motion.

---

[4]    Unlike Acushnet, Bridgestone has properly identified the source of the documents in its production. *See* Ex. 2 (source log). Acushnet can easily identify by Bates number the documents in Bridgestone's production that were maintained by the Bridgestone research engineers and inventors of interest.

Because of the inaccuracies in Acushnet's source log and Acushnet's representations that, because of sloppy document collection, they might never be able to identify the source of the documents in Acushnet's production, Bridgestone has not yet produced its source log updated to include more recent productions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
Telephone: (302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
875 15th St., N.W.
Washington, DC  20005
(202) 551-7100

June 23, 2006
LEGAL_US_E # 71032222.4

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on June 23, 2006 I electronically filed

the foregoing with the Clerk of the Court using CM/ECF, which will send notification of

such filing(s) to the following:

> Richard L. Horowitz, Esquire
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th floor
> 1313 N. Market Street
> Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

### BY FEDERAL EXPRESS

> Alan M. Grimaldi, Esquire
> Howrey LLP
> 1299 Pennsylvania Avenue, NW
> Washington, DC  20004

/s/ _____

Maryellen Noreika (#3208)
mnoreika@mnat.com