IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br>    *Plaintiffs*, <br><br>    *v.* <br><br>ACUSHNET COMPANY, <br><br>    *Defendant.* | C. A. No. 05-132 (JJF) |

**BRIDGESTONE'S OPPOSITION TO ACUSHNET'S RULE 37 MOTION TO COMPEL DISCOVERY FROM BRIDGESTONE TO ACUSHNET INTERROGATORY NOS. 29-38**

Acushnet Interrogatory Nos. 29-38 request Bridgestone to "[i]dentify each and every document" in Bridgestone's production related "in any way" to the (1) conception, (2) reduction to practice (either actual or conceptual), (3) diligence toward reduction to practice, (4) lack of abandonment, (5) suppression, and (6) concealment, for each of the inventions claimed in the Bridgestone patents-in-suit. These interrogatories are overly broad and unduly burdensome and request information that is irrelevant to any issue in this case.

**1.**     **The Requested Discovery Is Not Relevant To Any Issue In This Case.**

Pursuant to the General Agreement on Tariffs and Trade ("GATT"), Bridgestone can not rely on activities outside of the United States prior to January 1, 1996 to establish a date of invention prior to the filing date or foreign priority date, as appropriate. Accordingly, Bridgestone has informed Acushnet that, for the '652 patent, the '852 patent, the '413 patent, the '817 patent, and the '924 patent, the earliest date of invention to which Bridgestone is entitled is the date of the filing of the Japanese priority application. Thus, pre-filing activities related to these patents, for example, conception and reduction to practice, are irrelevant to any issues in this case. Bridgestone, nevertheless, has produced non-privileged documents that relate to the conception and reduction to practice of the inventions together with a source log that identifies

the documents produced from pertinent individuals (including inventors). Bridgestone, however, should not be required to undertake the task of identifying documents relating "in any way" to issues that are irrelevant.

Acushnet also seeks to have Bridgestone categorize documents showing "lack of abandonment," "suppression," "concealment," and "diligence toward reduction to practice." However, Acushnet has not raised any invalidity defenses that invoke the issues of "lack of abandonment," "suppression," "concealment," and "diligence toward reduction to practice." In Acushnet's voluminous and complex final invalidity contentions, Acushnet has not alleged that any claim of any Bridgestone patent-in-suit is invalid under 35 U.S.C. § 102(c) or 102(g), or that any piece of alleged prior art qualifies as prior art under either of these provisions. Accordingly, there is no factual relevance to these categories.

**2.    Acushnet Can Easily Identify The Source Of Documents In Bridgestone's Production.**

Bridgestone's production, unlike Acushnet's production, was made in compliance with Rule 34, F.R.C.P. In collecting its documents, Bridgestone tracked the source of the documents in production and provided to Acushnet a source log showing the source of each document produced and the custodian of each document. Acushnet can identify the files corresponding to the inventors of patents in suit, other research and development engineers, and appropriate central files.

**3.    Discovery Should Not Be Had When The Burden Or Expense Of Responding Is Outweighed By The Likely Benefit.**

In its motion, Acushnet asserts that "[d]ocuments relating to the development of the alleged inventions are relevant to many issues in a patent infringement case…" Acushnet Motion at p. 4. This argument, however, recharacterizes the propounded interrogatory in an apparent attempt to gild the requests with a veneer of relevancy. As is clear from the language of

- 3 -

Interrogatory Nos. 29-38, Acushnet's interrogatories require much more than simply identifying documents related to the development of the inventions claimed.  They seek the identification of "each and every document" related "in any way" to a number of broad categories.

Rule 26(b)(2)(iii) mandates that discovery shall not be had if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *See also Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 616 (D. Kan. 2005) (holding that a party need not respond to discovery when it "is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure").  Even considering the liberal scope of discovery, district courts retain the discretion to prevent discovery abuse through the use of abusive discovery tactics and requests.[1] *See, e.g., Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("Broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant.").

A party resisting discovery is only required to show that the discovery request at issue is not relevant, overly broad, or unduly burdensome.  *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).  Indeed, discovery should be limited "when sought in bad faith, to harass or oppress the party subject to it, [or] when it is irrelevant."  *In re Six Grand Jury Witnesses*, 979 F. 2d 939, 943 (2d Cir. 1992).

---

[1] As recognized in the Advisory Committee Notes on the 1993 Amendments to Rule 34, it is highly desirable to "reduce the frequency and increase the efficiency of interrogatory practice."  Acushnet's interrogatory is hardly efficient interrogatory practice.

- 4 -

Here, Acushnet already has the documents relating to the development of the alleged inventions that it asserts that it wants. Acushnet also has a source log for those documents. Acushnet's request for the identification of "each and every document" related "in any way" to broad categories seeks discovery that is irrelevant, overly broad and unduly burdensome. It should be denied.

## CONCLUSION

Acushnet Interrogatory Nos. 29-38 require Bridgestone to identify "each and every document" in Bridgestone's production related to several broad issues which are irrelevant to the issues in this case. Because of the clear lack of relevance and the burden of complying with Acushnet's Interrogatories, Acushnet's motion should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*

_____

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
Telephone: (302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.*
*and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
875 15th St., N.W.
Washington, DC 20005
(202) 551-7100

June 23, 2006

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on June 23, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horowitz, Esquire
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th floor
> 1313 N. Market Street
> Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

### BY FEDERAL EXPRESS

> Alan M. Grimaldi, Esquire
> Howrey LLP
> 1299 Pennsylvania Avenue, NW
> Washington, DC  20004

> /s/  *Maryellen Noreika*
> Maryellen Noreika (#3208)
> mnoreika@mnat.com