## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | |
| ACUSHNET COMPANY, ) ) | C. A. No. 05-132 (JJF) |
| Defendant. ) ) | |
| ACUSHNET COMPANY, ) ) | **DEMAND FOR JURY TRIAL** |
| Counterclaim Plaintiff, ) ) | |
| v. ) ) | |
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC. ) ) ) | |
| Counterclaim Defendant. ) | |

## NOTICE OF SUBPOENA AD TESTIFICANDUM AND DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant and Counterclaim Plaintiff Acushnet Company ("Acushnet") have

served or will serve the attached subpoena ad testificandum and duces tecum on LANXESS

Corporation, c/o Mr. Thomas R. Ogoreuc, 111 RIDC Park West Drive, Pittsburgh, PA

15275.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Vivian S. Kuo
HOWREY LLP

1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone (202) 783-0800

Dated:  July 12, 2006

By:  _/s/ David E. Moore_____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P. O. Box 951
    Wilmington, DE  19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

740873

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

for the WESTERN  DISTRICT OF  PENNSYLVANIA

BRIDGESTONE SPORTS CO., LTD, and
BRIDGESTONE GOLF, INC.,

V.

ACUSHNET COMPANY

### SUBPOENA IN A CIVIL CASE

Case Number: [1] C. A. No. 05-132 (JFF) (D. Del)

TO: LANXESS Corporation
c/o Mr. Thomas R. Ogoreuc
111 RIDC Park West Drive
Pittsburgh, PA 15275

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   T.B.D. | DATE AND TIME |
|---|---|
| | T.B.D. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibits A and B.

| PLACE   T.B.D. | DATE AND TIME |
|---|---|
| | August 4, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   Attorney for Defendant | July 12, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andrew R. Sommer    (202) 383-7166
Howrey LLP
1299 Pennsylvania Avenue, N.W., Washington D.C. 20004

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include. but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce. move at any time for an order to compel the production Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule. such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information. or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may. to protect a person subject to or affected by the subpoena, quash or modify the subpoena. or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications. or things not produced that is sufficient to enable the demanding party to contest the claim

American LegalNet, Inc.
www.USCourtForms.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. 05-132 (JJF) |
| ACUSHNET COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

## STIPULATED PROTECTIVE ORDER REGARDING
## CONFIDENTIALITY OF DISCOVERY MATERIAL

Whereas, the parties, through their respective counsel, have met and conferred and have stipulated that certain discovery and disclosure of information in this Action shall be treated as confidential according to the terms and conditions of this Order. Accordingly, it is hereby ORDERED:

### SCOPE

1.    This Order shall apply to all information and things exchanged by any party, including, but not limited to, all documents and things produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents and things, and all deposition testimony and deposition exhibits, and any other papers produced, filed, generated or served by a party in this litigation ("Discovery Material").

1

## DESIGNATION

2.    Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL"in accordance with this Order. The burden of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL as defined herein shall be on the Producing Party.    The designation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

3.    Discovery Material falling into one or more of the following categories may be designated as CONFIDENTIAL: (i) sensitive technical information that is not publicly available and that is not expressly contained in public information; and (ii) sensitive business or financial information that is not publicly available and that is not expressly contained in public information.

4.    Discovery Material falling into one or more of the following categories may be designated as HIGHLY CONFIDENTIAL: (i) proprietary research and development and/or highly sensitive technical information that is not publicly available; (ii) highly sensitive business-related financial or commercial information that is not publicly available and that is not expressly contained in public information; (iii) trade secrets; and (iv) unpublished patent applications and patent prosecution documents that are not available upon request from the U.S. Patent and Trademark Office or any other patent office.

5.    The Producing Party may designate documents or other Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing either of the following legends or similar legends on the document or thing: CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. In the event

2

that CONFIDENTIAL or HIGHLY CONFIDENTIAL material is produced for inspection at a party's facility, such CONFIDENTIAL or HIGHLY CONFIDENTIAL material may be produced for inspection before being marked confidential. Once specific CONFIDENTIAL or HIGHLY CONFIDENTIAL material has been designated for copying, any CONFIDENTIAL or HIGHLY CONFIDENTIAL material will then be marked confidential after copying but before delivery to the Receiving Party. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL or HIGHLY CONFIDENTIAL material before it is copied and marked confidential pursuant to this Order.

6.    Any party or non-party may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL or as HIGHLY CONFIDENTIAL by placing either of the following legends or similar legends on the face of any such document:

> "Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included;" or

> "Contains HIGHLY CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose HIGHLY CONFIDENTIAL information is included."

In the case of discovery requests or responses, a statement may also be included within the document specifying the portion(s) thereof designated as CONFIDENTIAL or as HIGHLY CONFIDENTIAL.

7.    Any party or non-party may designate depositions and other testimony (including exhibits) as CONFIDENTIAL or as HIGHLY CONFIDENTIAL by stating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as CONFIDENTIAL or as HIGHLY CONFIDENTIAL, or designate as such within twenty-one (21) calendar days after receipt of the transcript. If no such designation is made on the record at the time of the testimony, the testimony will be treated as HIGHLY CONFIDENTIAL up until the

3

twenty-one (21) day period for designation has expired. The following legends or similar legends shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information:

> "Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included;" or

> "Contains HIGHLY CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose HIGHLY CONFIDENTIAL information is included."

    8.    Subject to any overriding rules imposed by the Court in this Action, all CONFIDENTIAL or HIGHLY CONFIDENTIAL material, or any excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (i) the caption of this Action; (ii) the words "CONFIDENTIAL – Restricted Access According to Court Order" or "HIGHLY CONFIDENTIAL – Restricted Access According to Court Order" as an indication of the nature of the content; and (iii) a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened or the contents thereof to be displayed or revealed except by Order of Court or consent of the parties."

The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as CONFIDENTIAL or as HIGHLY CONFIDENTIAL and filed in accordance with this Paragraph. The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court and except that outside counsel of record for any party may have access thereto by request to the Clerk of Court at any time during Court hours.

## USE

9.    Any and all material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraphs 12-16 below for any purposes whatsoever other than preparing for and conducting this Action (including appeals).

10.    Except as provided in Paragraphs 12-16 below, counsel for the parties shall keep all material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

11.    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if those words do not already appear.

## DISCLOSURE

12.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, any person who has been provided access to any HIGHLY CONFIDENTIAL Discovery Material produced by the Producing Party or to any information derived from HIGHLY CONFIDENTIAL Discovery Material produced by the Producing Party shall not thereafter (for a period of one year after the conclusion of this case) participate in Patent Prosecution, as defined below, for the Receiving Party. For purposes of this Order, Patent Prosecution shall be defined as preparing, drafting, reviewing, filing, or responding to office actions, signing oaths or

declarations, or prosecuting in any pending or future patent application, or assisting in any of those activities, with respect to any patent application disclosing or claiming (in whole or in part) the subject matter of: (a) any of the patents asserted in the current litigation and (b) any of the parents (grand-parents or other predecessor applications in the chain) of any of the patents asserted in the current litigation. Unless otherwise directed by the Court or authorized in writing by the Producing Party, any person who has been provided access to any HIGHLY CONFIDENTIAL Discovery Material produced by the Producing Party or to any information derived from HIGHLY CONFIDENTIAL Discovery Material produced by the Producing Party shall not thereafter (for a period of two years after the conclusion of this case) participate in Continuation Patent Prosecution, as defined below, for the Receiving Party. For purposes of this Order, Continuation Patent Prosecution shall be defined as preparing, drafting, reviewing, filing, or responding to office actions, signing oaths or declarations, or prosecuting in any pending or future patent application, or assisting in any of those activities, with respect to any continuations, continuations-in-part, divisionals, foreign counterparts, reissues, or re-examinations of any of the patents asserted in the current litigation or any of the parents (grand-parents or other predecessor applications) thereof, including: (i) applications based on U.S. Patent No. 5,553,852 including, but not limited to, Reissue Application Nos. 11/111,974 and 10/183,147; (ii) applications based on U.S. Patent No. 6,634,961 including, but not limited to, Application Nos. 10/635,603, 10/635,610, 11/042,481, and 11/042,482; and (iii) applications based on U.S. Patent No. 6,780,125 including, but not limited to, Application Nos. 09/511,898, 09/764,139, and 09/764,307. Nothing in this Order shall preclude any person who has been provided access to any HIGHLY CONFIDENTIAL Discovery Material produced by the Producing Party or to any

6

information derived from HIGHLY CONFIDENTIAL Discovery Material produced by the Producing Party from reviewing issued patents and their file histories.

## DISCLOSURE OF CONFIDENTIAL MATERIALS

13.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

a.    any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings);

b.    no more than two (2) "in-house" attorneys of a party who are responsible for assisting or overseeing this Action or two (2) persons employed by a party in its legal or intellectual property department and who are responsible for assisting or overseeing this Action;

c.    support personnel for attorneys listed in sub-paragraphs (a) and (b) above, including law clerks, analysts, paralegals, secretaries, and clerical staff employed by any attorney identified in sub-paragraphs (a) or (b) and assisting in connection with this Action;

d.    any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work and subject to the requirements of Paragraphs 15-16 below;

e.    no more than two (2) officers of each Receiving Party, provided that they receive only derived summaries of CONFIDENTIAL Discovery Material for the sole and exclusive purpose of evaluating litigation strategy;

f.    any interpreter, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony;

7

g.    service contractors (such as document copy services), jury consultants and graphic artists;

h.    any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL material sought to be disclosed;

i.    personnel of the Court and all appropriate courts of appellate jurisdiction; and

j.    any other person agreed to by the Producing Party in writing. CONFIDENTIAL material shall not be disclosed to persons described in Paragraphs 13 (b), (d), (e) or (j) unless and until such person has executed the affidavit in the form attached as Exhibit A.

## DISCLOSURE OF HIGHLY CONFIDENTIAL MATERIALS

14.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

a.    any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings);

b.    support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, secretaries, and clerical staff employed by any outside attorney identified in sub-paragraphs (a) and assisting in connection with this Action;

c.    any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action

for trial, with disclosure only to the extent necessary to perform such work and subject to the requirements of Paragraphs 15-16 below;

        d.     any interpreter, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony;

        e.     service contractors (such as document copy services), jury consultants and graphic artists;

        f.     any person who authored and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is the author and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL material sought to be disclosed to that deponent;

        g.     personnel of the Court and all appropriate courts of appellate jurisdiction; and

        h.     any other person agreed to by the Producing Party in writing. HIGHLY CONFIDENTIAL material shall not be disclosed to persons described in Paragraphs 14(c) or (h) unless and until such person has executed the affidavit in the form attached as Exhibit A.

## DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIAL TO AN INDEPENDENT EXPERT

15.    Before any disclosure of material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order is made to an expert pursuant to Paragraphs 13(d) and 14(c) by the Receiving Party, outside counsel for the Receiving Party shall: provide the expert with a copy of this Order; explain its terms; and obtain the expert's written agreement, in the form of Attachment A hereto, to comply with and be bound by its terms.

16.    No CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall be shown to an expert pursuant to Paragraphs 13(d) and 14(c) until ten (10) calendar days after said expert is identified in writing, and a current biographical sketch and a written commitment in the form of Attachment A is provided, to the Producing Party. The biographical sketch shall include a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past four (4) years, and a list of all consulting agreements or arrangements that said individual may have entered into during the past four (4) years that involved or related to golf balls or the manufacture of golf balls. The list should disclose the name and address of each such entity for which consulting work is being, or has been, performed, and the general subject matter of that consulting work. If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information that is not deemed proprietary shall be disclosed. In the event that said individual enters into any subsequent consulting agreements or arrangements, the Receiving Party shall promptly notify the Producing Party of such agreements or arrangements. A party's consent to permitting disclosure of its confidential information by a retained expert of the other party shall not be unreasonably withheld. If a party objects, within ten (10) calendar days of receipt of written notice, biographical sketch and written commitment, to such expert having access to any CONFIDENTIAL or HIGHLY CONFIDENTIAL material, the expert shall be barred from such access for a twenty (20) calendar day period running from the date the expert was identified in writing to the Producing Party (together with the expert's biographical sketch

10

and written commitment). If within that twenty (20) calendar day period (1) the parties are unable to resolve their differences and (2) the opposing party moves for a further protective order, then the CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall not be provided to said expert until the Court rules on the motion for further protective order.

### INADVERTENT PRODUCTION / DESIGNATION

17.    The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine. In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a party that has inadvertently produced any document which it believes may be subject to the attorney-client privilege or attorney work-product doctrine, each party receiving said document shall return it and all copies within three (3) business days to the Producing Party. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

18.    Inadvertent disclosure of material without designating the same as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed a waiver of confidentiality with regard to similar or related information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the

11

attention of counsel for the Receiving Party who shall make every effort to retrieve the inadvertently disclosed information and prevent disclosure by each unauthorized recipient. If information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Order is inadvertently disclosed to a person not authorized by this Order, the party who becomes aware of the disclosure shall immediately inform the other party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the inadvertently disclosed information and prevent disclosure by each unauthorized recipient. The Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Order.

## PARTY SEEKING GREATER PROTECTION MUST OBTAIN FURTHER ORDER

19.    No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

## CHALLENGING DESIGNATION OF CONFIDENTIALITY

20.    Any party through its counsel may assert that particular information designated by the other party as CONFIDENTIAL or HIGHLY CONFIDENTIAL is in fact publicly known or is otherwise not CONFIDENTIAL or HIGHLY CONFIDENTIAL and hence should not be subject to the designated protection hereunder. Such assertion, if made, will be discussed between counsel. If agreement cannot be reached, the designation of confidentiality in dispute may be challenged upon motion and the confidentiality of the information shall be maintained

12

unless the Court orders otherwise. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

21. The restrictions placed by this Order on a Receiving Party shall not apply to any information that, in its entirety:

a. is at the time of disclosure hereunder, or thereafter becomes, a part of the public domain through no act or omission by the Receiving Party, its counsel or its employees;

b. is subsequently independently developed by the Receiving Party;

c. is lawfully in the possession of a person who is not subject to an obligation to maintain it in confidence; and/or

d. is hereafter lawfully disclosed to the Receiving Party by a third party which did not acquire the information under an obligation of confidentiality from or through the Producing Party.

## THIRD-PARTY DISCOVERY MATERIALS

22. It is expressly contemplated and agreed that the terms of this Order are applicable to CONFIDENTIAL or HIGHLY CONFIDENTIAL material submitted by a *non*-party, and/or produced by a non-party in connection with this Action, and that the parties will treat all CONFIDENTIAL or HIGHLY CONFIDENTIAL material of a non-party in accordance with the terms of this Order.

## USE IN COURTROOM PROCEEDINGS

23. Any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL hereunder and produced to another party during discovery herein, if otherwise admissible, may be offered in evidence or otherwise used at the trial of this case, by either party, subject to such further order as the Court may enter to protect such information.

13

## RETURN / DESTRUCTION OF MATERIALS

24.    Within sixty (60) calendar days of the conclusion of the above-captioned case (including all appeals), all material treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order and not received in evidence shall be returned to the Producing Party, except that each parties' outside counsel may maintain all papers filed with the Court, transcripts of testimony and their own memoranda containing confidential information for archival purposes. The party receiving any CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall certify in writing that all such material, including CONFIDENTIAL or HIGHLY CONFIDENTIAL material disclosed hereunder, has been returned or destroyed. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

## MISCELLANEOUS PROVISIONS

25.    Nothing in this Order shall be deemed a waiver of any party's rights, if any, to oppose production of any information or documents, for example, because of lack of timeliness, relevance or materiality, because the party asserts an obligation not to disclose information received from third parties, and/or because privileged or work product information is sought.

26.    Prompt written notice shall be given to any party who produced CONFIDENTIAL or HIGHLY CONFIDENTIAL material hereunder, in the event that party's CONFIDENTIAL or HIGHLY CONFIDENTIAL material is sought by any person not a party to this litigation, by subpoena in another action, or by service with any legal process. Any person seeking such CONFIDENTIAL or HIGHLY CONFIDENTIAL material who takes action to enforce such subpoena or other legal process shall be apprised of this Order. Nothing herein shall be construed as requiring anyone covered by this Order to contest a subpoena or other

process, to appeal any order requiring productions of CONFIDENTIAL or HIGHLY CONFIDENTIAL material covered by this Order, or to subject itself to penalties for noncompliance with any legal process or order.

27.    This Order may be changed only by the written agreement of the parties or further order of the Court, and is without prejudice to the rights of a party to seek relief from or variation of any of its provisions.

28.    Subject to Paragraphs 26 and 27 above, the remaining provisions of this Order, including the obligations to maintain confidentiality embodied herein, shall survive the termination of this Action and continue in full force and effect.

29.    Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to the above-captioned case (including all appeals) and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of CONFIDENTIAL or HIGHLY CONFIDENTIAL material produced by any other party or non-party.

BRIDGESTONE SPORTS CO., LTD. and          ACUSHNET COMPANY
BRIDGESTONE GOLF, INC.,                    By its attorneys,
By its attorneys,


_/s/ Maryellen Noreika_                    _/s/ Richard L. Horwitz_

MORRIS, NICHOLS, ARSHT &                   POTTER ANDERSON & CORROON LLP
TUNNELL
                                           Richard L. Horwitz (#2246)
Jack B. Blumenfeld (#1014)                 David E. Moore (#3983)
Maryellen Norcika (#3208)                  1313 N. Market Street
Leslie A. Polizoti (#4299)                 Wilmington, DE 19801
1201 N. Market Street                      (302) 984-6000
P.O. Box 1347                                Attorneys for Acushnet Company
Wilmington, DE 19801
(302) 658-9200
  Attorneys for Bridgestone Sports Co., Ltd.
  and Bridgestone Golf, Inc.

OF COUNSEL:                                OF COUNSEL:

Robert M. Masters                          Alan Grimaldi
John T. Callahan                           HOWREY LLP
Raja Saliba                                1299 Pennsylvania Ave., NW
SUGHRUE MION, PLLC                         Washington, DC 20004
2100 Pennsylvania Avenue, N.W.             (202) 783-0800
Washington, D.C. 20037
(202) 293-7060

UNITED STATES DISTRICT JUDGE


DATED:      July 2 , 2005



Hon. Joseph J. Farnan, Jr.

16

## EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Acushnet Company ("Acushnet") hereby serves this subpoena for documents and things. To the extent that any documents and things requested by Acushnet are confidential or proprietary, documents and things may be produced pursuant to the protective order attached as Exhibit B.

### DEFINITIONS

A.    "Lanxess Corporation," "Lanxess" "Bayer AG," "Bayer," "you," "your," "yours," and "yourself" mean and refer to Lanxess having a principal place of business at 111 RIDC Park West Drive, Pittsburgh, PA 15275-1112, and its predecessors in interest (including Bayer AG and any subsidiaries thereof) and your agents, counsel, attorneys and other representatives and/or any business entity including any consulting firms owned, acquired, operated or managed by you, including but not limited to the agents, counsel, attorneys, and other representatives of each such entity.

B.    "Organosulfur compounds" or "organosulfurs" include any organic sulfur-containing compounds including vulcanization accelerators, antioxidants or other rubber additives.

C.    "On sale" means available for purchase within the United States of America.

D.    "Irganox 1520" means Irganox 1520 manufactured by Ciba® and includes 4,6 bis (octylthiomethyl)-o-cresol.

E.    "JSR Corporation," "JSR," or "Japan Synthetic Rubber Company, Ltd." means JSR Corporation having a principal place of business located at 5-6-10 Tsukiji Chou-ku, Tokyo, 104-8410 Japan.

### INSTRUCTIONS

1.    This subpoena calls for you to produce all documents that are described below that are known or available to you, including all documents in the possession of or available to your present or former officers, directors, employees, agents, representatives, consultants, attorneys, subsidiaries, affiliates, principals, or parents, or any investigators

or any other person acting on your behalf or under your direction or control or control of your attorneys or agents.

2.    All documents that respond, in whole or in part, to any portion of this subpoena are to be produced in their entirety, without abbreviation or redaction, including all attachments or other matters affixed thereto. To the extent that these documents are maintained in both hard copy and magnetic media form, provide both forms.

3.    All documents shall be produced either in the order and in the manner that they are kept in the usual course of business of shall be organized and labeled to correspond with categories of this subpoena. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

4.    If any document requested has existed, but has been lost, destroyed, or is no longer within your possession, custody, or control, identify those documents and describe the document, its author(s), the recipient(s), or addressee(s), the subject matter, and content. Further, if the document has been destroyed, state with particularity the date and circumstances surrounding the reasons for its destruction, and identify the last known custodian of the document and each person or individual who has knowledge of the loss or destruction of any such document.

5.    With respect to any documents otherwise responsive to this subpoena that, based on a claim of privilege or work product, you withhold or refuse to divulge: (a) state the name of the claim of privilege and the holder of the privilege; (b) state all facts relied upon in support of the privilege; (c) furnish a description of all documents withheld pursuant to the claim of privilege (i.e., the title, subject matter, date, author and person(s) for whom it was prepared, to whom it was sent or who otherwise received or saw the document or were aware of the substance of its contents); (d) identify all persons having knowledge of any facts relating to the claim of privilege; and (e) identify all events, transactions, or occurrences concerning the claim of privilege. If the claim of privilege applies to only a portion of the document, produce all portions of the document to which the claim of privilege does not apply.

6.    All duplicates or copies of documents are to be provided to the extent they have any handwriting, additions, including any highlighting or underlining, or deletions of any kind different from the original document being produced.

7.    If subsequent to the date you produce documents responsive to this subpoena you discover or receive additional documents that are responsive to the requests herein, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of this District Court.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.    All documents relating to the use of organosulfur compounds, including Irganox 1520 in polybutadiene rubber, including, but not limited to CB22 or CB23 polybutadiene rubber manufactured by you.

2.    All documents showing the amount of organosulfur compound present in CB22 or CB23 rubber.

3.    All documents sufficient to show the when CB 22 or CB23 polybutadiene rubber including any organosulfur compounds, including Irganox 1520, was on sale, including documents showing when any such organosulfur-containing CB22 or CB23 was first on sale.

4.    All documents relating to the use of one or more neodymium catalysts in connection with the manufacture or processing of CB22 or CB23 polybutadiene rubber.

5.    Any competitive analyses done by you or on your behalf of any polybutadiene rubbers manufactured or distributed by JSR including any analyses of the molecular weight, viscosity, elasticity, polydispersity, cis-isomer content, trans-isomer content, vinyl content, and resilience index of any rubber manufactured or distributed by JSR.

## DEPOSITION TOPICS

1.    When Lanxess or its predecessors in interest first began to use organosulfur compounds in CB22 or CB23 polybutadiene rubber.

2.    How much organosulfur compound(s) is(are) present in CB22 or CB23 rubber manufactured by you and sold or offered for sale in the United States of America.

3.    The types of organosulfurs used in CB22 or CB23 polybutadiene rubber.

4.    The known uses and buyers of CB22 and CB23 polybutadiene rubber, including, but not limited to, the buyers of CB22 and/or CB23 polybutadiene rubber in the golf ball industry and the dates for which such CB22 and/or CB23 rubber was on sale in the United States by those in the golf ball industry.

5.    Any competitive analyses of any polybutadiene rubber manufactured by JSR and the results of any such analyses.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 12, 2006, the attached document was hand

delivered to the following persons and was electronically filed with the Clerk of the Court using

CM/ECF which will send notification of such filing(s) to the following and the document is

available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on July 12, 2006, I have Electronically Mailed the documents to the

following non-registered participants:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

                                        /s/ David E. Moore
                                        Richard L. Horwitz
                                        David E. Moore
                                        Potter Anderson & Corroon LLP
                                        Hercules Plaza – Sixth Floor
                                        1313 North Market Street
                                        P.O. Box 951
                                        Wilmington, DE 19899-0951
                                        (302) 984-6000
                                        rhorwitz@potteranderson.com
                                        dmoore@potteranderson.com

680012