IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-132 (JJF) |
| v. ACUSHNET COMPANY, | ) ) ) | **REDACTED PUBLIC VERSION** |
| Defendant. | ) ) | Original Filed: June 23, 2006<br>Redacted Public Version Filed: July 19, 2006 |

**BRIDGESTONE'S OPPOSITION TO ACUSHNET'S RULE 37 MOTION
TO COMPEL DISCOVERY FROM BRIDGESTONE TO ACUSHNET
DOCUMENT REQUEST NOS. 4 AND 5 AND INTERROGATORY NO. 9**

Bridgestone has fully responded to Acushnet Document Request Nos. 4-5 and Interrogatory No. 9. Bridgestone has produced all relevant and non-privileged documents located after a diligent search responsive to Document Request Nos. 4 and 5, and has also completely answered Interrogatory No. 9, consistent with the Court's ruling of October 5, 2005. The Court's previous rulings that Bridgestone need not create documents or conduct special analyses for the purpose of responding to Interrogatory No. 9 should stand and not be disturbed. Indeed, to require otherwise would impose on Bridgestone obligations far in excess of those mandated the Federal Rules of Civil Procedure and the prior rulings of the Court.

Acushnet's motion should be denied.

## I. BRIDGESTONE HAS FULLY RESPONDED TO REQUEST NOS. 4-5

Acushnet's Document Request Nos. 4-5 seek:

4. *All documents and things referring or relating to* the conception, diligence toward reduction to practice, or reduction to practice of *any subject matter* of the Bridgestone Patents, *including but not limited to,* invention disclosure documents, notes, notebook entries, sketches, drawings, schematics, models, prototypes, specimens, memoranda, reports, correspondence, records of tests, and records of meetings.

> 5. All documents and things referring or relating to the invention, conception, research, design, development, testing, demonstration, commercial exploitation, public display, manufacture, use, sale, offer for sale, or disclosure of products or services embodying practicing, or using in whole or in substantial part any of the inventions claimed in the Bridgestone Patents.

Acushnet Motion, Ex. B (emphasis added). The full scope of these requests encompasses many broad categories that have no relevance whatsoever to the claims or defenses in the case. Thus, in response, Bridgestone conducted a diligent search and produced the relevant and non-privileged documents in its possession, custody or control.

Acushnet has not identified with specificity what, if any, documents or categories of documents are absent from Bridgestone's production. Instead, it contends that Bridgestone has failed to produce adequate discovery regarding golf balls that were sold *after* the issuance of the patents-in-suit but which embody the invention of one or more of those patents. The information that Acushnet seeks about non-accused golf balls made and sold after the patents-in-suit issued is not relevant, however, to the issue of infringement. *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994) ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent.").

Moreover, the information Acushnet seeks is also not relevant to validity or commercial success of the patents-in-suit. Even if Acushnet were correct (it is not), the benefit of ordering Bridgestone to conduct and provide any additional discovery within the breadth of the requests at issue is minimal at best, because while evidence of commercial success can rebut a defense of obviousness, "[t]he absence of commercial success is neutral [and] commercial failure does not weigh in favor of obviousness." *Edward Lowe Indus. v. Oil-Dri Corp.*, 1995 U.S. Dist. LEXIS 9347, *5 (N.D. Ill. July 3, 1995); *see also Lucent Technologies, Inc. v.*

2

*Foundry Networks, Inc.*, No. 03-508, slip. op. at 9 (D. Del. October 27, 2005) ("evidence of a lack of commercial success does not weigh in favor of a conclusion of obviousness"). In other words, Acushnet seeks to force Bridgestone to establish a negative – the alleged lack of commercial success of Bridgestone golf balls embodying the claimed invention – when that issue is, as a matter of law, an irrelevant or at best neutral factor in the case. Indeed, Acushnet does not (because it cannot) state why information falling under the overly broad scope of Request Nos. 4 and 5, such as the conception, reduction to practice, research, design, development, reports, testing, correspondence, records of tests and records of meetings and so on – of Bridgestone's golf balls made and sold after the issuance of any of the patents-in-suit is at all relevant to the issue of commercial success.

Given the breadth of Acushnet's document requests, the limited value of any additional discovery, and the extent of documents already produced by Bridgestone, Acushnet's request for additional discovery pursuant to Rule 26(b)(2)(iii) should be denied.

## II.    BRIDGESTONE HAS FULLY RESPONDED TO INTERROGATORY NO. 9

In response to Acushnet's Interrogatory No. 9,[1] Bridgestone has identified 21[2] golf balls that practice at least one claim of the Bridgestone patents-in-suit.[3] Ex. 1 (Pl.'s Supp. Resp. to Def.'s Interr. 9 and 12). Acushnet's Motion is premised on the flawed assumption that Bridgestone routinely analyzes golf balls with no connection to the United States (i.e., entirely

---

[1] Interrogatory No. 9: "Identify and describe in detail all Bridgestone and/or third party products that have ever been sold commercially or used in the public that embody any of the claims of the Bridgestone Patents, and for each such product, identify the time period(s) and geographical location in which that product was made, used and/or sold."

[2] Acushnet claims there are more than 30, perhaps failing to realize that some of the balls listed utilize claims from more than one patent.

[3] Notably, Acushnet has failed to produce any documents or information responsive to a similar interrogatory from Bridgestone. Ex. 2 (Def.'s Supp. Resp. to Pl.'s Interr. 29).

made and sold outside of the United States) to determine whether they are embodiments of U.S. patents. It does not. Bridgestone manufactures and markets the majority of its golf balls outside of the United States. Bridgestone obtains patents in many countries. If a ball is neither made nor sold in the United States, Bridgestone generally has no commercial reason to analyze whether the product practices one of its U.S. patents. Thus, Bridgestone's response does not identify such products. The same is true for golf balls manufactured by Bridgestone for Nike pursuant to manufacturing agreements. Bridgestone does not undertake a determination as to whether the golf balls sold by Nike are covered by any of Bridgestone patents.

As the Court previously ruled, Bridgestone is not obligated to conduct such analyses specifically to respond to Acushnet's discovery. *See* Oct. 5, 2005 Hearing Tr. at 34:17-35:10. As Acushnet's motion is nothing more than an attempt to force Bridgestone to conduct analyses it does not routinely perform in the ordinary course of its business, it should be denied.

### III. CONCLUSION

Notwithstanding Acushnet's oft repeated complaints that this case is too complex and that Bridgestone has inundated Acushnet with documents, Acushnet now seeks additional, overly broad discovery on issues that have, at best, a tenuous relation to the case. Acushnet's motion should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Plaintiffs*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS,
   JANOFSKY & WALKER LLP
825 15th Street, N.W.
Washington, DC 20005
(202) 551-1700

June 23, 2006


526224

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on June 23, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Richard L. Horowitz, Esquire
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th floor
>1313 N. Market Street
>Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Richard L. Horwitz, Esquire
>Potter Anderson & Corroon LLP
>1313 N. Market Street
>Wilmington, DE 19801

### BY FEDERAL EXPRESS

>Alan M. Grimaldi, Esquire
>Howrey LLP
>1299 Pennsylvania Avenue, NW
>Washington, DC 20004

>>*/s/ Maryellen Noreika (#3208)*
>>Maryellen Noreika (#3208)
>>mnoreika@mnat.com

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on July 19, 2006 I electronically filed the redacted version of Bridgestone's Opposition to Acushnet's Rule 37 Motion to Compel Discovery From Bridgestone to Acushnet Document Request Nos. 4 and 5 and Interrogatory No. 9 with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Richard L. Horowitz, Esquire
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th floor
>1313 N. Market Street
>Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Richard L. Horwitz, Esquire
>Potter Anderson & Corroon LLP
>1313 N. Market Street
>Wilmington, DE  19801

### BY FEDERAL EXPRESS

>Alan M. Grimaldi, Esquire
>Howrey LLP
>1299 Pennsylvania Avenue, NW
>Washington, DC  20004

>>*/s/ Maryellen Noreika (#3208)*
>>Maryellen Noreika (#3208)
>>mnoreika@mnat.com

i