# EXHIBIT 1

Case 1:05-cv-00132-JJF    Document 134-2    Filed 07/19/2006    Page 1 of 12

IN UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC.,<br><br>           Plaintiffs,<br>v.<br>ACUSHNET COMPANY,<br><br>           Defendant. | C.A. No. 05-132(JJF)<br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules at Civil Procedure, Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (individually or collectively "Bridgestone") hereby supplement Plaintiffs' First Responses to Defendant's Set Of First Interrogatories To Plaintiff dated July 11, 2005.

### GENERAL OBJECTIONS

The General and Specific Objections set forth in Plaintiffs' First Responses to Defendant's First Set of Interrogatories are incorporated herein by reference. Subject to, and without waiving, any of the General and Specific Objections, Bridgestone hereby supplements its responses to Interrogatory Nos. 5, 7-9, 12, 16, 17, 18, 19, 21, 22 and 25.

## RESPONSE TO INTERROGATORY NO. 8

In addition to the General Objections, Bridgestone objects to the interrogatory as being a multiple and compound request constituting more than one interrogatory. Bridgestone further objects to the interrogatory as being overly broad, unduly burdensome and oppressive, and seeking information that is neither relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the general and specific objections, Bridgestone identifies the following: the art of record for the Bridgestone Patents, the art of record in the reissue application for the '852 patent, and the art that Acushnet has identified to Bridgestone with respect to one or more of the Bridgestone Patents, and pursuant to Rule 33(d) Bridgestone specifies documents bearing Bates Nos. BSP086022; BSP085051-55; and art of record as reflected in each of the Bridgestone Patents, *see* BSP085213-18; BSP000473-82; BSP000701-08; BSP090492-502; BSP001407-14; and BSP001507-16; AB00034381-34385; AB0034443-34449; AB0034450-34463; and AB0034403-34411. Bridgestone does not admit or concede that any of the information identified in response to this interrogatory constitutes prior art under 35 U.S.C. §§ 102 and 103. Bridgestone expressly reserves the right to take any step or action to antedate a reference or otherwise demonstrate a reference is not prior art.

Bridgestone reserves the right to later amend and/or supplement its disclosures after further investigation, discovery and based on positions taken by, or contentions of, Acushnet.

## INTERROGATORY NO. 9
Identify and describe in detail all Bridgestone and/or all third-party products that have ever been sold commercially or used in the public that embody any of the claims of the Bridgestone Patents, and for each such product, identify the time period(s) and geographical location in which that product was made, used and/or sold.

5

## RESPONSE TO INTERROGATORY NO. 9

In addition to the General Objections, Bridgestone objects to the interrogatory as being a multiple and compound request constituting more than one interrogatory. Bridgestone also objects to the interrogatory as being overly broad and unduly burdensome and oppressive because it is not limited in geographical location or time period relevant to the issues of this case. Further, Bridgestone objects to the interrogatory as seeking information in the possession of third parties. Bridgestone further objects to the interrogatory to the extent that it purports to require Bridgestone to disclose information in violation of legal or contractual obligation of nondisclosure to a third party.

Subject to and without waiving the general and specific objections, Bridgestone supplements its previous response to this interrogatory by incorporating Bridgestone's responses to Interrogatory Nos. 5 and 12 to show the Bridgestone Products that have been sold and that embody at least one of the claims of the Bridgestone Patents.

Further, as to third party Products, in its complaint against Callaway, Bridgestone alleged that certain of Callaway's Rule 35 balls were covered by one or more claims of the '852 and '707 patents. See AB0046303-46326.

Bridgestone reserves the right to later amend and/or supplement its disclosures after further investigation, discovery and based on positions taken by, or contentions of, Acushnet.

## INTERROGATORY NO. 12

Separately for each of the Bridgestone Patents, state whether Bridgestone contends it has complied with the marking provision of 35 U.S.C. § 287, and if so, identify the article so marked and describe all facts supporting such contention, including dates of first alleged compliance and whether such compliance has been continuous to the filing of the Complaint.

6

## RESPONSE TO INTERROGATORY NO. 12

In addition to the General Objections, Bridgestone objects to the interrogatory as being a multiple and compound request constituting more than one interrogatory. Further, Bridgestone objects to the interrogatory as being overly broad and unduly burdensome.

Subject to and without waiving the general and specific objections, Bridgestone supplements its previous response as follows: Bridgestone contends that it has complied with the marking statute for each of the Bridgestone Patents. With respect to each of the Bridgestone Patents, except for the '791 patent, Bridgestone further responds as follows:

| **Bridgestone Patent** | **Article Marked** | **First Compliance and First Offer for Sale** |
|---|---|---|
| '652 | Precept MC Spin; | on or about March 20, 1998 |
| | Precept MC Senior; | on or about September 1, 1998 |
| | Precept MC Lady; | on or about September 1, 1998 |
| | Precept Extra Spin; | on or about August 15, 2000 |
| | Precept Extra Distance; | on or about August 15, 2000 |
| | EV Classic Distance; | on or about August 15, 2000 |
| | Precept Laddie | on or about January 1, 2002 |
| | Precept U-Tri Extra Spin | on or about September 1, 2002 |
| | Precept U-Tri Extra Distance | on or about September 1, 2002 |
| | Precept Lady | on or about January 31, 2003 |
| | Precept U-Tri Tour | on or about May 20, 2003 |
| | Precept D▲Force | on or about July 18, 2003 |
| | Precept D▲Feel | on or about July 18, 2003 |
| | Bridgestone Golf Tour B330 | on or about December 1, 2004 |
| | Precept PWR Drive | on or about April 8, 2004 |
| '852 | Precept MC Tour Premium; | on or about October 1, 1999 |
| | Precept U-Tri Extra Spin | on or about September 1, 2002 |

7

|  |  |  |
|---|---|---|
|  | Precept U-Tri Extra Distance | on or about September 1, 2002 |
|  | Precept Tour Premium LS | on or about August 1, 2001 |
|  | Precept U-Tri Tour | on or about May 20, 2003 |
|  | Bridgestone Golf Tour B330 | on or about December 1, 2004 |
| '413 | Precept MC Tour Premium | on or about October 1, 1999 |
|  | Precept MC Double Cover | on or about September 1, 1998 |
|  | Precept MC Lady | on or about September 1, 1998 |
|  | Precept MC Tour Advantage | on or about October 1, 1999 |
|  | Precept Extra Distance | on or about August 15, 2000 |
|  | Precept Laddie | on or about January 1, 2002 |
|  | Precept Lady | on or about January 31, 2003 |
|  | Precept D▲Feel | on or about July 18, 2003 |
|  | Precept PWR Drive | on or about April 8, 2004 |
| '817 | Precept Tour Premium LS | on or about August 1, 2001 |
| '707 | Precept MC Tour Premium | on or about October 1, 1999 |
|  | Precept Tour Premium | on or about August 15, 2000 |
|  | Precept U-Tri Extra Spin | on or about September 1, 2002 |
|  | Precept U-Tri Extra Distance | on or about September 1, 2002 |
|  | Precept Tour Premium LS | on or about August 1, 2001 |
|  | Precept U-Tri Tour | on or about May 20, 2003 |
| '834 | Precept Laddie | on or about January 1, 2002 |
| '924 | Precept MC Lady | on or about September 1, 1998 |
|  | Precept MC Tour Advantage | on or about October 1, 1999 |
|  | Precept Tour Premium | on or about August 15, 200 |
|  | Precept Tour Advantage | on or about August 15, 200 |
|  | Precept Extra Distance | on or about August 15, 200 |
|  | EV Classic Distance | on or about August 15, 200 |
|  | Precept U-Tri Extra Spin | on or about September 1, 2002 |
|  | Precept U-Tri Extra Distance | on or about September 1, 2002 |
|  | Precept Tour Premium LS | on or about August 1, 2001 |

8

|  | Precept Lady | on or about January 31, 2003 |
|---|---|---|
| '961 | Bridgestone Golf Tour B330 | on or about December 1, 2004 |
| '125 | Bridgestone Golf Tour B330 | on or about December 1, 2004 |

Bridgestone contends that it has continuously marked each of the foregoing golf ball products as so indicated continuously beginning with the first sale of such golf ball until the golf ball was no longer sold or the date of the complaint. As to the '791 patent, Bridgestone contends that it has not sold any golf ball products employing the invention claimed by the '791 patent and accordingly no marking has occurred.

Pursuant to Fed. R. Civ. P. 33(d), Bridgestone specifies documents bearing Bates Nos. BSP050537-050551, BSP087986-088005, and BSP094584-094600.

Bridgestone reserves the right to later amend or supplement its disclosures after further investigation, discovery and based on positions taken by, or contentions of, Acushnet.

### INTERROGATORY NO. 16

On a claim-by-claim basis, identify and describe in detail in a claim chart the factual bases for Bridgestone's non-infringement contention in its First Affirmative Defense in the *Reply and Counterclaim of Bridgestone to Acushnet's Answer and Counterclaim,* namely, that "Bridgestone has not infringed and does not infringe, either directly or indirectly and either literally or by application of the doctrine of equivalents," any claim of any of the Acushnet Patents, including all witnesses with knowledge of such facts and all documents that support such facts.

### RESPONSE TO INTERROGATORY NO. 16

In addition to the General Objections, Bridgestone objects to the interrogatory as being a multiple and compound request constituting more than one interrogatory. Bridgestone also objects to the interrogatory as premature at this early stage of discovery, especially because Acushnet bears the burden of proof of its infringement allegations and because the interrogatory calls for expert opinion and expert discovery. In addition, the claims of the Acushnet Patents

9

Subject to and without waiving the general and specific objections, Bridgestone supplements its previous response as follows. Bridgestone collects patents directed to golf ball technology in the ordinary course of business as a routine procedure. Bridgestone believes it may have become aware of the '861 patent, the '587 patent and the '367 patent on or about July 28, 1999, the '976 patent on or about May 6, 2004 and the '705 patent on or about November 17, 2004.

As to objections:

MORRIS, NICHOLS, ARSHT & TUNNELL

DATED:   January 6, 2006

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
John T. Callahan
Steven M. Gruskin
Raja Saliba
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 293-7060

24

## VERIFICATION

I hereby declare under penalty of perjury under the laws of the United States that the facts set forth in the foregoing **PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** are true and correct to the best of my present knowledge and beliefs, although the truth of the entirety of each said response may not be known to me personally because said responses are based in part upon information received from others, and that I am authorized to execute this Verification on behalf of Plaintiff Bridgestone Sports Co., Ltd and Bridgestone Golf, Inc.

Dated:           , 2006            _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | C.A. No. 05-132(JJF) |

## CERTIFICATE OF SERVICE

I, John J. Girgenti, hereby certify that copies of **PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** were caused to be served on January 6, 2006 upon the following in the manner indicated:

**VIA HAND DELIVERY:**
Alan M. Grimaldi, Esq.
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

**VIA FEDERAL EXPRESS:**
Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801

John J. Girgenti
Paralegal

# EXHIBIT 2

# REDACTED