IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C. A. No. 05-132 (JJF) |
| ACUSHNET COMPANY, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC. <br><br> Counterclaim Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) **DEMAND FOR JURY TRIAL** |

### ACUSHNET'S THIRD NOTICE OF DEPOSITION OF BRIDGESTONE PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that Defendant/Counterclaim Plaintiff Acushnet Company ("Acushnet") will take the deposition upon oral examination of Plaintiff/Counterclaim Defendant Bridgestone Sports Co., Ltd. and Bridgestone Golf Inc. ("Bridgestone") pursuant to Federal Rule of Civil Procedure 30(b)(6), before an authorized court reporter, commencing at 9:00 A.M. on August 15, 2006 at the offices of Howrey LLP, 1299 Pennsylvania Ave., N.W., Washington, D.C. 20004, or at such other time and place as agreed to by the parties. The deposition will continue from day to day until completed, shall be transcribed, and may be videotaped. You are invited to attend and cross-examine the witness.

In accordance with Rule 30(b)(6), Bridgestone shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf concerning the matters set forth in Attachment A hereto.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Brian S. Seal
Andrew R. Sommer
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: (202) 783-0800

Dated: July 24, 2006

742574

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

-2-

## ATTACHMENT A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Notice of Deposition is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

The Definitions set forth in Defendant's First Set of Interrogatories to Plaintiff are hereby incorporated by reference.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

With respect to all models or versions of the Bridgestone® Tour B330, NIKE® OneGold, NIKE® OneTW, NIKE® OneBlack, NIKE® OnePlatinum, Precept® Laddie, Precept® U-Tri Tour, Precept® U-Tri Spin, Precept® U-Tri Extra Spin, and Precept® U-Tri Extra Distance ("the Products"):

1. The quality control techniques, methods, and guidelines, and/or any other quality control or quality assurance measures employed by Bridgestone in the development, design and manufacture of each and every model and version of the Products, including and without limitation, statistical quality control techniques, quality control charts, maintenance of any quality control equipment, and analysis of variance.

2. The manufacturing specifications, and design and/or manufacturing tolerances for each of the Products including without limitation the core coefficient of restitution, core compression, core distortion, Shore D hardness of various golf ball components including any cover layers and any core or core layers, resilience index of the polybutadiene material used in the core of the products, JIS C hardness of various golf ball components including any cover layers and any core or core layers, JIS C hardness of the core surface, specific gravity, cover thickness, dimple diameter, dimple

depth, dimple volume, core percent polybutadiene by weight, and 300% modulus (the "Design Parameters").

3. Any maximum and minimum values associated with each Design Parameter for each Product that would result in a product failing any quality control or quality assurance analysis or otherwise not being sold for full price for that version of the Product (e.g., those golf balls being sold as X-outs or practice balls).

4. The testing of the Products, and all preliminary, intermediary and end product components, including and without limitation, cores, inner or outer cover layers, any intermediate layers, and/or any other layers, conducted by or on behalf of Bridgestone in development and/or manufacture of the Products.

5. The manufacture, monitoring, maintenance and replacement of all dimple cavities used in the manufacture of any of the Products.

6. The identity of each person substantially involved in the development, testing, quality control and compliance, and manufacture of each and every model and version of the Products.

7. Any tolerances in the measurement of the quantity of each raw material that is used in the manufacture of any center core, outer core, inner cover layer, outer cover layer and/or any intermediate layer used in any of the Products.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on July 24, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on July 24, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012