IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| ACUSHNET COMPANY, | ) ) | C. A. No. 05-132 (JJF) |
| Defendant. | ) ) ) | |
| ACUSHNET COMPANY, | ) ) | **DEMAND FOR JURY TRIAL** |
| Counterclaim Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC. | ) ) ) ) | |
| Counterclaim Defendant. | ) | |

**ACUSHNET'S SIXTH NOTICE OF DEPOSITION OF BRIDGESTONE PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that Defendant/Counterclaim Plaintiff Acushnet Company ("Acushnet") will take the deposition upon oral examination of Plaintiff/Counterclaim Defendant Bridgestone Sports Co., Ltd. ("Bridgestone") pursuant to Federal Rule of Civil Procedure 30(b)(6), before an authorized court reporter, commencing at 9:00 A.M. on September 7, 2006 at the offices of Howrey LLP, 1299 Pennsylvania Ave., N.W., Washington, D.C. 20004, or at such other time and place as agreed to by the parties. The deposition will continue from day to day until completed, shall be transcribed, and may be videotaped. You are invited to attend and cross-examine the witness.

-2-

In accordance with Rule 30(b)(6), Bridgestone shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf concerning the matters set forth in Attachment A hereto.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Brian S. Seal
Andrew R. Sommer
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: July 25, 2006

742732

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

## ATTACHMENT A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Notice of Deposition is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

The Definitions set forth in Defendant's First Set of Interrogatories to Plaintiff are hereby incorporated by reference.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

With respect to the Bridgestone® Tour B330, NIKE® OneGold, NIKE® OneTW, NIKE® OneBlack, NIKE® OnePlatinum, Precept® Laddie, Precept® U-Tri Tour, Precept® U-Tri Spin, Precept® U-Tri Extra Spin, and Precept® U-Tri Extra Distance products ("the Products"):

1. Annual projected sales and profits for each Product for each year.

2. Any brand or franchise strategy plan, or other product plan for each product.

3. Market research conducted or commissioned by Bridgestone concerning any of the Products, any competing third-party golf ball products and/or any other golf ball products manufactured by Bridgestone.

4. The scope and nature of the market for each Product, including without limitation the identity of each of Bridgestone and NIKE's competitors, each competing product, the comparative strengths and weaknesses of each Product and each competing product, and each Product's market share.

5. The marketing of each Product including pricing, promotion, and distribution strategies.

-2-

6. Advertising conducted by Bridgestone or on Bridgestone's behalf for each Product, brand, or franchise.

7. Actual sales of each Product including without limitation total sales in units and dollars and gross and net profit margins from 1999 through the present.

8. Manufacturing costs, costs of goods sold, and standard costs for each Product from 1999 through the present including without limitation how such costs are calculated.

9. Income and profit and loss for each Bridgestone division or operating group responsible for manufacturing and/or marketing one or more of the Products on an annual and quarterly or monthly basis from 1999 through the present.

10. Bridgestone's capacity to manufacture each product.

11. Bridgestone's policies with respect to licensing.

12. Licenses or other agreements entered into by Bridgestone that concern or cover any of the Products or any technology incorporated in or used to manufacture the Products, including any royalties received or paid by Bridgestone.

13. Licenses or other agreements entered into by Bridgestone concerning or involving patents relating to golf balls other than the patents-in-suit, including any royalties received or paid by Bridgestone.

14. Any license negotiations engaged in by Bridgestone concerning golf ball related patents, including those that did not result in an executed agreement.

15. Other products sold by Bridgestone (or any other company whose financial statements are consolidated with those of Bridgestone) and the impact of sales of the Products on sales of such other products.

16. Bridgestone's relationship with its domestic and foreign distributors including without limitation any agreements with those distributors, Bridgestone's sales to those distributors, Bridgestone's practices with respect to those distributors concerning

-3-

pricing, payment terms, returns, and credits for defective or obsolete merchandise and any benefit Bridgestone receives from its relationship with those distributors.

       17.    Technologies, if any, considered by Bridgestone as alternatives to the technologies accused of infringing the patents-in-suit.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 25, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on July 25, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012