IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ACUSHNET COMPANY, | ) ) | C. A. No. 05-132 (JJF) |
| Defendant. | ) ) ) | |
| ACUSHNET COMPANY, | ) ) | **DEMAND FOR JURY TRIAL** |
| Counterclaim Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC. | ) ) ) | |
| Counterclaim Defendant. | ) | |

### ACUSHNET'S EIGHTH NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that Defendant/Counterclaim Plaintiff Acushnet Company ("Acushnet") will take the deposition upon oral examination of Plaintiff/Counterclaim Defendant Bridgestone Sports Co., Ltd. ("Bridgestone") pursuant to Federal Rule of Civil Procedure 30(b)(6), before an authorized court reporter, commencing at 9:00 A.M. on September 12, 2006 at the offices of Howrey LLP, 1299 Pennsylvania Ave., N.W., Washington, D.C. 20004, or at such other time and place as agreed to by the parties. The deposition will continue from day to day until completed, shall be transcribed, and may be videotaped. You are invited to attend and cross-examine the witness.

In accordance with Rule 30(b)(6), Bridgestone shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf concerning the matters set forth in Attachment A hereto.

|  | POTTER ANDERSON & CORROON LLP |
|---|---|
| OF COUNSEL: | |
| Alan M. Grimaldi<br>Joseph P. Lavelle<br>Brian S. Seal<br>Andrew R. Sommer<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>Telephone (202) 783-0800 | By: /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P. O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Dated: August 11, 2006<br>745830 / 28946 | *Attorneys for Defendant/Counterclaim Plaintiff Acushnet Company* |

-2-

## ATTACHMENT A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Notice of Deposition is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

The Definitions set forth in Defendant's First Set of Interrogatories to Plaintiff, Defendant's Second Set of Interrogatories to Plaintiff, and Defendant's Fourth Set of Interrogatories Directed to Plaintiffs are hereby incorporated by reference.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

With respect to all Bridgestone and Nike golf balls Sold in the United States which Practice a Bridgestone Patent, as identified in Bridgestone's Responses to Acushnet's Interrogatory No. 9 (the "Products"):

1. Projected and forecasted sales and profits for each Product prepared during and around the time each Product was initially offered for sale.

2. Any brand strategy plan, or other product plan for each product.

3. The scope and nature of the market for each Product, including without limitation the identity of each of Bridgestone and NIKE's competitors, each competing product, the comparative strengths and weaknesses of each Product and each competing product, and each Product's market share.

4. The marketing of each Product including pricing, promotion, and distribution strategies.

5. Advertising conducted by Bridgestone or on Bridgestone's behalf for each Product.

6. Actual sales of each Product including without limitation total sales in units and dollars and gross and net profit margins from 1998 through the present.

7. Manufacturing costs, costs of goods sold, and standard costs for each Product from 1998 through the present including without limitation how such costs are calculated.

8. Income and profit and loss for each Bridgestone division or operating group responsible for manufacturing and/or marketing one or more of the Products on an annual and quarterly or monthly basis from 1998 through the present.

9. Bridgestone's capacity to manufacture each product.

10. Bridgestone's policies with respect to licensing.

11. Licenses or other agreements entered into by Bridgestone that concern or cover any of the Products or any technology incorporated in or used to manufacture the Products, including any royalties received or paid by Bridgestone.

12. Other products sold by Bridgestone (or any other company whose financial statements are consolidated with those of Bridgestone) and the impact of sales of the Products on sales of such other products.

13. Bridgestone's relationship with any United States or foreign distributors including without limitation any agreements with those distributors, Bridgestone's sales to those distributors, Bridgestone's practices with respect to those distributors concerning pricing, payment terms, returns, and credits for defective or obsolete merchandise and any benefit Bridgestone receives from its relationship with those distributors.

14. Technologies, if any, considered by Bridgestone as alternatives to the technologies accused of infringing the patents-in-suit.

15. Any customer studies performed regarding the value which users of the Products place in any patented feature of the Products, or the likelihood of users switching to patented products if competitive golf balls were no longer sold.

16. Any past or planned capital investment or plant expansion for the production of the products.

Furthermore, the following matters will be addressed without regard to a particular patent or product:

17. Any other licenses or industry standard or published royalty rates for golf ball technology of which Bridgestone is aware.

18. Any internal studies of golf ball-related patent royalty rates or technology transfer, including those prepared for the purposes of internal accounting or compliance with I.R.C. § 482 and § 6662.

19. Bridgestone's publicly available financial reports.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 11, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on August 11, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012