IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ACUSHNET COMPANY, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) C. A. No. 05-132 (JJF) |
| ACUSHNET COMPANY, <br><br>Counterclaim Plaintiff, <br><br>v. <br><br>BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC. <br><br>Counterclaim Defendant. | ) ) ) ) ) ) ) ) ) ) ) **DEMAND FOR JURY TRIAL** |

## ACUSHNET'S NINTH NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that Defendant/Counterclaim Plaintiff Acushnet Company ("Acushnet") will take the deposition upon oral examination of Plaintiff/Counterclaim Defendant Bridgestone Sports Co., Ltd. ("Bridgestone") pursuant to Federal Rule of Civil Procedure 30(b)(6), before an authorized court reporter, commencing at 9:00 A.M. on September 18, 2006 at the offices of Howrey LLP, 1299 Pennsylvania Ave., N.W., Washington, D.C. 20004, or at such other time and place as agreed to by the parties. The deposition will continue from day to day until completed, shall be transcribed, and may be videotaped. You are invited to attend and cross-examine the witness.

In accordance with Rule 30(b)(6), Bridgestone shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf concerning the matters set forth in Attachment A hereto.

Respectfully submitted,

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Brian S. Seal
Andrew R. Sommer
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  (202) 783-0800

Dated:  August 29, 2006
748090 / 28946

POTTER ANDERSON & CORROON LLP

By:  /s/ David E. Moore
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 North Market Street
     P. O. Box 951
     Wilmington, DE  19899-0951
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

## ATTACHMENT A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Notice of Deposition is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

The Definitions set forth in Defendant's First Set of Interrogatories to Plaintiff are hereby incorporated by reference.

"Core Gradient" means the change in hardness from the center of the golf ball core to the surface of the golf ball core as measured using a durometer.

"Bridgestone Prior Art Golf Balls" for the purpose of this Notice means each model, version or type of the Precept EV Extra Spin Golf Ball, the Altus Newing Massy Golf Ball, and the Tour Stage U-Spin golf ball.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

1. The manufacture of solid cores for golf balls including the selection of base rubber, cross-linking materials, co-crosslinking materials, fillers and additives and the vulcanization conditions for each of the golf balls that practice the claims of any one or more of the '707 patent, the '791 patent or the '834 patent.

2. The processes for creation of Core Gradients in solid core golf balls, including the materials used in the manufacture of golf balls having Core Gradients, the conditions for creating certain Core Gradients including, but not limited to the time for vulcanization, the temperature at which vulcanization takes place, any changes to the time and/or temperature at which vulcanization takes place during the vulcanization process and the reproducibility of core gradients during the manufacturing process.

3. The tolerances for measuring the compositions, chemicals or other ingredients used in the manufacture of cores of the accused Bridgestone Products or any product identified

by Bridgestone in response to Acushnet's Interrogatories Nos. 9 and 12 that practice the claims of the '652 patent and Bridgestone's methods for measuring the amounts of those ingredients, including any scales used in any of Bridgestone's manufacturing facilities or other measuring devices used to measure the amounts of such ingredients, and the precision, accuracy, and measurement tolerances of any such scales or other measurement devices.

4. The amount of base rubber used in manufacturing a batch of rubber for the use in the manufacture of cores of the accused Bridgestone Products and each product identified by Bridgestone in response to Acushnet's Interrogatories Nos. 9 and 12 that practice the claims of the '652 patent.

5. The identity of each material code used in connection with each of the Bridgestone Accused products, the Bridgestone Prior Art Golf Balls and/or each product identified by Bridgestone in response to Acushnet's Interrogatories Nos. 9 and 12 that practice the claims of the '652 patent, including the material codes for the core materials and materials for all covers or intermediate layers on the golf balls.

6. The physical characteristics of the Bridgestone Tour B330, the Tour Stage X-01H and Tour Stage X★01H including the cover hardness, the core hardness, the intermediate layer hardness, the hardness difference from the center of the core to the surface of the core, and the materials used for manufacturing the core, the cover, and the intermediate layer of the Bridgestone Tour B330, the Tour Stage X-01H and Tour Stage X★01H.

7. The first date of sale in the United States of the Bridgestone Tour B330, Tour Stage X-01H and Tour Stage X★01H.

8. The invention and inventive activities (i.e., conception and reduction to practice) related to the technology disclosed in Japanese Kokai Number 02-92378.

9. Mr. Yoshihiko Fujii's job responsibilities at Bridgestone Corporation between 1987 and 1993, the identity of the indivudal(s) that Mr. Fujii reported to and those that reported to him, presentations given by Mr. Fujii and Mr. Fujii's participation in the preparation and prosecution of Japanese Kokai Number 02-92378.

10.     Kojima Law Firm's role in the preparation and prosecution of United States Patent Number 5,252,652, Japanese Patent Number 2961735, Japanese Patent Number 2669051, and Japanese Patent Number 2778229.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 29, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on August 29, 2006, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012