# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

September 6, 2006

**BY ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

Re:   Bridgestone Sports Co., Ltd. et al. v. Acushnet Company, C.A. No. 05-132 (JJF)

Dear Judge Farnan:

      Pursuant to the Court's August 3, 2006 Order, Bridgestone has attempted to resolve the issues it has raised with respect to Acushnet's privilege log (attached as Exh. A). A number of issues still remain, however. We have identified 62 remaining documents for which we believe Acushnet has not made a proper claim of privilege and have broken the documents down by category in an attempt to simplify the issues involved.

      A number of documents withheld as Work Product are undated, thus making it impossible to tell what, if any, litigation they were prepared for in anticipation of, and also lack both an author and a recipient. Bridgestone believes that Acushnet has not properly established the application of the work product doctrine for the following documents on its log: 63, 65-67, 85, 87, 97-99, 106-107, 240, and 262.

      A number of documents for which Acushnet claims Attorney-Client Privilege have no attorney listed as either an author or recipient. These are 63, 70-71, 75-77, 85, 87-88, 97-99, 112, 114-116, 207-211, 216, 222-229, 233-240, 243-248, 255-259, 261-262 and 269-274. Of these, numbers 70-71, 75-77, 207-211, 233-237, 243-246, 257-259, and 269-270 fail to identify either an author or a recipient. Documents 238 and 239, while lacking any attorney author or recipient, each have distribution lists of more than twenty people. Bridgestone believes that Acushnet has not properly established the application of the attorney-client privilege for these documents.

The Honorable Joseph J. Farnan, Jr.
September 6, 2006
Page 2

Finally, Acushnet has requested back a number of documents as inadvertently produced and added them to its privilege log. Of these documents, numbers 273 and 274 were used, without objection, as exhibits at the July 11 deposition of Michael Jordan, and testimony was elicited from Mr. Jordan regarding these documents. It was only later, on July 19, 2006, that Acushnet requested the return of these documents claiming privilege and inadvertent production. Additionally, neither the author nor recipient of either document is an attorney, although a claim of Attorney-Client Privilege has been asserted for each. Bridgestone believes that any claim of privilege for either of these documents has been waived and that Acushnet should re-produce these documents.

Bridgestone respectfully requests that the Court find that Acushnet has failed to establish a proper claim of privilege for these documents.

Respectfully,

/s/ *Jack B. Blumenfeld (#1014)*

Jack B. Blumenfeld

JBB/bls
Attachment

cc:   Peter T. Dalleo, Clerk (By Hand)
      Richard L. Horwitz, Esquire (By Hand)
      Alan M. Grimaldi, Esquire (By Fax)
      Robert M. Masters, Esquire (By Fax)