# EXHIBIT A

# HOWREY LLP

1299 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2402
PHONE: 202.783.0800 • FAX: 202.383.6610

## FACSIMILE COVER SHEET

**DATE:** August 11, 2006

**TO:**
- **NAME:** Brandon M. White
- **COMPANY:** Paul, Hastings, Janofsky & Walker LLP
- **FAX NUMBER:** 202-551-0154
- **PHONE NUMBER:** 202-551-1754
- **CITY:** Washington, D.C.

**FROM:**
- **NAME:** Alan M. Grimaldi
- **DIRECT DIAL NUMBER:** 202-383-6989
- **USER ID:** 0041

**NUMBER OF PAGES, INCLUDING COVER:** 5
**CHARGE NUMBER:** 00634.0002

☐ ORIGINAL WILL FOLLOW VIA:
  ☐ REGULAR MAIL   ☐ OVERNIGHT DELIVERY   ☐ HAND DELIVERY   ☐ OTHER: _____

☒ ORIGINAL WILL NOT FOLLOW

**SUPPLEMENTAL MESSAGE:**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 202.383.7137.

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004.2402
www.howrey.com

Alan M. Grimaldi
Partner
202.383.6989
202.383.6610
grimaldia@howrey.com

File 00634.0002

August 11, 2006

BY FACSIMILE

Brandon M. White, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

    Re:   *Bridgestone Sports Co. v. Acushnet Co.,*
           C.A. No. 05-132 (JJF) (D. Del.)

Dear Brandon:

    In accordance with the Court's Order requiring Acushnet to provide Bridgestone with "any invalidity defense with respect to the selected claims and the references relied upon," by todays date (Order, Aug. 3, 2006), Acushnet hereby incorporates all the claim charts and supporting documents that Acushnet served on you in response to Bridgestone's Interrogatory No. 5. These documents provide Acushnet's positions on invalidity of the remaining claims of the patents-in-suit.

    While the Court did not require that Acushnet reduce or modify its invalidity contentions, in the spirit of cooperation, we further identify the following references as being withdrawn for the purposes of Acushnet's invalidity contentions. Acushnet, however, reserves the right to use any of the withdrawn references to provide evidence of the knowledge held by those of ordinary skill in the art at a particular time, or as rebuttal evidence to any statements made by any expert relied upon by Bridgestone.

- **The '652 Patent**

    - United States Patent No. 2,467,789

- **The '852 Patent**

    - United States Patent No. 6,503,156

    - United States Patent No. 6,506,130

    - United States Patent No. 6,595,873

    - United States Patent No. 6,213,894

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US\8376134.v1

HOWREY LLP

Brandon M. White
August 11, 2006
Page 2

- **The '817 Patent**
    - United States Patent No. 5,586,950
    - Great Britain Publication No. 2 276 093
    - United States Patent No. 5,098,105

- **The '834 Patent**
    - United States Patent No. 5,098,105
    - Great Britain Publication No. 2 264 302
    - United States Patent No. 4,674,751
    - United States Patent No. 4,858,924
    - Japanese Kokai Publication No. 02-228978

- **The '707 Patent**
    - United States Patent No. 5,730,663
    - United States Patent No. 5,002,281
    - United States Patent No. 5,830,087
    - United States Patent No. 5,743,817
    - United States Patent No. 5,024,444
    - United States Patent No. 4,840,381

- **The '961 Patent**
    - United States Patent No. 6,520,871
    - United States Patent No. 6,325,730
    - United States Patent No. 6,739,985
    - United States Patent Application Publication No. 2002/0193182
    - United States Patent No. 6,315,684
    - United States Patent No. 6,503,156

DM_US\8376134.v1

Brandon M. White
August 11, 2006
Page 3

- United States Patent No. 6,506,130
- United States Patent No. 6,595,873
- United States Patent No. 6,213,894
- United States Patent No. 5,586,950
- Great Britain Publication No. 2 278 609
- United States Patent No. 6,394,915
- United States Patent No. 6,413,172
- United States Patent No. 6,379,269
- United States Patent No. 6,432,000
- United States Patent No. 6,224,498
- United States Patent No. 6,667,001
- Australia Publication 703884
- Japanese Patent No. 2669051
- Japanese Patent No. 2778229
- United States Patent No. 5,697,856

- **The '791 Patent**
    - United States Patent No. 6,379,269
    - United States Patent No. 6,435,983
    - United States Patent No. 6,409,614
    - United States Patent No. 6,045,460
    - United States Patent No. 5,776,012
    - United States Patent No. 5,730,663

DM_US\8376134.v1

**HOWREY**LLP

Brandon M. White
August 11, 2006
Page 4

We are available to discuss ways to streamline the remainder of this litigation.

Very truly yours,

Alan M. Grimaldi

DM_US\6376134.v1

# EXHIBIT B

# HOWREY LLP

1299 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2402
PHONE: 202.783.0800 • FAX: 202.383.6610

## FACSIMILE COVER SHEET

**DATE:** August 15, 2006

**TO:**
- **NAME:** Robert M. Masters
- **COMPANY:** Paul, Hastings, Janofsky & Walker LLP
- **FAX NUMBER:** 202-551-1705
- **PHONE NUMBER:** 202-551-1763
- **CITY:** Washington, D.C.

**FROM:**
- **NAME:** Alan M. Grimaldi
- **DIRECT DIAL NUMBER:** 202-383-6989
- **USER ID:** 0041

**NUMBER OF PAGES, INCLUDING COVER:** 3
**CHARGE NUMBER:** 00634.0002

☐ ORIGINAL WILL FOLLOW VIA:
　☐ REGULAR MAIL　☐ OVERNIGHT DELIVERY　☐ HAND DELIVERY　☐ OTHER: _____

☒ ORIGINAL WILL NOT FOLLOW

**SUPPLEMENTAL MESSAGE:**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 202.383.7137.

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004.2402
www.howrey.com

Alan M. Grimaldi
Partner
202.383.6989
202.383.6610
grimaldia@howrey.com

File 00634.0002

August 16, 2006

BY FACSIMILE

Robert M. Masters, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

Re: **Acushnet's Invalidity Contentions**
*Bridgestone Sports Co. v. Acushnet Co.*,
C.A. No. 05-132 (JJF) (D. Del.)

Dear Rob:

We have received your letter of August 14 and take exception to your allegation that Acushnet is "in violation of the Court's Order." (Masters Ltr. to Grimaldi, August 14, 2006, at 1.) The Court's Order requires Acushnet to "provide Plaintiff with any invalidity defense with respect to the selected claims and the references relied upon by August 11, 2006." (Order of Aug. 3, 2006 at 1.) Your letter admits that the Order did not require Acushnet to limit its defenses. (Masters Ltr. to Acushnet, Aug. 2.) The Court, seeming to recognize that the field was a crowded one, did not limit Acushnet to a number of prior art references at the hearing. (Aug. 2, 2006 Hearing Tr. at 37:10-38:2.) You even agreed that the golf ball art "can be" a very crowded art field. (*Id.* at 37:16-19.)[1] In accordance with the Court's Order, Acushnet incorporated its final invalidity contentions, which provide Bridgestone, in detail, each portion of each reference (by page and/or column and line number) that Acushnet is relying on for its invalidity case. These contentions represent our current thinking as to the invalidity issues presented by the 7 remaining Bridgestone patents-in-suit.

We have been and remain prepared to discuss exactly what it is that Bridgestone wants in connection with a "specific invalidity contention." Acushnet has made numerous requests to Bridgestone to elaborate on just what Bridgestone believes is a "specific" combination of prior art, and even informed the Court of this fact. (*See* Horwitz Ltr. to Judge Farnan, Jul. 26, 2006 at 1 n.1 (citing Grimaldi Ltr. to Masters, May 16, 2006.)

---

[1] In fact, just searching for the word "golf ball" in the issued U.S. Patent database and the U.S. Patent Application Publication Database, which goes back only until 1976 for patents and 2001 for published patent applications returns over 13,400 references. This excludes all publications prior to 1976 and all foreign references of which there are many more.

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US\8377166.v1

PAGE 2/3 * RCVD AT 8/15/2006 4:57:22 PM [Eastern Daylight Time] * SVR:WDCRF1/2 * DNIS:9998 * CSID: * DURATION (mm-ss):01-28

Robert M. Masters
August 15, 2006
Page 2

On August 11, 2006, although the Court's order did not require Acushnet to reduce its invalidity contentions, in the spirit of cooperation, Acushnet withdrew 46 of the references that it was relying on in its invalidity contentions. (*See* Grimaldi Ltr. to White, Aug. 11, 2006.) This is more than a "handful" of references as you contend. Rather Acushnet reduced its contentions by about 20%.[2] In that letter, we informed you that we remain available "to discuss ways to streamline the remainder of this litigation." (*Id.* at 4.) Instead, we get a letter accusing us of violating the Court's Order.

In your letter, you contend that unless Acushnet "provides us with the invalidity defenses that Acushnet will rely on at trial and to provide specificity in its combination of references, we have no choice to seek the court' guidance in resolving this matter." (Masters Ltr. to Grimaldi, Aug. 14, 2006 at 2.) This position supposes that Acushnet has not given you the invalidity defenses that Acushnet currently believes it will rely on at trial. If your position is that Acushnet must withdraw positions that it may chose not to pursue at trial, such action is premature at this point. Trial is almost 10 months away. The Markman hearing has yet to be conducted and a claim construction ruling has not issued. The time for Acushnet to further narrow its contentions will be in its expert reports. During the normal progression of expert discovery, certain other references may be dropped as well. Requiring Acushnet to drop more than the 46 references that it has already dropped from its final contentions is premature at this stage.

Although it is our position that Acushnet's invalidity contentions are complete and identify the specific portions of each prior art reference relied upon, Acushnet remains willing to meet and confer with respect to the level of "specificity" Bridgestone would like to see in Acushnet's contentions in an effort to avoid having to burden the Court with this issue.

As we have already informed you, we believe that Bridgestone's infringement contentions are also deficient in that Bridgestone has not identified which limitations are literally satisfied by the products and which limitations are satisfied only under the doctrine of equivalents. (*See* Seal Ltr. to White, Jul. 28, 2006.) We would add this topic to our meet and confer.

We are available to discuss these matters further this Friday, August 18, 2006.

Very truly yours,

Alan M. Grimaldi

---

[2] This is based on Bridgestone's representation that Acushnet raised 243 new references to Bridgestone during its final contentions. (Polizoti Ltr. to Farnan, Jul. 24, 2006 at 1.) This even included some double-counting of references and appears to include prior art golf balls, which are not "references." (*Id.* at n.1.)

DM_US\8377166.v1

PAGE 3/3 * RCVD AT 8/15/2006 4:57:22 PM [Eastern Daylight Time] * SVR:WDCRF1/2 * DNIS:9998 * CSID: * DURATION (mm-ss):01-28

# EXHIBIT C

Case 1:05-cv-00132-JJF    Document 195-2    Filed 09/14/2006    Page 11 of 12

# CONFIDENTIAL EXHIBIT