# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

September 27, 2006

**BY ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

Re:   Bridgestone Sports Co., Ltd. et al. v. Acushnet Company, C.A. No. 05-132 (JJF)

Dear Judge Farnan:

We write in reply to Acushnet's September 21, 2006 letter (D.I. 205). Nearly two months have passed since this Court required Bridgestone to limit the number of claims it would assert against Acushnet's products to 14 and for Acushnet to limit its invalidity contentions to "something that will be relied on at trial." (D.I. 158, Tr. at 37). Acushnet, however, is still asserting thousands of obviousness combinations, combining up to 48 references. Bridgestone respectfully requests the Court to compel Acushnet to limit the total number of prior art references upon which it may rely, in accordance with the Court's August 3 Order. (D.I. 154). See also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., C.A. No. 04-1371-JJF, at 15 (D.Del. Sept. 20, 2006) (limiting alleged infringer to one prior art reference for each claim asserted against it). Bridgestone respectfully requests a hearing on the issue it has raised.

In its letter, Acushnet also states:

> . . . Bridgestone asks this Court for what it has **not** given to Acushnet in response to an essentially **identical interrogatory**. (See Ex. A (comparing Acushnet's Interrog. 18 with Bridgestone's Interrog. 35.)) Bridgestone has told Acushnet only that "to the extent [claims 2 and 4-7 of the '705 patent] are not anticipated, [they are] **rendered obvious under 35 U.S.C. § 103(a) in combination with secondary references.**" (Ex. B (Bridgestone's Resp. to Acushnet Interrog. 18) at 9 (emphasis added).) Bridgestone has merely contended an unspecified number of unidentified "secondary references" may be used in combination with the primary references it has identified in its claim charts. This is far less specificity than that provided by Acushnet. . . .

The Honorable Joseph J. Farnan, Jr.
September 27, 2006
Page 2

(D.I. 205) (emphasis in original).

      In fact, Bridgestone's August 11, 2006 letter (Ex. 1) substantially narrowed Bridgestone's prior invalidity contentions with respect to claim 4 of the '705 patent and provides the **specific** obviousness combinations upon which Bridgestone intends to rely. In any event, before its letter to the Court, Acushnet had never raised this issue with Bridgestone.

                                     Respectfully,

                                       */s/ Jack B. Blumenfeld (#1014)*

                                     Jack B. Blumenfeld

JBB/bls

cc:    Peter T. Dalleo, Clerk (By Hand)
       Richard L. Horwitz, Esquire (By Hand)
       Alan M. Grimaldi, Esquire (By Fax)
       Robert M. Masters, Esquire (By Fax)

538865