# EXHIBIT 1

**Paul**Hastings

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W. • Washington, DC 20005
telephone 202 551 1700 • facsimile 202 551 1705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(202) 551-1754
brandonwhite@paulhastings.com

August 11, 2006

70416.00002

**VIA FACSIMILE**

Brian S. Seal, Esq.
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004

Re:   *Bridgestone v. Acushnet* – Invalidity Contentions

Dear Brian:

Although the Judge's Order dated August 3, 2006, does not require Bridgestone to provide Acushnet with revised invalidity contentions[1], Bridgestone has nonetheless narrowed its invalidity defenses with respect to U.S. Patent No. 6,818,705 (the "705 Patent").

With respect to claim 4 of the '705 Patent, Bridgestone asserts that claim 4 is anticipated, and to the extent not anticipated, rendered obvious, by each of U.S. Patent No. 5,980,396; U.S. Patent No. 6,336,872; and U.S. Patent No. 6,319,154. Further, Bridgestone asserts that claim 4 is rendered obvious by U.S. Patent No. 5,948,862 in view of U.S. Patent No. 5,253,871. One of ordinary skill in the art would have been motivated to replace the ionomer resin cover layer in the '862 Patent with the polyurethane cover layer of the '871 Patent in order to improve a golf ball's resistance to impact and durability. Thus, claim 4 of the '705 Patent is invalid under 35 U.S.C. §§102 and 103, and with regard to the invalidity contentions stated above, Bridgestone stands on its Responses to Acushnet's Interrogatory No. 18, as reflected in Plaintiffs' Sixth Supplemental Responses to Defendant's First Set of Interrogatories, dated May 9, 2006.

Furthermore, as Bridgestone's investigation is ongoing and since the Court has not yet construed the claims of the Acushnet patents, Bridgestone maintains that each of Acushnet's asserted claims (i.e., claim 4 of the '705 Patent; claim 1 of U.S. Patent No. 4,729,861; claims 1 and 26 of U.S. Patent No. 4,936,587; and claims 1 and 3 of U.S. Patent No. 5,080,367) is invalid under 35 U.S.C. §112, first and/or second paragraph based on lack of written description and lack of enablement, and/or indefiniteness.

---

[1] Paragraph 3 of the Court's Order states: "Defendant shall provide Plaintiff with any invalidity defense with respect to the selected claims and the references relied upon by August 11, 2006."

Brian Seal
August 11, 2006
Page 2

If you have any questions, please contact me at your convenience.

Sincerely,

Brandon M. White
for PAUL, HASTINGS, JANOFSKY & WALKER LLP