IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.,
and BRIDGESTONE GOLF, INC.,

        Plaintiffs,

    v.

ACUSHNET COMPANY,

        Defendant.

C.A. No. 05-132 (JJF)

**BRIDGESTONE'S MOTION TO COMPEL ACUSHNET TO
COMPLY WITH THE COURT'S AUGUST 3, 2006 ORDER**

At the August 2, 2006 hearing, the Court stated that Acushnet would be required to "specifically set out its invalidity defenses … [and] the references that are relied on for those defenses." (D.I. 158, Tr. at 8-9). Bridgestone requested clarification as to the number of references and combinations of references to which Acushnet would be permitted (Tr. at 37:10-15). The Court stated that Acushnet would not be given a specific limit, but that Acushnet's contentions must "be specific to the defense and something that will be relied on at trial" (Tr. at 37:16-38:9). The next day, the Court issued an Order requiring Acushnet to "provide Plaintiff with any invalidity defense with respect to the selected claims and the references relied upon by August 11, 2006" (D.I. 154).

Nevertheless, Acushnet has taken the position that "the Court did not require that [it] reduce or modify its invalidity contentions" (Ex. A, Aug. 11 letter from Grimaldi to White). Although Acushnet has withdrawn a number of references in the "spirit of cooperation," it has purported to reserve the right to rely on those same references later (*id.*). In addition, despite the Court's rulings, Acushnet maintains that it is premature to withdraw the invalidity positions that it may choose not to pursue at trial and that Acushnet need not reduce its contentions until after the *Markman* decision, during expert discovery (Ex. B, Aug. 15 letter from Grimaldi to Masters).

Even taking into account the references that have been withdrawn, Acushnet's invalidity contentions remain voluminous and fail to specify how it is combining references. Bridgestone is left to guess what obviousness positions Acushnet will press at trial and which will be dropped.

The following chart summarizes Acushnet's current invalidity positions:

| Patent | Claims Asserted | 35 U.S.C. § 102 References | 35 U.S.C. § 103 Positions |
|---|---|---|---|
| '652 | 1, 5 and 9 | 1 | 6 separate invalidity positions, each position based on various, unspecified combinations of 7-11 references |
| '852 | 1, 6 and 7 | 4 | 6 separate invalidity positions, each based on various, unspecified combinations of 6 references |
| '817 | 1 | 8 | 9 separate invalidity positions, each position based on various, unspecified combinations of 12 references |
| '707 | 1 | 3 | 13 separate invalidity positions, each position based on various, unspecified combinations of 24 references |
| '834 | 1 | 3 | 11 separate invalidity positions, each position based on various, unspecified combination of 13 references |
| '961 | 2 | 10 | 7 separate invalidity positions, each position based on various, unspecified combination of 44 – 48 references |
| '791 | 11, 13, 16 and 26 | 2 | 5 separate invalidity positions, each position based on various, unspecified combination of 33 references |

For the '961 patent – the most extreme example – Acushnet's invalidity contentions with respect to the one and only claim asserted against Acushnet's productions include 10 anticipation and 7 obviousness positions, where each obviousness contention combines between 44 and 48 references, all together or in any combination thereof (Ex. C, portion of August 29 letter from

Seal to Masters with invalidity contentions relating to claim 2 of the '961 patent). Acushnet has hundreds of possible obviousness combinations for a single claim.

Bridgestone believes that Acushnet's invalidity contentions continue to be improper. The number of references cited in Acushnet's obviousness combinations, the failure to provide specific combinations, and the failure to identify the motivation to combine so many references is prejudicial to Bridgestone.

Acushnet's position that it is premature to reduce its invalidity positions at this time is also inconsistent with its previous willingness to reduce its contentions. In June, Acushnet proposed that it would reduce its invalidity contentions to three Section 102 contentions and five Section 103 combinations, provided that Bridgestone would reduce the number of claims asserted (Ex. D, June 19 email from Grimaldi to Masters). Since then, Bridgestone has reduced the number of asserted claims to 14 pursuant to the Court's August 3 Order. If Acushnet was in a position to reduce its invalidity contentions in June, it certainly should be able to do so today.

Bridgestone respectfully requests the Court to compel Acushnet to comply with its August 2 rulings and August 3 Order, and to require Acushnet to set forth specific combinations of references, as well as the alleged motivation to combine those references.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  *Attorneys for Bridgestone Sports Co., Ltd.
  and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC  20005
(202) 551-1700

October 18, 2006

## **RULE 7.1.1 CERTIFICATE**

Pursuant to D. Del. L.R. 7.1.1, this is to certify that counsel for plaintiffs has discussed the subject matter of this motion with counsel for defendant and has not been able to reach agreement on the matters therein.

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on October 18, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horowitz, Esquire
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th floor
> 1313 N. Market Street
> Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE  19801

### BY EMAIL

Alan M. Grimaldi, Esquire
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004

 /s/ Maryellen Noreika
Maryellen Noreika (#3208)
mnoreika@mnat.com