## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**BRIDGESTONE SPORTS CO., LTD.,**
**AND BRIDGESTONE GOLF, INC.,**

*Plaintiffs*,

*v*.

**ACUSHNET COMPANY,**

*Defendant*.

C.A. No. 05-132 (JJF)

## JOINT CLAIM CONSTRUCTION STATEMENT

Plaintiffs Bridgestone Sports Co., Ltd., and Bridgestone Golf, Inc. ("Bridgestone") and

Defendant Acushnet Company ("Acushnet") hereby submit this joint claim construction

statement.

### I. Bridgestone Patent US 5,252,652

The parties agree as to the following definition:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|-----------|--------------------------|----------------------|
| 1 | "having an improved rebound property and initial velocity" | Plain and Ordinary Meaning | |

The parties disagree on the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|-----------|--------------------------|----------------------|
| 1 | "a base rubber selected from the group consisting of polybutadiene rubber, natural rubber, polyisoprene rubber, and styrene-butadiene rubber" | Plain and Ordinary Meaning | The use of "consisting of" in this claim means that one and only one base rubber selected from the group of polybutadiene rubber natural rubber, polyisoprene rubber, and styrene-butadiene rubber. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 5,252,652**: Col. 1, lines 44-47; Col. 1, lines 58-60; Col. 2, lines 15-21; Col. 2, lines 22-36; Col. 3, lines 25-31; Col. 3, line 55 to Col. 5, line 2, including Examples and Tables; Col. 5, lines 7-11; Claims 1-13.

**In the file history of US Patent 5,252,652**: Application, p. 2, lines 10-13; Application, p. 2, lines 23-25; Application, p. 3, lines 11-31; Application, p. 6, line 10 – p. 8, line 25, including Examples;  Application, pp. 9-10; Dec. 12, 1990 Office Action, pp. 2-4; April 12, 1991 Declaration of Egashira, pp. 1-3;  April 12, 1991 Amendment, pp. 4-9; July 8, 1991 Office Action, pp. 2, 3; Oct. 8, 1991 Amendment, pp. 2-6; Dec. 11, 1991 Office Action, pp. 2, 3; Apr. 13, 1992 Declaration of Egashira, pp. 2, 3; Apr. 13, 1992 Amendment, pp. 1-7; May 5, 1992 Office Action, pp. 2, 3; Aug. 5, 1992 Declaration of Egashira, pp. 2, 3; Aug. 5, 1992 Response, pp. 1-6; Oct. 13, 1992 Office Action, pp. 2, 3; Mar. 12, 1993 Amendment, pp. 2-10; April 9, 1993 Notice of Allowability, p. 2.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 5,252,652**:  Col. 2, lines 22-36; Tables 1-2 (Col. 4); Col. 5, lines 6-11.

**In the file history of US Patent 5,252,652**: Application, p. 3, lines 18-31; Application, p. 7, Table 1; Application, p. 8, Table 2; Application, p. 9, claims 1, 2; Dec. 12, 1990 Office Action, pp. 2-3; Declaration of Egashira, pp. 2-3; April 12, 1991 Amendment, pp. 1-2, 4-5, 6; Aug. 7, 1991 Office Action, pp. 2-3.

2.

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | "about" | Approximately, in the stylistic and technological context in which it is used. | Approximately, as would be understood by those skilled in the art to mean the precision with which the quantity the term is used to modify can be measured. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 5,252,652**: Col. 2, lines 48-51; Col. 2, line 65 to Col. 3, line 2; Col. 3, lines 11-14; Col. 3, lines 17-19; Col. 3, line 55 to Col. 5, line 2, including Examples and Tables; Col. 5, lines 10-20; Claims 1-13.

**In the file history of US Patent 5,252,652**: Application, p. 4, lines 6-10; Application, p. 4, lines 23-28; Application, p. 5, lines 1-4; Application, p. 5, lines 7-8; Application, p. 6, line 10 – p. 8, line 25, including Examples;  Application p. 9; Dec. 12, 1990 Office Action, pp. 2-4; April 12, 1991 Declaration of Egashira, pp. 1-3;  April 12, 1991 Amendment, pp. 4-9; July 8, 1991 Office Action, pp. 2, 3; Oct. 8, 1991 Amendment, pp. 2-6; Dec. 11, 1991 Office Action, pp. 2, 3; Apr. 13, 1992 Declaration of Egashira, pp. 2, 3; Apr. 13, 1992 Amendment, pp. 1-7; May 5, 1992 Office Action, pp. 2, 3; Aug. 5, 1992 Declaration of Egashira, pp. 2, 3; Aug. 5, 1992 Response, pp. 1-6; Oct. 13, 1992 Office Action, pp. 2, 3; Mar. 12, 1993 Amendment, pp. 2-10; April 9, 1993 Notice of Allowability, p. 2.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 5,252,652**: Col. 2, lines 48-51, Col. 2, line 66-Col. 3, line 2; Col. 3, lines 11-14, 17-19, 30-31; Tables 1-2 (Col. 4); Col. 5, lines 11, 13, 19, Col. 6, lines 19-21.

**In the file history of US Patent 5,252,652**: Application, p. 4, lines 6-10, 24-28;

Application, p. 5, lines 1-4, 7-8; Application, p. 7, Table 1; Application, p. 8, Table 2;

Application, p. 9, claims 1, 2; Dec. 12, 1990 Office Action, pp. 2-3; March 25, 1991 Declaration

of Egashira, pp. 2-3;  April 12, 1991 Amendment, pp. 1, 2, 5, 6;  July 8, 1991 Office Action, pp.

2 - 3; Dec. 11, 1991 Office Action, pp. 2-3; Apr. 6, 1992 Declaration of Egashira, pp. 2-3; Aug. 5,

1992 Response, pp. 4-5; U.S. Patent No. 4,770,422 ("Composition for Making Durable Golf

Balls and Other Products"): Abstract; Col. 2, lines 3-16; Col. 3, lines 42-48; U.S. Patent No.

4,556,220 ("Solid Golf Balls"): Col. 2, lines 8-14; U.S. Patent No. 4,129,538 ("Peptizing Agent

for Natural Rubber and Synthetic Butadiene-Styrene Rubber"): Col. 3, lines 18-22.

## II. Bridgestone Patent US 5,553,852

The parties agree as to the following definition:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|------------|--------------------------|-----------------------|
| 1 | "center core" | An object forming a center of a golf ball | |

The parties disagree on the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|------------|--------------------------|-----------------------|
| 1 | "a thickness of at least 1 mm" | Plain and Ordinary Meaning | A thickness that is no less than 1.0 mm. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 5,553,852**: Abstract, lines 4-6; Col. 2, lines 13-15;

Col. 2, lines 32-35; Col. 3, lines 28-33; Col. 3, lines 46-47; Table 2, Examples 1-6 and

Comparative Examples 1-3; Col. 7, lines 3-4; Col. 7, lines 3, 4; Claims 1-8.

**In the file history of US Patent 5,553,852**: Application, p. 4, lines 21-22; Application, p.

5, lines 20-22; Application, p. 8, line 24 – p. 9, line 6; Application, p. 9, lines 23-25; p. 16, Table

2, Examples 1-6 and Comparative Examples 1-3; Application, pp. 18-19; Application, p. 20, line

7-8; May 18, 1995 Office Action; p. 2; Dec. 7, 1995 Amendment, pp. 5-14; Sept. 26, 1995

Declaration of Yamagishi, pp. 2-7.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 5,553,852**:  Abstract; Col. 1, lines 6-10; Col. 1, line 65 - Col. 2, line 2; Col. 2, lines 7-10; Col. 2, lines 13-14, 33-34, 55-56, 59-61; Col. 3, lines 29-30, 33-34, 46-49; Table 2; Col. 6, line 65-Col. 7, line 10.

**In the file history of US Patent 5,553,852**:  Application, p. 4, lines 2-7, 13-20; Application, p. 5, lines 20-22; Application, p. 6, lines 19-21; Application, p. 6, line 25- p. 7, line 2; Application, p. 8, line 24- p. 9, line 1; Application, p. 9, lines 5-6; Application, p. 9, line 23- Application, p. 10, line 2; Application, p. 18, lines 3-17; Application, p. 20, lines 7-8, Oct. 18, 1995 Amendment, p. 6; U.S. Patent No. 5,253,871 ("Golf Ball"):  Col. 3, lines 3-4; Col. 4, lines 1-3; Tables 1, 3; Col. 7, lines 5-8.

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|------------|--------------------------|------------------------|
| 1 | "a thickness of 1 to 3 mm" | Plain and Ordinary Meaning | A thickness that is no less than 1.0 mm and is no greater than 3.0 mm. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 5,553,852**: Abstract, lines 7-8; Col. 2, lines 18-20; Col. 2, line 35; Col. 3, lines 59-62; Table 2, Examples 1-6 and Comparative Examples 1-3; Col. 7, lines 8-9; Col. 7, lines 8-9; Claims 1-8.

**In the file history of US Patent 5,553,852**: Application, p. 5, lines 3-4; Application, p. 5, lines 23-24; Application, p. 10, lines 15-19; p. 16, Table 2, Examples 1-6 and Comparative Examples 1-3; Application, pp. 18-19; Application, p. 20, line 10-11; May 18, 1995 Office Action; p. 2; Dec. 7, 1995 Amendment, pp. 5-14; Sept. 26, 1995 Declaration of Yamagishi, pp. 2-7.

5.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 5,553,852**: Abstract, Col. 1, lines 6-10; Col. 1, line 65-Col. 2, line 2; Col. 2, lines 7-10; Col. 2, lines 19-21, 36, 55-56; Col. 3, lines 59-61; Table 2; Col. 6, line 65-Col. 7, line 10.

**In the file history of US Patent 5,553,852**: Application, p. 4, lines 2-7, 13-22; Application, p. 5, lines 3-6, 23-24; Application, p. 6, lines 19-21; Application, p. 10, lines 15-19; Application, p. 18, lines 3-17; Application, p. 20, lines 10-11; Oct. 18, 1995 Amendment, pp. 6; GB 2 228 874 A ("Three-piece solid golf ball"): page 6, lines 21-22; Table 1 (page 10); GB 2 232 162 A ("Three piece solid golf ball"): page 6, lines 18-19; page 7, lines 15-19, 21-24; page 10 (Table 1); page 14, lines 32-34; GB 2 185 890 A ("Golf Ball"): page 2, lines 58-62; U.S. Patent No. 5,253,871 ("Golf Ball"): Col. 3, lines 3-4; Col. 4, lines 1-3; Tables 1, 3; Col. 7, lines 5-8; U.S. Patent No. 5,048,838 ("Three-Piece Solid Golf Ball"): Col. 1, lines 46-47; Col. 2, lines 41-45; Col. 3, lines 60-61; Table 1; Col. 6, lines 28-29; U.S. Patent No. 4,781,383 ("Solid Three-Piece Golf Ball"): Col. 4, lines 40-41; U.S. Patent No. 4,714,253 ("Three-Piece Solid Golf Ball"): Col. 3, lines 21-23; Table 1; Col. 6, lines 30-31; U.S. Patent No. 5,184,828 ("Solid Three Piece Golf Ball"): Col. 6, lines 31-34; Table 1.

## III. Bridgestone Patent US 6,634,961

The parties agree as to the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|------------|--------------------------|------------------------|
| 2 | "The diene rubber (b) includes 30 to 100 wt % of a second polybutadiene" | Plain and ordinary meaning. | |
| 1 | "an organosulfur compound" | Plain and ordinary meaning. | |

6.

The parties disagree on the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|-----------|--------------------------|----------------------|
| 1 | "having a viscosity η at 25°C as a 5 wt % solution in toluene of up to 600 mPa·s" | Plain and ordinary meaning. | Having a viscosity η of 600 milli Pascal seconds or less. The viscosity being defined by the specification of the '961 patent to be measured "in mPa·s units" and being "obtained by dissolving 2.28g of the polybutadiene to be measured in 50 ml of toluene and carrying out measurement with a specified viscometer at 25°C using a standard solution for the viscometer (JIS Z8809)" |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,634,961**: Abstract; Col. 2, lines 17-39; Col. 2, lines 46-47; Col. 2, lines 58-65; Col. 3, lines 5-23; Col. 10, line 38 to Col. 14, line 8, including Examples and Tables; Col. 14, lines 15, 16; Claims 1-9.

**In the file history of US Patent 6,634,961**: Application, p. 3, line 20 – p. 4, line 6; Application, p. 4, lines 13, 14; Application, p. 4, line 23-30; Application, p. 5, lines 1-18; Application p. 18, line 1 to p. 22, line 12, including Examples and Tables; Application, pp. 23-24; Application, p. 25, lines 1-18; Sept. 10, 2002 Office Action, pp. 2-8; Feb. 10, 2003 Amendment, pp. 4-6.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,634,961**: Col. 2, lines 24-26; 44-48; 60-65; Col. 3, lines 5-24; Col. 6, lines 61-67; Col. 7, lines 1-8; Col. 11 (Table 1); Col. 14, line 9-Col. 15, line 21.

7.

**In the file history of US Patent 6,634,961**:  Application, p. 5, lines 1-18; Application, p. 23, line 3- p. 24, line 6; Feb. 10, 2003 Amendment pp. 1-2, 5, 8.

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | "base rubber composed of (a) 20 to 100 wt % of a polybutadiene…satisfying the relationship: $10B+5 \leq A \leq 10B+60$, wherein A is the Mooney viscosity$(ML_{1+4} (100°C))$ of the polybutadiene and B is the ratio Mw/Mn between the weight-average molecular weight Mw and the number-average molecular weight Mn of the polybutadiene" | Plain and ordinary meaning. | The base rubber composed of (a) 20 to 100 wt % of a polybutadiene that has the relationship: <br><br> 10 times the polydispersity plus 5 is less than or equal to the Mooney viscosity which is less than or equal to 10 times the polydispersity plus 60. <br><br> The term polydispersity means the ratio of the weight average molecular weight (Mw) to the number average molecular weight (Mn). <br><br> As defined in the specification, "M" in the term $(ML_{1+4} (100°C))$ stands for Mooney viscosity, "L" stands for large rotor, "1+4" stands for a preheating time of 1 minute and a rotor rotation time of 4 minutes, and "100°C" indicates that the measurement was carried out at a temperature of 100°C." |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,634,961**: Abstract; Col. 2, lines 17-39; Col. 2, lines 58-65; Col. 3, lines 25-55; Col. 5, lines 47-53; Col. 6, line 61 to Col. 7, line 8; Col. 10, line 38 to Col. 14, line 8, including Examples and Tables; Col. 14, lines 12-22; Claims 1-9.

**In the file history of US Patent 6,634,961**: Application, p. 3, line 20 – p. 4, line 6; Application, p. 4, line 23-30; Application, p. 5, line 19 – p. 6, line 11; Application, p. 9, lines 13-19; Application p. 18, line 1 to p. 22, line 12, including Examples and Tables; Application, pp. 23-24; Application, p. 25, lines 1-18; Sept. 10, 2002 Office Action, pp. 2-8; Feb. 10, 2003 Amendment, pp. 4-6.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,634,961**:  Abstract; Col. 2, lines 20-30; Col., 2, lines 58-65; Col. 3, lines 25-54; Col. 6, lines 61-68; Col. 7, lines 1-8; Col. 11 (Table 1); Col. 14, line 9-Col. 15, line 21.

**In the file history of US Patent 6,634,961**:  Application, p. 4, lines 23-30; Application, p. 5, line 34- p. 6, line 11; Application, p. 25, lines 4-11; U.S. Patent No. 6,315,679 ("Thread Wound Golf Ball"): Col. 3, lines 36-42;  U.S. Patent No. 4,955,613 ("Polybutadiene Golf Ball Product"): Col. 1, line 62-Col. 2, line 2;  U.S. Patent No. 4,929,678 ("Rubber Composition and a Solid Golf Ball Obtained Therefrom"):  Col. 1, lines 60-62; Col. 2, lines 19-21; Col. 3, lines 61-63; Col. 5, lines 36-37.

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | "(b) 0 to 80 wt % of a diene rubber other than component(a)" | Plain and ordinary meaning. | A diene rubber, different from diene rubber (a), that if present, is present in an amount not more than 80% by weight of the total rubber composition. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,634,961**: Abstract; Col. 2, lines 17-50; Col. 5, line 47 to Col. 6, line 20; Col. 7, lines 9-15; Col. 10, line 38 to Col. 14, line 8, including Examples and Tables; Col. 14, lines 22-23; Claims 1-9.

**In the file history of US Patent 6,634,961**: Application, p. 3, line 20 – p. 4, line 16; Application, p. 9, line 7 - p. 10, line 7; Application, p. 11, lines 28-35; Application, p. 18, line 1 – p. 22, line 12, including Examples and Tables; Application, p. 23, lines 8-10; Sept. 10, 2002 Office Action, pp. 2-8; Feb. 10, 2003 Amendment, pp. 4-6.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,634,961**:  Abstract; Col. 2, lines 20-31; Col. 5, lines 54-67; Col. 6, lines 1-19; Col. 14, line 9-Col. 15, line 22.

**In the file history of US Patent 6,634,961**:  Application, p. 3, lines 23-34; Application, p. 9, lines 13-25; Application, p. 23, line 3-p. 24, line 6; Application, p. 25, lines 4-12.

10.

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|-----------|--------------------------|------------------------|
| 2 | "which has a cis-1,4 content of at least 60% and a 1,2 vinyl content of at most 5%, has a Mooney viscosity($ML_{1+4}$ (100° C)) of not more than 55, and satisfies the relationship: $\eta \leq 20A-550$, wherein A is the Mooney viscosity ($ML_{1-4}$ (100° C)) of the second polybutadiene and $\eta$ is the viscosity of the second polybutadiene, in mPa·s, at 25°C as a 5 wt % solution in toluene." | Plain and ordinary meaning. | Agree, plain meaning, with the further understanding that the specification defines "M" in the term ($ML_{1+4}$ (100°C)) as "Mooney viscosity," 'L' stands for large rotor..., '1+4' stands for a preheating time of 1 minute and a rotor rotation time of 4 minutes and "100°C" indicates that the measurement was carried out at a temperature of 100°C." <br><br> As defined in the specification, the viscosity $\eta$ is defined as viscosity in mPa·s units obtained by dissolving 2.28g of the polybutadiene to be measured in 50 ml of toluene and carrying out measurement with a specified viscometer at 25°C using a standard solution for the viscometer (JIS Z8809). |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

   **In the specification of US Patent 6,634,961**: Col. 2, lines 17-50; Col. 5, line 47 to Col. 6, line 20; Col. 6, line 61 to Col. 7, line 15; Col. 10, line 38 to Col. 14, line 8, including Examples and Tables; Col. 15, lines 14-22; Claims 1-9.

   **In the file history of US Patent 6,634,961**: Application, p. 3, line 20 – p. 4, line 16; Application, p. 9, line 7 - p. 10, line 7; Application, p. 11, lines 28-35; Application, p. 18, line 1 – p. 22, line 12, including Examples and Tables; Application, p. 23, lines 8-10; Sept. 10, 2002

Office Action, pp. 2-8; Feb. 10, 2003 Amendment, pp. 4-6.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,634,961**:  Abstract; Col. 2, lines 20-31, 41-50, 58-68; Col. 3, lines 1-52; Col. 5, lines 54-67; Col. 6, lines 1-19; Col. 6, lines 61-67; Col. 7, lines 1-15; Col 11. (Table 1); Col. 14, line 9-Col. 15, line 22.

**In the file history of US Patent 6,634,961**:  Application, p. 3, lines 23-34; Application, p. 4, lines 7-16, 23-30; Application, p. 5, lines 1-18; Application, p. 9, lines 13-33; Application, p. 6, lines 3-11; Application, p. 11, lines 28-35; Application, p. 23, line 3- p. 24, line 6; Application, p. 25, lines 4-12;  Feb. 10, 2003 Amendment p. 1-2, 5, 8;   U.S. Patent No. 6,315,679 ("Thread Wound Golf Ball"):  Col. 3, lines 36-42;  U.S. Patent No. 4,955,613 ("Polybutadiene Golf Ball Product"): Col. 1, line 62-Col. 2, line 2; U.S. Patent No. 4,929,678 ("Rubber Composition and a Solid Golf Ball Obtained Therefrom"):  Col. 1, lines 60-62; Col. 2, lines 19-21; Col. 3, lines 61-63; Col. 5, lines 36-37.

## IV. Bridgestone Patent US 5,743,817

The parties disagree on the following definition:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | "cover consists of an ionomer resin as a resin component" | The resin component in the cover is ionomer resin. | "consists of" means that the resin component of the cover includes only one ionomer resin and excludes other resins or blends of ionomer resins. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 5,743,817**: col. 4, lines 45-48; col. 5, lines 16-54, including Table 2; Col. 6, lines 54, 55; Claims 1-2; FIG. 1

**In the file history of US Patent 5,743,817**: Application, p. 7, lines 32-35; Application, p. 8, line 31 – p. 9, line 10; Application, p. 7, lines 32-35; Application, FIG. 1; March 4, 1997 Amendment, p. 1-8.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 5,743,817**: Col. 3, lines 29-32; Col. 4, lines 22-25, 45-48; Col. 6, lines 48-56.

**In the file history of US Patent 5,743,817**: Application, p. 6, lines 22-26; Application, p. 8, 11-15; Application, p. 12, lines 3-9; Sept. 3, 1996 Office Action, p. 3; March 4, 1997 Amendment, p. 1, 3-7; U.S. Patent No. 4,858,924 ("Solid Golf Ball"): Abstract; Col. 4, line 50-Col. 5, line 24; U.S. Patent No. 4,919,434 ("Golf Ball"): Col. 5, lines 16-23; Col. 6, lines 5-12, 52-68; U.S. Patent No. 5,304,608 ("Two-Piece Golf Ball"): Col. 3, lines 10-14; Table 1; GB 2 276 628 A ("Golf Balls"): page 1, line 25-page 2, line 14; page 3, line 17-page 4, line 22; page 5, line 8-page 7, line 2; page 11, Table 3; page 13, Table 4; page 17, Table 6; page 19, lines 3-14

## V. Bridgestone Patent US 5,803,834

The parties agree as to the following definition:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | "within 5 mm inside the core surface" | The hardness of each point within the region of the core which radially extends from the surface to a depth of 5mm in cross section. | |

## VI. Bridgestone Patent US 5,782,707

The parties agree as to the following definition:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1, 9 | "core center hardness" | Hardness measured at the center of the core. | |

**VII. Bridgestone Patent US 6,679,791**

The parties agree as to the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|-----------|--------------------------|------------------------|
| 13, 26 | "core ...center" | The center of the core. | |
| 13, 26 | "JIS-C hardness" at core "surface" | Plain and ordinary meaning. | |

The parties disagree on the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|-----------|--------------------------|------------------------|
| 1 | "gradually increases" | Plain and ordinary meaning. | Having a slope which increases and is not steep or abrupt. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,679,791**: Abstract, lines 5-7; col. 1, lines 41-43; col. 2, lines 6-9; col. 3, lines 5-15; col. 3, lines 26-45; col. 4, lines 1-8; Table 3, Examples 1 and 2, Comparative Examples 1-5; Col. 8, lines 59, 60; Claims 1-27; and FIG. 1.

**In the file history of US Patent 6,679,791**: Application, p. 2, lines 7-9; Application, p. 2, line 37 – p. 3, line 3; Application, p. 4, line 32 – p. 5, line 6; Application, p. 5, lines 17-21; Application, p. 6, lines 24-31; p. 12, Application, Table 3, Examples 1 and 2, Comparative Examples 1-5; Application p. 15; Application, FIG. 1; May 17, 2002 Office Action, pp. 2, 3; Aug. 15, 2002 Amendment, p. 2, 3, 5 and 6; Oct. 29, 2002 Office Action, pp. 2, 3; Jan. 29, 2003 Amendment, pp. 6, 7; Feb. 25, 2003 Interview Summary, p. 3; April 14, 2003 Office Action, p. 3; July 11, 2003 Amendment, p. 9.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,679,791**:  Abstract; Col. 1, lines 41-45; Col. 2, lines 6-15; Col. 3, lines 5-15; Col. 3, lines 26 - 57; Col. 4, lines 1-8; Col. 5, lines 29 – 33; Col. 5, line

14.

51 – Col. 6, line 14; Table 3; Col. 8, lines 51 - 62.

    **In the file history of US Patent 6,679,791**:  Application, p.2, lines 7-10; Application, p.

2, line 37 – p. 3, line 5; Application, p.5, line 17- p.6, line 13; Application, p. 6, lines 24-31;

Application p. 9, lines 12-17;  Application p. 10, lines 6-22; Application p. 12, Table 3;

Application p. 15, lines 1 – 14;  Application, p. 16;  May 17, 2002 Office Action, pp. 2, 3;  Aug.

15, 2002 Amendment, pp. 5 - 6; Oct. 29, 2002 Office Action, pp. 2, 3; Jan. 29, 2003 Amendment

pp. 6-7; Feb. 25, 2003 Interview Summary, p. 3; April 14, 2003 Office Action, p. 3; July 11,

2003 Amendment, p. 9; U.S. Patent No. 5,002,281 ("Three-piece Solid Golf Ball"): Abstract;

Col. 1, line 65 – Col. 2, line 10; Col. 3, lines 14-24; Col. 3, lines 44-55; Col. 6, lines 10-23; U.S.

Patent No. 5,072,944 ("Three-piece Solid Golf Ball"): Abstract; Col. 3, lines 20-29; U.S. Patent

No. 5,184,828 ("Solid Three-piece Golf Ball"): Col. 1, lines 48-60; Col. 2, lines 12 – 40; Col. 4,

lines 47-61; col. 6, lines 16-21;  Table 1; FIG 1; FIG 2; U.S. Patent No. 5,645,496 ("Two-piece

Golf Ball"): Abstract; Col. 1, lines 40-57; Col. 2, lines 45-67; U.S. Patent No. 5,711,723

("Three-piece Solid Golf Ball"): Abstract; Col. 1, lines 54-58; col. 2, lines 5-7; Col. 2, lines 12-

31; U.S. Patent No. 5,782,707 ("Three-piece Solid Golf Ball"): Abstract; Col. 2, lines 5-51; Col.

3, lines 29-51; U.S. Patent No. 5,803,833 ("Two-piece Solid Golf Ball"): Abstract; Col. 1, line

47 – Col. 2, line 20; Col. 2, lines 35-67; Table 1; Col. 5, lines 33-46; Col. 6, lines 37-48; U.S.

Patent No. 5,830,085 ("Three-piece Solid Golf Ball"): Abstract; Col. 2, lines 7-50; Col. 3, lines

5-41; Table 3; Table 4; Col. 9, line 57 – Col. 10, line 61; Col. 11, lines 1-13; U.S. Patent No.

6,190,269 ("Multi-piece Solid Golf Ball"): Col. 2, lines 6-19; Col. 4, lines 1-31; U.S. Patent No.

6,287,218 ("Solid Golf Ball"): Abstract; Col. 3, line 57- Col. 4, line 12; Col. 9, lines 25-29; U.S.

Patent No. 6,315,682 ("Multi-piece Solid Golf Ball"): Col. 5, line 61 – Col. 6, line 11; U.S.

Patent No.  6,319,155 ("Multi-piece Solid Golf Ball"): Col. 5, line 8-17; U.S. Patent No.

6,336,872 ("Multi-piece Solid Golf Ball"): Abstract; Col. 3, lines 15-48; Col. 5, line 60 – Col. 6,

line 5; Table 5-8; Col. 12, lines 9-18; U.S. Patent No. 6,354,967 ("Solid Golf Ball"):  Abstract;

Col. 1, lines 35-46; Col. 2, lines 3-5; Col. 3, lines 39-57; U.S. Patent No. 6,379,268 ("Golf

Ball"): Abstract; Col. 1, line 26 – Col. 2, line 40;  Col. 3, lines 17-31; Table 4; Table 5.

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 13, 26 | "a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof." | Plain and ordinary meaning. | "a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, which gradually increases radially outward"<br><br>"gradually increases" means "having a slope which increases and is not steep or abrupt." |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,679,791**: Abstract, lines 7-9; col. 1, lines 41-45; col.

2, lines 6-11; col. 3, lines 5-15; col. 3, lines 26-57; col. 4, lines 1-8; Table 3, Examples 1 and 2,

Comparative Examples 1-5; col. 9, lines 46-48; Col. 9, lines 46-48; Col. 10, lines 39-41; Claims

1-27; FIG. 1.

**In the file history of US Patent 6,679,791**: Application, p. 2, lines 7-10; Application, p.

3, lines 3-5; Application, p. 4, line 32 – p. 5, line 6; Application, p. 5, lines 17-21; Application, p.

6, lines 24-31; p. 12, Application, Table 3, Examples 1 and 2, Comparative Examples 1-5;

Application p. 15; Application, FIG. 1; May 17, 2002 Office Action, pp. 2, 3; Aug. 15, 2002

Amendment, p. 2, 3, 5 and 6; Oct. 29, 2002 Office Action, pp. 2, 3; Jan. 29, 2003 Amendment,

pp. 6, 7; Feb. 25, 2003 Interview Summary, p. 3; April 14, 2003 Office Action, p. 3; July 11,

2003 Amendment, p. 9.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,679,791**: Abstract; Col. 1, lines 41-45; Col. 2, lines 6-15; Col. 2, line 23 - Col. 3, line 57; Col. 4, lines 1-8; Col. 5, lines 29 – 33; Col. 5, line 51 – Col. 6, line 14; Table 3; Col. 8, lines 51 - 62.

**In the file history of US Patent 6,679,791**: Application, p. 2, lines 7-10; Application, p. 2, line 37 – p. 3, line 5; Application, p.3, line 22 – p.6, line 13; Application, p. 6, lines 24-31; Application p. 9, lines 12-17;  Application p. 10, lines 6-22; Application p. 12, Table 3; Application p. 15, lines 1 – 14;  Application, p. 16;  May 17, 2002 Office Action, pp. 2, 3;  Aug. 15, 2002 Amendment, pp. 5 - 6; Oct. 29, 2002 Office Action, pp. 2, 3; Jan. 29, 2003 Amendment pp. 6-7; Feb. 25, 2003 Interview Summary, p. 3; April 14, 2003 Office Action, p. 3; July 11, 2003 Amendment, p. 9; U.S. Patent No. 5,002,281 ("Three-piece Solid Golf Ball"): Abstract; Col. 1, line 65 – Col. 2, line 10; Col. 3, lines 14-24; Col. 3, lines 44-55; Col. 6, lines 10-23; U.S. Patent No. 5,072,944 ("Three-piece Solid Golf Ball"): Abstract; Col. 3, lines 20-29; U.S. Patent No. 5,184,828 ("Solid Three-piece Golf Ball"): Col. 1, lines 48-60; Col. 2, lines 12 – 40; Col. 4, lines 47-61; col. 6, lines 16-21;  Table 1; FIG 1; FIG 2; U.S. Patent No. 5,645,496 ("Two-piece Golf Ball"): Abstract; Col. 1, lines 40-57; Col. 2, lines 45-67; U.S. Patent No. 5,711,723 ("Three-piece Solid Golf Ball"): Abstract; Col. 1, lines 54-58; col. 2, lines 5-7; Col. 2, lines 12-31; U.S. Patent No. 5,782,707 ("Three-piece Solid Golf Ball"): Abstract; Col. 2, lines 5-51; Col. 3, lines 29-51; U.S. Patent No. 5,803,833 ("Two-piece Solid Golf Ball"): Abstract; Col. 1, line 47 – Col.2, line 20; Col. 2, lines 35-67; Table 1; Col. 5, lines 33-46; Col. 6, lines 37-48; U.S. Patent No. 5,830,085 ("Three-piece Solid Golf Ball"): Abstract; Col. 2, lines 7-50; Col. 3, lines 5-41; Table 3; Table 4; Col. 9, line 57 – Col. 10, line 61; Col. 11, lines 1-13; U.S. Patent No. 6,190,269 ("Multi-piece Solid Golf Ball"): Col. 2, lines 6-19; Col. 4, lines 1-31; U.S. Patent No.

17.

6,287,218 ("Solid Golf Ball"): Abstract; Col. 3, line 57- Col. 4, line 12; Col. 9, lines 25-29; U.S.

Patent No. 6,315,682 ("Multi-piece Solid Golf Ball"): Col. 5, line 61 – Col. 6, line 11; U.S.

Patent No. 6,319,155 ("Multi-piece Solid Golf Ball"): Col. 5, line 8-17; U.S. Patent No.

6,336,872 ("Multi-piece Solid Golf Ball"): Abstract; Col. 3, lines 15-48; Col. 5, line 60 – Col. 6,

line 5; Table 5-8; Col. 12, lines 9-18; U.S. Patent No. 6,354,967 ("Solid Golf Ball"): Abstract;

Col. 1, lines 35-46; Col. 2, lines 3-5; Col. 3, lines 39-57; U.S. Patent No. 6,379,268 ("Golf

Ball"): Abstract; Col. 1, line 26 – Col. 2, line 40; Col. 3, lines 17-31; Table 4; Table 5.


## VIII. Acushnet Patent US 4,729,861

The parties agree as to the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | dimple "diameter" | The distance from edge to edge of a line passing through the center of the dimple when the dimple is circular. When the dimple is non-circular, diameter is the diameter of a circle which would have the same area as the non-circular dimple. | |
| 1 | dimple "depth" | The distance from the continuation of the periphery line of the golf ball to the deepest part of a dimple which is a section of a sphere. When the dimple is not a section of a sphere, the depth is determined by computing the cross-section area of the dimple at its widest point and then creating a section of a circle having an equal area which is substituted for the dimple, where the depth is the distance from the continuation of the periphery line to the deepest part of the section of the circle. | |
| 1 | "average" | Arithmetic mean. | |
| 1 | "adjacent dimple" | A dimple in which a triangle constructed of lines passing through the center points of three (3) dimples has no included angle less than about 30 degrees, and has no part of another dimple included therein. | |

18.

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | "closest points"/"closest distances" | Closest points: The points on the edges of adjacent dimples which yield the shortest land distance between the dimples on a line passing through the centers of adjacent dimples.<br><br>Closest distances: The land distance between the edges of two dimples at their closest points on a line passing through the centers of adjacent dimples. | |
| 1 | "periphery of the golf ball or its continuation" | The outermost surface of the golf ball or an imaginary plane corresponding to the outermost surface of the golf ball. | |
| 1 | "finishing the golf ball" | Completing the ball in the form in which it is intended to be sold to the consumer, whether painted or unpainted. | |
| 1 | "about" | In light of statements made to the PTO during prosecution of these patents, the term 'about' means 'miniscule variations. | |

19.

The parties disagree on the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | "determining the dimple number, dimple diameter and dimple depth by: (a) selecting the number of dimples to be used, the said number of dimples being between 182 and 392; (b) selecting a dimple diameter and dimple depth that satisfy the following relationship: $$S = \left[\frac{831.5(d-x) - 55.56(D-y)}{a}\right]^2 + \left[\frac{83.15(D-y) + 555.6(d-x)}{b}\right]^2$$ in which: S= a value of 0 to 1.0 d = average depth of all dimples in inches D = average diameter of all dimples in inches and wherein: A value N is obtained by dividing the exact number of dimples by 100, and x, y, a and b are defined by the following relations as functions of N: when the number of dimples is between 182 and 332: $y = 0.323 - 0.0896N + 0.0122N^2$ $x = 0.0186 - 0.00406N + 0.000550N^2$ $a = 6.30 - 3.30N + 0.693N^2$ $b = 3.11 - 1.03N + 0.155N^2$ and when the number of dimples is between 333 and 392: $y = 0.287 - 0.0383N$ $x = 0.0162 - 0.00150N$ $a = 4.66 - 0.500N$ $b = 5.00 - 1.08N$" | Determining the number of dimples to be used selecting the number of dimples to be between 182 and 392 and determining the dimple diameter and depth by selecting the dimple diameter and depth using the relationship: $$S = \left[\frac{831.5(d-x) - 55.56(D-y)}{a}\right]^2 + \left[\frac{83.15(D-y) + 555.6(d-x)}{b}\right]^2$$ in which: S= a value of 0 to 1.0 d = average depth of all dimples in inches D = average diameter of all dimples in inches and wherein: A value N is obtained by dividing the exact number of dimples by 100, and x, y, a and b are defined by the following relations as functions of N: when the number of dimples is between 182 and 332: $y = 0.323 - 0.0896N + 0.0122N^2$ $x = 0.0186 - 0.00406N + 0.000550N^2$ $a = 6.30 - 3.30N + 0.693N^2$ $b = 3.11 - 1.03N + 0.155N^2$ and when the number of dimples is between 333 and 392: $y = 0.287 - 0.0383N$ $x = 0.0162 - 0.00150N$ $a = 4.66 - 0.500N$ $b = 5.00 - 1.08N$ | Plain Meaning |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 4,729,861:** Col. 3, line 51 to col. 5, line 24; col. 7, line 63 to col. 8, line 30; and col. 9, lines 32 to 49

**In the file history of US Patent 4,729,861:** Application p. 7, line 5 to p. 11, line 6, p. 17 to p. 18, line 18; March 10, 1985 Amendment Concurrent with Filing, p. 1-6; March 10, 1986 Office Action, p. 1-2; June 9, 1986 Amendment pp. 1-12; September 10, 1986 Office Action, p.

1-3; January 12, 1987 Amendment pp. 1-3, and attachments; May 7, 1987 Office Action, p. 1-2;

June 9, 1987 Amendment, p. 1-11; September 14, 1987 Office Action, p. 1-3; October 6, 1987

Amendment, p. 1-2 and attachments; and within the file history of US Patent 4,936,587 (US

Application No. 06/213,056 filed December 4, 1980:  September 20, 1984 Amendment, pp. 1-3;

February 11, 1985 Restriction/Election Requirement, pp. 1-4; March 10, 1985 Election

Response, pp. 1-2; Interview Summary dated July 3, 1986 p. 1; and August 10, 1987

Amendment, pp. 13 and 17-18

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 4,729,861:**  Col. 3, line 51 to Col. 5, line 24; Col. 7,

line 63 to Col. 8, line 30; and Col. 9, lines 32 to 49

**In the file history of US Patent 4,729,861:**  Application p. 7, line 5 to p. 11, line 6, p. 17

to p. 18, line 18; March 10, 1985 Amendment Concurrent with Filing, p. 1-6; March 10, 1986

Office Action, p. 1-2; June 9, 1986 Amendment pp. 1-12; September 10, 1986 Office Action, p.

1-3; January 12, 1987 Amendment pp. 1-3, and attachments; May 7, 1987 Office Action, p. 1-2;

June 9, 1987 Amendment, p. 1-11; September 14, 1987 Office Action, p. 1-3; October 6, 1987

Amendment, p. 1-2 and attachments; and within the file history of US Patent 4,936,587 (US

Application No. 06/213,056 filed December 4, 1980:  September 20, 1984 Amendment, pp. 1-3;

February 11, 1985 Restriction/Election Requirement, pp. 1-4; March 10, 1985 Election

Response, pp. 1-2; Interview Summary dated July 3, 1986 p. 1; and August 10, 1987

Amendment, pp. 13 and 17-18.

21.

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|------------|--------------------------|------------------------|
| 1 | "edge" | The point of intersection of the periphery of the golf ball or its continuation and a tangent to the sidewall of the dimple at a point 0.003 inches below the periphery of the golf ball or its continuation. | The intersection of the periphery of the golf ball or its continuation and a tangent to the sidewall of the dimple at a point 0.003 inches below the periphery of the golf ball or its continuation. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 4,729,861:** Col. 1, lines 42-45; Col. 6, lines 15-50; Col. 10, lines 45-48 (claim 1); Fig. 3-5, 14-18

**In the file history of US Patent 4,729,861:** Application p. 2 lines 14-17, p. 13, line 12 to p. 14, line 19, pp. 22-29 and Figs. 3-5, 14-18; March 10, 1985 Amendment Concurrent with Filing, pp. 1-6; June 9, 1986 Amendment pp. 1-12; January 12, 1987 Amendment pp. 1-3; June 9, 1987 Amendment, p. 1-11; October 6, 1987 Amendment, p. 1-2;  and within Prosecution of U.S. Application No. 05/236,318 filed March 20, 1972, January 1, 1973 Amendment, pp. 2 to 6, and 11.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 4,729,861:** Col. 1, lines 42-45; Col. 5, line 67 – Col. 6, line 2; Col. 6, lines 15-50; Col. 6, line 66 – Col. 7, line 7; Col. 8, lines 40-66; Col. 9, lines 1-31; Claims 1-3, 6-7, 10-11, 14-15, 18-19, and 22-23; Fig. 2, 3-6, 14-18.

**In the related file history of US Patent 4,729,861:** Application No. 236,318, January 8, 1973 Amendment, pp. 2-6, 11-12.

**In the file history of US Patent 4,729,861:** Application p. 2 lines 14-17, p. 13, line 12 to p. 14, line 19, pp. 22-29 and Figs. 3-5, 14-18; March 10, 1985 Amendment Concurrent with Filing, pp. 1-6; June 9, 1986 Amendment pp. 1-12; January 12, 1987 Amendment pp. 1-3; June 9, 1987 Amendment, p. 1-11; October 6, 1987 Amendment, p. 1-2;  and within Prosecution of

U.S. Application No. 05/236,318 filed March 20, 1972, January 1, 1973 Amendment, pp. 2 to 6, and 11.

## IX. Acushnet Patent US 4,936,587

The parties agree as to the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|-----------|--------------------------|-----------------------|
| 1, 26 | "A finished golf ball which has from 182 to 392 dimples" | A completed golf ball in the form in which it is intended to be sold to the consumer, whether painted or unpainted, having 182 to 392 dimples | |
| 1, 26 | dimple "diameter" | The distance from edge to edge of a line passing through the center of the dimple when the dimple is circular. When the dimple is non-circular, diameter is the diameter of a circle which would have the same area as the non-circular dimple. | |
| 1, 26 | dimple "depth" | The distance from the continuation of the periphery line of the golf ball to the deepest part of a dimple which is a section of a sphere.  When the dimple is not a section of a sphere, the depth is determined by computing the cross-section area of the dimple at its widest point and then creating a section of a circle having an equal area which is substituted for the dimple, where the depth is the distance from the continuation of the periphery line to the deepest part of the section of the circle. | |
| 1, 26 | "average" | Arithmetic mean. | |
| 1, 26 | "adjacent dimple" | A dimple in which a triangle constructed of lines passing through the center points of three (3) dimples has no included angle less than about 30 degrees, and has no part of another dimple included therein. | |
| 1 | "closest points" | Closest points: The points on the edges of adjacent dimples which yield the shortest land distance between the dimples  on a line passing through the centers of adjacent dimples. | |
| 1 | "periphery of the golf ball or its continuation" | The outermost surface of the golf ball or an imaginary plane corresponding to the outermost surface of the golf ball. | |
| 1 | "about" | In light of statements made to the PTO during prosecution of these patents, the term 'about' means 'miniscule variations. | |

The parties disagree on the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1, 26 | "edge" | The point of intersection of the periphery of the golf ball or its continuation and a tangent to the sidewall of the dimple at a point 0.003 inches below the periphery of the golf ball or its continuation. | The intersection of the periphery of the golf ball or its continuation and a tangent to the sidewall of the dimple at a point 0.003 inches below the periphery of the golf ball or its continuation. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 4,936,587:** Col. 1, lines 39-42; Col. 6, lines 3-31; Col. 9, lines 61-64 (claim 1); Col. 13, lines 47-49 (claim 26); Fig. 3-5, 14-18

**In the file history of US Patent 4,936,587:** Application p. 2, lines 14-17, p. 13 line 12 to p. 14 line 19, pp. 22 to 29, and Figs. 3-5 and 14-18; Preliminary Amendment dated November 26, 1980, pp. 1-12; Amendment Before Action dated October 29, 1981, p. 1; Amendment dated April 24, 1984, pp. 2-14; Supplemental Amendment dated April 25, 1984, pp. 1-4; Provisional Election dated August 2, 1984, pp. 1-4; Supplemental Amendment dated September 20, 1984, pp. 1-3; Amendment dated March 10, 1986, pp. 1-13, 18-25; Supplemental Amendment dated April 10, 1986, p. 1; Amendment dated August 10, 1987, pp. 1-22; Amendment dated January 18, 1988, pp. 2-3; Amendment dated Feb. 7, 1990, pp. 1-3 and attachments; Amendment dated Apr. 16, 1990, pp. 1-6, 9-13; and within the Prosecution of U.S. Application No. 05/236,318 filed March 20, 1972, January 1, 1973 Amendment, pp. 2 to 6, and 11

Acushnet cites the following intrinsic evidence as supporting its definition:

**In the specification of US Patent 4,936,587:** Abstract; Col. 1, lines 30-46; Col. 1, lines 61-66; Col. 2, lines 12-18; Col. 5, line 38 – Col. 6, line 31; Col. 6, lines 38-56; Col. 8, line 21 – Col. 9, line 10; Claims 1-37; Figs. 3-5, 14-18.

**In the related file history of US Patent 4,936,587:**  Application No. 236,318, January 8, 1973 Amendment, pp. 2-6, 11-12.

**In the file history of US Patent 4,936,587:**  Application p. 2, lines 14-17, p. 13 line 12 to p. 14 line 19, pp. 22 to 29, and Figs. 3-5 and 14-18; Preliminary Amendment dated November 26, 1980, pp. 1-12; Amendment Before Action dated October 29, 1981, p. 1; Amendment dated April 24, 1984, pp. 2-14; Supplemental Amendment dated April 25, 1984, pp. 1-4; Provisional Election dated August 2, 1984, pp. 1-4; Supplemental Amendment dated September 20, 1984, pp. 1-3; Amendment dated March 10, 1986, pp. 1-13, 18-25; Supplemental Amendment dated April 10, 1986, p. 1; Amendment dated August 10, 1987, pp. 1-22; Amendment dated January 18, 1988, pp. 2-3; Amendment dated Feb. 7, 1990, pp. 1-3 and attachments; Amendment dated Apr. 16, 1990, pp. 1-6, 9-13; and within the Prosecution of U.S. Application No. 05/236,318 filed March 20, 1972, January 1, 1973 Amendment, pp. 2 to 6, and 11.

## X. Acushnet Patent US 5,080,367

The parties agree as to the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|----|-----------|--------------------------|-----------------------|
| 1 | "A finished, painted golf ball which has from about 182 to about 392 dimples" | A completed golf ball in the form in which it is intended to be sold to the consumer having at least one paint layer and about 182 to about 392 dimples | |
| 1 | dimple "diameter" | The distance from edge to edge of a line passing through the center of the dimple when the dimple is circular. When the dimple is non-circular, diameter is the diameter of a circle which would have the same area as the non-circular dimple. | |

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | dimple "depth" | The distance from the continuation of the periphery line of the golf ball to the deepest part of a dimple which is a section of a sphere.  When the dimple is not a section of a sphere, the depth is determined by computing the cross-section area of the dimple at its widest point and then creating a section of a circle having an equal area which is substituted for the dimple, where the depth is the distance from the continuation of the periphery line to the deepest part of the section of the circle. | |
| 1 | "average" | Arithmetic mean. | |
| 1 | "adjacent dimple" | A dimple in which a triangle constructed of lines passing through the center points of three (3) dimples has no included angle less than about 30 degrees, and has no part of another dimple included therein. | |
| 1, 3 | "closest points" | Closest points: The points on the edges of adjacent dimples which yield the shortest land distance between the dimples  on a line passing through the centers of adjacent dimples. | |
| 1 | "periphery of the golf ball or its continuation" | The outermost surface of the golf ball or an imaginary plane corresponding to the outermost surface of the golf ball. | |
| 1 | "about" | In light of statements made to the PTO during prosecution of these patents, the term 'about' means 'miniscule variations. | |

The parties disagree on the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1, 3 | "edge" | The point of intersection of the periphery of the golf ball or its continuation and a tangent to the sidewall of the dimple at a point 0.003 inches below the periphery of the golf ball or its continuation. | The intersection of the periphery of the golf ball or its continuation and a tangent to the sidewall of the dimple at a point 0.003 inches below the periphery of the golf ball or its continuation. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 5,080,367:** Col. 1, lines 42-45; Col. 6, lines 8-37; Col. 9, line 66 to col. 10, line 2 (claim 1); Figs. 3-5; 14-18.

**In the file history of US Patent 5,080,367:**  Application p. 2, lines 14-17, p. 13 line 12

to p. 14 line 19, pp. 22 to 29, and Figs. 3-5 and 14-18; Preliminary Amendment dated June 26,

1990, pp. 2-9; Amendment dated March 4, 1991, pp. 3-11; and within the Prosecution of U.S.

Application No. 05/236,318 filed March 20, 1972, January 1, 1973 Amendment, pp. 2 to 6, and

11.

   Acushnet submits that at least the following intrinsic evidence supports its definition.

   **In the specification of US Patent 5,080,367:** Abstract; Col. 1, lines 33-49; Col. 1, line

59 – Col. 2, line 1; Col. 2, lines 15-21; Col. 5, line 43 – Col. 6, line 37; Col. 6, lines 44-62; Col.

8, line 27 – Col. 9, line 16; Claims 1-25; Figs. 2-5, 14-18.

   **In the related file history of US Patent 5,080,367:** Application No. 236,318, January 8,

1973 Amendment, pp. 2-6, 11-12.

   **In the file history of US Patent 5,080,367:** Application p. 2, lines 14-17, p. 13 line 12 to

p. 14 line 19, pp. 22 to 29, and Figs. 3-5 and 14-18; Preliminary Amendment dated June 26, 1990,

pp. 2-9; Amendment dated March 4, 1991, pp. 3-11; and within the Prosecution of U.S.

Application No. 05/236,318 filed March 20, 1972, January 1, 1973 Amendment, pp. 2 to 6, and

11.


## XI. Acushnet Patent US 6,818,705

   The parties agree as to the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | "cis-to-trans catalyst" | Any component or a combination thereof that will convert at least a portion of cis-polybutadiene isomer to trans-polybutadiene isomer at a given temperature. | |
| 1 | "about" | In this patent, "about," when used in connection with one or more numbers or numerical ranges, should be understood to refer to all such numbers, including all numbers in a range. | |

The parties disagree as to the following definitions:

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | "a material farmed from the conversion reaction of at least a cis-to-trans catalyst and a polybutadiene" | A cured product formed from the conversion reaction of at least a cis-to-trans catalyst and a polybutadiene. | Plain meaning, with the term "farmed" meaning "formed." |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,818,705**: Col. 1, lines 23-26; Col. 1, lines 41-43; Col. 6, lines 34-51; Col. 8, lines 5-22; Col. 8, line 66 to Col. 9, line 5; Col. 11, lines 50-61; Col. 11, line 62 to Col. 12, line 30; Col. 11, lines 32-44; Col. 13, lines 27-32; Col. 14, lines 20-32; Col. 14, line 33 to Col. 15, line 39; Col. 16, line 40 to Col. 17, line 56; Col. 17, line 57 to Col. 18, line 9; Col. 24, lines 18-55; Col. 26, lines 54-57; Col. 27 to Col. 30, including Tables 3-4; Col. 32, lines 38-41; Col. 32, line 47 to Col. 33, line 31, including Table 6; Claims 1-22.

**In the file history of US Patent 6,818,705**: Originally filed Specification at claim 1; Non-Final Office Action mailed Feb. 25, 2004 at pp. 1-4;  Response to Office Action (Amendment) filed May 25, 2004 at pp. 2, 6-9;  Terminal Disclaimer filed May 25, 2004 at pp. 1-2;  and Notice of Allowability mailed July 30, 2004 at pp. 1-2.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,818,705**: Abstract; Col. 1, lines 23-26; Col. 5, lines 43-46; Col. 6, lines 34-51; Col. 7, lines 10-13; Col. 8, lines 5-22; Col. 8, lines 33-36; Col. 8, lines 41-44; Col. 8, line 66 to Col. 9, line 5; Col. 10, lines 31-63; Col. 11, lines 13-26;Col. 12, lines 28-42; Col. 14, lines 20-43; Col. 25, lines 5-67, including Table 1; Claims 1, 3, 8, 15, 16, and 20.

**In the file history of US Patent 6,818,705**: Originally filed Specification at claim 1; Non-Final Office Action mailed Feb. 25, 2004 at pp. 1-4;  Response to Office Action

(Amendment) filed May 25, 2004 at pp. 2, 6-9;  Terminal Disclaimer filed May 25, 2004 at pp.

1-2;  and Notice of Allowability mailed July 30, 2004 at pp. 1-2.

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | "the material has a molecular weight of greater than about 200,000 and a resilience index of at least about 40" | "the material" refers to "a material" preceding it in the claim, is defined as set forth above, and the material has a molecular weight of greater than about 200,000 and a resilience index of at least about 40. | Plain meaning. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,818,705**: Col. 1, lines 23-26; Col. 12, lines 28-30;

Col. 24, lines 18-55; Col. 26, line 25 to Col. 33, line 31, including Examples and Tables 2-6;

Claims 1, 8, 15, 16.

**In the file history of US Patent 6,818,705**: Originally filed Specification at claim 1;

Non-Final Office Action mailed Feb. 25, 2004 at pp. 1-4;  Response to Office Action

(Amendment) filed May 25, 2004 at pp. 2, 6-9;  Terminal Disclaimer filed May 25, 2004 at pp.

1-2;  and Notice of Allowability mailed July 30, 2004 at pp. 1-2.

Acushnet submits that at least the following intrinsic evidence supports its definition.

**In the specification of US Patent 6,818,705**: Abstract; Col. 1, lines 23-26; Col. 5, lines

43-46; Col. 6, lines 34-51; Col. 7, lines 10-13; Col. 8, lines 5-22; Col. 8, lines 33-36; Col. 8, lines

41-44; Col. 8, line 66 to Col. 9, line 5; Col. 10, lines 31-63; Col. 11, lines 13-26;Col. 12, lines

28-42; Col. 14, lines 20-43; Col. 25, lines 5-67, including Table 1; Claims 1, 3, 8, 15, 16, and 20.

**In the file history of US Patent 6,818,705**: Originally filed Specification at claim 1;

Non-Final Office Action mailed Feb. 25, 2004 at pp. 1-4;  Response to Office Action

(Amendment) filed May 25, 2004 at pp. 2, 6-9;  Terminal Disclaimer filed May 25, 2004 at pp.

1-2;  and Notice of Allowability mailed July 30, 2004 at pp. 1-2.

| Cl | Claim Term | Bridgestone's Definition | Acushnet's Definition |
|---|---|---|---|
| 1 | "resilience index" | The difference in loss tangent measured at 10 cpm and 1000 cpm divided by 990 (the frequency span) multiplied by 100,000 (for normalization and unit convenience). | The difference in loss tangent measured at 10 cpm and 1000 cpm divided by 990 (the frequency span) multiplied by 100,000 (for normalization and unit convenience). The loss tangent is measured using an RPA 2000 manufactured by Alpha Technologies of Akron, Ohio.  The RPA 2000 is set to sweep from 2.5 to 1000 cpm at a temperature of 100° C using an arc of 0.5 degrees. An average of six loss tangent measurements are acquired at each frequency and the average is used in calculation of the resilience index. |

Bridgestone submits that at least the following intrinsic evidence supports its definition.

   **In the specification of US Patent 6,818,705**: Col. 9, line 55 to Col. 10, line 17; Col. 11,

lines 13-16; Col. 11, lines 23-26; Claims 1, 3, 8, 15, 16, 20.

   **In the file history of US Patent 6,818,705**: Originally filed Specification at claims 1 and

3;  Non-Final Office Action mailed Feb. 25, 2004 at pp. 1-4;  Response to Office Action

(Amendment) filed May 25, 2004 at pp. 2, 6-9;  Terminal Disclaimer filed May 25, 2004 at pp.

1-2;  and Notice of Allowability mailed July 30, 2004 at pp. 1-2.

   Acushnet submits that at least the following intrinsic evidence supports its definition.

   **In the specification of US Patent 6,818,705**: Col. 1l, lines 13-26; Claims 1, 16, and 20.

**In the file history of US Patent 6,818,705**: Originally filed Specification at claim 1; Non-Final Office Action mailed Feb. 25, 2004 at pp. 1-4;  Response to Office Action (Amendment) filed May 25, 2004 at pp. 2, 6-9;  Terminal Disclaimer filed May 25, 2004 at pp. 1-2;  and Notice of Allowability mailed July 30, 2004 at pp. 1-2.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
| */s/ Leslie A. Polizoti* | */s/ David E. Moore* |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>Leslie A. Polizoti (#4299)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19801<br>(302) 658-9200<br>lpolizoti@mnat.com | Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>dmoore@potteranderson.com |
| *Attorneys for Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc.* | *Attorneys for Acushnet Company* |
| OF COUNSEL:<br>Robert M. Masters<br>Scott M. Flicker<br>Terrance J. Wikberg<br>Brandon M. White<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>875 15th St., N.W.<br>Washington, D.C. 20005<br>(202) 551-1700 | OF COUNSEL:<br>Alan M. Grimaldi<br>Joesph P. Lavelle<br>Brian S. Seal<br>HOWERY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 783-0800 |

November 1, 2006

32.