IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>ACUSHNET COMPANY,<br><br>    *Defendant*. | )<br>)<br>)<br>)<br>)   C.A. No. 05-132 (JJF)<br>)<br>)<br>)<br>)<br>) |

**BRIDGESTONE'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ACUSHNET TO COMPLY WITH THE COURT'S AUGUST 3, 2006 ORDER**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com
   *Attorneys for Bridgestone Sports Co., Ltd.
   and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-7100

November 8, 2006

i

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

I. Bridgestone's Motion Seeks Compliance With The Order of August 3, 2006 ........ 1

II. The Court Properly Required Acushnet To Limit The Amount Of Prior Art In Its Invalidity Contentions ........ 2

    A. Acushnet Was Ordered To Limit Its Invalidity Contentions ........ 2

    B. Acushnet Has Long Argued For The Need To "Simplify" This Case ........ 2

    C. The Alleged Congestion Of The Golf Ball Art Supports A Limitation In Acushnet's Invalidity Contentions ........ 3

    D. Bridgestone's Motion Is Not Premature ........ 4

CONCLUSION ........ 5

# TABLE OF AUTHORITIES

                                                                                                                           Page

Cases

*In re Gorman*
    933 F.2d 982 (Fed. Cir. 1991)                                                       4

*In re Miller*
    159 F.2d 756 (C.C.P.A. 1947)                                                       4

Bridgestone replies to Acushnet's Response to Bridgestone's Motion to Compel Acushnet to Comply with the Court's August 3, 2006 Order (D.I. 227) below.[1]

I.  Bridgestone's Motion Seeks Compliance With The Order of August 3, 2006

Acushnet's response conflates two issues: whether it is proper to require Acushnet to limit its invalidity contentions and whether Acushnet has complied with the Court's August 3, 2006 Order (D.I. 154). Bridgestone's motion seeks compliance with the Court's August 3, 2006 Order in view of the Court's comments at the August 2, 2006 hearing. The issue is not whether Acushnet should be required to limit its invalidity contentions – the Court already decided that issue.

In limiting Acushnet's invalidity contentions, the Court did not give Acushnet a specific numerical limit on the number of prior art references on which it may rely in its supplemental invalidity contentions. (Aug. 2, 2006 Tr. at pp. 37-38). Instead, the Court gave Acushnet "a little bit of an open end…." (*Id.* at p. 38:8-9). The Court stated that "let's see how reasonable [Acushnet] want[s] to be with [Bridgestone], and if its truly supportive of a contention of invalidity. If it's not, then I'll pare it down." (*Id.* at pp. 37:23 to 38:2). Taking the position that "the Court did not require that Acushnet reduce or modify its invalidity contentions" (Opening Motion, D.I. 222, Ex. A (Grimaldi to White, August 11, 2006 Letter)), Acushnet has not been, in Bridgestone's view, reasonable in limiting its complex and unwieldy invalidity contentions. Thus,

---

[1] Acushnet has taken the position that Bridgestone's motion fell under paragraph 8 of the Scheduling Order (D.I. 18), and was not a discovery dispute motion under paragraph 4. Accordingly, Acushnet took two weeks for its response and exceeded the 4-page limit for discovery motions. Under these circumstances, Bridgestone submits this reply.

Bridgestone believes Acushnet's nominal reduction[2] in relied-upon prior art fails to comply with the Court's previous Order.

II.   **The Court Properly Required Acushnet To Limit The Amount Of Prior Art In Its Invalidity Contentions**

   A.   <u>Acushnet Was Ordered To Limit Its Invalidity Contentions</u>

   Acushnet's response (D.I. 227) argues about the proprietary of Acushnet being required to reduce the amount of prior art it is relying on to some reasonable number of references. Acushnet's arguments are simply a rehashing of arguments previously made. Nevertheless, it was then and is now entirely proper to require Acushnet to limit its invalidity contentions, particularly at this advanced stage of the litigation.

   B.   <u>Acushnet Has Long Argued For The Need To "Simplify" This Case</u>

   On Acushnet's motion, Bridgestone was ordered to reduce the number of claims it would assert to 14 (less than 1 claim for each model of golf ball accused of infringing the Bridgestone patents-in-suit), an order that necessitated, among things, that Bridgestone drop 2 patents from this case.

   Indeed, from the very outset of this case, Acushnet has asserted that this case is overly complex and has to be simplified. (*E.g.*, D.I. 12 ("this is an extraordinarily

---

[2]   Acushnet's argument that it has made substantial reductions in prior art is somewhat overstated. For example, in its August 11, 2006 letter (Opening Motion, D.I. 222, Ex. A (Grimaldi to White, August 11, 2006 Letter)), Acushnet removed four U.S. patents from its invalidity contentions related to the '852 patent. None of these patents were listed in anticipatory or obviousness type invalidity contentions. Instead, these four patents were previously listed in Acushnet's "101 obviousness-type double patenting" contentions. For the '707 patent, Acushnet eliminated 6 patents, 3 of which were never cited against claim 1, the only asserted claim of that patent.

complex patent case...[because it ] involve[s] significantly more claim construction, infringement and invalidity issues than a typical patent case"); D.I. 36; D.I. 47 ("the case is currently too unwieldy and unnecessarily complex")). Indeed, in its *Reply Brief in Support of its Motion to Bifurcate Liability from Damages and Willfulness*, Acushnet stated that:

> All told, the liability phase will include 15 patents against 15 accused products and many different liability defenses, including noninfringement (literal and doctrine of equivalents), <u>multiple grounds of invalidity under 35 U.S.C. § 102 and 103</u> (including many different patents and publications as well as multiple examples of public uses and/or on-sale bars based on prior art golf balls), and multiple theories of inequitable conduct. <u>It will be difficult for any jury, no matter how qualified, to grasp and apply such a varied array of concepts and theories, just as it will be difficult for the parties to conduct simultaneous discovery on them all</u>.

(D.I. 57 at p. 4 (emphasis added)). Thus, Acushnet acknowledged that the complexity of this case – the very complexity it has long-sought to reduce – is based in large part on the amount of prior art underlying the parties' invalidity contentions.

Bridgestone has done its part to pare down this case. With its continued failure to provide reasonably limited invalidity contentions as long-ago ordered by the Court, the remaining unwieldiness and unnecessary complexity of this case now rests squarely on Acushnet. Acushnet's present assertion that it is somehow improper for it to be required to limit its invalidity contentions rings hollow in view of its previously-filed motions and letters to the Court.

   C. The Alleged Congestion Of The Golf Ball Art Supports A Limitation In Acushnet's Invalidity Contentions

Although Acushnet seems to believe that the golf ball art being "very crowded" somehow supports its failure to limit its invalidity contentions in compliance

with the Court's August 3 Order, this "fact" actually supports the Court's limitation of Acushnet's invalidity contentions. If the golf ball art is indeed "crowded," Acushnet should have no trouble selecting a reasonably-limited amount of prior art that proves that Bridgestone's claims are invalid. The level of congestion in the golf ball art provides no basis for Acushnet avoiding compliance with the Court's August 3, 2006 Order.

Acushnet's reliance on *In re Gorman*, 933 F.2d 982 (Fed. Cir. 1991) and *In re Miller*, 159 F.2d 756 (C.C.P.A. 1947) is similarly misplaced. That thirteen references were relied upon in *Gorman* and eight references were relied upon in *Miller* to establish obviousness of a claim during prosecution before the PTO is simply irrelevant to the issues at hand. Bridgestone has never argued that it would be *per se* improper to rely on multiple references in an obviousness contention. However, whether it is proper to rely on obviousness combinations of some as-of-yet unspecified combination of 48 references ('961 patent), 33 references ('791 patent), or 24 references ('707 patent) is another matter entirely. In any case, as mentioned above, the issue in dispute is Acushnet's failure to provide specific invalidity contentions as ordered by the Court.

D.   Bridgestone's Motion Is Not Premature

Acushnet's assertion that Bridgestone's motion is "premature" is contradicted by Acushnet's previous representations to the Court. More than three months ago, on July 25, 2006, Acushnet told the Court that "[b]oth parties are in a position to select representative claims because discovery has progressed significantly. In fact – discovery closes in a little over two months. Both Bridgestone and Acushnet can adequately assess the case and its risks to determine which claims to proceed with." (D.I. 143 (emphasis added)). If so, then discovery must be far enough advanced for Acushnet to provide meaningful invalidity contentions as previously ordered.

Acushnet's main contention with respect to Bridgestone's motion being premature appears to be that because Acushnet bears the burden of proof on invalidity and because claim construction and expert discovery has not been completed, Acushnet should not be required to limit its contentions. This, again, appears rather inconsistent with Acushnet's prior positions - Bridgestone was required to limit its infringement contentions (an issue on which Bridgestone bears the burden of proof) in August, and it is time for Acushnet to reduce its validity contentions in November.

## CONCLUSION

Because Acushnet is not willing to reduce its invalidity contentions voluntarily, Bridgestone asks the Court to order Acushnet to limit the total number of prior art references relied upon to 14 by a date certain. Bridgestone is available for a hearing on this motion at the convenience of the Court.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com
  *Attorneys for Bridgestone Sports Co., Ltd.
  and Bridgestone Golf, Inc.*

6

<u>OF COUNSEL</u>:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC  20005
(202) 551-7100

November 8, 2006

544760