IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> C. A. No. 05-132 (JJF) <br><br> **DEMAND FOR JURY TRIAL** |
| ACUSHNET COMPANY, <br><br>    Counterclaim Plaintiff, <br><br> v. <br><br> BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC. <br><br>    Counterclaim Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br> **PUBLIC VERSION** |

**ACUSHNET'S RESPONSE TO BRIDGESTONE'S MOTION TO COMPEL
ACUSHNET TO COMPLY WITH THE COURT'S AUGUST 3, 2006 ORDER**

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Brian S. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: November 1, 2006
Public Version Dated: November 8, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Acushnet Company*

Acushnet has twice reduced the volume of prior art references that are at issue in this litigation since the August 2 hearing. Acushnet complied with the Court's instructions—which did not require Acushnet to reduce its contentions by any set amount. Acushnet currently intends to rely on the reduced references included in its current invalidity contentions at trial, with the understanding that Acushnet may further reduce the number of references during expert discovery and/or following the Court's ruling on claim construction.

I. **Background of Bridgestone's Motion**

The present case currently involves seven Bridgestone patents dealing with various aspects of golf ball design ranging from the chemical composition of the golf ball core to the construction of the golf ball (i.e., the number and properties of the various layers in a golf ball) to dimple characteristics.

The golf ball art is very crowded.[1] Mr. Masters, Bridgestone's lead counsel, acknowledged this fact during the August 2, 2006 hearing. (*See* 8/2/2006 Hearing Tr. at 37:10-19 (agreeing that the golf ball art "can be" crowded (attached as Ex. A.))) During that hearing, the Court indicated that it would require Acushnet to "specifically set out its invalidity defenses to … [the] representative claims being asserted by Bridgestone." (*Id.* at 8:22-9:4.) Acushnet believes it has complied with the Court's instructions.

**Bridgestone's Contention Interrogatories**

Bridgestone has asked two invalidity contention interrogatories. (*See* Exs. B and C (Interrog. 5 and 35).) Interrogatory No. 5 requests nothing more than an identification of the references on which Acushnet will rely for invalidity. (Ex. B.) Acushnet has provided Bridgestone with tables identifying each reference in detail and identifying the

---

[1] Based on a search for the term "golf ball" in the United States Patent Office databases conducted on Monday, September 18, 2006, there have been 9,430 patents issued since 1976 that include the term "golf ball." There have also been 4,221 United States Patent Application Publications since 2001 that include the term "golf ball."

relevant statutory sections that those references qualify under. (Ex. D (tables identifying the prior art for each of the patents-in-suit).)

Interrogatory No. 35 requests that Acushnet provide a chart "identifying specifically which sections of the Patent Code that Acushnet contends each identified claim is invalid and how Acushnet contends that each identified claim fails to satisfy each such section." This interrogatory also asks for "where, specifically, in the prior art Acushnet contends a teaching or suggestion of or motivation to combine each element of each identified claim is found." (Ex. C.)[2]

### Acushnet's Final Invalidity Contentions

Acushnet provided the requested information to Bridgestone in support of its contentions. Acushnet's response to Interrogatory No. 5 was incorporated into Interrogatory No. 35. (Ex. E (Acushnet's Response to Pls' Interrog. No. 35).) As means of example, Acushnet has attached its response to Interrogatories Nos. 5 and 35 for the '817 patent, including annotations where each of the items of discovery requested by Bridgestone can be found. (Ex. F.)

Exhibit F begins with a table of all prior art raised against the '817 patent. (Ex. F at A-143 – A-144.) Next, the Exhibit contains a claim chart including column and line number citations for each § 102 reference that Acushnet contends anticipates at least one claim, which explains how each of those references apply against each element of the asserted claims. (Ex. F at A-145 – A-154.) Following the claim chart, the exhibit identifies the invalidity arguments which Acushnet is putting forth. (Ex. F at A-154 – A-160.) In addition, for each secondary reference that is being combined with another reference under §103, Acushnet has provided the column and line number of the relevant

---

[2] In its motion, Bridgestone does not identify the Interrogatory to which it believes Acushnet has not adequately responded. Acushnet assumes Bridgestone's complaint is directed toward its Interrogatory No. 35.

section of *each* secondary reference as it is applied against the claims to the extent the reference was not already discussed in the table. (Ex. F at A-155 – A-160.) Moreover, Acushnet has provided its contention with respect to why one of ordinary skill in the art would be led to combine the references. (Ex. F at A-155.) As can be seen from Exhibit F, Acushnet has given Bridgestone everything that it requested in its contention interrogatories.

Even though Acushnet had already identified (1) the particular references on which it relies, (2) the claims against which those references are being applied, (3) whether the references are being used under § 102 or § 103 and (4) citations to column and line number of the references on which it relies, Acushnet withdrew 46 references from its final contentions on August 11, 2006. (*See* Ex. G (Grimaldi Ltr. to White, Aug. 11, 2006).) After further discussions on the matter, Acushnet again reduced the prior art relied upon to invalidate claim 2 of the '961 patent by withdrawing yet another anticipatory reference and four other prior art patents from certain § 103 combinations. (*See* Ex. H (Seal Ltr. to Masters, Sep. 1, 2006 at 1).)

The August 3, 2006 Order did not require Acushnet to reduce its invalidity contentions by a specific number. At the August 2, 2006 hearing, the Court specifically rejected Bridgestone's proposal to so limit the number of invalidity references. (Ex. A at 37:10-18 (stating that a specific number was not set "because this is a very crowded art field apparently.") Rather, this Court permitted Acushnet to continue to work with Bridgestone in determining what was "reasonable," giving Acushnet "a little bit of an open end" as to the number of references on which it could rely.[3] (Ex. A at 37:23-38:2,

---

[3] Bridgestone points to an alleged inconsistency based on "Acushnet's previous willingness to reduce its contentions." (Bridgestone's Mot. Compel Acushnet Comply With Ct. Aug. 3, 2006 Order at 3.) Acushnet has significantly reduced it invalidity contentions. Acushnet had offered a number of different proposals regarding the selection of representative claims as a *quid pro quo* for a reduction in prior art that were each rejected out of hand by Bridgestone. The appropriate time for any further reduction

3

8-9.) Acushnet believes, given the crowded nature of the golf ball art, it has been reasonable.

### II. Acushnet's Invalidity Contentions are Specific and Provide Bridgestone with the Information Upon Which Acushnet's Experts May Rely

Bridgestone's position appears to be that Acushnet's invalidity contentions include too many references and combinations of references, and therefore, Acushnet should be required to further reduce the number of references. Bridgestone cites no legal authority in its motion in support of its position regarding "representative prior art."[4]

Acushnet may rely on any number of references to argue obviousness, as there are no legal restrictions regarding how many references may be combined to argue obviousness. The Federal Circuit and its predecessor court have, on multiple occasions, permitted the combination of numerous references to establish obviousness. *See, e.g.*, *In re Gorman*, 933 F.2d 982, 986 (Fed. Cir. 1991) (concluding 13 references in combination established obviousness); *In re Miller*, 159 F.2d 756, 758-59 (C.C.P.A. 1947) (allowing the use of eight references in establishing obviousness).

More importantly for this analysis, however, is that when a number of different references set forth the same teachings, the number of references *strengthens* the case for obviousness. *See Kansas Jack, Inc. v. Kuhn*, 719 F.2d 1144, 1150 (Fed. Cir. 1983) ("That the teachings relied upon were repeated in a number of references further strengthens the conclusion of obviousness.") Acushnet should not be prevented from

---

in prior art—to the extent necessary—is after the Markman ruling and during expert discovery.

[4] The *Power Integrators* case, upon which Bridgestone has previously relied, is inapplicable because, although the Court did restrict the number of prior art references, it did so so as to facilitate the resolution of the parties' dispute concerning the publication dates of the prior art references, and it did so after claim construction and less than a month before trial. *See Power Integrators Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371-JJF (D. Del. Sept 20, 2006) (Ex. 1 hereto).

4

showing that, for example, the number of dimples on a golf ball or the use of organosulfur compounds in a golf ball core were so well known in the art as to be included in 10 or 20 different prior art references prior to the time of any alleged invention by Bridgestone. Being so prevented would be prejudicial to Acushnet.

### III. Bridgestone's Motion is Premature

While Acushnet has been reasonable in reducing the number of prior art references at issue in this litigation, any further reduction should wait until Acushnet has its opportunity to provide its expert reports. And Acushnet—not Bridgestone—bears the burden of proving invalidity of the patents-in-suit. 35 U.S.C. § 282. Acushnet may even elect to drop other references or combinations of references during the course of expert discovery. Moreover, the Court's Markman ruling may also result in a further narrowing of the prior art in this case.

Because both expert discovery and the Court's order on claim construction may impact the applicability of references on which Acushnet presently relies to the claims of the Bridgestone patents-in-suit, Bridgestone's request to the Court for Acushnet to further reduce the number of references in its contentions prior to both claim construction and expert discovery should be denied.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Brian S. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: November 1, 2006
Public Version Dated: November 8, 2006
760965/28946

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

  I, David E. Moore, hereby certify that on November 8, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

  I hereby certify that on November 8, 2006, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C.  20005
RobMasters@paulhastings.com

              /s/ David E. Moore
              Richard L. Horwitz
              David E. Moore
              Potter Anderson & Corroon LLP
              Hercules Plaza – Sixth Floor
              1313 North Market Street
              P.O. Box 951
              Wilmington, DE  19899-0951
              (302) 984-6000
              rhorwitz@potteranderson.com
              dmoore@potteranderson.com

680012