# EXHIBIT A

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO.,        )
LTD:,                          )
                               )
            Plaintiff,         )
                               ) C.A. No. 05-143-JJF
    v.                         )
                               )
ACUSHNET COMPANY,              )
                               )
            Defendant.         )


August 2, 2006
10:07 a.m.
Courtroom 4B


844 King Street
Wilmington, Delaware


BEFORE:  THE HONORABLE JOSEPH J. FARNAN, JR.
         United States District Court Judge


APPEARANCES:


        MORRIS, NICHOLS, ARSHT & TUNNELL
        BY:  JACK B. BLUMENFELD, ESQ.

                -and-

        PAUL HASTINGS
        BY:  ROBERT M. MASTERS, ESQ.
        BY:  TERRENCE J. WIKBERG, ESQ.

                        Counsel for Plaintiff

2

APPEARANCES CONTINUED:

        POTTER, ANDERSON & CORROON, LLP
        BY:  DAVID E. MOORE, ESQ.

             -and-

        HOWREY, LLP
        BY:  ALAN M. GRIMALDI, ESQ.
        BY:  ANDREW R. SOMMER, ESQ.

             Counsel for the Defendant

8

1    representative claims, by close of business this

2    Friday.  If you can agree on something different,

3    then you can modify my order.  If you can't

4    agree, then that will be the order, and they will

5    be the claims.

6              Now, with regard to those claims,

7    I'm going to set up a schedule, because discovery

8    is going to close here in October.  And there's

9    already been a two-month extension earlier on in

10    this case.

11              And you can sit down for now,

12    Mr. Grimaldi.  I'm sorry.  You don't have to stay

13    at the podium.

14              MR. GRIMALDI:  Thank you, Your

15    Honor.

16              THE COURT:  And the way this is

17    going to work is that once you assert your

18    claims, your representative claims, you will

19    designate, based on the information that you have

20    to date, on each side's representative products

21    that you're accusing.

22              With regard to defenses,

23    particularly the Acushnet invalidity defenses,

24    I'm going to put a date in place which will be

1    about 14 to 16 working days where Acushnet will

2    specifically set out its invalidity defenses to

3    claims, representative claims being asserted by

4    Bridgestone under each of those defenses.

5              As I understand it presently, it

6    essentially boils down to obviousness and

7    anticipation, the references that are relied on

8    for those defenses.

9              Now, when I say the references,

10   after reading your papers, I'm excluding golf

11   balls.  I mean, a hundred golf balls, 150 golf

12   balls.  That's not what -- and how many dimples

13   are on each golf ball.  That may be of interest

14   to you, but it's not the kind of information that

15   you need now to be able to conduct discovery both

16   further fact discovery and expert discovery on

17   the infringement and invalidity claims.

18             So when I talk about references, I'm

19   excluding golf balls for the present time.  And

20   at some point, probably if you can't agree on

21   that, I'll take care of that in September for

22   you.

23             As I understand it, I think there's,

24   at least Acushnet claims 112 golf balls that they

37

1  original document production request, although

2  the issues haven't changed, there may be some

3  reduced expectation that is appropriate, because

4  now production will be against what it is that

5  are representative claims and defenses.

6          Anything else?

7          MR. GRIMALDI:  No, Your Honor.

8          THE COURT:  On behalf of

9  Bridgestone?

10         MR. MASTERS:  Yes, Your Honor.

11  Earlier you referred to Acushnet having to limit

12  their invalidity contentions by limiting the

13  number of references, but you did not place a

14  number on the references or the number of

15  positions.

16         THE COURT:  Well, I didn't place

17  that specifically, because this is a very crowded

18  art field apparently.

19         MR. MASTERS:  It can be.

20         THE COURT:  Yeah, from what I read.

21  I mean, I think you set out just what they've

22  talked about, 50 something here.

23         So let's see how reasonable they

24  want to be with you, and if it's truly supportive

38

1    of a contention of invalidity.  If it's hot, then

2    I'll pare it down.

3              But let's see what they produce,

4    because it has to be, and they understand it,

5    Acushnet understands that it has to be specific

6    to the defense and something that will be relied

7    on at trial.

8              So I'll give them a little bit of an

9    open end there.

10             MR. MASTERS:  Okay.  And then the

11   next issue is the claim construction hearing

12   that's scheduled for September 25th.

13             I believe briefing is due August

14   21st.

15             THE COURT:  That's going to be put

16   off.

17             MR. MASTERS:  Okay.  And just one

18   more follow-up on that question.

19             When we had a teleconference, I

20   think two weeks ago, there was a July 19th joint

21   submission that was -- we were going to discuss

22   it today as to when that's due.  We had both

23   identified terms of all of the claims, and now

24   that the claims have been limited, it should make

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.,
and BRIDGESTONE GOLF, INC.,

        Plaintiffs,

    v.

ACUSHNET COMPANY,

        Defendant.

C. A. No. 05-132 (JJF)

## BRIDGESTONE'S FIRST SET OF INTERROGATORIES
## (INTERROGATORY NOS. 1-24)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs Bridgestone Sports Co. Ltd. and Bridgestone Golf, Inc., by their undersigned attorneys, propound these Interrogatories, to which Defendant Acushnet Company shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Definitions and Instructions set forth hereinafter.

### DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this set of interrogatories, the following terms are to be interpreted in accordance with these definitions:

1)    The term "Bridgestone," "Plaintiff," and/or "Plaintiffs" means Bridgestone Sports Company, Ltd. and/or Bridgestone Golf, Inc., the plaintiffs in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past

## INTERROGATORIES

1.    Identify by model, type, version or similar designation each and every Acushnet product that Acushnet has made, used, sold and/or offered for sale in, exported out of, or imported into, the United States since March 7, 1998 to the present.

2.    Separately, for each product, the identification of which is requested by Interrogatory No. 1, state the date each such product was first made, used, sold, and/or offered for sale in, exported out of, or imported into, the United States.

3.    Separately, for each product, the identification of which is requested by Interrogatory No. 1, state the names and addresses of the individuals (at least three) most knowledgeable about each of the conception, design, development, testing, manufacturing, and selling thereof.

4.    State each fact on which Acushnet bases its Third Defense (Invalidity under 35 U.S.C. § 101, 102, 103 and 112) set forth in the Answer, and with respect to each such fact, identify each person with knowledge of that fact and each document concerning that fact.

5.    Separately, for each claim of the Bridgestone patents-in-suit that Acushnet contends is invalid, identify all Prior Art and/or Prior Art Golf Balls that Acushnet contends affects or relates to the validity of the Bridgestone patents-in-suit.

6.    Separately, for each of the Asserted Claims of the Bridgestone patents-in-suit, state each fact that supports, or concerns Acushnet's denial that the Accused Acushnet products infringe that claim, including an identification of every element of each claim which Acushnet contends is not found in the Acushnet products, and for each such element, describe in detail Acushnet's contention as to the lack of an equivalent for such element.

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.,
and BRIDGESTONE GOLF, INC.,

        Plaintiffs,

      v.

ACUSHNET COMPANY,

        Defendant.

C. A. No.  05-132 (JJF)

### BRIDGESTONE'S SECOND SET OF INTERROGATORIES
### (INTERROGATORY NOS. 25-39)

Pursuant to Fed. R. Civ. P. 33, Plaintiff Bridgestone Sports Co. Ltd., by their undersigned attorneys, propound these Interrogatories, to which Defendant Acushnet Company shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Definitions and Instructions set forth hereinafter.

35.    Identify on a claim-by-claim basis for each one of the Bridgestone patents-in-suit that Acushnet contends is invalid and provide a chart identifying specifically under which section(s) of the Patent Code that Acushnet contends each identified claim is invalid and how Acushnet contends that each identified claim fails to satisfy such section(s), including where, specifically, in the prior art Acushnet contends a teaching or suggestion of or motivation to combine each element of each identified claim is found.

36.    Identify all publications and other materials alleged by Acushnet to be relevant to the patentability of the Bridgestone patents-in-suit, including each document, thing, or other evidence supporting the chart requested in Interrogatory No. 35.

37.    Identify each term in the claims of the Acushnet patents-in-suit and Bridgestone patents-in-suit that you contend should be given a meaning other than the plain and ordinary meaning for that term as understood by one of ordinary skill in the art in light of the patent disclosure, and for each such identified term, state the meaning you contend it should be given and the factual basis for your contention.

38.    Identify all evidence (intrinsic and extrinsic) you contend is relevant to or you intend to rely upon in construing each term in the claims of the Acushnet patents-in-suit and Bridgestone patents-in-suit, and for each such item of evidence, identify how such item of evidence is relevant to each term in the claims of the Acushnet patents-in-suit and Bridgestone patents-in-suit, and state your contention as to how each such item of evidence affects the construction of each term in the claims of the Acushnet patents-in-suit and Bridgestone patents-in-suit.

Bridgestone's Second Set Of Interrogatories

# EXHIBIT D

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD, and BRIDGESTONE GOLF, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>ACUSHNET COMPANY, )<br><br>Defendant. ) | C. A. No. 05-132 (JJF) |
| ACUSHNET COMPANY, )<br><br>Counterclaim Plaintiff, )<br><br>v. )<br><br>BRIDGESTONE SPORTS CO., LTD, and BRIDGESTONE GOLF, INC. )<br><br>Counterclaim Defendant. ) | |

**ACUSHNET'S SECOND SUPPLEMENT TO OBJECTIONS AND RESPONSES TO
BRIDGESTONE'S SECOND SET OF INTERROGATORIES
DIRECTED TO ACUSHNET (NOS. 25-39)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant and counterclaim

plaintiff Acushnet Company ("Acushnet") hereby supplements its responses to *the Second Set of*

*Interrogatories Directed to Acushnet (Nos. 25-39)* ("Second Set of Interrogatories") of plaintiffs

| Beginning Bates No. | Ending Bates No. | | Beginning Bates No. | Ending Bates No. |
|---|---|---|---|---|
| AB0000894 | | | AB0016586 | AB0016779 |
| AB0000898 | | | AB0016780 | AB0016806 |
| AB0000899 | | | AB0016971 | AB0016996 |
| AB0000900 | AB0000902 | | AB0017199 | AB0017233 |
| AB0001692 | AB0001752 | | AB0017244 | AB0017245 |
| AB0001756 | AB0001764 | | AB0017247 | AB0017250 |
| AB0001765 | | | AB0017413 | AB0017673 |
| AB0001767 | AB0001770 | | AB0017677 | AB0017679 |
| AB0001773 | AB0001789 | | AB0017687 | AB0017999 |
| AB0001792 | AB0001794 | | AB0027609 | AB0029925 |
| AB0001795 | AB0001803 | | AB0030115 | AB0030125 |
| AB0001804 | AB0001813 | | AB0034583 | AB0035634 |
| AB0001814 | AB0001817 | | AB0037038 | AB0037086 |
| AB0002260 | AB0002261 | | AB0037091 | AB0037162 |
| AB0002264 | AB0002281 | | AB0037186 | AB0037211 |
| AB0004459 | AB0004491 | | AB0037222 | AB0038811 |
| AB0004580 | AB0004618 | | AB0044739 | AB0045339 |
| AB0004710 | AB0004737 | | AB0045388 | AB0046095 |
| AB0011621 | AB0011611 | | AB0046167 | AB0046298 |
| AB0011271 | AB0012346 | | AB0046866 | AB0047076 |
| AB0016037 | AB0016198 | | AB0046521 | AB0046701 |

Acushnet hereby reserves the right to supplement its response to this request in light of ongoing discovery.

### Interrogatory No. 35:

Identify on a claim-by-claim basis for each one of the Bridgestone patents-in-suit that Acushnet contends is invalid and provide a chart identifying specifically under which section(s) of the Patent Code that Acushnet contends each identified claim is invalid and how Acushnet contends that each identified claim fails to satisfy such section(s), including where, specifically, in the prior art Acushnet contends a teaching or suggestion of or motivation to combine each element of each identified claim is found.

### Response to Interrogatory No. 35:

Acushnet incorporates all of its General Objections and Objections to Definitions as though fully set forth herein and further specifically objects to this interrogatory as overly broad to the extent it seeks information protected by attorney-client privilege and/or work-product immunity and duplicative of Bridgestone's Interrogatory Nos. 4 and 5. Acushnet also

13

specifically objects to this request as premature in light of ongoing discovery. Subject to and without waiving those objections, Acushnet incorporates its responses to Bridgestone's Interrogatory Nos. 4 and 5 as if fully restated herein. Acushnet further reserves the right to supplement this response as new facts and evidence become available, including the submission of expert reports re invalidity of the Bridgestone patents-in-suit.

## Interrogatory No. 36:

Identify all publications and other materials alleged by Acushnet to be relevant to the patentability of the Bridgestone patents-in-suit, including each document, thing, or other evidence supporting the chart requested in Interrogatory No. 35.

## Response to Interrogatory No. 36:

Acushnet incorporates all of its General Objections and Objections to Definitions as though fully set forth herein and further specifically objects to this interrogatory as overly broad to the extent it seeks information protected by attorney-client privilege and/or work-product immunity and duplicative of Bridgestone's Interrogatory Nos. 4, 5, and 35. Acushnet also specifically objects to this request as premature in light of ongoing discovery. Subject to and without waiving those objections, Acushnet incorporates its responses to Bridgestone's Interrogatory Nos. 4, 5, and 35 as if fully restated herein. Acushnet further reserves the right to supplement this response as new facts and evidence become available, including the submission of expert reports re invalidity and/or unenforceability of the Bridgestone patents-in-suit.

## Supplemental Response to Interrogatory No. 36:

Subject to and without waiving its General or Specific Objections, Acushnet supplements its response by incorporating the prior art referenced in its responses to Bridgestone's Interrogatories Nos. 11-14.

## Interrogatory No. 37:

Identify each term in the claims of the Acushnet patents-in-suit and Bridgestone patents-in-suit that you contend should be given a meaning other than the plain and ordinary meaning for that term as understood by one of ordinary skill in the art in light of the patent disclosure, and for

14

# EXHIBIT F

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT G

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004 2402
www.howrey.com

Alan M Grimaldi
Partner
202 383 6989
202 383 6610
grimaldia@howrey.com

File 00534 0002

August 11, 2006

BY FACSIMILE

Brandon M. White, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

Re:   ***Bridgestone Sports Co. v. Acushnet Co.,***
      ___**C.A. No. 05-132 (JJF) (D. Del.)**___

Dear Brandon:

In accordance with the Court's Order requiring Acushnet to provide Bridgestone with "any invalidity defense with respect to the selected claims and the references relied upon," by todays date (Order, Aug. 3, 2006), Acushnet hereby incorporates all the claim charts and supporting documents that Acushnet served on you in response to Bridgestone's Interrogatory No. 5. These documents provide Acushnet's positions on invalidity of the remaining claims of the patents-in-suit.

While the Court did not require that Acushnet reduce or modify its invalidity contentions, in the spirit of cooperation, we further identify the following references as being withdrawn for the purposes of Acushnet's invalidity contentions. Acushnet, however, reserves the right to use any of the withdrawn references to provide evidence of the knowledge held by those of ordinary skill in the art at a particular time, or as rebuttal evidence to any statements made by any expert relied upon by Bridgestone.

- **The '652 Patent**

  - United States Patent No. 2,467,789

- **The '852 Patent**

  - United States Patent No. 6,503,156

  - United States Patent No. 6,506,130

  - United States Patent No. 6,595,873

  - United States Patent No. 6,213,894

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON. DC

DM_US\8376134 v1

**HOWREY** LLP

Brandon M. White
August 11, 2006
Page 2

- **The '817 Patent**

  - United States Patent No. 5,586,950

  - Great Britain Publication No. 2 276 093

  - United States Patent No. 5,098,105

- **The '834 Patent**

  - United States Patent No. 5,098,105

  - Great Britain Publication No. 2 264 302

  - United States Patent No. 4,674,751

  - United States Patent No. 4,858,924

  - Japanese Kokai Publication No. 02-228978

- **The '707 Patent**

  - United States Patent No. 5,730,663

  - United States Patent No. 5,002,281

  - United States Patent No. 5,830,087

  - United States Patent No. 5,743,817

  - United States Patent No. 5,024,444

  - United States Patent No. 4,840,381

- **The '961 Patent**

  - United States Patent No. 6,520,871

  - United States Patent No. 6,325,730

  - United States Patent No. 6,739,985

  - United States Patent Application Publication No. 2002/0193182

  - United States Patent No. 6,315,684

  - United States Patent No. 6,503,156

**HOWREY** LLP

Brandon M. White
August 11, 2006
Page 3

- United States Patent No. 6,506,130

- United States Patent No. 6,595,873

- United States Patent No. 6,213,894

- United States Patent No. 5,586,950

- Great Britain Publication No. 2 278 609

- United States Patent No. 6,394,915

- United States Patent No. 6,413,172

- United States Patent No. 6,379,269

- United States Patent No. 6,432,000

- United States Patent No. 6,224,498

- United States Patent No. 6,667,001

- Australia Publication 703884

- Japanese Patent No. 2669051

- Japanese Patent No. 2778229

- United States Patent No. 5,697,856

- **The '791 Patent**

  - United States Patent No. 6,379,269

  - United States Patent No. 6,435,983

  - United States Patent No. 6,409,614

  - United States Patent No. 6,045,460

  - United States Patent No. 5,776,012

  - United States Patent No. 5,730,663

# HOWREY LLP

Brandon M. White
August 11, 2006
Page 4

We are available to discuss ways to streamline the remainder of this litigation.

Very truly yours,

Alan M. Grimaldi

# EXHIBIT H

**HOWREY**LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

Direct Dial 202.383.6904
File 00634.0002

September 1, 2006

BY FACSIMILE

Robert M. Masters, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

     Re:   *Bridgestone Sports Co. v. Acushnet Co.,*
            **C.A. No. 05-132 (JJF) (D. Del.)**
            <u>**Acushnet's Invalidity Contentions**</u>

Dear Rob:

     We have received your letter of August 31, in which you set a unilateral deadline of noon today for Acushnet to further revise its invalidity contentions. As you are aware, Acushnet narrowed its invalidity contentions on August 11, despite our belief that the Court's August 3 Order imposed no such requirement.

     When we met-and-conferred on this matter on August 18, we agreed to further revise our invalidity contentions for the '961 patent, which we did on August 28. Although your letter characterizes those revised contentions as "slightly revised" and states that our second revision only "dropped one reference as an anticipatory reference and one reference from [our] obviousness combinations," (Masters Ltr. to Grimaldi, Aug. 31, 2006 at 1), our August 28 revision in fact removed four Spalding prior art patents from a number of combinations. We previously eliminated 21 prior art references for the '961 patent.

     In return, we requested on August 18 that Bridgestone narrow its infringement contentions "to identify at least the contentions Bridgestone is asserting solely under the doctrine of equivalents." (Seal Ltr. to Masters, Aug. 18, 2006, at 2.) While we have yet to receive any revised contentions from Bridgestone, we appreciate Mr. White's letter of August 31 in which he agrees to provide updated contentions next week. (*See* White Ltr. to Seal, Aug. 31, 2006.)

     As the only party to provide revised contentions after the August 18 meet-and-confer, we are disappointed in the tone of your letter. We are particularly disappointed by your statement that, if you "do not receive proper invalidity contentions by noon on Friday, September 1, 2006, [you] will bring this issue to the Court to resolve." (Masters Ltr. to Grimaldi, Aug. 31, 2006, at 1.) Having received your letter two minutes before noon on Thursday, August 31, we respectfully suggest that your unilateral 24-hour deadline was both arbitrary and unrealistic, especially in light of the facts that today the parties had (1) two depositions, (2) a document

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US\8383872.v1

# HOWREY

production deadline, and (3) a deadline in which to resolve privilege log issues.[1] In addition, we have yet to receive any substantive response to the revised contentions we served earlier this week, nor have we received the revised contentions which Mr. White has requested.

We remain willing to discuss this matter further with you, but believe that discussion would be most productive after we have received (1) a substantive response to the contentions we served this week and (2) Bridgestone's revised contentions. That way, any remaining issues on both sides may be raised with the Court simultaneously, if necessary.

Regards,

Brian S. Seal

---

[1] Your 24-hour deadline was further compressed by the fact that you sent your letter to Alan Grimaldi, who, as you acknowledge in your letter, is currently on vacation.

# HOWREY LLP

1299 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2402
PHONE: 202.783.0800 • FAX: 202.383.6610

## FACSIMILE COVER SHEET

*DATE:* September 1, 2006

*TO:*

*NAME:* Robert M. Masters

*COMPANY:* Paul Hastings

*FAX NUMBER:* 202.551.1705    *PHONE NUMBER:* 202.551.1700

*CITY:* Washington, DC

*FROM:*

*NAME:* Brian S. Seal

*DIRECT DIAL NUMBER:* 202.383.6904    *USER ID:* 2233

*NUMBER OF PAGES, INCLUDING COVER:* 3    *CHARGE NUMBER:* 00634.0002

☐ *ORIGINAL WILL FOLLOW VIA:*

☐ *REGULAR MAIL*    ☐ *OVERNIGHT DELIVERY*    ☐ *HAND DELIVERY*    ☐ *OTHER:*

☒ *ORIGINAL WILL NOT FOLLOW*

*SUPPLEMENTAL MESSAGE:*

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE PLEASE CALL 202.783.7157

# Confirmation Report—Memory Send

```
Time      : Sep-01-06  08:03pm
Tel line 1 : +
Tel line 2 : +
Name      : HOWREY SIMON
```

| | | |
|---|---|---|
| Job number | : | 237 |
| Date | : | Sep-01 08:02pm |
| To | : | ☎09695511705 |
| Document Pages | : | 03 |
| Start time | : | Sep-01 08:02pm |
| End time | : | Sep-01 08:03pm |
| Pages sent | : | 03 |
| Job number    : 237 | | |

## ✳✳✳ SEND SUCCESSFUL ✳✳✳

# HOWREY L.L.P.

1299 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2402
PHONE: 202.783.0800 ▪ FAX: 202.383.6610

## FACSIMILE COVER SHEET

| | | | | |
|---|---|---|---|---|
| DATE: | September 1, 2006 | | | |
| TO: | NAME: | Robert M. Masters | | |
| | COMPANY | Paul Hastings | | |
| | FAX NUMBER | 202.551.1705 | PHONE NUMBER | 202.551.1700 |
| | CITY | Washington, DC | | |
| FROM | NAME: | Brian S. Seal | | |
| | DIRECT DIAL NUMBER: | 202.383.6904 | USER ID: | 2233 |
| NUMBER OF PAGES, INCLUDING COVER: | | 3 | CHARGE NUMBER: | 00634.0002 |

☐ ORIGINAL WILL FOLLOW VIA:

☐ REGULAR MAIL      ☐ OVERNIGHT DELIVERY      ☐ HAND DELIVERY      ☐ OTHER: _____

☒ ORIGINAL WILL NOT FOLLOW

SUPPLEMENTAL MESSAGE:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 202.393.7337

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a          :
Delaware corporation,                :
                                     :
           Plaintiff,                :
                                     :
     v.                              :    C.A. No. 04-1371-JJF
                                     :
FAIRCHILD SEMICONDUCTOR              :
INTERNATIONAL, INC., a Delaware      :
corporation, and FAIRCHILD          :
SEMICONDUCTOR CORPORATION, a         :
Delaware corporation,                :
                                     :
           Defendants.               :

---

Frank E. Scherkenback, Esquire of FISH & RICHARDSON P.C., Boston,
Massachusetts.
Howard G. Pollack, Esquire; David J. Miclean, Esquire and Michael
R. Headley, Esquire of FISH & RICHARDSON P.C., Redwood City,
California.
William J. Marsden, Jr., Esquire and Sean P. Hayes, Esquire of
FISH & RICHARDSON, P.C., Wilmington, Delaware.

Attorneys for Plaintiff.

G. Hopkins Guy, III, Esquire; Vickie L. Freeman, Esquire; Bas de
Blank, Esquire and Brian H. VanderZanden, Esquire of ORRICK,
HERRINGTON & SUTCLIFFE LLP, Menlo Park, California.
Steven J. Balick, Esquire; John G. Day, Esquire and Tiffany Geyer
Lydon, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Defendant.

---

MEMORANDUM OPINION

September 20, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are several motions filed by Plaintiff and Defendants. The Court will address each of the Motions in turn.

I.   Defendants' Motion For Protective Order Regarding Deposition Of Michael C. Keeley, Rebuttal Expert Report On Damages And Continuation Of Damages Trial (D.I. 309)

By their Motion, Defendants request a protective order (1) quashing Power Integration's notice of deposition of Michael C. Keeley, (2) setting reasonable dates for the submission of Dr. Keeley's rebuttal damages expert report and deposition, and (3) continuing the damages portion of the trial currently set for October 2, 2006. Defendants contend that Plaintiff has not provided any discovery of its restated financial reports and that a revised damages report by Mr. Troxel contains new theories which Plaintiff should not be permitted to assert at this late date.

By e-mail to the Court dated August 21, 2006, the parties informed the Court that they reached an agreement concerning the deposition of Mr. Keeley. However, Defendants continue to press their motion to the extent that it seeks a continuation of the damages trial, particularly in light of the fact that Defendants still have not received Plaintiff's restated financial reports. Defendants also maintain that Mr. Troxel's second supplemental expert report on damages should be stricken.

1

The Court has addressed the continuation of the damages trial in this case in the context of a previous motion filed by Defendants and will not revisit that decision here. As for Plaintiff's financial reports, the Court addressed that subject at the Pretrial Conference and will also discuss it in the context of a pending motion in limine. Mr. Troxel's second supplemental expert report is the subject of a separate motion filed by Defendants, and therefore, will not be addressed by the Court in the context of this motion. Accordingly, the Court will deny as moot the Motion For Protective Order as it applies to Mr. Keeley's deposition and the deadlines for rebuttal expert reports, and deny the Motion For Protective Order in all remaining aspects.

II.  MOTIONS IN LIMINE

    A.  Defendants' Motions In Limine (D.I. 356-1)

        1.  Motion In Limine To Exclude Plaintiff's Claim For Damages Based On Defendants' Non-infringing Foreign Sales And Manufacture Of Products That Never Entered the U.S.

The Court has previously denied Defendants' Motion For Partial Summary Judgment Of Non-Infringement (Foreign Sales) and concludes that the instant motion more closely resembles a second summary judgment motion on that issue than a motion in limine. Accordingly, the Court will deny Defendants' Motion.

2.   Motion In Limine To Exclude Plaintiff's Claim For
Evidence And Damages Based On Third Party Alleged
U.S. Importation Of Accused Products

As with the previous Motion, the Court concludes that
Defendant's second Motion In Limine is akin to a summary judgment
motion.  In this case, the jury will decide how many infringing
sales and offers for sale took place in the United States based
on the evidence submitted by the parties.[1]  Accordingly, the
Court will deny Defendants' motion.

3.   Motion In Limine To Preclude Plaintiff From
Relying On Decertified Financial Reports

The Court has reviewed the parties' arguments with respect
to this issue and concludes that Defendants have not demonstrated
sufficient reason to preclude Plaintiff's from relying on the
existing financial figures.  To the extent that the existing
figures may be changed at a later date, the Court can address the
issue post-trial.  Accordingly, the Court will deny Defendants'
motion.

---

[1]     For both their first and second motions in limine,
Defendants rely on a statement made by the Court in the context
of addressing a motion in limine pertaining to the report of Mr.
Lum.  (D.I. 334).  The Court's statement was confined to the
context of that dispute and was based solely on the excerpts of
depositions provided by Defendants in connection with that
motion.  Thus, the Court did not intend for its statements to be
construed as a commentary on the evidence as a whole or on the
broader issue of alleged foreign sales and third party
importation presented here.

3

### 4. Motion In Limine To Exclude Evidence Of Alleged "Price Erosion"

The Court has reviewed the parties' arguments with respect to this issue and concludes that Defendants can address any deficiencies in Mr. Troxel's report through cross-examination. The Court is not persuaded that Plaintiff improperly concealed evidence from Mr. Troxel and disagrees with Defendants' assertion that products introduced by Plaintiff into the market prior to October 20, 2004, cannot provide a basis for damages, when the calculations relevant to those products are attributable to post October 20, 2004 sales. Accordingly, the Court will deny Defendants' Motion.

### 5. Motion In Limine To Exclude All Evidence Of Damages Or Notice Prior To October 20, 2004

The Court has already addressed this issue in previous decisions and finds that further discussion of this issue is unwarranted. The Court will not expand its previous orders to embrace all pre-suit evidence and will not create a blanket presumption against the admission of such pre-suit evidence by requiring proffers that the evidence relates to infringement rather than damages. To the extent that Defendants have a concern about a particular piece of evidence, their concerns can be address at trial or during a side-bar conference. Accordingly, Defendants' motion will be denied.

4

6.    Motion In Limine To Exclude Sales Reports And
Other Documents As Unreliable

The Court has considered the parties' arguments concerning
this issue and concludes that the reliability or unreliability of
the documents identified by Defendants is a question reserved for
the jury.  As for Defendants' hearsay objections, the Court notes
that Plaintiff contends that the documents fall within a number
of exceptions to the hearsay rule.  To the extent that Defendants
maintain these objections and contend that these hearsay
exceptions do not apply, the Court will consider such objections
in the context of the trial so that the Court can fully evaluate
the foundational evidence relevant to the exhibits.  Accordingly,
the Court will deny Defendants' motion.

7.    Motion In Limine To Exclude Legal Opinions On
Infringement

The Court has reviewed the parties' arguments with respect
to this issue and concludes that Defendants are not entitled to
relief.  Although claim construction is a question of law, the
ultimate question of infringement is a question of fact reserved
for the jury.  Envirotech Corp. v. Al George, Inc., 730 F.2d 753,
758 (Fed. Cir. 1984).  Thus, technical experts are permitted to
give their opinions on the question of infringement.  See
Snellman v. Ricoh Co., 862 F.2d 282, 287 (Fed. Cir. 1988), cert.
denied, 491 U.S. 910 (1989).  Accordingly, the Court will deny
Defendants' Motion.

8.   Motion In Limine To Exclude Evidence That
     Defendants Copied Plaintiff's Circuits Or
     Datasheets

The Court has reviewed the parties' arguments regarding this

issue and concludes that the issue of copying presents questions

for the jury.  As for Defendants concerns regarding jury

confusion, the Court concludes that such concerns are slight and

likely to be fully ameliorated once the Court instructs the jury

as to the applicable law.  Accordingly, the Court concludes that

Defendants will not be unduly prejudiced by this evidence, and

therefore, the Court will deny Defendants' Motion.

9.   Motion In Limine To Exclude Claims And Evidence
     Regarding Defendants' FSD210HD Product

Defendants contend that Plaintiff failed to identify the

FSD210HD product as an accused device in any of its damages

reports prior to August 8, 2006, and in any of its interrogatory

responses.  Defendants also contend that they identified this

device during discovery, even though it was not accused, to be

sure that Plaintiff was aware of the device.  Defendants also

point out that there are no technical reports concerning

infringement for this device, and therefore, if Plaintiff is

permitted to pursue the device, Defendants contend that discovery

will need to be reopened.

Plaintiff contends that Defendants concealed that this

device was manufactured in the United States until May 2006.

Plaintiff points out that it identified the FSD210 family of

products, and the fact that it did not specifically designate the particular sales suffix is a "semantic" difference.  According to Plaintiff there is no relevant difference between the FSD210HD and the other members of the FSD210 family, and Defendants' documents demonstrate that the FSD210HD is a version of the FSD210H product identified by Plaintiff.  In addition, Plaintiff contends that Defendants, themselves, referred to the FSD210 as an accused device.

The Court concludes that Plaintiff has sufficiently identified the FSD210HD as an accused product in this litigation in light of their identification of the FSD210 family of products.  The FSD210 family of products has been the subject of technical expert reports, and therefore, the Court is persuaded that additional discovery related to the FSD210HD product is not required.  Further, Defendants have not demonstrated that there is a significant difference between the FSD210HD device and the other devices in that family, including the FSD210H which was identified by Plaintiff.  Accordingly, the Court will deny Defendants' Motion.

> 10.  Motion In Limine To Exclude Claims Or Evidence Based On An Alleged "Offer For Sale" Because The Theory Was Not Included In Plaintiff's Damages Report

Defendants contend that Plaintiff's damages expert did not calculate damages based on an offer to sale, and therefore, this evidence is outside the scope of the expert reports.  Defendants

also contend that offers to sell that culminated in sales outside the United States should be excluded.

Plaintiff contends that lost profit damages are based on lost sales, and therefore, its damages expert was not required to calculate damages separately for offers for sale. However, Plaintiff contends that its damages expert did consider offers for sale in the context of his price erosion calculations. Plaintiff also contends that evidence of offers to sell infringing products in the United States is evidence that actual sales of infringing products occurred in the United States and evidence of Defendants' intent to induce others to imports and use these products in the United States.

The Court has considered the parties' arguments and concludes that the alleged offers to sale were considered by Dr. Troxel in the context of his price erosion analysis and that the alleged offers for sale are relevant to the issues in this case. Accordingly, the Court will deny Defendants' Motion.

> 11.  Motion In Limine To Exclude Doctrine Of
>      Equivalents' Arguments With Regard To The '075,
>      '876 And '366 Patent And Limit The Argument With
>      Regard To The '851 Patent

Plaintiff has not asserted the doctrine of equivalents with respect to the '075 patent, and therefore, the Court concludes that the motion is moot to the extent that it pertains to that patent. As for the remaining patents, the Court finds Defendants' motion to be more akin to a motion for summary

8

judgment than a motion in limine, and the question of the
sufficiency of the evidence on the doctrine of equivalents can be
taken up after the jury's verdict, if necessary. Accordingly,
the Court will deny Defendants' Motion to the extent that it has
not already been mooted.

      12.   Motion In Limine To Exclude Evidence Concerning
           Power Integrations' Earlier Litigation Success
           Against System General or Motorola

The parties apparently agree that evidence regarding
Plaintiff's successes in the Motorola and System General lawsuits
is irrelevant to this action, and therefore, the Court will grant
Defendants' Motion. As for Plaintiff's argument that they should
be able to raise this issue if Defendants "open the door" to the
subject, the Court concludes that such an arguments depends
entirely on the evidence produced at trial and its context.
Accordingly, the Court will address any such issues on a case-by-
case basis during the trial.

      13.   Motion In Limine To Preclude Plaintiff's From
           Introducing Evidence Of Defendants' Prior Claim
           Construction Positions, Or Evidence Of Who "Won"
           Or "Lost"

Defendants contend that any reference to their prior claim
construction positions or to who "won" or "lost" the claim
construction debate are prejudicial to Defendants and confusing
to the jury. In response, Plaintiff contends that this evidence
is relevant to willfulness. Specifically, Plaintiff contends
that Defendants obtained 13 opinions of counsel and their

positions have changed several times, including changes based on incorrect claim construction. Plaintiff contends that they are entitled to question the competence of Defendants' opinions and Defendants' reasonable reliance on those opinions.

While the Court agrees that reference to who "won" or "lost" the claim construction debate may not be appropriate to suggest that the Court favors one parties' position over another, the Court concludes that evidence of Defendants' shifting claim constructions is relevant to the reasonableness and competence of the opinions of counsel relied upon by Defendants as a defense to willful infringement. Accordingly, the Court will permit Plaintiff to explore this issue in that limited context, and therefore, Defendants' Motion will be denied.

> 14. Motion In Limine To Preclude Any Evidence Or
>     Assertion That Opinion Counsel Must Have Construed
>     All Terms To The Claims As Part Of A Proper
>     Analysis

Plaintiff agrees with Defendants that there is no requirement that opinion counsel construe each and every term of a patent for the opinion of counsel to be valid. However, the Court agrees with Plaintiff that the question of whether counsel should have construed a particular claim term in rendering his non-infringement opinion is relevant to the jury's assessment of whether Defendants' reasonably relied on that opinion. Accordingly, the Court will deny Defendants' Motion.

10

15. Motion In Limine To Preclude Irrelevant And
Prejudicial Documents Regarding Power
Integrations And its Products

Defendants contend that Plaintiff should be precluded from

introducing evidence related to awards that Plaintiff has

received for its products and evidence from an e-mail sent by one

of Defendants employees' which states that Plaintiff's "system

ideas" were "epoch making." Defendants contend that this

evidence does not have a nexus to the technology or inventions of

the asserted claims, and that Plaintiff has not provided any

testimony linking these accolades to the patents-in-suit.

Defendants further contend that this evidence is more

appropriately reserved for the invalidity trial as evidence of

secondary indicia of non-obviousness.

Plaintiff contends that the e-mail from Defendants' employee

is relevant evidence of Defendants' intent to copy. Plaintiff

also contends that the article discussing the awards Plaintiff

has received discusses the features of certain of Plaintiff's

products which embody the patented technologies in this case.

The Court has reviewed the documents cited by Defendants and

concludes that they are relevant to the patented technology and

provide useful background information regarding Power

Integrations and the marketplace for power supplies. Further, as

Plaintiff points out, the Court will instruct the jury as to the

appropriate law, so as to prevent the misuse of the documents by

11

the jury, and therefore, the Court is not persuaded that
Defendants will suffer undue prejudice if the Court does not
exclude the above-referenced documents from evidence.
Accordingly, the Court will deny Defendants' Motion.

> 16.  Motion In Limine To Exclude Technical Expert
>      Testimony From Michael Shields On Inherency

Defendants contend that the Court should exclude the
testimony of Mr. Shields on the issue of inherency.
Specifically, Defendants contend that this testimony exceeds the
scope of Mr. Shield's expert report and is beyond his area of
expertise. Defendants also contend that Mr. Shields indicated at
his deposition that he would not be discussing the subject of
inherency.

In response, Plaintiff contends that Defendants have
mischaracterized the testimony of Mr. Shields. According to
Plaintiff, Mr. Shields indicated that he did not agree with
Defendants' definition of inherency, but did not testify that he
would not opine on inherency. Plaintiff also contends that
Defendants will have ample opportunity to cross-examine and rebut
Mr. Shields' testimony.[2]

_____

[2]    Plaintiff raises an additional issue which they contend
is related to Defendants' Motion. Specifically, Plaintiff
contends that Defendants "may" argue that Mr. Shields should not
be allowed to provide testimony regarding documents that came to
light after Mr. Shields provided his rebuttal report and
deposition. Plaintiff requests that the Court clarify that its
expert, Mr. Shields, will be permitted to respond to the
testimony of Defendants' expert, Mr. Gwozdz, whose testimony the

12

Plaintiff does not address the content of Mr. Shields report in its response to Defendants' Motion In Limine.  The Court has reviewed the report and notes that it does not expressly address the concept of inherency.  As the Court stated previously, opinions not disclosed by an expert in his report will not be permitted at trial.  Accordingly, the Court will exclude the testimony of Mr. Shields as it relates to the concept of inherency, unless Plaintiff can designate the portion of Mr. Shields' report which it contends addresses this topic, and therefore, Defendants' Motion will be granted at this juncture.

> 17.  Motion In Limine To Exclude E-Mails Between GE And Fairchild

Defendants contend that e-mails between themselves and GE should be excluded from evidence, because they are irrelevant.  Specifically, Defendants contend that the e-mails were not relied upon by Plaintiff's damages expert and were dated prior to October 20, 2004.  Defendants also contend that the e-mails have not been authenticated and are inadmissible hearsay.

---

Court declined to preclude in the context of a previous motion in limine raised by Plaintiff.  Because this issue was raised in Plaintiff's response to Defendants' Motions In Limine, the Court does not have Defendants' position with respect to this issue.  Also, it appears to the Court that Plaintiffs are anticipating this argument to be raised by Defendants, but it is unclear to the Court whether Defendants are, in fact, pressing this argument.  Accordingly, the Court will address this issue during the trial, if it becomes necessary.

13

Plaintiff contends that the e-mails are not relevant to their damages case, but to show Defendants' intent to induce others to import infringing products into the United States. As for authentication, Plaintiff contends that the documents are Defendants' documents, and therefore, Defendants should be required to authenticate them. Plaintiff also contends that these documents are admissible as admissions of a party-opponent and business records.

The Court has reviewed the parties' arguments and the proffered evidence and concludes that the documents referred to by Defendants have only marginal, if any, relevance to the issues in this case. Accordingly, the Court will grant Defendants' Motion and exclude the e-mail evidence referred to by Defendants.

> 18. Motion In Limine To Exclude Dr. Eklund's Testimony Concerning Conception Or Reduction To Practice Unless Plaintiff Provides And Lays The Foundation Of Independent Evidence Corroborating The Dates

The Court has reviewed the parties' arguments regarding this issue and notes that a related summary judgment motion was denied. The Court further finds that questions concerning conception, reduction to practice and corroboration are factual in nature, and therefore, reserved for the jury. Accordingly, the Court will deny Defendants' Motion.

19. Motion In Limine To Exclude Argument Or Evidence
Challenging The Publication Dates Of Prior Art
References Listed By Defendants

In an effort to facilitate the resolution of the parties'
dispute concerning the publication dates of the prior art
references, the Court will limit Defendants to 7 prior art
references (a number equaling the number of claims asserted in
this litigation). Once the references are selected, the parties
shall confer to determine whether they can stipulate to the
publication dates. Accordingly, Defendants' Motion will be
denied at this juncture.

B. Plaintiff's Motions In Limine (D.I. 343-1)

1. Motion In Limine To Preclude Defendants From
Referencing Or Introducing Evidence Related To
Plaintiff's Restatement Of Earnings, Including
Reference to SEC or DOJ Investigations, Civil
Suits Against Plaintiff, and Personnel Changes

The Court has reviewed the parties' positions with respect
to this issue and agrees with Plaintiff that the evidence sought
to be precluded is irrelevant to this case. As the Court has
stated previously, this case is not a securities action.
Accordingly, the Court will grant Plaintiff's Motion.

2. Motion In Limine To Preclude Defendants From
Arguing That The FSD210HD Devices Were Not
Manufactured In The United States

Because the Court will permit Plaintiff to pursue the
FSD210HD as an accused device, the Court will also permit
Defendants the opportunity to argue that these devices were not

15

manufactured in the United States, if they have evidence to support that argument. Accordingly, the Court will deny Plaintiff's Motion.

   3.   Motion In Limine To Preclude Testimony From Gu-Yeon Wei, Defendants' expert on copying

Plaintiff contends that Dr. Wei did not speak to those who developed the accused parts and only looked at the circuits and schematics in formulating his opinion on copying. Thus, Plaintiff contends that Dr. Wei's testimony regarding copying is based on speculation. In the Court's view, any deficiencies in the Dr. Wei's opinions, including the measures he took in formulating those opinions, can be addressed by Plaintiff through cross-examination. Accordingly, the Court will deny Plaintiff's Motion.

   4.   Motion In Limine To Preclude Mr. Conrad, Defendants' "reliance" witness, from testifying regarding communications with Defendants' in-house counsel (Steven Schott) regarding infringement or the validity of the patents-in-suit

Plaintiff contends that during his first deposition, Mr. Conrad indicated that he relied only on certain opinion letters of counsel in connection with Fairchild's defense to the charge of willful infringement; however, Mr. Conrad reversed course during a second deposition and referred to conversations he had with Mr. Schott. Plaintiff points out that Mr. Schott was initially listed by Defendants as a trial witness, but that when Plaintiff sought to compel his testimony, Defendants took him off

16

the witness list prompting Plaintiff to withdraw its motion to compel. Plaintiff contends that, to the extent Mr. Conrad refers to conversations he had with Mr. Schott, Defendants are trying to introduce Mr. Schott's testimony through the "back-door" while simultaneously having shielded Mr. Schott from discovery.

Defendants contend that Plaintiff had ample opportunity to explore the state of mind of Mr. Conrad during his two day deposition. Defendants contend that Plaintiff's decision not to depose Mr. Schott is not a basis to limit Mr. Conrad's testimony.

The Court agrees with Defendants that Plaintiff made a tactical decision to forgo the deposition of Mr. Schott, and Defendants should not be penalized by that decision. Accordingly, the Court will deny Plaintiff's Motion.

## III. Defendants' Motion To Strike Plaintiff's Second Supplemental Report On Damages (D.I. 314)

Defendants request the Court to strike the second supplemental expert report of Plaintiff's damages expert, Mr. Troxel, which was served on August 8, 2006. Defendants contend that the report is (1) untimely, (2) accuses a new device, the FSD210HD, that was not previously raised by Plaintiff, (3) contains damages calculations based on conditions occurring before October 20, 2004, (4) adjusts the future lost profits damages sought from 2009 until 2010, (5) improperly contains damages calculations based on worldwide sales, (6) improperly refers to the favorable decision Power Integrations obtained in

17

the ITC investigation of System General, and (7) contains unfair updated references to the testimony and reports of Mr. Slayton and Mr. Lum.  In addition, Defendants contend that they have not been able to finish deposing Mr. Troxel and that the damages trial should be continued, because Plaintiff's have not yet produced their restated financial reports.

Plaintiff contends that the FSD210HD is a particular version of a product that has been named as an accused product and within a family of products already identified as accused products. Plaintiff contends that the alternative calculations regarding conditions prior to October 20, 2004, are in Mr. Troxel's report, in case the Court grants reconsideration of its ruling on the markings issue as it relates to damages.  Plaintiff also contends that Mr. Troxel has always included a future price erosion analysis for a period of four years from the trial date, and therefore, the extension until 2010 reflects the current trial date.  Plaintiff further contends that the other changes to the expert report are appropriate and consistent with their duty to provide updated reports in response to newly discovered information.

The Court has reviewed the revisions to Mr. Troxel's report and concludes that the report should be redacted to comport with the Court's rulings in this case regarding the testimony of Mr. Lum and the calculation of damages prior to October 20, 2004.

18

The Court also concludes that the findings of the ITC are irrelevant to this litigation, and thus, those portions of Mr. Troxel's report dealing with the ITC findings should also be redacted. However, the Court will permit damages to be recoverable until 2010, since that is consistent with the period of damages sought by Plaintiff throughout this case and has only changed as a result of the extended trial date. In addition, the Court will allow the report to stand as it pertains to the issue of world-wide sales numbers and the FSD210HD product, which the Court has concluded was properly asserted by Plaintiff as an accused product. Accordingly, Defendants' Motion will be granted-in-part and denied-in-part. Plaintiff's Second Supplemental Expert Report On Damages will be redacted consistently with the Court's rulings in this case.

## CONCLUSION

For the reasons discussed, the Court has made the above rulings with respect to the pending Motions.

An appropriate Order reflecting the Court's rulings will be entered.

19

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a           :
Delaware corporation,                 :
                                      :
            Plaintiff,                :
                                      :
      v.                              :  C.A. No. 04-1371-JJF
                                      :
FAIRCHILD SEMICONDUCTOR               :
INTERNATIONAL, INC., a Delaware       :
corporation, and FAIRCHILD            :
SEMICONDUCTOR CORPORATION, a          :
Delaware corporation,                 :
                                      :
            Defendants.               :

### O R D E R

At Wilmington, this $\underset{\sim}{30}$ day of September 2006, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1.    Defendants' Motion For Protective Order Regarding Deposition Of Michael C. Keeley, Rebuttal Expert Report On Damages And Continuation Of Damages Trial (D.I. 309) is **DENIED AS MOOT** to the extent it applies to Mr. Keeley's deposition and **DENIED** in all other respects.

2.    Defendants' Motion In Limine (D.I. 356-1) To Exclude Plaintiff's Claim For Damages Based On Defendants' Non-infringing Foreign Sales And Manufacture Of Products That Never Entered the U.S. is **DENIED**.

3.    Defendants' Motion In Limine To Exclude Plaintiff's Claim For Evidence And Damages Based On Third Party Alleged U.S. Importation Of Accused Products (D.I. 356-2) is **DENIED**.

4.    Defendants' Motion In Limine To Preclude Plaintiff From Relying On Decertified Financial Reports  (D.I. 356-3) is **DENIED**.

5.    Defendants' Motion In Limine To Exclude Evidence Of Alleged "Price Erosion" (D.I. 356-4) is **DENIED**.

6.    Defendants' Motion In Limine To Exclude All Evidence Of Damages Or Notice Prior To October 20, 2004 (D.I. 356-5) is **DENIED**.

7.    Defendants' Motion In Limine To Exclude Sales Reports And Other Documents As Unreliable (D.I. 356-6) is **DENIED**.

8.    Defendants' Motion In Limine To Exclude Legal Opinions On Infringement (D.I. 356-7) is **DENIED**.

9.    Defendants' Motion In Limine To Exclude Evidence That Defendants Copied Plaintiff's Circuits Or Datasheets (D.I. 356-8) is **DENIED**.

10.   Defendants' Motion In Limine To Exclude Claims And Evidence Regarding Defendants' FSD210HD Product (D.I. 356-9) is **DENIED**.

11.   Defendants' Motion In Limine To Exclude Claims Or Evidence Based On An Alleged "Offer For Sale" Because The Theory Was Not Included In Plaintiff's Damages Report (D.I. 356-10) is **DENIED**.

12.   Defendants' Motion In Limine To Exclude Doctrine Of Equivalents' Arguments With Regard To The '075, '876 And '366 Patent And Limit The Argument With Regard To The '851 Patent (D.I. 356-11) is **DENIED AS MOOT** as it pertains to the '075 patent, and **DENIED** in all other respects.

13.   Defendants' Motion In Limine To Exclude Evidence Concerning Power Integrations' Earlier Litigation Success Against System General or Motorola (D.I. 356-12) is **GRANTED**.

14.   Defendants' Motion In Limine To Preclude Plaintiff's From Introducing Evidence Of Defendants' Prior Claim Construction Positions, Or Evidence Of Who "Won" Or "Lost" (D.I. 356-13) is **DENIED**.

15.   Defendants' Motion In Limine To Preclude Any Evidence Or Assertion That Opinion Counsel Must Have Construed All Terms To The Claims As Part Of A Proper Analysis (D.I. 356-14) is **DENIED**.

16.   Defendants' Motion In Limine To Preclude Irrelevant And Prejudicial Documents Regarding Power Integrations And its Products (D.I. 356-15) is **DENIED**.

17.   Defendants' Motion In Limine To Exclude Technical Expert Testimony From Michael Shields On Inherency (D.I. 356-16) is **GRANTED**.

18.   Defendants' Motion In Limine To Exclude E-Mails Between GE And Fairchild (D.I. 356-17) is **GRANTED**.

19.   Defendants' Motion In Limine To Exclude Dr. Eklund's Testimony Concerning Conception Or Reduction To Practice Unless Plaintiff Provides And Lays The Foundation Of Independent Evidence Corroborating The Dates (D.I. 356-18) is **DENIED**.

20.   Defendants' Motion In Limine To Exclude Argument Or Evidence Challenging The Publication Dates Of Prior Art References Listed By Defendants (D.I. 356-19) is **DENIED**.

21.   Plaintiff's Motion In Limine To Preclude Defendants From Referencing Or Introducing Evidence Related To Plaintiff's Restatement Of Earnings, Including Reference to SEC or DOJ Investigations, Civil Suits Against Plaintiff, and Personnel Changes (D.I. 343-1) is **GRANTED**.

22.   Plaintiff's Motion In Limine To Preclude Defendants From Arguing That The FSD210HD Devices Were Not Manufactured In The United States (D.I. 343-2) is **DENIED**.

23.   Plaintiff's Motion In Limine To Preclude Testimony From Gu-Yeon Wei, Defendants' expert on copying (D.I. 343-3) is **DENIED**.

24.   Plaintiff's Motion In Limine To Preclude Mr. Conrad, Defendants' "reliance" witness, from testifying regarding communications with Defendants' in-house counsel (Steven Schott) regarding infringement or the validity of the patents-in-suit (D.I. 343-4) is **DENIED**.

25.   Defendants' Motion To Strike Plaintiff's Second Supplemental Report On Damages (D.I. 314) is **GRANTED-IN-PART** and

**DENIED-IN-PART**.  Plaintiff's Second Supplemental Report On

Damages will be redacted to comport with the Court's rulings in

this case.

UNITED STATES DISTRICT JUDGE