IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| ACUSHNET COMPANY, | ) ) ) | C. A. No. 05-132 (JJF) |
| Defendant. | ) ) ) | |
| ACUSHNET COMPANY, | ) ) | **DEMAND FOR JURY TRIAL** |
| Counterclaim Plaintiff, | ) ) | **PUBLIC VERSION** |
| v. | ) ) ) | |
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC. | ) ) ) ) | |
| Counterclaim Defendant. | ) | |

### ACUSHNET'S MOTION FOR LEAVE TO SUPPLEMENT ITS INVALIDITY CONTENTIONS AND MEMORANDUM OF POINTS AND <u>AUTHORITIES IN SUPPORT OF THE MOTION</u>

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
Brian S. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Robin D. Adelstein
Attorney at Law
193 Ivy Street
Oyster Bay, NY 11771
Tel: (516) 922-7631

Dated: January 3, 2007
Public Version Dated: January 8, 2007
770850 / 28946

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. <br><br> ACUSHNET COMPANY, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLD, INC. <br><br> Counterclaim Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C. A. No. 05-132 (JJF) <br><br> **DEMAND FOR JURY TRIAL** <br><br> **PUBLIC VERSION** |

### ACUSHNET'S MOTION FOR LEAVE TO SUPPLEMENT ITS INVALIDITY CONTENTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION

Acushnet Company ("Acushnet") hereby moves for leave, if leave is needed, to supplement its invalidity contentions with a few newly located patents and a Bridgestone golf ball that are highly material, and likely invalidate, the '791 and '707 patents at issue in this case. While Acushnet believes leave is not necessary, Bridgestone has objected to Acushnet's decisions to rely on this invalidating prior art, thereby necessitating the present motion.[1]

---

[1] Acushnet attempted to reach Bridgestone's counsel by phone and by e-mail today, Wednesday, January 3, for a meet-and-confer on this motion. We informed them that we disagreed with their position that the newly-identified references were improper and that, if they would not change that position, we intended to file a motion for leave to supplement. Counsel for Bridgestone responded that they wanted to confer the morning of Thursday, January 4. (*See* Ex. N.) They neither indicated their position on Acushnet's proposed motion nor indicated that they were intending to file a motion themselves.

The relevant prior art consists of five patents, all of which are Bridgestone patents, as well as the Altus Newing Massy golf ball, a ball previously manufactured by Bridgestone.[2] Acushnet timely disclosed these six invalidating references in a supplemental interrogatory answer served to Bridgestone on December 18, and under an agreement entered into by the parties that the parties exchange supplemental contentions on that date. However, Bridgestone now claims that the Court's August 3, 2006 Order precludes Acushnet from supplementing after August 11, 2006. While Acushnet disagrees that the Court's Order precludes supplementation, Acushnet seeks leave to amend its invalidity contentions to avoid any doubt. Due to the materiality of the references at issues, and because Bridgestone will not be prejudiced if Acushnet supplements its contentions with these references so many months before trial (particularly since the references are Bridgestone's), such leave should be granted.

### I.      BACKGROUND

#### A.     The Court's Order of August 3, 2006

At a hearing on August 2, 2006, the Court addressed the number of prior art references Acushnet had asserted against the patents-in-suit and set a schedule for Acushnet to provide Bridgestone with pared-down invalidity contentions. (*See* D.I. 158, Tr. at 8-9, 37-38.) In reference to Acushnet reducing its prior art references, there was this exchange:

---

Instead, later on January 3, they filed a motion to preclude Acushnet from relying on the newly-identified art, without offering the meet-and-confer as required by Local Rule 7.1.1., in a transparent and unsuccessful attempt to gain some advantage by filing first. Accordingly, Acushnet moves the Court to strike Bridgestone's own motion for failure to comply with Local Rule 7.1.1.

[2] The contested references are U.S. Patent Nos. 5,779,563 (Ex. B), 5,967,908 (Ex. C), 5,872,185 (Ex. D), 6,267,694 (Ex. E), and 6,174,247 (Ex. F), as well as Bridgestone's Altus Newing Massy golf ball manufactured in the early-to-mid 1990s.

> Mr. Masters [counsel for Bridgestone]: . . . Earlier you referred to Acushnet having to limit their invalidity contentions by limiting the number of references, but you did not place a number on the references or the number of positions.
>
> The Court: Well, I didn't place that specifically, because this is a very crowded art field apparently.
>
> Mr. Master: It can be.
>
> The Court: Yeah, from what I read. ... So let's see how reasonable they want to be with you, and if it's truly supportive of a contention of invalidity. If its not, then I'll pare it down. But let's see what they produce because it . . . has to be specific to the defense and something that will be relied on at trial. So I'll give them a little bit of an open end there.

(D.I. 158, Tr. at 37-38).

On the next day the Court issued an order that "Defendant shall provide Plaintiff with any invalidity defense with respect to the selected claims [of Bridgestone] and the references relied upon by August 11, 2006." (August 3, 2006 Order, D.I. 154 at ¶ 3.)

Acushnet then complied with the Court's August 3, 2006 Order, providing Bridgestone on August 11 with a narrowed set of invalidity contentions as were known to Acushnet at that time in response to Bridgestone's selection of representative claims. Supplementing its prior interrogatory responses, Acushnet withdrew 46 previously-asserted prior art references. (Ex. G, Aug. 11, 2006 Grimaldi Ltr. to White.)

### B. Acushnet Has Recently Identified New and Highly-Material Prior Art References

As the Court will recall from the *Markman* hearing, golf ball cores made from polybutadiene have a hardness profile or "gradient" that is the natural result of the manufacturing process. Several Bridgestone patents-in-suit relate to this core gradient.

Thus, during discovery, Acushnet sought Bridgestone's contentions regarding the hardness gradients inherently present in its golf ball cores. Specifically, Acushnet sought Bridgestone's contentions as to which variables in the core manufacturing process have an effect on these core gradients. Acushnet wanted this information in connection with

3

its defense that prior art would inherently disclose core gradients within the ranges claimed by Bridgestone's patents-in-suit, particularly the '791 patent, the '707 patent, and the '834 patent.[3]

As a part of this same effort, in mid-November 2006, Acushnet engineers conducted prior art searches for Bridgestone patents and other prior art that disclosed the same basic core properties as the patents-in-suit. (*See* Ex. A, Lavelle Dec. at ¶ 4.) This search was successful, as approximately two weeks later five prior-art patents which had not previously been identified as pertinent to the '791 patent were located. (*See id.*) All five of these patents are Bridgestone patents. After approximately two-weeks of process development, Acushnet was able to construct golf ball cores according to the teachings of these references. But before the core gradients could be measured accurately the ball cores had to be stored for two weeks to ensure that the curing process was complete. Once the gradients of these cores were measured, Acushnet discovered the high materiality of these references. (*See id.* at ¶ 5.) Acushnet contends that the newly-discovered patents either anticipate or, taken together, render obvious the '791 patent.

At about the same time, in November as well, Acushnet determined through testing that Bridgestone's Altus Newing Massy golf ball (sold in the early-to-mid 1990s) possessed a core gradient that invalidates the '707 patent.

The parties had agreed to exchange supplemental discovery responses on December 18, 2006. As part of this exchange, the parties expressly agreed to supplement their contentions. (*See* Ex. J).[4] Consequently, Acushnet added invalidity contentions

---

[3] *See, e.g.,* Ex. H, Egashira Dep. at 35-43, Oct. 3, 2006; Ex. I, Watanabe Dep. at 205, Aug. 25, 2006.

[4] *See* Ex. J, Emails between Messrs. Seal and White, dated Oct. 24, 2006 (confirming discussions to exchange supplemental interrogatory answers in November, including "final contention supplementation"), Nov. 30, 2006 (confirming agreement to extend the agreed date for interrogatory answers and "supplemental contentions" until Dec. 14), and Dec. 14, 2006 (agreeing to delay the exchange of supplemental answers and contentions

4

based upon these newly-identified, highly-material references to its December 18, 2006 supplemental response to Bridgestone's Interrogatory Nos. 4-5, which, among other things, called for Acushnet to identify "all Prior Art and/or Prior Art Balls that Acushnet contends affects or relates to the validity of the Bridgestone patents in suit." (Ex. K).

### C. Bridgestone Has Asked Acushnet to Strike its New Contentions

Bridgestone has now objected to Acushnet's identification of these new, highly-material Bridgestone references and contends that the Court's August 2006 Order precludes Acushnet from adding any new prior art to its invalidity contentions after August 11. (Ex. L, White Ltr. to Seal, Dec. 23, 2006.) [5] Acushnet disagrees with this position, but out of an abundance of caution seeks leave to supplement its interrogatories whether or not such leave is strictly required.

### II. THE COURT'S ORDER SHOULD NOT BE CONSTRUED TO PRECLUDE ACUSHNET FROM SUPPLEMENTING ITS INVALIDITY CONTENTIONS BASED ON THE NEW PRIOR ART

Acushnet complied with the Court's Order when it disclosed and narrowed its invalidity contentions on August 11, 2006. Nothing in that Order precluded supplementation of those responses at a later date. Indeed, it would be surprising if it did, as fact discovery in this case was not concluded until several months later.[6] The Court's Order merely required Acushnet to disclose the invalidity contentions and prior art

---

until Dec. 18). *See also* Ex. K, Bridgestone's First Set of Interrogatories (calling for Acushnet's invalidity contentions).

[5] In addition to the 46 references Acushnet withdrew from its contentions on August 11, Acushnet withdrew five additional references on September 1. (*See* Ex. M, Seal Ltr. to Masters, Sept. 1, 2006.)

[6] Fact discovery officially closed on October 10, 2006, but the parties agreed to extend the supplementation date (*see* Ex. J) and took several depositions after this date. The last fact depositions taken were taken by Bridgestone on December 12.

5

references upon which it relied as of August 11, 2006. Acushnet complied with that Order. The Order gives no indication that Acushnet could not supplement its invalidity contentions at a later date; and on August 11, both sides were still engaged in extensive fact discovery, with claim construction positions remaining open until November 1 between the parties as well. It is therefore implausible to suggest, as Bridgestone does, that the Court's August 3 Order was intended to forever foreclose Acushnet from supplementing its invalidity defenses based upon information gathered during ongoing discovery.

### III.   ACUSHNET SEEKS LEAVE TO SUPPLEMENT ITS INVALIDITY CONTENTIONS IN LIGHT OF NEWLY DISCOVERED PRIOR ART REFERENCES

While Acushnet disagrees that the Court's Order precluded supplementation of invalidity contentions, to avoid any doubt that has been raised by Bridgestone's objection to Acushnet's supplemental contentions, Acushnet seeks leave to amend its invalidity interrogatory contentions to add the newly-identified patent references and ball. As Bridgestone will not be prejudiced if Acushnet supplements its contentions so many months before trial, such leave should be granted.

#### A.   Bridgestone will not be Prejudiced by Acushnet's New Invalidity Contentions

As discussed above, Acushnet acted diligently to analyze and disclose to Bridgestone the new prior art references that came to its attention in November 2006. Bridgestone will not be prejudiced by granting Acushnet leave to supplement its interrogatory responses.

As noted above, all of the new patents and the new golf ball defenses are based on **Bridgestone patents and golf balls.** Bridgestone is presumably fully knowledgeable about these patents and balls. It presumably needs little or no discovery to investigate its own prior art patents and balls. Nevertheless, to the extent Bridgestone feels that it

6

needs additional fact discovery related to these references, Acushnet does not object to any such discovery of matters properly discoverable.

Furthermore, trial is still over six months away. The Court has yet to issue a decision on claim construction. And expert reports have not been exchanged. Bridgestone will have ample time to evaluate these new references. In addition, Acushnet's expert reports on invalidity will soon further reduce the number of prior art references on which it will rely at trial. These expert reports will focus the case on the core group of patents and other prior art on which Acushnet will rely at trial and greatly reduce any claimed burden on Bridgestone. Again, Bridgestone will not be prejudiced if leave to supplement is granted.

Courts have allowed patent infringement defendants to supplement their invalidity contentions in cases that have progressed significantly further than the present litigation. *See IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942 MHP, 2004 U.S. Dist. LEXIS 10934, at *2-*4 (N.D. Cal. June 16, 2004) (Ex. O) (allowing defendant to supplement its invalidity contentions to incorporate material disclosed to opposing counsel three weeks before rebuttal expert reports were due). *See also Alstrin v. St. Paul Mercury Ins. Co.*, 179 F. Supp. 2d 376, 395 (D. Del. 2002) (refusing to deprive defendant of "potentially meritous" defenses merely because defendant had not identified them before it served its responses to plaintiff's contention interrogatories). Courts typically foreclose additional contentions only when cases have advanced well beyond the present stage of litigation. *See, e.g., Daiichi Pharm. Co., Ltd v. Apotex, Inc.*, C.A. No. 03-937, 2005 U.S. Dist. LEXIS 26059, at *15-*16 (D. Del. Nov. 1, 2005) (Ex. P) (granting plaintiff's motion in limine to exclude a defense based on 35 U.S.C. 102(f) where no notice of an improper inventorship defense had previously been given to plaintiff).[7] Such

---

[7] In assessing the lack of prejudice to Bridgestone, it is pertinent to note that the patent statute itself requires only, at a minimum, that the patentee receive thirty (30) days written notice before trial of the prior art on which the defendant intends to rely. *See* 35

7

an extreme situation is not present here, and Bridgestone will not be prejudiced by the addition of five new prior art references and a golf ball to Acushnet's invalidity contentions with trial still over six months away, a *Markman* decision still to come, and expert reports not yet exchanged.

### B. Acushnet will Suffer Extreme Prejudice if not Allowed to Rely on the Newly-Identified Prior Art References

All of the prior art references at issue are material to Acushnet's invalidity defenses for the '791 patent, and the prior art ball is highly material to Acushnet's defense for the '707 patent. (*See* Ex. A, Lavelle Dec. at ¶ 5.) Each of these references either anticipates relevant claims under 35 U.S.C. § 102(a), or would have rendered them obvious to persons of ordinary skill in the golf ball art under 35 U.S.C. 103. (*Id.*)

Without these references, Acushnet's ability to mount a defense to these patents will be impaired. In similar circumstances, courts have given defendants leave to amend their invalidity contentions. *See, e.g., Alt v. Medtronic, Inc.*, Case No. 2:04-CV-370, 2006 U.S. Dist. LEXIS 4435, *12-*14 (E.D. Tex. Feb. 1, 2006) (Ex. Q) (finding that defendant would suffer significant prejudice if not allowed to amend its invalidity contentions to add newly discovered references that were "very important" to its invalidity arguments).

Because of the prejudice Acushnet would suffer if not given the opportunity present this invalidating prior art at trial, the Court should grant Acushnet leave to amend its invalidity contentions to add the newly-identified references.

---

U.S.C. § 282 ("[i]n actions involving the validity or infringement of a patent, the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit . . . .").

IV.     CONCLUSION

For the foregoing reasons, the Court should determine that its August 3 Order does not preclude Acushnet from adding new invalidity contentions in light of Acushnet's newly-identified and highly-material prior art references. In any event, Acushnet requests that the Court grant Acushnet leave to supplement its invalidity contentions.

Respectfully submitted,

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
Brian S. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Robin D. Adelstein
Attorney at Law
193 Ivy Street
Oyster Bay, NY 11771
Tel: (516) 922-7631

Dated: January 3, 2007
Public Version Dated: January 8, 2007
770850 / 28946

POTTER ANDERSON & CORROON LLP

By:  /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P. O. Box 951
    Wilmington, DE 19899-0951
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on January 8, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

I hereby certify that on January 8, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C.  20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012