IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-132 (JJF) |
| v. | ) ) | **REDACTED – PUBLIC VERSION** |
| ACUSHNET COMPANY, | ) ) ) | |
| Defendant. | ) | |

### BRIDGESTONE'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO PRECLUDE ACUSHNET'S USE OF UNTIMELY DISCLOSED PRIOR ART REFERENCES

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-7100

Originally Filed: January 3, 2007; Redacted Version Filed: January 10, 2007

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ....................................................3

SUMMARY OF ARGUMENT ...................................................................................3

STATEMENT OF FACTS ..........................................................................................3

ARGUMENT ...............................................................................................................5

CONCLUSION............................................................................................................9

TABLE OF AUTHORITIES

Page

Cases

*AMEX, LLC v. Mopex, Inc.,*
   215 F.R.D. 87 (S.D.N.Y. 2002) ............................................................................ 6

*ArthroCare Corp. v. Smith & Nephew, Inc.,*
   310 F. Supp. 2d 638 (D. Del. 2004),
   *aff'd in part, vacated in part on other grounds,* 2005 U.S. App. LEXIS 8108
   (Fed. Cir. 2005)............................................................................................................ 4

*Georgia-Pacific Corp. v. U.S. Gypsum Co.,*
   C.A. No. 94-489-RRM, 1996 U.S. Dist. LEXIS 22616 (D. Del., Dec. 27, 1996)
   .................................................................................................................................. 3

*Philips Elecs. N. Am. Corp. v. Contec Corp.,*
   C.A. No. 02-123-KAJ (D. Del., April 5, 2004) ...................................................... 4

*Praxair, Inc. v. ATMI, Inc.,*
   C.A. No. 03-1158-SLR, 2005 WL 3159054 (D. Del., Nov. 28, 2005)................... 3

*Primos, Inc. v. Hunter's Specialties, Inc.,*
   451 F.3d 841 (Fed. Cir. 2006).................................................................................. 7

*Stambler v. RSA Sec., Inc.,*
   21 F.R.D. 470 (D. Del. 2003) ................................................................................. 3

*The Liposome Company v. Vestar, Inc.,*
   C.A. No. 92-332-RRM (D. Del., Nov. 24, 1993) .................................................. 3

Statutes

Fed. R. Civ. P. 37(c)(1)............................................................................................. 4
Fed. R. Civ. P. 26(e)(2)............................................................................................. 4

NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action brought by Plaintiffs Bridgestone Sports Co., Ltd., and Bridgestone Golf, Inc. ("Bridgestone") against Defendant Acushnet Company ("Acushnet") in March 2005.  At the beginning of August 2006, the Court ordered Acushnet to provide its invalidity contentions and the references relied upon to Bridgestone by August 11, 2006 (D.I. 154).  Fact discovery closed on October 10.  A *Markman* hearing was held on November 29.  Expert discovery ends on March 16, 2007, and trial is scheduled to begin on June 18, 2007.

On December 14, 2006 – months after the Court's August 11 deadline and the October 10 close of fact discovery – Acushnet purported to add six more references to its 1000+ pages of invalidity contentions.  This is Bridgestone's opening brief in support of its motion to preclude Acushnet from relying on these untimely disclosed references.

SUMMARY OF ARGUMENT

Acushnet should be precluded from relying on the prior art references it attempted to add on December 14, 2006, months after it was required to do so.

STATEMENT OF FACTS

Bridgestone's June 7, 2005 First Set of Interrogatories Directed to Acushnet sought, among other things, information concerning Acushnet's invalidity contentions. Specifically, Interrogatory No. 4 requested that Acushnet "[s]tate each fact on which [it] bases its Third Defense (Invalidity under 35 U.S.C. § 101, 102, 103 and 112) set forth in the Answer, and with respect to each fact, identify each person with knowledge of that fact and each document concerning that fact" (Ex. A).  Interrogatory No. 5 requested that Acushnet "separately, for each claim of the Bridgestone patents-in-suit that Acushnet contends is invalid, identify all Prior Art and/or Prior Art Golf Balls that Acushnet contends affects or relates to the validity of the

4.

Bridgestone patents-in-suit" (*id.*). ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

On August 3, 2006, the Court ordered that Acushnet "<u>shall provide [Bridgestone]</u>
<u>with any invalidity defense…and the references relied upon by August 11, 2006</u>" (D.I. 154 at ¶3).
On August 11, Acushnet removed a handful of its list of references (Ex. B).   Bridgestone
maintains that Acushnet failed to meaningfully narrow its invalidity contentions as required by
the Court's August 3, 2006 Order (D.I. 154) and in view of the Court's comments at the August
2, 2006 hearing.   This is the subject of Bridgestone's pending and fully-briefed motion to compel
(D.I. 222, 227, 235).

Acushnet did not supplement or further limit its invalidity contentions before fact
discovery closed on October 10, 2006 (D.I. 95).   Then, on December 14, 2006 – rather than
narrowing its invalidity contentions – Acushnet purported to <u>add</u> new contentions.   Specifically,
Acushnet sought to add five new patents as prior art to Bridgestone's U.S. Patent. No. 6,679,791.
These are: U.S. Patent Nos. 5,779,563; 5,872,185; 5,967,908; 6,174,247 and 6,267,694.   These
five patents issued between July 1998 and July 2001.   Acushnet also sought to add a golf ball –
the Altus Newing Massy ball – with respect to the one claim asserted from U.S. Patent No.
5,782,707. ████████████████████████████████████████

████████████████████████████████

Nowhere in its █████████ invalidity contentions for the '791 patent provided
"by August 11, 2006" had Acushnet identified the five new patents it disclosed on December 14

5.

████████████████████████████████████████████████████████

███████████████████████████████████████████

Similarly, nowhere in its ████████ invalidity contentions for the '707 patent did Acushnet identify the Massy ball as part of its invalidity contentions with respect to claim 1

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████

## ARGUMENT

Acushnet's conduct violates this Court's August 3, 2006 Order and the Federal Rules of Civil Procedure, is without substantial justification and prejudices Bridgestone. "In every trial there comes a time when discovery must be closed for issues to be resolved through summary judgment and/or trial." *Stambler v. RSA Sec., Inc.*, 21 F.R.D. 470, 472 (D. Del. 2003). For Acushnet's invalidity contentions, that time was August 11, 2006.

Courts in this District routinely preclude parties from relying on prior art and related contentions that were not disclosed during discovery, even if the party is aware of the prior art reference. *See*, *e.g.*, *Praxair, Inc. v. ATMI, Inc.*, C.A. No. 03-1158-SLR, 2005 WL 3159054 (D. Del., Nov. 28, 2005) ("Prior art references <u>must</u> be disclosed during fact discovery and the parties must disclose their intent to rely thereon, <u>regardless of whether or not the opposing party is aware of the reference.</u>") (emphasis added); *Georgia-Pacific Corp. v. U.S. Gypsum Co.*, C.A. No. 94-489-RRM, 1996 U.S. Dist. LEXIS 22616, *33-35 (D. Del., Dec. 27, 1996) (precluding defendants from advancing certain invalidity defenses for failure to comply with set deadlines for discovery); *The Liposome Company v. Vestar, Inc.*, C.A. No. 92-332-RRM (D. Del., Nov. 24, 1993) ("As Liposome failed to identify this contention [regarding

6.

infringement under the doctrine of equivalents] in response to Vestar's discovery request, the Court will preclude it from relying on it at trial.") (Ex. F).

Furthermore, the Federal Rules of Civil Procedure provide an automatic exclusion sanction for failure to comply with discovery obligations. Rule 37(c) prohibits a party from using at trial any information it failed to disclose under Rule 26(e)(2) unless such failure is "harmless" or the non-disclosing party can prove "substantial justification" for its failure to disclose the information. *See* Fed. R. Civ. P. 37(c)(1); *see also ArthroCare Corp. v. Smith & Nephew, Inc.*, 310 F. Supp. 2d 638, 667 (D. Del. 2004), *aff'd in part, vacated in part on other grounds*, 2005 U.S. App. LEXIS 8108 (Fed. Cir. 2005); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, C.A. No. 02-123-KAJ (D. Del., April 5, 2004) (precluding CMT from using untimely produced documents at trial because, under Rule 37(c)(1), regardless of whether a party gets "an 'A' for effort" in complying with its disclosure obligations, failure to abide by these obligations should result in the exclusion of the evidence improperly disclosed) (Ex. G).

Other courts have done the same. For example, in *AMEX, LLC v. Mopex, Inc.*, 215 F.R.D. 87 (S.D.N.Y. 2002), plaintiff supplemented its interrogatory answers to allege infringement of an additional patent claim a month after the close of fact discovery and only weeks before the scheduled exchange of expert reports. Defendant moved to preclude plaintiff from alleging infringement of that claim under Rule 37(c)(1) for failure to provide discovery as required by Rule 26(e)(2). The court explained the Rule 37(c)(1) standard:

> Rule 37(c)(1)'s preclusionary sanction is "automatic" absent a determination of either "substantial justification" or "harmlessness." ... "Substantial justification means 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" ... "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to

7.

> the disclosure." ... The burden to prove substantial justification or
> harmlessness rests with the dilatory party. ...

*Id.* at 93 (citations omitted).  The Court granted the motion to preclude because:  (1) the plaintiff failed to identify the claim in response to an interrogatory that specifically sought such an identification until a month after discovery had closed; (2) defendant was prejudiced because it was deprived of the opportunity to take needed fact discovery unless it was willing to accept a substantial delay in the case, and it had to have its expert assess the issue at the last minute without the benefit of fact discovery; and (3) there was no valid reason why the discovery had not been timely provided.  *Id.* at 95-96.  Similar considerations apply here.

Acushnet has the burden of proving invalidity.  35 U.S.C. § 282.  It did not identify the prior art references cited in its most recent invalidity contentions by the Court-ordered August 11, 2006 date.  Nor did Acushnet disclose them before the October 10, 2006 close of fact discovery.  Instead, Acushnet finally disclosed them on December 14, 2006.  Bridgestone has had inadequate time to study and assess these new invalidity defenses and can no longer pursue fact discovery to assist in rebutting them.  For example, had Bridgestone been made aware of Acushnet's defenses during fact discovery, it could have questioned the various technical fact witnesses about the prior art or related technologies or practices relevant to these new references.

Acushnet's only justification for its failure to identify the new bases for its invalidity defenses in a timely manner is that the newly-cited art has been recently discovered (Ex. H).  As the Federal Circuit has recently affirmed, that is no excuse.  *See Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.3d 841, 851 (Fed. Cir. 2006) ("The district court prevented Hunter's Specialties from introducing the Aluminum Flap Call into evidence because it 'did not demonstrate diligence in attempting to locate the call during discovery' and because during

8.

discovery Hunter's Specialties did not assert that it was claiming the Aluminum Flap Call as invalidating prior art. That determination was not an abuse of discretion.").

Moreover, Acushnet's contention that the art was newly-discovered is inconsistent with documents and testimony in this case. ████████████████████ ██████████████████████████████

In addition, ████████████████████████████████ ██████████████████████████ Jeffrey Dalton, Acushnet's Vice President of Intellectual Property, testified that ████████████████████████ ████████████████████████████████████████████ ███████████████████████████

████████████████████████████████████ ████████████████████████████

Similarly, Michael Jordan, Acushnet's former Research and Development Department Project Manager, testified ██████████████████████ ████████████████████████████████████ ████████████████████████████████████ ██████████████████████ ██████████████████ ████████████████████████████████

9.

████████████████

██████████████████████████████████████

███████████████████████████████

In any event, the alleged recent discovery of this art does not justify Acushnet's failure to identify these references for several months after the Court-ordered deadline. Acushnet had more than 14 months to respond to Bridgestone's interrogatories by identifying any prior art references on which it intended to rely. It produced hundreds of references during this time and does not get to add more now.

<u>CONCLUSION</u>

For the foregoing reasons, Bridgestone requests an Order precluding Acushnet from relying on the following pieces of prior art, which Acushnet failed to timely disclose in violation of the Court's August 3, 2006 Order (D.I. 154 at ¶3) and the Federal Rules of Civil Procedure:

1.    U.S. Patent No. 5,779,563,

2.    U.S. Patent No. 5,872,185,

3.    U.S. Patent No. 5,967,908,

4.    U.S. Patent No. 6,174,247,

5.    U.S. Patent No. 6,267,694, and

6.    the Altus Newing Massy golf ball.

10.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.*
*and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-7100

January 3, 2007

## CERTIFICATE OF SERVICE

I, Leslie A. Polizoti, hereby certify that on January 3, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horowitz, Esquire
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th floor
> 1313 N. Market Street
> Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

### BY FEDERAL EXPRESS

> Joseph P. Lavelle, Esquire
> Howrey LLP
> 1299 Pennsylvania Avenue, NW
> Washington, DC  20004

> */s/ Leslie A. Polizoti*
> Leslie A. Polizoti (#4299)
> lpolizoti@mnat.com

## CERTIFICATE OF SERVICE

I, Leslie A. Polizoti, hereby certify that on January 10, 2007 I electronically filed

the foregoing with the Clerk of the Court using CM/ECF, which will send notification of

such filing(s) to the following:

> Richard L. Horwitz, Esquire
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th floor
> 1313 N. Market Street
> Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

### BY FEDERAL EXPRESS (on 1/11/07)

> Joseph P. Lavelle, Esquire
> Howrey LLP
> 1299 Pennsylvania Avenue, NW
> Washington, DC  20004


> */s/ Leslie A. Polizoti*
> Leslie A. Polizoti (#4299)
> lpolizoti@mnat.com