IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD., and
BRIDGESTONE GOLF, INC.,

              Plaintiffs,

       v.

ACUSHNET COMPANY,

              Defendant.

C.A. No. 05-132 (JJF)

**REDACTED –
PUBLIC VERSION**

## BRIDGESTONE'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO COMPEL

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
   *Attorneys for Bridgestone Sports Co., Ltd.
   and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC  20005
(202) 551-7100

Originally Filed: January 8, 2007
Redacted Version Filed: January 10, 2007

i.

<u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF CITATIONS ii

NATURE AND STAGE OF THE PROCEEDINGS 1

SUMMARY OF ARGUMENT 1

STATEMENT OF FACTS 1

ARGUMENT 6

CONCLUSION 9

ii.

## TABLE OF CITATIONS

Page(s)

Fed. R. Civ. P. 36(a)                                    2

1.

## NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action brought by Plaintiffs Bridgestone Sports Co., Ltd., and Bridgestone Golf, Inc. ("Bridgestone") against Defendant Acushnet Company ("Acushnet") in March 2005.  Fact discovery closed on October 10, 2006.  A *Markman* hearing was held on November 29.  Opening expert reports are due on January 15, 2007, expert discovery ends on March 16, and trial is scheduled to begin on June 18.

## SUMMARY OF ARGUMENT

1.     Acushnet has failed to answer more than half of the requests for admission that Bridgestone served on September 8, 2006.  These requests should be deemed admitted, or, in the alternative, Acushnet should be compelled to answer them.

2.     Acushnet has refused to provide witnesses responsive to many of Bridgestone's Rule 30(b)(6) deposition notices.  Acushnet should be ordered to produce witnesses for them.

## STATEMENT OF FACTS

1.     **Bridgestone's Requests for Admissions**

The Scheduling Order (D.I. 18) authorized 150 requests for admission.  On September 8, 2006, Bridgestone served 149 *Requests for Admission to Acushnet* (Ex. A).  On September 18, Acushnet requested an extension to respond until October 31, 2006, because "we need additional time…so that we may answer as many as we can" (Ex. B).  Bridgestone agreed to this extension, and eventually agreed that Acushnet could respond on December 18, 2006, to

2.

allow for the completion of multiple depositions.[1]  In its December 18, responses, however, Acushnet refused to answer Requests Nos. 68-149 on the basis that they exceeded the number of requests allowed under the Scheduling Order "when the requests are counted as if they are separately set forth in accordance with Fed. R. Civ. P. 36(a)" ███████████████████████ ████████████████

   Many of Bridgestone's requests sought information about golf balls in a particular family, such as "the Pro V1 Family."  As in most cases where there are different versions of the same product, Bridgestone grouped together certain golf balls to facilitate discovery and trial.  It is not disputed that each of these golf balls in fact has similar, relevant properties.  Acushnet has not otherwise challenged the use of these golf ball families.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████

   Although Bridgestone asked Acushnet to identify by December 29, 2006 whether it would continue to assert its objections (Ex. D), Acushnet did not respond until January 8,

---

[1]  The depositions of two Acushnet employees, for example, were not completed until December 12, 2006.

[2]  ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

3.

2007, when it told Bridgestone's counsel during a teleconference that it would not answer the remaining requests.

### 2.  Bridgestone's Rule 30(b)(6) Deposition Notices

#### a.  Bridgestone's Tenth Notice of Deposition Pursuant to Rule 30(b)(6)

On July 10, 2006, Bridgestone served its *Tenth Notice of Deposition Pursuant to Rule 30(b)(6)* (D.I. 128).  This notice generally relates to the core chemistry of the accused Acushnet golf balls.

On July 28, 2006, Acushnet refused to produce a witness for this notice because "the topics contained therein are substantially duplicative of the topics in Bridgestone's Fifth, Sixth, Seventh and Eighth Notices" (Ex. F).

Bridgestone disagreed that the topics were duplicative, and explained why the notices were different (Ex. G).  It noted that, although Acushnet objected to the Tenth Notice on the basis that the Rule 30(b)(6) testimony of Jeffrey Dalton, its designee, was sufficient, Acushnet decided to wait until after Mr. Dalton's deposition had ended to make this objection. Bridgestone also explained that Acushnet had not yet completed its document production regarding manufacturing core recipe formulations, so that Bridgestone could take a complete deposition on some of the topics in the Tenth Notice.  Bridgestone agreed to postpone a deposition on its Tenth Notice, and to proceed with the depositions of two other fact witnesses, saying that, "[b]ased on the testimony obtained in these personal depositions, Bridgestone may no longer need testimony on some or all of the topics of the Tenth Notice" (*id.*).  Acushnet never responded to that letter.

On October 6, 2006, Bridgestone wrote to Acushnet seeking a witness for the Tenth Deposition Notice, "in view of recent testimony and in view of Acushnet's continued

4.

failure to produce [certain documents]" (Ex. H).  Since October 6, Acushnet has produced a substantial volume of additional documents that go directly to the topics in the Tenth Notice. For example:



Bridgestone explained again – on November 3 and December 22 – why it needed Acushnet to produce a designee for this Notice (Exs. L, M).  Acushnet continues to refuse to do so.

---

3  

4     Specification sheets for other materials continue to remain outstanding.

5.

**b.    Topics 5-6 of Bridgestone's Sixth, Seventh, Eighth and Ninth Notices of Deposition Pursuant To Rule 30(b)(6)**

Topics 5-6 of Bridgestone's *Sixth, Seventh, Eighth and Ninth Notices of Deposition Pursuant To Rule 30(b)(6)* (D.I. 107, 108, 109, 110) (each of which was addressed to particular accused balls) require a witness prepared to testify with respect to various products:

> 5.    The quality control and compliance employed by Acushnet in the design and manufacture of each and every model and version of the Products.

> 6.    The testing of the Products, and all preliminary, intermediary and end product components, including and without limitation cores, cover layers and intermediate layers by or for Acushnet in developing and manufacturing of the Products.

These topics requested testimony about ███████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

Acushnet's Rule 30(b)(6) designee and Vice President of Intellectual Property,

Jeffrey Dalton, ██████████████████████████████

████████████████████████████████

        ███████████████████████████

        ███████████████████████████

        █████████████

        ███████████████████████

        ████████

        ████████████████████████████

6.



Contrary to its promise to provide a summary of this data, Acushnet just informed

Bridgestone ██████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████ This is inadequate.  Bridgestone requests an order that Acushnet designate one or more

witnesses with respect to these notices.

## ARGUMENT

1.    **Bridgestone's Requests For Admission**

Acushnet has simply refused to answer Bridgestone's Requests for Admission

Nos. 68-149 because it asserts that they exceed the 150 requests for admission authorized by the

7.

Scheduling Order (D.I. 18). According to Acushnet, many of Bridgestone's requests should be counted as multiple requests because they relate to families of golf balls, not just one ball.

Acushnet's objection is improper. ████████████████████████████ ████████████████████████ Acushnet does not contend that Bridgestone incorrectly grouped together golf balls that do not belong together, for example, because they are dissimilar in some material respect.

Acushnet's failure to answer more than half of Bridgestone's requests is improper and serves only to unnecessarily complicate this case. Bridgestone requests an order that its Requests for Admission Nos. 68-149 be deemed admitted, or, in the alternative, that Acushnet be ordered to answer all of Bridgestone's requests promptly.

## 2.    **Deposition Notices**

All of the deposition notices in dispute in this motion were served long ago, and relate to issues at the heart of this case.

### a.    **Bridgestone's Tenth Notice Deposition Pursuant to Rule 30(b)(6)**

The core chemistry of the accused Acushnet golf balls is important to Bridgestone's proof that Acushnet infringes at least the '652 and '961 patents. Bridgestone served its Tenth Notice of Deposition so it could obtain testimony to better understand the volume of documents that Acushnet produced about the chemistry of its golf balls.

Since Bridgestone served its Tenth Notice last July, and long after the document production cut-off, Acushnet produced even more core chemistry-related documents. Acushnet's late production prevented Bridgestone from questioning any witness on these highly relevant documents, and Bridgestone is still unable to resolve several issues related to

8.

Acushnet's production – including inconsistent statements.   Bridgestone, therefore seeks an order compelling Acushnet to produce a witness on this notice.[5]

        **b.**        **Topics 5-6 of Bridgestone's Sixth, Seventh, Eighth and Ninth**
                           **Notices of Deposition Pursuant To Rule 30(b)(6)**

Despite the high relevance ███████████████ Bridgestone has been unable to obtain discovery on it.   Acushnet's first Rule 30(b)(6) designee was unprepared to answer questions ████████████████████████████████████████████ ████ Recognizing these deficiencies, Acushnet agreed to produce a document █████████ ███████████ Months after the close of fact discovery and on the eve of the exchange of expert reports, Acushnet still has not produced that promised document or an adequate witness, and now asserts that no one at its company has knowledge about this data.  Acushnet should be ordered to designate one or more witnesses with respect to these notices.

---
[5] ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████

9.

**CONCLUSION**

For the foregoing reasons, Bridgestone requests an Order compelling Acushnet to provide the discovery set forth above.[6]

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.*
*and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC  20005
(202) 551-7100

January 8, 2007
662720.1

---

[6]    Should this discovery require supplementation of Bridgestone's expert reports, Bridgestone may request the Court's permission to supplement them.

## CERTIFICATE OF SERVICE

I certify that on January 8, 2007 I electronically filed the foregoing with the Clerk of the

Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz, Esquire
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th floor
> 1313 N. Market Street
> Wilmington, DE  19899.

I further certify that I caused copies to be served upon the following on January 8, 2007

in the manner indicated:

### BY HAND

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

### BY FEDERAL EXPRESS

> Joseph P. Lavelle, Esquire
> Howrey LLP
> 1299 Pennsylvania Avenue, NW
> Washington, DC  20004

> */s/ Leslie A. Polizoti*
> Leslie A. Polizoti (#4299)
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> Wilmington, DE  19801
> (302) 658-9200
> lpolizoti@mnat.com

## CERTIFICATE OF SERVICE

I, Leslie A. Polizoti, hereby certify that on January 10, 2007 I electronically filed

the foregoing with the Clerk of the Court using CM/ECF, which will send notification of

such filing(s) to the following:

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th floor
1313 N. Market Street
Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE  19801

### BY FEDERAL EXPRESS (on 1/11/07)

Joseph P. Lavelle, Esquire
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004

*/s/ Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
lpolizoti@mnat.com