IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ACUSHNET COMPANY,<br><br>　　　　　　Defendant. | C.A. No. 05-132 (JJF)<br><br>**REDACTED**<br>**PUBLIC VERSION** |

**BRIDGESTONE'S ANSWERING BRIEF IN OPPOSITION TO ACUSHNET'S**
**MOTION FOR LEAVE TO SUPPLEMENT ITS INVALIDITY CONTENTIONS**

　　　　　　　　　　　　　　　　　　MORRIS, NICHOLS, ARSHT & TUNNELL LLP
　　　　　　　　　　　　　　　　　　Jack B. Blumenfeld (#1014)
　　　　　　　　　　　　　　　　　　Maryellen Noreika (#3208)
　　　　　　　　　　　　　　　　　　Leslie A. Polizoti (#4299)
　　　　　　　　　　　　　　　　　　1201 N. Market St.
　　　　　　　　　　　　　　　　　　P.O. Box 1347
　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　(302) 658-9200
　　　　　　　　　　　　　　　　　　　*Attorneys for Bridgestone Sports Co., Ltd.*
　　　　　　　　　　　　　　　　　　　*and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filing Date: January 18, 2007

Redacted Filing Date: January 25, 2007

# TABLE OF CONTENTS

|   | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 6 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**CASES**

*Alstrin v. St. Paul Mercury Ins. Co.*,
    179 F. Supp. 2d 376 (D. Del. 2002) ................................................................. 6

*Alt v. Medtronic, Inc.*,
    2006 U.S. Dist. LEXIS 4435 (E.D. Tex. 2006) ................................................. 7

*Baltimore Therapeutic Equip. Co. v. Loredan Biomedical, Inc.*,
    1993 WL 129781 (E.D. Cal. 1993) ................................................................. 8

*Daiichi Pharm. Co. v. Apotex, Inc.*,
    2005 U.S. Dist. LEXIS 26059 (D.N.J. 2005) ................................................... 7

*IXYS Corp. v. Advanced Power Tech., Inc.*,
    2004 WL 1368860 (N.D. Cal. 2004) ............................................................... 6

*PIC Inc. v. Prescon Corp.*,
    485 F. Supp. 1299 (D. Del. 1980) ............................................................... 3, 6


**RULES**

Fed. R. Civ. P. 16(b) .............................................................................................. 6

Fed. R. Civ. P. 26(e) ...................................................................................... 3, 6, 8

1.

## NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action brought by Plaintiffs Bridgestone Sports Co., Ltd., and Bridgestone Golf, Inc. ("Bridgestone") against Defendant Acushnet Company ("Acushnet") in March 2005. The parties have disagreed about the adequacy of Acushnet's invalidity contentions since Acushnet served 1000+ pages of them on May 1, 2006. After this Court's August 3 Order to disclose final invalidity contentions and the October 10 close of fact discovery, on December 18, 2006, Acushnet purported to add six more references to its invalidity contentions. On January 3, 2007, Bridgestone filed a Motion to Preclude Acushnet from relying on these untimely disclosed references (D.I. 261), and Acushnet filed a Motion for Leave to Supplement Its Invalidity Contentions (D.I. 262).[1] This is Bridgestone's answering brief in opposition to Acushnet's motion.

## SUMMARY OF ARGUMENT

Acushnet's December 18, 2006 attempt to add references to its invalidity contentions is untimely, and, because Acushnet was not diligent, it should not be given leave to supplement its contentions now.

---

[1] In a footnote, Acushnet asks the Court to strike Bridgestone's Motion to Preclude Acushnet's Reliance On Untimely Disclosed Prior Art References (D.I. 261) for failure to comply with D. Del. LR 7.1.1. The parties had discussed this issue previously and – as is clear by both parties having fully briefed the issue on the same day – disagree on whether Acushnet can now add to its invalidity contentions. Acushnet points to an email in which Bridgestone's counsel suggested conferring again on January 4, 2007 (D.I. 262 at Ex. N). What Acushnet ignores is its response to that email three minutes later, saying that "we can [confer], but…we intend to file a motion" unless Bridgestone dropped its objection (*id.*).

2.

## STATEMENT OF FACTS

A. **Acushnet's December 18 Attempt To Add Six References To Its Invalidity Contentions**

On June 7, 2005, Bridgestone asked Acushnet to provide information about its invalidity contentions (D.I. 261 at Ex. A, First Set of Interrogs.). Acushnet's third supplementation to its invalidity contentions was served on May 1, 2006 – the last day for contention responses – and was more than 1000 pages long. Neither Acushnet's first, second nor third supplementations asserted the six "newly-identified" references at issue against the asserted claims of Bridgestone's '791 or '707 patents.

At the August 2 discovery conference, the Court directed Bridgestone to narrow its case down to 14 patent claims, and it did. Bridgestone also raised the issue that Acushnet's May 1 contentions were improper because of their sheer volume and because, for each patent, the contentions recited between a dozen and fifty prior art references without any indication of how Acushnet contended they should be combined (D.I. 142). The Court ordered at this conference that Acushnet had to "pare down" and disclose its "final" invalidity contentions (Tr. at 9-10).[2] The next day, on August 3, 2006, the Court issued an Order that Acushnet "shall provide [Bridgestone] with any invalidity defense…and the references relied upon by August 11, 2006" (D.I. 154 at ¶ 3).

Acushnet provided a list of references on August 11, and supplemented it on September 1. Fact discovery closed on October 10. Acushnet did not assert the six references at

---

[2] The Court did not order the identification of golf balls on August 2 (Tr. at 9). It said it would "take care of that in September" (*id.*). As explained below, Acushnet admits that it has known about the ball it seeks to assert against claim 1 of the '707 patent (the Altus Newing Massy ball) since at least 1994.

3.

issue here against the asserted claims of the '791 or '707 patents on August 11, September 1, or October 10.

On October 18, Bridgestone moved to compel on the basis that Acushnet had not limited its invalidity contentions in compliance with the Court's August 3, 2006 Order (D.I. 222). That motion is pending.

On December 18, 2006, Acushnet purported to add the six prior art references to its invalidity contentions. Acushnet argues that its attempt to do so was timely because the parties had agreed to supplement their contentions by this date (D.I. 262 at 4). Acushnet argues that it understood the parties' supplementation agreement to mean that it was free to add references to its invalidity contentions – despite the Court's statements during the August 2 conference, the Court's August 3 Order (D.I. 154), Bridgestone's motion to compel (D.I. 222), and the rule of procedure that supplementations are intended to update discovery already provided, not to disclose new contentions, *see* Fed. R. Civ. P. 26(e)(2); *e.g.*, *PIC Inc. v. Prescon Corp.*, 485 F. Supp. 1299, 1301 (D. Del. 1980).

Acushnet served the Invalidity Expert Report of Dr. David Felker on January 16, 2007 (Ex. A). Dr. Felker's 76-page report relies on these "newly identified" references (Ex. A at 44-47 and 58-70).

### B. Acushnet's Lack of Diligence In Asserting The Six "Newly-Identified" References

Acushnet submitted its opening brief and declaration of its counsel to show that it

REDACTED                                                  (D.I. 262 at 6). That is simply wrong. For example, Acushnet produced one of the patents at issue – U.S. Patent No. 5,779,563 at least five times, most recently on November 29, 2005, more than a year before it identified it as prior art upon which it was relying (Ex. B).

4.

REDACTED

– which was months after the Court's August 11 deadline, a month after fact discovery closed, and more than two years after Bridgestone brought its patents to Acushnet's attention.

REDACTED

Moreover, five of these "newly-identified" references were Bridgestone patents that issued between July 1998 and July 2001 (D.I. 262 at Exs. B-F). As explained in Bridgestone's opening brief in support of its motion to preclude,

REDACTED

5.

REDACTED

Further, Acushnet had produced at least one of these more than a year ago, and cited the five "newly-identified" patents a total of 64 times during the prosecution of 38 of its golf ball patents issuing between December 17, 2002 and November 14, 2006 (*see* Declaration of Brandon White). Acushnet was not unaware of these references    REDACTED

With respect to the Altus Newing Massy ball, Acushnet explained that

REDACTED

---
3

REDACTED

REDACTED

## ARGUMENT

A. **Legal Standard For Leave To Supplement Responses To Contention Interrogatories**

Acushnet asks the Court, "if leave is needed," for permission to supplement its invalidity contentions (D.I. 262 at 1). Although Acushnet never identifies the legal standard for its motion, it is either requesting that, pursuant to Federal Rule of Civil Procedure 16(b), the Court modify the August 3 Order or the Scheduling Order to allow it to add otherwise untimely invalidity contentions, or, pursuant to Rule 26(e), issue an order allowing the supplementation.

Under Rule 16(b), leave to modify the case schedule requires a showing of "good cause" that the date to be extended "cannot reasonably be met despite the diligence of the party seeking the extension" (Fed. R. Civ. P. 16(b); 1983 Adv. Comm. Note). Under Rule 26(e), supplementation is allowed to bring out new facts, "not new contentions which may be based upon allegedly new facts." *PIC Inc. v. Prescon Corp.*, 485 F. Supp. 1299, 1301 (D. Del. 1980) (citing *Havenfield Corp. v. H&R Block, Inc.*, 509 F.2d 1263, 1272 (8th Cir. 1975)).

Acushnet asserts that the caselaw it cites supports its statements that courts "have allowed patent infringement defendants to supplement their invalidity contentions in cases that have progressed significantly further than the present litigation" (D.I. 262 at 7), and that courts "typically foreclose additional contentions only when cases have advanced well beyond the present stage of litigation" (*id.*). None of these cases supports the proposition that a party may rely upon additional prior art found in searches conducted more than three months after being ordered to provide final contentions, and none supports Acushnet:

- *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860 (N.D. Cal. 2004), does not support "allowing defendant to supplement its invalidity contentions to incorporate material disclosed to opposing counsel three

weeks before rebuttal expert reports were due" (D.I. 262 at 7). The *IXYS* Court applied the Northern District of California's Patent Local Rule 3-6(b), which, if there is no prejudice, allows a party to amend its invalidity contentions in light of the Court's claim construction. There is no claim construction issue here.

- *Alstrin v. St. Paul Mercury Ins. Co.*, 179 F. Supp. 2d 376, 395 (D. Del. 2002), does not stand for the blanket statement that courts will "refus[e] to deprive defendant of 'potentially meritous' [sic] defenses merely because defendant had not identified them before it served its responses to plaintiff's contention interrogatories" (D.I. 262 at 7). *Alstrin* was a bankruptcy case where the motion for summary judgment at issue was apparently being heard before the discovery cutoff, as evidenced by Judge McKelvie's statement that the defendant "expressly reserved the right to make 'supplemental responses to plaintiffs' interrogatories'" and by the docket, which shows the parties conducting discovery before, during and after the summary judgment briefing (*e.g.*, D.I. 209, 234, 240, 243, 285, 286, 296, 347, 363).

- *Daiichi Pharm. Co. v. Apotex, Inc.*, 2005 U.S. Dist. LEXIS 26059 (D.N.J. 2005), does not support the generalization that "courts typically foreclose additional contentions only when cases have advanced well beyond the present stage of litigation" (D.I. 262 at 7). Although the contention issue in *Daiichi* was resolved on a motion *in limine*, the Court's reasoning was based on events that happened before or during fact discovery: Apotex's answer did not put Daiichi on reasonable notice of its § 102(f) defense, and Apotex did not disclose that defense in its responses to Daiichi's contention interrogatories. Just like Apotex, Acushnet "has frustrated the purpose of contention interrogatories" (*Daiichi*, 2005 U.S. Dist. LEXIS, at *15).

The last case that Acushnet cites is *Alt v. Medtronic, Inc.*, 2006 U.S. Dist. LEXIS 4435 (E.D. Tex. 2006), as an example of "similar circumstances" to this case where courts have granted leave to amend invalidity contentions (D.I. 262 at 8). In *Alt*, however, the defendant was requesting permission to modify its preliminary invalidity contentions, which it had to prepare 5 months after the filing of the lawsuit. Here, Acushnet seeks to add, more than a year and a half after this suit was filed,

REDACTED

B.  **Acushnet's Untimely Invalidity Contentions**

Acushnet states that the Court "merely" required it "to disclose the invalidity contentions and prior art references upon which it relied as of August 11, 2006" (D.I. 262 at 5-6).

The Court plainly stated, however, during the August 2 hearing that this was "final contention discovery" (Tr. at 9-10). Bridgestone was limited to 14 representative claims – which the Court reiterated "will be the claims" – and then Acushnet would "specifically set out its invalidity defenses" (*id.* at 8-9).

Notwithstanding the Court's statement about "final" contentions, and notwithstanding that Acushnet itself characterized its earlier contentions as "final" (D.I. 227 at 2), Acushnet states that it "would be surpris[ed]" (D.I. 262 at 5) if the Court's August rulings required final contentions "as fact discovery in this case was not concluded until several months later" (*id.*). But, this was the same conference at which the Court ordered Bridgestone to narrow its asserted claims to fourteen. Things don't get much more "final" than that.

Acushnet then argues that its attempt to add references was timely because Bridgestone agreed to it. The parties did agree to extend parts of fact discovery until December 18, 2006 for limited purposes of completing a few depositions and supplementing interrogatory responses (*see* D.I. 262 at Ex. J). This was not, however, an invitation to ignore the Court's August 3 Order. Any supplementation to contention responses was intended to update discovery that was already provided – not to add new contentions.[4] *See Baltimore Therapeutic Equip. Co. v. Loredan Biomedical, Inc.*, 1993 WL 129781, *17 n.18 (E.D. Cal. 1993) ("Although BTE's failure to timely supplement its prior response did not violate Rule 26(e)(2), BTE is precluded from using Rule 26 as a vehicle to allege new theories or contentions after the close of discovery."). Acushnet's position that Bridgestone was agreeing to allow it to <u>add</u> references –

---

[4]   Thus, Bridgestone supplemented its infringement contentions on December 18. That did not, however, give it leave to add additional claims.

despite the Court's statements about "final contentions," its Order on August 3, and Bridgestone's position in its October 18 motion to compel (D.I. 222) – is unreasonable.

### C. Acushnet's Lack Of Diligence

REDACTED

Acushnet's explanation, however, ignores the most relevant period for diligence – what it was doing before August 11 or October 10, when it was supposed to disclose its contentions and that it was aware of the Altus Newing Massy ball years before November, 2006. By May 1, 2006, Acushnet had done enough prior art searching to draft 1000+ pages of invalidity contentions.[5] It offers no explanation for why it did not disclose this "newly-identified" art (D.I. 262 at 8) by May 1 (at that time, the last day to serve contentions), August 11 (the Court-ordered date for final contentions), or October 10 (the close of fact discovery).

REDACTED                 In fact, Acushnet knew of these references, given that:

REDACTED

- The five "newly-identified" patents issued between July 1998 and July 2001, and Acushnet repeatedly cited them in the prosecution of its own patents;

- It produced U.S. Patent No. 5,779,563 to Bridgestone in this litigation five times by November, 2005; and

---

[5] At this time, Acushnet had alleged that the '707 patent was invalid over 30 separate references and that the '791 patent was invalid over 48 separate references.

REDACTED

Any prejudice that Acushnet may suffer from the exclusion of these references is from its own doing.   REDACTED

Acushnet argues that Bridgestone will not be prejudiced by its late amendment because its new defenses are based on Bridgestone's patents and golf ball, which "Bridgestone is presumably fully knowledgeable about" (D.I. 262 at 6). Of course, Bridgestone was aware of them, just as Acushnet was. What Bridgestone was not aware of was that Acushnet would rely on them in this litigation, after claim construction and during expert discovery.

Acushnet then says that it "does not object" to any additional fact discovery that Bridgestone requests related to these references (D.I. 262 at 7). That misses the point. Fact discovery has closed. The parties are now in the middle of expert discovery; and, there is no time for Bridgestone to conduct additional discovery for its experts to analyze and consider prior to submitting their rebuttal reports. Moreover, because of Acushnet's late disclosure of the prior art, Bridgestone's experts cannot conduct testing to respond to the tests set forth in Acushnet's expert report.

As explained in Bridgestone's Opening Brief In Support Of Its Motion To Preclude (D.I. 261), contentions must be disclosed by a certain date. Acushnet did not do that, and should not be permitted to disrupt the case schedule further by taking steps causing the re-opening of fact discovery. Opening expert reports have been served. The pretrial conference is set for May 25, 2007; and, trial is set for June 18, 2007.

11.

## CONCLUSION

Bridgestone requests that the Court deny Acushnet's motion for leave to supplement its invalidity contentions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

*Of Counsel:*

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC  20005
(202) 551-1700

Original Filing Date:  January 18, 2007

Redacted Filing Date:  January 25, 2007

**CERTIFICATE OF SERVICE**

I certify that on January 25, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>   Richard L. Horowitz, Esquire
>   POTTER ANDERSON & CORROON LLP
>   Hercules Plaza, 6th Floor
>   1313 North Market Street
>   Wilmington, DE  19801

I further certify that I caused copies to be served upon the following on January 25, 2007 in the manner indicated:

**BY HAND & E-MAIL**

>   Richard L. Horwitz, Esquire
>   POTTER ANDERSON & CORROON LLP
>   1313 N. Market Street
>   Wilmington, DE  19801

**BY FEDERAL EXPRESS AND E-MAIL**

>   Joseph P. Lavelle, Esquire
>   HOWREY LLP
>   1299 Pennsylvania Avenue, NW
>   Washington, DC  20004

>   */s/ Jack B. Blumenfeld*
>   Jack B. Blumenfeld (#1014)
>   MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>   Wilmington, DE  19801
>   (302) 658-9200
>   jblumenfeld@mnat.com