# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C. A. No. 05-132 (JJF) <br> ) <br> ) <br> ) <br> ) |
| ACUSHNET COMPANY, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC. <br><br> Counterclaim Defendant. | ) **DEMAND FOR JURY TRIAL** <br> ) <br> ) **PUBLIC VERSION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ACUSHNET COMPANY'S MOTION FOR PARTIAL RECONSIDERATION
## OF ORDER EXCLUDING PRIOR ART REFERENCES

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Brian S. Seal
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: February 6, 2007
Public Version Dated: February 7, 2007
776622/28946

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

Acushnet Company ("Acushnet") respectfully moves for reconsideration in part of the Court's Order, made in open Court on Friday, February 2, 2007, precluding Acushnet from relying on five patents and one prior art golf ball because the Court ruled that the prior art references were not timely disclosed to plaintiff.

Acushnet requests consideration as to only two of the six prior art references, Bridgestone's U.S. Patent Nos. 5,779,563 ("the '563 patent") and 6,174,247 ("the '247 patent"). Acushnet submits that these two patents are critical to its defense that Bridgestone's U.S. Patent No. 6,679,791 ("the '791 patent) is invalid over the prior art and that the Court should not bar Acushnet from relying on these two prior art Bridgestone patents.

Acushnet does not seek reconsideration as to the balance of the Court's Order.

I. **APPLICABLE LAW**

A. **Motions for Reconsideration**

Acushnet acknowledges that motions for reconsideration are to be used sparingly. *See Corning Inc. v. SRU Biosystems*, C.A. No. 03-633-JJF, 2004 U.S. Dist. LEXIS 16025, at *2-3 (D. Del., Aug. 13, 2004) (Farnan, J.)(Ex. A). The purpose of a motion for reconsideration is to correct manifest errors of law or fact. *See Harsco Corp. v. Zlotnicky*, 779 F.2d 906, 909 (3d Cir. 1985).

Motions for reconsideration should not be used merely to reargue facts the Court already considered. *See Corning, supra*. However, a court should grant reconsideration if it overlooked facts or precedent that reasonably would have altered the result. *See Corning, supra*; *Brambles U.S.A., Inc. v. Blocker*, 735 F. Supp. 1239, 1240-41 (D. Del. 1990).

### B. Exclusion of Evidence as a Discovery Sanction

The exclusion of evidence for violation of a discovery order is "an extreme sanction." *In re TMI Litigation,* 193 F.3d 613, 721 (3d Cir. 1999). In deciding whether to preclude evidence under Fed. R. Civ. P. 37, the court should analyze the following factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) likelihood of disruption of trial; (4) bad faith or willfulness involved in not complying with discovery rules; and (5) importance of the evidence to the proffering party. *See Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 905 (3d Cir. 1977); *see also In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717, 791-92 (3d Cir. 1994)

## II. THE '563 AND '247 PATENTS ARE CRITICAL TO ACUSHNET'S DEFENSE THAT BRIDGESTONE'S '791 PATENT-IN-SUIT IS INVALID OVER THE PRIOR ART

In excluding the five patents and one prior art golf ball that were the subject of Bridgestone's motion, the Court found that the excluded references were "relevant … but not critical" to Acushnet's defenses. (Feb. 2, 2007 Hearing Transcript at p. 5). Acushnet does not dispute this conclusion as to three of the patents and as to the prior art Altus Newing Massy golf ball.

However, as to the '563 and '247 patents, Acushnet submits that the Court erred. These two patents are in fact essential and critical to Acushnet's contention that the Bridgestone '791 patent in suit is invalid in view of the prior art. Acushnet will be grievously harmed if it cannot rely on these two patents and may not be able to prove that the '791 patent is invalid in view of the prior art if it cannot rely on these two patents. Acushnet's position is set forth below.

2

A.     **The Bridgestone Core Gradient Patents Are Likely Invalid**

1.     **Core Gradients Are a Natural Phenomenon.**

As the Court knows from the *Markman* hearing, the '791 patent relates to a "gradient" or change in hardness of the golf ball core from the center of the core to the outside of the core. The patent claims, among other things, that the core has a hardness difference of at least 22 degrees (measured using a standard measurement tool) between the core center and core surface. (Ex. B – '791 patent, Col. 8, ll. 59-62).

Acushnet contends that such core gradients are inherent in the manufacturing of golf ball cores. Simply stated, cores are heated from the outside of the mold. The heat causes the outside of the core to polymerize more quickly than the center. As the amount of time the cores spend in the mold is fairly short, the cores are naturally harder on the outside than at the center. Similarly, a brownie that is not overcooked in an oven is harder on the outside than at the center. (See Ex. C - Felker Report at 40-43).

2.     **Nothing New Was Done to the Cores Made in the '791 Patent**

The inventors on the Bridgestone core gradient patents were deposed in late August and October 2006. Acushnet repeatedly asked the named inventors and other Bridgestone witnesses how cores made under the '791 patent and other core gradient patents differed from earlier cores made by Bridgestone. The Bridgestone witnesses simply did not provide any meaningful answers to this question. For example, a Bridgestone 30(b)(6) witness on core properties testified:

[redacted]

3



A. [REDACTED]

(Ex. D – Egashira 10/3/06 Dep. at 31:4-33:22). Similar statements by other Bridgestone witnesses are attached hereto as Ex. E. These statements confirm Acushnet's position that the technology claimed by Bridgestone in the '791 patent is not new, but these statements alone are not prior art on which Acushnet can rely.

### 3. The '563 and '247 Patents Show Old Bridgestone Cores Are the Same as That Disclosed and Claimed in the '791 Patent.

The testimony of the Bridgestone witnesses certainly suggests that nothing significant was new in the core formulations described and claimed in the '791 patent. Therefore, after the depositions, Acushnet searched for prior art patents, especially Bridgestone patents, that had core formulas (ingredients and curing times and temperatures) similar to those in the '791 patent. If nothing had changed to make the '791 cores, then these types of prior art patents, especially Bridgestone patents, should have the same core gradient as that claimed in the '791 patent. This search was performed in November 2006 and uncovered the Bridgestone '563 and '247 prior art patents. When the cores in these patents were made and tested, Acushnet found that the '563 patent in fact anticipates the '791 patent and that the '247 patent, if used to make a

core under a molding condition commonly used in the art, would likewise meet all the claim limitations of the '791 patent.

    **B.    Acushnet's Expert Relies Critically on the '563 and '247 Patents in Reaching His Opinion that the '791 Patent Is Invalid in View of the Prior Art**

Acushnet's invalidity expert is Dr. David Felker. Dr. Felker's report on the invalidity of the '791 patent is attached hereto as Ex. C. As the Court can see, Dr. Felker relies on only three references to conclude that the '791 patent is not patentable over the prior art. Each prior art opinion relies on the '563 or the '247 patent or both.

*First*, Dr. Felker opines that the Bridgestone '563 patent (subject of the motion to exclude) ***anticipates*** the '791 patent under 35 USC § 102. (Ex. C - Felker Report at 58-64). **This is Acushnet's *only* prior art reference that anticipates the '791 patent and is by far the reference on which Dr. Felker most extensively relies.** Dr. Felker notes that one of the inventors on the 563 patent, Mr. Yamagishi, is also an inventor on the other core gradient patents, the '707 and '834 patents. (Ex. C – Felker Report at 58). He notes that the basic core, intermediate layer, and cover properties of the '563 patent are described at length in the patent and listed in a table in the '563 patent. (Ex. C – Felker Report at 59-60). Finally, Dr. Felker notes that if a core is made and tested using the recipe provided in the '563 patent, that the core has the core gradient properties claimed in the '791 patent. Dr. Felker then compares the '563 patent to claims at issue in the '791 patent and finds that the '563 prior art patent anticipates the '791 patent. This testimony is obviously critical to Acushnet's contention that the '791 patent is invalid in view of the prior art. It has no substitute anywhere in the evidence Acushnet can offer.

*Second*, Dr. Felker next relies on the Bridgestone prior art '247 patent (subject of the motion to exclude). Dr. Felker notes that Messrs. Higuchi and Yamagishi, inventors

5

on Bridgestone's '707 and '834 patents-in-suit, are named inventors on the '247 patent. Dr. Felker explains in detail the relevance of the '247 patent to the '791 patent. Dr. Felker opines that, while the '247 patent discloses a range of temperatures at which cores are made, one of ordinary skill could select temperatures and times within the range specified in the patent to make a ball that has all of the properties of the ball claimed in the '791 patent and that therefore the '247 patent renders the '791 patent obvious when combined with the knowledge of one of ordinary skill in the art. (Ex. C – Felker Report at 64-70).

*Third*, Dr. Felker also relies on U.S. Patent No. 6,390,935 ("the '935 patent") as relevant to obviousness. He does not rely on this patent alone, however, but instead opines that this patent ***if combined with*** the '563 and/or '247 patents, renders the 791 patent obvious. (Ex. C – Felker Report at 71). That defense would also be eliminated if Acushnet is precluded from relying on the '563 or '247 patents.

Preclusion of the '563 and '247 patents would thus eliminate all of Dr. Felker's opinions that Bridgestone's '791 patent is invalid in view of the prior art. As the Court can see, the '563 and 247 patents are critical to Acushnet's defense of invalidity in light of the prior art.

### III. IN LIGHT OF CRITICAL NATURE OF THE '563 AND '247 PATENTS, THE COURT SHOULD GRANT RECONSIDERATION

Given the critical nature of the '563 and '247 patents to Acushnet's contention that the '791 patent is invalid in view of the prior art, reconsideration of the Court's February 2 Order is appropriate. As acknowledged by the Court, "[t]he exclusion of ***critical evidence*** under Rule 37(c)(1) is an extreme sanction, not imposed absent a showing of willful deception and flagrant disregard of a court order by the proponent of

6

the evidence." *Forest Labs. Inc. v. Ivex Pharms., Inc.*, 237 F.R.D. 106, 110 (D. Del. 2006) (citing *Meyers*, 559 F.2d at 905) (emphasis added). *See also See DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1202 (3d Cir. 1978) (reversing district court's decision to exclude evidence in part "because of the critical importance of this evidence to defendant's case"). *See also Inline Connection Corp. v. AOL Time Warner, Inc.*, C.A. No. 02-272-MPT, C.A. No. 02-477-MPT, Consolidated Cases, 2007 U.S. Dist. LEXIS 6207, *11-12 (D. Del., Jan. 29, 2007) ("The Third Circuit clearly emphasized that 'the importance of the excluded testimony' should be considered.") (quoting *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Meyers*, 559 F.2d at 904)).

Here, as in *Forest Labs.*, "there is no allegation that Defendants acted in bad faith or with the intent to 'mislead or confuse' Plaintiffs." *Forest Labs.*, 237 F.R.D. at 110. Nor did Acushnet "flagrant[ly] disregard" any Court order. On the contrary, as noted in Acushnet's previous submissions on this question, Acushnet learned that the '563 and '247 patents invalidated the '791 patent only in November 2006, approximately three months after the Court's Order of August 3, 2006. Further, Acushnet disclosed the '563 and '247 patents on December 18, 2006, consistent with the parties' express agreement to supplement contentions. (*See* D.I. 262 at 4-5; D.I. 272 at 3-5; D.I. 278 at 4-5).[1]

In addition, the criticality of the evidence strongly outweighs any alleged prejudice to Bridgestone. While the Court found that allowance of the new references entailed additional – and avoidable – time and expense, it further found that, "the

---

[1] Consistent with that agreement, Bridgestone also supplemented its noninfringement contentions on December 18, 2006, as discussed by Acushnet in its reply brief in support of its motion for leave to supplement. (*See* D.I. 278 at 2). Acushnet, however, has not placed Bridgestone's new contentions at issue before this Court. Thus, the prejudice to Acushnet would be compounded if Acushnet's contentions are precluded, while Bridgestone is allowed to maintain its new noninfringement contentions.

7

extensions of deadlines that would be required may be fairly characterized as moderate ...." (Feb 2, 2007 Hearing Transcript at 5:22-6:6). Thus, the prejudice caused by the exclusion of critical evidence would not unduly prejudice Bridgestone. *See Forest Labs.*, 237 F.R.D. at 110-11 (critical evidence allowed when admission would not "unduly prejudice plaintiffs").

### IV. ALTERNATIVELY, ACUSHNET REQUESTS LEAVE TO FILE A SUPPLEMENTAL FELKER REPORT

If reconsideration is denied, Acushnet requests leave to file a supplemental report from Dr. Felker combining the '935 patent with other art to assert obviousness. As noted above, Dr. Felker opined that the '791 patent is invalid as obvious in light of the '935 patent in combination with the '563 and/or '247 patents, both of which are subject to Bridgestone's motion to preclude. Thus, precluding Dr. Felker's reliance on the '563 or '247 patents would render useless his opinion that the '791 patent is invalid in view of the prior art, thereby causing substantial prejudice to Acushnet's defense against that patent. In order to maintain an invalidity defense, Acushnet must be allowed to supplement Dr. Felker's report.

While leave to supplement Dr. Felker's report would provide an opportunity to present a defense of invalidity based on the '935 patent, that defense is not a substitute for Acushnet's defenses based on the '563 and '247 patents. The '935 patent is not a Bridgestone patent and does not have common inventors as do the '563 and '247 patents. Further, the '935 patent teaches relationships between the core center hardness, core surface hardness and intermediate layer hardness, but it does not explicitly show the claimed core hardness gradient. Likewise, it does not explicitly show the use of zinc salt of pentachlorothiophenol, which is also claimed in the '791 patent. Thus, while leave to

8

supplement Dr. Felker's report would at least provide Acushnet an opportunity to present a defense of invalidity in view of the prior art, the prejudice from preclusion of the '563 and '247 patents would likely prove fatal to Acushnet's defense that the '791 patent is invalid in view of the prior art.

## V. CONCLUSION

For the foregoing reasons, Acushnet respectfully requests that the Court reconsider its decision to preclude Acushnet's reliance on the '563 and '247 patents or, in the alternative, allow Acushnet leave to supplement Dr. Felker's report.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Brian S. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  (202) 783-0800

Dated:  February 6, 2007
Public Version Dated:  February 7, 2007
776622/28946

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P. O. Box 951
    Wilmington, DE  19899-0951
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on February 7, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on February 7, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946