IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO. LTD., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-132-JJF |
| ACUSHNET COMPANY, | : | |
| Defendant. | : | |

### MEMORANDUM ORDER

Pending before the Court is Bridgestone's Motion To Compel Acushnet To Comply With The Court's August 3, 2006 Order (D.I. 222). Although the Court's Order did not limit Acushnet to a specific number of prior art references, Bridgestone contends that Acushnet has failed to comply with the Court's Order by selecting a reasonable number of references to assert in its invalidity case. By its Motion, Bridgestone requests the Court to limit Acushnet to fourteen (14) references by a set date. Bridgestone also requests the Court to require Acushnet to set forth the specific combinations of references it seeks to assert against Bridgestone's patents, as well as the alleged motivation to combine those references.

In response, Acushnet contends that it has provided Bridgestone with a variety of charts setting forth: (1) the references it is relying upon, (2) the claims against which those references are being applied, (3) whether the references are being used under Section 102 or Section 103 and (4) the citations to the column and line number of the references upon which it

relies. Acushnet also contends that it reduced the prior art it is relying upon twice during this litigation, and the Court did not limit Acushnet to a specific number of references, because the field of "golf ball art" is very crowded. Acushnet further contends that any reduction to a specific number of references should be postponed until after expert discovery and the Court's <u>Markman</u> ruling.

Based on the subsequent briefing by the parties in connection with Bridgestone's Motion To Preclude Acushnet's Use Of Prior References, it appears to the Court that at least some, of the issues raised in this Motion have been addressed as a result of subsequent proceedings in this case. In its Answering Brief in connection with that Motion, Acushnet represents to the Court that with the submission of its invalidity expert reports to Bridgestone, it has relied upon "about twenty" prior art references. (D.I. 272 at 1.) The Court concludes that this number of references is reasonable for this litigation and therefore, further reduction of the number of references is not warranted at this time.[1] Accordingly, Bridgestone's Motion is

---

[1] The Court understands that of the "about twenty" references identified by Acushnet, six were the subject of Bridgestone's Motion To Preclude. Of those six, three have been rendered moot by the passage of time according to Acushnet (D.I. 272 at 1), leaving three references in question. The Court has granted Bridgestone's Motion precluding Acushnet from relying on those three references; however, Acushnet has filed a Motion For Reconsideration which is currently being briefed. By concluding in the context of this Motion that "about twenty" references is a reasonable number of references, the Court is not commenting on

denied as moot to the extent that it requests the Court to set a precise number of prior art references to be asserted by Acushnet.

As for Bridgestone's request to require Acushnet to specify the combination of references it seeks to rely upon and the motivations for combining those references, it is unclear to the Court whether Bridgestone's request remains viable in light of Acushnet's submission of its expert report. If these issues have not been resolved, Bridgestone may renew its request for the relief sought in this portion of its Motion by re-noticing a second motion related to this issue.

IT IS SO ORDERED.

February 15, 2007
DATE

UNITED STATES DISTRICT JUDGE

---

the impact of the reconsideration motion and any request by Acushnet to modify its expert reports. In other words, "about twenty" suggests a reasonable number of references for this type of litigation in light of the current Motion; however, a slightly greater or slightly lesser number of references may also be reasonable depending upon the Court's adjudication of the Motion For Reconsideration.

3