IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO. LTD.
and BRIDGESTONE GOLF, INC.,        :
                                    :
        Plaintiffs,                 :
                                    :
    v.                              :   Civil Action No. 05-132-JJF
                                    :
ACUSHNET COMPANY,                   :
                                    :
        Defendant.                  :

**MEMORANDUM ORDER**

Pending before the Court is Acushnet Company's Motion For Partial Reconsideration Of Order Excluding Prior Art References (D.I. 283). For the reasons discussed, the Motion will be denied.

I.   **THE PARTIES' CONTENTIONS**

By its Motion Acushnet Company ("Acushnet") requests the Court to reconsider its decision to exclude two of the six prior art references raised by Acushnet in this litigation against Bridgestone Sports Co. Ltd. and Bridgestone Golf, Inc. (collectively, "Bridgestone"). Specifically, Acushnet contends that two of Bridgestone's patents, U.S. Patent No. 5,779,563 (the "'563 patent") and United States Patent No. 6,174,247 (the "'247 patent"), are critical to its defense that U.S. Patent No. 6,679, 791 (the "'791 patent") is invalid.

According to Acushnet, it discovered during depositions of Bridgestone witnesses conducted in August and October 2006, that golf ball cores made under the '791 patent did not differ from earlier cores made by Bridgestone. After learning this

information, Acushnet contends that it searched prior art patents in November 2006, and its search uncovered the Bridgestone '563 and '247 patents. Acushnet subsequently tested these patents by making golf ball cores consistent with their teachings and then realized that the '563 patent anticipates the '791 patent and the '247 patent renders the '791 patent obvious. Acushnet directs the Court to the conclusions of its expert witness, Dr. Felker, who relied on these patents in his expert reports. Acushnet points out that each of Dr. Felker's invalidity arguments relies on the '247 and '563 patents, either alone or in combination with another prior art reference, and therefore, exclusion of these patents would severely prejudice Acushnet by leaving it with no invalidity defense regarding the '791 patent.

In the alternative, Acushnet requests leave to supplement Dr. Felker's report regarding his obviousness conclusions. Dr. Felker relies on United States Patent No. 6,390,935 (the "'935 patent") in combination with either the '563 and/or '247 patents for his obviousness conclusion. While Acushnet contends that the '563 and '247 patents are preferable because they are Bridgestone patents, Acushnet contends that it should be permitted an opportunity to mount a defense based on the '935 patent by having Dr. Felker revise his obviousness opinions.

In response, Bridgestone contends that any prejudice suffered by Acushnet is the result of a strategic risk that it chose to take in permitting Dr. Felker to rely upon the '563 and

'247 patents, while Acushnet knew the use of those references was in dispute. Bridgestone points out that Acushnet has other invalidity defenses, two of which are based on 35 U.S.C. § 112, and Acushnet is not "guaranteed a prior art invalidity defense." (D.I. 290 at 9, emphasis in original.)

Bridgestone further contends that Acushnet failed to comply with the Court's Order requiring Acushnet to pare down and provide Bridgestone with its final invalidity contentions. In addition, Bridgestone contends that, as time continues to pass, Bridgestone will be further prejudiced if Acushnet is permitted to rely on these patents or supplement its expert report. In this regard, Bridgestone contends that it is simply too late for the parties to engage in another round of supplemental reports and depositions.

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration should be granted sparingly and may not be used to relitigate arguments already considered and decided by the Court. Corning Inc. v. SRU Biosystems, C.A. No. 03-633-JJF, 2004 U.S. Dist. LEXIS 16025 at *2-3 (D. Del. Aug. 13, 2004) (citations omitted). Thus, a court may only grant reconsideration if there is: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to

correct a clear error of law or fact to prevent manifest injustice. <u>Max's Seafood</u>, 176 F.3d at 677.

## III. DISCUSSION

Based on Acushnet's arguments, it is apparent to the Court that its request for reconsideration is grounded in the need to prevent what it perceives to be a manifest injustice, namely its inability to pursue a prior art invalidity defense with respect to the '791 patent. In the Court's view, however, Acushnet's inability to pursue this defense is the result of its own strategic litigation decisions, and the Court will not rescue Acushnet from its choices. Nothing Acushnet has presented in its brief leads the Court to conclude that its prior decision should be reconsidered.

As for Acushnet's request for leave to supplement its expert report, the Court likewise concludes that such a request should be denied. Acushnet had a variety of prior art options it could have presented to its expert witness, yet it chose to rely on patents whose use was in dispute. In this way, Acushnet "took a risk that the Court would [] allow [] further supplementation" of the expert reports, in the event that the disputed patents were excluded. <u>Mosaid Techs., Inc. v. Samsung Elecs. Co.</u>, 362 F. Supp. 2d 526, 559 (D.N.J. 2005). That risk has proven to be unfruitful. Expert discovery closes in this case on March 23 and opening summary judgment briefs are due April 13. Trial is scheduled to commence on June 18, and it appears to the Court

4

that the parties have much work to be done before that date. Thus, the Court agrees with Bridgestone that there is insufficient time to allow further supplementation of Acushnet's expert report. The prejudice Acushnet may suffer is of its own making, and the Court will not impart that prejudice to Bridgestone by further delaying this case.

NOW THEREFORE, IT IS HEREBY ORDERED that Acushnet Company's Motion For Partial Reconsideration Of Order Excluding Prior Art References (D.I. 283) is **DENIED**.

February 26, 2007
DATE

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE