IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | |
| Plaintiffs, | C.A. No. 05-132 (JJF) |
| v. | **REDCTED –** **PUBLIC VERSION** |
| ACUSHNET COMPANY, | |
| Defendant. | |

## <u>DECLARATION OF BRANDON M. WHITE</u>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
  *Attorneys for Bridgestone Sports Co., Ltd.*
  *and Bridgestone Golf, Inc.*

OF COUNSEL:
Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filing Date: March 20, 2007

Redacted Filing Date: April 10, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD., and
BRIDGESTONE GOLF, INC.,

     Plaintiffs,

    v.

ACUSHNET COMPANY,

      Defendant.

C.A. No. 05-132 (JJF)

REDACTED -
PUBLIC VERSION

## DECLARATION OF BRANDON M. WHITE

  1.  My name is Brandon M. White, and I am an associate at the law firm of Paul, Hastings, Janofsky & Walker LLP ("Paul, Hastings").

  2.  Pursuant to paragraph 4 of the Court's Order of August 3, 2006 (D.I. 154), I was one of the persons at Paul, Hastings designated as responsible to the Court for discovery matters and for compliance with the Court's discovery Orders (D.I. 156).

  3.  Paul, Hastings represents the plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. ("Bridgestone") in this case. I make this declaration in support of Bridgestone's Motion For Sanctions.

  4.  On July 24, 2006, Bridgestone propounded Interrogatory No. 52 (Ex. A). Acushnet responded to this Interrogatory under Federal Rule of Civil Procedure 33(d) on August 24, 2006 (Ex. B), and supplemented its response, also under Rule 33(d), on December 18, 2006 (Ex. C). These are the only responses to Interrogatory No. 52 that Acushnet has provided.

  5.  The documents that Acushnet cited in its August 24, 2006 response to Interrogatory No. 52 ██████████████████████████████████████

████████████████████████████████████████████████████████







I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  March 20, 2007

_Brandon White_
Brandon M. White

763613.1

## CERTIFICATE OF SERVICE

I certify that on April 10, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz.

I further certify that I caused copies to be served upon the following on April 10, 2007 in the manner indicated:

### BY HAND & E-MAIL

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE  19801


### BY E-MAIL and FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004


*/s/  Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
lpolizoti@mnat.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-132 (JJF) |
| ACUSHNET COMPANY, | ) ) | |
| Defendant. | ) ) | |

## BRIDGESTONE'S FIFTH SET OF INTERROGATORIES (INTERROGATORY NOS. 52-53)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs Bridgestone Sports Co. Ltd. and Bridgestone Golf Inc., by their undersigned attorneys, propound these Interrogatories, to which Defendant Acushnet Company shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Definitions and Instructions set forth hereinafter.

## DEFINITIONS

Bridgestone incorporates by reference the DEFINITIONS set forth in BRIDGESTONE'S FIRST SET OF INTERROGATORIES (INTERROGATORY NOS. 1-24), SECOND SET OF INTERROGATORIES (INTERROGATORY NOS. 25-39), THIRD SET OF INTERROGATORIES (INTERROGATORY NOS. 40-42), and FOURTH SET OF INTERROGATORIES (INTERROGATORY NOS. 43-51), as though fully set forth herein.

In addition, the following phrases in this Notice are to be interpreted in accordance with the following definitions:

43.    The term "recipe," as used herein, means, for each and every component of an Accused Acushnet product, a comprehensive list of the materials used therein, the corresponding

Acushnet code for each material (e.g., the RM code), the supplier for each material, the percentage by weight of each material to the total amount of material by weight in the component, and the parts per hundred of each material to a base material of the component.

44.    The term "component," as used herein, means any layer of an Accused Acushnet product, including any cover, outer cover, inner cover, intermediate layer, casing, mantle, core, outer core, and/or inner core.

## INSTRUCTIONS

Bridgestone incorporates by reference the INSTRUCTIONS set forth in BRIDGESTONE'S FIRST SET OF INTERROGATORIES (INTERROGATORY NOS. 1-24) as though fully set forth herein.

## INTERROGATORIES

52.    Separately, for each of the Accused Acushnet products, identify, explain and describe in detail:

  a. all recipes, in their entirety and in chronological order of use, of each of the Accused Acushnet products;

  b. for each recipe listed in Acushnet's response to paragraph (a.), the dates during which that recipe was used;

  c. for each recipe listed in Acushnet's response to paragraph (a.), the sidestamp associated with golf balls manufactured pursuant to that recipe;

  d. for each and every change in the recipes of each of the Accused Acushnet products, the reason(s) why the recipe was changed, the date the recipe was changed, and a specific indication of what portion of the recipe was changed;

    e.    for each change listed in Acushnet's response to paragraph (d.), the method of implementing each change in Acushnet's manufacturing process; and

    f.    all documents supporting Acushnet's response to paragraphs (a.) - (e.).

53.    Separately, for each of the Accused Acushnet products, identify, explain and describe in detail:

    a.    for each recipe listed in Acushnet's response to paragraph (a.) of Interrogatory No. 52, the quantity of golf balls, by sidestamp, manufactured pursuant to that recipe;

    b.    for each quantity listed in Acushnet's response to paragraph (a.), the number of that quantity manufactured at each Acushnet manufacturing facility; and

    c.    all documents that support Acushnet's response to paragraphs (a.) – (b.).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
*Attorneys for Plaintiffs*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS,
   JANOFSKY & WALKER LLP
825 15th Street, N.W.
Washington, DC  20005
(202) 551-1700

July 24, 2006
530091

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.,       )
and BRIDGESTONE GOLF, INC.,         )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )
                                    )
ACUSHNET COMPANY,                   )        C. A. No. 05-132 (JJF)
                                    )
            Defendant.              )
_____)
ACUSHNET COMPANY,                   )        **DEMAND FOR JURY TRIAL**
                                    )
            Counterclaim Plaintiff, )
                                    )
      v.                            )
                                    )
BRIDGESTONE SPORTS CO., LTD.        )
and BRIDGESTONE GOLD, INC.          )
                                    )
            Counterclaim Defendant. )

### ACUSHNET'S OBJECTIONS AND RESPONSES TO
### BRIDGESTONE'S FIFTH SET OF INTERROGATORIES
### DIRECTED TO ACUSHNET (NOS. 52-53)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant and counterclaim plaintiff Acushnet Company ("Acushnet") hereby responds to *the Fifth Set of Interrogatories Directed to Acushnet (Nos. 52-53)* ("Fifth Set of Interrogatories") of defendants Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively, "Bridgestone").

### ACUSHNET'S GENERAL STATEMENT AND GENERAL OBJECTIONS

1.      Acushnet objects to Bridgestone's Fifth Set of Interrogatories as being multiple and compound and constituting more than one interrogatory under the Federal Rules of Civil Procedure and Del. L.R. 26.1(b).

2.    Acushnet further objects to Bridgestone's Fifth Set of Interrogatories as including a number of interrogatories in excess of the limit of interrogatories allowed under the applicable Federal Rules of Civil Procedure, Del. L.R. 26 and pursuant to the Scheduling Order entered in this litigation.

3.    Acushnet incorporates by reference its General Statement and Objections to Bridgestone's First, Second, Third, and Fourth Sets of Interrogatories as if fully restated herein.

## ACUSHNET'S OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

4.    Acushnet incorporates by reference its Objections to the Definitions and Instructions to Bridgestone's First Set of Interrogatories as if fully restated herein.

## RESPONSES

**Interrogatory No. 52:**

Separately, for each of the Accused Acushnet products, identify, explain and describe in detail:

    a.    all recipes, in their entirety and in chronological order of use, of each of the Accused Acushnet products;

    b.    for each recipe listed in Acushnet's response to paragraph (a.), the dates during which that recipe was used;

    c.    for each recipe listed in Acushnet's response to paragraph (a.), the sidestamp associated with golf balls manufactured pursuant to that recipe;

    d.    for each and every change in the recipes of each of the Accused Acushnet products, the reason(s) why the recipe was changed, the date the recipe was changed, and a specific indication of what portion of the recipe was changed;

    e.    for each change listed in Acushnet's response to paragraph (d.), the method of implementing each change in Acushnet's manufacturing process; and

    f.    all documents supporting Acushnet's response to paragraphs (a.)-(e.).

**Response to Interrogatory No. 52:**

Acushnet incorporates all of its General Objections and Objections to Definitions and Instructions as though fully set forth herein and further specifically objects to this interrogatory

as being compound and containing no less than six (6) separate interrogatories under Del. L.R. 26.1(b). In addition, Acushnet specifically objects to this interrogatory as being unduly burdensome in that it requests Acushnet to identify "all" documents relating to each of the categories (a.)-(e.), above. Acushnet further specifically objects to this interrogatory to the extent that it requests that Acushnet provide information that is subject to the attorney-client privilege and/or attorney-work product immunity.

Subject to and without waiving its General and Specific Objections, Acushnet responds that it has produced documents from which responsive information may be derived by Bridgestone as readily as Acushnet. *See* AB 13145-16679; AB 15274-15617; AB 23119-29405; AB 29537-30443; AB 35500-35517; AB 36118-36134; AB 36381-36405; AB 36589-36610; AB 36906-36922; AB 37009-37026; AB 37535-37556; AB 38214-38232; AB 38279-38299; AB 38341-38361; AB 38402-38415; AB 38532-38560; AB 38793-38811; AB 44882-45302; AB 45388; AB 51196-51318; AB 56201-56217; AB 80757-81064; AB 81711-81745; AB 86277-86402; and AB 86603-86626.

Acushnet reserves the right to supplement its response to this interrogatory as discovery in this matter is ongoing.

**Interrogatory No. 53:**

Separately, for each of the Accused Acushnet products, identify, explain and describe in detail:

    a.    for each recipe listed in Acushnet's response to paragraph (a.) of Interrogatory No. 52, the quantity of golf balls, by sidestamp, manufactured pursuant to that recipe;

    b.    for each quantity listed in Acushnet's response to paragraph (a.), the number of that quantity manufactured at each Acushnet manufacturing facility; and

    c.    all documents that support Acushnet's response to paragraphs (a.) – (b.).

**Response to Interrogatory No. 53:**

Acushnet incorporates all of its General Objections and Objections to Definitions and Instructions as though fully set forth herein and further specifically objects to this interrogatory

as being compound and containing no less than three (3) separate interrogatories under Del. L.R.

26.1(b). In addition, Acushnet specifically objects to this interrogatory as being unduly

burdensome in that it requests Acushnet to identify "all" documents relating to each of the

categories (a) and (b), above. Acushnet further specifically objects to this interrogatory to the

extent that it requests that Acushnet provide information that is subject to the attorney-client

privilege and/or attorney-work product immunity.

Subject to and without waiving its General and Specific Objections, Acushnet responds

that it has produced documents from which responsive information may be derived by

Bridgestone as readily as Acushnet. *See* AB 13145-16679; AB 15274-15617; AB 23119-29405;

AB 29537-30443; AB 35500-35517; AB 36118-36134; AB 36381-36405; AB 36589-36610; AB

36906-36922; AB 37009-37026; AB 37535-37556; AB 38214-38232; AB 38279-38299; AB

38341-38361; AB 38402-38415; AB 38532-38560; AB 38793-38811; AB 44882-45302; AB

45388; AB 51196-51318; AB 56201-56217; AB 80757-81064; AB 81711-81745; AB 86277-

86402; and AB 86603-86626; and AB 86717-86886.

As To Objections:

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Brian S. Seal
Andrew R. Sommer
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone (202) 783-0800

By:    */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 North Market Street
     P. O. Box 951
     Wilmington, DE 19899-0951
     (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

Dated: August 24, 2006
747554 / 28946

*Attorneys for Defendant/Counterclaim
Plaintiff Acushnet Company*

4

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 24, 2006, a true and correct copy of the within document was caused to be served on the attorney of record at the following addresses as indicated:

### VIA HAND DELIVERY

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

### VIA ELECTRONIC MAIL

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

                                        /s/ David E. Moore
                                        David E. Moore

680013

# EXHIBIT C

REDACTED

# EXHIBIT D

REDACTED

# EXHIBIT E

REDACTED