IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD., and
BRIDGESTONE GOLF, INC.,

               Plaintiffs,

       v.

ACUSHNET COMPANY,

               Defendant.

C.A. No. 05-132 (JJF)

**REDACTED –
PUBLIC VERSION**

## DECLARATION OF BRANDOM M. WHITE

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
   *Attorneys for Bridgestone Sports Co., Ltd.
   and Bridgestone Golf, Inc.*

OF COUNSEL:
Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filing Date:  April 3, 2007

Redacted Filing Date:  April 10, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD., and
BRIDGESTONE GOLF, INC.,

        Plaintiffs,

        v.

ACUSHNET COMPANY,

        Defendant.

C.A. No. 05-132 (JJF)

REDACTED -
PUBLIC VERSION

## DECLARATION OF BRANDON M. WHITE

I, Brandon M. White, hereby declare:

1.    I am an associate at the law firm of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings").

2.    Pursuant to paragraph 4 of the Court's Order of August 3, 2006 (D.I. 154), I was one of the two attorneys at Paul Hastings designated as responsible to the Court for discovery matters and for compliance with the Court's discovery Orders (D.I. 156).

3.    Paul Hastings represents the plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. ("Bridgestone") in this case. I make this declaration in support of *Bridgestone's Answering Brief in Opposition to Acushnet's Motion to Preclude and to Withdraw Admissions*.

### Bridgestone's Response to Acushnet's Interrogatory No. 2 (Infringement Contentions), Acushnet's Interrogatory No. 14 (Testing) and Acushnet's Requests for Production No. 14 and 21 (Testing)

4.    Acushnet propounded Interrogatory No. 2, an interrogatory seeking Bridgestone's infringement contentions. (Ex. 1 at p. 6). Bridgestone responded in part by listing, among other



5.    Bridgestone's response to Acushnet's Interrogatory No. 2 states that it was asserting infringement literally and that, to the extent any element of a Bridgestone patent is not found to be literally present in an accused Acushnet golf ball for reasons of claim construction, expert discovery or otherwise, an equivalent is present in the accused Acushnet golf ball and that there is infringement under the doctrine of equivalents.  (Ex. 2 at pp. 5, A-1 to A-14 and E-1 to E-3).  In a few instances, Bridgestone alleged infringement only under a theory of literal infringement.  (Ex. 2 at pp. E-2 to E-3).

6.    Acushnet propounded Interrogatory No. 14 (Ex. 1 at p. 9) and Request for Production No. 14 and No. 21 (Ex. 3 at pp. 5-6), each related to Bridgestone's testing of the accused golf balls.  In response, Bridgestone produced responsive (non-privileged) documents from its files.  In other instances, Bridgestone withheld as privileged and/or as attorney work product documents that were generated in anticipation of litigation by or in connection with a request from an attorney.

7.    Pursuant to the scheduling orders entered in this case, Bridgestone produced testing results and other documents generated by its independent experts – non-Bridgestone employees specifically retained for purposes of this litigation – during expert discovery.

**Acushnet's Response to Bridgestone's Interrogatory No. 9 (Infringement Contentions) and Interrogatory No. 32 (Testing)**

8.     Bridgestone Interrogatory No. 9 required Acushnet to

identify each claim that you contend is infringed by Bridgestone, the Bridgestone product that you contend has infringed or infringes each such claim, whether infringement is literal of under the doctrine of equivalents, and in the form of a claim chart, set forth in detail on a limitation by limitation basis, the factual basis for your assertion that Bridgestone products have infringed or infringe, and identify each document that supports or refutes your contention of infringement.

(Ex. 4 at p. 10).  In its most recent and final response to this Interrogatory,



9.     Bridgestone Interrogatory No. 32 required Acushnet to

[s]eparately for each claim and each production identify in Acushnet's response to Interrogatory No. 9 of Bridgestone's First Set of Interrogatories, describe all testing analysis and/or evaluation by you or on your behalf of such products, including the type of test(s) performed, the testing equipment, test parameters and conditions, and all facts, opinions or results obtained, and identify all documents referring or relating to such testing, analysis and/or evaluation and the persons who are the most knowledgeable of such testing, analysis, and/or evaluation.

(Ex. 6).  In its most recent and final response to this Interrogatory, Acushnet identified a



10.    Acushnet's infringement experts,

**Acushnet's Response to Bridgestone's Interrogatory No. 36 (Invalidity
Contentions)**

11.    Bridgestone also propounded Interrogatory No. 36, which required Acushnet to

[i]dentify all publications and other materials alleged by Acushnet to be relevant
to the patentability of the Bridgestone patents-in-suit, including each document,
thing, or other evidence supporting the chart required in Interrogatory No. 35.

(Ex. 6).  Bridgestone's Interrogatory No. 36 was nearly identical to Acushnet Interrogatory No.

19.  (*Compare* Ex. 6 with Ex. 1 at p. 10).  Acushnet responded to Bridgestone's Interrogatory

No. 36



12.    Acushnet's primary invalidity expert, Dr. David Felker, relied on numerous



---

[1]    Bridgestone has agreed that it would not challenge Dr. Felker's reliance on publicly-available articles and references that were located by Dr. Felker (in contrast with previously un-produced documents that were culled from Acushnet's files). Bridgestone and Acushnet agreed that it was proper for experts to rely on publicly-available articles and references that were located by the expert.

C.A. No. 05-132 (JJF)                    *Declaration of Brandon M. White*
                                                                    *Page 5*

Dr. Felker relies on this documents and test results in his invalidity report



**Acushnet's Response to Bridgestone Interrogatory No. 21 and No. 33**
**(Damages)**

13.     Bridgestone propounded at least two interrogatories, Interrogatory No. 21 (Ex. 4 at p. 12) and No. 33 (Ex. 6), that requested Acushnet's damages theories and calculations for Acushnet's infringement counterclaims against Bridgestone.

14.     Acushnet's most recent and final response to Bridgestone's Interrogatory No. 21



15.     Acushnet's most recent and final response to Bridgestone's Interrogatory No. 33

16.     Dr. David Kaplan, Acushnet's damages expert, relied on a number of documents in his damages report,

---

2    This does not even address the documents that Dr. Felker relied on that Acushnet produced long after fact discovery, during expert discovery, like the October 2000 opinion of counsel and the dimple exhibit (Felker Ex. 48), each of which are more fully addressed in Bridgestone's *Motion for Sanctions* (D.I. 304).



I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  April 3, 2007



Brandon M. White

## CERTIFICATE OF SERVICE

I certify that on April 10, 2007 I electronically filed the foregoing with the Clerk

of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

I further certify that I caused copies to be served upon the following on April 10,

2007 in the manner indicated:

### BY HAND & E-MAIL

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY EMAIL and FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

_/s/ Leslie A. Polizoti_
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD., AND BRIDGESTONE GOLF, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 05-132(JJF) |
| v. | ) ) | |
| ACUSHNET COMPANY, | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Acushnet Company ("Acushnet") hereby requests that plaintiff Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") answer the following interrogatories in the time required by law at the offices of Howrey LLP, 1299 Pennsylvania Avenue, NW, Washington DC 20004.

### DEFINITIONS

The following definitions apply to these requests:

1.  The term "Bridgestone" or "you" or "your" shall mean Bridgestone Sports Co., Ltd., Bridgestone Golf, Inc., and any parent, subsidiary, partner (including general and limited partners), member and/or affiliated entities, past or present, of Bridgestone, and any person or entity, past or present, acting on behalf of Bridgestone, including each of its present and former officers, executives, general partners, limited partners, directors, employees, attorneys, agents and/or representatives.

2.  The term "Acushnet" as used herein each shall refer to the named defendant, Acushnet Company and its present and/or former officers, directors, employees, agents, attorneys, and/or representatives.

concerning the unanswered portions. If your answer is qualified in any particular manner, set forth the details of such qualification.

## INTERROGATORIES

### INTERROGATORY NO. 1.

Identify on a claim-by-claim basis for the Bridgestone Patents, each Acushnet product that you contend infringes any claim of the Bridgestone Patents.

### INTERROGATORY NO. 2.

For each claim that is alleged to be infringed by Acushnet in your response to Interrogatory No. 1, provide a claim chart that describes in detail on an element-by-element basis how you contend each product identified infringes each claim, specifying whether such infringement is alleged to be literal and/or under the doctrine of equivalents.

### INTERROGATORY NO. 3.

Identify on a claim-by-claim basis all facts that support your contention that Acushnet has engaged in contributory infringement and/or inducement of infringement of the Bridgestone Patents.

### INTERROGATORY NO. 4.

Identify on a claim-by-claim basis all facts that support your contention that Acushnet has willfully infringed the Bridgestone Patents, including without limitation when and how you contend Acushnet first became aware of the patent that includes the claim.

### INTERROGATORY NO. 5.

Separately for each of the Bridgestone Patents, state your contention as to when and how Acushnet was notified of the alleged infringement of the Bridgestone patents in accordance with 35 U.S.C. § 287(a), identifying all facts that support your contention.

**INTERROGATORY NO. 14.**

Separately for each claim and each product identified in response to Interrogatory No. 1, describe all testing, analysis and/or evaluation by you or on your behalf of such products, including the type of test(s) performed, the testing equipment, test parameters and conditions, and all facts, opinions or results obtained, and identify all documents referring or relating to such testing, analysis and/or evaluation and the persons who are most knowledgeable of such testing, analysis, and/or evaluation.

**INTERROGATORY NO. 15.**

For each claim and each product identified above in response to Interrogatory No. 1, describe in detail each and every item of damages sought, including any bases for the damages claim. If any damages identified is allegedly based upon lost profits, described whether there was a demand for the product, whether there was an absence of acceptable non-infringing substitutes, whether Bridgestone had the ability to meet the demand, the amount of Bridgestone's incremental profit, whether there was price erosion or any tag along sales, and the amount of such price erosion or tag along sales, and identify all documents with respect to such lost profit claim and the persons having the most knowledge thereof. Similarly, if any damages identified is allegedly based upon reasonable royalty, describe in detail the amount of such royalty, Bridgestone's willingness to license others in the past, Bridgestone's profit margin on sales, the availability of like products from others, any collateral sales benefits, the expected profit margin of Bridgestone or any other alleged infringer, royalty rates of comparable patens in the field, and identify all documents with respect to such reasonable royalty claim and the persons having the most knowledge thereof.

**INTERROGATORY NO. 16.**

On a claim-by-claim basis, identify and describe in detail in a claim chart the factual bases for Bridgestone's non-infringement contention in its First Affirmative Defense in the *Reply and Counterclaim of Bridgestone to Acushnet's Answer and Counterclaim*, namely, that

9

"Bridgestone has not infringed and does not infringe, either directly or indirectly and either literally or by application of the doctrine of equivalents," any claim of any of the Acushnet Patents, including all witnesses with knowledge of such facts and all documents that support such facts.

## INTERROGATORY NO. 17.

If Bridgestone alleges the invention in the United States of any apparatus, product, device, process, method, act or other instrumentality that practiced any invention claimed in the Acushnet Patents prior to the earliest claimed priority date of such claims, identify, separately for each such claim, the circumstances of such prior invention, including all places or facilities involved in research and development related to the prior invention, all persons involved in the conception and reduction to practice of the prior invention, and the dates of conception and reduction to practice of the prior invention.

## INTERROGATORY NO. 18.

Identify on a claim-by-claim basis for each one of the Acushnet Patents that Bridgestone contends is invalid and provide a chart identifying specifically under which section(s) of the Patent Code that Bridgestone contends each identified claim is invalid and how Bridgestone contends that each identified claim fails to satisfy such section(s), including where, specifically, in the prior art Bridgestone contends a teaching or suggestion of or motivation to combine each element of each identified claim is found.

## INTERROGATORY NO. 19.

Identify all publications and other materials alleged by Bridgestone to be relevant to the patentability of the Acushnet Patents, including each document, thing, or other evidence supporting the chart requested in Interrogatory No. 18.

10

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Vivian S. Kuo
HOWREY LLP

1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 783-0800

Dated:  June 10, 2005

686174

POTTER ANDERSON & CORROON LLP

BY: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Telephone (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*

13

# EXHIBIT 2

REDACTED

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.,  )
AND BRIDGESTONE GOLF, INC.,    )
                               )
          Plaintiff,           )
                               )     C. A. No. 05-132(JJF)
     v.                        )
                               )
ACUSHNET COMPANY,              )
                               )
          Defendant.           )

## DEFENDANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Acushnet Corporation ("Acushnet") hereby requests that plaintiff Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") produce the documents and things hereinafter described for inspection and copying in the time required by law at the offices of Howrey LLP, 1299 Pennsylvania Avenue, NW, Washington, DC 20004.

### DEFINITIONS

The Definitions set forth in Defendant's First Set of Interrogatories to Plaintiff are hereby incorporated by reference.

### INSTRUCTIONS

1.      These requests are continuous in nature, and pursuant to Fed. R. Civ. P. 26(e), Bridgestone is under a duty to timely amend each prior response to a request for production if Bridgestone learns that the response is in some material respect incomplete or incorrect, or if any information or documents are hereafter acquired.

2.      Produce all responsive documents and things in Bridgestone's possession, custody or control, wherever located.

8.    All documents referring or relating to any opinions, studies, review, analysis or investigation done at any time regarding the ownership, patentability, validity, infringement, or enforceability of the subject matter of the Bridgestone Patents, Bridgestone Related Patents, Acushnet Patents and/or Acushnet Related Patents.

9.    All documents referring or relating to any prior art searches performed by any person at any time with respect to any of the Bridgestone Patents, Bridgestone Related Patents, Acushnet Patents and/or Acushnet Related Patents.

10.    All documents referring or relating to any litigation concerning any of the Bridgestone Patents or Bridgestone Related Patents.

11.    All documents referring or relating to proposed or actual licenses, assignments, and agreements related to any of the Bridgestone Patents or Bridgestone Related Patents.

12.    All documents referring or relating to any commercial success of products, machines, processes, services, and/or technology covered by one or more of the Bridgestone Patents.

13.    All documents referring or relating to Bridgestone's decision to bring this action against Acushnet, including but not limited to all documents that support Bridgestone's Rule 11 basis to file the Complaint.

14.    All documents referring or related to any testing or investigation conducted by or on behalf of Bridgestone of any products, processes, machines, or services of Acushnet for the purpose of determining whether such products or services allegedly infringe any of the Bridgestone Patents or Bridgestone Related Patents.

15.    All documents on which Bridgestone relies in support of its allegations that Acushnet infringes the Bridgestone Patents either directly, contributorily, or by inducement.

16.    All documents Bridgestone contends support its interpretation of any of the asserted claims for any of the Bridgestone Patents and for any claim of any of the Acushnet Patents.

17.    All documents referring or relating to any communications that Bridgestone contends gave Acushnet notice of infringement of any of the Bridgestone Patents.

18.    All documents regarding Acushnet, Acushnet Patents, Acushnet Related Patents and/or Acushnet products.

19.    All documents and things pertaining to any direct infringement of any of the Bridgestone Patents that you contend Acushnet has contributed to or induced.

20.    All documents and things referring or relating to Bridgestone's knowledge or awareness of the Acushnet Patents and Acushnet Related Patents prior to the filing of this lawsuit.

21.    All documents and things referring or relating to any analysis or test performed by or on behalf of Bridgestone of any of the Accused Products, including those documents and things containing any description of any performance test or analysis, testing equipment, test parameters and conditions, calibration records, products tested, manufacturer of products tested, date and location of test or analysis, and persons conducting the test or analysis.

22.    All documents and things referring or relating to the research, design, design changes, development, testing, experimentation, patent activities, manufacture, production, quality control, licensing, marketing, public use, promotion, offers for sale, sales, accounting, finance, and investments related to Bridgestone's Precept Laddie, Precept Lady, Precept U-Tri Tour, Precept U-Tri Extra Spin, Precept U-Tri Extra Distance, Nike One, Nike OneGold, Nike OneTW, U-Tri Spin, and Bridgestone Tour B330 golf balls.

23.    All documents and things that refer or relate to the research, design, design changes, development, testing, experimentation, patent activities, manufacture, production, marketing, public use, promotion, offers for sale, and sales related to Bridgestone's Tour Stage U-Spin, Altus Newing Massy, Precept Dynawing Double Cover S+, and the 1994 Precept EV Extra Spin golf balls and Wilson's Ultra Competition 90 and 100 and Ultra Tour Balata golf balls.

6

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Matthew J. Moore
Vivian S. Kuo
HOWREY LLP

1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 783-0800

Dated: June 10, 2005

686175

POTTER ANDERSON & CORROON LLP

BY: _____

    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Telephone (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.,
and BRIDGESTONE GOLF, INC.,

        Plaintiffs,

        v.

ACUSHNET COMPANY,

        Defendant.

C. A. No.  05-132 (JJF)

## BRIDGESTONE'S FIRST SET OF INTERROGATORIES (INTERROGATORY NOS. 1-24)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs Bridgestone Sports Co. Ltd. and Bridgestone Golf, Inc., by their undersigned attorneys, propound these Interrogatories, to which Defendant Acushnet Company shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Definitions and Instructions set forth hereinafter.

### DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this set of interrogatories, the following terms are to be interpreted in accordance with these definitions:

1)     The term "Bridgestone," "Plaintiff," and/or "Plaintiffs" means Bridgestone Sports Company, Ltd. and/or Bridgestone Golf, Inc., the plaintiffs in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past

## INTERROGATORIES

1.    Identify by model, type, version or similar designation each and every Acushnet product that Acushnet has made, used, sold and/or offered for sale in, exported out of, or imported into, the United States since March 7, 1998 to the present.

2.    Separately, for each product, the identification of which is requested by Interrogatory No. 1, state the date each such product was first made, used, sold, and/or offered for sale in, exported out of, or imported into, the United States.

3.    Separately, for each product, the identification of which is requested by Interrogatory No. 1, state the names and addresses of the individuals (at least three) most knowledgeable about each of the conception, design, development, testing, manufacturing, and selling thereof.

4.    State each fact on which Acushnet bases its Third Defense (Invalidity under 35 U.S.C. § 101, 102, 103 and 112) set forth in the Answer, and with respect to each such fact, identify each person with knowledge of that fact and each document concerning that fact.

5.    Separately, for each claim of the Bridgestone patents-in-suit that Acushnet contends is invalid, identify all Prior Art and/or Prior Art Golf Balls that Acushnet contends affects or relates to the validity of the Bridgestone patents-in-suit.

6.    Separately, for each of the Asserted Claims of the Bridgestone patents-in-suit, state each fact that supports, or concerns Acushnet's denial that the Accused Acushnet products infringe that claim, including an identification of every element of each claim which Acushnet contends is not found in the Acushnet products, and for each such element, describe in detail Acushnet's contention as to the lack of an equivalent for such element.

9

7.    Separately, for each of the Bridgestone patents-in-suit, provide the first date that Acushnet became aware of the patent, state how Acushnet became aware of that patent and describe the circumstances under which Acushnet became aware of that patent.

8.    Separately, for each of the Bridgestone patents-in-suit, state whether an opinion of counsel was prepared by or on behalf of Acushnet, and if so, when it was prepared, by whom it was prepared, to whom it was addressed, whether the opinion is in written form or oral, and whether Acushnet plans to rely on such opinion(s) to defend against a charge of willful patent infringement.

9.    Separately, for each of the Acushnet patents-in-suit, identify each claim that you contend is infringed by Bridgestone, the Bridgestone product that you contend has infringed or infringes each such claim, whether infringement is literal or under the doctrine of equivalents, and in the form of a claim chart, set forth in detail on a limitation-by-limitation basis, the factual basis for your assertion that Bridgestone products have infringed or infringe, and identify each Document that supports or refutes your contention of infringement.

10.    State the date on which Acushnet contends that Bridgestone received notice of each of the Acushnet patents-in-suit and the first date Acushnet claims it is entitled to damages for each of the Acushnet patents-in-suit.

11.    State each fact on which Acushnet bases its Fourth Defense that the '125 patent is unenforceable and identify each person with knowledge of that fact and each document concerning that fact.

12.    State each fact on which Acushnet bases its Fourth Defense that the '924 patent is unenforceable and identify each person with knowledge of that fact and each document concerning that fact.

13.    State each fact on which Acushnet bases its Fourth Defense that the '817 patent is unenforceable and identify each person with knowledge of that fact and each document concerning that fact.

14.    State each fact on which Acushnet bases its Fourth Defense that the '707 patent is unenforceable and identify each person with knowledge of that fact and each document concerning that fact.

15.    State each fact on which Acushnet bases its Fifth Defense (Unclean Hands) set forth in the Answer and identify each person with knowledge of that fact and each document concerning that fact.

16.    State each fact on which Acushnet bases its Sixth Defense (Waiver/Estoppel/Laches) set forth in the Answer and identify each person with knowledge of that fact and each document concerning that fact.

17.    State each fact on which Acushnet bases its Seventh Defense (Failure to State a Claim) set forth in the Answer and identify each person with knowledge of that fact and each document concerning that fact.

18.    State the sales, by year, of each of the Accused Acushnet products, from their introduction to the present.

19.    Separately, for each product, the identification of which is requested by Interrogatory No. 1, state separately for U.S. and foreign sales, on a monthly, quarterly and annual basis, beginning March 7, 1998, and that product's unit sales, dollar sales, average wholesale selling price, cost of goods sold, average unit cost of goods sold, gross profit margin, average gross profit margin per unit, net profit margin, and average net profit margin per unit.

20.    State whether any of the Acushnet patents-in-suit have been licensed, and if so, state the name of the licensee(s), the date of the license(s), the parties to the license(s), and the terms of the license(s), including but not limited to, the royalty rate.

21.    Describe the damage theories on which Acushnet is seeking recovery for alleged patent infringement, state all facts supporting that claim for damages, including the period for which Acushnet seeks such recovery, and in the case of a reasonable royalty, the royalty base and rate or, in the case of lost profits, the specific lost sales and the relevant accounting data to ascertain all costs and the profit margins by product.

22.    For each of the Acushnet patents-in-suit, identify all Acushnet products which have practiced or practice any of the claims.

23.    For each product, the identification of which his requested by Interrogatory No. 24, state whether Acushnet, or its licensees, have marked that product with the number of any patent pursuant to 35 U.S.C. § 287, identify the patent numbers with which each product has been marked, and provide the dates during which the product was marked.

24.    Provide the names and addresses of the persons most knowledgeable about the testing of and analysis of each of the Accused Bridgestone products.

MORRIS, NICHOLS, ARSHT & TUNNELL

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
   *Attorneys for Bridgestone Sports Co., Ltd.*
   *and Bridgestone Golf, Inc.*

12

OF COUNSEL:

Robert M. Masters
John T. Callahan
Raja Saliba
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C.  20037
(202) 293-7060

June 7, 2005

# EXHIBIT 5

REDACTED

# EXHIBIT 6

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | |
| Plaintiffs, | |
| v. | C. A. No. 05-132 (JJF) |
| ACUSHNET COMPANY, | |
| Defendant. | |

## BRIDGESTONE'S SECOND SET OF INTERROGATORIES (INTERROGATORY NOS. 25-39)

Pursuant to Fed. R. Civ. P. 33, Plaintiff Bridgestone Sports Co. Ltd., by their undersigned attorneys, propound these Interrogatories, to which Defendant Acushnet Company shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Definitions and Instructions set forth hereinafter.

aware of each item of Prior Art, the circumstances under which Acushnet became aware of each item of Prior Art, and whether and/or when and in what manner each item of Prior Art was disclosed to the PTO during the prosecution of the Acushnet patents-in-suit.

29.     Identify and describe in detail all Acushnet and/or all third-party products that have ever been sold commercially or used in the public that embody any of the claims of the Acushnet patents-in-suit, and for each such product, identify the time period(s) and geographical location in which that product was made, used and/or sold.

30.     Separately for each of the Acushnet patents-in-suit, state whether you contend there is objective evidence of nonobviousness, and if so, identify on a claim-by-claim basis all facts that you contend support or evidence such alleged objective evidence of nonobviousness or secondary considerations (including but not limited to commercial success, long-felt need, failure of others, commercial acquiescence, unexpected results, improved results, and/or new results) that should be considered in determining whether the claim is invalid for obviousness.

31.     Identify and describe in detail each instance in which Acushnet has communicated with any person or entity regarding a potential license of one or more of the Acushnet patents-in-suit, including offers to license, demands that the person or entity license, and any agreements concerning any of the Acushnet patents-in-suit.

32.     Separately for each claim and each product identified in Acushnet's response to Interrogatory No. 9 of Bridgestone's First Set of Interrogatories, describe all testing, analysis and/or evaluation by you or on your behalf of such products, including the type of test(s) performed, the testing equipment, test parameters and conditions, and all facts, opinions or results obtained, and identify all documents referring or relating to such testing, analysis and/or

evaluation and the persons who are most knowledgeable of such testing, analysis, and/or evaluation.

33.    For each claim and each product identified in Acushnet's response to Interrogatory No. 9 of Bridgestone's First Set of Interrogatories, describe in detail each and every item of damages sought, including any bases for the damages claim. If any damages identified is allegedly based upon lost profits, described whether there was a demand for the product, whether there was an absence of acceptable non-infringing substitutes, whether Acushnet had the ability to meet the demand, the amount of Acushnet's incremental profit, whether there was price erosion or any tag along sales, and the amount of such price erosion or tag along sales, and identify all documents with respect to such lost profit claim and the persons having the most knowledge thereof. Similarly, if any damages identified is allegedly based upon reasonable royalty, describe in detail the amount of such royalty, Acushnet's willingness to license others in the past, Acushnet's profit margin on sales, the availability of like products from others, any collateral sales benefits, the expected profit margin of Acushnet or any other alleged infringer, royalty rates of comparable patents in the field, and identify all documents with respect to such reasonable royalty claim and the persons having the most knowledge thereof.

34.    If Acushnet alleges the invention in the United States of any apparatus, product, device, process, method, act or other instrumentality that practiced any invention claimed in the Bridgestone patents-in-suit prior to the earliest claimed priority date of such claims, identify, separately for each such claim, the circumstances of such prior invention, including all places or facilities involved in research and development related to the prior invention, all persons involved in the conception and reduction to practice of the prior invention, and the dates of conception and reduction to practice of the prior invention.

Bridgestone's Second Set Of Interrogatories

35.    Identify on a claim-by-claim basis for each one of the Bridgestone patents-in-suit that Acushnet contends is invalid and provide a chart identifying specifically under which section(s) of the Patent Code that Acushnet contends each identified claim is invalid and how Acushnet contends that each identified claim fails to satisfy such section(s), including where, specifically, in the prior art Acushnet contends a teaching or suggestion of or motivation to combine each element of each identified claim is found.

36.    Identify all publications and other materials alleged by Acushnet to be relevant to the patentability of the Bridgestone patents-in-suit, including each document, thing, or other evidence supporting the chart requested in Interrogatory No. 35.

37.    Identify each term in the claims of the Acushnet patents-in-suit and Bridgestone patents-in-suit that you contend should be given a meaning other than the plain and ordinary meaning for that term as understood by one of ordinary skill in the art in light of the patent disclosure, and for each such identified term, state the meaning you contend it should be given and the factual basis for your contention.

38.    Identify all evidence (intrinsic and extrinsic) you contend is relevant to or you intend to rely upon in construing each term in the claims of the Acushnet patents-in-suit and Bridgestone patents-in-suit, and for each such item of evidence, identify how such item of evidence is relevant to each term in the claims of the Acushnet patents-in-suit and Bridgestone patents-in-suit, and state your contention as to how each such item of evidence affects the construction of each term in the claims of the Acushnet patents-in-suit and Bridgestone patents-in-suit.

Bridgestone's Second Set Of Interrogatories

39.   On a claim-by-claim basis, for each claim of the Bridgestone patents-in-suit that Acushnet contends is not infringed by Acushnet by reasons of the proceedings in the U.S. Patent and Trademark Office during prosecution of the Bridgestone patents-in-suit, identify each term in each such claim and state all factual bases for your contention, including the page and line number of any portion of the prosecution history relied upon.

Date: July 29, 2005

By:

**MORRIS, NICHOLS, ARSHT & TUNNELL**
JACK B. BLUMENFIELD (#1014)
MARYELLEN NOREIKA (#3208)
LESLIE A. POLIZOTI (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
Telephone: (302) 658-9200

OF COUNSEL:

**SUGHRUE MION, PLLC**
ROBERT M. MASTERS
JOHN T. CALLAHAN
RAJA SALIBA
2100 Pennsylvania Ave., N.W.
Washington, D.C. 20037
Telephone: (202) 293-7060

Attorneys for Plaintiffs

# EXHIBIT 7

REDACTED

# EXHIBIT 8

REDACTED