IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO. LTD., :
:
    Plaintiff, :
:
v. : Civil Action No. 05-132-JJF
:
ACUSHNET COMPANY, :
:
    Defendant. :

### ORDER APPOINTING SPECIAL MASTER

WHEREAS, by Order dated September 15, 2004, the Court established a Special Master Panel; and

WHEREAS, consistent with the requirements expressed in the referenced Order, the Court concludes that the appointment of a Special Master is warranted in the above-captioned case for the limited purpose of addressing the issues raised by certain pending Motions (D.I. 294, 304, 310);

NOW THEREFORE IT IS HEREBY ORDERED this <u>13</u> day of April that:

    1.    Louis C. Bechtle is appointed as Special Master to expeditiously address the above-described report Motions and issue a Report and Recommendation.

    2.    As required by Rule 53(b)(2), the Special Master shall proceed with all reasonable diligence and, as provided by Rule 53(c), shall have the authority to regulate all proceedings related to the referred issue and take all measures necessary to manage briefing, conduct hearings and rule on the above-described dispute.

3. The Special Master shall have the duty and authority to require the submission of reports, call conferences, hold hearings and issue orders to resolve the referred dispute.

4. Except as otherwise ordered by the Special Master, the filing, service and hearing of the referred issues shall be governed by the Rules of this Court.

5. The Special Master shall hear this matter promptly and at such times as may be convenient, at the discretion of the Special Master. All hearings and conferences before the Special Master shall be held in the J. Caleb Boggs Federal Building or at an alternate location as approved by the Special Master. The parties shall arrange for a court reporter to transcribe the proceeding(s). A copy of the transcript shall be provided to the Special Master, if requested. The parties shall equally bear the costs of the court reporter and transcript provided to the Special Master.

6. The Special Master shall not communicate _ex parte_ with a party without the consent of all the parties. The Special Master may communicate _ex parte_ with the Court.

7. The Special Master shall preserve all material received or issued in connection with the referred dispute. He shall not be required to file any such materials with the Court, unless directed to do so by the Court, except that he shall file any orders setting forth his rulings and any opinions prepared supporting his rulings.

8.  The Special Master may have access to trade secrets, proprietary information or other confidential information in this action including, but not limited to, information which may be subject to a protective order. The Special Master and those persons with access to the above-materials shall preserve and protect the confidentiality of all such information.

9.  The rulings of the Special Master shall be subject to review by the Court, consistent with Rule 53(g)(3)-(5).

10. The Special Master shall be compensated for his services at his usual hourly rate. Others assisting the Special Master shall be compensated at their usual hourly rates. The Special Master shall send statements for services and expenses directly to counsel for the parties on a monthly basis, and shall receive payment directly from counsel for the parties in a timely fashion. The compensation and expenses of the Special Mater shall, unless otherwise ordered by the Special Master, be shared equally by the parties. In this regard, if in the Special Master's opinion, a party engaged in behavior that hinders the efficient resolution of matters before the Special Master, that party may be apportioned all or a larger portion of the Special Master's compensation, costs and expenses. Any objections or disputes regarding compensation and/or expenses of the Special Master shall be presented to the Court in a timely application.

JOSEPH J. FARNAN, JR.
United States District Judge