IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>ACUSHNET COMPANY, )<br><br>Defendant. ) | C. A. No. 05-132 (JJF)<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

### ACUSHNET'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO WITHDRAW ITS ADMISSIONS TO BRIDGESTONE'S REQUEST FOR ADMISSION NOS. 7-8

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
Brian S. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: April 9, 2007
Public Version Dated: April 16, 2007
789598 / 28946

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Acushnet Company*

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT..........................................................................................................1

    A. The merits of the case will be served by a withdrawal. ...............................1

    B. Bridgestone has failed to show that it will be prejudiced by a withdrawal..........................................................................................................2

III. CONCLUSION.......................................................................................................4

# TABLE OF AUTHORITIES

## CASES

*Coca-Cola Bottling Co. v. Coca-Cola Co.*,
123 F.R.D. 97 (D. Del. 1988) ............................................................................ 1, 3, 4

*Gutting v. Falstaff*,
710 F.2d 1309 (8th Cir. 1983) ................................................................................ 3

*Howard v. Sterchi*,
725 F. Supp. 1572 (N.D. Ga. 1989) ........................................................................ 3

*Revlon Consumer Prods. Corp. v. L'Oreal S.A.*,
170 F.R.D. 391 (D. Del. 1997) ................................................................................ 1

## RULES

Fed. R. Civ. P. 36(b) ...................................................................................... 1, 2, 3

## I.  INTRODUCTION

Because Bridgestone has not shown that it would be prejudiced by a withdrawal of Acushnet's admissions and because the merits of the case would be best be served by a withdrawal, Acushnet should be permitted to withdraw its admissions to Bridgestone's Requests for Admission Nos. 7-8 with regard the NXT Tour golf balls.

## II.  ARGUMENT

Rule 36(b) of the Federal Rules of Civil Procedure "specifies the effect of a party's admission and when a court may permit withdrawal or amendment of a response to a request for an admission." *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 123 F.R.D. 97, 102 (D. Del. 1988). Rule 36(b) states that "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Fed. R. Civ. P. 36(b). Here, Acushnet has shown that a withdrawal would serve the merits of the case. Bridgestone, however, has failed to show that it will be prejudiced. Accordingly, the Court should allow Acushnet to withdraw its admissions.

### A.  The merits of the case will be served by a withdrawal.

Because the questions created by Bridgestone's test data go directly to the merits of the case, withdrawal should be allowed. "Because the policy of the rule is aimed at resolving cases on their merits, courts usually grant amendments if previously existing admissions are contrary to the record." *Revlon Consumer Prods. Corp. v. L'Oreal S.A.*, 170 F.R.D. 391, 402 (D. Del. 1997). *See also Coca-Cola Bottling Co.*, 123 F.R.D. at 103 ("In considering whether the presentation of the merits will be improved by permitting an admission to be revised, courts have generally sought to determine whether the admission is contrary to the record of the case."). The only evidence of the measured core distortion of the NXT Tour golf balls is the raw test data obtained by Dr. Caulfield and relied upon

by Bridgestone, which shows that they do not have core distortions under a load of 100 kg within the claimed range. Thus, Acushnet's prior admission is contrary to that evidence.

Nor does Bridgestone challenge that conclusion. In fact, short of quoting Rule 36(b), Bridgestone's three-paragraph response does not even address the impact of withdrawal on the merits of the case, much less present any argument to contradict Acushnet's position. (D.I. 312 at 34-35). Thus, there is no question that withdrawal will serve the merits of the case.

### B. Bridgestone has failed to show that it will be prejudiced by a withdrawal.

Nor has Bridgestone shown that any prejudice would result from a withdrawal. The only "prejudice" alleged by Bridgestone is that it "did rely on Acushnet's admissions to support its own testing generally, and specifically for one version of the NXT Tour that was unavailable for testing." (D.I. 312 at 35). That statement is misleading, as a review of Mr. Cadorniga's opinion clearly indicates. In fact, Bridgestone did not rely on Acushnet's admission during fact discovery in its attempts to satisfy its burden of proof. Instead, as it acknowledges, it conducted specific testing on the 100 kg distortion limitation. (D.I. 311 at Ex. B at D-6 to D-7). Bridgestone's expert described this testing as "necessary" to establish infringement and, in saying so, even went as far as criticizing the formula-dependent methodology that led to Acushnet's admission:



(*Id.* at D-5). Nor did Bridgestone rely on the admission for the one ball that was "unavailable for testing." Instead, Mr. Cadorniga provided a detailed analysis comparing that ball to the balls he did test. (*Id.* at D-9 to D-10). The context of Mr. Cadorniga's reports shows that statement to be a mere postscript to that testing and analysis, not the basis for Mr. Cadorniga's opinion.

Even if that statement constitutes "reliance," however, it does not lead to the type of prejudice required by Rule 36(b). "Generally, courts have defined the prejudice as relating 'to the difficulty a party may face in proving its case *because of the sudden need to obtain evidence required to prove the matter that had been admitted.*'" *Coca-Cola Bottling Co.*, 123 F.R.D. at 106 (emphasis added) (quoting *Gutting v. Falstaff*, 710 F.2d 1309, 1314 (8th Cir. 1983)). *See also Howard v. Sterchi*, 725 F. Supp. 1572, 1576 (N.D. Ga. 1989) ("Prejudice under the rule ''relates to the difficulty a party may face in proving its case, *e.g.*, *caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.*''") (emphasis added).

3

Here, Bridgestone points to no "sudden need to obtain evidence" or "unavailability of witnesses." Indeed, as Acushnet's admission was not made until the parties' agreed-upon December 18, 2006 close of fact discovery, the admission had no impact on Bridgestone's collection of evidence or interrogation of witnesses. That is the type of prejudice that could preclude withdrawal. *See Coca-Cola Bottling Co.*, 123 F.R.D. at 106-07 (considering whether the plaintiffs relied on the admission during fact discovery and whether the reliance impacted the course of discovery taken, such as where the defendant precluded the plaintiff from obtaining discovery on the matter admitted). Bridgestone has shown no such prejudice.

### III.   CONCLUSION

Based on the foregoing, Acushnet respectfully requests that the Court permit Acushnet to withdraw its admissions to Bridgestone's Requests for Admission Nos. 7 and 8 regarding the NXT Tour golf balls.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
Brian S. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: April 9, 2007
Public Version Dated: April 16, 2007
789598 / 28946

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on April 16, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on April 16, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946