IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-132 (JJF) <br><br> **REDACTED - PUBLIC VERSION** |

**BRIDGESTONE'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT THAT THE "WILSON ULTRA TOUR BALATA 90" GOLF BALLS, THE "1993 WILSON ULTRA COMPETITION 90" GOLF BALLS AND THE "1996 PRECEPT EV EXTRA SPIN" GOLF BALLS ARE NOT PRIOR ART**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:
Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filing Date: April 13, 2007

Redacted Filing Date: April 17, 2007

## TABLE OF CONTENTS

|   | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 1 |
|     I.   THE "WILSON ULTRA TOUR BALATA 90" GOLF BALLS | 2 |
|     II.  THE "1993 WILSON ULTRA COMPETITION 90" GOLF BALLS | 4 |
|     III. THE "1996 PRECEPT EV EXTRA SPIN" GOLF BALLS | 4 |
| ARGUMENT | 7 |
|     A.  LEGAL PRINCIPLES | 7 |
|     B.  THE WILSON ULTRA TOUR BALATA 90 GOLF BALLS ARE NOT PRIOR ART TO THE '852 PATENT | 8 |
|     C.  THE 1993 WILSON ULTRA COMPETITION 90 GOLF BALLS ARE NOT PRIOR ART TO THE '834 PATENT | 9 |
|     D.  THE 1996 PRECEPT EV EXTRA SPIN GOLF BALLS ARE NOT PRIOR ART TO THE '834 PATENT | 9 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

    Page

Cases

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 248 (1986)     7

*Electro Med. Systems, S.A. v. Cooper Life Sciences, Inc.*,
    34 F.3d 1048 (Fed. Cir. 1994)     7

*Finnigan Corp. v. International Trade Comm'n*,
    180 F.3d 1354 (Fed. Cir. 1999)     8

*Lacks Ind., Inc. v. McKechnie Vehicle Components USA, Inc.*,
    322 F.3d 1335 (Fed. Cir. 2003)     8

*Oney v. Ratliff*,
    182 F.3d 893 (Fed. Cir. 1999)     8

*Transclean Corp. v. Bridgewood Servs., Inc.*,
    290 F.3d 1364 (Fed. Cir. 2002)     7

*Union Oil Co. v. Atlantic Richfield Co.*,
    208 F.3d 989 (Fed. Cir. 2000)     7

*Woodland Trust v. Flowertree Nursery*,
    148 F.3d 1368 (Fed. Cir. 1998)     8

*Zimmer Tech., Inc. v. Howmedica Osteonics Corp.*,
    2007 U.S. Dist. LEXIS 12518 (D. Ind. 2007)     8

Statutes

FED. R. CIV. P. 56     7

## NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action brought by Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. ("Bridgestone") against Defendant Acushnet Company ("Acushnet") in March 2005. Bridgestone accuses various Acushnet golf balls of infringing claims from seven patents, including U.S. Patent 5,553,852 ("the '852 patent") and U.S. Patent 5,803,834 ("the '834 patent"). Acushnet contends that the Wilson Ultra Tour Balata 90, 1993 Wilson Ultra Competition 90 and 1996 Precept EV Extra Spin golf balls invalidate these patents.

This is Bridgestone's opening brief in support of its motion that these balls are not prior art.

## SUMMARY OF ARGUMENT

1. Acushnet has asserted that the "Wilson Ultra Tour Balata 90" golf balls invalidate the '852 patent, based on recent testing of 12 of these balls. There is, however, no evidence that the golf balls tested by Acushnet and relied on by its experts are prior art to the '852 patent.

2. Similarly, Acushnet has asserted that the "1993 Wilson Ultra Competition 90" golf balls and "1996 Precept EV Extra Spin" golf balls anticipate claim 1 of the '834 patent. Acushnet fails, however, to offer any evidence even suggesting that the specific golf balls tested by Acushnet and relied on by its expert are prior art to the '834 patent.

## STATEMENT OF FACTS

Bridgestone's '852 and '834 patents relate to various structural features of golf balls. The '852 patent has a Japanese priority date of July 8, 1993, and a U.S. filing date of July 8, 1994, and the '834 patent has a U.S. priority date of February 27, 1997. Acushnet has asserted that certain golf balls it tested invalidate the asserted claims of those patents – but has no competent evidence, however, that the balls it tested many years later are prior art to them.

1

I.      THE "WILSON ULTRA TOUR BALATA 90" GOLF BALLS

David Felker, Acushnet's only witness offered as an expert on the issue of the validity of Bridgestone's '852 patent, relies on results from testing done on what he describes as "Wilson Ultra Tour Balata 90" golf balls[1] (Ex. 1, Felker Rep. at 19; Ex. 2, Felker Dep. at 189-190) to opine that those balls, in combination with another patent, render the '852 patent obvious (Ex. 1, Felker Rep. at 19-20). Dr. Felker, however, cannot prove – let alone by clear and convincing evidence – that these Wilson Ultra Tour Balata 90 golf balls are prior art.

Dr. Felker relied on tests performed by Acushnet employees of 12 Wilson Ultra Tour Balata 90 golf balls to support his invalidity opinion. This model of golf ball had been sold both before and after the '852 patent's Japanese priority date (July 8, 1993) and U.S. filing date (July 8, 1994). There is simply no evidence that the golf balls that Acushnet tested existed prior to either of these dates.



---

[1]   Dr. Felker does not indicate in his report which Wilson golf balls were tested. In this brief, the phrase "Wilson Ultra Tour Balata 90 golf balls" is used to mean the golf balls on which the tests reported in Tab 13 of his invalidity report were performed.

3

██████████████████████████████ There is no evidence whatsoever that the Wilson Ultra Tour Balata 90 golf balls are what they are alleged to be.

At most, Dr. Felker has established that some golf balls (not necessarily the ones tested) having the nameplate "Ultra Tour Balata" and the sidestamp "Wilson·90" were on sale at least as of March 5, 1993, and that certain golf balls having this same nameplate and sidestamp have the properties identified in Felker Tab 13 as of 2006, when they were destructively tested.

II.   THE "1993 WILSON ULTRA COMPETITION 90" GOLF BALLS

Dr. Felker says that six 1993 Wilson Ultra Competition 90 golf balls[2] are anticipatory prior art to claim 1 of the '834 patent (Ex. 1, Felker Rep. at 54). Dr. Felker states that the Wilson Ultra Competition 90 golf ball is prior art ████████████████ ██████ This conclusion is offered by a witness who did not enter the golf industry in any capacity until much later (Ex. 1 at Tab 1) and who admits to having no personal knowledge about these golf balls (Ex. 2, Felker Dep. at 197-98). ████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████ There is no testimony or evidence, however, linking together the 2006 testing and the balls referenced in Dr. Felker's report. That simply cannot support the assertion that the Wilson Ultra Competition 90 golf balls are prior art to the '834 patent.

III.   THE "1996 PRECEPT EV EXTRA SPIN" GOLF BALLS

Dr. Felker relies on what he describes as the "1996 Precept EV Extra Spin" golf

---

[2]   Dr. Felker does not indicate in his report which Wilson golf balls were tested. In this motion, the phrase "1993 Wilson Ultra Competition 90 golf balls" is used to mean the golf balls on which the tests reported in Tab 49 of his invalidity report were performed.

ball[3] to anticipate claim 1 of the '834 patent (Ex. 1, Felker Rep. at 51-52). ▮

▮

There is, however, no factual support for Dr. Felker's assertions that these 1996 Precept EV Extra Spin golf balls are prior art to claim 1 of the '834 patent. ▮

▮ Even if balls with that name were sold then, so what? They were also sold after the critical date too (Ex. 7, AB 4615-16), and Acushnet has not shown that the balls it tested were ones that were made before the critical date. ▮

▮

---

[3] Dr. Felker does not indicate in his report which Precept EV Extra Spin golf ball was tested. In this motion, the phrase "1996 Precept EV Extra Spin golf balls" is used to mean the golf balls on which the tests reported in Tab 24 and on page 52 of his invalidity report were performed.

5



## ARGUMENT

### A. LEGAL PRINCIPLES

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(c); *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1369 (Fed. Cir. 2002). To survive a properly supported motion for summary judgment, the non-movant may not rest on mere allegations or denials in its pleadings. FED. R. CIV. P. 56(e). Rather, the non-movant must go beyond its pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* A fact is "material" only if "it might affect the outcome of the suit under the governing law," and an issue as to a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Acushnet bears the burden of proving invalidity of the '852 and '834 patents by clear and convincing evidence, and, therefore, must prove that the art on which it is relying qualifies as prior art. *Electro Med. Systems, S.A. v. Cooper Life Sciences, Inc.*, 34 F.3d 1048 (Fed. Cir. 1994); *Union Oil Co. v. Atlantic Richfield Co.*, 208 F.3d 989 (Fed. Cir. 2000). Further, it is well-established that "uncorroborated oral testimony by interested parties is insufficient as a

matter of law to establish invalidity of [a] patent." *Lacks Ind., Inc. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1350 (Fed. Cir. 2003); *Oney v. Ratliff*, 182 F.3d 893, 896 (Fed. Cir. 1999) (noting that the "uncorroborated oral testimony of...the inventor and his close associates would be insufficient to prove invalidity"); *Woodland Trust v. Flowertree Nursery*, 148 F.3d 1368 (Fed. Cir. 1998) (outlining eight factors for evaluating the credibility of an interested witness); *Finnigan Corp. v. International Trade Comm'n*, 180 F.3d 1354, 1367 (Fed. Cir. 1999) (holding that any witness whose testimony alone is asserted to invalidate a patent must be corroborated); *Zimmer Tech., Inc. v. Howmedica Osteonics Corp.*, 2007 U.S. Dist. LEXIS 12518 (D. Ind. 2007) (same).

   B.   THE WILSON ULTRA TOUR BALATA 90 GOLF BALLS ARE NOT PRIOR ART TO THE '852 PATENT

Neither Acushnet nor Dr. Felker offers any facts supporting the prior art status of the Wilson Ultra Tour Balata 90 golf balls. Acushnet's only evidence is the conclusory statements of its purported expert (who entered the golf ball industry years after these golf balls were allegedly manufactured and who has no personal knowledge of the facts on which he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The 12 Wilson Ultra Tour Balata 90 golf balls that Dr. Felker destructively tested are not the golf balls ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Accepting every averment of Acushnet and Dr. Felker as true, the only conclusions that can be reached are:

   (1)   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

   (2)   Acushnet tested golf balls bearing this sidestamp and nameplate and these golf balls had the properties set forth in Felker Tab 13 at the time they were tested, *i.e.*, in 2006.

These facts, however, are insufficient as a matter of law to meet Acushnet's burden of proving by clear and convincing evidence that these golf balls are prior art to the '852 patent. Accordingly, Dr. Felker's opinion that these golf balls are prior art to the '852 patent must, as a matter of law, fail. Bridgestone is therefore entitled to summary judgment that the Wilson Ultra Tour Balata 90 golf balls are not prior art to the '852 patent.

C. THE 1993 WILSON ULTRA COMPETITION 90 GOLF BALLS ARE NOT PRIOR ART TO THE '834 PATENT

Even when viewed in a light most favorable to Acushnet, no documents or fact witness testimony proves that the 1993 Wilson Ultra Competition 90 golf balls are prior art to the '834 patent. There is no evidence showing when the twelve 1993 Wilson Ultra Competition 90 golf balls actually relied upon by Dr. Felker were made, sold, used or otherwise known. (Indeed, in November 2005, ███████████████████████████████████████ Acushnet, therefore, cannot prove by clear and convincing evidence that these golf balls are prior art to the '834 patent. Accordingly, Bridgestone is entitled to summary judgment that the 1993 Wilson Ultra Competition 90 golf balls are not prior art to the '834 patent.

D. THE 1996 PRECEPT EV EXTRA SPIN GOLF BALLS ARE NOT PRIOR ART TO THE '834 PATENT

████████████████████████████████████████████████████████████████ No document or testimony even purports to establish the date on which these golf balls were manufactured, sold, used or known. Acushnet, therefore, cannot prove by clear and convincing evidence that these specific golf balls are prior art to the '834 patent. Accordingly, Dr. Felker's opinion that claim 1 of the '834 patent is anticipated by the 1996 Precept EV Extra

9

Spin balls necessarily fails and Bridgestone is entitled to summary judgment that the 1996 Precept EV Extra Spin golf balls are not prior art to the '834 patent.

## CONCLUSION

Bridgestone requests judgment that: (1) the "Wilson Ultra Tour Balata 90" golf balls are not prior art to the '852 patent; and (2) the "1993 Wilson Ultra Competition 90" and "1996 Precept EV Extra Spin" golf balls are not prior art to the '834 patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Leslie A. Polizoti

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc.*

OF COUNSEL:
Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

April 13, 2007
798862

10

## CERTIFICATE OF SERVICE

I certify that on April 17, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz, Esquire
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th Floor
> 1313 North Market Street
> Wilmington, DE 19801

I further certify that I caused copies to be served upon the following on April 17, 2007 in the manner indicated:

### BY HAND & E-MAIL

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL and FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com