IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) |
| Plaintiffs, | ) C. A. No. 05-132 (JJF) ) ) |
| v. | ) **PUBLIC VERSION** ) |
| ACUSHNET COMPANY, | ) ) |
| Defendant. | ) |

## ACUSHNET'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF VALIDITY OF U.S. PATENT NOS. 4,729,861; 4,936,587; AND 5,080,367

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
Brian S. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: April 13, 2007
Public Version Dated: April 20, 2007
790310 / 28946

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Acushnet Company*

## TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................. 1

II.   NATURE AND STAGE OF PROCEEDINGS .............................................. 1

III.  SUMMARY OF ARGUMENT ....................................................................... 1

IV.   STATEMENT OF FACTS ............................................................................... 2

V.    THE APPLICABLE LEGAL STANDARDS ................................................. 3

    A.    Summary Judgment ............................................................................... 3

    B.    Invalidity ................................................................................................ 4

        1.    Enablement ................................................................................. 4

        2.    Written Description ................................................................... 4

        3.    Best Mode ................................................................................... 5

VI.   ARGUMENT .................................................................................................... 5

VII.  CONCLUSION ................................................................................................. 6

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) .................................................................................................. 3

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................................... 3, 4

*Cytologix Corp. v. Ventana Med. Sys.*,
    424 F.3d 1168 (Fed. Cir. 2006) .............................................................................. 5

*Genentech Inc. v. Novo Nordisk A/S*,
    108 F.3d 1361 (Fed. Cir. 1997) .............................................................................. 4

*Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*,
    392 F.3d 1317 (Fed. Cir. 2004) .............................................................................. 4

*Nat'l Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.*,
    166 F.3d 1190 (Fed. Cir. 1999) ........................................................................... 4, 5

*Nike Inc. v. Wolverine World Wide, Inc.*,
    43 F.3d 644 (Fed. Cir. 1994) .................................................................................. 3

*United States Gypsum Co. v. Nat'l Gypsum Co.*,
    74 F.3d 1209 (Fed. Cir. 1996) ................................................................................ 5

*Vas-Cath Inc. v. Mahurkar*,
    935 F.2d 1555 (Fed. Cir. 1991) .............................................................................. 4

*Wang Lab. Inc., v. Toshiba Corp.*,
    993 F.2d 858 (Fed. Cir. 1993) ..................................................................... 2, 3, 4, 5

## STATUTES

35 U.S.C. § 282 ................................................................................................................ 4

35 U.S.C. § 112 ............................................................................................................ 4, 5

## RULES

Fed. R. Civ. P. 56(c) ........................................................................................................ 3

Defendant Acushnet Company ("Acushnet") files this Opening Memorandum in Support of Its Motion for Summary Judgment of Validity of U.S. Patent Nos. 4,729,861 ("the '861 patent") (Ex. A), 4,936,587 ("the '587 patent") (Ex. B), and 5,080,367 ("the '367 patent") (Ex. C) (collectively, "the Lynch patents").

## I.  INTRODUCTION

Acushnet accuses certain golf balls manufactured and sold by Plaintiffs Bridgestone Sports Co. Ltd. and Bridgestone Golf, Inc. ("Bridgestone") of infringing the Lynch patents. In response, Bridgestone has asserted that the Lynch patents are invalid, but has offered no specific claim or evidence of invalidity of any of the Lynch patents.

By this motion, Acushnet will show that it is entitled to summary judgment of validity of the Lynch patents. No reasonable jury could find that the Lynch patents are invalid based on Bridgestone's lack of evidence. Hence, summary judgment of validity of the Lynch patents is proper.

## II.  NATURE AND STAGE OF PROCEEDINGS

This patent infringement suit involves eleven patents and is scheduled for trial, starting June 18, 2007. Bridgestone alleges that Acushnet infringes seven patents-in-suit. Acushnet alleges that Bridgestone infringes four patents-in-suit. Fact and expert discovery is finished and a pre-trial conference will be held on May 25, 2007. The Court held a *Markman* hearing on November 29, 2006, but has not yet issued a *Markman* decision as a step in construing the claims of the asserted patents.

Under the Scheduling Order, as amended, case dispositive motions are now due. Briefing of dispositive motions must follow and be made "pursuant to D. Del. LR 7.1.2." (D.I. 219 at 1).

## III.  SUMMARY OF ARGUMENT

Summary judgment should be granted in favor of Acushnet on the validity of the Lynch patents because Bridgestone has failed to identify any specific contention of

invalidity for any of the Lynch patents. It has identified no invalidating prior art, nor has it identified any basis for invalidity under 35 U.S.C. § 112. In fact, Bridgestone has offered no evidence – in the form of expert testimony or otherwise – to support its claim that the Lynch patents are invalid.

Because there is no genuine issue as to any material fact needed to establish validity of the Lynch patents, Acushnet is entitled to judgment as a matter of law.

### IV.     STATEMENT OF FACTS

The Lynch patents all relate to the depths, diameters, and spacing of the dimples on the surface of a golf ball. The inventors discovered that they could improve the flight distance of golf balls by controlling the spatial arrangement of dimples on the surface of the golf ball and by further controlling the ratio of depth to diameter for the individual dimples. (Ex. A – '861 pat., col. 1, ll. 18-39; col. 2, ll. 22-23). The three patents share similar specifications and claim similar subject matter. The '861 patent is directed to a method of manufacturing a golf ball with the claimed dimple parameters (*see id.* at col. 9, ll. 56-58), the '587 patent is directed to "a finished golf ball," (Ex. B – '587 pat., col. 9, l. 55), and the '367 patent is directed to "a finished, painted golf ball" (Ex. C – '367 pat., col. 9, l. 59).

On June 13, 2005, Acushnet served Interrogatory No. 18 on Bridgestone requesting it to

> Identify on a claim-by-claim basis for each one of the Acushnet Patents that Bridgestone contends is invalid and provide a chart identifying specifically under which section(s) of the Patent Code that Bridgestone contends each identified claim is invalid and how Bridgestone contends that each identified claim fails to satisfy such section(s), including where, specifically, in the prior art Bridgestone contends a teaching or suggestion of motivation to combine each element of each identified claim is found.

(Ex. D – Def.'s First Set of Interrogs. to Pls. at 10). Bridgestone's first response, on July 13, 2005, stated that " ████████████████

2

███████." (Ex. E – Pls. Responses to Def.'s First Set of Interrogs. at 20). Bridgestone offered no other information with regard to the validity of the Lynch patents.

Bridgestone supplemented its responses to Acushnet's first set of interrogatories nine times, most recently on December 18, 2006, but none of those supplemental responses offered any further information to support its claim that the Lynch patents were invalid. To date, Bridgestone has not even specified whether its contention is based on lack of enablement, lack of written description, or failure to disclose the best mode of carrying out the invention.

On January 16-17, 2007, each party served opening expert reports on the issues for which they bore the burden of proof. Bridgestone, however, offered no expert report regarding the alleged invalidity of the Lynch patents. Expert discovery is now closed.

## V. THE APPLICABLE LEGAL STANDARDS

### A. Summary Judgment

Summary judgment should be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(c). The use of summary judgment is particularly appropriate in complex patent infringement actions because it is a useful tool to secure a just and speedy determination of the action and to simplify and pare down the issues in such complex cases. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994) ("Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.").

Where, as here, the nonmoving party has the burden of proof at trial, the moving party need only point to a lack of evidence and has no burden to disprove the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The non-moving party must then come forward with evidence demonstrating a genuine issue as to a material fact, and such

3

evidence must consist not merely of denials or assertions that a fact is challenged. *See id.* at 324. If the non-moving party fails to make a sufficient factual showing as to any element of its case on which it bears the burden of proof at trial, the "plain language of Rule 56(c) mandates the entry of summary judgment." *Id.* at 322.

### B. Invalidity

A patent is presumed valid, and a party challenging validity bears the burden of proving invalidity by clear and convincing evidence. 35 U.S.C. § 282; *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1320 (Fed. Cir. 2004). "The presumption of validity includes a presumption that the patent complies with § 112." *Nat'l Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.*, 166 F.3d 1190, 1195 (Fed. Cir. 1999).

#### 1. Enablement

"The enablement requirement of § 112 demands that the patent specification enable 'those skilled in the art to make and use the full scope of the claimed invention without 'undue experimentation.'" *Id.*, quoting *Genentech Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1365 (Fed. Cir. 1997). "Invalidity for lack of enablement is a conclusion of law and must be supported by facts provided by clear and convincing evidence." *Nat'l Recovery Techs.*, 166 F.3d at 1195.

#### 2. Written Description

Section 112, paragraph 1 requires that the specification "contain a written description of the invention, and of the manner and process of making and using it ... ." 35 U.S.C. § 112, ¶ 1. To meet this requirement, the disclosure of a parent application must reasonably convey to one of skill in the art that the inventor possessed the later-claimed subject matter at the time the parent application was filed. *See Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991).

### 3. Best Mode

Section 112, ¶ 1 provides that a patent's specification "shall set forth the best mode contemplated by the inventor of carrying out his invention." 35 U.S.C. § 112, ¶ 1. In order to prove that a patentee violated his obligation of disclosure, an accused infringer must show that (1) at the time he filed the patent application, the inventor had a best mode of practicing the invention and (2) that the specification does not adequately disclose what the inventor contemplated as the best mode so that those of ordinary skill in the art could practice it. *See United States Gypsum Co. v. Nat'l Gypsum Co.*, 74 F.3d 1209, 1212 (Fed. Cir. 1996).

### VI. ARGUMENT

Bridgestone has offered no facts – through expert testimony or otherwise – to support its contention of invalidity under § 112. It cannot meet its burden of proof at trial on any facts. Each of the three bases for invalidity under § 112 – lack of enablement, lack of written description, and failure to disclose the best mode of carrying out the invention – require the accused infringer to offer clear and convincing evidence. *See Nat'l Recovery Techs.*, 166 F.3d at 1195; *Wang Lab. Inc. v. Toshiba Corp.*, 993 F.2d 858, 865 (Fed. Cir. 1993); *United States Gypsum Co.*, 74 F.3d at 1212. Here, however, Bridgestone has offered no evidence.

As shown above, Bridgestone's only support of record regarding its claim of invalidity against the Lynch patents is its statement that "[REDACTED]." (Ex. E – Pls. Responses to Def.'s First Set of Interrogs. at 20). Such a general and conclusory statement does not rise to the level of creating a genuine dispute of material fact regarding validity. *See Cytologix Corp. v. Ventana Med. Sys.*, 424 F.3d 1168, 1176 (Fed. Cir. 2006) ("general and conclusory testimony ... does not suffice as evidence of invalidity"). In that case, the conclusory statement was at least "evidence" in the sense that it came from a party's expert witness. *Id.* Here, Bridgestone lacks even that pretense.

5

Bridgestone has offered no evidence in support of its claim of invalidity. Consequently, Bridgestone cannot meet its burden of proving the Lynch patents invalid by clear and convincing evidence and summary judgment in favor of Acushnet is proper.

### VII.  CONCLUSION

For the foregoing reasons, Acushnet respectfully requests that the Court grant its motion.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
Brian S. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  (202) 783-0800

Dated:  April 13, 2007
Public Version Dated:  April 20, 2007
790310 / 28946

By:  /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on April 20, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on April 20, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946