# EXHIBIT 16

5252652

*5252652*

| SERIAL NUMBER 07/521618 (Series of 1987) | PATENT DATE | PATENT NUMBER |
|---|---|---|

| SERIAL NUMBER 07/521,618 | FILING DATE 05/10/90 | CLASS 273 | SUBCLASS 218 392 | GROUP ART UNIT 336 159B | Tong Lee |
|---|---|---|---|---|---|

**APPLICANTS**

YOSHINORI EGASHIRA, SAITAMA-KEN, JAPAN; KAZUYUKI TAKAHASHI, YOKOHAMA, JAPAN; SEISUKE TOMITA, TOKOROZAWA, JAPAN;

**CONTINUING DATA*******************
VERIFIED

**FOREIGN/PCT APPLICATIONS************
VERIFIED    JAPAN    1-118460    11/05/89

| Foreign priority claimed ☑yes ☐no 35 USC 119 conditions met ☑yes ☐no Verified and Acknowledged    Examiner's Initials | AS FILED → | STATE OR COUNTRY JPX | SHEETS DRWGS. 1 | TOTAL CLAIMS 6 | INDEP CLAIMS 1 | FILING FEE RECEIVED $ 370.00 | ATTORNEY'S DOCKET NO. 023105 |
|---|---|---|---|---|---|---|---|

**ADDRESS**

SUGHRUE, MION, ZINN, MACPEAK & SEAS
2100 PENNSYLVANIA AVE., N. W.
WASHINGTON, DC 20037.

**TITLE**

SOLID GOLF BALL

U.S. DEPT. of COMM.- Pat. & TM Office—PTO-436L (rev. 10-78)

PARTS OF APPLICATION
FILED SEPARATELY

| NOTICE OF ALLOWANCE MAILED | PREPARED FOR ISSUE | CLAIMS ALLOWED |
|---|---|---|
| 4/8/93  5-21-93 | Assistant Examiner | Docket Clerk | Total Claims 13 | Print Claim 1 |

| ISSUE FEE | | DRAWING |
|---|---|---|
| Amount Due 1170.00 | Date Paid bal 7-09-93 | Khellion S. Morgan PRIMARY EXAMINER ART UNIT 159B  Primary Examiner | Sheets Drwg. 1 | Figs. Drwg. 2 | Print Fig. 1 |

| ISSUE CLASSIFICATION | | ISSUE BATCH NUMBER M11 |
|---|---|---|
| Label Area | Class 529 | Subclass 392 |

WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form-PTO-436A

07/521618

1384

APPROVED FOR LICENSE ☐

INITIALS  MAY 1 8 9 ____

| Entered or Counted | | CONTENTS | Received or Mailed |
|---|---|---|---|
| | 1. Application _____ papers. Prt | | |
| | 2. Priority Paper | 5-10-90 |
| 12/3/90 | 3. Fig. (3 mos) | 1 2 DEC 1990 |
| 4/22/91 | 4. Req. for ext. of time (1mo) | 4/12/91 |
| 4/22/91 | 5. Declaration | 4/12/91 |
| 4/22/91 | 6. Amdt A | 4/12/91 |
| 6/28 | 7. Rej (3 mos) | 4/8/91 |
| | 8. Amdt B | Oct 8, 91 |
| 11/26 | 9. FINAL REJECTION | 12/11/91 |
| | 10. Reqt. Ext. of time 1 mo. | April 13,92 |
| | 11. Declaration | April 13,92 |
| | 12. Amdt. C | April 13,92 |
| | 13. Notice of Appeal | April 13,92 |
| 4/28 H | 14. Rej (3 months) | 05-05-72 |
| | 15. Declaration | Aug. 5,92 |
| | 16. Response | Aug. 5,92 |
| 10/5 T | 17. FINAL REJECTION (3 mos) | Oct 13,1992 |
| | 18. Reqt. Ext. of time (3) mos. | Mar. 12,93 |
| | 19. Amdt. D N/E | Mar. 12,93 |
| | 20. Notice of Appeal | Mar. 12,93 |
| | 21. Notice of Allowance | 4/9/93 |
| | 22. Amdt. E (312) | April 13,93 |
| 4/29 | 23. Notice of Entry | 5-21-93 |
| | 24. Suppl. Notice of Allowance | 5-21-93 |
| | 25. PTO GRANT NOV 1 2 1993 | |
| | 26. | |
| | 27. | |
| | 28. | |
| | 29. | |
| | 30. | |
| | 31. | |



US005252652A

# United States Patent [19]

## Egashira et al.

[11] **Patent Number:** 5,252,652

[45] **Date of Patent:** Oct. 12, 1993

[54] **SOLID GOLF BALL**

[75] Inventors: **Yoshinori Egashira**, Saitama; **Kazuyuki Takahashi**, Yokohama; **Seisuke Tomita**, Tokorozawa, all of Japan

[73] Assignee: **Bridgestone Corporation**, Tokyo, Japan

[21] Appl. No.: **521,618**

[22] Filed: **May 10, 1990**

[30] **Foreign Application Priority Data**

Nov. 5, 1989 [JP]  Japan ........................... 1-118460

[51] Int. Cl.⁵ ........................... C08K 5/09; C08K 5/36; A63B 37/00

[52] U.S. Cl. ........................... 524/392; 524/289; 524/382; 524/908; 273/218

[58] Field of Search ................. 524/908, 289, 382, 392

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,378,519 | 6/1945 | Vincent | 524/392 |
| 2,467,789 | 4/1949 | Verbanc et al. | 524/382 |
| 2,543,845 | 3/1951 | Fryling | 524/392 |
| 3,175,992 | 3/1965 | Anderson, Jr. | 524/392 |
| 3,804,421 | 4/1974 | Alex et al. | 293/218 |
| 3,923,719 | 12/1975 | Gattuso | 524/392 |
| 4,076,255 | 2/1978 | Moore et al. | 273/218 |
| 4,129,538 | 12/1978 | Kaplan et al. | 524/392 |
| 4,398,000 | 8/1983 | Kataoka et al. | 523/206 |
| 4,556,220 | 12/1985 | Tomina et al. | 524/908 |
| 4,595,721 | 6/1986 | Devaux et al. | 524/392 |
| 4,683,257 | 7/1987 | Kakiuchi et al. | 524/908 |
| 4,735,980 | 4/1988 | Sturm et al. | 524/392 |
| 4,770,422 | 9/1988 | Isaac | 524/708 |

*Primary Examiner*—Kriellion S. Morgan
*Attorney, Agent, or Firm*—Sughrue, Mion, Zinn, Macpeak & Seas

[57] **ABSTRACT**

One-piece and multi-layered golf balls are improved in flying performance by forming the one-piece ball entirely or multi-layered golf ball core from a rubber composition comprising a base rubber, an unsaturated carboxylic acid metal salt, and an organic sulfur compound and/or a metal salt thereof.

**13 Claims, 1 Drawing Sheet**



U.S. Patent          Oct. 12, 1993          5,252,652

# FIG.1



# FIG.2



5,252,652

| 1 | 2 |

## SOLID GOLF BALL

This invention relates to solid golf balls having improved flying performance.

## BACKGROUND OF THE INVENTION

In general, solid golf balls include a one-piece golf ball which is integrally molded in its entirety a two-piece golf ball having a core enclosed in a cover, and a multi-layered golf ball having a core enclosed in a cover through one or more intermediate layers.

These solid golf balls have an elastic portion in the form of a molded and vulcanized rubber compound as a portion, that is, a core in the case of multi-layered golf balls or as their entirety in the case of one-piece golf balls. For the purpose of improving the repulsion coefficient and impact resistance of the prior art rubber compositions from which the elastic portion was formed, attempts were made to blend a monomer having an unsaturated bond, typically an α,β-ethylenically unsaturated carboxylic acid metal salt as a co-crosslinking agent in polybutadiene or a similar base rubber. The co-crosslinking agent will graft or crosslink to the backbone of polybutadiene rubber under the action of a peroxide or similar co crosslinking initiator, resulting in a three-dimensional crosslinked polymer, which can provide an adequate degree of hardness and durability for one-piece golf balls or multi-layered golf ball cores. Therefore, one-piece golf balls formed from rubber compositions having such a co-crosslinking agent blended and multi-layered golf balls having cores formed from rubber compositions having such a co-crosslinking agent blended are known to exhibit satisfactory flying performance and durability.

Golf players have a continuous demand for better flying performance and it is thus desired to develop golf balls having further improved flying performance.

## SUMMARY OF THE INVENTION

Therefore, an object of the invention is to provide a golf ball having further improved flying performance.

Searching for an optimum additive for a rubber composition containing a base rubber, typically polybutadiene and an unsaturated carboxylic acid metal salt as a co-crosslinking agent, the inventors have found that when an organic sulfur compound and/or a metal-containing organic sulfur compound is added to the rubber composition, there is obtained a rubber composition which can be vulcanized into a rubbery elastomer having improved rebound resilience. If a one-piece golf ball or a multi-layered golf ball core is formed from this rubber composition, the resulting solid golf ball exhibits an increased initial velocity upon hitting and improved flying performance. The present invention is predicated on this finding.

According to the present invention, there is provided a solid golf ball comprising a rubber composition containing a base rubber, an unsaturated carboxylic acid metal salt, and a sulfur compound selected from the group consisting of an organic sulfur compound and a metal-containing organic sulfur compound.

In one form, the ball is a one-piece golf ball which is entirely formed of the present rubber composition.

In another form, the ball is a multi-layered golf ball comprising a core and a cover enclosing the core, wherein the core is formed of the present rubber com-

position. The core may be enclosed in the cover directly or through an intermediate layer.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a cross section of a one-piece golf ball.
FIG. 2 is a cross section of a two-piece golf ball.

## DETAILED DESCRIPTION OF THE INVENTION

FIG. 1 shows in cross section a one-piece golf ball 11. FIG. 2 shows a two-piece golf ball 21 comprising a core 23 coated with a cover 25. A plurality of, usually 200 to 600, dimples are formed on the surface of the golf balls, although they are not shown in FIGS. 1 and 2.

The solid golf ball of the present invention is a one piece golf ball or a multi-layered golf ball in which the one-piece golf ball or the core of the multi-layered golf ball is formed from a rubber composition comprising a base rubber, an unsaturated carboxylic acid metal salt, and an organic sulfur compound and/or a metal-containing organic sulfur compound.

The base rubber used herein may be any desired rubber which is commonly used in conventional one-piece golf balls and cores of multi-layered golf balls. Polybutadiene rubbers, especially poly(1,4-butadiene) rubbers containing at least 40 mol %, preferably 80 to 100 mol % of cis-1,4 bond are preferred because of high rebound resilience, extrusion moldability, and high strength after vulcanization. If desired, the poly(1,4-butadiene) rubbers may be blended with natural rubber, polyisoprene rubber, styrene-butadiene rubber or the like. It is desired that at least 80% by weight of poly(1,4-butadiene) rubber be present in the base rubber because base rubbers containing less amounts of poly(1,4-butadiene) rubber often fail to take advantage of the rebound resilience of polybutadiene rubber.

The metal salt of unsaturated carboxylic acid is blended as a co-crosslinking agent. Examples include zinc and magnesium salts of unsaturated fatty acids having 3 to 8 carbon atoms, such as acrylic acid, methacrylic acid, maleic acid, and fumaric acid, with the zinc salts of acrylic and methacrylic acid being most preferred. The unsaturated carboxylic acid metal salt may be blended in a rubber either as a preformed metal salt or by introducing an α,β-unsaturated carboxylic acid and a metal oxide or hydroxide into the rubber composition and allowing them to react in the rubber composition to form a metal salt. The unsaturated carboxylic acid metal salt may be blended in any desired amount, but preferably in amounts of about 25 to about 40 parts by weight per 100 parts by weight of the base rubber.

The rubber composition used in the manufacture of the solid golf ball of the invention contains an organic sulfur compound and/or a metal-containing organic sulfur compound in addition to the base rubber and the unsaturated carboxylic acid metal salt. Examples of the organic sulfur compound include thiophenols such as pentachlorothiophenol, 4-butyl-o-thiocresol, 4 t-butyl-p-thiocresol, and 2-benzamidothiophenol, thiocarboxylic acids such as thio-benzoic acid, and sulfides such as dixylyl disulfide, di(o-benzamidophenyl) disulfide and alkylated phenol sulfides. Examples of the metal-containing organic sulfur compound include zinc salts of the above-mentioned thiophenols and thiocarboxylic acids. These compounds may be used alone or in admixture of two or more of them. The sulfur compound is preferably blended in amounts of from about 0.05 to about 2 parts by weight, more preferably from

3

5,252,652

4

about 0.1 to about 0.5 parts by weight per 100 parts by weight of the base rubber.

The rubber composition of the invention may further contain a co-crosslinking initiator. Preferred examples of the co-crosslinking initiator include organic peroxides, such as dicumyl peroxide, t-butylperoxybenzoate, di-t-butylperoxide, 1,1-bis(t-butylperoxy)-3,3,5 trimethyl-cyclohexane, n-butyl-4,4-bis(t-butylperoxy)valerate, 2,2,-bis(t-butylperoxy-isopropyl)benzene, and 2,5-dimethyl-2,5-di(t-butylperoxy)hexane, with the dicumyl peroxide being most preferred. The initiator may be blended in amounts of about 0.5 to about 3 parts by weight, preferably about 1 to about 2.5 parts by weight per 100 parts by weight of the base rubber.

Also employable is a filler. Preferred examples of the filler include metal oxides such as zinc oxide and magnesium oxide. It may be blended in amounts of about 10 to about 80 parts by weight per 100 parts by weight of the base rubber. If desired, the rubber composition can additionally contain a plasticizer, an antioxidant, and any other additives which are generally employed in the preparation of one-piece balls or cores of multi-layered balls. Their amounts may be determined without undue experimentation.

The solid golf ball of the invention may be prepared by molding the above-formulated rubber composition as formulated above into a desired spherical shape, that is, a ball in the case of a one-piece ball or into a core in the case of a multi-layered ball and vulcanizing the rubber by heating. The manufacture may be in accord with conventional method and conditions.

When multi-layered golf balls such as two-piece balls are manufactured, the core is coated with a cover. The cover material used herein may be selected from commonly used cover materials, for example, ionomers such as Surlyn ®, polyesters, and nylons. The cover usually has a thickness of 0.5 to 2.5 mm.

The core may be enclosed in the cover directly or through an intermediate layer.

The present invention may be applied to any type of golf ball including small balls having a diameter of at least 41.15 mm and a weight of up to 45.92 g, and large balls having a diameter of at least 42.67 mm and a weight of up to 45.92 g.

The distribution and total number of dimples are not critical although 300 to 550 dimples, preferably 350 to 540 dimples are generally formed on a ball. Preferred dimple arrangements are regular icosahedral, regular dodecahedral, and regular octahedral arrangements. The dimples is preferably distributed uniformly on the ball surface in such an arrangement.

The solid golf balls of the invention are of the above-mentioned construction and exhibit excellent flying performance.

## EXAMPLE

Examples of the invention are given below together with comparative examples by way of illustration and not by way of limitation.

## EXAMPLES 1-6

Solid cores for two-piece golf balls were prepared and compared with conventional two-piece golf ball cores.

Six rubber compositions were prepared by mixing the ingredients shown in Table 1. A two-piece golf ball-forming solid core having a diameter of 38.0 mm was prepared by molding each of the compositions in a mold

followed by vulcanization at 155° C. for 20 minutes. The cores were examined by a hitting test according to the USGA standard. Using a hitting machine of the flywheel type, the cores were hit at a head speed of 38 m/sec. to measure the initial velocity (in m/sec.). The results are shown in Table 1.

TABLE 1

| | Core No. | | | | | |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4* | 5* | 6* |
| **Ingredients (pbw)** | | | | | | |
| Poly(cis-1,4-butadiene) | 100 | 90 | 80 | 100 | 90 | 80 |
| Poly(cis-isoprene) | 0 | 10 | 20 | 0 | 10 | 20 |
| Zinc acrylate | 32 | 32 | 32 | 32 | 32 | 32 |
| Zinc oxide | 21 | 21 | 21 | 21 | 21 | 21 |
| Antioxidant | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 |
| Dicumyl peroxide | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 |
| Pentachlorothiophenol zinc salt | 0.2 | 0.2 | 0.2 | 0 | 0 | 0 |
| Initial velocity, m/sec. | 73.32 | 73.11 | 72.80 | 72.95 | 72.67 | 72.30 |

*outside the scope of the invention

As seen from Table 1, the performance, that is, initial velocity upon hitting of the core is improved by blending zinc salt of pentachlorothiophenol which is a metal salt of an organic sulfur compound in a rubber composition.

## Examples 7 and 8

Two rubber compositions were prepared by blending the ingredients shown in Table 2. Two-piece golf ball solid cores having a diameter of 38 mm were prepared by molding the composition in a mold and vulcanizing at 155° C. for 20 minutes. An ionomer resin composition was applied to the cores to form a cover thereon. There were obtained two-piece golf balls having a diameter of 42.7 mm.

The balls were measured for weight, hardness and initial velocity. The hardness of the balls was measured as a deflection (in mm) under a load of 100 kg. The initial velocity (in m/sec.) of the balls was measured by a hitting test according to the USGA standard in which the balls were hit at a head speed of 38 m/sec. using a hitting machine of the flywheel type. The results are shown in Table 2.

TABLE 2

| | Example | |
|---|---|---|
| | 7 | 8* |
| **Core composition (pbw)** | | |
| Poly(cis-1,4-butadiene) rubber | 100 | 100 |
| Zinc acrylate | 32 | 32 |
| Zinc oxide | 21 | 21 |
| Antioxidant | 0.2 | 0.2 |
| Dicumyl peroxide | 1.5 | 1.5 |
| Pentachlorothiophenol zinc salt | 0.2 | — |
| **Ball properties** | | |
| Weight, g | 45.3 | 45.3 |
| Hardness | 2.30 | 2.32 |
| Initial velocity, m/sec. | 73.37 | 72.84 |

*outside the scope of the invention

As seen from Table 2, the gold balls of the invention are improved in initial velocity upon hitting and hence, in flying performance.

Although some preferred embodiments have been described, many modifications and variations may be made thereto in the light of the above teachings. It is therefore to be understood that within the scope of the

5,252,652

5

appended claims, the invention may be practices otherwise than as specifically described.

We claim:

1. A solid golf ball, having an improved rebound property and initial velocity, comprising a rubber composition containing 100 parts by weight of a base rubber selected from the group consisting of polybutadiene rubber, natural rubber, polyisoprene rubber and styrene-butadiene rubber, about 25 to about 40 parts by weight of a zinc or magnesium salt of an unsaturated fatty acid having 3 to 8 carbon atoms, about 0.05 to about 2 parts by weight of a sulfur compound selected from the group consisting of pentachlorothiophenol, 4-t-tubyl-o-thiocresol, 4-t-butyl-p-thiocresol, 2-benzamidothiophenol, thiobenzoic acid, and zinc salts thereof, and about 0.5 to about 3 parts by weight of an organic peroxide.

2. The solid golf ball of claim 1, wherein said solid golf ball is a one-piece golf ball which is formed of said rubber composition.

3. The solid golf ball of claim 1, wherein said solid golf ball core and a cover enclosing the core, and said core is formed of said rubber composition.

4. The solid golf ball of claim 3, wherein said solid golf ball is a two-piece ball, and said core is directly enclosed in the cover.

6

5. The solid gold golf ball of claim 3, wherein said solid golf ball further comprises an intermediate layer between the core and the cover.

6. The solid gold ball of claim 1, wherein said base rubber is a polybutadiene rubber.

7. The solid gold ball of claim 6, wherein said polybutadiene rubber is a poly(1,4-butadiene) rubber containing at least 40 mol % of cis-1,4 bond.

8. The solid gold ball of claim 7, wherein said poly(1,4-butadiene) rubber contains at least 80 to 100 mol % of cis-1,4 bond.

9. The solid gold ball of claim 7, wherein said base rubber comprises at least 80% by weight of said poly(1,4-butadiene) rubber.

10. The solid gold ball of claim 9, wherein said poly(1,4-butadiene) rubber is blended with a natural rubber, a polyisoprene rubber of a styrene-butadiene rubber.

11. The solid gold ball of claim 1, wherein said sulfur compound is blended in an amount of from about 0.1 to about 0.5 parts by weight.

12. The solid gold ball of claim 1, wherein said organic peroxide is selected from the group consisting of dicumyl peroxide, t-butylperoxybenzoate, di-t-butylperoxide, 1,1-bis(t-butylperoxy)-3,3,5-trimethylcyclohexane, n-butyl-4,4-bis(t-butylperoxy)valerate, 2,2′-bis(t-butylperoxyisopropyl)benzene, and 2,5-dimethyl-2,5-di(t-butylperoxy)hexene.

13. The solid gold ball of claim 1, wherein said rubber composition further comprises a filler.

* * * * *

35

40

45

50

55

60

65

07/521618



LAW OFFICES

SUGHRUE, MION, ZINN, MACPEAK & SEAS

2100 PENNSYLVANIA AVENUE, N.W.

WASHINGTON, D.C. 20037-3202

COUNSEL
RICHARD C. SUGHRUE, P.C.

TELEPHONE
(202) 293-7060

CABLE ADDRESS
LEXPAT WASHINGTON

TELEX
848103
248503

FACSIMILE
(202) 293-7660
(202) 293-9131
(202) 293-2920

May 10, 1990

Honorable Commissioner of
Patents and Trademarks
Washington, D.C.  20231

Re: Application of YOSHINORI EGASHIRA, KAZUYUKI TAKAHASHI
AND SEISUKE TOMITA
"SOLID GOLF BALL"
Our Ref.: Q-23105

Dear Sir:

Attached hereto is the application identified above includ-
ing the specification, claims, declaration and power of attorney,
one priority document, one sheet of formal drawings and an
assignment.

The Government filing fee is calculated as follows:

| | | | | | |
|---|---|---|---|---|---|
| Total claims ........... | 6 | - 20 = | 0 | x $12 = | 00.00 |
| Independent claims ..... | 1 | - 3 = | 0 | x $36 = | 00.00 |
| Base fee ...................................... | | | | | 370.00 |
| Multiple dependent claim fee ($120.00) ........ | | | | | 00.00 |
| Assignment Recordation fee.................... | | | | | 8.00 |
| | | | | SUBTOTAL ... | 378.00 |
| | | | TOTAL FILING FEE .................... | | $378.00 |

Kindly charge the statutory fee of $378.00 to our Deposit
Account 19-4880.  You are also directed and authorized to charge
or credit any difference or overpayment to said Account.  The
Commissioner is hereby authorized to charge any fees under 37 CFR
1.16 and 1.17 which may be required during the entire pendency of
the application to Deposit Account No. 19-4880.

Priority is claimed from May 11, 1989 based on Japanese
Patent application Serial No. 1-118460.

Respectfully submitted,

SUGHRUE, MION, ZINN,
MACPEAK & SEAS
Attorneys for Applicant(s)

By: _Waddell A. Biggart_
Waddell A. Biggart
Reg. No. 24,861

WAB/drl



07/521618

MAIL ROOM
MAY 10 1990
PAT. & TRADEMARK OFC.

## S P E C I F I C A T I O N

TO ALL WHOM IT MAY CONCERN:

BE IT KNOWN THAT WE, Yoshinori EGASHIRA, Kazuyuki
TAKAHASHI and Seisuke TOMITA, residing at No. 6-6
Musashidai 7-chome, Hidaka-machi, Iruma-gun, Saitama-
ken, JAPAN, No. 150-7, Kashio-cho, Totsuka-ku,
Yokohama-shi, Kanagawa-ken, JAPAN and No. 3-7,
Matsugaoka 1-chome, No. 151-15, Kume, Tokorozawa-shi,
Saitama-ken, JAPAN, respectively, have invented
certain new and useful improvements in



"Solid Golf Ball"

of which the following is a specification:-

-1-



TITLE OF THE INVENTION
Solid Golf Ball

This invention relates to solid golf balls having
improved flying performance.

BACKGROUND OF THE INVENTION

In general, solid golf balls include a one-piece golf
ball which is integrally molded in its entirety, a two-piece
golf ball having a core enclosed in a cover, and a multi-
layered golf ball having a core enclosed in a cover through
one or more intermediate layers.

These solid golf balls have an elastic portion in the
form of a molded and vulcanized rubber compound as a
portion, that is, a core in the case of multi-layered golf
balls or as their entirety in the case of one-piece golf
balls. For the purpose of improving the repulsion
coefficient and impact resistance of the prior art rubber
compositions from which the elastic portion was formed,
attempts were made to blend a monomer having an unsaturated
bond, typically an $\alpha,\beta$-ethylenically unsaturated carboxylic
acid metal salt as a co-crosslinking agent in polybutadiene
or a similar base rubber. The co-crosslinking agent will
graft or crosslink to the backbone of polybutadiene rubber
under the action of a peroxide or similar co-crosslinking
initiator, resulting in a three-dimensional crosslinked
polymer, which can provide an adequate degree of hardness
and durability for one-piece golf balls or multi-layered
golf ball cores. Therefore, one-piece golf balls formed
from rubber compositions having such a co-crosslinking agent
blended and multi-layered golf balls having cores formed
from rubber compositions having such a co-crosslinking agent

-2-

blended are known to exhibit satisfactory flying performance and durability.

Golf players have a continuous demand for better flying performance and it is thus desired to develop golf balls having further improved flying performance.

<u>SUMMARY OF THE INVENTION</u>

Therefore, an object of the invention is to provide a golf ball having further improved flying performance.

Searching for an optimum additive for a rubber composition containing a base rubber, typically polybutadiene and an unsaturated carboxylic acid metal salt as a co-crosslinking agent, the inventors have found that when an organic sulfur compound and/or a metal-containing organic sulfur compound is added to the rubber composition, there is obtained a rubber composition which can be vulcanized into a rubbery elastomer having improved rebound resilience. If a one-piece golf ball or a multi-layered golf ball core is formed from this rubber composition, the resulting solid golf ball exhibits an increased initial velocity upon hitting and improved flying performance. The present invention is predicated on this finding.

According to the present invention, there is provided a solid golf ball comprising a rubber composition containing a base rubber, an unsaturated carboxylic acid metal salt, and a sulfur compound selected from the group consisting of an organic sulfur compound and a metal-containing organic sulfur compound.

In one form, the ball is a one-piece golf ball which is entirely formed of the present rubber composition.

In another form, the ball is a multi-layered golf ball comprising a core and a cover enclosing the core, wherein the core is formed of the present rubber composition. The core may be enclosed in the cover directly or through an intermediate layer.

-3-

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a cross section of a one-piece golf ball.
FIG. 2 is a cross section of a two-piece golf ball.

DETAILED DESCRIPTION OF THE INVENTION

5      FIG. 1 shows in cross section a one-piece golf ball 11.
FIG. 2 shows a two-piece golf ball 21 comprising a core 23
coated with a cover 25. A plurality of, usualy 200 to 600,
dimples are formed on the surface of the golf balls,
10    although they are not shown in FIGS. 1 and 2.
       The solid golf ball of the present invention is a one-
piece golf ball or a multi-layered golf ball in which the
one-piece golf ball or the core of the multi-layered golf
ball is formed from a rubber composition comprising a base
15    rubber, an unsaturated carboxylic acid metal salt, and an
organic sulfur compound and/or a metal-containing organic
sulfur compound.
       The base rubber used herein may be any desired rubber
which is commonly used in conventional one-piece golf balls
20    and cores of multi-layered golf balls. Polybutadiene
rubbers, especially poly(1,4-butadiene) rubbers containing
at least 40 mol%, preferably 80 to 100 mol% of cis-1,4 bond
are preferred because of high rebound resilience, extrusion
moldability, and high strength after vulcanization. If
25    desired, the poly(1,4-butadiene) rubbers may be blended with
natural rubber, polyisoprene rubber, styrene-butadiene
rubber or the like. It is desired that at least 80% by
weight of poly(1,4-butadiene) rubber be present in the base
rubber because base rubbers containing less amounts of
30    poly(1,4-butadiene) rubber often fail to take advantage of
the rebound resilience of polybutadiene rubber.
       The metal salt of unsaturated carboxylic acid is
blended as a co-crosslinking agent. Examples include zinc
and magnesium salts of unsaturated fatty acids having 3 to 8
35    carbon atoms, such as acrylic acid, methacrylic acid, maleic
acid, and fumaric acid, with the zinc salts of acrylic and

-4-

methacrylic acid being most preferred. The unsaturated carboxylic acid metal salt may be blended in a rubber either as a preformed metal salt or by introducing an $\alpha,\beta$-unsaturated carboxylic acid and a metal oxide or hydroxide

5   into the rubber composition and allowing them to react in the rubber composition to form a metal salt. The unsaturated carboxylic acid metal salt may be blended in any desired amount, but preferably in amounts of about 25 to about 40 parts by weight per 100 parts by weight of the base

10  rubber.

The rubber composition used in the manufacture of the solid golf ball of the invention contains an organic sulfur compound and/or a metal-containing organic sulfur compound in addition to the base rubber and the unsaturated

15  carboxylic acid metal salt. Examples of the organic sulfur compound include thiophenols such as pentachlorothiophenol, 4-t-butyl-o-thiocresol, 4-t-butyl-p-thiocresol, and 2-benzamidothiophenol, thiocarboxylic acids such as thio-benzoic acid, and sulfides such as dixylyl disulfide, di(o-

20  benzamidophenyl) disulfide and alkylated phenol sulfides. Examples of the metal-containing organic sulfur compound include zinc salts of the above-mentioned thiophenols and thiocarboxylic acids. The sulfur compounds may be used alone or in admixture of two or more of them. The sulfur

25  compound is preferably blended in amounts of from about 0.05 to about 2 parts by weight, more preferably from about 0.1 to about 0.5 parts by weight per 100 parts by weight of the base rubber.

The rubber composition of the invention may further

30  contain a co-crosslinking initiator. Preferred examples of the co-crosslinking initiator include organic peroxides, such as dicumyl peroxide, t-butylperoxybenzoate, di-t-butylperoxide, 1,1-bis(t-butylperoxy)-3,3,5-trimethyl-cyclohexane, n-butyl-4,4-bis(t-butylperoxy)valerate, 2,2'-

35  bis(t-butylperoxy-isopropyl)benzene, and 2,5-dimethyl-2,5-di(t-butylperoxy)hexane, with the dicumyl peroxide being

-5-

most preferred. The initiator may be blended in amounts of about 0.5 to about 3 parts by weight, preferably about 1 to about 2.5 parts by weight per 100 parts by weight of the base rubber.

5      Also employable is a filler. Preferred examples of the filler include metal oxides such as zinc oxide and magnesium oxide. It may be blended in amounts of about 10 to about 80 parts by weight per 100 parts by weight of the base rubber. If desired, the rubber composition can additionally contain

10  a plasticizer, an antioxidant, and any other additives which are generally employed in the preparation of one-piece balls or cores of multi-layered balls. Their amounts may be determined without undue experimentation.

       The solid golf ball of the invention may be prepared by

15  molding the above-formulated rubber composition as formulated above into a desired spherical shape, that is, a ball in the case of a one-piece ball or into a core in the case of a multi-layered ball and vulcanizing the rubber by heating. The manufacture may be in accord with conventional

20  method and conditions.

       When multi-layered golf balls such as two-piece balls are manufactured, the core is coated with a cover. The cover material used herein may be selected from commonly used cover materials, for example, ionomers such as Surlyn®,

25  polyesters, and nylons. The cover usually has a thickness of 0.5 to 2.5 mm.

       The core may be enclosed in the cover directly or through an intermediate layer.

       The present invention may be applied to any type of

30  golf ball including small balls having a diameter of at least 41.15 mm and a weight of up to 45.92 g, and large balls having a diameter of at least 42.67 mm and a weight of up to 45.92 g.

       The distribution and total number of dimples are not

35  critical although 300 to 550 dimples, preferably 350 to 540 dimples are generally formed on a ball. Preferred dimple

-6-

arrangements are regular icosahedral, regular dodecahedral, and regular octahedral arrangements. The dimples is preferably distributed uniformly on the ball surface in such an arrangement.

5    The solid golf balls of the invention are of the above-mentioned construction and exhibit excellent flying performance.

EXAMPLE

10    Examples of the invention are given below together with comparative examples by way of illustration and not by way of limitation.

Examples 1-6

15    Solid cores for two-piece golf balls were prepared and compared with conventional two-piece golf ball cores.

Six rubber compositions were prepared by mixing the ingredients shown in Table 1. A two-piece golf ball-forming solid core having a diameter of 38.0 mm was prepared by 20 molding each of the compositions in a mold followed by vulcanization at 155°C for 20 minutes. The cores were examined by a hitting test according to the USGA standard. Using a hitting machine of the flywheel type, the cores were hit at a head speed of 38 m/sec. to measure the initial 25 velocity (in m/sec.). The results are shown in Table 1.

-7-

Table 1

| Core No. | 1 | 2 | 3 | 4* | 5* | 6* |
|---|---|---|---|---|---|---|
| Ingredients (pbw) | | | | | | |
| Poly(cis-1,4-butadiene) | 100 | 90 | 80 | 100 | 90 | 80 |
| Poly(cis-isoprene) | 0 | 10 | 20 | 0 | 10 | 20 |
| Zinc acrylate | 32 | 32 | 32 | 32 | 32 | 32 |
| Zinc oxide | 21 | 21 | 21 | 21 | 21 | 21 |
| Antioxidant | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 |
| Dicumyl peroxide | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 |
| Pentachlorothiophenol zinc salt | 0.2 | 0.2 | 0.2 | 0 | 0 | 0 |
| Initial velocity, m/sec. | 73.32 | 73.11 | 72.80 | 72.95 | 72.67 | 72.30 |

* outside the scope of the invention

As seen from Table 1, the performance, that is, initial velocity upon hitting of the core is improved by blending zinc salt of pentachlorothiophenol which is a metal salt of an organic sulfur compound in a rubber composition.

Examples 7 and 8

Two rubber compositions were prepared by blending the ingredients shown in Table 2. Two-piece golf ball solid cores having a diameter of 38 mm were prepared by molding the composition in a mold and vulcanizing at 155°C for 20 minutes. An ionomer resin composition was applied to the cores to form a cover thereon. There were obtained two-piece golf balls having a diameter of 42.7 mm.

The balls were measured for weight, hardness and initial velocity. The hardness of the balls was measured as a deflection (in mm) under a load of 100 kg. The initial velocity (in m/sec.) of the balls was measured by a hitting test according to the USGA standard in which the balls were hit at a head speed of 38 m/sec. using a hitting machine of the flywheel type. The results are shown in Table 2.

-8-

## Table 2

| Example | 7 | 8* |
|---|---|---|
| **Core composition (pbw)** | | |
| Poly(cis-1,4-butadiene) rubber | 100 | 100 |
| Zinc acrylate | 32 | 32 |
| Zinc oxide | 21 | 21 |
| Antioxidant | 0.2 | 0.2 |
| Dicumyl peroxide | 1.5 | 1.5 |
| Pentachlorothiophenol zinc salt | 0.2 | - |
| **Ball properties** | | |
| Weight, g | 45.3 | 45.3 |
| Hardness | 2.30 | 2.32 |
| Initial velocity, m/sec. | 73.37 | 72.84 |

* outside the scope of the invention

As seen from Table 1, the golf balls of the invention are improved in initial velocity upon hitting and hence, in flying performance.

Although some preferred embodiments have been described, many modifications and variations may be made thereto in the light of the above teachings. It is therefore to be understood that within the scope of the appended claims, the invention may be practiced otherwise than as specifically described.

-9-

CLAIMS:

1.    A solid golf ball comprising a rubber composition containing a base rubber, an unsaturated carboxylic acid metal salt, and a sulfur compound selected from the group consisting of an organic sulfur compound and a metal-containing organic sulfur compound.

2.    The golf ball of claim 1 wherein said rubber composition contains

    100 parts by weight of the base rubber,

    about 25 to about 40 parts by weight of the unsaturated carboxylic acid metal salt, and

    about 0.05 to about 2 parts by weight of the sulfur compound.

3.    The solid golf ball of claim 1 which is a one-piece golf ball, the ball being formed of said rubber composition.

4.    The solid golf ball of claim 1 which is a multi-layered golf ball comprising a core and a cover enclosing the core, said core being formed of said rubber composition.

5.    The solid golf ball of claim 4 which is a two-piece ball wherein the core is directly enclosed in the cover.

6.    The solid golf ball of claim 4 which further includes an intermediate layer disposed between the core and the cover.

-10-

ABSTRACT OF THE DISCLOSURE

One-piece and multi-layered golf balls are improved in flying performance by forming the one-piece ball entirely or multi-layered golf ball core from a rubber composition comprising a base rubber, an unsaturated carboxylic acid metal salt, and an organic sulfur compound and/or a metal salt thereof.

**SOLE/JOINT**

# DECLARATION AND POWER OF ATTORNEY

As a below named inventor, I hereby declare that my residence, post office address and citizenship are as stated below next to my name: that I verily believe I am the original, first and sole inventor (if only one name is listed below) or a joint inventor (if plural names are listed below) of the subject matter claimed and for which a patent is sought in the application entitled:

which application is:    SOLID GOLF BALL

☒ the attached application    ☐ application Serial No. _____
*(for original application)*    filed _____ , and amended on _____
_____
*(for declaration not accompanying application)*

that I have reviewed and understand the contents of the specification of the above-identified application, including the claims, as amended by any amendment referred to above: that I acknowledge my duty to disclose information of which I am aware which is material to the examination of this application under 37 C.F.R. 1.56(a), i.e. such information where there is a substantial likelihood that a reasonable Examiner would consider it important in deciding whether to allow the application to issue as a patent: that I hereby claim foreign priority benefits under Title 35, United States Code §119, §172 or §365 of any foreign application(s) for patent or inventor's certificate listed below and have also identified on said list any foreign application for patent or inventor's certificate on this invention having a filing date before that of the application on which priority is claimed:

| Application Number | Country | Filing Date | Priority Claimed (yes or no) |
|---|---|---|---|
| 1-118460 | Japan | 5/11/1989 | Yes |

I hereby claim the benefit of Title 35, United States Code §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in a listed prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge my duty to disclose any material information under 37 C.F.R. 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| Application Serial No. | Filing Date | Status (patented, pending, abandoned) |
|---|---|---|
| | | |

I hereby appoint John H. Mion, Reg. No. 18,879, Donald E. Zinn, Reg. No. 19,046, Thomas J. Macpeak, Reg. No. 19,292, Robert J. Seas, Jr., Reg. No. 21, 092, Darryl Mexic, Reg. No. 23,063, Robert V. Sloan, Reg. No. 22,775, Peter D. Olexy, Reg. No. 24,513, J. Frank Osha, Reg. No. 24, 625, Waddell A. Biggart, Reg. No. 24,861, Robert G. McMorrow, Reg. No. 19,093, Louis Gubinsky, Reg. No. 24,835, Neil B. Siegel, Reg. No. 25,200, David J. Cushing, Reg. No. 28,703, John R. Inge, Reg. No. 26,916, Joseph J. Ruch, Jr., Reg. No. 26,577, Sheldon I. Landsman, Reg. No. 25,430, Richard C. Turner, Reg. No. 29,710, Howard L. Bernstein, Reg. No. 25,665, and Alan J. Kasper, Reg. No. 25,426, my attorneys to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith, and request that all correspondence about the application be addressed to SUGHRUE, MION, ZINN, MACPEAK & SEAS, 2002 Pennsylvania Avenue, N.W., Washington, D.C. 20037.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

Date April 6, 1990    First Inventor Yoshinori _____ EGASHIRA
    First Name    Middle Initial    Last Name
    Signature Yoshinori _____ Egashira

Residence Iruma-gun,

Citizenship Japanese    Post Office Address No. 646, Musashidai 7-chome, Hidaka-machi, Iruma-gun, Saitama-ken, JAPAN
Saitama-ken, JAPAN

Date April 6, 1990    Second Inventor Kazuyuki _____ TAKAHASHI
    First Name    Middle Initial    Last Name
    Signature Kazuyuki _____ Takahashi

Residence Yokohama-shi, Kanagawa-ken, JAPAN

Citizenship Japanese    Post Office Address No. 150-7, Kashio-cho, Totsuka-ku, Yokohama-shi, Kanagawa-ken, JAPAN

Date April 6, 1990        Third Inventor __Seisuke__ __Yu-co__ __TOMITA__
                                           First Name   Middle Initial   Last Name

Residence _Tokorozawa-shi_    Signature _Seisuke_              _Tomita_

_Saitama-ken, JAPAN_   Post Office Address _No. 3-7, Matsugaoka 1-chome, No. 151-15,_

Citizenship _Japanese_ _JPX_        _Kume, Tokorozawa-shi, Saitama-ken, JAPAN_

Date _____        Fourth Inventor _____ _____ _____
                                           First Name   Middle Initial   Last Name

Residence _____    Signature _____

_____              Post Office Address _____

Citizenship _____

Date _____        Fifth Inventor _____ _____ _____
                                           First Name   Middle Initial   Last Name

Residence _____    Signature _____

_____              Post Office Address _____

Citizenship _____

Date _____        Sixth Inventor _____ _____ _____
                                           First Name   Middle Initial   Last Name

Residence _____    Signature _____

_____              Post Office Address _____

Citizenship _____

Date _____        Seventh Inventor _____ _____ _____
                                           First Name   Middle Initial   Last Name

Residence _____    Signature _____

_____              Post Office Address _____

Citizenship _____

Date _____        Eighth Inventor _____ _____ _____
                                           First Name   Middle Initial   Last Name

Residence _____    Signature _____

_____              Post Office Address _____

Citizenship _____

(Supply similar information for ninth and subsequent joint inventors.)

Print Of Drawing
As Original Filed

FIG.1



FIG.2



075216180-2318
5-10-90
1001
K. Kageyamat et al
P. Wright
6-14-90
Priority
Paper
#2

日 本 国 特 許 庁
PATENT OFFICE
JAPANESE GOVERNMENT

付 の 書 類 は 下 記 の 出 願 書 類 の 謄 本 に 相 違 な い こ と を 証 明 す る 。
to certify that the annexed is a true copy of the following application as filed
Office.

年 月 日
Application:    １ ９ ８ ９ 年 ５ 月 １ １ 日

番 号
on Number:    平 成 １ 年 特 許 願 第 １ １ ８ ４ ６ ０ 号

人    株 式 会 社 ブ リ ヂ ス ト ン

１ ９ ９ ０ 年 ３ 月 １ ６ 日

特 許 庁 長 官
Commissioner,
Patent Office



吉 田 文 毅



出 証 平    ２ － １ ０ １ ９ ８

（14,000円）

## 特 許 願

平成1年5月11日

特許庁長官　吉　田　文　毅　殿

1．発明の名称

　　ソリッドゴルフボール

2．請求項の数　　　　　　1

3．発　明　者
　　住　　所　　埼玉県入間郡日高町武蔵台7丁目6の6
　　氏　　名　　江　頭　嘉　則　　　（他2名）

4．特許出願人
　　住　　所　　東京都中央区京橋一丁目10番1号
　　氏　　名　　（527）株式会社ブリヂストン
　　　　　　　　　　代表者　家　入　昭

5．代　理　人　〒104
　　住　　所　　東京都中央区銀座3丁目11番14号
　　　　　　　　ダパクリエートビル5階　電話（545）6454
　　氏　　名　　弁理士（7930）小　島　隆　司
　　　　　　　　　　　　　　　　　　　（他1名）

６．添付書類の目録
　　①　明　細　書　　　　　　１通
　　②　願　書　副　本　　　　　１通
　　③　委　任　状　　　　　　　１通

７．前記以外の発明者、代理人
　(1)　発　明　者
　　　住　　所　　神奈川県横浜市戸塚区柏尾町１５０－７
　　　氏　　名　　髙橋　一之

　　　住　　所　　埼玉県所沢市久米１５１－１５松が丘１－３－７
　　　氏　　名　　冨田　誠介

　(2)　代　理　人
　　　住　　所　　東京都中央区銀座３丁目１１番１４号
　　　　　　　　　ダパクリエートビル５階　電話（５４５）６４５４
　　　氏　　名　　弁理士（９５３２）　畑　中　芳　実

明　　細　　書

１．発明の名称

　　　ソリッドゴルフボール

２．特許請求の範囲

　　１．ワンピースゴルフボール又はカバー材で直接もしくは中間層を介して被覆した多層構造ゴルフボールの芯球を、基材ゴムと、不飽和カルボン酸の金属塩と、有機硫黄化合物及び／又は金属含有有機硫黄化合物とを含有するゴム組成物で形成したことを特徴とするソリッドゴルフボール。

３．発明の詳細な説明

<u>産業上の利用分野</u>

　　本発明は、飛び性能に優れたソリッドゴルフボールに関する。

<u>従来の技術及び発明が解決しようとする課題</u>

　　ソリッドゴルフボールには、完全一体成形のワンピースゴルフボールと芯球をカバーで被覆したツーピースゴルフボールと、更には芯球とカバー層との間に１層又は２層以上の中間層を有する多

- 1 -

層構造ゴルフボールとがある。

　これらのソリッドゴルフボールは、ゴム組成物を加硫成型して得られる弾性部分をその一部（多層構造ボールの芯球）又は全部（ワンピースゴルフボール）に有している。従来、このような弾性部分を形成するためのゴム組成物中には、ポリブタジエンゴム等の基材ゴムと共にボールの反撥係数及び耐衝撃性を向上させるために、α，β－エチレン系不飽和カルボン酸の金属塩等の不飽和結合を有するモノマーを共架橋剤として配合することが知られている。この共架橋剤は過酸化物等の共架橋開始剤の作用によって例えばポリブタジエンゴム主鎖にグラフト又は架橋し、ポリブタジエンと該モノマーとによる三次元架橋重合体を形成し、ワンピースゴルフボール又は多層構造ゴルフボールの芯球に適度な硬さと耐久性を付与するものであり、このような共架橋剤を配合したゴム組成物で形成したワンピースゴルフボール又は芯球をカバーで被覆した多層構造ソリッドゴルフボールは良好な飛び性能及び耐久性を示すことが知ら

- 2 -

れている。

　しかしながら、ゴルフプレーヤーのゴルフボールの飛び性能に対する要求は非常に強く、従って飛び性能の更なる向上が望まれている。

　本発明は、上記事情に鑑みなされたもので、更に飛び性能の向上したソリッドゴルフボールを提供することを目的とする。

<u>課題を解決するための手段及び作用</u>

　本発明者は、上記目的を達成するため鋭意検討を行なった結果、ポリブタジエンゴム等の基材ゴムに共架橋剤として不飽和カルボン酸の金属塩を配合したゴム組成物に対し、有機硫黄化合物及び／又は金属含有有機硫黄化合物を添加することにより、これを加硫して得られるゴム弾性体の反撥弾性が向上すること、またこのゴム組成物を用いてワンピースゴルフボール又は多層構造ソリッドゴルフボールの芯球を形成することにより、ボール打撃時の初速度が向上し、優れた飛び性能を示すソリッドゴルフボールが得られることを見い出し、本発明を完成したものである。

- 3 -

　従って、本発明は、ワンピースゴルフボール又はカバー材で直接もしくは中間層を介して被覆した多層構造ゴルフボールの芯球を、基材ゴムと、不飽和カルボン酸の金属塩と、有機硫黄化合物及び／又は金属含有有機硫黄化合物とを含有するゴム組成物で形成したことを特徴とするソリッドゴルフボールを提供する。

　以下、本発明につき更に詳しく説明する。

　本発明のソリッドゴルフボールは、上述したように、基材ゴムと不飽和カルボン酸の金属塩と有機硫黄化合物及び／又は金属含有有機硫黄化合物とを含有するゴム組成物でワンピースゴルフボール又は多層構造ソリッドゴルフボールの芯球を形成したものである。

　ここで、上記基材ゴムとしては、通常のワンピースゴルフボール又は多層構造ソリッドゴルフボールの芯球材料として使用されるものを用いることができ、特に制限されないが、シス構造を少なくとも４０％以上有する１，４－ポリブタジエンゴムが高反撥弾性、押出加工性、加硫物の高強度

- 4 -

化等の点から特に好ましく使用される。この場合、このような１，４－ポリブタジエンゴムに天然ゴム，ポリイソプレンゴム，スチレンブタジエンゴムなどを所望により適宜配合することができる。なお、１，４－ポリブタジエンゴムは基材ゴム成分中に８０重量％以上含有するようにすることが好ましく、これが８０重量％未満であるとポリブタジエンゴムが持つ優れた反撥弾性が損なわれる場合がある。

　また、上記不飽和カルボン酸の金属塩は共架橋剤として配合されるもので、その具体例としては、アクリル酸，メタクリル酸，マレイン酸，フマル酸等の炭素原子数３～８の不飽和脂肪酸の亜鉛塩やマグネシウム塩などが例示されるが、特にアクリル酸又はメタクリル酸の亜鉛塩が好適に使用される。これら不飽和カルボン酸の金属塩は、予め金属塩の形に調製したものを配合してもよいが、ゴム組成物中で$\alpha$，$\beta$－不飽和カルボン酸と金属酸化物又は金属水酸化物等とを反応させて金属塩とすることもできる。なお、この不飽和カルボン

- 5 -

酸の金属塩の配合量は特に限定されないが、上記
基材ゴム100重量部に対して25～40重量部
とすることが好ましい。

　本発明ソリッドゴルフボールの製造に用いられ
るゴム組成物は上記基材ゴム，共架橋剤に加えて
有機硫黄化合物及び／又は金属含有有機硫黄化合
物を配合したものである。ここで、有機硫黄化合
物としては、ペンタクロロチオフェノール，4－
t－ブチル－o－チオフェノール，4－t－ブチ
ルチオフェノール，2－ベンズアミドチオフェノ
ール等のチオフェノール類、チオ安息香酸等
のチオカルボン酸類、ジキシリルジスルフィド，
ジ（o－ベンズアミドフェニル）ジスルフィド，ア
ルキル化フェノールスルフィド等のスルフィド類
などが好適に用いられ、また金属含有有機硫黄化
合物としては、上記チオフェノール類、チオカル
ボン酸類の亜鉛塩などが好ましく使用される。こ
れらは1種を単独で使用しても、2種以上を組み
合せて使用してもよい。なお、これら化合物の
配合量は、上記基材ゴム100重量部に対して

－ 6 －

０．０５〜２重量部、特に０．１〜０．５重量部
とすることが好ましい。

　上記ゴム組成物には、共架橋開始剤を配合する
ことができる。この場合、共架橋開始剤としては、
過酸化物系のもの、例えばジクミルパーオキサイ
ドやt－ブチルパーオキシベンゾエート、ジ－t
－ブチルパーオキサイド，１，１－ビス（t－ブチ
ルパーオキシ）３，３，５－トリメチルシクロヘキ
サン等の有機過酸化物が好適に使用されるが、中
でもジクミルパーオキサイドが特に好ましく用い
られる。この共架橋開始剤の配合量は、基材ゴム
１００重量部に対して０．５〜３重量部、特に１
〜２．５重量部とすることが好ましい。更に、こ
のゴム組成物中には、酸化亜鉛、可塑化剤、老化
防止剤その他ワンピースゴルフボールや多層構造
ソリッドゴルフボールの芯球の製造に通常使用し
得る成分を必要により適宜配合することができる。

　本発明のソリッドゴルフボールは、上記ゴム組
成物を加熱等により加硫し、成型して、ワンピー
スゴルフボール又は多層構造ソリッドゴルフボー

ルの芯球を製造するものであるが、この場合、そ
製造法、条件等は通常の方法、条件とすることが
できる。

　なお、ツーピースボール等の多層構造ソリッド
ゴルフボールとする場合は、上記ゴム組成物で形
成した芯球にカバーを被覆するが、この場合カバ
ー材料としては、アイオノマー，サーリン，ポリ
エステル，ナイロン等の通常のカバー材料を好適
に使用し得る。

発明の効果

　本発明のソリッドゴルフボールは、上述した構
成としたことにより、飛び性能の更なる向上を達
成することができる。

　以下、実施例及び比較例を示し、本発明を具体
的に説明するが、本発明は下記の実施例に制限さ
れるものではない。なお、実施例、比較例に先立
ち、本発明ソリッドゴルフボールを構成するツー
ピースゴルフボール用ソリッドコア（芯球）を製
造し、その性能を従来のツーピースゴルフボール
用コアと比較した実験例を示す。

- 8 -

〔実験例〕

　第1表に示す配合成分を混合して6種のゴム組成物を調製した。これを金型を用い、155℃で20分間加硫して直径38．0mmのツーピースゴルフボール用ソリッドコアを製造した。次に、これらをUSGA方式に従い、フライホイール式の打撃試験機を用い、ヘッドスピード38m／secで打撃したときの初速度を測定した。結果を第1表に示す。

第 1 表

| 成 分 （重 量 部） | コ ア No. | | | | | |
|---|---|---|---|---|---|---|
| | 本発明コア | | | 比較コア | | |
| | 1 | 2 | 3 | 4 | 5 | 6. |
| コ シス1,4-ポリブタジエンゴム | 100 | 90 | 80 | 100 | 90 | 80 |
| ム シスポリイソプレンゴム | 0 | 10 | 20 | 0 | 10 | 20 |
| アクリル酸亜鉛 | 32 | 32 | 32 | 32 | 32 | 32 |
| 酸 化 亜 鉛 | 21 | 21 | 21 | 32 | 32 | 32 |
| 老 化 防 止 剤 | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 |
| ジクミルパーオキサイド | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 |
| ペンタクロロチオフェノールの亜鉛塩 | 0.2 | 0.2 | 0.2 | 0 | 0 | 0 |
| コ ア の 初 速 度 (m／s) | 73.32 | 73.11 | 72.80 | 72.95 | 72.67 | 72.30 |

- 10 -

　　第1表に示した結果より、ゴム組成物中に有機

硫黄化合物の金属塩であるペンタクロロチオフェ

ノールの亜鉛塩を配合することにより、コア性能

（打撃初速度）が向上することが確認された。

　〔実施例，比較例〕

　　第2表に示す配合成分を混合して2種類のゴム

組成物を調製し、これを金型を用い、155℃で

20分間加硫して直径38mmのツーピースゴルフ

ボール用ソリッドコアを2種類製造した。次いで、

これらのコアにアイオノマー樹脂を被覆形成して

直径42．7mmのツーピースゴルフボールを製造

した。

　　これらのゴルフボールをUSGA方式に従い、

フライホイール式の打撃試験機を用い、ヘッドス

ピード38m／secで打撃したときの初速度を測

定した。結果を第2表に示す。

- 11 -

第 2 表

| 成 分 （重量部） | 実施例 | 比較例 |
|---|---|---|
| シス１，４−ポリブタジエンゴム | 100 | 100 |
| アクリル酸亜鉛 | 32 | 32 |
| 酸 化 亜 鉛 | 21 | 21 |
| 老 化 防 止 剤 | 0.2 | 0.2 |
| ジクミルパーオキサイド | 1.5 | 1.5 |
| ペンタクロロチオフェノールの亜鉛塩 | 0.2 | — |

| ツーピースゴルフボールの物性 | 重 量 （g） | 45.3 | 45.3 |
|---|---|---|---|
| | ボール硬度 ＊ | 2.30 | 2.32 |
| | ボール初速度（m/s） | 73.37 | 72.84 |

＊ １００kg荷重をかけた時のたわみ量

第２表の結果より、本発明のゴルフボールはボール初速度が高く、飛び性能が向上したものであることが確認された。

出願人　　株式会社ブリヂストン

代理人　　弁理士　小 島 隆 司 （他１名）

- 12 -



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/521,618 | 05/10/90 | EGASHIRA | Y       023105 |

| EXAMINER |
|---|
| LIEBERMAN, A |

SUGHRUE, MION, ZINN, MACPEAK & SEAS
2100 PENNSYLVANIA AVE., N. W.
WASHINGTON, DC 20037

| ART UNIT | PAPER NUMBER |
|---|---|
| 151 | #3 |

DATE MAILED:
12/12/90

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☑ Claims _____1 — 6_____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _____1 — 6_____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☑ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☑ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTO-326 (Rev. 9-82)

Serial No. 521,618                                    -2-

Art Unit 151

15.  Claims 1-6 are rejected under 35 U.S.C. 112,
first and second paragraphs, as the claimed invention is not
described in such full, clear, concise and exact terms as to
enable any person skilled in the art to make and use the
same, and/or for failing to particularly point out and
distinctly claim the subject matter which applicant regards
as the invention.

Claims 1 and 3-6 are indefinite in their
failure to recite the proportions of the ingredients of the
solid golf ball in accordance with the written description of
the invention.  Note, for example, lines 8 and 9, page 4;
lines 24-26, page 4; and lines 1 and 2, page 5 of the
specification.  It seems evident that said written
description of the invention is inadequate to support claims
which are not limited in the manner discussed above.

Claims 1-6 should be limited to the type of
diene rubber disclosed as suitable in the specification, as
in lines 18-31, page 3.  It is seen that the performance in
the claimed solid golf ball made with the recited ingredients
could not be predicted if the rubber used in the golf ball
composition were, for example, a polyurethane elastomer.

Serial No. 521,618                                           -3-

Art Unit 151


          Claims 1-6 should be limited to the sulfur

compound which is disclosed as providing a measurable

difference in the golf balls made from the composition

containing it.  It seems evident that disclosure of the zinc

salt of pentachlorothiophenol does not provide sufficient

basis in the written description of the invention for claims

which read on any sulfur compound.

          Claims 1-6 fail to point out the invention

with the particularity required by 35 U.S.C. 112, as no golf

ball composition which does not contain a co-cross-linking

initiator is shown to be useful.  It is therefore seen that

the written description of the invention is inadequate to

support a claim which does not require the presence of such

an ingredient.

          16.  The following is a quotation of 35 U.S.C. 103
which forms the basis for all obviousness rejections set
forth in this Office action:

          "A patent may not be obtained though the
          invention is not identically disclosed or described
          as set forth in section 102 of this title, if the
          differences between the subject matter sought to be
          patented and the prior art are such that the
          subject matter as a whole would have been obvious
          at the time the invention was made to a person
          having ordinary skill in the art to which said
          subject matter pertains.  Patentability shall not
          be negatived by the manner in which the invention
          was made.

Serial No. 521,618                                    -4-

Art Unit 151


        Subject matter developed by another person,
which qualifies as prior art only under subsection
(f) and (g) of section 102 of this title, shall not
preclude patentability under this section where the
subject matter and the claimed invention were, at
the time the invention was made, owned by the same
person or subject to an obligation of assignment to
the same person.

        Claims 1 and 3-6 are rejected under 35 U.S.C.

103 as being unpatentable over Isaac.

        In view of the fact that claims 1 and 3-6

require the presence of a negligible amount of sulfur

compound because of their failure to recite the quantities of

ingredients present, claims 1 and 3-6 are unpatentable over

Isaac.  Isaac is representative of the prior art solid golf

ball prepared from a composition comprising a diene rubber, a

metal salt of an unsaturated carboxylic acid and a free

radical initiator.  In view of the prior art teachings as

represented by Isaac, one of ordinary skill in the art would

have been motivated to prepare a solid golf ball which is not

patentably distinct from the golf ball of claims 1 and 3-6.

        17.  The remaining cited references serve to

further show the state of the art.


A. Lieberman:cdc
(703) 308-2351
12-6-90

ALLAN M. LIEBERMAN
PATENT EXAMINER
GROUP 150 - ART UNIT 151

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 524,618 | GROUP ART UNIT 1511 | ATTACHMENT TO PAPER NUMBER 3 |
|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) Egashira et al | | |

**U.S. PATENT DOCUMENTS**

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 3 8 3 4 4 2 1 | 4/74 | Alex et al | 293 | 218 | |
| B | | 4 0 7 6 2 6 3 | 2/78 | Moore et al | 273 | 218 | |
| C | | 4 9 8 8 0 6 0 | 8/83 | Kataoka et al | 57 | 206 | |
| D | | 4 7 7 0 4 2 2 | 9/88 | Isaac | 524 | 908 | |
| E | | | | | | | |
| F | | | | | | | |
| G | | | | | | | |
| H | | | | | | | |
| I | | | | | | | |
| J | | | | | | | |
| K | | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG / PP. SPEC. |
|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | |
| M | | | | | | | | |
| N | | | | | | | | |
| O | | | | | | | | |
| P | | | | | | | | |
| Q | | | | | | | | |

**OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)**

| R | |
|---|---|
| S | |
| T | |
| U | |

| EXAMINER | DATE 12/1/90 |
|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

*151*

**PATENT APPLICATION**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE RECEIVED: GROUP 150

...e application of

1991 APR 19 PM 3: 55

Yoshinori EGASHIRA et al

Filed: May 10, 1990

Group Art Unit: 151

Examiner: Lieberman, A.

For:

**PETITION FOR EXTENSION OF TIME UNDER 37 CFR
§1.136 AND AUTHORIZATION FOR PAYMENT OF FEE
UNDER 37 CFR §1.17**

Honorable Commissioner of
    Patents and Trademarks
Washington, D.C. 20231

Sir:

Pursuant to 37 CFR §1.136, Applicant hereby petitions for an

extension of time of one month, extending the time for responding

to the Office Action of December 12, 1990, to April 12, 1991.

Please charge $100.00 to Deposit Account No. 19-4880 for the

extension of time fee or any other fees necessary for the continued

pendency of this application. A duplicate copy of this sheet is

enclosed. Please charge any additional fees or credit any

overpayment to Deposit Account No. 19-4880.

Respectfully submitted,

Mark Boland
Registration No. 32,197

SUGHRUE, MION, ZINN,
    MACPEAK & SEAS
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-3202
(202) 293-7060

Date: April 12, 1991

LA10141  04/17/91  07521618        19-4880  010  115      100.00CH

PATENT APPLICATION

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of

Yoshinori EGASHIRA et al

Serial No: 07/521,618

Filed: May 10, 1990

Group Art Unit 151

Examiner: Lieberman, A.

SUBMISSION OF DECLARATION

Honorable Commissioner of
    Patents and Trademarks
Washington, D.C. 20231

Sir:

   Submitted herewith is an executed Declaration of Yoshinori

Egashira.

Respectfully submitted,

Mark Boland
Registration No. 32,197

SUGHRUE, MION, ZINN,
    MACPEAK & SEAS
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-3202
(202) 293-7060

Date: April 12, 1991

IN THE U.S. PATENT AND TRADEMARK OFFICE

*RECEIVED: GROUP 150*
*1991 APR 19 PM 3:55*

APPLICANT:            Yoshinori EGASHIRA et al

SERIAL No.:           07/521,618

FILED:                May 10, 1990

FOR:                  SOLID GOLF BALL

GROUP:                151

EXAMINER:             LIEBERMAN, A

*[MAIL ROOM APR 12 1991 PAT. & TRADEMARK stamp]*

## DECLARATION

Honorable Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir,

    I, Yoshinori EGASHIRA, a citizen of Japan
and a resident of No. 6－6, Musashidai 7－chome,
Hidaka－machi, Iruma－gun, Saitame－ken, Japan
do hereby declare that:

    1.  I was graduated from Kurume College
of Technology in March, 1975.  Since April,
1975, I have conducted in Bridgestone
Corporation, the assignee of the above－
identified application, research and development
in the field of golf balls.

— 1 —

2.  I am one of the named inventors of the above-identified patent application and hence, am familiar with the subject matter disclosed in said application.

3.  In order to show the effect of the present invention on a two-piece solid golf ball, I conducted the following experiments.

[Experiment]

Rubber compositions were prepared by blending the ingredients shown in Table 1.  Two-piece golf ball solid cores having a diameter of 38 mm were prepared by molding the composition in a mold and vulcanizing at 155℃ for 20 minutes.  An inonomer resin composition was applied to the cores to form a cover thereon.  There were obtained two-piece golf balls having a diameter of 42.7 mm.

The balls were measured for weight, hardness and initial velocity.  The hardness of the balls was measured as a deflection (in mm) under a load of 100 kg.  The initial velocity (in m/sec.) of the balls was measured by a hitting test according to the USGA standard in which the balls were hit at a head speed of 38 m/sec. using a hitting machine of the flywheel

— 2 —

type.   The results are shown in Table 1.

As recognized from the results of Table 1, various organic sulfur compounds including thiophenols, thiocarboxylic acids and sulfides can give improved initial velocity.

Table 1

|  | No. 1 | No. 2 | No. 3 | No. 4 |
|---|---|---|---|---|
| Core composition (pbw) | | | | |
| Poly(cis—1,4—butadiene)rubber | 100 | 100 | 100 | 100 |
| Zinc acrylate | 32 | 32 | 32 | 32 |
| Zinc Oxide | 21 | 21 | 21 | 21 |
| Antioxidant | 0.2 | 0.2 | 0.2 | 0.2 |
| Dicumyl peroxide | 1.5 | 1.5 | 1.5 | 1.5 |
| Pentachlorothiophenol zinc salt | 0.2 | — | — | — |
| 2—benzamidothiophenol | — | 0.2 | — | — |
| Thiobenzoic acid | — | — | 0.2 | — |
| Pentachlorothiophenol | — | — | — | 0.2 |
| Ball properties | | | | |
| Weight, g | 45.3 | 45.3 | 45.3 | 45.3 |
| Hardness | 2.30 | 2.38 | 2.40 | 2.28 |
| Initial velocity, m/sec. | 73.37 | 73.10 | 73.05 | 73.32 |

— 3 —

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Dated this 25th day of March, 1991

Yoshinori  EGASHIRA

-4-

RECEIVED: GROUP 150

1991 APR 19 PM 3: 55

**PATENT APPLICATION**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

~~re~~ application of

Yoshinori EGASHIRA et al

~~████████████████~~

Filed:   May 10, 1990

For:   ~~████GOLF BALL████~~

Group Art Unit:   151

Examiner:   Lieberman, A.

**AMENDMENT**

Honorable Commissioner of
    Patents and Trademarks
Washington, D.C. 20231

Sir:

This Amendment is in response to the Office Action dated December 12, 1990 in the above-identified application and is accompanied by a Petition for a One-Month Extension of Time.

Please amend the application as follows:

IN THE CLAIMS:

1.   (Amended)  A solid golf ball comprising a rubber composition containing 100 parts by weight of a base rubber selected from the group consisting of polybutadiene rubber, natural rubber, polyisoprene rubber and styrene-butadiene rubber, about 25 to about 40 parts by weight of an unsaturated carboxylic acid metal salt, [and] about 0.05 to about 2 parts by weight of a sulfur compound selected from the group consisting of an organic sulfur

AMENDMENT                                      PATENT APPLICATION
USSN 07/521,618

compound and a metal-containing organic sulfur compound, and about
0.5 to about 3 parts by weight of an organic peroxide.

Cancel claim 2, the subject matter thereof having been
incorporated into claim 1.

Please add the following claims:

Claim 7. The golf ball of claim 1, wherein said base rubber
is a polybutadiene rubber.

Claim 8. The solid golf ball of claim 6, wherein said
polybutadiene rubber is a poly(1,4-butadiene)
rubber containing at least 40 mol% of cis-1,4 bond.

Claim 9. The solid golf ball of claim 7, wherein said poly(1,4-
butadiene) rubber contains at least 80 to 100 mol%
of cis-1,4 bond.

Claim 10. The golf ball of claim 8, wherein said base rubber
comprises at least 80% by weight of said poly(1,4-
butadiene) rubber.

Claim 11. The solid golf ball of claim 9, wherein said poly(1,4-
butadiene) rubber is blended with a natural rubber,
a polyisoprene rubber or a styrene-butadiene rubber.

- 2 -

AMENDMENT                                    PATENT APPLICATION
USSN  07/521,618

Claim 12.  The *solid* golf ball of claim 1, wherein said unsaturated
           carboxylic acid metal salt is a zinc or magnesium
           salt of an unsaturated fatty acid having 3 to 8
           carbon atoms.

Claim 13.  The golf ball of claim 1, wherein said organic
           sulfur  compound  is  selected  from  the  group
           consisting of thiophenols, thiocarboxylic acids,
           and sulfides.

Claim 14.  The *solid* golf ball of claim 13, wherein said thiophenol
           is  selected  from  the  group  consisting  of
           pentachlorothiophenol, 4-t-butyl-o-thiocresol, 4-t-
           butyl-p-thiocresol, and 2-benzamidothiophenol.

Claim 15.  The *solid* golf  ball  of  claim  13,  wherein  said
           thiocarboxylic acid is thiobenzoic acid.

Claim 16.  The solid golf ball of claim 13, wherein said
           sulfide is selected from the group consisting of
           dixylyl sulfide, di(o-benzamidophenyl) disulfide
           and alkylated phenol sulfides.

Claim 17.  The golf ball of claim 13, wherein said metal-
           containing organic sulfur compound is selected from

- 3 -

AMENDMENT                                    PATENT APPLICATION
USSN  07/521,618

zinc salts of said thiophenols and thiocarboxylic
acids.

Claim 11. The solid golf ball of claim 1, wherein said sulfur
compound is blended in an amount of from about 0.1
to about 0.5 parts by weight.

Claim 12. The solid golf ball of claim 1, wherein said organic
peroxide is selected from the group consisting of
dicumyl peroxide, t-butylperoxybenzoate, di-t-
butylperoxide, 1,1-bis(t-butylperoxy)-3,3,5-
trimethyl-cyclohexane, n-butyl-4,4-bis(t-
butylperoxy)valerate, 2,2'-bis(t-butylperoxy-
isopropyl)benzene, and 2,5-dimethyl-2,5-di(t-
butylperoxy)hexane.

Claim 13. The solid golf ball of claim 1, wherein said rubber
composition further comprises a filler.

## REMARKS

Review and reconsideration on the merits are respectfully
requested.

Claim 1 has been amended as shown. Support for the Markush
group of base rubbers is found on page 3 of the specification,

- 4 -

AMENDMENT                                    PATENT APPLICATION
USSN  07/521,618

lines 20-27.  Support for the 100 parts by weight of the base

rubber is found on page 4 of the specification lines 9-10.  Support

for the amount of unsaturated carboxylic acid metal salt is found

on page 4 of the specification, lines 6-10.  Support for the amount

of sulfur compound is found on page 4 of the specification lines

24-26.  Support for the amounts of base rubber, unsaturated

carboxylic acid metal salt and the sulfur compound is also found in

canceled claim 2.  Support for the amount of organic peroxide is

found on page 5 of the specification, lines 1-3.  No new matter has

been added.

Dependent claims 7-20 have been added which are directed to

preferred aspects of the invention.

Entry of the aforementioned amendments is respectfully

requested.

In paragraph 15 of the Office Action, claims 1-6 stand

rejected under 35 U.S.C. §112, first and second paragraphs.  The

individual grounds for this rejection are set forth separately

below:

> (1)  The Examiner states that claims 1 and 3-6
> are indefinite in their failure to recite the
> proportions of the ingredients of the solid
> golf ball in accordance with the written
> description of the invention.

- 5 -

AMENDMENT                                    PATENT APPLICATION
USSN  07/521,618

Claim 1 as amended recites proportions for all of the recited

ingredients.

>    (2)  The Examiner states that claims 1-6
>    should be limited to the type of diene rubber
>    disclosed as suitable in the specification
>    (page 3, lines 18-31).  The Examiner further
>    states that performance of the claimed solid
>    golf ball made with the recited ingredients
>    could not be predicted if the rubber used in
>    the golf ball composition was, for example,
>    polyurethane elastomer.

Claim 1 as amended now recites that a base rubber is selected

from the group consisting of polybutadiene rubber, natural rubber,

polyisoprene rubber and styrene-butadiene rubber as found on

page 3, lines 18-31 of the specification.

>    (3)  The Examiner states that claims 1-6
>    should be limited to the sulfur compound which
>    is disclosed as providing a measurable
>    difference in the golf balls made from the
>    composition containing it.    The Examiner
>    further states that it seems evident that
>    disclosure of the zinc salt of
>    pentachlorothiophenol does not provide
>    sufficient basis in the written description of
>    the invention for claims which read on any
>    sulfur compound.

This ground of the rejection is respectfully traversed.

An enabling disclosure appears in the specification at page

14, lines 15-23 which recites various types of sulfur compounds and

specific examples thereof.  Based on the disclosure as a whole, one

- 6 -

AMENDMENT                                   PATENT APPLICATION
USSN  07/521,618

of ordinary skill in the art would easily see that that various
sulfur compounds disclosed in the specification would give results
on a par with those in the working examples.    There is no legal
requirement to use each specific compound in a working example.

Furthermore, the Declaration of Mr. Yoshinori Egashira under
§1.132, submitted herewith, shows that similar results are obtained
when  other  sulfur  compounds  are  employed  in  addition  to
pentachlorothiophenol.  The Declaration demonstrates that various
organic sulfur compounds including thiophenols, thiocarboxylic
acids and sulfides can give improved velocity.  All the examples in
Table 1 of the Declaration demonstrate an improved initial
velocity.

In view of the above, withdrawal of this ground of the
rejection is respectfully requested.

> (4)  The Examiner states that claims 1-6 fail
> to point out the invention with particularity
> as no golf ball composition which does not
> contain a co-crosslinking initiator is shown
> to be useful.

Claim 1 as amended now recites the presence of a co-
crosslinking initiator, i.e., an organic peroxide.

- 7 -

AMENDMENT                                    PATENT APPLICATION
USSN  07/521,618

In view of the foregoing, each of the specific grounds of the rejection under 35 U.S.C. §112 is deemed to have been overcome. Withdrawal is requested.

In paragraph 16 of the Office Action, claims 1 and 3-6 stand rejected under 35 U.S.C. §103 as being unpatentable over Isaac. For convenience, the Examiner's reasoning is set forth below.

> The Examiner states that in view of the fact that claims 1 and 3-6 require the presence of a negligible amount of sulfur compound because of their failure to recite the quantities of the ingredients present, claims 1 and 3-6 are unpatentable over Isaac. The Examiner further states that Isaac is representative of the prior art solid golf ball prepared from a composition comprising a diene rubber, a metal salt of an unsaturated carboxylic acid and a free radical initiator. The Examiner concludes that in view of the prior art teachings as represented by Isaac, one of ordinary skill in the art would have been motivated to prepare a solid golf ball which is not patentably distinct from the golf ball of claims 1 and 3-6.

This rejection is traversed with respect to claim 1, as amended.

Isaac fails to disclose or suggest a sulfur compound selected from the group consisting of an organic sulfur compound and a metal-containing organic sulfur compound as recited in Applicant's

- 8 -

AMENDMENT                                    PATENT APPLICATION
USSN  07/521,618

now amended claim 1, and, therefore, fails to disclose or suggest

the present invention.  Thus, a prima facie case of obviousness has

not been set forth.

Claim 1 as amended includes the quantities of the ingredients

in the golf ball of Applicant's claim 1.  Therefore, in light of

the fact that a rejection was not sustained over claim 2 which

recites such amounts, claim 1 which now recites the required

amounts, along with dependent claims 3-20, are considered to be in

condition for allowance.

Accordingly, withdrawal of the outstanding rejection under

§103 is respectfully requested.

Early indication of allowability is respectfully requested.

Should any minor points remain prior to issuance of a Notice of

Allowance, the Examiner is requested to telephone the undersigned

at the below listed telephone number.

Respectfully submitted,

SUGHRUE, MION, ZINN,                  _Mark Boland_
MACPEAK & SEAS                        Mark Boland
2100 Pennsylvania Avenue, N.W.        Registration No. 32,197
Washington, D.C. 20037-3202
(202) 293-7060

Date:  April 12, 1991

- 9 -



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/521,618 | 05/10/90 | EGASHIRA | Y | 02-146? |

| LEE,Y | EXAMINER |
|---|---|

SUGHRUE, MION, ZINN, MACPEAK & SEAS
2100 PENNSYLVANIA AVE., N. W.
WASHINGTON, DC 20037

| ART UNIT | PAPER NUMBER |
|---|---|
| 139 | 7 |

DATE MAILED: 07/08/91

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined  ☑ Responsive to communication filed on _____  ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _3_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☑ Claims _1 and 3-20_ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☑ Claims _2_ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _1 and 3-20_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

BEST COPY

Serial No. 390907                                          -2-

Art Unit    1598

Claims 1 and 3-20 are rejected under 35 U.S.C. § 103 as
being unpatentable over Isaac or Kakiuchi in view of Tominaga.

Isaac (column 2, lines 41-49) or Kakiuchi (abstract and
Examples 1-6) disclose a composition for golf balls comprised of
polybutadiene, an unsaturated carboxylic acid metal salt and an
organic peroxide. The composition of the primary references
differ from the instant invention in that it lacks a sulfur
compound. However, Tominaga (column 1, lines 31-50) teaches that
golf balls made of a composition containing a polysulfide
compound have improved rebound performance as well as hardness
and durability. Thus, it would have been obvious to one of
ordinary skill in the art to incorporate the polysulfide compound
of Tominaga into the composition of the primary references for
the purpose of making golf balls having improved rebound
performance as well as hardness and durability.

The following is a quotation of the appropriate paragraphs
of 35 U.S.C. § 102 that form the basis for the rejections under
this section made in this Office action:

A person shall be entitled to a patent unless --
(b) the invention was patented or described in a printed
publication in this or a foreign country or in public use or
on sale in this country, more than one year prior to the
date of application for patent in the United States.

Claims 1, 3-20 are rejected under 35 U.S.C. § 102(b) as
being anticipated by Tominaga.

Tominaga (Table 1-3) discloses a composition for golf balls
comprised of polybutadiene, an unsaturated carboxylic acid metal

Serial No. 398903                              -3-

Art Unit    159B

salt, a polysulfide compound and an organic peroxide. The instant

invention clearly reads on the Tominaga reference, and thus lacks

novelty.

Any inquiry concerning this communication should be directed

to Yong S. Lee at telephone number (703) 308-4354.

PAUL R. MICHL

SUPERVISORY PATENT EXAMINER

ART UNIT 156

Yong S. Lee

June 27, 1991

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 07/521618 | GROUP ART UNIT | ATTACHMENT TO PAPER NUMBER 7 |
|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) Egashira et al. | | |

### U.S. PATENT DOCUMENTS

| * | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| A | 4683257 | 7-87 | Kakiuchi et al. | 524 | 908 | |
| B | 4556220 | 12-85 | Tomina et al. | 524 | 908 | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |
| F | | | | | | |
| G | | | | | | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | |
| M | | | | | | | | |
| N | | | | | | | | |
| O | | | | | | | | |
| P | | | | | | | | |
| Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER Yong S. Lee | DATE 6-27-91 |
|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)



PATENT APPLICATION

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

#B/B/
10-10-91

In re the Application of          :
                                  :
Yoshinori EGASHIRA et al          :
                                  :
Application No:    07/521,618     :      Group Art Unit:  159
                                  :
Filed:    May 10, 1990            :      Examiner:  Y. Lee
                                  :
For: SOLID GOLF BALL              :

D.G.
10-11-91

**AMENDMENT UNDER 37 C.F.R. 1.115**

RECEIVED
OCT 08 1991
GROUP 150

Hon. Commissioner of Patents
    and Trademarks
Washington, D.C.  20231

Sir:

This Amendment is in response to the Office Action dated
July 8, 1991, in the above-identified application, to which a
response is due on or before October 8, 1991.

Please amend the application as follows:


<u>IN THE CLAIMS:</u>

Claim 1.  (Twice Amended)   A solid golf ball comprising a
rubber composition containing 100 parts by weight of a base rubber
selected from the group consisting of polybutadiene rubber, natural
rubber, polyisoprene rubber and styrene-butadiene rubber, about 25
to about 40 parts by weight of an unsaturated carboxylic acid metal
salt, about 0.05 to about 2 parts by weight of a sulfur compound
selected from the group consisting of [an organic sulfur compound,]
<u>thiophenols and metal salts thereof, and thiocarboxylic acids and
metal salts thereof,</u> [and a metal-containing organic sulfur
compound,] and about 0.5 to about 3 parts by weight of an organic
peroxide.

AMENDMENT UNDER 37 C.F.R. 1.115
U.S. Appln. No. 07/521,618

Please cancel claims 13 and 16, without prejudice or disclaimer.

In claim 14, please delete "13" and insert --1--.

In claim 15, please delete "13" and insert --1--.

Claim 17. (Once Amended) The *solid ball* golf claim of claim [13] 1, wherein said [metal-containing organic sulfur compound is selected from] metal is zinc [salts of said thiophenols and thiocarboxylic acids].

### REMARKS

Review and reconsideration on the merits are respectfully requested.

Claim 1 has been amended as shown. Support for the amendment is found in canceled claims 13 and 16. The dependency of claims 14, 15 and 17 have been amended due to the cancellation of claims 13 and 16. No new matter has been added. Entry is requested.

On page 2 of the Office Action, claims 1 and 3-20 stand rejected under 35 U.S.C. §103 as being unpatentable over Isaac or Kakiuchi in view of Tominaga. For convenience, the Examiner's reasoning is set forth below.

Isaac (col. 2, lines 41-49) or Kakiuchi (abstract and Examples 1-6) disclose a composition for golf balls comprised of polybutadiene, an unsaturated carboxylic acid metal salt and an organic peroxide. The composition of the primary references differ from the instant invention in that it lacks a sulfur compound. However, Tominaga (col. 1, lines 31-50) teaches that golf balls made of a composition containing a polysulfide compound have improved rebound performance as well as hardness and durability. Thus, it would have been obvious to one of

- 2 -

AMENDMENT UNDER 37 C.F.R. 1.115
U.S. Appln. No. 07/521,618

ordinary skill in the art to incorporate the polysulfide compound of Tominaga into the composition of the primary references for the purpose of making golf balls having improved rebound performance as well as hardness and durability.

This rejection is respectfully traversed. Isaac or Kakiuchi, alone or in combination with Tominaga, do not disclose or suggest the present invention.

Isaac discloses a composition for making golf ball products which contain polybutadiene crosslinked by zinc diacrylate and the use of a free radical initiator. However, Isaac fails to disclose or suggest a sulfur compound as recited in Applicants' claim 1 as admitted by the Examiner. Further, there is no suggestion or incentive for one skilled in the art to use the teachings of Isaac to prepare a solid golf ball comprising a sulfur compound taught by the present invention.

Moreover, Kakiuchi does not disclose or suggest the present invention.

Kakiuchi discloses a solid golf ball comprising a polybutadiene, a crosslinking agent such as acrylic and methacrylic acid, an inorganic filler and an organic peroxide. However, Kakiuchi does not disclose or suggest a sulfur compound as recited in Applicants' claim 1 as admitted by the Examiner.

In addition, the secondary reference, Tominaga, does not disclose or suggest the present invention or supply the deficiencies of the primary references.

- 3 -

AMENDMENT UNDER 37 C.F.R. 1.115
U.S. Appln. No. 07/521,618

Tominaga teaches a solid golf ball comprising polybutadiene, metal salts of unsaturated carboxylic acid (e.g., zinc sulfur acrylate acid) and dicumyl peroxide, in addition to a polysulfide compound.    However, Tominaga is restricted to certain sulfur compounds.

In the Background of the Invention section, Tominaga discloses that moderate hardness and durability are sought as well as a remarkably improved rebound performance (column 1, lines 31-35). However, previously, only moderate hardness and durability were achieved because a composition containing a monomer such as the metallic salt of an α,δ-ethylenic unsaturated carboxylic acid, upon reaching a chain length which is too long, has a reduced rebound performance which also results when polybutadine rubber is blended with other polymers (column 1, lines 19-30).  Therefore, Tominaga discloses restricting its composition to certain sulfur compounds because it was found that "one group of sulfide compounds has a very superior performance as an agent for regulating the molecular weight of the grafted chain" (column 1, lines 36-40).  The working examples of Tominaga also support the use of only certain sulfur agents.    Thus, the sulfur agents for regulating the molecular weight are selected from the group consisting of 2-(4-morpholinyldithio)benzothiazole,    4,4'-dithio-bis-dimorpholine, dipentamethylenethiuram tetrasulfide and derivatives thereof (Summary of the Invention, column 1, lines 43-50).

- 4 -

AMENDMENT UNDER 37 C.F.R. 1.115
U.S. Appln. No. 07/521,618

Notably, sulfur agents taught in Tominaga differ from those recited in Applicants' amended claim 1 since Applicants recite thiophenols and metal salts thereof and thiocarboxylic acids and metal salts thereof. Thus, Tominaga does not disclose or suggest a solid golf ball with the components as recited in Applicants' claim 1 and, furthermore, a combination with the primary references, even if proper, would not disclose or suggest the present invention or render the present invention obvious.

An essential aspect of the present invention is the incorporation of a specific sulfur compound as recited in Applicants' now amended claim 1. None of the references, alone or in combination, disclose or suggest this feature. Thus, a *prima facie* case of obviousness has not been set forth. In the alternative, even if a *prima facie* case of obviousness could be alleged, the comparative experimentation in the present specification (see Tables 1 and 2 on pages 7-8) as well as the data in the Declaration filed on April 12, 1991 illustrate the unexpectedly superior results achieved by the present invention upon the use of the specific sulfur compounds recited in Applicants' claim 1, in particular with respect to improved initial velocity and flying performance.

Accordingly, withdrawal of the outstanding rejection under §103 is respectfully requested.

- 5 -

AMENDMENT UNDER 37 C.F.R. 1.115
U.S. Appln. No. 07/521,618

On page two of the Office Action, claims 1 and 3-20 stand rejected under 35 U.S.C. §102(b) as anticipated by Tominaga. For convenience, the Examiner's reasoning is set forth below.

> Tominaga (Table 1-3) discloses a composition for golf balls comprised of polybutadiene, an unsaturated carboxylic acid metal salt, a polysulfide compound and an organic peroxide. The instant invention clearly reads on the Tominaga reference, and thus lacks novelty.

This rejection is respectfully traversed.

As argued above, Tominaga does not disclose or suggest the present invention. In order for the present invention to be anticipated by the Tominaga reference, each and every aspect of the present invention must be taught or suggested in the reference. Tominaga does not disclose or suggest the particular sulfur compounds recited in Applicants' claim 1. Tominaga is restricted to specific sulfur compounds. Applicants' claim 1 does not read on or overlap with the sulfur compounds taught by Tominaga.

Furthermore, for this reason, Tominaga does not render the present invention obvious. Tominaga does not teach or suggest the sulfur compounds recited in Applicants' claim 1 nor appreciate the unexpectedly superior results achieved by the use of these compounds since Tominaga is restricted to very particular sulfur compounds to achieve a specific goal.

Accordingly, withdrawal of the outstanding rejection under §102(b) is respectfully requested.

- 6 -

AMENDMENT UNDER 37 C.F.R. 1.115
U.S. Appln. No. 07/521,618

All claims should now be in condition for allowance. Early indication of allowability is respectfully requested. Should any minor points remain prior to issuance of a Notice of Allowance, the Examiner is requested to telephone the undersigned at the below listed telephone number.

Respectfully submitted,

Mark Boland
Reg. No. 32,197

SUGHRUE, MION, ZINN, MACPEAK
  & SEAS
2100 Pennsylvania Avenue, N.W.
Washington, D.C.   20037
(202) 293-7060

Date:  October 8, 1991

- 7 -



**UNITED STA    DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/521,618 | 05/10/90 | EGASHIRA | Y | Q23105 |

SUGHRUE, MION, ZINN; MACPEAK & SEAS
2100 PENNSYLVANIA AVE., N. W.
WASHINGTON, DC 20037

| EXAMINER |
|---|
| LEE, Y |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1511 | 9 |

DATE MAILED:    12/11/91

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined  ☑ Responsive to communication filed on 10-8-91  ☑ This action is made final.

A shortened statutory period for response to this action is set to expire **3** month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐

**Part II   SUMMARY OF ACTION**

1. ☑ Claims _____1, 3-12, 14-15 and 17-20_____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _____1, 3-12, 14-15 and 17-20_____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

Serial No. 07/521618                        -2-

Art Unit    1511

The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.

> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

Claims 1, 3-12, 14-15 and 17-20 are rejected under 35 U.S.C.

§ 103 as being unpatentable over Tominaga or Isaac or Kakiuchi in

view of Verhanc et al.

Each of the above primary references discloses a composition

for golf balls comprised of polybutadiene, an unsaturated

carboxylic acid metal salt and an organic peroxide. See Isaac

(column 2, lines 41-49); Kakiuchi (abstract and Examples);

Tominaga (Tables 1-3). The composition of the above primary

references differs from the instant invention in that it lacks a

sulfur compound as recited in the instant claims. Verhanc et al.

(column 1, lines 31 through column 2, line 13 and claim 1),

however, teach that the processability of elastomers (e.g.,

polybutadiene) is improved when a zinc salt of an aromatic

Serial No. 07/521618                    -3-

Art Unit   1511


mercaptan of the benzene and naphthalene series is incorporated

into said elastomers. Thus, it would have been obvious to one of

ordinary skill in the art to incorporate the zinc salt of an

aromatic mercaptan of the benzene and naphthalene series of the

secondary reference into the composition of the primary

references for the purpose of obtaining the advantages as set

forth in the secondary reference.

Applicant's amendment necessitated the new grounds of

rejection. Accordingly, THIS ACTION IS MADE FINAL. See M.P.E.P.

§ 706.07(a). Applicant is reminded of the extension of time

policy as set forth in 37 C.F.R. § 1.136(a). The practice of

automatically extending the shortened statutory period an

additional month upon the filing of a timely first response to a

final rejection has been discontinued by the Office. See 1021

TMOG 35.

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.

Any inquiry concerning this communication should be directed

to Yong S. Lee at telephone number (703) 308-4354.

Serial No. 07/521618                                    -4-

Art Unit   1511

Yong S. Lee
November 22, 1991

PAUL R. MICHL
SUPERVISORY PATENT EXAMNINER
ART UNIT 156

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 07/52164 | GROUP ART UNIT 1571 | ATTACHMENT TO PAPER NUMBER | 9 |
|---|---|---|---|---|---|

### NOTICE OF REFERENCES CITED

APPLICANT(S) Egashira et al.

#### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 2 4 6 7 7 8 9 | 4-49 | Verbane et al. | 524 | 382 | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

#### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

#### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER Tong S. Lee | DATE 11-22-91 |
|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

BOX AF

110. ~115

PATENT APPLICATION

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED

APR 20 1992

GROUP 150

In re the Application of:

EGASHIRA et al

Application No: 07/521,618

Filed: May 10, 1990

For: SOLID GOLF BALL

Group Art Unit: 1511

Examiner: Lee, Y.

PETITION FOR EXTENSION OF TIME UNDER 37 C.F.R. §1.136

Honorable Commissioner of
    Patents and Trademarks
Washington, D.C. 20231

Sir:

Pursuant to 37 C.F.R. §1.136, Applicants hereby petition for an extension of time of one month, extending the time for responding to the Office Action dated December 11, 1991 to April 13, 1992 (since April 11, 1992 is a Saturday).

A check for the statutory fee of $110.00 is attached. Please charge any additional fees under 37 C.F.R. §1.16 or §1.17 necessary to keep this application pending in the Patent and Trademark Office or credit any overpayment to Deposit Account No. 19-4880. A duplicate copy of this sheet is enclosed.

Respectfully submitted,

060 MC 04/16/92 07521618
SUGHRUE, MION, ZINN,
    MACPEAK & SEAS
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-3202
(202) 293-7060

Mark Bolding
Registration No. 32,197

Date: April 13, 1992



IN THE U.S. PATENT AND TRADEMARK OFFICE

# 11/8m
/04.22%

APPLICANT :      Yoshinori EGASHIRA et al

SERIAL NO.:      07/521,618

FILED:        May 10, 1990

FOR:          SOLID GOLF BALL

GROUP:        156

EXAMINER:      PAUL R. MICHL

### D E C L A R A T I O N

Honorable Commissioner of Patents and Trademarks

Washington, D.C. 20231

Sir,

    I, Yoshinori EGASHIRA, a citizen of Japan
and a resident of No. 6 — 6, Musashidai 7 — chome,
Hidaka — machi, Iruma — gun, Saitama — ken, Japan
do hereby declare that:

    1.  I was graduated from Kurume College of
Technology, Japan in March, 1975.  Since April
1975, I have been employed by Bridgestone
Corporation, the assignee of the above-—
identified application.  I have been engaged in
research and development in the field of golf
balls.

— 1 —

2.  I am one of the named inventors of the above — identified application and hence, am familiar with the subject matter disclosed in said application.

3.  In order to show the feature of the present invention, I conducted the following experiments.

[Experiment]

Rubber compositions were prepared by blending the ingredients shown in Table 1. Two — piece golf ball solid core having a diameter of 38.4 mm were prepared by molding the composition in a mold and vulcanizing at 155 °C for 20 minutes.

The balls were measured for hardness and rebound resilience.  The hardness of the balls was measured as deflection (in mm) under a load of 100 kg.  The initial velocity (in m/sec.) of the balls was measured by a hitting test according to the USGA standard in which the balls were hit at a head speed of 38 m/sec. using a hitting machine of the fly wheel type. The rebound property of the balls was measured as a distance of rebound by dropping the balls from a height of 120 cm.

The results are shown in Table 1.

— 2 —

As is apparent from the results, a ball comprising a rubber composition containing a base rubber, zinc salt of pentachlorothiophenol as a sulfur compound without zinc acrylate as an unsaturated carboxylic acid metal salt can not give improved rebound property. Further, using 2−(4−morpholinyldithio)benzothiazole instead of pentachlorothiophenol as a sulfur compound, the ball cannot give an improved rebound property and the hardness is reduced.

Table 1

| Core composition (pbw) | No. 1 | No. 2 | No. 3 | No. 4 | No. 5 |
|---|---|---|---|---|---|
| IR | 10 | 10 | 10 | 10 | 10 |
| BR | 90 | 90 | 90 | 90 | 90 |
| Zinc acrylate | 32 | 32 | 32 | — | — |
| Zinc oxide | 21 | 21 | 21 | 21 | 21 |
| Antioxidant | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 |
| Dicumyl peroxide | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 |
| Zinc salt of pentachlorothiophenol | — | 0.2 | — | 0.2 | — |
| 2−(4′−morpholino−dithio)benzothiazole | — | — | 0.2 | — | — |
| Ball properties | | | | | |
| Hardness (JIS−C) | 77 | 76 | 72 | 12 | 14 |
| Deflection under a load of 100 kg (mm) | 2.83 | 3.05 | 3.13 | — | — |
| Rebound property (cm) | 100.8 | 101.7 | 100.8 | 86.5 | 90.6 |
| Initial velocity | 72.80 | 72.96 | 72.58 | — | — |

— 3 —

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Dated this  6th day of April, 1992

Yoshinori EGASHIRA

-4-