IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) |
| Plaintiffs, | ) ) C.A. No. 05-132 (JJF) |
| v. | ) ) **REDACTED -** |
| ACUSHNET COMPANY, | ) **PUBLIC VERSION** ) ) |
| Defendant. | ) |

### BRIDGESTONE'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY OF U.S. PATENT NO. 5,743,817

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
  *Attorneys for Bridgestone Sports Co., Ltd.*
  *and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-7100

Original Filing Date: April 13, 2007

Redacted Filing Date: April 23, 2007

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS............................................................... 1

SUMMARY OF ARGUMENT ................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................ 2

  A. The '817 Patent ............................................................................................... 2

  B. Anticipation Contentions Regarding JP '673 .............................................. 3

  C. Obviousness Contentions Regarding JP '673 .............................................. 4

ARGUMENT .............................................................................................................................. 5

  A. General Legal Principles ................................................................................ 5

  B. Dr. Felker's Assertions Regarding Inherent Anticipation By JP '673 Are Unsupported ...................................................................................... 6

  C. The Balls Made By The Acushnet Engineers Are Not "Golf Balls" As Specified By The USGA ............................................................................ 8

  D. Dr. Felker Makes No Specific Assertions Regarding Obviousness In View Of JP '673 ................................................................................................. 9

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

<u>Cases</u>

*Abbott Labs. v. Geneva Pharms., Inc.*,
   182 F.3d 1315 (Fed. Cir. 1999)..........................................................................................5

*AK Steel Corp. v. Sollac & Ugine*,
   344 F.3d 1234 (Fed. Cir. 2003)..........................................................................................5

*Atlas Powder Co. v. IRECO Inc.*,
   190 F.3d 1342 (Fed. Cir. 1999)..........................................................................................5

*Continental Can Co. v. Monsanto Co.*,
   948 F.2d *1264* (Fed. Cir. 1991)..........................................................................................6

*In re Dembiczak*,
   175 F.3d 994 (Fed. Cir. 1999).........................................................................................6, 9

*In re Kotzab*,
   217 F.3d 1365 (Fed. Cir. 2000)..........................................................................................6

*In re Robertson*,
   169 F.3d 743 (Fed. Cir. 1999)............................................................................................6

*Thomson, S.A. v. Quixote Corp.*,
   166 F.3d 1172 (Fed. Cir. 1999)..........................................................................................5

*Trintec Indus., Inc. v. Top-U.S.A. Corp.*,
   295 F.3d 1292 (Fed. Cir. 2002).......................................................................................6, 8

<u>Statutes</u>

35 U.S.C. § 102 ...................................................................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action brought by Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. ("Bridgestone") against Defendant Acushnet Company ("Acushnet") in March 2005. Bridgestone is currently asserting claims from seven U.S. Patents against various Acushnet products. Among these seven patents is U.S. Patent No. 5,743,817 ("the '817 Patent"), which is directed to structural features of a golf ball.

Fact discovery closed on October 10, 2006. A *Markman* hearing was held on November 29. Expert discovery closed on March 30, 2007. Trial is scheduled to begin on June 18.

## SUMMARY OF ARGUMENT

Claim 1 of the '817 Patent requires, *inter alia*, the ratio of core distortion to ball distortion under 100 kg loads to be within a certain range. Acushnet and its proffered expert, Dr. David Felker, contend that Japanese Publication 60-163673 ("JP '673") invalidates claim 1 of the '817 Patent under 35 U.S.C. §§ 102 and 103.

Dr. Felker concedes that JP '673 fails to expressly disclose any ball distortions under 100 kg loads, but asserts that JP '673 inherently discloses this feature. To support this inherency allegation, Acushnet engineers purportedly molded cores and balls according to their interpretation of the disclosure of JP '673, and then measured the respective distortions of these objects under 100 kg loads. However, these objects cannot, in any objective sense, be considered to be made according to JP '673, as Acushnet engineers deviated significantly from the ingredients and molding instructions specified in JP '673.

Because Dr. Felker is relying on an allegation of inherency, he must show that the missing property *necessarily* is present in the applied prior art reference. In this case, because Acushnet's engineers prepared cores using a different method and different ingredients than

those disclosed in JP '673, these cores cannot be considered to show properties that are *necessarily* present in JP '673. Accordingly, Dr. Felker's allegation of invalidity fails, both under 35 U.S.C. § 102 and 35 U.S.C. § 103.

## STATEMENT OF FACTS

### A. The '817 Patent

The '817 patent (Ex. 1) is directed to a golf ball, an example of which is shown in FIG. 1, which is reproduced to the right. The embodiment shown in FIG. 1 has a core (12) with certain distortions under a 100 kg load and a cover (13) having a certain thickness and hardness. Ex. 1, col. 1:34-45. A ball made according to this arrangement provides an improved feel, along with better spin  properties and iron control, without detracting from the ball's trajectory and flying distance. Ex. 1, col. 2:5-10.

Bridgestone asserts claim 1 of the '817 patent, which reads:

> 1. A golf ball comprising a core and a cover wherein said core and said ball has a core hardness and a ball hardness respectively, wherein said core has a distortion of 2.9 to 4.0 mm under a load of 100 kg, the ratio of a core distortion under a load of 100 kg divided by a ball distortion under a load of 100 kg ranges from 1.0 to 1.3, and said cover consists of an ionomer resin as a resin component and has a thickness of 1.3 to 1.8 mm and a Shore D hardness of up to 60.

The parties' only claim construction dispute is of the meaning of the phrase "said cover consists of an ionomer resin as a resin component," which is not relevant to this motion.

B.    Anticipation Contentions Regarding JP '673

Acushnet's December 18, 2006 final interrogatory responses contend that claim 1 of the '817 Patent is anticipated by eight different references. Ex. 2, p. A-68. One of those is JP '673. ███████████████████████████████████████████████████████████████████████████████████████████████████████████ Acushnet says nothing else regarding JP '673's disclosure of this feature in these responses.

In his Invalidity Expert Report, Dr. Felker also asserts that claim 1 of the '817 Patent is invalid under 35 U.S.C. § 102 in view of JP '673. Ex. 3, p. 26; Ex. 4.[1] He states that JP '673 expressly discloses many of the claimed features, but concedes that it "does not explicitly disclose the ratio of core distortion divided by ball distortion, or the Shore D hardness of the cover." Ex. 3, p. 27. To overcome this deficiency, Dr. Felker asserts that the ratio of core distortion divided by golf ball distortion and the Shore D hardness of the cover are inherent properties of the exemplary golf balls disclosed in Table 4 of JP '673. Ex. 3, pp. 27 and 28.

To provide evidence of these inherent properties, Dr. Felker relies upon four sample sets of cores and balls allegedly made by Acushnet employees according to Table 4 of JP '673. Ex. 3, p. 29. According to Acushnet's translation, JP '673 discloses cores that include: (1) 100 parts by weight of polybutadiene; (2) 20-80 parts by weight of zinc oxide; (3) 10-30 parts by weight of acrylic acid; (4) 0.5 to 4 parts by weight of dicumylperoxide. Ex. 5, p "401 (2 of 2)."

---

[1]    JP '673 (Ex. 4) is a Japanese-language document. No English-language translation was included with Dr. Felker's invalidity expert report, and Acushnet repeatedly stated that Dr. Felker did not rely on any translation to prepare this report. However, after Dr. Felker testified that he did, in fact, rely on an English-language translation of JP '673, Acushnet produced it. This translation is attached as Exhibit 5.

4.

Additionally, JP '673 specifies that the cores should be molded at 150°C (302°F) for 40 minutes. Ex. 5, p "401 (2 of 2)." After the cores were molded, they were encased with a 1.75 mm thick cover material via compression molding. Ex. 3, p 32.

The four sample sets of cores, and the balls using the cores, were manufactured according to the parameters in the following tables:



Dr. Felker provides no further support for his opinion of inherent anticipation.

### C. Obviousness Contentions Regarding JP '673

5.

Nevertheless, Dr. Felker asserts that, even if JP '673 does not inherently disclose the limitations of: (1) the claimed ratio of core distortion divided by ball distortion; and (2) the Shore D hardness of the cover, they "would have been obvious to one of ordinary skill in the art." Ex. 3, p. 37. To support this, Dr. Felker states that "the basic physics of placing [a] thin ionomer cover over a soft core dictate that the ball will distort slightly less than the core alone, due to the restraining effect of the cover layer over the core. Thus, any ratio of core distortion divided by ball distortion for such a construction would be either 1 ... or slightly greater than 1." Ex. 3, p. 37. Dr. Felker provides no further support for his allegation of obviousness.

ARGUMENT

A.  General Legal Principles

"Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." *Abbott Labs. v. Geneva Pharms., Inc.*, 182 F.3d 1315, 1317 (Fed. Cir. 1999) (affirming summary judgment of invalidity).

A patent is presumed to be valid. Thus, the evidentiary burden to show facts supporting a conclusion of invalidity is one of clear and convincing evidence. *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1238-39 (Fed. Cir. 2003). In this instance, Acushnet is alleging that the '817 Patent is invalid, and thus bears this high burden.

A patent claim is invalid for lack of novelty if it was anticipated by a reference that is a part of the prior art. 35 U.S.C. § 102. *See, e.g., Thomson, S.A. v. Quixote Corp.*, 166 F.3d 1172, 1175 (Fed. Cir. 1999). A prior art reference anticipates a patent claim if each and every limitation of the claim is found, either expressly or under the principles of inherency, in the prior art reference. *Atlas Powder Co. v. IRECO Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999).

To show an inherent disclosure, the extrinsic evidence "must make clear that the missing descriptive matter is necessarily present in the thing described in the reference, and that

it would be so recognized by persons of ordinary skill." *Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1268 (Fed. Cir. 1991). Inherency "requires that the missing descriptive material is 'necessarily present,' not merely probably or possibly present." *Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1295 (Fed. Cir. 2002) (citations omitted). The mere fact that "a certain thing may result from a given set of circumstances is not sufficient" to show inherency. *In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999) (citations omitted).

A claim may also be found to be "obvious" under 35 U.S.C. § 103, and therefore invalid, when the differences between the claim and the "prior art" reference or references would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the patent pertains. Obviousness is a question of law based upon underlying factual questions, which are "(1) the scope and content of the prior art; (2) the level of ordinary skill in the prior art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of nonobviousness." *In re Dembiczak*, 175 F.3d 994, 998 (Fed. Cir. 1999). Further, "to establish obviousness based on a combination of the elements disclosed in the prior art, there must be some motivation, suggestion or teaching of the desirability of making the specific combination that was made by the applicant. Even when obviousness is based on a single prior art reference, there must be a showing of a suggestion or motivation to modify the teachings of that reference." *In re Kotzab*, 217 F.3d 1365, 1370 (Fed. Cir. 2000) (citations omitted).

    B.  Dr. Felker's Assertions Regarding Inherent Anticipation By JP '673 Are Unsupported

JP '673 discloses example golf ball cores made with a specific list of ingredients and molded using a specific method. Acushnet engineers supposedly made cores according to

the disclosure of JP '673. There are, however, many differences between the disclosed core parameters of JP '673 and the cores manufactured by Dr. Felker.



Dr. Felker has failed entirely to address whether any of these changes substantively affect the properties of the golf balls made by the Acushnet engineers, as compared to golf balls made according to the specific disclosure of JP '673. Nor does it appear that Dr.

8.

Felker could deny these changes have an effect, as he says in his non-infringement expert report that very slight changes in core composition have drastic effects on physical characteristics of cores. Ex. 8, *e.g.*, ¶ 361.

Even an explanation as to why these changes were made cannot save Dr. Felker's inherency arguments, however. The golf balls made by the Acushnet engineers are not made with the same ingredients, or according to the same method, as those of Table 4 of JP '673, and therefore cannot be considered to accurately disclose the features of balls made according to Table 4 of JP '673. Thus, it is impossible to show that features of the balls of Table 4 of JP '673 are "necessarily present," and thus inherent, in the balls manufactured by the Acushnet engineers. *Trintec*, 295 F.3d at 1295.

  C. The Balls Made By The Acushnet Engineers Are Not "Golf Balls" As Specified By The USGA

Additionally, JP '673 discloses parameters of "golf balls." Ex. 5, p "401 (2 of 2)." The balls made by the Acushnet engineers, however, do not comply with USGA (or any other governing body) regulations for golf ball diameter and weight. Rule 5, Appendix III of the USGA Rules of Golf specifies that balls must have a minimum diameter of 1.68 inches (42.67 mm), and a maximum weight of 1.620 oz (45.93 g). Ex. 7.

[REDACTED]

JP '673 fails to indicate that golf balls made according to its disclosure are not intended to comply with USGA rules, and thus Dr. Felker's conclusion that the balls made by the

Acushnet engineers are representative of the inherent properties of the balls of Table 4 of JP '673 is unsupported.

### D. Dr. Felker Makes No Specific Assertions Regarding Obviousness In View Of JP '673

Lastly, Dr. Felker makes an assertion that "if JP '673 did not inherently disclose those limitations, however, it would have been obvious to one of ordinary skill in the art," and supports this argument with conclusory and unsupported statements about "basic" golf ball physics.[2] As discussed above, however, this assertion does not match any contention in Acushnet's final interrogatory responses, and is therefore improperly included in Dr. Felker's report.

Even if this assertion could properly be included in his report, Dr. Felker has failed to properly analyze obviousness. As discussed above, to show obviousness, one must analyze (1) the scope and content of the prior art; (2) the level of ordinary skill in the prior art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of nonobviousness." *In re Dembiczak*, 175 F.3d at 998. This Dr. Felker has utterly failed to do. Accordingly, Dr. Felker's arguments regarding obviousness are unsupported.

---

[2] The lack of a citation calls into question whether this could be considered "basic."

## CONCLUSION

For the reasons set forth above, Bridgestone respectfully requests that claim 1 of the '817 Patent be held not invalid over JP '673.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Leslie A. Polizoti

---

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-7100

April 13, 2007
799738

## CERTIFICATE OF SERVICE

I certify that on April 23, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz, Esquire
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th Floor
> 1313 North Market Street
> Wilmington, DE  19801

I further certify that I caused copies to be served upon the following on April 23, 2007 in the manner indicated:

### BY HAND & E-MAIL

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE  19801

### BY E-MAIL and FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004


/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
lpolizoti@mnat.com