IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) C.A. No. 05-132 (JJF) ) ) **REDACTED –** ) **PUBLIC VERSION** ) ) ) ) |

**BRIDGESTONE'S RESPONSE TO ACUSHNET'S
MOTION FOR SUMMARY JUDGMENT OF VALIDITY OF
U.S. PATENTS 4,729,861; 4,936,587 AND 5,080,367**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:
Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filing Date: April 30, 2007
Redacted Filing Date: May 7, 2007

- 2 -

## NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action brought by Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") against Defendant Acushnet Company ("Acushnet") in March 2005. Bridgestone asserts that various Acushnet golf balls infringe seven of Bridgestone's patents, and Acushnet asserts through its counterclaims that various Bridgestone golf balls infringe four Acushnet patents. Three of Acushnet's patents, U.S. Patent Nos. 4,729,861; 4,936,587; and 5,080,367 (the "'861 patent," "'587 patent," and "'367 patent," respectively – collectively the "Lynch patents"), are the subject of this motion. Fact discovery closed on October 10, 2006. A *Markman* hearing was held on November 29, and the disputed claim terms have yet to be defined by the Court. Expert discovery closed on March 30, 2007. Trial is scheduled to begin on June 18.

## SUMMARY OF ARGUMENT

Acushnet has moved for summary judgment of validity of the Lynch patents. Acushnet asserts that these patents are valid because Bridgestone has "failed to identify any specific contention of invalidity for any of the Lynch patents," and Bridgestone "has offered no evidence – in the form of expert testimony or otherwise – to support its claim that the Lynch patents are invalid."

The '861 patent expired in March 2005 and the '587 and '367 patents expire during trial in June 2007. January 2007 was the first time that Acushnet disclosed the amount of damages that it seeks. It asked for a [REDACTED] as total compensation for the alleged infringement of the Lynch patents; it asked [REDACTED] for the fourth patent that it asserts. The non-infringement issues are heavily in Bridgestone's favor.

Acushnet's allegation of infringement of the Lynch patents and its continued

assertion of them is a significant waste of judicial resources, as well as the resources of both parties. Accordingly, Bridgestone elects not to respond substantively to Acushnet's motion.

STATEMENT OF FACTS AND ARGUMENT

The '861 patent expired the day after Bridgestone filed this action, and the remaining Lynch patents will expire during trial. Therefore, there is no threat of injunction.

Acushnet has alleged that three Bridgestone golf balls infringe the Lynch patents. Bridgestone has not made one of the accused golf balls for at least two years, and it no longer sells another of the accused golf balls in the United States. In this litigation, Bridgestone has produced tens of thousands of documents related to the dimple patterns and dimple layouts on the accused Bridgestone products, and the parties have taken four depositions exclusively directed to the Lynch patents. Additionally, each party briefed various claim terms present in the Lynch patent claims and asked this Court to construe those terms. Bridgestone retained an expert regarding the alleged infringement by the Bridgestone products, and Acushnet retained Dr. Francis deS Lynch, an inventor of the Lynch patents.

Both Bridgestone and the Court have expended significant resources directly related to the Lynch patents.

On January 16, 2007, Acushnet provided Bridgestone with the expert report of Dr. David P. Kaplan, who opined as to the amount of damages to which Acushnet would be entitled if Bridgestone were found to infringe the Acushnet patents-in-suit. His opinion on damages for infringement of the Lynch patents was ████████████████████████████████ Both parties

---

[1]    Similarly, for the alleged infringement of the only remaining Acushnet patent, U.S. Patent No. 6,818,705, ████████████████████████████████████████

have spent far more than ▮▮▮▮▮ litigating the Lynch patents. Acushnet's continued assertion of the Lynch patents (as well as the '705 patent) is a waste of the resources of both the Court and Bridgestone.

Given the overwhelming disparity in the efforts and resources required by both Bridgestone and the Court, Bridgestone chooses not to respond substantively to this motion.

Bridgestone also notes that Acushnet's argument for summary judgment on the Lynch patents, on its face, contradicts Acushnet's motions with respect to Bridgestone's U.S. Patent Nos. 5,803,834, 6,679,791 and 6,634,961. With regard to each of these Bridgestone patents, Acushnet has asserted on summary judgment a new basis for invalidity for which it has no factual basis, no expert opinion, and no previous disclosure in any interrogatory response.

## CONCLUSION

Acushnet's continued assertion of the Lynch patents – for which Acushnet is seeking $46,520 in damages, and which will expire during trial – is a waste of both the Court's and Bridgestone's resources. The issue of non-infringement of the Lynch patents is overwhelmingly in favor of Bridgestone. Thus, Bridgestone elects not to respond substantively to this motion for summary judgment.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Leslie A. Polizoti

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

- 5 -

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

April 30, 2007

## CERTIFICATE OF SERVICE

I certify that on May 7, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Richard L. Horwitz, Esquire
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>Wilmington, DE 19801

I further certify that I caused copies to be served upon the following on May 7, 2007 in the manner indicated:

**BY HAND & E-MAIL**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

**BY E-MAIL and FEDERAL EXPRESS**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com