IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD., )
and BRIDGESTONE GOLF, INC., )
)
Plaintiffs, )    C.A. No. 05-132 (JJF)
)
v. )    REDACTED –
)    PUBLIC VERSION
ACUSHNET COMPANY, )
)
Defendant. )

**BRIDGESTONE'S ANSWERING BRIEF IN OPPOSITION TO
ACUSHNET'S MOTION FOR SUMMARY JUDGMENT OF
<u>NON-INFRINGEMENT OF U.S. PATENT NO. 6,634,961</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200

*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filing Date: April 30, 2007
Redacted Filing Date: May 7, 2007

i

## TABLE OF CONTENTS

TABLE OF CONTENTS                                                                                    ii

NATURE AND STAGE OF THE PROCEEDINGS                                                                   1

SUMMARY OF ARGUMENT                                                                                   1

STATEMENT OF FACTS                                                                                    2

ARGUMENT                                                                                              2

    I.    ACUSHNET'S MOTION SHOULD BE DENIED BECAUSE
THE DATA IT RELIES ON IS THE SUBJECT OF
BRIDGESTONE'S PENDING MOTION FOR SANCTIONS                                                            2

    II.   THERE IS A GENUINE ISSUE OF MATERIAL FACT ABOUT
THE USE OF MANUFACTURING GUIDELINES TO PROVE
INFRINGEMENT                                                                                          2

        A.    Bridgestone's Evidence                                                  3

        B.    Acushnet's Evidence                                                     4

CONCLUSION                                                                                            6

### TABLE OF AUTHORITIES

**OTHER AUTHORITIES**

Fed. R. Civ. P. 30(b)(6) ..................................................................................................3

NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action brought by Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") against Defendant Acushnet Company ("Acushnet") in March 2005. Bridgestone asserts that Acushnet infringes seven patents, including U.S. Patent No. 6,634,961 ("the '961 patent") (Ex. 1), which is titled "Multi-Piece Solid Golf Ball," by the sale of its Pro V1 golf ball bearing the sidestamp ◄Pro V1-392►.

On April 13, 2007, the parties cross-moved on the infringement of Bridgestone's '961 patent. Bridgestone moved for summary judgment that its '961 patent was infringed, relying on the manufacturing guidelines and core recipes produced by Acushnet during fact discovery. Acushnet and its expert, Dr. Felker, do not dispute that infringement exists. On the other hand, Acushnet moved for summary judgment of non-infringement, but this latter motion relies on Mesabi and other data produced well after Bridgestone served its opening expert reports on infringement. This is Bridgestone's answering brief in opposition to Acushnet's motion.

SUMMARY OF ARGUMENT

1.    Acushnet relies on Mesabi and other data that it did not produce during fact discovery – which was first produced in February 2007, in connection with its rebuttal expert reports – to support its motion. Bridgestone's motion to preclude Acushnet from relying on that data and to sanction Acushnet for its late production is currently pending before the Special Master.

2.    Even if Bridgestone's motion for sanctions were denied, there is a genuine issue of material fact – with Bridgestone's experts on one side, and Acushnet's employees on another – about the use of Acushnet's Manufacturing Guidelines to prove infringement.

## STATEMENT OF FACTS

The relevant facts are set forth in the Argument below.

## ARGUMENT

I.   ACUSHNET'S MOTION SHOULD BE DENIED BECAUSE
     THE DATA IT RELIES ON IS THE SUBJECT OF
     BRIDGESTONE'S PENDING MOTION FOR SANCTIONS

Bridgestone's pending Motion for Sanctions (D.I. 304) asks that Acushnet be precluded from relying on the selective data attached to the February 2007 Declaration of Jeffrey Dalton – the data that Acushnet uses here to support its motion.  Even though Bridgestone had repeatedly asked for this data during fact discovery, Acushnet refused to produce it on the basis that it was cumulative and unduly burdensome.  But when Acushnet realized (after the close of fact discovery) that Mesabi data was the "best" source for recipes – and its own expert wanted to rely on it – Acushnet got him the data, but did not tell Bridgestone.  The first time that Acushnet produced this data was in February 2007, with Mr. Dalton's Declaration, which was well after Bridgestone had already served its opening expert reports on infringement.  That declaration includes volumes of selective Mesabi Mix Vision database printouts showing core recipes for the accused Acushnet golf balls, and Excel spreadsheet summary tables identifying the core materials that Acushnet thinks are relevant.

The Court should deny Acushnet's motion pending the outcome of Bridgestone's Motion for Sanctions.

II.  THERE IS A GENUINE ISSUE OF MATERIAL FACT ABOUT
     THE USE OF MANUFACTURING GUIDELINES TO PROVE
     INFRINGEMENT

Bridgestone asserts claim 2 of the '961 patent, which depends from independent claim 1.  The limitation at issue on Acushnet's motion is in claim 1, which requires a solid golf

ball core "comprising...a base rubber composed of (a) 20 to 100 wt % of a polybutadiene...being synthesized using a rare-earth catalyst." Acushnet argues that the documents that it first produced with its February 2007 rebuttal expert reports show that "the Pro V1 model golf ball did not contain 20% or more of CB23 or any other such rubber synthesized using a rare earth catalyst" during certain time periods, and thus that claim 2 could not have been infringed (D.I. 365 at 10).

A.    Bridgestone's Evidence

To determine whether the accused Acushnet balls meet this limitation, Bridgestone's expert, Dr. Coughlin, reviewed Acushnet's Manufacturing Guidelines –



4



B.    Acushnet's Evidence

Acushnet responds that Dr. Coughlin's (and, presumably, Mr. Cadorniga's) opinion is "so contrary to the record" that it "cannot be credited" (D.I. 365 at 7).  It also says that by "ignoring" information that Dr. Coughlin did not have (because Acushnet had not produced it), "Dr. Coughlin proffered an opinion that is inconsistent with the facts and should be excluded" (*id.* at 8).  Acushnet apparently disagrees with Bridgestone's experts' conclusions, but that is no reason to grant summary judgment or to exclude Bridgestone's experts from relying on documents that Acushnet itself produced and told Bridgestone were the "best place to look."

Moreover, whether or not Acushnet says that Bridgestone's expert "ignored" the recipe change notices and Mesabi data not produced by Acushnet, the jury should be able to hear

---

[1]    Accordingly, Bridgestone's Motion For Summary Judgment Of Infringement of the '961 Patent should be granted because there is no dispute that the accused golf balls made according to the Manufacturing Guidelines infringe.

[REDACTED]

and (2) that Acushnet had not produced the documents that it says are necessary to prove infringement in time for Bridgestone's experts to consider them.

Acushnet also says that "Bridgestone acknowledges that it was fully aware that to determine core formulations the manufacturing guidelines needed to be reviewed in light of recipe change notices" (D.I. 365 at 6, 7), and cites to Bridgestone's briefing on its motion for sanctions and deposition testimony. That is wrong. Bridgestone fully understands that Acushnet believed that proof of infringement required a review of Manufacturing Guidelines and change notices – but that Acushnet changed its tune and realized it wanted to use Mesabi when its expert asked for that data for his report – but that does not mean that Bridgestone agrees with that. To the contrary, Acushnet's own corporate designee testified, and Bridgestone's experts opined, that it is appropriate to use Acushnet's Manufacturing Guidelines.

[REDACTED]

Again, in the face of Bridgestone's experts' opinions, this is a genuine issue of material fact, and the jury is entitled to decide for itself what weight to give to Acushnet's Manufacturing Guidelines.

6

CONCLUSION

Bridgestone requests that the Court deny Acushnet's motion for summary judgment of non-infringement of claim 2 of the '961 patent.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP


/s/ Leslie A. Polizoti
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.

OF COUNSEL:
Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

April 30, 2007
814171

CERTIFICATE OF SERVICE

I certify that on May 7, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

I further certify that I caused copies to be served upon the following on May 7, 2007 in the manner indicated:

**BY HAND & E-MAIL**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE  19801

**BY E-MAIL and FEDERAL EXPRESS**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004

*/s/  Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
lpolizoti@mnat.com