IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD.<br>and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-132 (JJF) |
| v. | ) ) ) | |
| ACUSHNET COMPANY, | ) ) | |
| Defendant. | ) | |

BRIDGESTONE'S MOTION *IN LIMINE* NO. 4,
TO PRECLUDE ACUSHNET FROM INTRODUCING ANY EXPERT TESTIMONY
OUTSIDE THE SCOPE OF THE EXPERT'S REPORT

Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively, "Bridgestone") move *in limine* to preclude Acushnet Company ("Acushnet") from introducing any expert testimony or opinion not articulated in an expert's underlying report.

Federal Rule of Civil Procedure 26(a)(2)(B) requires that each testifying expert submit a written report that "contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefor." Reports must "include 'how' and 'why' the expert reached a particular result, not merely the experts' conclusory statement." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998).

By requiring detailed expert reports with conclusions and the bases for them, Rule 26(a) results in "the elimination of unfair surprise to the opposing party and the conservation of resources." *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996) (finding that expert reports failed to meet the disclosure requirements of Rule 26(a)(2)(B) because they were neither detailed nor complete enough to eliminate surprise to the opposing party) (internal quotations omitted);

1

*Salgado*, 150 F.3d at 742 n.6 (precluding an expert witness from testifying because the underlying report was conclusory in nature and did not set forth the basis for those conclusions).

Therefore, it is this Court's practice, as well as the practice of other judges in this district, to preclude experts from testifying beyond the scope of their reports. *See, e.g., Pfizer Inc. v. Ranbaxy Labs. Ltd.*, C.A. No. 03-209-JJF, Memorandum Opinion at 4 (D. Del. Dec. 22, 2005) ("[i]f it's not fairly noticed in the report, it gets excluded; if it's in the report, the objection gets overruled") (Ex. 1); *Medtronic Inc. v. Guidant Corp.*, C.A. No. 03-848-SLR, Order at 3 (D. Del. Oct. 6, 2004) ("all experts are confined to the opinions expressed in their expert reports") (Ex. 2); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, C.A. No. 02-123-KAJ, Order (D. Del. April 6, 2004) (same) (Ex. 3).

To the extent that Acushnet's experts did not articulate their opinions or the basis for them in their expert reports, Rule 26 does not permit their introduction for the first time at trial. For example, neither Dr. Felker nor Dr. Koenig, two of Acushnet's purported experts, address the doctrine of equivalents in their submitted Rule 26 reports. "A plaintiff asserting infringement under the doctrine of equivalents 'must present evidence and argument concerning the doctrine and each of its elements. . . . The evidence and argument on the doctrine of equivalents cannot merely be subsumed in plaintiff's case of literal infringement. . . . Accordingly, the fact there was evidence and argument on literal infringement, that may also bear on equivalence,' is insufficient to demonstrate infringement under the doctrine of equivalents." *Honeywell Intl, Inc. v. Universal Avionics Sys. Corp.*, 347 F. Supp. 2d 129, 131 (D. Del. 2004) (citations omitted) (granting motion *in limine* precluding patent holders from introducing expert testimony regarding alleged patent infringement under the doctrine of equivalents because the Rule 26 reports failed to properly address the issue). Likewise,

2

Acushnet should not be allowed to introduce new invalidity positions previously undisclosed by its experts in their Rule 26 reports.

The Advisory Committee Notes to Rule 26 make clear that experts should be constrained by the substance of their reports: "The report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness." Fed. R. Civ. P. 26(a)(2)(B), Committee Notes, 1993 Amendments. Accordingly, where any of Acushnet's experts have not fully analyzed references cited in Acushnet's invalidity contentions, or provided any argument regarding anticipation, obviousness or the doctrine of equivalents for a particular claim, they should be precluded from providing such testimony at trial.

## CONCLUSION

Bridgestone requests that Acushnet be precluded from introducing any expert testimony or opinion not articulated in an expert's underlying report.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 8, 2007

3

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1.1

I hereby certify, pursuant to D. Del. LR 7.1.1, that the subject of the foregoing motion has been discussed with counsel for the plaintiff and that the parties have not been able to reach agreement thereon.

/s/ *Leslie A. Polizoti* (#4299)
Leslie A. Polizoti

<u>CERTIFICATE OF SERVICE</u>

I certify that on May 8, 2007 I electronically filed the foregoing with the Clerk of

the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz

and David E. Moore.

I further certify that I caused copies to be served upon the following on

May 8, 2007 in the manner indicated:

**<u>BY E-MAIL & HAND</u>**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE  19801


**<u>BY E-MAIL & FEDERAL EXPRESS</u>**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004


_/s/ Leslie A. Polizoti_
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
lpolizoti@mnat.com