IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>ACUSHNET COMPANY, )<br><br>Defendant. ) | C. A. No. 05-132 (JJF)<br><br><br><br><br><br>**PUBLIC VERSION** |

**ACUSHNET'S BRIEF IN SUPPORT OF ITS EMERGENCY MOTION TO AMEND INVALIDITY EXPERT REPORTS AND TO BRIEFLY RESET PRETRIAL AND TRIAL DATES IN LIGHT OF THE SUPREME COURT'S DECISION IN *KSR INT'L CO. V. TELEFLEX INC.*__**

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  (202) 783-0800

Dated:  May 7, 2007
Public Version Dated:  May 9, 2007
794270/28946

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. NATURE AND STAGE OF THE PROCEEDINGS .............................................. 2

III. STATEMENT OF FACTS ....................................................................................... 3

    A. *KSR* is the Most Significant Decision on Obviousness Since
       *Graham v. John Deere Co.* in 1966. ........................................................... 3

IV. ARGUMENT ............................................................................................................ 7

    A. Legal Standards ........................................................................................... 7

    B. Acushnet (and Bridgestone) Will Suffer Significant Prejudice If
       Not Allowed to Assert Invalidity Under the Relaxed *KSR* Standard ........... 8

    C. To Alleviate Any Prejudice, the Court Should Allow Acushnet to
       Amend Its Expert Reports and Submit Supplemental Summary
       Judgment Briefs. ......................................................................................... 11

    D. Acushnet Does Not Propose to Reopen Fact Discovery Or Alter
       the Court's Prior Discovery Rulings. ......................................................... 12

V. CONCLUSION ....................................................................................................... 13

# TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

**Page**

## CASES

*Al-Site Corp. v. VSI International, Inc.,*
   174 F.3d 1308 (Fed. Cir. 1999) ........................................................................ 4, 6

*Graham v. John Deere Co.,*
   383 U.S. 1 (1966) ................................................................................................ 3

*Malin v. XL Capital Ltd.,*
   Civ. No. 3:03cv2001 (PCD), 2005 U.S. Dist. LEXIS 27089
   (D. Conn. Aug. 26, 2005) ..................................................................................... 7

*Okajima v. Bourdeau,*
   261 F.3d 1350 (Fed. Cir. 2001) ............................................................................ 6

*Oxaal v. Internet Pictures Corp.,*
   Civ. No. 00-cv-1863 (LEK), 2002 U.S. Dist. LEXIS 5178
   (N.D.N.Y. Mar. 27, 2002) ..................................................................................... 7

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,*
   C.A. No. 04-1371-JJF, 2006 U.S. Dist. LEXIS 87259
   (D. Del. Nov. 30, 2006) ........................................................................................ 8

*In re Rouffet,*
   149 F.3d 1350 (Fed. Cir. 1998) ............................................................................ 6

*In re Sernaker,*
   702 F.2d 989 (Fed. Cir. 1983) .............................................................................. 4

*Textron Innovations Inc. v. The Toro Co.,*
   C.A. No. 05-486-GMS, slip op. (D. Del. Apr. 25, 207) ..................................... 12

*W.L. Gore & Associates, Inc. v. Garlock, Inc.,*
   721 F.2d 1540 (Fed. Cir. 1983) ............................................................................ 6

## STATUTES

35 U.S.C. § 103 ............................................................................................................ 1

Fed. R. Civ. P. 16(b) .................................................................................................... 7

I.  **INTRODUCTION**

Defendant and counterclaim plaintiff, Acushnet Company ("Acushnet"), respectfully moves to reset certain pre-trial dates, to amend expert reports on invalidity and summary judgment motions on invalidity, and to reset the trial date in light of the Supreme Court decision in *KSR, Int'l Co. v. Teleflex, Inc.*[1] Acushnet submits that the relief it seeks will best serve the interests of justice, the Court, and the parties.

As the Court is certainly aware, in a unanimous opinion that issued on Monday, April 30, 2007, the Supreme Court held that the Federal Circuit's long-standing application of the "teaching, suggestion or motivation" test for obviousness is not a proper application of the obviousness rule set forth in case law under 35 U.S.C. § 103. The Supreme Court's decision announces a common-sense approach to obviousness that significantly changes the law related to obviousness.

In this case, the parties' invalidity expert reports were submitted earlier this year, and the opinions and disclosures contained in those reports were fashioned with a view of the stricter, now-rejected Federal Circuit test the Supreme Court overturned in *KSR*. In light of *KSR*, Acushnet submits that the parties' experts should be allowed to reconsider and supplement their expert reports to present obviousness arguments consistent with the now-controlling *KSR* standard. Acushnet also submits that the parties should be permitted to supplement their summary judgment briefing to move for summary judgment on this ground if appropriate. Although it is believed that this relief will require a modest adjustment to the trial schedule, Acushnet respectfully submits that any inconvenience of a short delay in the trial is outweighed by the prejudice to the parties in forcing them to go to trial with expert disclosures and contentions formulated under a now-rejected standard of law. This relief will also guard against the inconvenience to the parties and the Court of having to try this case twice, which could very well happen if the

---

[1] No. 04-1350, slip op. (Apr. 30, 2007) (Ex. 1 hereto).

current pre-KSR record is the basis for trial. A relatively modest adjustment of pretrial procedures and the trial date, as suggested by this motion, would allow this obviousness-intensive case to proceed to trial with the opinions of both parties' experts fully considered, articulated to one another, briefed for summary judgment, and otherwise properly disclosed and argued under the now controlling, *KSR* standard. Finally, Acushnet expects that the issues at trial could be greatly simplified and reduced with proper re-briefing and amended expert disclosures, as many, if not most of, the Bridgestone patents in suit can be found invalid as obvious as a matter of law pursuant to the *KSR* standard.

Acushnet files this motion as an emergency motion, and in so doing requests a decision or hearing on this issue as soon as permitted by the Court. The parties are presently in the midst of summary judgment briefing that was initiated before the *KSR* decision issued from the Supreme Court. They are also in the midst of pre-trial exchanges and joint preparation of pre-trial order materials, as well as numerous motions in limine and *Daubert* motions (the first set of such briefs to be filed with the Court on Tuesday), all toward a scheduled May 25 pretrial conference. Under the Court's standard non-dispositive motion briefing schedule, this motion would not be heard in the normal course until June 1, which is just over two weeks before the scheduled June 18 trial date. Because the Court's decision on the issues raised herein may significantly impact the timing, course and scope of the trial, as well as the pretrial preparations in which the parties are engaged, Acushnet respectfully requests an expedited decision.

## II. NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement suit initiated by Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively, "Bridgestone") against Acushnet. Bridgestone is presently asserting seven patents of varying nature against Acushnet, while Acushnet is asserting four patents (three alike) of its own against Bridgestone. Fact

discovery closed in December. Expert disclosures were exchange in January and February. Expert discovery then completed in March.

Presently, the parties are in the midst of pretrial preparation, having exchanged initial pre-trial draft disclosures. In their initial exchanges, the parties propose to file approximately twenty motions in limine and/or *Daubert* motions, due on Tuesday, May 8, and the parties are anticipating a trial of at least two weeks in regards to the eleven patents at issue. The parties already have also filed fifteen motions for summary judgment to be decided by the Court, with briefing set to conclude with reply briefs due on Thursday, May 10. The pretrial conference is scheduled for May 25, with trial to begin on June 18. The parties anticipate the Court's *Markman* ruling, which was briefed and argued in November 2006. Meanwhile, a Special Master has recently been appointed to handle four of five remaining discovery disputes to be decided in advance of trial.[2]

### III.   STATEMENT OF FACTS

#### A.   *KSR* is the Most Significant Decision on Obviousness Since *Graham v. John Deere Co.* in 1966.

Over forty years ago, in *Graham v. John Deere Co.*, 383 U.S. 1 (1966), the Supreme Court articulated an approach to obviousness that required a court to evaluate the differences between the prior art and the claimed invention, in light of the level of skill in the art. For over twenty years, the Federal Circuit, in implementing that standard "has employed an approach referred to … as the 'teaching, suggestion, or motivation' test

---

[2] The Court has referred four of five pending discovery motions to the Special Master: (1) Acushnet's Motion to Preclude Bridgestone from Relying on Certain Evidence Regarding Infringement, Invalidity, and Damages (D.I. 294), (2) Bridgestone's Motion for Sanctions (D.I. 304), (3) Acushnet's Motion to Withdraw Admissions (D.I. 310), and (4) Bridgestone's Motion to Compel the Production of [Privileged] Documents (D.I. 343). The fifth pending motion, Acushnet's Motion to Compel the Production of Documents from Bridgestone's Privilege Log (see D.I. 237), has been not referred to the Special Master, but remains to be decided by the Court.

3

(TSM test), under which a patent claim is only proved obvious if 'some motivation or suggestion to combine the prior art teachings' can be found in the prior art, the nature of the problem, or the knowledge of a person having ordinary skill in the art." *KSR Int'l Co.*, slip op. at 2, citing *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1323-24 (Fed. Cir. 1999). *See In re Sernaker*, 702 F.2d 989, 994 (Fed. Cir. 1983).

Naturally, in preparing their invalidity arguments, the parties and their experts constrained themselves and their arguments to comply with the rigid, formulistic TSM test as applied by the Federal Circuit.[3] Acushnet's experts, for example, were constrained in the arguments they present by the need to meet the TSM standard for any argument of obviousness on the seven patents of Bridgestone. (*See, e.g.*, Felker 1/16/07 Report at 16, 20-22, 64, 71 (Ex. 2 hereto); Koenig 1/16/07 Report at 32-39, 50-61 (Ex. 3 hereto)). Likewise, Bridgestone's experts' responses sometimes challenged the obviousness conclusion of Acushnet's experts solely, or nearly so, on the ground that this TSM standard had not been met. (*See, e.g.*, Cadorniga 2/20/07 Report at 29-30, 34, 36-46 (Ex. 4 hereto); Calabria 2/20/07 Report at A-44 to A-48 (Ex. 5 hereto); Coughlin 2/20/07 Report at 30-40 (Ex. 6 hereto)). Acushnet was also forced to grapple with the rigid obviousness Federal Circuit standards in deciding upon the arguments it should file as summary judgment arguments.

In its April 30 landmark decision, the Supreme Court rejected the Federal Circuit's approach to obviousness that was constrained to the restrictive TSM test:

> We begin by rejecting the rigid approach of the Court of Appeals. Throughout this Court's engagement with the question of obviousness, our

---

[3] Both parties allege that at least some of the other party's patents are invalid, though Acushnet is by far the principal party asserting obviousness. As discussed *infra*, Bridgestone's seven patents still in suit are each very modest combination patents, dealing with minor changes to golf ball recipes or construction, such as adding PCTP to rubber cores to do exactly what PCTP does to rubber, or adjusting the hardness of the rubber core to a selected range among a broad range of gradients in the prior art.

4

>   cases have set forth an expansive and flexible approach inconsistent with
>   the way the Court of Appeals applied its TSM test here.

*KSR Int'l Co.*, slip op. at 11. Not only did the Court so reject the Federal Circuit's strict approach and application of the TSM test, it also expressly directed lower courts to a more expansive and flexible approach in consideration of the obviousness standard:

>   The diversity of inventive pursuits and of modern technology counsels
>   against limiting the analysis [to the TSM method]. In many fields it may
>   be that there is little discussion of obvious techniques or combinations,
>   and it often may be the case that market demand, rather than scientific
>   literature, will drive design trends. ***Granting patent protection to
>   advances that would occur in the ordinary course without real
>   innovation retards progress*** and may, in the case of patents combining
>   previously known elements, deprive prior inventions of their value or
>   utility.
>
>   \* \* \*
>
>   Rigid preventative rules that deny factfinders recourse to common sense,
>   however, are neither necessary under our case law nor consistent with it.

*Id.* at 15, 17 (emphasis added).

As Justice Kennedy wrote for the unanimous Court, "[t]he obviousness analysis cannot be confined by a formalistic conception of the words *teaching, suggestion,* and *motivation,* or by overemphasis on the importance of published articles and the explicit content of issued patents." *Id.* at 15 (emphasis added). "Common sense teaches ... that ... in many cases, a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id.* at 16-17. "A person of ordinary skill is also a person of ordinary creativity, not an automaton." *Id.* at 17. The Supreme Court thus rejected as "in error" the Federal Circuit's teaching that "a patent claim cannot be proved obvious merely by showing that the combination of elements was 'obvious to try.'" *Id.*

Among other things, too, the Court emphasized that when the relevant facts of the prior art, scope of the patent, and level of ordinary skill are not in material dispute, obviousness is a question of law, very suitable for summary judgment. *Id.* at 23. Indeed, the Court in *KSR* reversed the court of appeals and reaffirmed the district court's grant of

summary judgment of invalidity, even despite competing expert affidavits and arguments in the district court by the patentee of secondary considerations of non-obviousness. *See id.* at 23 ("Where, as here, the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate.").[4]

In concluding its opinion, the Supreme Court, in perhaps the most important and insightful part of its unanimous opinion, recognized that the standard of non-obviousness in an art necessarily is raised as the art advances.

> We build and create by bringing to the tangible and palpable reality around us new works based on instinct, simple logic, ordinary inferences, extraordinary ideas, and sometimes even genius. ***These advances, once part of shared knowledge, define a new threshold from which innovation starts once more. And as progress beginning from higher levels of achievement is expected in the normal course, the results of ordinary innovation are not the subject of exclusive rights under the patents laws.***
> . . . Application of the [obviousness] bar must not be confined within a test or formulation too constrained to serve its purpose.

*Id.* at 24 (emphasis added).

The *KSR* decision thus represents a dramatic shift in the law regarding obviousness, materially altering the previously-understood analysis for determining when an invention is obvious and thus cannot be patented.[5] By rejecting the Federal Court's

---

[4] By applying the new standard that it announced to the facts of *KSR*, the Supreme Court clearly intends the *KSR* standard to be applied to pending cases.

[5] Compare *KSR Int'l Co.*, slip op. at 11-24 with, for example, *Al-Site Corp*, 174 F.3d at 1324 ("Rarely ... will the skill in the art component operate to supply missing knowledge or prior art to reach an obviousness judgment.") *Okajima v. Bourdeau*, 261 F.3d 1350, 1355 (Fed. Cir. 2001) ("Skill in the art does not act as a bridge over gaps in substantive presentation of an obviousness case ...."); *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1553 (Fed. Cir. 1983) ("To imbue one of ordinary skill in the art with knowledge of the invention in suit, when no prior art reference or references of record convey or suggest that knowledge, is to fall victim to the insidious effect of a hindsight syndrome wherein that which only the inventor taught is used against its teacher."); *In re Rouffet*, 149 F.3d 1350, 1359 (Fed. Cir. 1998) ("The Board's naked invocation of skill in the art to supply a suggestion to combine the references ... is ... clearly erroneous.").

6

rigid TSM approach, the Supreme Court has now instructed both lower courts and the patent office to allow for a far more realistic, common sense approach to proof of obviousness in patent cases. Here, this new approach calls into question many of the modest, straightforward disclosures of the Bridgestone patents in suit. For example, a combination of known elements to achieve predictable results is not patentable. *See KSR Int'l Co.*, slip op. at 12 ("The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results."). Thus, for example, Bridgestone's U.S. Patent No. 5,252,652 ("the '652 patent") is invalid under this standard. Similarly unpatentable are routine or market driven advancements of the art. *Id.* at 15 ("Granting patent protection to advances that would occur in the ordinary course without real innovation retards progress and may, in the case of patents combining previously known elements, deprive prior inventions of their value and utility."). Under this standard, U.S. Patent Nos. 5,553,707 ("the '707 patent"), 6,679,791 ("the '791 patent"), and 6,634,961 ("the '961 patent") are probably invalid.

### IV.     ARGUMENT

#### A.     Legal Standards

A district court may revise a case schedule within its discretion and should do so upon a showing of good cause. *See* Fed. R. Civ. P. 16(b). An intervening Supreme Court decision that impacts the arguments of the case constitutes such good cause. *See Malin v. XL Capital Ltd.*, Civ. No. 3:03cv2001 (PCD), 2005 U.S. Dist. LEXIS 27089, *7 n.2 (D. Conn. Aug. 26, 2005) (Ex. 7 hereto) (finding that a recent relevant Supreme Court decision was good cause to modify a scheduling order and allowing party to re-file motions to dismiss); *Oxaal v. Internet Pictures Corp.*, Civ. No. 00cv1863 (LEK), 2002 U.S. Dist. LEXIS 5178, *3-5 (N.D.N.Y. Mar. 27, 2002) (Ex. 8 hereto) (finding that a substantial Federal Circuit decision was good cause to amend case schedule and

7

permitting allowing defendant to amend pleadings and put on a new defense five months after time to do so had expired).

This Court has previously held that a continuance in light of the then-anticipated *KSR* Supreme Court ruling was "warranted in the interests of achieving an efficient and effective resolution" of invalidity. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371-JJF, 2006 U.S. Dist. LEXIS 87259, at *3 (D. Del. Nov. 30, 2006) (Ex. 9 hereto). In that case, the Court granted a five-month stay, finding that it would not unduly prejudice the plaintiff, but would "provide the parties and the Court with the opportunity to have the benefit of a decision from the Supreme Court on the issue of obviousness, which permeates the validity contentions in this case." *Id.*

### B. Acushnet (and Bridgestone) Will Suffer Significant Prejudice If Not Allowed to Assert Invalidity Under the Relaxed *KSR* Standard.

Acushnet (and Bridgestone) would be materially prejudiced if they cannot assert invalidity of the patents in suit under the standard announced in *KSR*.[6] Most, if not all, of the Bridgestone patents in suit are combinations of old elements and/or relate to minor or straightforward modifications of golf ball construction, well within the "ordinary innovation" ability of one of skill in the art. *See KSR Int'l Co.*, slip op. at 24. There is a good chance that the Court will conclude that many of these patents are invalid under the *KSR* standards for invalidity patents based on obviousness. Many of these patents should fail to be valid as a matter of law, and in view of the common sense, ordinary

---

[6] Bridgestone is prejudiced as well if the case proceeds under the current expert reports on invalidity. For example, as to some patents, Bridgestone opposes Acushnet's contentions of obviousness by asserting that there is no TSM to combine the references. (*See, e.g.*, Cadorniga 2/20/07 Report at 29-30, 34, 36-46 (Ex. 4 hereto); Calabria 2/20/07 Report at A-44 to A-48 (Ex. 5 hereto); Coughlin 2/20/07 Report at 30-40 (Ex. 6 hereto)). Presumably, Bridgestone does not want to defend the validity of these patents under a now rejected analysis of obviousness.

8

innovation approach now directed by the Supreme Court. Hence, Acushnet should be permitted to make these arguments.

*KSR* was decided after Acushnet submitted its expert reports on invalidity (January 2007) and after the parties exchanged opening summary judgment briefs (April 13, 2007). Accordingly, the expert reports and opening summary judgment briefs were confined to stricter standards, now rejected by the Supreme Court. Thus, Acushnet (and Bridgestone if it wishes) should be allowed to present its obviousness arguments and summary judgment motions under the correct standards as set forth in *KSR*.

There is a reasonable basis to believe that Acushnet will be able to demonstrate under the *KSR* standard that a number of Bridgestone's patents are invalid. For example:

1) <u>The '961 Patent.</u> U.S. Patent No. 6,634,961 was applied for in May 2002, nearly one-and-a-half years after the Acushnet Pro V1 ball was introduced on the PGA Tour.



2) <u>The '791 Patent.</u> U.S. Patent No. 6,679,791 was filed in 2001, and basically claims a golf ball with a hardness of profile of greater than 22 between the center and surface of the core. Five years earlier, Bridgestone applied for a patent (the '707 patent also in suit) that claimed a core hardness gradient in the range of 8-20. When the art avoided the '707 patent by going to higher core gradients through routine skill, Bridgestone received a patent (the '791 patent) on these higher core gradients. Under a proper application of the *KSR* standard, this patent is likely invalid.

9

3) <u>The '834 Patent</u>. Also dealing with core gradients, U.S. Patent No. 5,803,834, deals with a core where the hardness profile 5 mm from the surface is controlled. While there may not have been a TSM "suggestion" to do this specific step in some of the prior art, the patent seems clearly to be addressed to routine "tinkering" well within the skill of those in the art.

In each of these cases, additional invalidity arguments that seem compelling could not have been made in a persuasive manner under the TSM test. Under KSR, however, very strong "common sense" invalidity arguments can be made that the Court should adopt and that Acushnet should be entitled to present.

In addition to the above, Acushnet's arguments on certain other patents can be presented much more strongly and convincingly under the *KSR* standard. For example:

4) <u>The '652 Patent.</u> This patent relates to the combination of a known peptizing agent ("PCTP") into a golf ball formulation which makes the core softer, which is exactly what the art would expect this peptizer to do. This expected result of a combination of old elements can be developed much more persuasively under the *KSR* decision.

5) <u>The '707 Patent</u>. On the '707 patent, Acushnet's testing (which Bridgestone so fears it has filed multiple motions to exclude), shows beyond any real doubt that the claims of the 707 patent can be achieved by taking another Bridgestone prior art patent (EP 043) and making a choice of antioxidant filler for the core from among the antioxidants commercially available at the time. Wholly apart from the discovery disputes as to the timeliness of Acushnet's testing, this simple argument should be considered in ruling on the validity of this doubtful patent.

6) <u>The '817 Patent.</u> Bridgestone's U.S. Patent No. 5,743,817 ("the '817 patent") also may be obvious based on the combination of a prior art

Bridgestone reference with one of Bridgestone's most popular golf balls in the Japanese market at the time.

Each of the above arguments is much more difficult to prove under the Federal Circuit's pre-*KSR* rules, which required some teaching, suggestion, or motivation to combine the features well-known in the prior art. *See KSR Int'l Co.*, slip. op. at 2. Now, however, "the analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill would employ." *Id.* at 14.

Bridgestone may dispute the above proffer and may contend, under some criteria it will think of in the coming days, that these modest patents are really inventive. However, the foregoing, we submit, demonstrates that significant invalidity issues exist under the *KSR* standard and that the Court would substantially prejudice Acushnet if it did not allow Acushnet allowed to revise its expert reports and to submit new summary judgment motions on some patents. Accordingly, Acushnet asks for this relief.

      **C.**      **To Alleviate Any Prejudice, the Court Should Allow Acushnet to Amend Its Expert Reports and Submit Supplemental Summary Judgment Briefs.**

To alleviate the prejudice to Acushnet and allow it to marshal argument in reliance on the correct standard for obviousness, Acushnet requests leave to submit a supplemental expert report on invalidity and submit supplemental summary judgment briefs. Bridgestone would then be entitled to submit a rebuttal report and re-depose Acushnet's expert witnesses, should it wish to do so.

Because trial is presently scheduled for June 18, which is only six weeks away, supplementation will require a brief continuance of the trial date. Acushnet proposes that it could prepare its supplemental expert report within 45 days and that rebuttal reports and any necessary depositions could be completed within another 45 days. Thus, the parties could be ready for trial by the first available date after September 1, 2007.

A continuance of the trial date is a minor inconvenience compared to the actual prejudice of proceeding with the current expert reports. As noted above, Acushnet faces significant prejudice should it not be allowed to present its obviousness case under the relaxed *KSR* standard. In addition, both parties bear the potential cost of re-trial if Acushnet is forced to adhere to the now-rejected standard and the case is subsequently reversed by the Federal Circuit. *See Textron Innovations Inc. v. The Toro Co.*, C.A. No. 05-486-GMS, slip op. at 4 (D. Del. Apr. 25, 2007) (Ex. 10 hereto) ("granting a stay pending the Supreme Court's decision in *KSR v. Teleflex* may obviate a retrial of the invalidity portion, should the Supreme Court modify the legal standard for obviousness"). As the Court will appreciate, a two to three-week trial will cost each party at least $500,000, if not far more than that; both parties should agree that they do not wish to have to do a trial twice in this matter.

### D.    Acushnet Does Not Propose to Reopen Fact Discovery Or Alter the Court's Prior Discovery Rulings.

In the interest of minimizing the impact to the parties and the schedule, Acushnet does not propose re-opening of fact discovery. Acushnet proposes that resubmission of expert reports must be based on the evidence collected and produced to date.

Also, Acushnet is mindful of the Court's rulings on discovery matters and does not wish to appear in any way to be avoiding those orders. The Court has excluded certain evidence as not timely produced. If the Court feels that those rulings should stand even under the supplemental briefing (which should obviate any prejudice to Bridgestone), Acushnet will accept that position and not rely, in rebriefing, on any evidence excluded by the Court.

## V. CONCLUSION

Based on the foregoing, Acushnet respectfully requests that the Court (1) permit Acushnet to amend its expert reports on invalidity and submit supplemental summary judgment briefs under the *KSR* standard and (2) reset the pretrial and trial dates accordingly.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: May 7, 2007
Public Version Dated: May 9, 2007
794270/28946

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Acushnet Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 9, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on May 9, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946