IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-132 (JJF) |
| v. | ) ) | REDACTED – PUBLIC VERSION |
| ACUSHNET COMPANY, | ) ) | |
| Defendant. | ) ) | |

BRIDGESTONE'S MOTION *IN LIMINE* NO. 1, TO PRECLUDE ACUSHNET'S
EMPLOYEES FROM TESTIFYING AS EXPERTS

Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively, "Bridgestone") move *in limine* to preclude any Acushnet Company ("Acushnet") employee who did not submit an expert report from offering expert testimony at trial, including specifically the Acushnet employees identified by letter dated January 16, 2007 (Ex. 1).

A.     Acushnet's So-Called Employee Experts

Acushnet listed eleven employees on its Rule 26(a)(2)(A) disclosures "who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence" (Ex. 1).  It did not provide expert reports for these employees.[1]

After Bridgestone asked, Acushnet gave a "non-exhaustive list" of topics on which the witnesses "may" present evidence, such as "testing relied upon by Dr. Felker and Dr. Koenig and knowledge of one of ordinary skill in the art" (Ex. 2, 2/22/07 Howrey letter).  During depositions, however, at least one of these employees did not have "any idea" what opinions he would give:

---

[1]     The February 20, 2007 Declaration of Mr. Jeffrey Dalton was not offered as a Rule 26(a)(2) expert report and did not conform to the requirements of Rule 26(a)(2)(B).

REDACTED

(Ex. 3, Bulpett Mar. 20, 2007 Dep. Tr. at 9:1-9; 10:22-11:3).

The latest from Acushnet is that these employees "will testify both as to technical facts of which they have firsthand knowledge, and to the opinions that they draw from those facts based upon their technical and specialized knowledge as individuals skilled in the golf ball art" (D.I. 423 at 2), including "the physical properties of prior art and accused golf balls" (*id.* at 3), "testing that they performed and that was relied upon by Dr. Felker" (*id.*), "data upon which the experts Dr. Koenig and Dr. Lynch relied" (*id.*), and "as to what one of ordinary skill would know and understand in the golf ball art" (*id.*).

B.    <u>Acushnet's Employee Experts Had To Provide Reports, But They Did Not</u>[2]

Federal Rule of Civil Procedure 26(a)(2)(A) requires the disclosure of the identity of "any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence" – *e.g.*, testimony requiring scientific, technical, or other specialized

---

[2]    This issue is part of a larger one – Acushnet's attempt to structure its case so that it can selectively disclose only the test results that it wants to. Acushnet's employees have conducted tests on prior art and accused golf balls starting in the 1990s and continuing through expert discovery in this case. Acushnet has withheld many of the tests and results on grounds of privilege and work product. Acushnet has given all of these test results to its lawyers, who pick and choose which results to give to Acushnet's experts, and who withhold the remaining test results. According to Acushnet's interpretation of the law, its employees do not have to provide reports and therefore Acushnet does not have to "produce any materials that [its employee experts] have reviewed in formulating the specialized testimony and opinions they will give at trial" (D.I. 423 at 13).

knowledge. Rule 26(a)(2)(B) requires that an expert provide a report of his or her expected opinions: "this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness."

The purpose of expert reports is to allow full pre-trial disclosure of the bases for an expert's opinion and prevent unfair surprise to the opposing party. *Day v. Consolidated Rail Corp.*, No. 95 CIV. 968, 1996 WL 257654, at *2 (S.D.N.Y. May 15, 1996). Courts have held that an employee who does not regularly give expert testimony must provide an expert report because the witness is "specially employed" to provide such testimony. In *KW Plastics*, the Court held that "expert reports must be filed for corporate employees whose testimony is proffered solely or principally for their expert opinions." *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 689 (M.D. Ala. 2000). The court reasoned that an employee is "employed" when "put to use or service," and that "specially" meant "used with reference to a particular purpose" that is "surpassing what is common or usual." *Id.* at 690. Thus, "when a corporate party designates one of its employees as an expert, it typically authorizes the employee to perform special actions that fall outside of the employee's normal scope of employment." *Id.*

Other courts have extended this analysis to "hybrid" employee experts – witnesses who will testify as both fact and expert witnesses – because "testimony that is expert testimony should not 'evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26,' simply because the testimony is proffered through a fact witness." *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting*, No. 02-12102-RWZ, 2006 WL 1766434, at *36 (D. Mass. Jun. 28, 2006); *McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26, 28 (D.

Conn. 2004) (holding that hybrid employee experts who were primarily serving as fact witnesses must provide expert reports).

The concern that courts – including this one – have expressed is that a party should not be able to use Rule 26 as a loophole to avoid full pre-trial disclosure of opinions from witnesses who will give "classic expert testimony." *Upchurch v. Hester*, Civ. A. No. 05-252 JJF, 2006 WL 3020772, at *2 (D. Del. Oct. 23, 2006) (finding that a treating physician was required to provide an expert report because "the spirit and substance of Rule 26 cannot be avoided by employing the treating physician to provide, without an accompanying expert report, 'classic expert testimony' regarding prognosis."); *Dyson Tech. Ltd. v. Maytag Corp.*, 2007 WL 656252 (Sleet, J., D. Del. March 6, 2007) (finding the *Day* line of cases persuasive and quoting that limiting the expert report requirement would "create a distinction seemingly at odds with the evident purpose of promoting full pre-trial disclosure of expert information" (quoting *Day*, 1996 WL 257654, at *2); *see also In re Air Crash at Charlotte, North Carolina*, 982 F. Supp. 1086, 1089 (D.S.C. 1997) ("As the court understands the [scope of rule 26(a)(2)], it is intended to distinguish primarily between fact witnesses who have expertise and witnesses who may be called primarily as experts, rather than to establish a loophole through which undisclosed experts may enter the witness box.").

Here, each of the employees Acushnet seeks to call as experts and to provide expert opinion do not regularly give expert testimony (if any at all) and are being "specially employed" in this case to provide expert testimony. Acushnet has not met its obligation of giving full pre-trial disclosure, and surprise is looming unless they are precluded from testifying as experts.

CONCLUSION

Bridgestone requests an order that any Acushnet employee who has not submitted an expert report be precluded from testifying as an expert witness.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.*
*and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filing Date:  May 8, 2007
Redacted Filing Date:  May 9, 2007

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1.1

I hereby certify, pursuant to D. Del. LR 7.1.1, that the subject of the foregoing motion has been discussed with counsel for the plaintiff and that the parties have not been able to reach agreement thereon.

/s/ *Leslie A. Polizoti* (#4299)
Leslie A. Polizoti

<u>CERTIFICATE OF SERVICE</u>

I certify that on May 9, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 9, 2007 in the manner indicated:

**BY E-MAIL & HAND**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE  19801

**BY E-MAIL & FEDERAL EXPRESS**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004


*/s/  Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
lpolizoti@mnat.com

# EXHIBIT 1

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

Joseph P. Lavelle
Partner
T 202.383.6888
F 202.383.6610
AOL IM: joelavelledc
lavellej@howrey.com
File 00634.0002.000000

January 16, 2007

BY EMAIL

Robert M. Masters, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

      Re:    **Rule 26(a)(2)(A) Disclosures**
               **Bridgestone Sports Co. v. Acushnet Co.**
               **C.A. No. 05-132 (JJF) (D. Del.)**

Dear Rob:

      Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), Acushnet discloses the following Acushnet employees who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence:

- Jeff Dalton
- Steve Aoyama
- Jay Williams
- Traci Olson
- Scott Gleadow
- Ken Welchman
- Rasto Gajic
- Pat Elliott
- David Bulpett
- Dr. Murali Rajagopalan
- Larry Bissonnette

Very truly yours,

Joseph P. Lavelle

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

# EXHIBIT 2

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

Direct Dial 202.383.6904
File 00634.0002

February 22, 2007

BY FACSIMILE

Brandon M. White, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

Re:   *Bridgestone Sports Co. v. Acushnet Co.,*
      C.A. No. 05-132 (JJF) (D. Del.)
      Acushnet's Disclosure of Witnesses Under Rule 26(a)(2)(A)

Dear Brandon:

We have received your letter of February 13, in which you object to Acushnet's January 16 disclosure of 11 Acushnet employees as witnesses who may present evidence at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence. We respond to your objections below.

First, you state that you "do not believe it is proper for Acushnet to call any of these employees as experts as none of them have provided an expert report." Your belief is unsupported (and unsupportable) by any reference to the Rules of Civil Procedure. Fed. R. Civ. P 26(a)(2)(B) expressly states that a written report is required for a witness "who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony …." The Rule's commentary further makes clear that "[t]he requirement of a written report … applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony."

The case law, including Judge Farnan's decisions, is also clear on this issue. *See Upchurch v. Hester*, 2006 U.S. Dist. LEXIS 76776, at *6 (D. Del., Oct. 23, 2006) ("Not all identified experts must submit expert reports. Rather, expert reports only need to be submitted by those witnesses who are 'retained or specifically employed to provide expert testimony.'"). None of the 11 witnesses identified by Acushnet on January 16 was "retained or specially employed to provide expert testimony in the case" nor do the duties of any of the employees "regularly involve giving expert testimony." Accordingly, none of the employees identified by Acushnet on January 16 were required to submit a written report under Rule 26(a)(2)(B).

We ask as a professional courtesy that next time you send us a letter advancing a belief that we have failed to comply with the rules that you undertake a good faith effort to check the applicable rules and case law beforehand. Nevertheless, in the spirit of cooperation, we will

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

FEB. 22. 2007  7:30PM    HOWREY-SIMON                                              NO. 4088   P.  3

# HOWREY LLP

Brandon M. White, Esq.
February 22, 2007
Page 2

agree not to call Mr. Gleadow, Dr. Rajagopalan or Mr. Bissonnette as expert witnesses at trial.
We reserve the right, however, to call Dr. Rajagopalan and Mr. Bissonnette as fact witnesses.

Second, you state that "Acushnet has offered no information to explain the substance of
these witnesses [sic] intended expert or opinion testimony" and ask us to "identify the
substantive areas in which [we] expect these Acushnet employees to offer testimony." Again,
the Federal Rules impose no such requirement. Fed. R. Civ. P. 26(a)(2)(A) provides only that "a
party shall disclose to other parties *the identity* of any person who may be used at trial to present
evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." (Emphasis added).
By identifying the employees to you on January 16, Acushnet fully complied with that rule.

Again in the spirit of cooperation, we identify the following non-exhaustive list of
substantive areas on which the witnesses may present evidence at trial under Rules 702, 703, or
705 of the Federal Rules of Evidence.

- Jeff Dalton – testing relied upon by Dr. Felker and Dr. Koenig and knowledge of
  one of ordinary skill in the art;

- Steve Aoyama – testing relied upon by Dr. Lynch and knowledge of one of
  ordinary skill in the art;

- Jay Williams – testing relied upon by Dr. Felker;

- Traci Olson – testing relied upon by Dr. Felker;

- Ken Welchman – information relied upon by Dr. Felker and knowledge of one of
  ordinary skill in the art;

- Rastko Gajic – information relied upon by Dr. Felker and knowledge of one of
  ordinary skill in the art;

- Pat Elliott – information relied upon by Dr. Felker and knowledge of one of
  ordinary skill in the art; and

- David Bulpett – testing relied upon by Dr. Felker and Dr. Koenig and knowledge
  of one of ordinary skill in the art.

Finally, you state that "three of these individuals (Pat Elliott, Scott Gleadow and Rasto
Gajic) were never disclosed on Acushnet's initial disclosures" and that Bridgestone "objects to
these three individuals being called at trial for any purpose." We note, however, that the Federal
Rules provide separate disclosures for Rule 702, 703, or 705 witnesses – Rule 26(a)(1) covers
initial disclosures, while Rule 26(a)(2) covers the disclosure of expert witnesses. Each of the
witnesses identified by Acushnet on January 16 was timely disclosed pursuant to Rule 26(a)(2)
and the Court's Scheduling Order.

# HOWREY LLP

Brandon M. White, Esq.
February 22, 2007
Page 3

In any event, we note that Bridgestone did not disclose Nick Price as an expert witness until January 16, 2007, when it served his expert report on Acushnet. Similarly, Bridgestone did not disclose Kevin Jones as an expert witness until February 20, 2007, when it served Acushnet with a report jointly signed by Mr. Jones and Dr. Caulfield. Neither Mr. Price nor Mr. Jones – nor in fact any of Bridgestone's expert witnesses – were disclosed on Bridgestone's initial disclosures.

Accordingly, Acushnet stands on its January 16 identification of expert witnesses other than Mr. Gleadow, Dr. Rajagopalan, and Mr. Bissonnette.

Further, in response to your letter of February 15 regarding Mr. Dalton's deposition, he is available on March 1 and 2, for the depositions pursuant to Bridgestone's Tenth 30(b)(6) Notice, topics 5-6 of Bridgestone's Fifth through Eighth 30(b)(6) Notices and any deposition taken under Fed. R. Civ. P. 26(a)(4)(A).

Finally, in response to your letter of February 13 regarding Exhibit 48 of Dr. Felker's invalidity report, Acushnet will not reconsider its position. Dr. Felker is not relying on the golf balls identified in that exhibit as prior art, but only to inform his understanding of one of ordinary skill in the art regarding the standard percentage of dimple coverage in 1996.

Regards,

Brian S. Seal

# HOWREY LLP

1299 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2402
PHONE: 202.783.0800 • FAX: 202.383.6610

## FACSIMILE COVER SHEET

DATE: February 22, 2007

TO:  NAME: Brandon M. White

COMPANY: Paul Hastings

FAX NUMBER 202.551.1705    PHONE NUMBER: 202.551.1700

CITY: Washington, DC

FROM: NAME: Brian S. Seal

DIRECT DIAL NUMBER: 202.383.6904    USER ID: 2233

NUMBER OF PAGES, INCLUDING COVER: 3    CHARGE NUMBER: 00634.0002

☐ ORIGINAL WILL FOLLOW VIA:

   ☐ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER: _____

☒ ORIGINAL WILL NOT FOLLOW

SUPPLEMENTAL MESSAGE:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 202.383.7137.

# EXHIBIT 3

# REDACTED