IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., </br></br>    Plaintiffs, </br></br> v. </br></br> ACUSHNET COMPANY, </br></br>    Defendant. | ) </br> ) </br> ) </br> )   C.A. No. 05-132 (JJF) </br> ) </br> )   REDACTED – </br> )   PUBLIC VERSION </br> ) </br> ) </br> ) |

**BRIDGESTONE'S MOTION *IN LIMINE* NO. 3, TO PRECLUDE ACUSHNET FROM REFERENCING ANY LITIGATION BETWEEN MR. CALABRIA AND ACUSHNET**

Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively, "Bridgestone") move *in limine* to preclude Acushnet Company ("Acushnet") and its experts from referencing *Acushnet Company v. Dunlop Maxfli Sports*, 1:98-cv-00717-SLR (D. Del.) ("Maxfli litigation") or one of Bridgestone's experts, John Calabria, involvement in that litigation. Twelve years ago, Mr. Calabria left Titleist/Footjoy Worldwide and began working for Dunlop Maxfli Sports Corporation ("Maxfli"), where he became involved in designing and developing golf ball technology that is not related to this case. Maxfli's use of that technology led to Acushnet suing it for patent infringement in 1998. Although Mr. Calabria was a witness in that lawsuit, he was not a defendant. The case settled in 2000.

Acushnet had one of its employees, William Morgan, submit an expert declaration that characterizes the *Maxfli* litigation as "relating to our claims that…Calabria misappropriated our trade secrets":

REDACTED

1

REDACTED

(Ex. 1, Declaration of William E. Morgan, ¶ 24). The clear implication of this statement is that Mr. Calabria, stole trade secrets from Acushnet. Even Mr. Morgan backed off that allegation while being deposed:

REDACTED

(Ex. 2, Deposition of William Morgan, March 19, 2007, 44:20-45:6).

Not only is Mr. Morgan's statement reckless and admittedly incorrect, there is no probative value to this evidence. This is not a case about Callaway, its golf balls or its trade secrets. In fact, the *Maxfli* litigation settled – there are not even any opinions or decisions from that case that relate to any issue here. This evidence is not relevant and it should be excluded because it is highly prejudicial and inflammatory. Any alleged probative value of this information would be substantially outweighed by the prejudice that it would cause Bridgestone and its expert Mr. Calabria and should not be allowed. Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...."). Such evidence would also be a waste of the jury's time. *See, e.g., Keller v. City of Wilmington*, 2006 U.S. Dist. LEXIS 14136 (Mar. 30, 2006, D. Del.) (decision to exclude discussion of prior lay-offs and related comments proper because they had no connection to Plaintiffs' claims, the danger of unfair prejudice substantially outweighed any probative value, and introduction of such evidence would

likely confuse the jury by creating the appearance that Plaintiffs were somehow connected to the prior lay-offs).

Bridgestone is not contending that Mr. Calabria's work at MaxFli is irrelevant to this case, because he did gain experience in the design and development of golf balls while employed there. Acushnet, however, may elicit this information without referencing an irrelevant lawsuit to which Mr. Calabria was tangentially connected as a fact witness. As can be seen simply from the Morgan Declaration above, discussion of that lawsuit would only mislead and confuse the jury while adding little if any probative information.

## CONCLUSION

Bridgestone requests that Acushnet be precluded from introducing any evidence of John Calabria's involvement in any other lawsuit, including the *Maxfli* litigation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filing Date: May 8, 2007
Redacted Filing Date: May 9, 2007

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1.1

I hereby certify, pursuant to D. Del. LR 7.1.1, that the subject of the foregoing motion has been discussed with counsel for the plaintiff and that the parties have not been able to reach agreement thereon.

/s/ *Leslie A. Polizoti* (#4299)
Leslie A. Polizoti

<u>CERTIFICATE OF SERVICE</u>

I certify that on May 9, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 9, 2007 in the manner indicated:

**BY E-MAIL & HAND**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

**BY E-MAIL & FEDERAL EXPRESS**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ *Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com

# EXHIBIT 1

# REDACTED

# EXHIBIT 2

# REDACTED