IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.          )
and BRIDGESTONE GOLF, INC.,           )
                                      )
            Plaintiffs,               )          C.A. No. 05-132 (JJF)
                                      )
      v.                              )
                                      )
ACUSHNET COMPANY,                     )
                                      )
            Defendant.                )


**BRIDGESTONE'S ANSWERING BRIEF IN OPPOSITION TO
ACUSHNET'S EMERGENCY MOTION TO AMEND INVALIDITY EXPERT
REPORTS AND TO RESET THE PRETRIAL AND TRIAL DATES**


MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200

*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*


OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 10, 2007

## TABLE OF CONTENTS

INTRODUCTION..................................................................................................................1

STATEMENT OF FACTS ...................................................................................................3

    A.  The Course Of This Litigation .............................................................................3

    B.  Acushnet's Obviousness Contentions And Expert Reports.............................4

    C.  The Court's February 2007 Preclusion Orders ...............................................4

    D.  The Summary Judgment Motions .......................................................................5

    E.  The *KSR* Decision ...............................................................................................5

    F.  Acushnet's Obviousness Contentions Do Not Depend On *KSR*.....................7

ARGUMENT ........................................................................................................................8

I.     THERE IS NO BASIS TO REDO THE EXPERT REPORTS, EXPERT
     DEPOSITIONS OR SUMMARY JUDGMENT MOTIONS .............................................8

II.    IN ANY EVENT, THE INFRINGEMENT AND DAMAGES TRIAL ON
     BRIDGESTONE'S PATENTS SHOULD GO FORWARD AS SCHEDULED .............10

CONCLUSION...................................................................................................................11

## TABLE OF AUTHORITIES

Cases

*Alza Corp. v. Myland Labs., Inc.*,
    464 F.3d 1286 (Fed. Cir. 2006) ....................................................................... 7

*DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co.*,
    464 F.3d 1356 (Fed. Cir. 2006) ....................................................................... 6

*KSR International Co. v. Teleflex, Inc.*,
    C.A. No. 04-1350 (U.S. Apr. 30, 2007).................................................*passim*

INTRODUCTION

This patent infringement action has been pending for more than two years – since March 2005. It involves seven Bridgestone patents and four Acushnet patents. Fact and expert discovery have been completed. Summary judgment briefing will be completed tomorrow. *In limine* motions have been filed. The pretrial conference is only two weeks away, on May 25, and trial is scheduled for next month, on June 18.

*KSR International Co. v. Teleflex, Inc.* ("*KSR*"), C.A. No. 04-1350, slip op. (U.S. Apr. 30, 2007) has been pending in the Supreme Court for almost a year, and was argued on November 28, 2006 – the day before the *Markman* hearing in this case. Everyone in the patent law community knew about *KSR* and the likelihood that the Supreme Court would adjust the standard for obviousness – Justice Scalia said, after all, that "[t]his is gobbledygook. It's irrational." Acushnet knew about *KSR* – this Court even commented at the end of the November 29, 2006 *Markman* hearing about the *KSR* oral argument (D.I. 254, 11/29/06 Tr. at 120). Acushnet's parent company, Fortune Brands, Inc., filed an *amicus curiae* brief in support of KSR and specifically referenced golf ball patents (Ex. A at 6). Acushnet, however, did not seek a stay with respect to the obviousness issue pending that decision. Nor did it seek to postpone expert discovery on obviousness. Instead, Acushnet went forward with its invalidity case, conducting expert discovery in January, February and March, and submitting summary judgment briefing in April and May.

Now that *KSR* has been decided, however, Acushnet wants a "do over" on the obviousness issues. It wants to redo expert discovery and summary judgment briefing. It wants to put off the pretrial conference and trial. And it does not want to be limited to the obviousness contentions made by it or by its experts or to the nine summary judgment motions it already

filed. And it does not even want to be limited to its interrogatory responses. It wants to start over from scratch on obviousness based on the "evidence collected and produced to date" (D.I. 427 at 12). It wants to be able to assert new prior art references and new combinations of prior art, and to make entirely new arguments.

Acushnet's motion should be seen for what it is. It has nothing to do with the *KSR* decision. If Acushnet had been concerned about a change in the law on obviousness or the "interests of justice, the Court and the parties" (D.I. 427 at 1), it would have sought to stay expert discovery and summary judgment motions on that issue pending that decision, as happened in *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.* It did not do so, however. It went forward, asserting that six of the seven asserted Bridgestone patents were obvious. Both parties incurred enormous expenses in litigating those issues.

What Acushnet's motion is about is changing its invalidity contentions at the eleventh hour – and putting off the trial. Throughout this case, Acushnet has sought to avoid being pinned down on its invalidity contentions. After several requests by Bridgestone, the Court ordered Acushnet to identify its invalidity contentions by August 11, 2006 (D.I. 154). Four months later, however, Acushnet sought to assert new invalidity theories based on new prior art. In February 2007, the Court precluded Acushnet from relying on those new prior art references (D.I. 288 and 291). Acushnet is now trying again to re-assert that art – and *any* additional art that it can find in "the evidence collected and produced to date" (D.I. 427 at 12). *KSR* is merely a pretext for doing so.

That Acushnet's motion is pretextual is demonstrated by the effect of the *KSR* decision itself. Acushnet says it asserted obviousness under the stricter Federal Circuit standards – standards that were relaxed in *KSR*. Acushnet's obviousness contentions under the stricter

standards will presumably be stronger under the more relaxed *KSR* standard. Acushnet should be happy to present its current contentions under that standard. But that is not what Acushnet wants. Acushnet's goal – after the close of all fact and expert discovery – is to assert new prior art and to make new obviousness arguments, not to conform its old ones to *KSR* – and to put off the trial while doing that. In short, Acushnet seeks now to do just what it was not able to do last August and last December. It wants to avoid being pinned down on its invalidity defenses.

In any event, even if the Court were to find any merit in Acushnet's position, there is absolutely no reason for the June 18 trial not to go forward on Bridgestone's infringement and damages claims – just as in the recent *Power Integrations* and *Affymetrix* cases.

## STATEMENT OF FACTS

A.     The Course Of This Litigation

Bridgestone filed this patent infringement action on March 7, 2005 (D.I. 1). In June 2005, the Court entered a Scheduling Order setting a trial date of April 18, 2007 (D.I. 18). In March 2006, a revised Scheduling Order was entered, moving the trial to June 18, 2007 (D.I. 95). In October 2006, the Court entered a stipulated order setting expert discovery to close March 16, 2007, a summary judgment deadline of April 13, 2007, and a pretrial conference for May 25, 2007 (D.I. 219). The June 18, 2007 trial date did not change. The Court held a *Markman* hearing on November 29, 2006.

On January 16, 2007, the parties served numerous expert reports. On February 20, 2007, the parties served rebuttal expert reports. Depositions of the experts were completed in March 2007.

On May 2, 2007, the parties exchanged sections of the pretrial order and proposed jury instructions. On May 8, 2007, the parties filed *in limine* and *Daubert* motions. Thus, for

several months, the parties have been moving toward the May 25 pretrial conference and the June 18 trial.

B.     Acushnet's Obviousness Contentions And Expert Reports

Throughout discovery, Acushnet refused to be pinned down on its invalidity contentions. Thus, its supposedly "final" May 1, 2006 contentions were more than a thousand pages long, identifying scores of prior art references and hundreds of obviousness combinations. For months, Bridgestone sought to get final contentions from Acushnet, including by filing a motion with the Court (D.I. 142). On August 3, 2006, the Court ordered Acushnet to provide its invalidity contentions by August 11, 2006 (D.I. 154). Those contentions remained more than 1000 pages long, and Bridgestone moved again to compel Acushnet to pare them down (D.I. 222). Notwithstanding the Court's August 3 Order, on December 18, 2006, Acushnet served supplemental interrogatory answers purporting to assert six additional prior art references.

Then, on January 16, 2007, Acushnet served the expert reports of David Felker and Jack Koenig. Between them, Drs. Felker and Koenig provided opinions as to the obviousness of all the asserted claims of six of the seven Bridgestone patents-in-suit (Ex. B, Felker 1/16/07 Report, pp. 16-22, 37-38, 48-50, 69-75; Ex. C, Koenig 1/16/07 Report, pp. 32-41, 50-64).[1] These obviousness opinions comprised approximately fifty pages of those reports. Bridgestone's experts responded in February 2007. The parties took the depositions of all of those experts in March 2007.

C.     The Court's February 2007 Preclusion Orders

On January 3, 2007, Bridgestone moved to preclude Acushnet from relying on the new art it had identified on December 18, 2006 (D.I. 260). On February 2, 2007, the Court

---

[1]     Dr. Felker relied on some of the new art identified by Acushnet on December 18, 2006.

granted Bridgestone's motion, precluding Acushnet from relying on these new references (D.I. 285). The Court's decision is set forth in February 16 and February 27, 2007 Orders (D.I. 288 and 291).

D.     The Summary Judgment Motions

On April 13, 2007, Acushnet filed nine summary judgment motions (D.I. 358-81), submitting a pile of papers approximately a foot high. Only four pages of one of Acushnet's nine summary judgment briefs were directed to an obviousness issue (D.I. 367).

Bridgestone also filed six summary judgment motions (D.I. 345-56). Acushnet has cited *KSR* in its responsive briefs. In its answering brief to Bridgestone's motion for summary judgment of no invalidity of its '707 patent (D.I. 412), Acushnet used *KSR* to support its contention that the EP 043 reference and the knowledge of one of ordinary skill in the art renders the '707 patent obvious (*id.* at 10-11). This belies Acushnet's statement that "the Court would substantially prejudice Acushnet if it did not allow Acushnet…to revise its expert reports and to submit new summary judgment motions on some patents" (D.I. 427 at 11).

Summary judgment reply briefs are due tomorrow.

E.     The *KSR* Decision

On April 30, 2007, the Supreme Court issued the *KSR* decision (D.I. 427 at Ex. 1). There, the Court rejected the Federal Circuit's rigid "teaching, suggestion or motivation" approach to obviousness. Instead, it reiterated the well-established and more "flexible" approach set forth in *Graham v. John Deere* (*id.* at 11-12).

*KSR* did not, as Acushnet says, "announce" a different approach (D.I. 427 at 1), and it does not "represent[] a dramatic shift in the law regarding obviousness" (*id.* at 6). Acushnet cites *KSR* for the proposition that "a combination of known elements to achieve

predictable results is not patentable" (D.I. 427 at 7). But that is not new. Such combinations were not patentable before *KSR* (*KSR* at 12 (reviewing cases)).

Similarly, Acushnet suggests that *KSR* "materially alter[ed] the previously-understood analysis" for determining obviousness (D.I. 427 at 6). To support this, Acushnet cites Federal Circuit cases – that it suggests are no longer good law – that say that relying only on the testimony of a person of ordinary skill in the art to draw an obviousness conclusion "is to fall victim to the insidious effect of a hindsight syndrome" (*id.* at 6 n.5). But *KSR* did not reject that. To the contrary, the Court reiterated that the proper analysis was "whether there was an apparent reason to combine the known elements," and that courts must continue to avoid "distortions caused by hindsight bias and must be cautious of arguments reliant upon *ex post* reasoning" (*KSR* at 17).

Acushnet ignores recent Federal Circuit precedent that relaxed the standard before the *KSR* decision. *See KSR* at 18 (citing *DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co.*, 464 F.3d 1356, 1367 (Fed. Cir. 2006) ("Our suggestion test is in actuality quite flexible and not only permits, but requires, consideration of common knowledge and common sense."); *Alza Corp. v. Myland Labs., Inc.*, 464 F.3d 1286, 1291 (Fed. Cir. 2006) ("There is flexibility in our obviousness jurisprudence because a motivation may be found implicitly in the prior art. We do not have a rigid test that requires an actual teaching to combine…")).

With no real basis, a little more than a month before trial, Acushnet wants a "do over" on obviousness. Acushnet even suggests that it wants to use *KSR* as a basis to bring back into the case the art that the Court has excluded for lack of timeliness, if the Court will permit it to do so. And it wants to put off the trial next month that has been scheduled for well over a year.

F.     <u>Acushnet's Obviousness Contentions Do Not Depend On *KSR*</u>

Acushnet made its obviousness contentions based upon the more rigid Federal Circuit "teaching, suggestion or motivation" standard. Its burden of proving obviousness has been made easier by the more flexible *KSR* approach. Acushnet should be happy to be able to make its obviousness arguments under an easier standard. It is not, however. Acushnet is not content to rely on the obviousness contentions it made a year and a half into this litigation, which are supported by fifty pages of expert opinions. Acushnet wants not only to adjust its "obviousness arguments" and summary judgment motions to reflect the standards set forth in *KSR* (D.I. 427 at 9), but what it also wants is carte blanche to start its obviousness case all over and make "additional invalidity arguments" that it has never made before (*id.* at 10-11). In its brief, Acushnet sets forth a number of new and explained obviousness contentions, pretending that they are a result of the *KSR* decision. Nowhere does Acushnet explain why it could not have made those arguments under any standard for obviousness.

In fact, Acushnet has made obviousness arguments that were not based on the teaching, suggestion or motivation test. For example, Acushnet contends that Bridgestone's '707 patent is invalid as obvious in light of EP 043 and the knowledge of one of ordinary skill in the art. Acushnet relies on golf ball cores made pursuant to EP 043 to assert that all limitations of asserted claim 1 of the '707 patent are invalid.[2] For the remaining limitation, Acushnet's expert, Dr. Felker, relies on the knowledge of one of ordinary skill in the art. Dr. Felker says nothing about any teaching, suggestion, or motivation to combine for this opinion.

---

[2]     According to Acushnet, "Bridgestone so fears [this testing] that it has filed multiple motions to exclude" (D.I. 427 at 10). In fact, Acushnet's test results helped Bridgestone, but Acushnet destroyed them during the expert discovery period.

Acushnet also asserts in its brief that Bridgestone's patents-in-suit are "very modest combination patents" (D.I. 427 at 4). It says that the patents cover "minor changes to golf ball recipes on construction, such as adding PCTP to rubber cores to do exactly what PCTP does to rubber, or adjusting the hardness of the rubber core to a selected range among a broad range of gradient, in the prior art" (*id.* at 4 n.3). There is nothing in *KSR* that made such arguments available for the first time. Acushnet could have – and did – make such arguments before *KSR*.

## ARGUMENT

### I.    THERE IS NO BASIS TO REDO THE EXPERT REPORTS, EXPERT DEPOSITIONS OR SUMMARY JUDGMENT MOTIONS

This case has been pending for more than two years. During that time, the Court has set deadlines and has supervised discovery closely to keep the case on track. That supervision led to an August 3, 2006 Order requiring Acushnet to identify its invalidity defenses by August 11, 2006 (D.I. 154). When Acushnet then tried to add new prior art contentions four months later, the Court precluded it from doing so (D.I. 288, 291).

Knowing that *KSR* was pending, Acushnet proceeded with its expert reports on obviousness. Bridgestone responded to Acushnet's assertions in its expert reports. The depositions of the experts were then taken. At no time did Acushnet suggest that its obviousness contentions should await the outcome of *KSR*.

After having been precluded from relying on certain prior art, and after having seen how expert discovery played out, Acushnet is unhappy with the strategic decisions it made with respect to its obviousness contentions last August. There has been no change in the law of obviousness that would justify a wholesale "do over" of Acushnet's obviousness contentions. There has merely been a change from a stricter standard to a more flexible standard, which

favors Acushnet. Nevertheless, Acushnet now seeks to use *KSR* as a basis to permit it to start over entirely with new prior art, new obviousness combinations, new expert reports and new summary judgment motions. There is no basis for that, and the case is far too advanced to allow Acushnet to change entirely its obviousness contentions – and indeed the entire case.

Although Bridgestone agrees that Acushnet and its experts should be able to adjust the existing contentions they have made to conform to the more flexible *KSR* standard (just as Bridgestone's experts will have to do in response), there is nothing about *KSR* that justifies starting over on the obviousness issue. The patent claims at issue have not changed, [3] the prior art has not changed, the facts have not changed, and there is nothing about *KSR* that would justify new obviousness contentions – including reliance on new (and previously excluded) prior art.

In *KSR*, the Supreme Court announced that it was following its well-established precedents on obviousness, as set forth in *Graham v. John Deere* and cases following it. The Court simply rejected the "rigid" test followed by the Federal Circuit in favor of a more "flexible" test. *KSR* did nothing to change the nature of an accused infringer's obviousness contentions. Indeed, the Court embraced the principle that courts must continue to avoid "distortions caused by hindsight bias and must be cautious of arguments reliant upon *ex post* reasoning" (*KSR* at 17). In short, nothing has happened to justify Acushnet now being permitted

---

[3] Bridgestone was ordered by the Court in the August 3, 2006 Order to limit itself to 14 claims of its seven patents (D.I. 154). By the same logic used by Acushnet on obviousness, Bridgestone could argue that it should be able now to change it asserted claims based on the change in law on obviousness. After all, its selection of claims was affected by its perception of the law of obviousness. If so, this whole case would have to start over.

to make "additional invalidity arguments" based on new art.  And nothing has happened to justify a delay of the trial.

Acushnet says it wants to make new arguments that "the Bridgestone patents-in-suit are combinations of old elements and/or relate to minor or straightforward modifications of golf ball construction, well within the 'ordinary innovation' ability of one of skill in the art." (D.I. 427 at 8).  Well before *KSR*, those "combinations of old elements" and "straightforward modifications" were available to Acushnet and should have been asserted on the schedule set by the Court.

Moreover, the parties can deal with *KSR* through jury instructions, just like the parties in *Telcordia Technologies v. Cisco Systems, Inc.*, C.A. No. 04-876-GMS, did, when the *KSR* decision came down the first day of trial.  There is simply no reason why the parties cannot do the same thing here. The parties have spent hundreds of thousands of dollars litigating Acushnet's obviousness defenses.   There is no basis to permit Acushnet to change its obviousness contentions, to submit supplemental expert reports and have another round of expert depositions, and more summary judgment motions.   This case should proceed to trial, as scheduled.

## II.    IN ANY EVENT, THE INFRINGEMENT AND DAMAGES TRIAL ON BRIDGESTONE'S PATENTS SHOULD GO FORWARD AS SCHEDULED

In a number of recent cases, including *Power Integrations v. Fairchild*, C.A. No. 04-1371-JJF, and *Affymetrix v. Illumina*, C.A. No. 04-901-JJF, this Court has held a first trial on infringement and damages, with a trial on invalidity to follow, to minimize potential jury confusion.  The Court has already expressed an interest in doing that in this case as well (D.I. 73, Tr. at 27) ("But, you know, we'll do an infringement trial probably, and then a validity trial..."). In this case, involving seven Bridgestone patents, there are particularly good reasons to follow

that procedure. In the Pretrial Order, Bridgestone will propose to the Court that the issues of infringement and damages of its patents be tried first.[4] That procedure should be followed here, even if the Court were to decide that there is some basis to permit Acushnet to raise new obviousness arguments. With the parties having invested millions of dollars in this case over two years, there is no reason that at least the infringement and damages issues should not proceed to trial as scheduled.

CONCLUSION

For the reasons set forth herein, Acushnet's emergency motion should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200

*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:
Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 10, 2007

---

[4]     Bridgestone seeks $146 million in damages for Acushnet's infringement of its seven patents. In contrast, Acushnet seeks less than $50,000 in a lump sum payment for the alleged infringement by Bridgestone of its four patents. Three of those patents will have expired by trial. The claim on the fourth patent is for $3,334. Bridgestone does not believe that Acushnet's claim justifies the use of the resources of the Court, the jury and the parties. Bridgestone has asked Acushnet to drop its claims.

## CERTIFICATE OF SERVICE

I certify that on May 10, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 10, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com