# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.,   )
and BRIDGESTONE GOLF, INC.,    )
                           )
         Plaintiffs,        )
                           )
      v.                 )   C. A. No. 05-132 (JJF)
                           )
ACUSHNET COMPANY,         )
                           )
        Defendant.      )

## ACUSHNET'S REPLY BRIEF IN SUPPORT
## OF ITS MOTION FOR SUMMARY JUDGMENT OF VALIDITY
## OF U.S. PATENT NOS. 4,729,861; 4,936,587; AND 5,080,367

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  (202) 783-0800

Dated:  May 11, 2007

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.    ARGUMENT ....................................................................................................1

      A.    "Bridgestone Elects Not to Respond Substantively to Acushnet's
          Motion."..............................................................................................1

      B.    Bridgestone Has Wasted the Time and Resources of Both The
          Court and Acushnet...............................................................................2

III.    CONCLUSION..................................................................................................3

## TABLE OF AUTHORITIES

### CASES

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)................................................................................................. 2

### RULES

Fed. R. Civ. P. Rule 56(c)................................................................................................. 2

Defendant Acushnet Company ("Acushnet") files this Reply Brief in Support of Its Motion for Summary Judgment of Validity of U.S. Patent Nos. 4,729,861 ("the '861 patent"), 4,936,587 ("the '587 patent"), and 5,080,367 ("the '367 patent") (collectively, "the Lynch patents").

## I.    INTRODUCTION

In response to Acushnet's instant motion for summary judgment, Bridgestone's response is: "Bridgestone elects not to respond substantively to Acushnet's motion." (D.I. 422 at 3).  Rather than waste the time and resources of both the Court and Acushnet, Bridgestone should have withdrawn its invalidity defense when Acushnet requested that it do so.  Regardless, Bridgestone's decision "not to respond substantively" supports a summary judgment determination in favor of Acushnet that the Lynch patents are valid.

## II.    ARGUMENT

### A.    "Bridgestone Elects Not to Respond Substantively to Acushnet's Motion."

On February 23, 2007, Acushnet asked Bridgestone to withdraw its defense of invalidity against the Lynch patents for failure to present any specific argument – much less evidence – in support of it.  Bridgestone refused.  (Ex. 1 – Seal letter to White, Mar. 13, 2007, at 2) ("we do not confirm that we are no longer challenging the validity of these patents").  Bridgestone's refusal, in combination with its failure to provide any specific contention of invalidity during discovery, required Acushnet to file the instant motion requesting a summary judgment determination that the Lynch patents are valid.

Bridgestone's "response" (it could not legitimately be deemed an "opposition") is that "***Bridgestone elects not to respond substantively to Acushnet's motion***." (D.I. 422 at 3) (emphasis added).  That is all.  Despite its refusal to voluntarily dismiss its invalidity defense, Bridgestone fails to raise even a hint of a genuine dispute of material fact with regard to validity.  As a result, a summary judgment in favor of Acushnet is appropriate.

*See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (If the non-moving party fails to make a sufficient factual showing as to any element of its case on which it bears the burden of proof at trial, the "plain language of Rule 56(c) mandates the entry of summary judgment.").

## B.    Bridgestone Has Wasted the Time and Resources of Both The Court and Acushnet.

While "elect[ing] not to respond substantively to Acushnet's motion," Bridgestone refers to Acushnet's infringement contentions related to the Lynch patents as "a significant waste of judicial resources, as well as the resources of both parties." (D.I. 422 at 2-3). That statement proves shallow, considering that it is Bridgestone that wasted both the Court's and Acushnet's time and resources by forcing Acushnet to file a summary judgment motion that Bridgestone apparently never intended to oppose.

Bridgestone did so knowing that Acushnet's opening and reply briefs were scheduled to be submitted across a period of time in which both parties were substantially engaged in the pretrial exchange; the filing of multiple motions for summary judgment; *Daubert* motions and motions *in limine*; and a hearing before the Special Master on three separate motions. Thus, Bridgestone's refusal to dismiss its invalidity defense – despite having no intention to defend it at summary judgment – appears to have been designed to distract Acushnet from its many other tasks at hand.

III.    **CONCLUSION**

For the foregoing reasons, Acushnet respectfully requests that the Court grant its motion.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
Brian S. Seal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: May 11, 2007

795000 / 28946

By:  */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 11, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

I hereby certify that on May 11, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C.  20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946