IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ACUSHNET COMPANY, )<br>)<br>Defendant. ) | C.A. No. 05-132 (JJF) |

### BRIDGESTONE'S OPPOSITION TO ACUSHNET'S MOTION IN LIMINE TO EXCLUDE BRIDGESTONE FROM OFFERING AT TRIAL ANY TESTIMONY IN THE FORM OF SCIENTIFIC, TECHNICAL, OR SPECIALIZED KNOWLEDGE FROM ANY WITNESS BRIDGESTONE DID NOT IDENTIFY PURSUANT TO FED. R. CIV. P. 26(a)(2)(A)

Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively, "Bridgestone") hereby respond to Defendant Acushnet Company's ("Acushnet") motion *in limine* to preclude Bridgestone from offering any scientific, technical or specialized knowledge testimony at trial from any witness that Bridgestone did not identify or provide reports from pursuant to Fed. R. Civ. P. 26(a)(2)(A).

This Motion should have never been filed. Bridgestone informed Acushnet that it would not call any of its employees as experts to testify pursuant to Fed. R. Evidence 702, 703, or 705. Bridgestone, however, reserved its right pending the Court's decision on an emergency motion filed by Acushnet on May 7, 2007 that sought permission to amend its expert reports based upon the Supreme Court's ruling in *KSR Int'l Co. v. Teleflex Inc.*, No. 04-1350, slip op. (Apr. 30, 2007) (D.I. 425). That is, should the Court grant Acushnet's Motion and permit it to redo its invalidity contentions and re-open expert discovery, Bridgestone reserved its right to respond to any new positions propounded by Acushnet, including any new prior art and allegedly

new obviousness positions. On the other hand, should the Court deny Acushnet's Emergency Motion, then Bridgestone had agreed it would not call any witness as an expert not properly identified pursuant to Rule 26(a)(2) and not having provided a report.

Bridgestone does not dispute that Rule 26(a)(2) requires the disclosure of all witnesses and reports from those witnesses that it intends to call at trial pursuant to Fed. R. Evidence 702, 703 or 705. Bridgestone has no intention, as Acushnet put it, of "back-dooring into the trial through its employees any testimony of a scientific, technical or specialized knowledge nature," although it may offer testimony of scientific or technical employees as permitted by Fed. R. Evidence 701.

## CONCLUSION

Bridgestone requests that Acushnet's motion *in limine* be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 14, 2007

2

CERTIFICATE OF SERVICE

I certify that on May 14, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 14, 2007 in the manner indicated:

**BY E-MAIL and HAND**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

**BY E-MAIL and FEDERAL EXPRESS**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com