# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.,　　　)
and BRIDGESTONE GOLF, INC.,　　　　 )
　　　　　　　　　　　　　　　　　　　　)　　 C. A. No. 05-132 (JJF)
　　　　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　　)　 **PUBLIC VERSION**
　　　　　　　　　　　　　　　　　　　　)
ACUSHNET COMPANY,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　　)

## ACUSHNET'S MOTION IN LIMINE TO EXCLUDE BRIDGESTONE FROM OFFERING AT TRIAL ANY TESTIMONY IN THE FORM OF SCIENTIFIC, TECHNICAL, OR SPECIALIZED KNOWLEDGE FROM ANY WITNESS BRIDGESTONE DID NOT IDENTIFY PURSUANT TO FED. R. CIV. P. 26(a)(2)(A)

　　　　　　　　　　　　　　　　　　　　Richard L. Horwitz (#2246)
　　　　　　　　　　　　　　　　　　　　David E. Moore (#3983)
　　　　　　　　　　　　　　　　　　　　POTTER ANDERSON & CORROON LLP
　　　　　　　　　　　　　　　　　　　　Hercules Plaza, 6th Floor
　　　　　　　　　　　　　　　　　　　　1313 North Market Street
　　　　　　　　　　　　　　　　　　　　P. O. Box 951
OF COUNSEL:　　　　　　　　　　　　　 Wilmington, DE  19899-0951
　　　　　　　　　　　　　　　　　　　　Tel: (302) 984-6000
Alan M. Grimaldi　　　　　　　　　　　 rhorwitz@potteranderson.com
Joseph P. Lavelle　　　　　　　　　　　 dmoore@potteranderson.com
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.　　　　 *Attorneys for Defendant*
Washington, DC  20004　　　　　　　　　*Acushnet Company*
Tel: (202) 783-0800

Dated: May 8, 2007
Public Version Dated: May 15, 2007
795604/28946

Acushnet Co. ("Acushnet") moves to exclude Bridgestone Sports Co. Ltd. and Bridgestone Golf, Inc. ("Bridgestone") from offering testimony at trial of a scientific, technical or specialized knowledge nature from any witness, including any employee witness it will bring to trial, not properly identified under Fed. R. Civ. P. 26(a)(2)(A).

During the expert discovery period Acushnet disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(A) its employee witnesses who may be called upon to provide testimony of a scientific, technical or specialized knowledge nature at trial. Bridgestone took the opportunity to depose those witnesses during the expert discovery period, some of whom had once already been deposed in the case. Bridgestone, on the other hand, disclosed no employee expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A).

By this motion, Acushnet seeks to prevent Bridgestone from back-dooring into the trial through its employees any testimony of a scientific, technical or specialized knowledge nature, where Bridgestone failed to disclose the identify of such person pursuant to Fed. R. Civ. P. 26(a)(2)(A) so as to afford Acushnet the opportunity to depose them during the expert discovery period.

## I. ONLY WITNESSES IDENTIFIED PURSUANT TO FED. R. CIV. P. 26(a)(2)(A) MAY OFFER TESTIMONY IN THE FORM OF SCIENTIFIC, TECHNICAL, OR SPECIALIZED KNOWLEDGE.

The Federal Rules of Evidence allow a witness to offer testimony in the form of scientific, technical or specialized knowledge if the witness is qualified and properly disclosed pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(2)(A).

Federal Rules of Evidence, Rule 702 provides in part:

If *scientific, technical, or other specialized knowledge* will assist the trier of fact to understand the evidence or to determine a fact in issue, *a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise* ....

Fed. R. Evid. 702 (emphases added). In contrast, lay witnesses may offer opinion testimony, but only as long as that testimony is "*not* based on scientific, technical, or specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

In 2000, amendments were made to the Federal Rules of Evidence to make this distinction clearer. One of the amendment's purposes was to eliminate the risk that the *disclosure* requirements set forth in Fed. R. Civ. P. 26(a)(2) would be evaded "by simply calling an expert witness in the guise of a lay person." Fed. R. Evid. 701, Advisory Committee Notes (2000 Amendments). *See also Applera Corp. v. MJ Research Inc.*, 220 F.R.D. 13, 19 (D. Conn. 2004) (amendments "were designed to prevent … [parties that] call expert witnesses in the guise of laypersons to offer opinion testimony on invalidity and infringement" – i.e., the ordinary skill in the art perspective); *Vigilant Ins. v. E. Greenwich Oil Co.*, 234 F.R.D. 20, 21-24 (D.R.I. 2006).

In some cases, "it is possible for the same witness to provide both lay and expert testimony in a single case." Fed. R. Evid. 701, Advisory Committee Notes (2000 Amendments). In such cases, application of the rules focuses on the nature of the testimony to be offered. *Id. See also United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). The rule "makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 *and the corresponding disclosure requirements of the Civil … Rules*." Fed. R. Evid. 701, Advisory Committee Notes (2000 Amendments) (emphasis added).

If a party intends to offer testimony from a witness in the form of scientific, technical, or specialized knowledge, it must properly disclose that witness in accordance with the Federal Rules governing the disclosure of expert testimony. Fed. R. Civ. P. 26(a)(2)(A) states that "a party shall disclose to other parties the identify of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." As noted above, all testimony provided in the form of scientific,

technical, or specialized knowledge is subject to the disclosure requirement. The disclosure requirement applies regardless of whether the expert is required to submit a report. *See Applera Corp.*, 220 F.R.D. at 18 (noting that Rule 26(a)(2)(A) "requires disclosure of the identity 'of any person' who will testify at trial as an expert (one presenting evidence pursuant to Fed. R. Evid. 702, 703, or 705)" while Rule 26(a)(2)(B) "only mandates expert reports of a subset of the experts required under subdivision (A) to be identified ..."); *Bank of China v. NBM LLC*, 359 F.3d 171, 180-182 & n. 13 (2d Cir. 2004) (Rule "only requires 'a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony' to prepare a signed written report," but "defendants were entitled to notice, pursuant to Rule 26(a)(2)(A), that [the employee] would testify as an expert.").

## II.    PRECLUSION IS THE APPROPRIATE REMEDY FOR FAILURE TO PROPERLY DISCLOSE ALL WITNESSES PURSUANT TO RULE 26(A)(2)(A).

To date, Bridgestone has disclosed a number of outside consultants as witnesses pursuant to Rule 26(a)(2)(A). It has not, however, disclosed any Bridgestone employee as a potential witness to provide testimony in the form of scientific, technical, or specialized knowledge. To the extent it seeks to elicit any such testimony from any witness other than those it expressly disclosed (its outside consultants) – including testimony regarding the knowledge of one of ordinary skill in the art or industry practices – its failure to disclose those witnesses pursuant to Rule 26(a)(2)(A) should preclude it from doing so.

## III.    CONCLUSION

For the foregoing reasons, Acushnet respectfully requests the Court grant its motion and exclude Bridgestone from offering testimony at trial of a scientific, technical or specialized knowledge nature from any witness, including any employee witness, not identified pursuant to Fed. R. Civ. P. 26(a)(2)(A) during the expert discovery period.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC  20004
Telephone: (202) 783-0800

Dated:  May 8, 2007
Public Version Dated:  May 15, 2007
795604/28946

By:   /s/ David E. Moore
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     P.O. Box 951
     Wilmington, DE  19899-0951
     (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys For Defendant*
*Acushnet Company*

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 15, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on May 15, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946