## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.,    )
and BRIDGESTONE GOLF, INC.,    )
    )    C. A. No. 05-132 (JJF)
    Plaintiffs,    )
    )
    v.    )    **PUBLIC VERSION**
    )
ACUSHNET COMPANY,    )
    )
    Defendant.    )

## ACUSHNET'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
## SECONDARY CONSIDERATIONS OF NON-OBVIOUSNESS

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  (202) 783-0800

Dated:  May 8, 2007
Public Version Dated:  May 15, 2007
795605/28946

Acushnet hereby moves for an order excluding Bridgestone Sports Co. Ltd. and Bridgestone Golf, Inc. ("Bridgestone") from presenting any evidence at trial of secondary considerations of non-obviousness.

Bridgestone has offered no triable evidence of any nexus between the objective factors of non-obviousness and any features of the inventions claimed in the patents-in-suit. In fact, its evidence of secondary considerations alone is meager at best. Without evidence of nexus, secondary considerations are irrelevant to the obviousness analysis. Bridgestone's evidence would serve no purpose other than to prejudice, mislead, and confuse the jury, and would therefore violate Rule 403 of the Federal Rules of Evidence.

## I.    THERE *MUST* BE A NEXUS BETWEEN THE OBJECTIVE NON-OBVIOUSNESS FACTORS AND THE INVENTION

Once presented with a prima facie case of invalidity based on obviousness, a patentee must come forward with rebuttal evidence if the patent is to be saved from a finding of invalidity. *See Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1216 (Fed.Cir.1998); *Pfizer Inc. v. Apotex*, 480 F.3d 1348, 1360 (Fed. Cir. 2007). For this, the patentee may present evidence of objective indicia of non-obviousness, *i.e.* secondary considerations, such as commercial success, unexpectedly better results, failure of others, and copying. *See Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966).

As part of this evidence, however, a "nexus must be established between the merits of the claimed invention and evidence of commercial success[, or other secondary considerations,] before that evidence may become relevant to the issue of obviousness." *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1324 (Fed. Cir. 2004) (quoting *Solder Removal Co. v. USITC*, 582 F.2d 628, 637 (1978)).

"[E]vidence of commercial success, or other secondary considerations, is only significant if there is a nexus between the claimed invention and the commercial success." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311-12 (Fed. Cir. 2006); *see also Stratoflex , Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1539 (Fed. Cir. 1983).

## II.    BRIDGESTONE OFFERS NO EVIDENCE OF NEXUS

### A.    Bridgestone's Interrogatory Responses Provide No Evidence of Nexus

On July 11, 2005, Acushnet requested the factual bases for Bridgestone's contention that objective evidence of non-obviousness existed. (*See* Ex. 1, Acushnet's First Set of Interrogs., No. 10). Almost a year and a half later, on December 18, 2006, in its ninth supplemental response, Bridgestone only could muster a cursory response that failed even to provide a legitimate basis for any of the objective factors, let alone evidence of a nexus between the factors and the claimed inventions. (*See* Ex. 2, Bridgestone's 9th Supplemental Response to Acushnet's First Set of Interrogs., No. 10).



With respect to its contentions of commercial success and copying, Bridgestone relied solely on allegations that Acushnet infringed the patents-in-suit as its evidence. (*See id.* at 11-12). Finally, Bridgestone stated that it would rely on the commercial success of its Precept Lady, MC Lady and Laddie as evidence of the non-obviousness of the '652 and '834. (*Id.* at 11).

That was the extent of Bridgestone's response – not one word about the nexus between the objective non-obviousness factors and the claimed inventions in the patents.

## B.    Bridgestone's Experts Provide No Evidence of Nexus

Bridgestone's experts failed to remedy its shortcomings in providing evidence of a nexus.   In fact, its experts failed to even provide *any* opinion on secondary considerations relating to the '961, '791, '834, and '817 patents.

Thus, the extent of Bridgestone's evidence of secondary considerations is its interrogatory response, which as illustrated above, is lacking any mention of nexus. Moreover, even though Bridgestone's experts do mention secondary considerations in connection with the '652, '852 and '707 patents, those opinions fail too to mention the essential ingredient of a nexus between the objective factor and the claimed inventions.

First, the Federal Circuit requires that "when unexpected results are used as evidence of non-obviousness, the results must be shown to be unexpected compared with the closest prior art." *Kao Corp. v. Unilever U.S., Inc.*, 441 F.3d 963 (Fed. Cir. 2006). Neither Bridgestone expert stated why the results were unexpected or specifically identified what the closest piece of prior art actually was.   John Calabria, who opined on the validity of the '707 and the '852 patents, simply stated that that the "combination of spin rates and distances" shown in the Tables of the '707 and '852 provide a "better performing ball than prior art examples." (Ex. 3, Calabria 2/20/07 Report at A-49 and C-15; *see also*, Ex. 4, Cadorniga 2/20/07 Report at 46 -47[1] (with respect to the '652, the "particular combination of core materials including a specific sulphur such as zinc PCTP as shown in Tables 1 and 2 provide a better performing ball than prior art examples.")).

Next, Mr. Calabria stated that "Acushnet's inability to produce balls with two layer-covers…shows that others failed to produce such a ball." (Ex. 3, Calabria 2/20/07 Report at A-49 and C-15-16 (pointing to unspecified pages of Jeffrey Dalton and Ed Hebert deposition testimony); *see also*, Ex. 4, Cadorniga 2/20/07 Report at 47). However, simply offering evidence that Acushnet tried and failed to develop a golf ball

---

[1] Larry Cadorniga opined on the validity of the '652 patent.

with two layer covers is insufficient nexus evidence; there has to be evidence that it failed *because the ball lacked the claimed features*, which Bridgestone's experts (as with its interrogatory answers) do not provide. *See Ormco*, 463 F.3d at 1314 (evidence that other orthodontists had tried and failed to develop an invisible orthodontic system does not suggest that these prior attempts failed because the devices lacked the claimed features).

Then, Mr. Calabria relied on the "reasonableness" of Mr. Cadorniga's opinion of infringement and the fact that "Acushnet's research and development department regularly reviews issued U.S. patents" to support his equivocal statement that Acushnet "may have utilized the construction recited" in the asserted claims in the "accused balls." (Ex. 3, Calabria 2/20/07 Report at A-49, C-16); *see also*, Ex. 4, Cadorniga 2/20/07 Report at 47 (using same quoted phrases in connection with '652 patent, except he relies on his own infringement opinion)). However, the Federal Circuit has held that "not every competing product that arguably falls within the scope of a patent is evidence of copying." Rather, copying requires the replication of a specific product, which may be demonstrated through internal documents; direct evidence such as disassembling a patented prototype, photographing its features, and using the photograph as a blueprint to build a virtually identical replica; or access to, and substantial similarity to, the patented product (as opposed to the patent)." *See Iron Grip*, 392 F.3d at 1326 (citations omitted). Here, Bridgestone has offered none of this evidence; none exists.

Finally, Mr. Calabria stated that it was his "understanding" that the accused Acushnet balls were "quite commercially successful," and his "understanding" that the "success was related directly to the features of the golf balls which are recited in the claims" of the '707 and '852 patents and to the fact that the "same balls were utilized by professional players." Without stating where his understanding came from or upon what it was based, Mr. Calabria summarily concluded that "this commercial success shows" that the '707 and '852 were non-obvious. (Ex. 3, Calabria 2/20/07 Report at A-50, C-16; *see also* Ex. 4, Cadorniga 2/20/07 Report at 47, using the same quoted phrases in

4

connection with the '652 patent)). Again, these vague, empty statements do not provide any evidence of a nexus between the commercial success of Acushnet's golf balls and the features of the claimed inventions.

In short, Bridgestone has failed to offer any evidence of the required nexus to support its contentions that secondary considerations of non-obviousness exist. Without evidence of the required nexus, Bridgestone's superficial evidence and perfunctory statements from its experts are irrelevant. Acushnet would be unfairly prejudiced if Bridgestone were allowed to present evidence of secondary considerations of non-obviousness at trial without any evidence of a nexus. Bridgestone's inadequate evidence would serve no purpose other than to mislead and confuse the jury.

### III.    CONCLUSION

For the foregoing reasons, Acushnet respectfully requests the Court grant its motion in limine and exclude any evidence that Bridgestone intends to introduce at trial concerning secondary considerations of non-obviousness.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 783-0800

Dated: May 8, 2007
Public Version Dated: May 15, 2007
795604/28946

By:  /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys For Defendant / Counterclaim Plaintiff / Acushnet Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 15, 2007, the attached document was hand

delivered to the following persons and was electronically filed with the Clerk of the Court using

CM/ECF which will send notification to the registered attorney(s) of record that the document

has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on May 15, 2007, I have Electronically Mailed the documents to the

following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946