# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., AND BRIDGESTONE GOLF, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 05-132(JJF) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Acushnet Company ("Acushnet") hereby requests that plaintiff Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively "Bridgestone") answer the following interrogatories in the time required by law at the offices of Howrey LLP, 1299 Pennsylvania Avenue, NW, Washington DC 20004.

### DEFINITIONS

The following definitions apply to these requests:

1. The term "Bridgestone" or "you" or "your" shall mean Bridgestone Sports Co., Ltd., Bridgestone Golf, Inc., and any parent, subsidiary, partner (including general and limited partners), member and/or affiliated entities, past or present, of Bridgestone, and any person or entity, past or present, acting on behalf of Bridgestone, including each of its present and former officers, executives, general partners, limited partners, directors, employees, attorneys, agents and/or representatives.

2. The term "Acushnet" as used herein each shall refer to the named defendant, Acushnet Company and its present and/or former officers, directors, employees, agents, attorneys, and/or representatives.

Bridgestone Patents, and for each such product, identify the time period(s) and geographical location in which that product was made, used and/or sold.

**INTERROGATORY NO. 10.**

Separately for each of the Bridgestone Patents, state whether you contend there is objective evidence of nonobviousness, and if so, identify on a claim-by-claim basis all facts that you contend support or evidence such alleged objective evidence of nonobviousness or secondary considerations (including but not limited to commercial success, long-felt need, failure of others, commercial acquiescence, unexpected results, improved results, and/or new results) that should be considered in determining whether the claim is invalid for obviousness.

**INTERROGATORY NO. 11.**

Identify and describe in detail each instance in which Bridgestone has communicated with any person or entity regarding a potential license of one or more of the Bridgestone Patents, including offers to license, demands that the person or entity license, and any agreements concerning any of the Bridgestone Patents.

**INTERROGATORY NO. 12.**

Separately for each of the Bridgestone Patents, state whether Bridgestone contends it has complied with the marking provision of 35 U.S.C. § 287, and if so, identify the article so marked and describe all facts supporting such contention, including dates of first alleged compliance and whether such compliance has been continuous to the filing of the Complaint.

**INTERROGATORY NO. 13.**

Separately for each of the Bridgestone Patents, describe in detail any investigation relating to the allegations against Acushnet undertaken by you or on your behalf prior to filing the Complaint.

# EXHIBIT 2

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 3

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 4

**THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY**