IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) C. A. No. 05-132 (JJF) ) ) ) ) **PUBLIC VERSION** ) ) ) ) ) |

## ACUSHNET'S MEMORANDUM IN SUPPORT OF ITS DAUBERT MOTION TO EXCLUDE THE PROPOSED EXPERT TESTIMONY OF NICK PRICE

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  (202) 783-0800

Dated: May 8, 2007
Public Version Dated:  May 15, 2007
795615/28946

# TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT ..................................................................................1

II. STATEMENT OF FACTS .......................................................................................1

III. ARGUMENT.............................................................................................................4

    A. Mr. Price's Testimony Should be Excluded as Irrelevant Under Rules 402 and 702.................................................................................................4

    B. Mr. Price's Testimony Should be Excluded Because Its Limited Probative Value is Substantially Outweighed by the Prejudice and Waste of Time It Would Cause and Because It Is Unreliable Subjective Opinion..............................................................................................6

        1. Mr. Price's Proposed Testimony Has Low Probative Value Because It Is Merely Subjective Opinion and Irrelevant to the Factual Disputes...................................................................................6

        2. Mr. Price's Proposed Testimony Would Be Highly Prejudicial Because of His Status as a Well-Known Professional Golfer..................................................................................7

        3. Allowing Mr. Price to Testify Would Waste This Court's Time with a Battle of Expert Witnesses..........................................................7

    C. Mr. Price's Proposed Testimony Should be Precluded Under Rule 26(a)(2)(B) Because It is Outside of the Scope of His Expert Report.........................................................................................................8

    D. Mr. Price's Expert Report and Testimony Should be Excluded Under Rule 702 Because He Does Not Have any Relevant Scientific, Technical, or Other Specialized Knowledge That Would Assist the Trier of Fact..............................................................................9

IV. CONCLUSION........................................................................................................10

## TABLE OF AUTHORITIES

### CASES

*2660 Woodley Rd. Joint Venture v. ITT Sheraton Corp.*,
  1999 U.S. Dist. LEXIS 21545 (D. Del. Nov. 30 1999) .......................................... 4

*AquaTex Indus. v. Techniche Solutions*,
  479 F.3d 1320 (Fed. Cir. 2007) ............................................................................ 4

*Calhoun v. Yamaha*,
  350 F.3d 316 (3d Cir. 2003) ................................................................................. 9

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) ..................................................................................... *passim*

*In re Paoli R.R. Yard PCB Litig.*,
  35 F.3d 717 (3d Cir. 1994) ................................................................................... 6

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) .............................................................................................. 9

*McMillan v. Weeks Marine, Inc.*,
  2007 U.S. Dist. LEXIS 20833 (D. Del. Mar. 22 2007) ........................................ 8

*Medtronic, Inc. v. Cardiac Pacemakers, Inc.*,
  721 F.2d 1563 (Fed. Cir. 1983) ............................................................................ 4

*Schneider v. Fried*,
  320 F.3d 396 (3d Cir. 2003) ................................................................................. 6

*United States v. Downing*,
  753 F.2d 1224 (3d Cir. 1985) ............................................................................... 4

### RULES

Fed. R. Evid. 403 ............................................................................................... 6, 7

Defendant Acushnet Company ("Acushnet") files this Memorandum in support of its Motion to Exclude the Proposed Expert Testimony of Nick Price.

### I. SUMMARY OF ARGUMENT

This patent infringement suit involves the validity and infringement of eleven patents covering various aspects of golf ball design. Bridgestone proposes to call Nick Price, a professional golfer under contract with Bridgestone, to offer his purported "expert" testimony. As shown by his report, however, Mr. Price's testimony is irrelevant to the case's factual issues, which involve the technologies used in the manufacture of golf balls – not their general development or the subjective perceptions of professional golfers who play them. Mr. Price is wholly unqualified under the principles articulated in Rule 702 and *Daubert* to offer any meaningful specialized testimony helpful to the jury in understanding any of the infringement, validity or damages issues in this case.

Further, Bridgestone proposes to offer testimony at trial from Mr. Price which is not even contained in his expert report. Bridgestone plans on calling Mr. Price to testify as to the "historical development of golf ball technology," "how a golf ball is evaluated by a golfer," and to "Bridgestone's role in the development of solid golf ball technology." (Ex. 1 – Bridgestone's 5/2/2007 Proposed Pretrial Order at 4). Because Mr. Price offered no such opinions in his report, Bridgestone is precluded from offering them at trial.

### II. STATEMENT OF FACTS

This is a complex case, involving eleven patents directed to various aspects of golf ball design, with claims directed to properties such as material hardness, compression, rubber chemistry, and aerodynamics. The parties have both put forth numerous experts with scientific and technical knowledge to assist the jury in understanding this technology. Collectively, they have presented reports of nine different experts with doctoral degrees in fields such as chemical engineering (Dr. Felker), mechanical engineering (Dr. Lynch), statistics (Dr. Sutton), physical chemistry (Dr.

Koenig), aeronautics and astronautics (Dr. Blair), theoretical and applied mechanics (Dr. Caulfield), chemistry (Dr. Coughlin), polymer science and engineering (Dr. Isayev), and aerodynamics and fluid mechanics (Dr. Mehta).

In contrast to these experts with specialized scientific and technical knowledge, Bridgestone is attempting to call Nick Price, a well-known professional golfer, to testify as an "expert" on golf ball technology. While Mr. Price is undoubtedly skilled in the use of golf balls, there is no indication that he has any knowledge relevant to the specific technical issues in this case or the type of specialized scientific or technical knowledge that can assist (versus confuse) the jury in resolving the questions presented in this case.

In fact, Mr. Price has not disclosed any proposed testimony relevant to the factual disputes in this case. Rather, he offered the following "opinions" in his expert report:

- "[M]ost professional golfers are extremely particular about the feel and performance of their equipment," including their golf balls. (*See* Ex. 2 – Price Report at ¶7);

- "Bridgestone emerged as the leader in producing professional-level solid golf balls in around 1992." (*Id.* at ¶9);

- "[In the 1990's] Bridgestone was providing the leading golf ball technology for the professional player and [it] was years ahead of the field" (*Id.* at ¶10);

- "[Until around the year 2000-2001] most Tour professionals resisted switching [to two piece solid core golf balls] because they preferred the "feel" and "sound" of the wound ball and thus perceived that the wound ball offered greater control and overall performance than the two-piece solid ball" (*Id.* at ¶11);

- "[T]he introduction of the professional-grade three-piece solid-core golf ball marked a revolutionary development in golf ball technology" (*Id.* at ¶ 12);

- "Bridgestone's early development work with two piece golf balls paid great dividends when they began introducing multilayer solid golf balls" (*Id.* at ¶ 13);

- "I consider Bridgestone's engineers, and myself, to be pioneers of the use of solid golf balls on Tour" (*Id.*); and

2

- "I believe that [Bridgestone's B-330 ball] is the best ball on the market and is almost perfect, perhaps a 9.6 on a 10 scale." (*Id.* at ¶ 14).

As the Court can see, Mr. Price's "expertise" is mere puffery and infomercial, designed to portray Bridgestone as an "industry leader" and "pioneer" in the manufacture of golf balls. None of Mr. Price's opinions are connected with any legitimate issues for trial, such as questions of infringement or validity of the patents-in-suit, or damages.

The infringement and validity issues in the case turn on highly technical questions of golf ball structure and composition, particular to the limitations of the patents-in-suit, such as the chemical compositions used in golf ball cores. Mr. Price's report, however, makes no reference to any of the specific technologies embodied in the patents-in-suit. In fact, Mr. Price offers no indication that he has reviewed or even seen any of the patents-in-suit. Rather, Bridgestone appears to be offering Mr. Price only to promote itself as a lovable plaintiff and industry leader in "the use of solid golf balls on Tour." (*Id.* at ¶ 13). Even if Mr. Price's characterizations were accurate, instead of being based in unfounded conjecture, they have no relevance to the questions of infringement or validity.

Nor are Mr. Price's opinions relevant to either party's damages claims. Bridgestone bases its damages solely on a reasonable royalty and claims no lost profits. (Ex. 3 – Jarosz Report at 13). Acushnet's damages claim is based on Bridgestone's cost of implementing a non-infringing alternative to the Acushnet patents-in-suit. (Ex. 4 – Kaplan Report at 21-23). Neither claim requires discovery into Bridgestone's notoriety or reasons underlying any acceptance by Tour players of Bridgestone as an alleged pioneer in producing solid-core golf balls. Thus, even if Mr. Price could somehow connect his characterizations of Bridgestone as a "leader" of golf ball technology to any technology at issue in this case, they have no relevance to either party's damages analysis.

## III. ARGUMENT

### A. Mr. Price's Testimony Should be Excluded as Irrelevant Under Rules 402 and 702.

Mr. Price's testimony should be excluded as irrelevant to the disputed issues of fact in this case. Rule 402 of the Federal Rules of Evidence excludes from admissibility evidence which is not relevant. *2660 Woodley Rd. Joint Venture v. ITT Sheraton Corp.*, 1999 U.S. Dist. LEXIS 21545, at *3 (D. Del. Nov. 30, 1999) (Ex. 5). Similarly, Rule 702 requires that expert opinion testimony in particular be "sufficiently tied to the facts of the case [to] aid the jury in resolving a factual dispute." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 592 (1993) (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985)). That is, not only must proffered expert testimony rest on a reliable foundation, it must also be "relevant to the task at hand." *Id.* at 597.

Mr. Price's proposed testimony is not relevant to any of the issues of fact that Bridgestone identified in its draft pretrial order: the infringement and validity of the patents-in-suit, and damages, unenforceability, unclean hands, notice, and laches, waiver and estoppel. (Ex. 1 – Bridgestone's 5/2/2007 Statement of the Issues of Fact That Remain to Be Litigated).

First, the subjective opinion that Bridgestone's golf balls are the best on the market is irrelevant to whether or not the accused Acushnet products infringe Bridgestone's patents. "Infringement is not determined ... by comparison between commercial products sold by the parties." *AquaTex Indus. v. Techniche Solutions*, 479 F.3d 1320, 1328 (Fed. Cir. 2007). Second, general comments about Bridgestone's alleged role in launching solid-core technology are not relevant to the validity of its patents absent some showing of nexus between the patented technology and any success. *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1579 (Fed. Cir. 1983) ("expert testimony that Wingrove's invention opened the door for modern programmable pacemakers, and that most pacemakers made today are of the Wingrove type. . . . is not

4

evidence that the claimed invention was recognized by the industry"). Third, because Bridgestone is not asserting lost profits damages, the subjective value that professional players put on the patented technology is not relevant to Bridgestone's damages case.

Also, by Bridgestone's own admission, none of the balls addressed in Mr. Price's report embodied the technologies at issue in this case prior to 2004. Mr. Price stated that he played the Bridgestone Reygrande and Precept EV. (*See* Ex. 2 – Price Report at ¶ 9). These balls do not embody the patents-in-suit. (*See* Ex. 6 – Pls.' Ninth Supp. Resp. to Def.'s First Set of Interrog. No. 12 (showing that Bridgestone has not marked these golf balls with any of the patents in suit)). Mr. Price also discussed the Nike three-piece golf balls. (*See* Ex. 2 – Price Report at ¶ 12). However, Bridgestone has never shown that any of these balls embody the patents in suit. (*See* Ex. 7 – Pls.' Fifth. Resp. to Def.'s First Set of Interrog. No. 9; Ex. 6 – Pls.' Ninth Supp. Resp. to Def.'s First Set of Interrog. No. 12). The only ball that Mr. Price has played that is relevant to this case is the B-330 ball – and, by Bridgestone's own admission, that ball did not begin to practice any of the technology at issue in this case until 2004 – well after the "developments" described in Mr. Price's report. (*See* Ex. 2 – Price Report at ¶ 14; Ex. 6 – Pls.' Ninth Supp. Resp. to Def.'s First Set of Interrog. No. 12).

Finally, Bridgestone also has admitted that "how a golf ball is evaluated by a golfer" is irrelevant to the present dispute. Acushnet specifically asked Bridgestone for discovery regarding whether "current or potential customers of each Bridgestone or Nike ball sold in the United States value the patented feature of the ball." (*See* Ex. 8 – Def.'s Fourth Set of Interrogs. to Pls. at Interrog. No. 52). Bridgestone contended that this subject matter is irrelevant to its present case because it is not seeking lost profits. (*See* Ex. 9 – Pls.' Resps. to Def.'s Fourth Set of Interrogs. at Interrog. No. 52).

5

     **B.**    **Mr. Price's Testimony Should be Excluded Because Its Limited Probative Value is Substantially Outweighed by the Prejudice and Waste of Time It Would Cause and Because It Is Unreliable Subjective Opinion.**

Federal Rule of Evidence 403 provides that relevant evidence should be excluded if it is prejudicial, or if its presentation would be a waste of time:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. Mr. Price's testimony is of little probative value because it is irrelevant to the factual disputed issues. Mr. Price's testimony is also infirm pursuant to the requirements of Rule 702, as discussed later. For this reason, its probative value is substantially outweighed by the confusion of the issues the jury is to consider and the unnecessary waste of time that bringing Mr. Price to trial would cause.

     **1.**    **Mr. Price's Proposed Testimony Has Low Probative Value Because It Is Merely Subjective Opinion and Irrelevant to the Factual Disputes.**

It is a well-established principle that the party submitting expert testimony must show that the proposed testimony is germane to the proceeding and helpful to the jury. *See Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). For the reasons discussed above, Mr. Price's testimony is irrelevant, and therefore of little probative value.

Further, Mr. Price's opinions, as expressed in his report, have little probative value because they constitute precisely the type of "subjective belief or unsupported speculation" prohibited by *Daubert*. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 743 (3d Cir. 1994) ("Daubert explains that the language of Rule 702 requiring the expert to testify to scientific knowledge means that the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'"). Mr. Price's opinions are not based in any methodology or reasoned analysis (none that are disclosed at least), but consist merely of subjective belief and

6

conjecture, none of which are relevant to the issues in the case. For example, it is of no import whether, in Mr. Price's opinion, "Bridgestone emerged as the leader in producing professional-level solid golf balls in around 1992" or whether Bridgestone "was providing the leading golf ball technology for the professional player and [it] was years ahead of the field" or whether Mr. Price, under contract with Bridgestone, finds the B-330 ball "almost perfect" on a 10 scale in his opinion. (Ex. 2 – Price Report at ¶¶ 9-10, 14).

Those subjective opinions hold particularly low probative value because Mr. Price has not connected them to any Bridgestone patent-in-suit, but refers generally instead to "solid core technology." (*Id.* at ¶ 10). All of the golf balls involved in this case – both Acushnet's and Bridgestone's – have solid cores, while the Bridgestone patents-in-suit are directed to very specific technologies within the broad canvas of those cores, such as hardness distribution, compression and rubber composition.

### 2. Mr. Price's Proposed Testimony Would Be Highly Prejudicial Because of His Status as a Well-Known Professional Golfer.

"'Unfair prejudice' within [Rule 403's] context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 and advisory committee notes. This is exactly the sort of prejudice that would occur if the Court allows Mr. Price's testimony. As is transparent from his report, Mr. Price's testimony is little more than a celebrity endorsement of Bridgestone intended to emotionally sway the jury and engender their sympathies.

### 3. Allowing Mr. Price to Testify Would Waste This Court's Time with a Battle of Expert Witnesses.

Should Mr. Price be allowed to testify regarding his experience with Bridgestone's development of solid golf balls, Acushnet will, in turn, call one of its professional golfers, Davis Love III, to offer contrary testimony. But frankly, having two

7

professional golfers present testimony regarding whether Bridgestone or Acushnet makes a better golf ball will not assist the jury in determining the issues before it. Rather, it will merely serve to consume the limited time that is available for a trial on the eleven patents between the parties.

### C. Mr. Price's Proposed Testimony Should be Precluded Under Rule 26(a)(2)(B) Because It is Outside of the Scope of His Expert Report.

Mr. Price should be precluded from testifying to matters beyond the scope of his expert report. Acushnet elected, on the basis of Mr. Price's report, not to depose Mr. Price, and therefore could not have known of the additional opinions and topics on which Bridgestone is now saying they will call him to provide testimony.

Under "Federal Rule of Civil Procedure 26(a)(2)(B), an expert's report 'shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information considered by the witness in forming the opinions.'" *McMillan v. Weeks Marine, Inc.*, 2007 U.S. Dist. LEXIS 20833, at *18 (D. Del. Mar. 22, 2007) (Ex. 10). Mr. Price's expert report was limited to his personal, unstudied and anecdotal observations of the actions and preferences of professional golf players and his role testing new products for Bridgestone, and his trial testimony should not be allowed to exceed this scope.

Bridgestone says it intends to call Mr. Price to testify as to "how a golf ball is evaluated by a golfer, including the parameters of spin, feel, distance, control, and compression." (Ex. 1 – Bridgestone's 5/2/2007 Proposed Pretrial Order at 4). However, Mr. Price's expert report only discusses four features, "distance, control/spin, and consistency." (Ex. 2 – Price Report at ¶ 7). Therefore, even assuming Mr. Price should testify at all, Mr. Price should be precluded from testifying as to how a golfer evaluated compression because he did not discuss compression in his expert report. Furthermore, Mr. Price's report is limited to his personal subjective analysis of the preferences of

expert golfers. (*See id.*). Therefore, Mr. Price's trial testimony should, at most, be limited to his subjective opinion of the preferences of professional golfers only.

Bridgestone says it also intends to call Mr. Price to testify to "Bridgestone's role in the development of solid golf ball technology." (Ex. 1 – Bridgestone's 5/2/2007 Proposed Pretrial Order at 4). However, Mr. Price admits in his report that he was not personally involved in this development – rather, his involvement was limited to trying out new products that Bridgestone designed: "I consider Bridgestone's engineers, and myself, to be pioneers of the use of solid core balls on Tour, as they were developing effective products for my use, and I was testing these products in competition . . . ." (Ex. 2 – Price Report at ¶13). If any of this is relevant in the first instance, Mr. Price's trial testimony should be limited to his testing of Bridgestone's products, and not to any other aspects of Bridgestone's product development.[1]

> **D.    Mr. Price's Expert Report and Testimony Should be Excluded Under Rule 702 Because He Does Not Have any Relevant Scientific, Technical, or Other Specialized Knowledge That Would Assist the Trier of Fact.**

Faced with a proffer of expert testimony, the trial judge must determine, at the outset, whether the expert will testify to (1) scientific, technical or other specialized knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Mr. Price is a professional golfer. His specialized knowledge relates to his ability to play golf. The facts in issue in this case, however, involve parameters relating to the design of golf balls – not their use. *Cf. Calhoun v. Yamaha*, 350 F.3d 316, 323 (3d Cir.

---

[1] Bridgestone says it also intends to call Mr. Price to testify as to the "historical development of golf ball technology." Mr. Price's expert report is limited to the adoption of solid-core golf balls by professional players. If relevant at all, therefore, his testimony should be so limited.

9

2003) (court refused to permit a marine safety officer to give opinion regarding safety of a particular brand of jet ski despite that fact the officer had significant experience operating the machine). Therefore, any specialized knowledge that he has to offer is not germane to any facts in issue and, *ergo*, not helpful. *Daubert*, 509 U.S. at 591.

Mr. Price lacks scientific, technical or other specialized knowledge relevant to the art of designing and constructing golf balls. Even Bridgestone's experts contend that one of ordinary skill in the art relevant to this case must have a chemistry or engineering degree, along with work experience as a chemist or engineer. (*See* Ex. 11 – 1/16/2007 Isayev Report at p. 5). Mr. Price has no such specialized knowledge.

## IV.  CONCLUSION

Nick Price – a professional golfer – is not qualified, by virtue of scientific or technical training, to assist the trier of fact in understanding the golf ball art, the patented technology, or anything else that is relevant to what the jury must ultimately decide in this patent infringement case. His appearance at trial would serve as nothing more than a celebrity endorsement for Bridgestone and its golf balls. For the foregoing reasons, the expert report and proposed testimony of Mr. Price should be excluded.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC  20004
Telephone: (202) 783-0800

Dated:  May 8, 2007
Public Version Dated:  May 15, 2007
795615/28946

By:  /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys For Defendant
Acushnet Company*

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 15, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on May 15, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946