IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>ACUSHNET COMPANY,<br><br>*Defendant.* | C.A. No. 05-132 (JJF)<br><br>**REDACTED –<br>PUBLIC VERSION** |

**BRIDGESTONE'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,818,705**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
  *Attorneys for Bridgestone Sports Co., Ltd.
  and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filing Date: May 11, 2007
Redacted Filing Date: May 16, 2007

i

## **TABLE OF CONTENTS**

Page

ARGUMENT ..........................................................................................................................1

    I.    BRIDGESTONE'S CORES HAVE A RESILIENCE INDEX FAR UNDER 40 ..........................................................................1

    II.   ACUSHNET CANNOT PROVE INFRINGEMENT BECAUSE IT NEVER TESTED THE ACCUSED PRODUCTS FOR RESILIENCE INDEX ...........................................................3

        A.    Acushnet's Expert Did No Testing ..................................................3

        B.    The Tests Done by Acushnet Are Irrelevant ....................................4

CONCLUSION .......................................................................................................................6

# TABLE OF AUTHORITIES

CASES

*Astrazeneca AB v. Mutual Pharm. Co.,*
  250 F. Supp. 2d 506 (E.D. Pa. 2003) ..................................................................................5

*Astrazeneca AB v. Mutual Pharm. Co.,*
  384 F.3d 1333 (Fed. Cir. 2004) ..........................................................................................5

1

## ARGUMENT

That Acushnet has just $3,334 riding on the '705 patent may explain why neither it nor its expert conducted any testing on the actual accused golf balls and why it has not attempted to dispute the evidence that Bridgestone's expert has gathered to show that the accused golf balls do not have a resilience index of greater than about 40. Acushnet's Opposition wastes several pages regurgitating the report of its expert concerning the chemical make-up of a polybutadiene polymer (which has nothing to do with this Motion) and does not offer any evidence about the accused balls.

### I. BRIDGESTONE'S CORES HAVE A RESILIENCE INDEX FAR UNDER 40

Claim 4 of the '705 patent requires that the accused golf balls have a center with a material that has "a resilience index of at least about 40."[1] Acushnet does not dispute that the tests on which Acushnet employees relied were not of actual samples of the finished accused golf balls, or even of all of the blended materials used to form those balls.[2]

On the other hand, as set forth in Bridgestone's Opening Brief (D.I. 346 at 3-5), Bridgestone's expert Dr. Isayev tested cured cores, and confirmed that the resilience index for the accused Bridgestone Tour B330 golf ball is about 3 (far less than "at least about 40"). He opined that the cured, core material of all of the other accused Bridgestone golf balls would so

---

[1] The Court has not yet provided a claim construction for certain disputed terms, including "material" and "resilience index." Regardless of the construction of these terms, Acushnet has failed to present a *prima facie* case of infringement as a matter of law.

[2] ███████████████████████████████████████████████

have a very low resilience index, similar to that for the Tour B330 golf ball. Acushnet has not disputed Dr. Isayev's testing or opinion.

Dr. Isayev also tested an uncured blend that contained all of the core materials of the Bridgestone Tour B330 golf ball, taken directly from Bridgestone's manufacturing line. He calculated a resilience index of about 8 – again, far below "at least about 40." Based on this testing, Dr. Isayev opined that each of the accused golf balls would also fail to satisfy this claim limitation (D.I. 346, Ex. B, Dr. Isayev's Declaration and Report, at 9-21). Acushnet also did not test a blend of all of the materials in the core formulations for the accused golf balls.

Indeed, Acushnet acknowledges that it has not measured the resilience index for any of the finished accused Bridgestone golf balls or for any intermediate rubber compositions from the accused golf balls.

The only relevant testing was conducted by Bridgestone's expert, Dr. Isayev. That testing demonstrated that Bridgestone's finished golf ball core and intermediate rubber composition fail to satisfy the limitation that "material" have a resilience index of at least about 40. Acushnet does not dispute this evidence. Thus, Bridgestone's motion for summary judgment of non-infringement should be granted.

3

## II. ACUSHNET CANNOT PROVE INFRINGEMENT BECAUSE IT NEVER TESTED THE ACCUSED PRODUCTS FOR RESILIENCE INDEX

### A. Acushnet's Expert Did No Testing

Acushnet contends that its expert, Dr. Koenig, "directed Acushnet employees to prepare two samples" for testing (D.I. 408 at 8). Dr. Koenig did not agree with this characterization. During his deposition, Dr. Koenig readily admitted he had no such involvement in any testing for the '705 patent. Dr. Koenig said that he had no role in the testing that Acushnet's employees performed and that the tests were performed at the request of Acushnet's lawyers:



(Ex. B, Koenig Dep. Tr. at 266:15-267:6; *see also id.* at 275:16-276:19; 268:16-269:18).

Dr. Koenig does not even know which Acushnet employees performed the testing – because he only spoke with Acushnet's outside counsel (*see id.*).

4

B. <u>The Tests Done By Acushnet Are Irrelevant</u>

Acushnet's employees, at the direction of their lawyers, created two sample mixtures of polybutadiene rubber BR730 and zinc PCTP and tested the resilience index of those rubbers. Acushnet's expert opined that these tests show that the accused Bridgestone golf balls have a "material" with a resilience index "of at least about 40." This testing does not show anything about the resilience index of the cores of Bridgestone's golf balls. For example:



[redacted]

Acushnet does not dispute that the addition of other core ingredients such as zinc acrylate and organic peroxide affects the resilience index. But the samples on which Acushnet relies do not include all of the core ingredients. Acushnet simply did not replicate the core materials of the accused golf balls.

Acushnet cites to the *Mannesman, A.B. Dick* and *Astrazeneca*[3] cases for the proposition that "[t]he presence of additional elements is irrelevant if all the claimed elements are present in the accused structure." Those cases have nothing to do with the situation here. Here, it is the "core material" of the golf balls that must have a resilience index of at least 40, not some of the components of that core material. Bridgestone never makes a ball with only two components (BR730 and zinc PCTP) as tested by Acushnet; that composition never exists in Bridgestone's production. Thus, even if Acushnet had competent tests results that showed that the resilience index of these two components was greater than 40, they would be meaningless.

---

[3] Acushnet quotes from *Astrazeneca AB v. Mutual Pharm. Co.*, 250 F. Supp. 2d 506, 515 (E.D. Pa. 2003). The Federal Circuit, however, reversed the grant of summary judgment of infringement and remanded for entry of judgment of noninfringement. *Astrazeneca AB v. Mutual Pharm. Co.*, 384 F.3d 1333 (Fed. Cir. 2004). (The Court affirmed the district court's judgment in favor of Astrazeneca on invalidity.) The court narrowed the district court's claim construction of the phrase "in a semi-solid or liquid nonionic solubilizer," upon which Acushnet proffered its quotation. *Id.* at 1339-40.

## CONCLUSION

Bridgestone's motion for summary judgment that it does not infringe Acushnet's claim 4 of the '705 Patent should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Leslie A. Polizoti

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
  *Attorneys for Bridgestone Sports Co., Ltd.
  and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 11, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 11, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 11, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com

# EXHIBIT A

## FULLY REDACTED

# EXHIBIT B

## FULLY REDACTED

Case 1:05-cv-00132-JJF   Document 513   Filed 05/16/2007   Page 12 of 13

## CERTIFICATE OF SERVICE

I certify that on May 16, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 161, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com