IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., <br><br> *Plaintiffs*, <br><br> *v.* <br><br> ACUSHNET COMPANY, <br><br> *Defendant.* | C.A. No. 05-132 (JJF) <br><br> REDACTED – <br> PUBLIC VERSION |

## BRIDGESTONE'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 6,634,961

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200

*Attorneys for Bridgestone Sports Co., Ltd.*
*and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filing Date: May 11, 2007
Redacted Filing Date: May 16, 2007

i

# TABLE OF CONTENTS

I.   THE DATA ON WHICH ACUSHNET RELIES IS THE
     SUBJECT OF BRIDGESTONE'S PENDING MOTION FOR
     SANCTIONS                                                    1

II.  IF MESABI DATA IS EXCLUDED, THERE IS NO GENUINE
     ISSUE OF MATERIAL FACT AS TO INFRINGEMENT                    2

     A.   Bridgestone's Evidence                                  2

     B.   Acushnet's Evidence                                     5

CONCLUSION                                                        7

1.

On April 13, 2007, the parties cross-moved for summary judgment on the infringement of Bridgestone's '961 patent. Bridgestone relied on the manufacturing guidelines and core recipes produced by Acushnet during fact discovery – the same guidelines that Acushnet represented to this Court reflected the core recipe of one of the accused Pro VI golf balls. Acushnet and its expert, Dr. Felker, do not dispute infringement based on these documents. Instead, Acushnet opposes this motion solely and exclusively based on Mesabi and other data produced only after Bridgestone had served its opening expert reports on infringement – and then has the audacity to criticize Bridgestone's experts for ignoring data they did not have. Acushnet also moved for partial summary judgment of non-infringement, based on this late-produced information.

ARGUMENT

I.     THE DATA ON WHICH ACUSHNET RELIES IS THE SUBJECT OF BRIDGESTONE'S PENDING MOTION FOR SANCTIONS

Bridgestone's pending Motion for Sanctions (D.I. 304) asks that Acushnet be precluded from relying on the selective Mesabi data – Acushnet still has yet to produce all of it – attached to the February 2007 Declaration of Jeffrey Dalton. Even though Bridgestone had repeatedly asked for this data during fact discovery, Acushnet refused to produce it on the basis that it was "cumulative" and unduly burdensome. But when Acushnet decided (after the close of fact discovery) that Mesabi data was the "best" source for recipes – and its own expert wanted to rely on it – Acushnet gave him the data, without giving it to Bridgestone. The first time that Acushnet produced this data to Bridgestone was with its February 2007 rebuttal expert reports, well after Bridgestone had served its opening expert reports on infringement.

2.

The Court should grant Bridgestone's motion for summary judgment of infringement of the '961 patent upon the grant of Bridgestone's Motion for Sanctions as it pertains to the Mesabi and related data produced after fact discovery.

II.    IF MESABI DATA IS EXCLUDED, THERE IS NO GENUINE
       ISSUE OF MATERIAL FACT AS TO INFRINGEMENT

Bridgestone asserts claim 2 of the '961 patent, which depends from independent claim 1.    The limitation at issue is in claim 1, which requires a solid golf ball core "comprising...a base rubber composed of (a) 20 to 100 wt % of a polybutadiene...being synthesized using a rare-earth catalyst."    Acushnet argues that the documents that it first produced with its February 2007 rebuttal expert reports show that "for substantial periods of time, Acushnet's Pro V1 model golf ball did not contain at least 20 weight percent of CB-23 (*i.e.*, a polybutadiene rubber synthesized using a rare earth catalyst)," and thus claim 2 could not have been infringed (D.I. 420 at 11).

A.    Bridgestone's Evidence

To determine whether the accused Acushnet balls meet this limitation, Bridgestone's expert reviewed Acushnet's Manufacturing Guidelines.    Acushnet:



3.

The Manufacturing Guidelines are not, as Acushnet characterizes them, just "a good first source of information in general" (D.I. 420 at 2).

Bridgestone's expert Dr. Coughlin stated in his report (D.I. 367, Ex. G at 8-9):



Dr. Coughlin discussed his review of both manufacturing guidelines and recipe changes during his deposition. He did not "strategically ignore" recipe changes, as Acushnet asserts (D.I. 420 at 2). Dr. Coughlin recognized the same thing that Acushnet did – that core recipes are only accessible from Mesabi Mix Vision database:



4.



(Ex. A, Coughlin Dep. Tr. at 51:1-52:14).

Another one of Bridgestone's experts, Mr. Cadorniga, agreed (Ex. B, Cadorniga

Report at 10):



5.

(D.I. 367, Ex. G at 11-23). Acushnet does not dispute that, if the Manufacturing Guideline is used, the accused balls infringe the asserted claim of the '961 patent.[1]



Accordingly, Bridgestone's Motion For Summary Judgment Of Infringement of the '961 Patent should be granted because there is no dispute that the accused golf balls made according to the Manufacturing Guidelines infringe.[2]

B.    Acushnet's Evidence

Acushnet responds that Dr. Coughlin's opinion is "so contrary to the record" that it cannot be credited (D.I. 420 at 9). It also says that by "ignoring" information that he did not have (because Acushnet had not produced it), "Dr. Coughlin proffered an opinion that is inconsistent with the facts and should be excluded" (*id.* at 10). Acushnet apparently disagrees with Bridgestone's experts' conclusions, but it cannot dispute that the only core recipes it produced to Bridgestone during fact discovery were from the Manufacturing Guidelines, which

---

[1]    Indeed, by its "substantial period of time" language, Acushnet admits infringement in any event, for at least some periods of time.

[2]    Acushnet argues that "Bridgestone's request to impose a verdict" of infringement should be denied (D.I. 420 at 13). This issue, however, is pending before the Special Master.

6.

Acushnet itself produced and told Bridgestone were the "best place to look."

Bridgestone's infringement position is based on the best available data that had been produced to it during fact discovery; that is, the same data that Acushnet told the Court shows the amount of material used in the core of the accused golf ball, identified in its interrogatory response to Bridgestone as reflecting the core recipe for the same accused golf ball, and the same recipe Acushnet's 30(b)(6) designee identified as being the "best place to look."

From fact discovery, through opening expert reports and until the eve of Acushnet serving its rebuttal (non-infringement) expert report, only the manufacturing guidelines – not the recipe change notices – showed the complete core recipes for the accused golf balls.

Acushnet does not oppose Bridgestone's Motion by relying on the Manufacturing Guidelines or any other information in its interrogatory response. Instead, the issues that Acushnet raises in its Opposition are all related to late-produced Mesabi data, which is the subject of Bridgestone's pending Motion for Sanctions.[3] Bridgestone believes that the Mesabi data should be excluded. Even if it is not, Bridgestone and its experts should be allowed to supplement their reports based on this late-produced information, and Acushnet should not be

---

[3]    Bridgestone's sanctions motion also demonstrates why Acushnet's assertion that "it offered on several occasions to allow Bridgestone to inspect the Mesabi database" (D.I. 420 at 5 n.2) is incorrect.

7.

allowed to criticize Bridgestone's experts for failing to consider core recipes that it could not have previously reviewed.

CONCLUSION

Bridgestone requests that the Court grant Bridgestone's motion for summary judgment of infringement of claim 2 of the '961 patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.*
*and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 11, 2007
825425

## CERTIFICATE OF SERVICE

I certify that on May 11, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 11, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE  19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004

_/s/ Leslie A. Polizoti_
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
lpolizoti@mnat.com

# EXHIBIT A

## FULLY REDACTED

# EXHIBIT B

## FULLY REDACTED

.

# EXHIBIT C

## FULLY REDACTED

# EXHIBIT D

## FULLY REDACTED

<u>CERTIFICATE OF SERVICE</u>

I certify that on May 16, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 161, 2007 in the manner indicated:

**BY E-MAIL & HAND**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE  19801

**BY E-MAIL & FEDERAL EXPRESS**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004


/s/ *Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
lpolizoti@mnat.com