IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C. A. No. 05-132 (JJF) |

**ACUSHNET'S REPLY BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE BRIDGESTONE FROM OFFERING AT TRIAL ANY TESTIMONY IN THE FORM OF SCIENTIFIC, TECHNICAL, OR SPECIALIZED KNOWLEDGE FROM ANY WITNESS BRIDGESTONE DID NOT IDENTIFY PURSUANT TO FED. R. CIV. P. 26(a)(2)(A)**

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: May 18, 2007

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Acushnet Company*

This is Acushnet's reply in further support of its motion *in limine* to exclude Bridgestone from offering at trial any testimony in the form of scientific, technical or specialized knowledge from any witness Bridgestone did not identify pursuant to Fed. R. Civ. P. 26(a)(2)(A). (*See* D.I. 461).

In its opposition brief, Bridgestone does not dispute that it cannot offer scientific, technical or specialized knowledge testimony at trial from any witness it did not identify under Fed. R. Civ. P. 26(a)(2)(A). (D.I. 490 at 2). Nor does it dispute that it did not identify any of its employees as such witnesses. (*Id.*). As a result, Acushnet's motion should be granted to preclude Bridgestone from offering any testimony at trial based on scientific, technical or specialized knowledge from any witness it did not identify under Rule 26(a)(2), which includes all of Bridgestone's employees.

In its apparent agreement with Acushnet, however, Bridgestone misstates the scope of Acushnet's motion, the result of which is to suggest incorrectly to the Court that Acushnet is accepting a position taken by Bridgestone on a different motion. Whether Bridgestone's misstatement is simply a mistake as opposed to something intentional is unclear. But in all cases this erroneous information is important to correct.

In particular, Acushnet's motion seeks to limit Bridgestone "from offering testimony at trial of a scientific, technical or specialized knowledge nature from any witness, including any employee witness it will bring to trial, ***not properly identified under Fed. R. Civ. P. 26(a)(2)(A)***." (D.I. 461 at 1) (emphasis added). In its opposition brief, Bridgestone refers to Acushnet's motion differently, as a motion "to preclude Bridgestone from offering any scientific, technical or specialized knowledge testimony at trial from any witness that Bridgestone did not identify ***or provide reports from*** pursuant to Fed. R. Civ. P. 26(a)(2)(A)." (D.I. 490 at 1) (emphasis added). That is not correct.

What is correct is that the parties do have a dispute regarding whether employee witnesses must provide reports, which is the subject of Bridgestone's Motion *in Limine* No. 1. (*See* D.I. 446 at 2-4). That question, however, was not presented in Acushnet's

1

instant motion. Acushnet's motion is based on Bridgestone's undisputed failure to *identify* any of its employees as witnesses who may offer testimony in the form of scientific, technical or specialized knowledge. Thus, Acushnet does *not* advance that Rule 26(a)(2) requires the submission of reports from such employee witnesses. (*See* D.I. 461 at 1-5). If intentional, Bridgestone's redefinition of the scope of Acushnet's motion to suggest an agreement with Bridgestone's Motion *in Limine* No. 1 is highly improper.

Finally, despite the parties' agreement on the identification requirement of Rule 26(a) and Bridgestone's failure to identify any of its employees as expert witnesses, Bridgestone seeks to hold the door open for the introduction of such testimony by suggesting that "it may offer testimony of scientific or technical employees as permitted by Fed. R. Evidence 701." (D.I. 490 at 2). As noted in Acushnet's opening brief, Fed. R. Evid. 701 explicitly allows lay witnesses to offer opinion testimony only when that testimony is "*not* based on scientific, technical, or specialized knowledge within the scope of Rule 702." (D.I. 461 at 2). Thus, to the extent Bridgestone seeks to offer opinion testimony from its "scientific or technical employees" based on scientific, technical, or specialized knowledge, that testimony falls under Rule 702, not 701, and is subject to Rule 26(a)(2)(A), with which Bridgestone failed to comply.

Based on the foregoing, Acushnet respectfully requests that its motion be granted.

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Alan M. Grimaldi<br>Joseph P. Lavelle<br>Kenneth W. Donnelly<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>Telephone: (202) 783-0800<br><br>Dated: May 18, 2007<br>796505 | By: */s/ Richard L. Horwitz*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys For Defendant / Counterclaim Plaintiff / Acushnet Company* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on May 18, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on May 18, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ Richard E. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946