IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., ) ) ) | |
| Plaintiffs, ) | C.A. No. 05-132 (JJF) |
| v. ) ) | |
| ACUSHNET COMPANY, ) ) | |
| Defendant. ) | |

**BRIDGESTONE'S CITATION OF SUBSEQUENT AUTHORITY CONCERNING ACUSHNET'S EMERGENCY MOTION REGARDING *KSR***

Pursuant to D. Del. L.R. 7.1.2(c), plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. "(Bridgestone") bring to the Court's attention Judge Chesney's May 17, 2007 Order in *Matsushita Elec. Indus. Co. v. MediaTek, Inc.*, C.A. No. 05-3148-MMC (N.D. Cal. 2007) (Ex. A). This Order is relevant to Acushnet Company's ("Acushnet") emergency motion regarding *KSR* (D.I. 426).

Acushnet asks that the Court postpone the June 18, 2007 trial date, allow Acushnet to supplement its invalidity expert's report with any prior art "already identified in the case" (D.I. 489 at 2), and to file additional summary judgment motions. It supports this request by simply saying that Bridgestone's patents are "incremental at best – adding PCTP to a core ('652); adding another rubber with known properties to the golf ball's core ('961); tweaking the hardness gradient of a golf ball core to be below a hardness of 20 ('707) or above 22 ('791); and the like" (D.I. 489 at 2). Acushnet, however, provides no detailed analysis and gives no indication of the scope of its proposal – for example, which of the seven patents-in-suit are involved, based on what art, or how many prior art references it wants to use.

In *Matsushita*, Defendants, like Acushnet, requested that the August 2007 trial date be postponed, and that they be allowed to submit supplemental expert reports and file additional summary judgment motions. Defendants made the naked assertion that the patents-in-suit were combination patents, and that "evidence exists demonstrating that the features combined were known and merely combined in a predictable art, electronics, and in a predictable manner" (Ex. B at 3). Judge Chesney denied Defendants' motion, ruling that "the showing [defendants] made is not sufficiently detailed as to the need to reopen expert discovery in light of the less rigid test" set forth in *KSR*. She also stated that Defendants' request was not "sufficiently detailed as to the nature and extent of" any anticipated additional discovery, and was not supported by any declarations (Ex. A).

Similarly, Acushnet has not made any "detailed showing" of what it plans to do, why it needs to have expert discovery reopened, or the "nature and extent of" its proposed re-opening of expert discovery.

Acushnet's emergency motion should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 22, 2007

## CERTIFICATE OF SERVICE

I certify that on May 22, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 22, 2007 in the manner indicated:

**BY E-MAIL and HAND**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

**BY E-MAIL and FEDERAL EXPRESS**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com