# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., <br><br> Plaintiff, <br> v. <br><br> MEDIATEK, INC., et al., <br><br> Defendants <br><br> MEDIATEK, INC, <br><br> Counterclaimant, <br> v. <br><br> MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al. <br><br> Counterclaim Defendants | No. 05-3148 MMC <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' REQUEST TO ALLOW SUPPLEMENTATION OF EXPERT REPORTS AND DEPOSITIONS, FOR LEAVE TO FILE ADDITIONAL SUMMARY JUDGMENT MOTION, AND TO CONTINUE TRIAL** |

The Court is in receipt of defendants' letter, filed May 11, 2007, by which defendants request an order allowing both parties to supplement expert reports and depositions, to allow defendants to file a 10-page summary judgment motion on the issue of obviousness, and to continue the trial for two months. Plaintiff has filed a letter opposing such request.

The Court, for the reasons stated by plaintiff, finds defendants' letter request is procedurally improper. Moreover, the showing made is not sufficiently detailed as to the

need to reopen expert discovery in light of the less rigid test set forth in <u>KSR Int'l Co v. Teleflex Inc.</u>, 127 S. Ct. 1727 (2007), nor is it sufficiently detailed as to the nature and extent of, and time required for, any anticipated additional discovery. Further, the request is not supported by any declaration(s).

Accordingly, defendants' letter request is hereby DENIED without prejudice to defendants' filing a motion.

**IT IS SO ORDERED.**

Dated: May 17, 2007

MAXINE M. CHESNEY
United States District Judge

# EXHIBIT B

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | Tel: (650) 801-5000 Fax: (650) 801-5100

May 11, 2007

**VIA E-FILING**

The Honorable Maxine Chesney
U.S. District Court Judge
United States Courthouse
450 Golden Gate Avenue
San Francisco, California 94102

Re:   Matsushita v. MediaTek, No. 05CV-3148-MMC (N.D. Cal.)

Dear Judge Chesney:

By this letter, Defendants respectfully seek guidance and expedited relief from the Court on an important issue relating to the schedule and expert testimony in the case.

On April 30, 2007, the U.S. Supreme Court issued a landmark decision regarding 35 U.S.C. § 103 in *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. __, 2007 WL 1237837, slip op. (2007). The Court rejected the U.S. Court of Appeals for the Federal Circuit's framework for the determination of obviousness under 35 U.S.C. § 103. The Supreme Court's decision will allow Defendants to more easily demonstrate why patents that combine previously known elements, like Matsushita's patents in suit, are invalid as obvious.

In view of this dramatic change in the law, MediaTek requests the Court permit MediaTek to file an additional 10-page summary judgment brief on the issue of obviousness and allow the supplementation of both parties' expert reports to address the new standard in *KSR*. In fact, neither side's experts have had the opportunity to evaluate the prior art in light of *KSR*.

MediaTek also requests the current trial (set to start on August 27, 2007) be postponed by two months to address *KSR* and to accommodate the additional briefing and expert reports in this case.

**I.   Obviousness Under 35 U.S.C. § 103**

Under 35 U.S.C. § 103, a patent should not issue on a claimed invention if "the differences between the subject matter sought to be patented and the prior art are such that the subject matter

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL (650) 801-5000 FAX (650) 801-5100

The Honorable Maxine Chesney
May 11, 2007

as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."

Many inventions — however innovative at the time — can seem obvious in hindsight. To counter the dangers of hindsight bias, the Federal Circuit developed the "teaching, suggestion or motivation" test ("TSM test"). Under the TSM test, according to the Supreme Court, a patent claim can only be proved obvious if some motivation or suggestion to combine the prior art teachings can be found in the prior art, the nature of the problem, or the knowledge of a person having ordinary skill in the art.

### II. The Supreme Court's Unanimous Decision in KSR v. Teleflex

The Supreme Court's ruling in *KSR* substantially changed and broadened the legal standard for obviousness. In *KSR*, the Supreme Court rejected the so-called TSM test as too rigid. In *KSR*, the Federal Circuit had reversed a district court's finding of obviousness because the district court had not made "finding[s] as to the specific understanding or principle within the knowledge of a skilled artisan that would have motivated one with no knowledge of [the] invention…to [make the alleged combination]." The Supreme Court reversed, criticizing the Federal Circuit's TSM test as a "rigid approach to the determination of obviousness."

The Supreme Court noted that modern technology does not evolve in a way that the "rigid" TSM test would accommodate. *See KSR*, slip op., at 11. ("[i]n many fields, it may be that there is little discussion of obvious techniques or combinations, and it is often the case that market demand, rather than scientific literature, will drive design trends.") The Supreme Court also reaffirmed that obviousness is a legal determination that is appropriate at summary judgment, even if there are open questions of fact. *Id.*

Underscoring its concern to prevent "retarding progress," the Supreme Court stressed "caution" before validating patents that are merely combinations of elements found in the prior art:

> Neither the enactment of §103 nor the analysis in Graham disturbed this Court's earlier instructions concerning the need for caution in granting a patent based on the combination of elements found in the prior art. For over a half century, the Court has held that a "patent for combination which only unites old elements with no change in their respective functions . . . obviously withdraws what is already known into the field of its monopoly and diminishes the resources available to skillful men."

*Id.* at 12 (quoting *Great Atl. & Pac. Tea Co. v. Supermarket Equip. Corp.*, 340 U.S. 147, 152 (1950)). It explained that "[t]he combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *Id.* The Supreme Court did not limit its holding—or restrict its analysis—to any particular type of patent or industry. Rather, it is clear the Court was speaking to any patent that combines existing

2

The Honorable Maxine Chesney
May 11, 2007

elements. It is therefore equally applicable to Matsushita's patent claims at issue here—which merely are the combination or "integration" of existing technologies.

Indeed, the Federal Circuit, in a decision based on *KSR*, recently held: "An obviousness determination is not the result of a rigid formula disassociated from the consideration of the facts of a case." *Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, No. 06-1402, slip op. at 7 (Fed. Cir. May 9, 2007) (citing *KSR*).

### III. The Court Should Allow Supplementation of Expert Reports and Further Briefing to Address the Fundamental Change in Law in *KSR*.

Neither side's experts have had the opportunity to evaluate the prior art in light of the new standard for obviousness set forth in *KSR*. In its decision, the Supreme Court confirmed the special role that experts play in an obviousness analysis, particularly in the context of summary judgment motions: "[i]n considering summary judgment on [the] question [of obviousness] the district court can and should take into account expert testimony." *KSR*, slip op., at 23.

The asserted claims of Matsushita's '249 patent claim a clock generator (PLL) circuit that combines previously known elements. Defendants contends the asserted claims are obvious in light of certain patents and Japanese patent publications. The change in law allows Defendants to seek summary judgment for obviousness based on predictability of the combination of elements. In particular, evidence exists demonstrating that the features combined were known and merely combined in a predictable art, electronics, and in a predictable manner. The experts should be afforded the opportunity to evaluate such evidence under the new standard.

Similarly, for the '475 patent, which also relates to combining previously known features for preventing display of a blue screen during changes of program for digital video, the new legal standard allows Defendants to seek summary judgment by demonstrating the predictability of the features. Defendants believe the anticipatory references identified to date can be more easily combined with the understanding of one of ordinary skill in the art to obviate the asserted claims. Again, the art of the '475 patent is predictable, and Defendants believe the combination claimed in the '475 patent yields predictable results. The experts should be afforded the opportunity to opine on predictability under the new standard.

Additional time for the parties to serve supplemental reports, depose experts on them, and file a supplemental summary judgment brief on the issue of obviousness, will allow the parties to properly address the *KSR* decision. This will also allow the Court to consider obviousness, a question of law, on a complete record properly formulated under the *KSR* standard. MediaTek firmly believes that an analysis of the patents under the *KSR* standard will invalidate the patents and avoid the need for trial altogether or, at a minimum, narrow the issues for trial.

Notably, at least two other California district courts have already vacated a trial date and permitted supplemental briefing and expert reports. In *Single Chip Systems, Corp., et al. v. Intermec IP Corp.*, 04 CV 1517 JAH (CAB), pending before Judge Houston in the Southern

The Honorable Maxine Chesney
May 11, 2007

District of California, the court allowed the parties to submit supplemental expert reports on obviousness and supplemental briefing on a motion for summary judgment of obviousness. The court also vacated the May 30 trial date set in that case to allow for this activity. In *Friskit, Inv. v. RealNetworks, Inc. et al.*, Case No. CV 03-5085 (WWS), Judge Schwarzer in this District vacated the trial date to allow for additional summary judgment briefing and expert reports.

**Conclusion**

For the reasons stated above, MediaTek requests that the Court, on an expedited basis (1) allow supplementation of expert reports and depositions, a 10-page summary judgment brief and (2) postpone the August 27 trial date by two months to allow the parties to account for the change in law due to *KSR*.

Respectfully,

*/s/ Kevin P.B. Johnson*

Kevin P.B. Johnson

08929/2118514.3

cc:   Jeffrey L. Kessler (jkessler@deweyballantine.com)
      Terrence McMahon (tmcmahon@mwe.com)