IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD., :
and BRIDGESTONE GOLF, INC.,   :
                              :
            Plaintiffs,       :
                              :
    v.                        :  Civil Action No. 05-132-JJF
                              :
ACUSHNET COMPANY,             :
                              :
            Defendant.        :

### MEMORANDUM ORDER

Pending before the Court is an Emergency Motion To Amend Invalidity Expert Reports And To Reset Pretrial And Trial Dates In Light Of The Supreme Court's Decision In KSR Int'l Co. v. Teleflex Inc. (D.I. 426) filed by Defendant, Acushnet Company ("Acushnet"). By its Motion, Acushnet contends that the Supreme Court significantly changed the law related to obviousness, and therefore, the parties should be allowed to reconsider and supplement their expert reports, as well as their summary judgment briefing. Acushnet further requests the Court to delay the trial scheduled to commence on June 18, 2007, to permit these modifications. According to Acushnet, both parties will be prejudiced if they cannot assert invalidity of the patents in suit under the KSR standard.

In response, Plaintiff, Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. ("Bridgestone") contends that Acushnet should not be permitted to advance additional invalidity arguments that it has never made before under the guise of

adhering to the KSR standard.  Bridgestone contends that Acushnet was aware that KSR was pending, yet proceeding with its expert reports on obviousness, never suggesting that their reports should await the decision in KSR.  Bridgestone contends that KSR should not be used to allow Acushnet to proceed with new prior art, new obviousness combinations, new expert reports and new summary judgment motions.

With regard to Acushnet's request to delay trial in this case, Bridgestone contends that it will propose in the context of the Pretrial Order that this case be bifurcated with infringement and damages to be tried first and invalidity to be tried later.  Thus, Bridgestone contends that there is no need to reschedule the trial date, at least insofar as infringement and damages are concerned.

As Bridgestone points out in its briefing, the Supreme Court's decision in KSR eased the burden on Acushnet to prove obviousness by rejecting the Federal Circuit's "rigid approach" to obviousness and gravitating to a more "common sense" approach.  KSR, No. 04-1350, slip op. at 11, 15, 17 (April 30, 2007).  While the Court agrees that the parties may want to supplement their expert reports to make the language of those reports more consistent with the KSR decision, the Court is not persuaded that Acushnet should be permitted to advance new prior art and new obviousness combinations not previously asserted in this case.

Stated another way, the Court concludes that the newly announced KSR standard should be applied to the facts, opinions and obviousness contentions already developed by the parties through discovery, and that this application will not unduly prejudice Acushnet in its presentation of the obviousness invalidity defense. Because the Court is not permitting the parties to engage in a sweeping revision of this case, the Court further concludes that a delay in the commencement of the trial is not warranted.[1]

NOW THEREFORE, IT IS HEREBY ORDERED that Acushnet's Emergency Motion To Amend Invalidity Expert Reports And To Reset Pretrial And Trial Dates In Light Of The Supreme Court's Decision In KSR Int'l Co. v. Teleflex Inc. (D.I. 426) is **GRANTED** to the extent that supplementation of the existing expert reports is sought to conform the language of those reports to the KSR decision, so long as such supplementation does not expand the evidence, prior art and obviousness contentions already advanced by the parties, and **DENIED** in all other respects.

May 22, 2007
DATE

UNITED STATES DISTRICT JUDGE

---

[1]    Bridgestone has foreshadowed its intent to request bifurcation of these proceedings, and in its Reply Brief, Acushnet has expressed its opposition, arguing, among other things, that Bridgestone should be estopped from seeking bifurcation because it opposed Acushnet's prior motion for bifurcation. Because Bridgestone has not formally moved for bifurcation at this time, the Court declines to address it.