# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., ) ) ) | |
| Plaintiffs, ) | C. A. No. 05-132 (JJF) |
| v. ) ) | **PUBLIC VERSION** |
| ACUSHNET COMPANY, ) ) | |
| Defendant. ) | |

## ACUSHNET'S OPPOSITION TO
## BRIDGESTONE'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE
## ACUSHNET'S EMPLOYEES FROM TESTIFYING AS EXPERTS

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: May 14, 2007
Public Version Dated: May 22, 2007
797087/28946

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

# TABLE OF CONTENTS

I.   ACUSHNET COMPLIED WITH THE PROCEDURAL RULES, TIMELY IDENTIFIED ITS TECHNICAL EMPLOYEES TO BRIDGESTONE, AND BRIDGESTONE IS ESTOPPED FROM ATTEMPTING TO PRECLUDE ACUSHNET'S EMPLOYEES FROM TESTIFYING ......................................................................................1

II.  BRIDGESTONE'S ARGUMENT IS MISPLACED ............................................3

III. CONCLUSION........................................................................................5

## TABLE OF AUTHORITIES

### CASES

*Bank of China v. NBM LLC,*
   359 F.3d 171 (2d Cir. 2004).................................................................................4

*Bowling v. Hasbro, Inc.,*
   No. 05-229S, 2006 U.S. Dist. LEXIS 58910 (D.R.I. Aug. 10, 2006)..................2, 3

*Day v. Conrail,*
   No. 95 Civ. 968, 1996 U.S. Dist. LEXIS 6596 (S.D.N.Y. May 15, 1996)..............4

*Dyson Tech. Ltd. V. Maytag Corp.,*
   c.a. No. 05-434-GMS, 2007 U.S. Dist. LEXIS 15364 (D. Del. March 6, 2007)......4

*GSI Group, Inc. v. Sukup Manufacturing Co.,*
   No. 05-3011, 2007 U.S. Dist. LEXIS 18764 (D. Ill. March 16, 2007)..................2, 3

*In re Air Crash at Charlotte, North Carolina,*
   982 F. Supp. 1086 (D.S.C. 1997)...........................................................................4

*Kent v. Katz,*
   No. 2:99 Civ. 189, 2000 U.S. Dist. LEXIS 22034 (D. Vt. Aug. 9, 2000).................1

*KW Plastics v. U.S. Can Co.,*
   199 F.R.D. 687 (M.D. Ala. 2000)...................................................................2, 4, 5

*McCulloch v. Hartford Life & Accidental Ins. Co.,*
   223 F.R.D. 26 (D. Conn. 2004)................................................................................5

*Storage Tech v. Custom Hardware Eng'g & Consulting*
   No. 02-12102 RWZ, 2006 U.S. Dist. LEXIS 43690 (D. Mass. June 28, 2006)......5

*Upchurch v. Hester,*
   C.A. No. 05-252-JJF, 2006 U.S. Dist. LEXIS 76776 (D. Del. Oct. 23, 2006)......3, 4

### RULES

Fed. R. Civ. P. 26(a)(2)(A) ......................................................................................1, 4

Fed. R. Civ. P. 26(a)(2)(B) ...............................................................................1, 2, 3, 4

### OTHER AUTHORITIES

Manual for Complex Litigation (Third)(1995)...............................................................2

Acushnet Company ("Acushnet") opposes to plaintiffs Bridgestone Sports Co., Ltd.'s and Bridgestone Golf, Inc.'s (collectively, "Bridgestone") motion *in limine* to preclude Acushnet's employees from offering employee-expert testimony at trial.

## I. ACUSHNET COMPLIED WITH THE PROCEDURAL RULES, TIMELY IDENTIFIED ITS TECHNICAL EMPLOYEES TO BRIDGESTONE, AND BRIDGESTONE IS ESTOPPED FROM ATTEMPTING TO PRECLUDE ACUSHNET'S EMPLOYEES FROM TESTIFYING

Timely doing so under the case schedule for identifying experts, on January 16, 2007, Acushnet disclosed Messrs. Dalton, Welchman, Gajic, Elliot, Aoyama, Williams, Olson, and Bulpett[1] as employees of Acushnet who may at trial provide testimony in the form of scientific, technical or specialized knowledge. (*See* D.I. 446 Ex. 1, 1/16/2007 Lavelle Ltr. to Masters). Acushnet may call these employees to testify as skilled artisans on technical subjects such as golf ball technology, golf ball manufacturing, golf ball measurement, and alternative designs for golf balls. (*See* Ex. 1, 5/2/2007 Acushnet Draft Proposed Pretrial Order at 40-42; Ex. 2, 2/25/2007 Seal Ltr. to White). Acushnet may also call them, as persons specialized in golf ball measurement, to testify as to tests on prior art and accused ball that they performed and were relied upon by Acushnet's infringement and invalidity experts. (*See* D.I. 446 Ex. 2, 2/22/07 Seal Ltr. to White at 2).

All that is required for an employee expert not within the language of Rule 26(a)(2)(B) is that: (1) as provided in Rule 26(a)(2)(A), that he be identified; and (2) as provided in Rule 26(b)(4)(A), that he be made available for deposition. *See* Ex. 4, *Kent v. Katz*, No. 2:99 Civ. 189, 2000 U.S. Dist. LEXIS 22034, at *1 (D. Vt. Aug. 9, 2000) ("The structure of Rule 26(a)(2) provides a clear distinction between the retained class of experts and the unretained class of experts. . . . This distinction protects experts from

---

[1] Acushnet also identified three others as Rule 26(a)(2)(A) witnesses, but has volunteered not to call them as experts. (*See* D.I. 446 Ex. 2, 2/22/07 Seal Ltr. to White). Bridgestone disclosed no employee under the Rule. (*See* D.I. 461, Acushnet's MIL to Exclude any Witnesses Bridgestone Did Not Identify under Fed. R. Civ. 26(a)(2)(A).).

preparing reports when they are not retained to do so and when it is outside the scope of their regular duties.") (citations omitted). The one case that Bridgestone cites to suggest that any expert that does not regularly give expert testimony must still be an individual viewed as "specially employed" simply by virtue of being listed as an expert, *KW Plastics*, has been sharply criticized as ignoring the plain meaning of Rule 26. *See* Ex. 5, *Bowling v. Hasbro, Inc.*, No. 05-229S, 2006 U.S. Dist. LEXIS 58910, at *3-* 5 (D.R.I. Aug. 10, 2006) (citing line of cases that apply the plain text of Rule 26(a)(2)(B)); Ex. 6, *GSI Group, Inc. v. Sukup Mfg. Co.*, No. 05-3011, 2007 U.S. Dist. LEXIS 18764, at *5 (D. Ill. March 16, 2007) ("employees . . . who do not regularly give expert testimony as part of their duties are not required to produce expert reports").[2]

As mentioned above, Acushnet has already identified its employee experts (*see* D.I. 446 at Ex. 1, 1/16/2007 Lavelle Ltr. to Masters), so it has met its first obligation for calling employee-experts as witnesses. Acushnet also made each of those employees available for deposition during expert discovery, meeting its second obligation. While Bridgestone at first objected to the designation of the employees on the basis that they did not submit expert reports (*see* Ex. 3, 2/13/2007 White Ltr. to Seal), Acushnet responded to Bridgestone's criticism by referring to the Federal Rules (D.I. 446 Ex. 2, 2/22/2007 Seal Ltr. to White), and Bridgestone subsequently took the depositions of five of the employees disclosed by Acushnet. Bridgestone now wishes to exclude all of these employees despite having and taking the opportunity to depose each one of them.

Acushnet complied with what is required by the Federal Rules. Moreover, by foregoing a motion to compel an expert report (if Bridgestone so thought it was entitled

---

[2] *See also Manual for Complex Litigation* (Third) § 33.62 (1995) ("Discovery of experts *specially retained to testify at trial* is governed by Rule 26(a)(2).") (emphasis added). Rule 26(a)(2)(B), requiring written reports, "applies only to experts 'retained or specially employed' to give expert testimony or 'whose duties as an employee of the party regularly involve giving expert testimony,'" unless the Court by order extends the rule to other experts. *Id.* § 21.48 n.232. Bridgestone never moved for such an order.

to one from each of these employees) and going forward to take the depositions of Acushnet's employee-experts, Bridgestone has voluntarily waived its initial objection of Acushnet's employee-experts not providing expert reports. Bridgestone should not be permitted to initially object to the employee-experts not submitting expert reports, surrender its objection to depose the employee-experts they chose, and then try to recapture their original objection in an attempt to exclude the testimony of these employees. Simply put, Bridgestone should not be allowed to have its cake and eat it too.

## II. BRIDGESTONE'S ARGUMENT IS MISPLACED

Bridgestone's argument that Acushnet's employee-experts must be precluded from testifying at trial because they did not submit expert reports is wrong in any case. As this Court has observed, "not all identified experts must submit expert reports." Ex. 7, *Upchurch v. Hester*, C.A. No. 05-252-JJF, 2006 U.S. Dist. LEXIS 76776, at *6 (D. Del. Oct. 23, 2006). Rule 26(a)(2)(B) does not require reports from experts who are not "retained or specifically employed to provide expert testimony." *Id.* "Employees of a party who do not regularly give expert testimony as part of their duties are not required to produce expert reports that disclose all the data on which they relied." Ex. 6, *GSI Group, Inc.*, 2007 U.S. Dist. LEXIS at *5; Ex. 5, *Bowling*, 2006 U.S. Dist. LEXIS at *3-*6 (denying motion to strike the expert testimony of two executives, including the Vice President of R&D and Inventor Relations on the grounds that they did not produce an expert report because Rule 26(a)(2)(B) did not require such reports).[3] None of Acushnet's employee-experts have been "retained or specially employed" nor do they have a duty to "regularly" testify under Rule 702. Acushnet's employee-experts may

---

[3] The Advisory Committee Notes to Rule 26 confirms this:
This rule . . . use[s] the term "expert" to refer to those persons who will testify under Rule 702 . . . with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies *only* to those experts who are *retained or specially employed* to provide such testimony in the case or whose *duties as an employee* of a party *regularly* involve the giving of such testimony.

simply be called to testify both as to technical facts and knowledge of which they have firsthand knowledge and experience, and to what they draw from those facts based upon their specialized knowledge as individuals skilled in the golf ball art. Therefore, these employee do not need to provide written reports and the related information otherwise required for expert witnesses. The Court of Appeals for the Second Circuit has recently followed what is plainly the interplay between Rules 26(a)(2)(A) and 26(A)(2)(B):

> Notably, although defendants were entitled to notice, pursuant to Rule 26(a)(2)(A), that Huang would testify as an expert, they were not entitled to an expert report under Rule 26(a)(2)(B). This Rule only requires a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony to prepare a signed written report. Where the witness is not specially retained or employed to give expert testimony, or does not regularly give expert testimony in his or her capacity as an employee, no expert report is required. Because Huang was not specially retained to provide expert testimony, and his duties as an employee of Bank of China do not regularly include giving expert testimony, Rule 26(a)(2)(B) does not apply.

*Bank of China v. NBM LLC*, 359 F.3d 171, 182 n.13 (2d Cir. 2004) (citations omitted).

Bridgestone's reliance on *Dyson Tech. Ltd. v. Maytag Corp.* fails to consider the plain text of Rule 26 and the clear commentary on the rule, and relies heavily on a district court case in the Southern District of New York that is inconsistent with subsequent cases in the Second Circuit. C.A. No. 05-434-GMS, 2007 U.S. Dist. LEXIS 15364 (D. Del. March 6, 2007) (*Day v. Conrail*, No. 95 Civ. 968, 1996 U.S. Dist. LEXIS 6596 (S.D.N.Y. May 15, 1996)).

Similarly, the other legal authority Bridgestone relies upon is easily distinguishable from this case. In *Upchurch v. Hester*, the plaintiff failed to designates any experts whatsoever and the court expressed that "[n]ot all identified experts must submit expert reports." Ex. 7, 2006 U.S. Dist. LEXIS at *6 (D. Del. Oct. 3, 2006). No witnesses were also named as expert witnesses in *In re Air Crash at Charlotte, North Carolina. See* 982 F. Supp. 1086, 1089-90 (D.S.C. 1997). In *KW Plastics v. U.S. Can*

*Co.*, the expert was going to testify as to U.S. Can's alleged damages arising out of KW's alleged tortuous activity and breach of contract. 199 F.R.D. 687, 690 (M.D. Ala. 2000). In *McCulloch v. Hartford Life & Accidental Ins. Co.*, the court acknowledged that it simply does "not recognize an exemption *solely* on the fact that Hartford's witnesses are employees." 223 F.R.D. 26, 28 (D. Conn. 2004) (emphasis added). Finally, in *Storage Tech v. Custom Hardware Eng'g & Consulting*, the court denied plaintiff's motion to exclude defendant's employee-expert testimony at trial. No. 02-12102 RWZ, 2006 U.S. Dist. LEXIS 43690, at *117 (D. Mass. June 28, 2006).

Most of the legal authority Bridgestone relies upon deals with the fact that the employee-experts were never deposed or the issue of depositions being taken of employee-experts during the fact discovery phase and before any Rule 26(a)(2) reports were due. *None* of Bridgestone's legal authority addresses the issue of its actions in this case of *taking* the depositions of five Acushnet employees in their employee-expert capacity and then attempting to preclude their testimony at trial on the basis they should have given a report before their deposition. Bridgestone has waived its objection by going forward with depositions and should not be allowed to now revisit the issue. Above all, and most importantly, Acushnet complied fully with the Rule in any case.

### III.   CONCLUSION

For the foregoing reasons, Acushnet respectfully requests the Court deny Bridgestone's motion *in limine* No. 1 in its entirety.

-6-

                                      Respectfully submitted,

                                      POTTER ANDERSON & CORROON LLP

OF COUNSEL:                            By:  /s/ David E. Moore
                                                Richard L. Horwitz (#2246)
Alan M. Grimaldi                         David E. Moore (#3983)
Joseph P. Lavelle                      Hercules Plaza, 6th Floor
Kenneth W. Donnelly             1313 N. Market Street
HOWREY LLP                           P.O. Box 951
1299 Pennsylvania Ave., N.W.    Wilmington, DE 19899-0951
Washington, DC 20004             (302) 984-6000
Telephone: (202) 783-0800       rhorwitz@potteranderson.com
                                                dmoore@potteranderson.com

Dated: May 14, 2007
Public Version Dated: May 22, 2007   *Attorneys for Defendant*
797087/28946                               *Acushnet Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

      I, David E. Moore, hereby certify that on May 22, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

      I hereby certify that on May 22, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C.  20005
RobMasters@paulhastings.com

                                                                              /s/ *David E. Moore*
                                                                              Richard L. Horwitz
                                                                              David E. Moore
                                                                              Potter Anderson & Corroon LLP
                                                                              Hercules Plaza – Sixth Floor
                                                                              1313 North Market Street
                                                                              P.O. Box 951
                                                                              Wilmington, DE  19899-0951
                                                                              (302) 984-6000
                                                                              rhorwitz@potteranderson.com
                                                                              dmoore@potteranderson.com

680012 / 28946