# EXHIBIT 1

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# HOWREY LLP

1299 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2402
PHONE: 202.783.0800 • FAX: 202.383.6610

## FACSIMILE COVER SHEET

**Date:**   2007-02-25 19:56:27 GMT

**To:**

*Name:*   Brian Seal                        *Company:* Howrey, LLP
*Fax #:*   12023188471

**From:**   *Name:*   Brian Seal
*Fax #:*   12023188471

**Subject:**   Fax from Brian Seal

**MESSAGE:**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CONTACT THE SENDER

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

Direct Dial 202.383.6904
File 00634.0002

February 25, 2007

BY FACSIMILE

Brandon M. White, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

     **Re:** ***Bridgestone Sports Co. v. Acushnet Co.,***
          **C.A. No. 05-132 (JJF) (D. Del.)**

Dear Brandon:

     Further to the topics identified in my letter of February 22, and as I imagine is already clear to Bridgestone from its reading of Mr. Kaplan's reports, Jeff Dalton may also testify under Fed. R. Civ. P. 26(a)(2)(A) with regard to information relied upon by Mr. Kaplan, including providing opinion and technical testimony at trial related to Acushnet's noninfringing alternatives to the Bridgestone patents-in-suit. Again, as stated in my letter of February 22, the list of topics we are providing you is not required by the rules and is not intended to be exhaustive. Rather, our identification of topics is provided as a courtesy to Bridgestone.

          Regards,

Brian S. Seal

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

# EXHIBIT 3

02/13/2007 15:01 FAX 202 551 1705        PAUL HASTINGS        ☑001

# Paul Hastings

Paul, Hastings. Janofsky & Walker LLP
875 15th Street, N.W. • Washington, DC 20005
telephone 202 551 1700 • facsimile 202 551 1705 • www.paulhastings.com

## FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| **to:** Brian S. Seal | **company/office:** Howrey | **facsimile:** (202) 383-6610 | **telephone:** (202) 383-6904 |
| **from:** Brandon M. White | **facsimile:** | **telephone:** (202) 551-1754 | **initials:** BMW2 |
| **client name:** Bridgestone Sports | | **client matter number:** 70416.00002 | |
| **date:** February 13, 2007 | | **pages (with cover):** 2 | |

**comments:**

**If you do not receive all pages, please call immediately Facsimile Center: (202) 551-1275**

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

02/13/2007 15:01 FAX 202 551 1705          PAUL HASTINGS                                    ☒002

# Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W. • Washington, DC 20005
telephone 202 551 1700 • facsimile 202 551 1705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(202) 551-1754
brandonwhite@paulhastings.com

February 13, 2007                                                        70416.000002

**VIA FACSIMILE**

Brian S. Seal
Howrey LLP
1299 Pennsylvania Avenue
Washington, DC 2

Re:    *Bridgestone Sports v. Acushnet*

Dear Brian:

On January 16, 2007, we received a letter purporting to be a Rule 26(a)(2)(A) disclosure of
11 Acushnet employees. Other than identifying the Acushnet employees by name, this
letter provides no detail as to why these persons are being disclosed. We object to this
disclosure on several grounds.

First, we do not believe it is proper for Acushnet to call any of these employees as experts
as none of them have provided an expert report. Please let us know if you intend to call
any of these 11 Acushnet employees to offer expert testimony.

Second, Acushnet has offered no information to explain the substance of these witnesses
intended expert or opinion testimony. Please identify the substantive areas in which you
expect these Acushnet employees to offer testimony.

Finally, three of these Acushnet employees (Pat Elliott, Scott Gleadow and Rasto Gajic)
were never disclosed on Acushnet's initial disclosures. Bridgestone objects to these three
individuals being called at trial for any purpose. Please let us know if Acushnet agrees that
it will not call Pat Elliott, Scott Gleadow and Rasto Gajic at trial for any purpose.

Sincerely,

Brandon M. White
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_E # 74209228.2

# EXHIBIT 4

LEXSEE 2000 US DIST LEXIS 22034

Caution
As of: May 13, 2007

DEAN KENT, Plaintiff v. OFFICER JARED KATZ, Individually and as a Police
Officer for the Town of Colchester, CHARLES KIRKER, Individually and as the
Chief of Police for The Town of Colchester, and the TOWN OF COLCHESTER, De-
fendants

Docket No. 2:99-CV-189

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT

*2000 U.S. Dist. LEXIS 22034*

August 9, 2000, Decided
August 9, 2000, Filed

**DISPOSITION:** [*1] Defendant's motion to exclude testimony from plaintiff's expert witnesses denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff arrestee brought a civil action against defendant officers and the town for, inter alia, injuries allegedly sustained during a forcible arrest. Defendants moved to exclude testimony from the arrestee's expert witnesses.

**OVERVIEW:** The expert witnesses were going to testify to facts and opinions arising from their treatment of the arrestee's injuries. The testimony might have included the cause of the injuries and the need for and cost of future treatment. Although defendants received copies of the physicians' medical records regarding the treatment, none of the treating physicians submitted an expert report pursuant to *Fed. R. Civ. P. 26(a)(2)*. The issue was whether the physicians reached their opinions about causation and injury directly through treatment or whether they were developed close in time to the litigation and in connection therewith or at the request of counsel. The arrestee proffered that the treating physicians formulated their opinions in the course of treatment and not in anticipation of litigation.

**OUTCOME:** Defendants' motion to exclude testimony from the arrestee's expert witnesses was denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Disclosures > Mandatory Disclosures*
[HN1] See *Fed. R. Civ. P. 26(a)(2)*.

*Civil Procedure > Discovery > Disclosures > Mandatory Disclosures*
*Civil Procedure > Discovery > Methods > Expert Witness Discovery*
[HN2] See *Fed. R. Civ. P. 26*, advisory committee's notes, 1993 amendment.

*Civil Procedure > Discovery > Disclosures > Mandatory Disclosures*
*Civil Procedure > Discovery > Methods > Expert Witness Discovery*
*Healthcare Law > Treatment > General Overview*
[HN3] The structure of *Fed. R. Civ. P. 26(a)(2)* provides a clear distinction between the "retained" class of experts and the unretained class of experts. As the advisory note states, treating physicians commonly are considered unretained experts. While all experts must be disclosed under *Fed. R. Civ. P. 26(a)(2)(A)*, only "retained" experts must provide *Fed. R. Civ. P. 26(a)(2)(B)* reports. This distinction protects experts from preparing reports when

2000 U.S. Dist. LEXIS 22034, *

they are not retained to do so and when it is outside the scope of their regular duties.

*Civil Procedure > Counsel > General Overview*
*Civil Procedure > Sanctions > Baseless Filings > General Overview*
*Criminal Law & Procedure > Discovery & Inspection > Discovery Misconduct*
[HN4] While it is probably folly to assume that counsel will not seek to cloak "retained" experts in unretained expert guise, or that counsel will not seek to define unretained experts as retained in an effort to preclude their testimony, *Fed. R. Civ. P. 11* and *Fed. R. Civ. P. 37(c)(1)* should give them pause. *Fed. R. Civ. P. 11* and *Fed. R. Civ. P. 37(c)* allow sanctions such as exclusion of any expert testimony improperly disclosed. The threat of sanctions might limit the occurrence of such cloaking; however, this issue remains an important factor for consideration.

*Civil Procedure > Discovery > Methods > Expert Witness Discovery*
*Civil Procedure > Discovery > Misconduct*
[HN5] As an unretained expert, a treating physician may testify to events and opinions arising directly through her treatment of the patient. A treating physician may describe what she has seen, describe and explain her diagnosis and the treatment she prescribed, and offer her opinions and expert inferences therefrom-all without running afoul of the constraints of *Fed. R. Civ. P. 26* and *Fed. R. Civ. P. 37*. Treating physicians' opinions and expert inferences arising from treatment commonly include issues of causation and prognosis. As a general rule, a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries.

*Civil Procedure > Discovery > Disclosures > General Overview*
*Civil Procedure > Discovery > Methods > Expert Witness Discovery*
[HN6] Treating physicians' opinions and expert inferences regarding issues of causation and prognosis do not in themselves subject a treating physician to the requirement of a written report pursuant to *Fed. R. Civ. P. 26*. Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of disability, if any, caused by the condition or injury. Opinions as to these matters are encompassed in the ordinary care of a patient and do not subject the treating physician to the report require-

ment of *Fed. R. Civ. P. 26(a)(2)(B)*. The majority of American courts hold this view.

*Civil Procedure > Discovery > Disclosures > Mandatory Disclosures*
*Civil Procedure > Discovery > Methods > Expert Witness Discovery*
*Evidence > Testimony > Experts > Admissibility*
[HN7] *Fed. R. Civ. P. 26(a)(2)* does not require a treating physician to submit an expert report if the physician has not been specially retained to testify at trial and if the physician's duties as an employee of the party do not regularly involve giving expert testimony. A physician who has not provided an expert report pursuant to *Fed. R. Civ. P. 26(a)(2)* may testify to any observations and opinions formed directly through treatment of the patient. This testimony may include statements regarding causation and prognosis as long as these observations and opinions were not formed in anticipation of litigation.

**COUNSEL:** For DEAN KENT, plaintiff: Thomas C. Nuovo, Esq., Bauer, Anderson & Gravel, Burlington, VT.

For DEAN KENT, plaintiff: Adele V. Pastor, Corsones & Corsones, Rutland, VT.

For JARED KATZ, CHARLES KIRKER, COLCHESTER, TOWN OF, defendants: Nancy Goss Sheahan, Joseph Andrews Farnham, Esq., McNeil, Leddy & Sheahan, P.C., Burlington, VT.

**JUDGES:** William K. Sessions, III, United States District Court.

**OPINION BY:** William K. Sessions, III

**OPINION:**

### OPINION AND ORDER

On July 9, 1999 Dean Kent brought this civil action against Officer Jared Katz, Charles Kirker, and the Town of Colchester for, *inter alia,* injuries allegedly sustained during a forcible arrest.

On May 26, 2000 Defendants filed a Motion to Exclude Testimony from Plaintiff's Expert Witnesses (Paper 28), arguing that Plaintiff's treating physicians had failed to submit expert reports in accordance with *Fed. R. Civ. P. 26(a)(2)(B)*. On June 8, 2000 Plaintiff filed a Response to Defendants' Motion to Exclude Testimony from Plaintiff's Expert Witnesses (Paper 31), arguing that Rule 26 does not require Plaintiff's treating physicians to file expert [*2]  reports because they have not been spe-

cially retained and because their opinions were developed in the course of treatment.

On July 10, 2000, the Court orally denied Defendants' motion. The Court now provides a brief written order to clarify an unresolved issue of Vermont law.

### FACTS

Plaintiff alleges that he sustained injuries arising from a forcible arrest by Defendant Officer Katz on June 20, 1996. As a result, Plaintiff received medical attention from a number of treating physicians. Plaintiff has submitted to Defendant the names of those treating physicians whom he intends to call as expert witnesses. These expert witnesses will testify to facts and opinions arising from their treatment of Plaintiff's injuries. This testimony may include the cause of the injuries and the need for and cost of future treatment. Although Defendant has received copies of the physicians' medical records regarding Plaintiff's treatment, none of the treating physicians has submitted an expert report pursuant to Rule 26(a)(2).

### DISCUSSION

[HN1] *Federal Rule of Civil Procedure 26(a)(2)* provides:

> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other [*3] parties the identity of any person who may be used at trial to present evidence under *Rules 702, 703, or 705 of the Federal Rules of Evidence.*
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.

An Advisory Note to Rule 26(a)(2) states:

> [HN2] The requirement of a written report in paragraph (2)(B) ... applies only to those experts who are retained or specially employed to provide testimony in the case or whose duties as an employee of the party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to

testify at trial without any requirement for a written report.

*Fed.R.Civ.P. 26*, Advisory Committee's Notes, 1993 Amendment.

[HN3] "The structure of Rule 26(a)(2) provides a clear distinction between the 'retained' class of experts and the unretained class of experts." *Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998).* [*4] As the Advisory Note states, treating physicians commonly are considered unretained experts. "While all experts must be disclosed under Rule 26(a)(2)(A), only 'retained' experts must provide Rule 26(a)(2)(B) reports." *Sprague, 177 F.R.D. at 81.* This distinction protects experts from preparing reports when they are not retained to do so and when it is outside the scope of their regular duties.

The Sprague court warns that [HN4] "while it is probably folly to assume that in the future counsel will not seek to cloak 'retained' experts in unretained expert guise, or that counsel will not seek to define unretained experts as retained in an effort to preclude their testimony, Rule 11 and Rule 37(c)(1) should give them pause." *Sprague, 177 F.R.D. at 82.* Rule 11 and Rule 37(c) allow sanctions such as exclusion of any expert testimony improperly disclosed. The threat of sanctions might limit the occurrence of such cloaking; however, this issue remains an important factor for consideration.

[HN5] As an unretained expert, a treating physician may testify to events and opinions arising directly through her treatment of the patient. "[A] treating physician . . . may [*5] describe what she has seen, describe and explain her diagnosis and the treatment she prescribed, and offer her opinions and expert inferences therefrom-all without running afoul of the constraints of *Rules 26 and 37 of the Federal Rules of Civil Procedure.*" *Riddick v. Washington Hospital Center, 183 F.R.D. 327, 330 (D.D.C. 1998).* Treating physicians' opinions and expert inferences arising from treatment commonly include issues of causation and prognosis. "As a general rule, a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries." *Salas v. United States, 165 F.R.D. 31, 33 (W.D.N.Y. 1995).*

[HN6] Treating physicians' opinions and expert inferences regarding issues of causation and prognosis do not in themselves subject a treating physician to the requirement of a written report pursuant to Rule 26:

> Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the

.2000 U.S. Dist. LEXIS 22034, *

prognosis and the extent of disability, if any, caused by the condition or injury. Opinions as to these matters are encompassed in the ordinary care of a patient and do [*6] not subject the treating physician to the report requirement of Rule 26(a)(2)(B)."

*Shepardon v. West Beach Estates, 172 F.R.D. 415, 416-417 (D.Haw. 1997).* The majority of American courts hold this view. See *Sprague, 177 F.R.D. at 81; Piper v. Harnischfeger Corp., 170 F.R.D. 173, 175 (D.Nev. 1997); Baker v. Taco Bell Corp., 163 F.R.D. 348, 349 (D.Colo. 1995); Mangla v. University of Rochester, 168 F.R.D. 137, 139 (W.D.N.Y. 1996).*

Thus, "the issue comes down to whether [the physician] reached her opinions about causation and injury directly through her treatment of [the patient] or whether she developed those opinions close in time to the litigation of this matter and in connection therewith or at the request of counsel." *Riddick, 183 F.R.D. at 330-331.*

**CONCLUSION**

[HN7] Rule 26(a)(2) does not require a treating physician to submit an expert report if the physician has not been specially retained to testify at trial and if the physician's duties as an employee of the party do not regularly involve giving expert testimony. A physician who has not provided an expert report [*7] pursuant to Rule 26(a)(2) may testify to any observations and opinions formed directly through treatment of the patient. This testimony may include statements regarding causation and prognosis as long as these observations and opinions were not formed in anticipation of litigation.

Wherefore, based on Plaintiff's proffer that the treating physicians formulated their opinions in the course of treatment and not in anticipation of litigation, the Court **DENIES** Defendant's Motion to Exclude Testimony from Plaintiff's Expert Witnesses.

Dated at Burlington, Vermont this 9th day of August, 2000.

William K. Sessions, III

United States District Court

# EXHIBIT 5

LEXSEE 2006 US DIST LEXIS 58910



Positive
As of: May 13, 2007

### MICHAEL BOWLING v. HASBRO, INC.

### C.A. No. 05-229S

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE IS-LAND

### *2006 U.S. Dist. LEXIS 58910*

**August 10, 2006, Decided**
**August 10, 2006, Filed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff individual moved to preclude expert testimony or, in the alternative, to compel production of documents considered by defendant corporation's expert and those listed on the corporation's privilege log.

**OVERVIEW:** Plaintiff sought to preclude expert testimony from two employees of the corporation because the corporation did not produce written expert reports in accordance with *Fed. R. Civ. P. 26(a)(2)(B)*. The corporation disclosed the employees as both fact and expert witnesses. The court held that the corporation was not required under Rule 26(a)(2)(B) to provide formal expert reports because there was no indication that either was "retained or specially employed" to provide expert testimony, or that they "regularly" did so as part of their job duties. The motion to compel documents was denied because the corporation represented that it had produced every document reviewed or relied upon by the employees in connection with their expert testimony. Further, plaintiff waived its argument by waiting nearly seven months after the corporation's document production to file his motion. Finally, plaintiff showed no prejudice by the timing of the corporation's document production.

**OUTCOME:** The court denied plaintiff's motion in its entirety.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Methods > Expert Witness Discovery*
[HN1] *Fed. R. Civ. P. 26(a)(2)(B)* requires the disclosure of written expert reports from any expert witness retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony.

*Civil Procedure > Discovery > Methods > Expert Witness Discovery*
[HN2] *Fed. R. Civ. P. 26(a)(2)(B)* contains a written report exemption for employee-expert witnesses who are not "specially employed" to provide expert testimony and do not "regularly" testify as experts. The plain language of Rule 26(a)(2)(B) facilitates a party's use of an employee for expert witness testimony without the burden of a formal report.

*Civil Procedure > Discovery > Methods > Expert Witness Discovery*
[HN3] No expert report is required where the witness is not specially retained or employed to give expert testimony, or does not regularly give expert testimony in his or her capacity as an employee.

*Governments > Courts > Rule Application & Interpretation*

[HN4] Policy should only be used to construe a rule, not to contravene its language.

*Governments > Courts > Rule Application & Interpretation*
[HN5] A court is not empowered to modify the plain language of the Federal Rules so as to secure a result that it thinks is correct.

*Governments > Courts > Rule Application & Interpretation*
[HN6] Parties should have the certainty that the court will construe the Federal Rules as written and not have to guess as to which line of conflicting authority the court might follow in construing an unambiguous procedural rule.

**COUNSEL:** [*1] For Michael Bowling, Plaintiff: Christine K. Bush, Duffy Sweeney & Scott, Ltd., Providence, RI; Craig M. Scott, Duffy Sweeney & Scott, Ltd., Providence, RI; Douglas J. Williams, Merchant & Gould P.C., Minneapolis, MN; Thomas J. Leach, Merchant & Gould P.C., Minneapolis, MN.

For Hasbro, Inc., Defendant: David K.S. Cornwell, Sterne Kessler Goldstein & Fox P.L.L.C., Washington, DC; Jeffrey K. Techentin, Adler Pollock & Sheehan P.C., Providence, RI; Tracey-Gene G. Durkin, Sterne Kessler Goldstein & Fox P.L.L.C., Washington, DC.

For Hasbro, Inc., Counter Claimant: David K.S. Cornwell, Sterne Kessler Goldstein & Fox P.L.L.C., Washington, DC; Todd D. White, Adler Pollock & Sheehan P.C., Providence, RI.

For Michael Bowling, Counter Defendant: Christine K. Bush, Duffy Sweeney & Scott, Ltd., Providence, RI; Douglas J. Williams, Merchant & Gould P.C., Minneapolis, MN; Thomas J. Leach, Merchant & Gould P.C., Minneapolis, MN.

For Michael Bowling, Counter Defendant: Christine K. Bush, Duffy Sweeney & Scott, Ltd., Providence, RI.

**JUDGES:** LINCOLN D. ALMOND, United States Magistrate Judge.

**OPINION BY:** LINCOLN D. ALMOND

**OPINION:**

### MEMORANDUM AND ORDER

Before this Court for determination (*28 U.S.C. § 636(b)(1)(A)* [*2] and LR Cv 72(a)) is Plaintiff's Motion to Preclude Expert Testimony or, alternatively to Compel Reports and Documents Considered. (Document No. 53). Defendant ("Hasbro") has objected. (Document No. 59). Neither party has requested oral argument and/or an evidentiary hearing (LR Cv 7(e)), and this Court concludes that none is necessary. For the reasons discussed below, Plaintiff's Motion (Document No. 53) is DENIED.

**Discussion**

Plaintiff seeks to preclude expert testimony from two Hasbro employees because Hasbro did not produce written expert reports in accordance with *Fed. R. Civ. P. 26(a)(2)(B)*. The two employees, Michael Gray and Michael Hirtle, have been disclosed by Hasbro as both fact and expert witnesses. They both work for Hasbro Games Division -- Mr. Gray as Senior Director, New Product Acquisition and Mr. Hirtle as Vice President of R&D, Inventor Relations and Product Acquisition. Both have been deposed in this case -- Mr. Gray as a fact witness and Mr. Hirtle as a *Fed. R. Civ. P. 30(b)(6)* designee.

This issue is governed by [HN1] *Fed. R. Civ. P. 26(a)(2)(B)* [*3] which requires the disclosure of written expert reports from any expert witness "retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony. . . ." There is a split of authority on the interpretation of this procedural rule.

One line of cases relied upon by Plaintiff ignores the plain language of *Rule 26(a)(2)(B)* and refuses, for policy reasons, to recognize an exemption to the report requirement for certain employee-experts. See *McCulloch v. Hartford Life and Accidental Ins. Co., 223 F.R.D. 26, 28 (D. Conn. 2004)* n1 (court held that "the interests in this case weigh[ed] in favor of requiring expert reports" from employees); *KW Plastics v. U.S. Can Co., 199 F.R.D. 687, 688 (M.D. Ala. 2000)*([T]he court finds that the Federal Rules of Civil Procedure require disclosures from every [expert] witness . . . regardless of whether the expert is an employee of the defendant corporation); and *3M v. Signtech USA, 177 F.R.D. 459 (D. Minn. 1998)*. The other line of cases relied upon by Hasbro strictly construes [*4] the text of [HN2] *Fed. R. Civ. P. 26(a)(2)(B)* and finds a written report exemption for employee-expert witnesses who are not "specially employed" to provide expert testimony and do not "regularly" testify as experts. See *Adams v. Gateway, Inc., 2006 U.S. Dist. LEXIS 14413, No. 2101 CV 106TS;2006 WL 644848 (D. Utah March 10, 2006)*("The plain language of the rule facilitates a party's use of an employee for expert witness testimony without the burden of a formal report."); *Duluth Lighthouse for the Blind v. C.G.*

2006 U.S. Dist. LEXIS 58910, *

*Bretting Mfg. Co., 199 F.R.D. 320 (D. Minn. 2000)*(same); and *Navajo Nation v. Norris, 189 F.R.D. 610, 613 (E.D. Wash. 1999)*("Those who drafted *FRCP 26(a)(2)(B)* could simply have required reports for all employee-experts if that is what they had intended.").

          n1 It is questionable whether *McCulloch* remains good law in the Second Circuit. Magistrate Judge Fitzsimmons issued her opinion in McCulloch on January 23, 2004 -- less than one month later on February 17, 2004, the Second Circuit strictly interpreted *Rule 26(a)(2)(B)* and held that [HN3] no expert report is required "[w]here the witness is not specially retained or employed to give expert testimony, or does not regularly give expert testimony in his or her capacity as an employee. . . ." *Bank of China v. NBM LLC, 359 F.3d 171, 182 n.13 (2nd Cir. 2004).*

[*5]

    This Court has thoroughly reviewed both lines of cases and finds the cases relied upon by Hasbro to be more persuasive. "All of the[] cases [relied upon by Plaintiff] have unnecessarily stretched to find a reason that the Rule requires a report for an employee expert witness who is not specially employed and does not regularly testify, when the Rule clearly says otherwise." *Adams, 2006 U.S. Dist. LEXIS 14413, 2006 WL 644848 at *3.* "If the drafters had intended [*Rule 26(a)(2)(B)*] to impose a report obligation on all employee-experts, they could have and would have done so." *Navajo Nation, 189 F.R.D. at 613.* While a Rule requiring full disclosure by report for all experts may be desirable from a policy standpoint, the plain language of the Rule provides otherwise. See *Adams, 2006 U.S. Dist. LEXIS 14413, 2006 WL 644848 at *3* [HN4] ("policy should only be used to construe a rule, not to contravene its language"); and *Duluth Lighthouse, 199 F.R.D. at 325* [HN5] ("we are not empowered to modify the plain language of the Federal Rules so as to secure a result that we think is correct"). [HN6] Parties should have the certainty that the Court will construe the Federal Rules as written and not [*6] have to guess as to which line of conflicting authority the Court might follow in construing an unambiguous procedural rule. Here, Hasbro has identified Mr. Gray and Mr. Hirtle as both fact and expert witnesses, and

there is no indication that either was "retained or specially employed" to provide expert testimony, or that they "regularly" do so as part of their job duties. Thus, Hasbro was not required to provide formal expert reports under *Rule 26(a)(2)(B)* for Mr. Gray or Mr. Hirtle, and Plaintiff's Motion to Preclude Expert Testimony, or alternatively, to Compel the Production of Expert Reports is DENIED.

    Plaintiff also tangentially requests an Order compelling Hasbro to produce all responsive documents to his First Set of Document Requests, including those considered by Hasbro's designated experts and those listed on Hasbro's privilege log. This Court concludes that such broad and extraordinary relief is not warranted under the circumstances and the request is DENIED. First, Hasbro represents in its opposition that "it has produced every document reviewed or relied upon by Messrs. Hirtle and Gray in connection with their expert testimony" and "recognizes its continuing [*7] obligation to supplement its document production should the witnesses review anything else in connection with the preparation of that testimony." Hasbro's Mem. in Opp. at p. 9 (emphasis in original). Second, the Document Requests were served and responded to by Hasbro nearly seven months prior to the instant Motion being filed. If Plaintiff had a substantive issue with Hasbro's discovery responses last Fall, he should have moved to compel (after conferring as required by *Fed. R. Civ. P. 37(a)(2)(B)*) in a timely fashion. In fact, Judge Smith's Pretrial Order provides that no motions shall be filed more than ten days after the close of discovery without leave of Court in order to discourage eleventh-hour motion practice. There is no indication that Plaintiff obtained leave of court to file this Motion and, in any event, this Court concludes that Plaintiff has waived this argument by not pursuing it in a timely fashion. Finally, Plaintiff has shown no prejudice to him by the timing of Hasbro's document production in 2005.

    **Conclusion**

    For the foregoing reasons, Plaintiff's Motion to Preclude/Compel (Document No. 53) is DENIED in its entirety. [*8]

LINCOLN D. ALMOND
United States Magistrate Judge
August 10, 2006

# EXHIBIT 6

LEXSEE 2007 US DIST LEXIS 18764



Analysis
As of: May 13, 2007

**THE GSI GROUP, INC., Plaintiff, v. SUKUP MANUFACTURING CO., Defendant.**

No. 05-3011

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF IL-
LINOIS, SPRINGFIELD DIVISION

*2007 U.S. Dist. LEXIS 18764*

**March 16, 2007, Decided**
**March 16, 2007, E-Filed**

**PRIOR HISTORY:** *GSI Group, Inc. v. Sukup Mfg. Co.,*
*2007 U.S. Dist. LEXIS 17809 (C.D. Ill., Mar. 14, 2007)*

**COUNSEL:** [*1] For The GSI Group Inc, Plaintiff,
Counter Defendant: Douglas D Churovich, Jonathan P
Soifer, McPherson D Moore, William B Cunningham, Jr,
LEAD ATTORNEYS, POLSTER LIEDER WOOD-
RUFF & LUCCHESI LC, St. Louis, MO.

For Sukup Manufacturing Co, Defendant, Counter
Claimant: Dean L Franklin, Matthew A Rosenberg,
LEAD ATTORNEYS, THOMPSON COBURN LLP, St
Louis, MO; Timothy J Londrigan, LEAD ATTORNEY,
LONDRIGAN POTTER & RANDLE PC, Springfield,
IL; Timothy J Zarley, LEAD ATTORNEY, ZARLEY
LAW FIRM, Des Moines, IA.

For Sukup Manufacturing Co, Counter Claimant: Dean L
Franklin, Matthew A Rosenberg, LEAD ATTORNEYS,
THOMPSON COBURN LLP, St Louis, MO; Timothy J
Zarley, LEAD ATTORNEY, ZARLEY LAW FIRM,
Des Moines, IA.

For Sukup Manufacturing Co, Counter Claimant: Timo-
thy J Zarley, LEAD ATTORNEY, ZARLEY LAW
FIRM, Des Moines, IA.

**JUDGES:** Byron G. Cudmore, UNITED STATES
MAGISTRATE JUDGE.

**OPINION BY:** Byron G. Cudmore

**OPINION:** BYRON G. CUDMORE, U.S. MAGIS-
TRATE JUDGE:

   This matter comes before the Court on Defendant
Sukup Manufacturing Company's (Sukup) Motion to
Compel Privileged Documents (d/e 181) (Motion to
Compel). For the reasons set forth below, the Motion is
DENIED.

   Plaintiff GSI Group, Inc. (GSI) designated [*2] sev-
eral individuals as expert witnesses, including three GSI
employees Burl Shuler, David Morrison, and Randal
Sheley. GSI supplied Sukup with expert reports from
these disclosed witnesses. On November 17, 2006, Su-
kup served on GSI its Fourth Request for Production of
Documents, which included Request No. 176. This re-
quest asked for,

> All documents shown to, considered,
> and/or relied upon by Renner, Towne,
> Hoffman, Shuler, Morrison, and Sheley in
> preparation of their expert reports and tes-
> timony.

Motion to Compel, Exhibit A, Sukup Manufacturing
Co.'s Fourth Request for Production of Documents and
Things Nos. 170-176 to GSI Group, Inc., at 3. GSI re-
sponded,

> OBJECTION to the extent this Request
> seeks materials covered by the attorney-

client privilege or the work product doctrine. Further OBJECTION in that all such materials are identified in each of the said experts' reports, and are all such materials are either already in the possession of Sukup or equally available to Sukup.

Motion to Compel, Exhibit B, GSI's Responses to Sukup Manufacturing Co.'s Fourth Request for Production of Documents and Things Nos. 170-176, at 5. In subsequent [*3] correspondence between counsel, Sukup's counsel requested production of specific documents identified on GSI's privilege log. The documents requested related to communications that involved GSI's counsel and employees Morrison, Shuler, or Sheley. The privilege log indicated that GSI asserted either the attorney-client or work product privilege for these documents. GSI's counsel refused to produce these documents, reasserting GSI's claims of privilege. Motion to Compel, Exhibits C and E, Correspondence Between Attorneys Zarley and Cunningham.

Sukup's Motion to Compel now asks this Court to order GSI to turn over all documents seen by GSI's expert witnesses, including the ones identified in the correspondence. The communications between counsel before bringing this matter to the Court, however, narrowed the dispute to documents seen by Morrison, Shuler and Sheley, rather than documents seen by the other experts. Sukup's Memorandum also seems to be limited to documents seen by these three witnesses. Therefore, the Court will only address the issue of documents seen by these three witnesses for which GSI has asserted a claim of privilege. If Sukup is seeking documents seen by [*4] other expert witnesses, it should attempt to secure those documents directly from GSI. If the parties fail to resolve any such disputes, Sukup should file another motion. *Fed. R. Civ. P. 37(a)(2)(A)*.

Sukup argues that GSI effectively waived its claim of privilege to any documents seen by these three witnesses because GSI elected to designate them as expert witnesses. GSI is required to disclose the identity of all witnesses who will provide expert opinion testimony. *Fed. R. Civ. P. 26(a)(2)(A)*. GSI is also required to provide Sukup with reports from certain expert witnesses, which reports must include, inter alia, "the data or other information considered by the witness in forming the opinions." *Fed. R. Civ. P. 26(a)(2)(B)*. Sukup argues that *Rule 26(a)(2)(B)* requires GSI to disclose everything that these three witness have seen prior to formulating their opinions, including otherwise privileged materials. Sukup argues that the obligation under *Rule 26(a)(2)(B)* effectively waives GSI's claim of privilege to any docu-

ments that these three expert witnesses saw before formulating their opinions.

The Court disagrees with Sukup's analysis because *Rule 26(a)(2)(B)* does not [*5] apply to these three witnesses. *Rule 26(a)(2)(B)* requires certain, specific expert witnesses to prepare and produce reports that include the type of information sought by Sukup. The Rule applies to, "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." *Fed. R. Civ. P. 26(a)(2)(B)*. Employees of a party who do not regularly give expert testimony as part of their duties are not required to produce expert reports that disclose all the data on which they relied. *Bank of China, New York Branch v. NBM LLC, 359 F.3d 171, 182 n. 13 (2d Cir. 2004)*; *Navajo Nation v. Norris, 189 F.R.D. 610, 612-13 (E.D. Wash. 1999)*; *Bowling v. Hasbro, 2006 U.S. Dist. LEXIS 58910 , 2006 WL 2345941, at *1-2 (D. R.I. 2006)*. n1 Sukup does not claim that Morrison, Shuler or Sheley regularly provide expert testimony as part of their duties at GSI. *Rule 26(a)(2)(B)*, therefore, does not require these employee experts to prepare expert reports. Hence, GSI's decision to use them as expert witnesses does not constitute a waiver of GSI's claims of privilege to the documents [*6] sought. n2

n1 Some courts have reached an opposite conclusion. See e.g., *Day v. CONRAIL, 1996 U.S. Dist. LEXIS 6596, 1996 WL 257654 (S. D. N. Y. May 15, 1996)*. However, these courts ignore the plain meaning of the words of the Rule. The Court agrees with the cases cited in the opinion above that *Rule 26(a)(2)(B)* does not require employees to prepare expert reports.

n2 The Court notes that GSI has actually given Sukup more than the Rules require by providing expert reports from these individuals.

Sukup also argues that GSI failed to comply with *Federal Rule of Civil Procedure 26(b)(5)* by failing to provide a proper privilege log, and therefore, lost any claim of privilege to these documents. Defendant's Memorandum In Support of Motion to Compel Privileged Documents (d/e 182) (Defendant's Memorandum), at 6-7. Sukup previously challenged the sufficiency of GSI's privilege log. Defendant's Motion Requesting Waiver of Privilege (d/e 123). The Court denied that [*7] motion as untimely. Text Order entered December 15, 2006. Sukup has, thus, waived its ability to complain about the sufficiency of GSI's privilege log. n3 GSI's request to compel production of these documents on the

2007 U.S. Dist. LEXIS 18764, *

grounds that GSI waived its claims of privilege is denied. n4

n3 GSI also argues that Sukup waived its right to challenge GSI's objections to Request No. 176, quoted above, because on February 27, 2005, Sukup requested documents seen by experts retained by GSI, and Sukup failed to file a timely motion to challenge GSI's response to that request. See Memorandum in Opposition to Sukup's Motion to Compel Privileged Documents (d/e 182)(d/e 205), at 4. Sukup's February 27, 2005, request was limited to documents seen by retained experts. The 2005 request did not seek documents seen by employee experts, such as Morrison, Shuler, and Sheley. Sukup's Request No. 176 is not just a repetition of the prior request.

n4 GSI also argues that Sukup failed to demonstrate a substantial need for privileged materi-

als. See *Fed. R. Civ. P. 26(b)(3)*. Sukup's motion only addresses whether GSI's privilege claims have been waived. The Court does not address at this time any issues concerning whether Sukup has a sufficient need under *Rule 26(b)(3)* to require GSI to produce privileged materials used by these experts to formulate their opinions.

[*8]

WHEREFORE, Defendant's Motion to Compel Privileged Documents (d/e 181) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: March 16, 2007

FOR THE COURT:

s/ Byron G. Cudmore

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 7

LEXSEE 2006 US DIST LEXIS 76776



Analysis
As of: May 13, 2007

**ROBERT ANDREW UPCHURCH and ISA UPCHURCH, Plaintiffs, v. OFFICER EDWARD K. HESTER, OFFICER TIMOTHY D. MUTTER, CITY OF DOVER, THE MILLS CORPORATION, d/b/a DOVER MALL, SMS HOLDINGS CORPORATION d/b/a VALOR SECURITY SERVICES, and DANIEL WIDENER, Defendants.**

**Civil Action No. 05-252-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2006 U.S. Dist. LEXIS 76776*

**October 23, 2006, Decided**

**PRIOR HISTORY:** *Upchurch v. Hester, 2006 U.S. Dist. LEXIS 37472 (D. Del., June 8, 2006)*

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs filed this *42 U.S.C.S. § 1983* action against defendants, police officers, the City of Dover, the operator of a mall, a security company, and an employee of the mall, in connection with an incident at a mall in March 2004. Before the court was plaintiffs' request/motion seeking thirty days to produce an expert report from one plaintiff's treating physician.

**OVERVIEW:** Plaintiffs sought permission to designate plaintiff's treating physician as an expert, even though the Scheduling Order deadline had passed. Plaintiffs also sought permission to allow the treating physician to produce an expert report within 30 days if the court granted the request. Defendants objected to the request. Defendants contend that the treating physician could not opine on the cause of plaintiff's injuries or on any future medical needs of plaintiff because his testimony was expert, not factual, testimony, and because plaintiffs did not timely identify the treating physician or submit an expert report by him. The court found that because plaintiffs intended to have the treating physician opine as to the causation of plaintiff's injuries, and his future treatment needs, plaintiffs intended to have the treating physician provide expert testimony that reached beyond the ordi-

nary treatment of plaintiff. Therefore, an expert report should have been provided to all defendants in accordance with *Fed. R. Civ. P. 26(a)(2)(B)*. However, the court found that plaintiff's failure to disclose was harmless.

**OUTCOME:** The request was granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Disclosures > Mandatory Disclosures*
*Civil Procedure > Discovery > Methods > Expert Witness Discovery*
[HN1] Pursuant to *Fed. R. Civ. P. 26(a)(2)(A)*, expert witnesses must be disclosed to the opposing side(s). In determining whether a witness is an expert and therefore must be identified and disclosed, Rule 26 focuses not on the status of the witness, but rather on the substance of the testimony.

*Civil Procedure > Discovery > Disclosures > Mandatory Disclosures*
*Civil Procedure > Discovery > Methods > Expert Witness Discovery*
[HN2] The designation of a witness as an expert is a matter separate from whether an expert report must be submitted by that witness. Not all identified experts must

2006 U.S. Dist. LEXIS 76776, *

submit expert reports. Rather, expert reports only need to be submitted by those witnesses who are retained or specifically employed to provide expert testimony. *Fed. R. Civ. P. 26(a)(2)(B)*. *Fed. R. Civ. P. 26(a)(2)(B)* does not require an expert report from a treating physician who will testify concerning his or her examination, diagnosis, treatment of a patient. However, the spirit and substance of Rule 26 cannot be avoided by employing the treating physician to provide, without an accompanying expert report, "classic expert testimony" regarding prognosis. When a treating physician's proffered testimony reaches beyond the basic facts learned during the treatment of a patient, and extends to typical opinion testimony, the provisions of Rule 26(a)(2)(B) attach, and an expert report must be provided.

*Civil Procedure > Discovery > Disclosures > Mandatory Disclosures*
*Civil Procedure > Discovery > Methods > Expert Witness Discovery*

[HN3] *Fed. R. Civ. P. 26(a)(2)(C)* details three methods to set a date for submitting an expert report: (1) by direction of the court, (2) by stipulation of the parties, or (3) by statute. If the parties or the court have not set a disclosure date, disclosures must be made at least 90 days before the trial date or the date the case is to be ready for trial.

*Civil Procedure > Discovery > Misconduct*

[HN4] A party that without substantial justification fails to disclose information required by *Fed. R. Civ. P. 26(a)* is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court may impose other appropriate sanctions. *Fed. R. Civ. P. 37(c)(1)*.

**COUNSEL:** [*1] Victor F. Battaglia, Sr., Esquire, and Phillip B. Bartoshesky, Esquire, of BIGGS & BATTAGLIA, Wilmington, Delaware. Attorneys for Plaintiffs.

Daniel A. Griffith, Esquire, and John Vernon Work, Esquire, of MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, Wilmington, Delaware. Attorneys for Defendants Officer Edward K. Hester, Officer Timothy D. Mutter and City of Dover.

Michael L. Sensor, Esquire, of PERRY & SENSOR, Wilmington, Delaware. Attorney for Defendants The Mills Corporation d/b/a Dover Mall, SMS Holdings Corporation d/b/a Valor Security Services, and Daniel Widener.

**JUDGES:** Joseph J. Farnan Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan Jr.

**OPINION:**

**MEMORANDUM OPINION**

October 23, 2006

Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Plaintiffs' request/motion n1 seeking thirty days to produce an expert report from Mr. Upchurch's treating physician. (D.I. 62). For the following reasons, the request will be granted.

> n1 The parties have submitted this dispute by letters, which is prohibited by the *Rule 16* Scheduling Order (D.I. 17). Although the Court will entertain the current request, the Court will not entertain further requests submitted by letters.

[*2]

**I. BACKGROUND**

A. Parties

Plaintiffs, Robert Andrew Upchurch and Isa Upchurch ("Plaintiffs"), are citizens of the State of Delaware who have brought this action pursuant to *42 U.S.C. § 1983*, in connection with an incident at the Dover Mall in March 2004.

Defendants Edward K. Hester ("Hester") and Timothy D. Mutter ("Mutter") are officers of the Dover Police Department who were engaged in extra duty assignments at the Dover Mall in March 2004. Defendant City of Dover is a political subdivision of the State of Delaware. The Court will refer to these defendants, collectively, as the "Dover Defendants."

Defendant Dover Mall Limited Partnership, designated by Plaintiffs as "The Mills Corporation d/b/a Dover Mall" is a Delaware business entity which operates and does business as the Dover Mall ("Mall"). Defendant SMS Holdings Corporation d/b/a Valor Security Services is a Delaware Corporation which provides security services for the Dover Mall ("Valor"). Defendant Daniel Widener ("Widener"), a Delaware resident, was an employee of Valor in March 2004. The Court will refer to these defendants, collectively, as the "Mall Defendants."

B. Background [*3]

The following facts are alleged in Plaintiffs' Amended Complaint. (D.I. 12). On the evening of March 14, 2006, after 9:00 p.m., Plaintiffs were shopping at the Dover Mall. Around 9:30 p.m., Mr. Upchurch went to see if the Boscov's store was still open. It was not. Mr. Upchurch was then approached by Defendant Widener, a security guard for Valor Security Services ("Valor"). Mr. Upchurch was advised that the store was not an exit from the Mall area. Mr. Upchurch then left the area after a verbal exchange between Defendant Widener and Mr. Upchurch, in which Defendant Widener identified himself as a security guard. As he was leaving, Mr. Upchurch heard Defendant Widener make a call on his two-way radio. Mr. Upchurch headed toward the Stawbridge's store, also in the Mall and still open at the time. As he approached Strawbridge's, he was stopped by Defendant Hester, an extra-duty City of Dover police officer procured by Valor for mall security duty through an arrangement with the City of Dover Police Department. Defendant Hester placed his hands on Mr. Upchurch's shoulders. Mr. Upchurch alleges he tried to run into Strawbridge's but was tackled to the floor from behind by Defendant Hester. [*4] Mr. Upchurch also alleges that Defendant Mutter, another extra-duty police officer, then sprayed Mr. Upchurch with mace or pepper spray while Mr. Upchurch was pinned to the floor. Mr. Upchurch was taken into custody and escorted out of the mall. As a result of this incident, Mr. Upchurch alleges he sustained injuries to his arm and left shoulder.

On April 28, 2005, Plaintiffs filed their Complaint. (D.I. 1). On December 22, 2005, the Court entered a Scheduling Order setting forth the parties' discovery deadlines. (D.I. 17). The Court designated April 20, 2006 as the date by which Plaintiffs were to produce expert reports, and, consequently, identify their experts. Id. To date, Plaintiffs have not designated any experts, and have not produced any expert reports. Plaintiffs now seek leave to submit an expert report from Dr. Glenn D. Rowe, Mr. Upchurch's treating physician.

## II. PARTIES' CONTENTIONS

By their letter request, Plaintiffs seek permission to designate Dr. Rowe as an expert, even though the Scheduling Order deadline has passed. Plaintiffs also seek permission to allow Dr. Rowe to produce an expert report within 30 days if the Court grants the request.

Both [*5] the Mall Defendants and the Dover Defendants object to Plaintiffs' request. The Mall Defendants contend that Dr. Rowe cannot opine on the cause of Mr. Upchurch's injuries or on any future medical needs of Mr. Upchurch because his testimony is expert, not factual, testimony, and because Plaintiffs did not

timely identify Dr. Rowe or submit an expert report by him. (D.I. 61). Since all expert disclosures and reports were due by April 20, 2006, the Mall Defendants contend that Plaintiffs should not now be permitted to designate Dr. Rowe as an expert, nearly six months after the Scheduling Order deadline. Id. The Dover Defendants have also filed a letter in opposition to Plaintiffs' Motion, reiterating the Mall Defendants position. (D.I. 63).

## III. ISSUES PRESENTED

In the Court's view, the issues raised by Plaintiffs' request are: (1) whether the proffered testimony of Dr. Rowe is "expert" or "factual" in nature; and (2) when were Plaintiffs required to disclose Dr. Rowe's identity and proffered expert testimony to Defendants.

## IV. DISCUSSION

### A. Dr. Rowe's Testimony Is Expert In Nature

[HN1] Pursuant to *Federal Rule of Civil Procedure 26(a)(2)(A)* [*6], expert witnesses must be disclosed to the opposing side(s). In determining whether a witness is an expert and therefore must be identified and disclosed, *Rule 26* "focuses not on the status of the witness, but rather on the substance of the testimony." *Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir. 2003)(citing Patel v. Gayes, 984 F.2d 214, 218 (7th Cir. 1993))*. The Court concludes that Plaintiffs should have designated and disclosed Dr. Rowe, Mr. Upchurch's treating physician, as an expert witness under *Rule 26(a)(2)(A)*.

[HN2] The designation of a witness as an expert is a matter separate from whether an expert report must be submitted by that witness. Not all identified experts must submit expert reports. Rather, expert reports only need to be submitted by those witnesses who are "retained or specifically employed to provide expert testimony." *Fed. R. Civ. P. 26(a)(2)(B)*. In advancing their contention that Dr. Rowe was not previously required to submit an expert report, Plaintiffs misconstrue the commentary to *Rule 26* identifying treating physicians as one group for which an expert report is not automatically [*7] required. (D.I. 62); see *Fed. R. Civ. P. 26,* cmt. 1993 Amendments, subdivision (a), para (2). *Rule 26(a)(2)(B)* does not require an expert report from a treating physician who will testify concerning his or her examination, diagnosis, treatment of a patient. However, the spirit and substance of *Rule 26* cannot be avoided by employing the treating physician to provide, without an accompanying expert report, "classic expert testimony" regarding prognosis. *Lauria v. AMTRAK, 1997 U.S. Dist. LEXIS 3408 at *4 (E.D. Pa 1997)*. When a treating physician's proffered testimony reaches beyond the basic facts learned during the treatment of a patient, and extends to

2006 U.S. Dist. LEXIS 76776, *

typical opinion testimony, the provisions of *Rule 26(a)(2)(B)* attach, and an expert report must be provided. *Buss v. Quigg, 2002 U.S. Dist. LEXIS 15081 at *2 (E.D. Pa 2002).*

Because Plaintiffs intend to have Dr. Rowe opine as to the causation of Mr. Upchurch's injuries, and his future treatment needs, the Court concludes that Plaintiffs intend to have Dr. Rowe provide expert testimony that reaches beyond the ordinary treatment [*8] of Mr. Upchurch. The Court, therefore, concludes that an expert report should have been provided to all Defendants in accordance with *Rule 26(a)(2)(B).*

B. Plaintiffs Were Required To Disclose All Experts In Accordance With The Court's Scheduling Order

[HN3] *Federal Rule of Civil Procedure 26(a)(2)(C)* details three methods to set a date for submitting an expert report: (1) by direction of the Court, (2) by stipulation of the parties, or (3) by statute. If the parties or the Court have not set a disclosure date, disclosures must be made "at least 90 days before the trial date or the date the case is to be ready, for trial." Id.

In this case, the *Rule 16* Scheduling Order (D.I. 17) required the Plaintiffs to disclose all experts and expert reports no later than April 20, 2006. Because Plaintiffs' current request to identify Dr. Rowe as an expert, and produce his expert report, was made on October 11, 2006, the Court concludes that the request is untimely.

C. The Impact Of Failing To Timely Disclose An Expert

Having concluded that Plaintiff's expert report is untimely, the Court must determine whether that untimeliness is sufficient to preclude [*9] Plaintiff from offering Dr. Rowe's expert report and testimony pursuant to *Federal Rule of Civil Procedure 37.* [HN4] "A party that without substantial justification fails to disclose information required by *Rule 26(a)* . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court . . . may impose other appropriate sanctions." *Fed. R. Civ. P. 37(c)(1).*

Plaintiffs' only justification for failing to disclose Dr. Rowe as an expert witness is their misunderstanding of the requirements of *Rule 26.* In the Court's view, this misunderstanding of the statute does not clearly constitute "substantial justification;" however, the Court finds that Plaintiff's failure to disclose is harmless. The Pre-Trial Conference is scheduled for January 2007. Moreover, Defendants have been aware, throughout the discovery period, of Mr. Upchurch's alleged shoulder injury

as well as the identity of Dr. Rowe as Mr. Upchurch's treating physician. Further, Plaintiffs indicate that Dr. Rowe's [*10] "expert report" will be provided to Defendants by mid-November. In these circumstances, the Court concludes that Plaintiffs should not be precluded from designating Dr. Rowe as an expert witness.

V. CONCLUSION

In sum, the Court concludes that Plaintiffs failed to comply with *Rule 26(a)* and identify Dr. Rowe as an expert witness and provide his expert report. However, because the Court finds that Plaintiffs' failure to disclose under *Rule 26(a)* was harmless, the Court will grant Plaintiff's request. Plaintiffs will be required to produce Dr. Rowe's expert report within thirty days of the date of this Order.

Finally, to avoid any undue prejudice to Defendants, the Court will require Mr. Upchurch to submit to a medical examination pursuant to *Federal Rule of Civil Procedure 35*, as requested by the Mall Defendants. (D.I. 61). Any medical expert reports to be offered by Defendants will be due 45 days after Mr. Upchurch's medical examination.

An order consistent with this Memorandum Opinion will be entered.

**ORDER**

At Wilmington, this 23 day of October 2006, for the reasons set forth in the Memorandum Opinion issued this date; [*11]

IT IS HEREBY ORDERED that Plaintiffs' request to designate an expert and submit an expert report is **GRANTED** (D.I. 62);

IT IS FURTHER ORDERED that:

1. Plaintiff is permitted to designate Dr. Rowe as an expert witness;

2. Plaintiff is required to produce Plaintiff's medical reports and Dr. Rowe's expert report to all Defendants within 30 days of this date;

3. Mr. Upchurch must submit to a medical examination pursuant to *Federal Rule of Civil Procedure 35*; and

4. Any medical expert reports to be offered by Defendants are due 45 days after Mr. Upchurch's medical examination.

Joseph J. Farnan Jr.

UNITED STATES DISTRICT JUDGE