# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.,  )
and BRIDGESTONE GOLF, INC.,  )
　)
Plaintiffs,  )　C. A. No. 05-132 (JJF)
　)
v.  )
　)　**PUBLIC VERSION**
ACUSHNET COMPANY,  )
　)
Defendant.  )

## ACUSHNET COMPANY'S OPPOSITION TO
## BRIDGESTONE'S MOTION IN LIMINE NO. 2 TO PRECLUDE THE USE OF
## THE CALLAWAY LICENSE AGREEMENT

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

*Attorneys for Defendant*
*Acushnet Company*

Dated: May 14, 2007
Public Version Dated: May 22, 2007
797071/28946

# TABLE OF AUTHORITIES

## CASES

*America Standard Inc. v. Pfizer Inc,*
  722 F. Supp. 86 (D. Del. 1989)......................................................................................5

*Century Wrecker Corp. v. E.R. Buske Manufacturing Co.,*
  898 F. Supp. 1334 (N.D. Iowa 1995)....................................................................1, 3, 5

*Ohler v. United States,*
  529 U.S. 753 (2000)......................................................................................................4

*In re Groggel,*
  333 B.R. 261 (Bankr.W.D.Pa. 2005) ..........................................................................4

*Hughes v. United States,*
  86 F.3d 1566 (Fed. Cir. 1996), *vacated on  grounds* 520 U.S. 1183 (1997) ................3

*Inline Connection Corp. v. AOL Time Warner, Inc.,*
  470 F. Supp. 2d 435 (D. Del. 2007)..........................................................................1, 3

*Snellman v. Ricoh Co.,*
  862 F.2d 283 (Fed. Cir. 1988)......................................................................................4

*So. R. Co. v. H.W. Vaughn,*
  359 F.2d 424 (5th Cir. 1966) ......................................................................................4

*Vulcan Hart Corp. v. N.L.R.B.,*
  718 F.2d 269 (8th Cir. 1983) ......................................................................................4

*Zurich America Insurance v. Watts Industrial,*
  417 F.3d 682 (7th Cir. 2005) ......................................................................................4

## STATUTES

Fed. R. Evid. 408 ......................................................................................................3, 4

Fed. R. Evid. 703 ........................................................................................................3

Defendant Acushnet Company ("Acushnet") opposes Bridgestone Sports Co.'s and Bridgestone Golf Inc.'s ("Bridgestone") Motion in Limine No. 2 to Preclude Use of the Callaway License Agreement ("Callaway License"). Bridgestone injected the valuation of the Callaway License in this litigation through its own economist, and it is now inextricably intertwined in the substantive and damages issues before this Court:

- ***First***, Bridgestone's expert economist, Mr. Jarosz, relied on the Callaway License in his reasonable royalty calculation and testified in his deposition that the Callaway License was relevant and should be considered in a calculation of reasonable royalties. Acushnet's expert, Mr. Kaplan, likewise agrees that the Callaway License is probative of the reasonable royalties here.

- ***Second***, Bridgestone relied on the Callaway License as evidence of the commercial success of two of the patents-in-suit in its interrogatory answers.

Bridgestone, having already suffused the litigation with the Callaway License, cannot have it both ways and now seek to exclude it. *See Inline Connection Corp. v. AOL Time Warner, Inc.*, 470 F. Supp. 2d 435, 445 (D. Del. 2007) (plaintiff's reliance on prior settlement agreement to establish a reasonable royalty and incorporation of data from prior negotiations in experts' analysis may render settlement admissible); *Century Wrecker Corp. v. E.R. Buske Mfg. Co.*, 898 F. Supp. 1334, 1341 (N.D. Iowa 1995) ("To the extent that defendants can show [plaintiff's damages expert] relied in any way on the settlement agreements in question in reaching his conclusions about a reasonable royalty in this case, defendants are entitled to present those settlement agreements and to show in what way they form an appropriate or inappropriate basis for [his] calculations.").

Importantly, Bridgestone's expert economist, Mr. Jarosz, relied on the 2001 Callaway License in his Market Approach analysis to damages in considering Bridgestone's claim to reasonable royalties. (*See* Ex. 1 – Jarosz Rpt. at 20-28). With respect to the Callaway License *and numerous other settlement agreements*, he states, "[t]he closer the transactions are in nature and scope to that envisaged in the hypothetical

negotiation, the more useful the information." (*Id.* at 20-26).   The Bridgestone-Acushnet

hypothetical negotiation and the actual Callaway License are analogous.



The nature and scope of the Callaway License is so close to the envisaged

hypothetical negotiation that Bridgestone's expert found it relevant and repeatedly

testified in his deposition it should be considered.  (*E.g.*, Ex. 3 – 03/13/07 Jarosz Tr. at

165 ("*I viewed it, from an economic perspective, to be useful to examine.*"), 211 ("*I*

*agree that it is relevant ...*").  He testified expressly that "*one can and should consider,*"

the Callaway License for a proper calculation of reasonable royalties in this case.  (*Id.* at

206-207 (emphasis added)).  And he in fact considered the Callaway License in his

Market Analysis approach to calculate reasonable royalties in Bridgestone's damages

report.  (Ex. 1 – Jarosz Rep. at 20-28).   Likewise, Mr. Kaplan, Acushnet's economist, in

rebutting Mr. Jarosz, found the parameters and circumstances of Callaway License

closely paralleled a Bridgestone-Acushnet hypothetical negotiation and could not be

ignored.  (Ex. 4 – Kaplan Rep. at 12-20, 57-58).   Thus, both parties' experts agree the

Callaway License is relevant to their analysis of damages.

Notably, the Callaway License is not the only settlement agreement recited in Bridgestone's expert's damages analysis.[1] Mr. Jarosz also considered at least the following additional settlement agreements: 1990 Acushnet-Spalding Settlement Agreement; August 5, 1996 Acushnet-Spalding & Evenflow Settlement Agreement; October 6, 1989 Acushnet-Polara Products Settlement Agreement; June 30, 2000 Acushnet-Dunlop Maxfli Sports Settlement Agreements; and an April 2001 Acushnet-Callaway License Agreement. (Ex. 1 at 23-25; Tab 33). Bridgestone has identified almost all of these agreements on its proposed exhibit list (*see* Ex. 5 – Excerpts of Bridgestone's Proposed Exhibit List), and has not sought the exclusion of any other settlement agreement except the Callaway License. Bridgestone has thus chosen to selectively and mechanically apply Fed. R. Evid. 408, and this should not be sanctioned.

A plaintiff that relies on his own settlement agreement in support of a damages calculation cannot later seek to exclude the agreement and prevent defendant's use of the same agreement. *See Inline Connection Corp.*, 470 F. Supp. 2d at 445 (plaintiff's reliance on prior settlement agreement to establish a reasonable royalty and incorporation of data from prior negotiations in experts' analysis may render settlement admissible); *Century Wrecker*, 898 F. Supp. at 1341 (if plaintiff's damages expert relied in any way on the settlement agreements in question in reaching his conclusions about a reasonable royalty in this case, defendants are entitled to present those settlement agreements); *see also Hughes v. United States*, 86 F.3d 1566, 1573 (Fed. Cir. 1996) (Hughes did not object to admission of settlement offers and now cannot object to the weight the trial court accorded them in calculation of reasonable royalty of patent damages), *vacated on*

---

[1] Bridgestone has not moved to exclude Mr. Kaplan's opinion itself, because it cannot dispute the reliability or fit of his opinion, given that Bridgestone's own expert relied on the same data. Further, because both experts relied on the License and other settlement agreements – it is the type of evidence that is reasonably relied on here by economists – both Messrs. Jarosz and Kaplan may use the License in his opinion pursuant to Fed. R. Evid. 703, irrespective of the admissibility of the above listed settlement agreements.

*grounds* 520 U.S. 1183 (1997), *reinstating damages*, 140 F.3d 1470, 1477 (Fed. Cir. 1998); *In re Groggel*, 333 B.R. 261, 297 (Bankr.W.D.Pa. 2005) (court can consider settlement offer in calculation of liability and damages as settlement was offered by party to the settlement) *citing So. R. Co. v. H.W. Vaughn*, 359 F.2d 424, 425 (5th Cir. 1966) (one who introduces evidence of a settlement of a claim cannot later object to use of such evidence). *Cf. Ohler v. United States*, 529 U.S. 753, 760 (2000) (incriminal matter, defendant must decide his strategy, and if he preemptively introduces evidence of a prior conviction he may not later claim the admission of such evidence was error).

The Callaway License was entered as part of a larger business arrangement with Bridgestone. As such, the Court must also consider the context and circumstances under which it was entered, which Bridgestone's motion fails to address. Bridgestone's Director, Mr. Tomita, described the agreement as ████████████████████ ██████████████████. (Ex. 6 – Tomita Tr. at 14-17.)

████████████████████████████████████████████████████████

Exclusion of a settlement agreement to establish liability or damages under Rule 408 is not absolute. *See Snellman v. Ricoh Co.*, 862 F.2d 283, 289 (Fed. Cir. 1988) (noting district court failed to consider context of "settlement agreement"). Even if the Callaway License qualifies as a settlement agreement, despite its fuller context, the text of Rule 408 excludes evidence of settlement offers "only if such evidence is offered to prove liability for or invalidity [or amount] of the claim under negotiation." *Vulcan Hart Corp. v. N.L.R.B.*, 718 F.2d 269, 277 (8th Cir. 1983). *See* Fed. R. Evid. 408 ("the" claim); *Zurich Am. Ins. v. Watts Indus.*, 417 F.3d 682, 689 (7th Cir. 2005) (citing cases).

Finally, Bridgestone not only raised the Callaway License as support for its damages analysis, but it also raised the agreement as evidence that its inventions are commercially successfully. Bridgestone answered Acushnet's contentions interrogatory on the question of commercial success by stating that, ████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ (Ex. 7, Pl's 9th Interrog. Resp. No. 10, at 12.) Commercial success relates to the value of an invention, and by pointing to the Callaway License, Bridgestone put in issue the valuation of the patents-in-suit as determined by the License. *See Am. Standard Inc. v. Pfizer Inc*, 722 F. Supp. 86, 136 n.55 (D. Del. 1989) (admitting settlement agreement in support of plaintiff's contention of commercial success). Acushnet must be afforded an opportunity to rebut the allegation of commercial success by referring to the same agreement. *See Century Wrecker*, 898 F. Supp. at 1341 (where plaintiffs relied on settlement, defendants entitled to present it too).

Bridgestone made tactical decisions to base its reasonable royalty calculations on settlement agreements, including the Callaway License. Acushnet's expert responded with reference to the Callaway License as well. It is now a data point that cannot be ignored. Remarkably, Bridgestone has also relied on the Callaway License as evidence of the commercial success of two of its patents-in-suit. Thus, Bridgestone cannot be heard to complain when Acushnet agrees that the Callaway License is relevant and should be considered by the jury, as determined by both parties' expert economists. Exclusion of the Callaway License, having been first made an integral part of this suit by Bridgestone itself, would prejudice Acushnet. Both expert economists agree that the Callaway License should be considered as part of a damages calculation in particular.

Accordingly, Acushnet respectfully requests that Bridgestone's motion be denied.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC  20004
Telephone: (202) 783-0800

Dated:  May 14, 2007
Public Version Dated:  May 22, 2007
797071/28946

By:  /s/ David E. Moore
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     P.O. Box 951
     Wilmington, DE  19899-0951
     (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

     I, David E. Moore, hereby certify that on May 22, 2007, the attached document was hand

delivered to the following persons and was electronically filed with the Clerk of the Court using

CM/ECF which will send notification to the registered attorney(s) of record that the document

has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

     I hereby certify that on May 22, 2007, I have Electronically Mailed the documents to the

following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C.  20005
RobMasters@paulhastings.com

                    /s/ David E. Moore
                    Richard L. Horwitz
                    David E. Moore
                    Potter Anderson & Corroon LLP
                    Hercules Plaza – Sixth Floor
                    1313 North Market Street
                    P.O. Box 951
                    Wilmington, DE  19899-0951
                    (302) 984-6000
                    rhorwitz@potteranderson.com
                    dmoore@potteranderson.com

680012 / 28946