IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) C. A. No. 05-132 (JJF) ) ) ) **PUBLIC VERSION** ) ) ) |

## ACUSHNET'S OPPOSITION TO BRIDGESTONE'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE ACUSHNET FROM INTRODUCING ANY EXPERT TESTIMONY OUTSIDE THE SCOPE OF THE EXPERT'S REPORT

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: May 14, 2007
Public Version Dated: May 22, 2007
797088/28946

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Acushnet Company*

# TABLE OF AUTHORITIES

### Cases

*Bowersfield v. Suzuki Motor Corp.*,
   151 F. Supp. 2d 625 (E.D. Pa. 2001) ............................................................................... 1

*DeMarines v. KLM Royal Dutch Airlines*,
   580 F.2d 1193 (3d Cir. 1978) ........................................................................................... 1

*Fritz v. Consolidated Rail Corp.*,
   1992 U.S. Dist. LEXIS 5807, 1992 WL 96285 (E.D. Pa. Apr. 23, 1992) ...................... 1

*KSR, Int'l Co. v. Teleflex, Inc.*,
   550 U.S. ___, 207 WL 1237837 (2007) .......................................................................... 3

*Mahoney v. Pilgrim's Pride Corp.*
   2007 WL 81673 (W.D. La. 2007) .................................................................................... 2

*Minebea Co., Ltd. v. Papst*,
   231 F.R.D. 3 (D.D.C. 2005) ............................................................................................. 2

*Power Integrations, Inc. v. Fairchild Semiconductor International*, Inc.,
   C.A. No. 04-1371-JJF, 2006 WL 2435083 (D.Del. Aug. 22, 2006) ........................... 1, 2

*Southern Pac. Transp. Co. v. Builders Transp. Inc.*,
   No. 90-3177, 1993 U.S. Dist. LEXIS 7380 (E.D.La. May 25, 1993) ............................ 2

*Wechsler v. Macke Intern. Trade, Inc.*,
   221 F.R.D. 619 (C.D.Cal. 2004) ...................................................................................... 1

### Rules

Fed. R. Civ. P. 26(a)(2)(B) ....................................................................................................... 1

Bridgestone's motion seeks an unnecessary advisory ruling from the court that experts are precluded from introducing opinions outside the scope of their reports. The Federal Rules set forth the requirements for expert testimony and require witnesses who are retained or specially employed to provide expert testimony or whose duties as an employee regularly involve giving expert testimony to provide a written report of their opinions to be expressed at trial. Fed. R. Civ. P. 26(a)(2)(B). Acushnet has every intent to comply with the Federal Rules and Bridgestone has offered no evidence to the contrary; and therefore, Bridgestone's motion is unnecessary.

Bridgestone's motion also should be denied because it seeks a strict construction of the Federal Rules, which is not always appropriate because the Rules must be interpreted in light of federal court precedent. "Testimony of an expert on matters within the expert's expertise but outside of the expert's report is not only permissible at trial, but the exclusion of such testimony may be reversible error . . . . An expert may testify beyond the scope of his report absent surprise or bad faith." *Fritz v. Consolidated Rail Corp.*, 1992 U.S. Dist. LEXIS 5807, 1992 WL 96285, *3 (E.D. Pa. Apr. 23, 1992) (Hutton, J.) (Ex. 1) (*citing DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193 (3d Cir. 1978); *Bowersfield v. Suzuki Motor Corp.*, 151 F. Supp. 2d 625, 631-32 (E.D. Pa. 2001) (*noting* that "Courts within this district have also noted that there is no local custom, practice or rule which would limit an expert's testimony to the strict confines of his report."); *Power Integrations, Inc. v. Fairchild Semiconductor International*, Inc., C.A. No. 04-1371-JJF, 2006 WL 2435083, at *1 (D.Del. Aug. 22, 2006) (*allowing* supplemental expert report where no prejudice would result from its admission) (Ex. 2); *Wechsler v. Macke Intern. Trade, Inc.*, 221 F.R.D. 619, 623 (C.D.Cal. 2004) (*allowing* supplemental expert report where no prejudice would result from its admission).

First, in this case, the experts did not have the opportunity to respond to rebuttal reports. Further, Bridgestone submitted additional expert declarations in opposition to Acushnet's summary judgment motions, which were filed after expert discovery. (*See*

Ex. 3 – 4/26/07 Cadorniga Decl.)[1] Therefore, where an expert was not able to address an issue raised in an expert rebuttal report, or in a declaration in support of a subsequent motion, it would be prejudicial to preclude the expert from addressing that issue at trial. Otherwise, parties with the burden of proof on an issue would be at a disadvantage because their expert would be unable to ever respond to the rebuttal expert's responsive arguments at trial or in deposition. Further, it would give experts the incentive to withhold certain opinions from their opening reports, only to sandbag the opposing expert in a subsequent declaration, leaving the other expert unable to respond. Experts must have some latitude within the confines of the Federal Rules to offer full and complete rebuttal to the opinions of other experts. *See, e.g., Power Integrations, Inc.*, 2006 WL at *1 (allowing supplemental expert report to respond to new testimony offered in deposition) (Ex. 2).

Next, Bridgestone's motion also fails to take into account that an expert may elaborate or clarify expert testimony during deposition. *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 8 (D.D.C. 2005) (allowing expert witness to expand upon and explain the opinions and conclusions in his expert report and at deposition); *Mahoney v. Pilgrim's Pride Corp.* 2007 WL 81673, at *3 (W.D. La. 2007) (Ex. 4) (*citing Southern Pac. Transp. Co. v. Builders Transp. Inc.*, No. 90-3177, 1993 U.S. Dist. LEXIS 7380, at *48 (E.D.La. May 25, 1993) (reasoning that where an expert is "questioned on the recently obtained information at his deposition, the deposition functions much like a supplemental expert report, and may be said to 'expand' the scope of the formal expert report.") (Ex. 5). Here, both parties have relied on substantive portions of each other's expert witnesses' deposition testimony, rather than their expert reports, in support of the

---

[1] Mr. Cadorniga submitted a supplemental declaration, which Bridgestone attached to its Opposition to Acushnet's Motion for Summary Judgment of Non-Infringement of the '852 patent (Ex. 3). In the declaration Mr. Cadorniga contradicts his depositions testimony that he did not do a doctrine of equivalents analysis.

summary judgment briefs recently submitted to the Court. This is perfectly appropriate and neither Bridgestone nor Acushnet can argue that they have suffered any prejudice as a result. Moreover, Bridgestone has filed several motions in limine to exclude evidence and testimony, which if granted, could result in the need for experts to change both the content and scope of their opinions.[2] In this instance, it is not only permitted, but required, that the experts be allowed to expand the scope of their expert testimony beyond that of their reports in accordance with Rule 1 of the Federal Rules of Civil Procedure.

Finally, Bridgestone's current motion specifically seeks to preclude Acushnet from doing exactly what it advised the Court that Acushnet should be allowed to do in order to avoid any prejudice in light of the Supreme Court's recent decision on obviousness. *KSR, Int'l Co. v. Teleflex, Inc.*, 550 U.S. __, 207 WL 1237837 (2007). In opposition to Acushnet's emergency motion to postpone trial and reopen expert discovery in light of the *KSR* decision, Bridgestone argued that any prejudice suffered by Acushnet could be mitigated by allowing Acushnet's expert to discuss and apply the standards announced in *KSR* at trial. This is directly contradictory, however, with Bridgestone's current action of seeking to preclude any testimony related to "obviousness" not already provided in Acushnet's experts' reports. (D.I. 449, p. 3). Bridgestone cannot have it both ways.

Although the Federal Rules require an expert to submit a report disclosing the opinions he intends to provide at trial, case law precedent and the practicalities of litigation, as well as the specific circumstances of this case, do not confine him strictly to testify only to the opinions expressed within the four corners of that report.

---

[2] *See e.g.*, Bridgestone's Motion in Limine No. 2, to Preclude Use of the Callaway License Agreement and Bridgestone's Daubert Motion to Exclude Expert Testimony of Jeff Dalton.

3

For all of the foregoing reasons, Bridgestone's motion *in limine* seeking an improperly strict advisory opinion that experts are precluded from testifying outside the scope of their expert reports should be denied.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC  20004
Telephone: (202) 783-0800

Dated:  May 14, 2007
Public Version Dated:  May 22, 2007
797088/28946

By:  /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 22, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

I hereby certify that on May 22, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C.  20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946