IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) |
| Plaintiffs, | ) ) C. A. No. 05-132 (JJF) |
| v. | ) ) ) **PUBLIC VERSION** |
| ACUSHNET COMPANY, | ) ) |
| Defendant. | ) |

### ACUSHNET'S BRIEF IN OPPOSITION TO BRIDGESTONE'S *DAUBERT* MOTION TO PRECLUDE DR. LYNCH FROM OFFERING TESTIMONY REGARDING INFRINGEMENT

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: May 14, 2007
Public Version Dated: May 22, 2007
797108/28946

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Acushnet Company*

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ....................................................................................................... 1

    A. Legal Standards ....................................................................................... 1

    B. Dr. Lynch's education and experience qualify him as an expert in the subject matter of the Lynch patents. ..................................... 2

    C. Dr. Lynch relied on appropriate claim constructions and applied them to the accused products in forming his conclusion that Bridgestone infringes the Lynch patents. ......................... 3

III. CONCLUSION .................................................................................................... 6


# TABLE OF AUTHORITIES

## CASES

*Caterpillar Inc. v. Sturman Indus.*,
   387 F.3d 1358 (Fed. Cir. 2004)................................................................. 3

*Eaton Corp. v. Parker-Hannifin Corp.*,
   292 F. Supp. 2d 555 (D. Del. 2003)........................................................ 2, 4

*In re Paoli R.R. Yard PCB Litig.*,
   35 F.3d 717 (3d Cir. 1994)....................................................................... 2

*Inline Connection Corp. v. AOL Time Warner, Inc.*,
   C.A. No. 02-272-MPT, 2007 U.S. Dist. LEXIS 6207
   (D. Del., Jan. 29, 2007)........................................................................ 2, 5

*Neutrino Dev. Corp. v. Sonosite, Inc.*,
   410 F. Supp. 2d 529 (S.D. Tex. 2006)...................................................... 4

*Oxford Gene Tech., Ltd. v. Mergen Ltd.*,
   345 F. Supp. 2d 431 (D. Del. 2004)......................................................... 5

## RULES

Fed. R. Evid. 702 ............................................................................................. 2

I.   INTRODUCTION

Bridgestone seeks to preclude the testimony at trial of Dr. Francis DeS. Lynch, Acushnet's infringement expert for U.S. Patent Nos. 4,729,861 ("the '861 patent"), 4,936,587 ("the '587 patent"), and 5,080,367 ("the '367 patent") (collectively, "the Lynch patents"). The three Lynch patents are directed to the depths, diameters, and spacing of dimples on the surface of a golf ball.

Bridgestone bases its *Daubert* motion on two premises, one of which is irrelevant and the other of which is contradicted by the record. First, Bridgestone argues that Dr. Lynch should be precluded from offering testimony because he "has not been employed in the golf ball industry for at least 27 years (since 1980)." (D.I. 453 at 2-3). Absent any specific challenge to Dr. Lynch's education and experience, that argument is irrelevant. Second, Bridgestone claims that Dr. Lynch's expert report "ignored all of the parties' agreed-upon and contested claim meanings." (*Id.*). That argument is contradicted by the record, as shown below.

Because the bases for Bridgestone's motion are irrelevant and unfounded, its motion should be denied.

II.  ARGUMENT

A.   Legal Standards

Expert opinion may be used to provide conclusions or inferences from facts that a lay person is unqualified to make. To introduce expert testimony before a court, the Federal Rules of Evidence define three requirements that must satisfied.

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Based upon this rule, there are no particular requirements for the qualification of an expert. The rules do require, however, that the trial judge be persuaded that the purported expert has knowledge or training in an area of specialized knowledge that is beyond the abilities of an ordinary juror. *See Eaton Corp. v. Parker-Hannifin Corp.*, 292 F. Supp. 2d 555, 567 (D. Del. 2003).

The Third Circuit has identified several factors to be considered in deciding whether to exclude testimony:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

*In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir. 1994). The court "clearly emphasized that 'the importance of the excluded testimony should be considered.'" *Inline Connection Corp. v. AOL Time Warner, Inc.*, C.A. No. 02-272-MPT, 2007 U.S. Dist. LEXIS 6207, *11 (D. Del., Jan. 29, 2007) (Ex. 1).

**B.     Dr. Lynch's education and experience qualify him as an expert in the subject matter of the Lynch patents.**

Given his educational background and experience, there should be no legitimate question of Dr. Lynch's qualifications as an expert on the Lynch patents. He received his Doctorate of Science from the Massachusetts Institute of Technology in Mechanical Engineering and received both a Masters degree and a Bachelor of Science degree in engineering from Northeastern University. (D.I. 453 at Ex. 1, p.2). He worked at Acushnet Company for ten years, where he ran Acushnet's Research and Development Department as Assistant Director of Research and Development. (D.I. 453 at Ex. 2, p. 14) He was responsible for developing dimple designs and dimple measurement techniques – precisely the technologies covered by the Lynch patents. (D.I. 453 at Ex. 1, p.2).

He is also a named inventor on approximately 15 United States patents related to dimple design and measurement. (*Id.*) In fact – and this is a fact Bridgestone omits in its brief – he is the first named inventor on each of the three Acushnet patents discussed in his report. As an inventor, he possesses more than ordinary skill in the art. *See Caterpillar Inc. v. Sturman Indus.*, 387 F.3d 1358, 1377 (Fed. Cir. 2004) (being an inventor "requires more than merely exercising ordinary skill in art"). As a named inventor, Dr. Lynch, more than anyone, is qualified to opine on the Lynch patents.

Indeed, Bridgestone does not actually challenge Dr. Lynch's education or experience. Bridgestone's only challenge to Dr. Lynch's qualifications is that he has not worked in the golf ball industry for 27 years. Bridgestone apparently believes that Dr. Lynch has lost his expertise over time. Bridgestone, however, provides no basis or support for its suggestion that he has done so, nor does it identify any alleged impact that the intervening years might have on Dr. Lynch's analysis or conclusions. Absent any such evidence, Bridgestone's motion must fail.

### C. Dr. Lynch relied on appropriate claim constructions and applied them to the accused products in forming his conclusion that Bridgestone infringes the Lynch patents.

Contrary to Bridgestone's characterizations, Dr. Lynch considered the proper scope of the claim language and applied that scope to the accused products in forming his opinion that Bridgestone infringes the Lynch patents.

Dr. Lynch's opinions are entirely consistent with the parties' agreed-upon constructions. For example, the parties agreed that terms such as "dimple diameter" and "dimple depth" should be construed as set forth in the patents. (D.I. 228 at 18). Accordingly, Dr. Lynch expressly adopted the patent language in conducting his analysis, which he then applied to the accused products to form his conclusions. (D.I. 453 at Ex. 1, p. 9) ("The dimple diameter and depth measurements were made in accordance with the

teachings of the '861 patent," citing the '861 patent, col. 8, ll. 40-45). Dr. Lynch similarly analyzed all claims against the accused products consistent with the parties' agreed-upon constructions. (D.I. 453 at Ex. 1, pp. 6-20). In fact, Bridgestone has not identified a single claim term analyzed by Dr. Lynch in a manner inconsistent with the parties' agreed-upon constructions. *See, e.g., Neutrino Dev. Corp. v. Sonosite, Inc.*, 410 F. Supp. 2d 529, 548-49 (S.D. Tex. 2006) (excluding expert's opinion only where it used claim constructions inconsistent with the court's claim construction order).

Bridgestone's concern is apparently that Dr. Lynch did not reference the parties' agreed-upon construction verbatim in his report. This district, however, has previously held that no such requirement exists. *See Eaton Corp.*, 292 F. Supp. 2d at 567. In that case, the plaintiff moved to exclude the testimony of the defendant's infringement expert on the grounds that he "applied his own definitions" for certain claims terms contrary to the court's claim construction order. *Id.* The court disagreed, finding that, while the expert "varied his word choices from those precisely announced in the claim construction order," he nevertheless "sought to testify in the spirit of the claim construction and did not intentionally substitute his definitions for those of the court." *Id.* Similarly here, a review of Dr. Lynch's report shows that his analysis and opinions are clearly within the spirit of the parties' agreed-upon claim constructions and should not be excluded.

Nor did Dr. Lynch ignore the parties' disputed claim construction. The parties' only substantive disagreement on claim construction for the Lynch patents is whether claim 1 of the '861 patent requires dimple diameters and depths that *satisfy* an equation set forth in the claim or whether the claim requires one *to use* the equation to determine those depths and diameters. (D.I. 228 at 20).[1] Acushnet proposed that the Court construe

---

[1] The parties also have a minor disagreement regarding construction of the term "edge." As Acushnet stated at the *Markman* hearing, however, the Court "could adopt either of them and come to the same conclusion with the same outcome." (Hearing Tr., 11/29/06, at 106). Regardless, Dr. Lynch expressly referred to the express language relied upon by

4

that claim limitation according to its plain meaning, which requires only that the dimple diameters and depths *satisfy* the S-value equation. (*Id.* *See also* Hearing Tr., 11/29/06, at 106-07). In his analysis, Dr. Lynch expressly stated that Bridgestone met that limitation by using "combinations of dimple diameters and depths *that satisfy* the S-value equation ...." (D.I. 453 at Ex. 1, pp. 8) (emphasis added). (*See also id.* at 12-13). Thus, contrary to Bridgestone's assertion, Dr. Lynch did not "ignore" the parties' contested claim meanings – he clearly applied Acushnet's proposed construction.

Having adopted the appropriate claim constructions, Dr. Lynch then applied those claim constructions to the accused products. (D.I. 453 at Ex. 1, pp. 6-20). His opinion is thus based on the appropriate claim construction and an appropriate comparison of the accused products against the properly-construed claims.

Nor do the cases relied upon by Bridgestone support a different conclusion. In *Oxford Gene Tech.*, the court excluded an expert's opinions on validity because his "failure to disclose a clear construction *of each disputed claim element* makes his report less than helpful to the trier of fact." *Oxford Gene Tech., Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 436 (D. Del. 2004) (emphasis added). Here, however, as shown above, Dr. Lynch clearly applied Acushnet's proposed construction of the one element about which the parties have a substantive dispute. (D.I. 453 at Ex. 1, pp. 8, 12-13).

In *Inline Connection Corp.*, the court excluded an expert's opinion on enablement because the expert, after having narrowly (and incorrectly) defined the invention, never offered an enablement opinion under his own narrow definition. *Inline Connection Corp.*, 2007 U.S. Dist. LEXIS 6207 at *16 (D. Del. Jan. 28, 2007) (Ex. 1 hereto). Thus, because that failure was a fundamental flaw in his analysis, the court excluded it. *Id.* Here, however, Bridgestone's only argument against Dr. Lynch's analysis is that he did

---

Bridgestone in defining the dimple edge. (*Compare* D.I. 453 at Ex. 1, p. 18 and D.I. 228 at 22).

5

not apply the proper claim constructions. (D.I. 453 at 6). As shown above, Bridgestone's argument is contradicted by Dr. Lynch's report. Thus, neither case relied upon by Bridgestone is applicable here.

### III.  CONCLUSION

Based on the foregoing, Acushnet respectfully requests that the Court deny Bridgestone's motion to preclude Dr. Lynch's testimony.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  (202) 783-0800

Dated:  May 14, 2007
Public Version Dated:  May 22, 2007
797108/28946

By:  /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 22, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

I hereby certify that on May 22, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C.  20005
RobMasters@paulhastings.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946