IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) C.A. No. 05-132 (JJF) ) ) REDACTED – PUBLIC VERSION ) ) ) ) |

**BRIDGESTONE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1, TO PRECLUDE ACUSHNET'S EMPLOYEES FROM TESTIFYING AS EXPERTS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filed: May 18, 2007
Redacted Version Filed: May 22, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., ) ) ) | |
| Plaintiffs, ) | C.A. No. 05-132 (JJF) |
| ) | |
| v. ) | REDACTED – PUBLIC VERSION |
| ) | |
| ACUSHNET COMPANY, ) ) | |
| Defendant. ) | |

**BRIDGESTONE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1, TO PRECLUDE ACUSHNET'S EMPLOYEES FROM TESTIFYING AS EXPERTS**

Acushnet says that its employees will testify "as to tests on prior art and accused ball[s] that they performed and were relied upon by Acushnet's infringement and invalidity experts" (D.I. 496 at 1; *see also* Ex. A, 2/22/07 ltr; D.I. 423 at 2). But when Bridgestone deposed some of Acushnet's employees about this testing, they did not know what (if any) test results in Acushnet's non-employee expert reports were their own. For example, David Bulpett testified that it was ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ When Bridgestone asked about the other testing that Mr. Bulpett had performed, Acushnet's lawyers instructed him not to answer on the basis of work product (*id.* at 12-15).

Acushnet has backed itself into this corner because it "structure[d] its case so that it can selectively disclose only the test results that it wants to" (D.I. 446 at n.2) – a statement from Bridgestone's motion that Acushnet did not dispute. Nor did Acushnet dispute that its employees have conducted tests on prior art and accused golf balls starting in the 1990s and continuing through expert discovery in this case, that Acushnet has withheld many of these

results on grounds of privilege and work product, and that it has given all of these test results to its lawyers, who pick and choose which ones to give to Acushnet's non-employee experts. Acushnet is now left with employees who do not know which of their testing, if any, ended up in Acushnet's non-employee experts' reports – and, consequently, who did not know during their depositions what opinions they would offer at trial.

Acushnet has also said that its employees may testify to the "knowledge of one of ordinary skill in the art" (Ex. A) and "the physical properties of prior art and accused golf balls" (D.I. 423 at 3). Acushnet adds in its opposition that its employees may also testify "on technical subjects such as golf ball technology, golf ball manufacturing, golf ball measurement, and alternative designs for golf balls" (D.I. 496 at 1). Bridgestone asked about these topics during depositions too. ███████████████████████████████████████████████

Fed. R. Civ. P. 26(a)(2)(B) requires that a witness who is "specially employed to provide expert testimony" provide a written report. The cases Bridgestone cites state that employees who do not regularly give expert testimony fall into the "specially employed" language (D.I. 446 at 3-4). Those cases base their holding on a rationale that Acushnet ignores: that Rule 26 should not be used to "create a distinction seemingly at odds with the evident purpose of promoting full pre-trial disclosure of expert information." *Dyson Tech. Ltd. v. Maytag Corp.*, 2007 WL 656252 (D. Del. March 6, 2007) (quoting *Day v. Consol. Rail Corp.*, C.A. No. 95-968, 1996 WL 257654, at *2 (S.D.N.Y. May 15, 1996)); (*see also* D.I. 446 at 4).

The rationale in these cases is especially compelling here. Acushnet's employee experts have not provided expert reports. The depositions that Bridgestone took did not disclose their opinions either.[1] Bridgestone requests that the Court preclude Acushnet's employee experts from testifying.

Acushnet says that the *Day* and *KW Plastics* lines of cases have been "sharply criticized" (D.I. 496 at 2), on the basis that they "fail[] to consider the plain text of Rule 26" (*id.* at 4). Not so – the *Day* line of cases explains that employee experts fall squarely within the rule if they have been "specially employed" to provide expert testimony. The policy, as explained above, is to avoid a loophole that does not allow full pre-trial disclosure of opinions from witnesses who will give classic expert testimony – exactly what happened here.

Acushnet attempts to distinguish the cases cited by Bridgestone on grounds that are immaterial. Worth noting, however, is that Acushnet distinguishes *McCulloch* on the basis that "the court acknowledged that it simply does 'not recognize an exemption solely on the fact that Hartford's witnesses are employees'" (D.I. 496 at 5). The court declined to read into Rule 26 a *per se* exemption that "experts" who are employees do not have to provide a report.[2]

## CONCLUSION

Bridgestone requests that the Court grant its motion *in limine*.

---

[1] Acushnet argues without citation that Bridgestone "voluntarily waived its initial objection of Acushnet's employee experts not providing expert reports" (D.I. 496 at 3). Acushnet has an obligation under Rule 26 to disclose the opinions of its experts. It did not provide written reports for them, and the depositions that Bridgestone took got it no closer to understanding what these purported employee experts will testify about at trial. There has been no waiver.

[2] Acushnet also says that *Day* is "inconsistent" with *Bank of China* – where the court footnoted that the employee expert did not need to provide an expert report. The court's brief analysis does not indicate that it rejected the *Day* line of cases.

                                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                    */s/ Leslie A. Polizoti*

                                    Jack B. Blumenfeld (#1014)
                                    Leslie A. Polizoti (#4299)
                                    1201 N. Market St.
                                    P.O. Box 1347
                                    Wilmington, DE 19801
                                    (302) 658-9200
                                    *Attorneys for Bridgestone Sports Co., Ltd.*
                                    *and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 18, 2007

4

# EXHIBIT A

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

Direct Dial 202.383.6904
File 00634.0002

February 22, 2007

BY FACSIMILE

Brandon M. White, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

Re:   *Bridgestone Sports Co. v. Acushnet Co.*,
      C.A. No. 05-132 (JJF) (D. Del.)
      Acushnet's Disclosure of Witnesses Under Rule 26(a)(2)(A)

Dear Brandon:

We have received your letter of February 13, in which you object to Acushnet's January 16 disclosure of 11 Acushnet employees as witnesses who may present evidence at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence. We respond to your objections below.

First, you state that you "do not believe it is proper for Acushnet to call any of these employees as experts as none of them have provided an expert report." Your belief is unsupported (and unsupportable) by any reference to the Rules of Civil Procedure. Fed. R. Civ. P 26(a)(2)(B) expressly states that a written report is required for a witness "who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony ...." The Rule's commentary further makes clear that "[t]he requirement of a written report ... applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony."

The case law, including Judge Farnan's decisions, is also clear on this issue. *See Upchurch v. Hester*, 2006 U.S. Dist. LEXIS 76776, at *6 (D. Del., Oct. 23, 2006) ("Not all identified experts must submit expert reports. Rather, expert reports only need to be submitted by those witnesses who are 'retained or specifically employed to provide expert testimony.'"). None of the 11 witnesses identified by Acushnet on January 16 was "retained or specially employed to provide expert testimony in the case" nor do the duties of any of the employees "regularly involve giving expert testimony." Accordingly, none of the employees identified by Acushnet on January 16 were required to submit a written report under Rule 26(a)(2)(B).

We ask as a professional courtesy that next time you send us a letter advancing a belief that we have failed to comply with the rules that you undertake a good faith effort to check the applicable rules and case law beforehand. Nevertheless, in the spirit of cooperation, we will

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

FEB. 22. 2007  7:30PM    HOWREY-SIMON                                  NO. 4088   P. 3

# HOWREY LLP

Brandon M. White, Esq.
February 22, 2007
Page 2

agree not to call Mr. Gleadow, Dr. Rajagopalan or Mr. Bissonnette as expert witnesses at trial. We reserve the right, however, to call Dr. Rajagopalan and Mr. Bissonnette as fact witnesses.

Second, you state that "Acushnet has offered no information to explain the substance of these witnesses [sic] intended expert or opinion testimony" and ask us to "identify the substantive areas in which [we] expect these Acushnet employees to offer testimony." Again, the Federal Rules impose no such requirement. Fed. R. Civ. P. 26(a)(2)(A) provides only that "a party shall disclose to other parties *the identity* of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." (Emphasis added). By identifying the employees to you on January 16, Acushnet fully complied with that rule.

Again in the spirit of cooperation, we identify the following non-exhaustive list of substantive areas on which the witnesses may present evidence at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence.

- Jeff Dalton – testing relied upon by Dr. Felker and Dr. Koenig and knowledge of one of ordinary skill in the art;

- Steve Aoyama – testing relied upon by Dr. Lynch and knowledge of one of ordinary skill in the art;

- Jay Williams – testing relied upon by Dr. Felker;

- Traci Olson – testing relied upon by Dr. Felker;

- Ken Welchman – information relied upon by Dr. Felker and knowledge of one of ordinary skill in the art;

- Rastko Gajic – information relied upon by Dr. Felker and knowledge of one of ordinary skill in the art;

- Pat Elliott – information relied upon by Dr. Felker and knowledge of one of ordinary skill in the art; and

- David Bulpett – testing relied upon by Dr. Felker and Dr. Koenig and knowledge of one of ordinary skill in the art.

Finally, you state that "three of these individuals (Pat Elliott, Scott Gleadow and Rasto Gajic) were never disclosed on Acushnet's initial disclosures" and that Bridgestone "objects to these three individuals being called at trial for any purpose." We note, however, that the Federal Rules provide separate disclosures for Rule 702, 703, or 705 witnesses – Rule 26(a)(1) covers initial disclosures, while Rule 26(a)(2) covers the disclosure of expert witnesses. Each of the witnesses identified by Acushnet on January 16 was timely disclosed pursuant to Rule 26(a)(2) and the Court's Scheduling Order.

# HOWREY.

Brandon M. White, Esq.
February 22, 2007
Page 3

In any event, we note that Bridgestone did not disclose Nick Price as an expert witness until January 16, 2007, when it served his expert report on Acushnet. Similarly, Bridgestone did not disclose Kevin Jones as an expert witness until February 20, 2007, when it served Acushnet with a report jointly signed by Mr. Jones and Dr. Caulfield. Neither Mr. Price nor Mr. Jones — nor in fact any of Bridgestone's expert witnesses — were disclosed on Bridgestone's initial disclosures.

Accordingly, Acushnet stands on its January 16 identification of expert witnesses other than Mr. Gleadow, Dr. Rajagopalan, and Mr. Bissonnette.

Further, in response to your letter of February 15 regarding Mr. Dalton's deposition, he is available on March 1 and 2, for the depositions pursuant to Bridgestone's Tenth 30(b)(6) Notice, topics 5-6 of Bridgestone's Fifth through Eighth 30(b)(6) Notices and any deposition taken under Fed. R. Civ. P. 26(a)(4)(A).

Finally, in response to your letter of February 13 regarding Exhibit 48 of Dr. Felker's invalidity report, Acushnet will not reconsider its position. Dr. Felker is not relying on the golf balls identified in that exhibit as prior art, but only to inform his understanding of one of ordinary skill in the art regarding the standard percentage of dimple coverage in 1996.

Regards,

Brian S. Seal

FEB. 22. 2007  7:29PM    HOWREY-SIMON                                    NO. 4088    P. 1

# HOWREY LLP

1299 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2402
PHONE: 202.783.0800 • FAX: 202.383.6610

## FACSIMILE COVER SHEET

DATE: February 22, 2007

TO:
- NAME: Brandon M. White
- COMPANY: Paul Hastings
- FAX NUMBER: 202.551.1705
- PHONE NUMBER: 202.551.1700
- CITY: Washington, DC

FROM:
- NAME: Brian S. Seal
- DIRECT DIAL NUMBER: 202.383.6904
- USER ID: 2233
- NUMBER OF PAGES, INCLUDING COVER: 3
- CHARGE NUMBER: 00634.0002

☐ ORIGINAL WILL FOLLOW VIA:
  ☐ REGULAR MAIL  ☐ OVERNIGHT DELIVERY  ☐ HAND DELIVERY  ☐ OTHER:

☒ ORIGINAL WILL NOT FOLLOW

SUPPLEMENTAL MESSAGE:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 202.898.7137.

# EXHIBIT B

## FULLY REDACTED

# EXHIBIT C
## FULLY REDACTED

## CERTIFICATE OF SERVICE

I certify that on May 18, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 18, 2007 in the manner indicated:

**BY E-MAIL & HAND**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE  19801

**BY E-MAIL & FEDERAL EXPRESS**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004


/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
lpolizoti@mnat.com

## CERTIFICATE OF SERVICE

I certify that on May 22, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 22, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com