IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD.<br>and BRIDGESTONE GOLF, INC., | )<br>)<br>) |
| Plaintiffs, | ) C.A. No. 05-132 (JJF)<br>) |
| v. | ) REDACTED – PUBLIC VERSION<br>) |
| ACUSHNET COMPANY, | )<br>) |
| Defendant. | )<br>) |

**BRIDGESTONE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 2, TO PRECLUDE THE USE OF THE CALLAWAY SETTLEMENT AND LICENSE AGREEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filed: May 18, 2007
Redacted Version Filed: May 22, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., ) ) ) | |
| Plaintiffs, ) ) | C.A. No. 05-132 (JJF) |
| v. ) ) | REDACTED – PUBLIC VERSION |
| ACUSHNET COMPANY, ) ) | |
| Defendant. ) | |

**BRIDGESTONE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 2, TO PRECLUDE THE USE OF THE CALLAWAY SETTLEMENT AND LICENSE AGREEMENT**

This Court is clear on the admissibility of settlement agreements: "Evidence of agreements in general, or a policy of making a particular type of agreement may be relevant and not prohibited by Rule 408 as long as it 'does not extend to the terms of those licenses granted in settlement of litigation.'" *Inline Connection Corp. v. AOL Time Warner, Inc.*, 470 F. Supp. 2d 435, 440 (D. Del. 1997) (citations omitted). Acushnet cites *Century Wrecker Corp. v. E.R. Buske Mfg. Co.*, 898 F. Supp. 1334, 1342 (N.D. Iowa 1995) to support its position that the Callaway Settlement and License Agreement (the "Agreement") has become "inextricably intertwined in the substantive and damages issues" in this case (D.I. 497 at 1). This Court, however, has distinguished that decision in *Inline*, concluding that because the plaintiff had made "the terms of the agreements relevant, plaintiff could not subsequently argue to exclude under FRE 408." 470 F. Supp. 2d at 445. Despite Acushnet's assertions to the contrary, the terms of the Agreement are not relevant to Bridgestone's case. That agreement should be excluded under F.R.E. 408.

*i*

Acushnet argues that Mr. Jarosz "importantly" relied on the Agreement and other settlement agreements in his January 16, 2007 expert report, in formulating the reasonable royalty rate owed by Acushnet to Bridgestone for its infringement of the seven Bridgestone patents-in-suit. Mr. Jarosz did review these agreements – but they were not relevant to his royalty rate formulation:



(Ex. A, Jarosz Report at 21). At the end of his discussion of license and settlement agreements, Jarosz explains further why settlement agreements in particular "have uncertain probative value":



(*Id.* at 28).

Mr. Jarosz understands that there are no guarantees when it comes to litigation. Should the Court grant this motion to preclude the Agreement, the overall effect on Mr. Jarosz's opinion and royalty rate would be negligible at best. However, should the Court deem the agreement admissible and relevant, Mr. Jarosz would need to be familiar with this and other settlement agreements.

Acushnet points out that Mr. Jarosz also recited a number of other settlement agreements, all of which are identified on Bridgestone's **Proposed** Exhibit List. Acushnet

2

argues that Bridgestone should not be allowed to "selectively and mechanically apply Fed. R. Evid. 408" and only have the Agreement excluded. Bridgestone agrees. Should the Court exclude the Agreement, Bridgestone agrees that the other settlement agreements should be precluded as well. If not, Bridgestone must be prepared to use them at trial if needed.

Acushnet also attempts to characterize the Agreement as more of a license than a settlement. According to Acushnet, "on the spectrum of 'settlements', [the Callaway Settlement and License Agreement] falls far closer to a mutual business arrangement than an agreement reached under a continuing threat of litigation" (D.I. 497 at 4). In fact, Bridgestone and Callaway reached this settlement agreement to bring to an end an **actual** litigation between Bridgestone and Callaway.

Finally, Acushnet asserts that Bridgestone has raised the Agreement as evidence of its commercial success, pointing to Bridgestone's Response to Acushnet's Interrogatory 10, in which it stated it would rely on the settlement agreement as evidence of commercial success of the '852 and '707 patent inventions. Bridgestone has stated that it will not rely on this settlement agreement at trial (*see* D.I. 447 at 2 n2).

## CONCLUSION

Bridgestone requests that Acushnet be precluded from introducing any evidence about the Callaway Settlement and License Agreement, as will as any other settlement agreements.

                                       MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                       */s/ Leslie A. Polizoti*

                                       _____
                                       Jack B. Blumenfeld (#1014)
                                       Leslie A. Polizoti (#4299)
                                       1201 N. Market St.
                                       P.O. Box 1347
                                       Wilmington, DE 19801
                                       (302) 658-9200
                                       *Attorneys for Bridgestone Sports Co., Ltd.*
                                       *and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 18, 2007

4

# EXHIBIT A

## FULLY REDACTED

CERTIFICATE OF SERVICE

I certify that on May 18, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 18, 2007 in the manner indicated:

**BY E-MAIL & HAND**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

**BY E-MAIL & FEDERAL EXPRESS**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

*/s/ Leslie A. Polizoti*

Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com

## CERTIFICATE OF SERVICE

I certify that on May 22, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 22, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com