IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-132 (JJF) |
| v. | ) ) | REDACTED – PUBLIC VERSION |
| ACUSHNET COMPANY, | ) ) | |
| Defendant. | ) ) | |

**BRIDGESTONE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3, TO PRECLUDE ACUSHNET FROM REFERENCING ANY LITIGATION BETWEEN MR. CALABRIA AND ACUSHNET**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.*
*and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filed:  May 18, 2007
Redacted Version Filed:  May 22, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-132 (JJF) |
| v. | ) ) | REDACTED – PUBLIC VERSION |
| ACUSHNET COMPANY, | ) ) | |
| Defendant. | ) ) | |

**BRIDGESTONE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3, TO PRECLUDE ACUSHNET FROM REFERENCING ANY LITIGATION BETWEEN MR. CALABRIA AND ACUSHNET**

Acushnet wants to tell the jury about allegations it made in a patent infringement case that was brought nine years ago, in 1998, and which settled in 2000, because Acushnet claims to have alleged that one of Bridgestone's experts, John Calabria – who was not named as a defendant – misappropriated its trade secrets. Even if there were any relevance to that – and there is not – it would be outweighed by the danger of unfair prejudice.

Acushnet says that Mr. Calabria's actions "formed the central factual foundation" of the *Maxfli* litigation, because it "alleged expressly in the *Maxfli* complaint that Mr. Calabria took technology that he acquired while employed at Acushnet, and utilized the technology to facilitate Dunlop's introduction of two new golf ball products" (neither of which have anything to do with this case) (D.I. 498 at 3). There are unsupported allegations that have never been ruled on by a court or presented to a jury.

Moreover, the "express" allegations, according to Acushnet, are that Acushnet "hired Mr. John Calabria as a Senior Project Manager to assist in further polyurethane cover development work" (*id.* at Ex. 1, ¶7), that Mr. Calabria "participated in a number of inventions

relating to polyurethane covered golf balls and their manufacture" (*id.* at ¶8), including by "assist[ing] legal counsel for Acushnet in the preparation and prosecution of patent applications" (*id.*), until he went to work for Dunlop in 1995, where he also worked in the "development and manufacture of polyurethane covered golf balls" (*id.* at ¶12).

Acushnet also said that even "Dunlop recognized that [Mr. Calabria's] conduct was at the heart of the allegations made in that case," citing a Dunlop brief: "The ultimate factual foundation of Acushnet's claim of infringement with respect to the '428 patent rests with the employment history of Mr. Calabria" (D.I. 498 at 3). In context, that was just Dunlop stating Acushnet's position – the same page of that brief includes: "Acushnet relies on innocuous facts relating to the employment of one individual" and "Acushnet has not even alleged a direct connection between Mr. Calabria's apparent knowledge about polyurethane golf ball cover technology and the alleged infringing products produced by Acushnet" (*id.* at Ex. 3 at 9).

Moreover, Acushnet ignores the testimony of its own Senior Vice President of Research and Development, ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████ The *Maxfli* litigation settled years ago without any allegations ever being brought against Mr. Calabria.[1]

Nevertheless, Acushnet says that it needs to "explore the nature of Mr. Calabria's employment before, during, and after the *Maxfli* litigation, including to cross-examine Mr.

---

[1]    Or against Larry Cadorniga, who Acushnet now apparently intends to question regarding the *Maxfli* case as well, because it claims to have alleged that he "also misappropriated Acushnet technology." No such allegations appear on the record. All arguments made in regard to Mr. Calabria apply to Mr. Cadorniga.

Calabria whether he harbors any bitterness or resentment toward Acushnet" (D.I. 498 at 3). Any reference to Mr. Calabria's "role" in that litigation, however, is highly prejudicial and inflammatory -- the litigation was brought nine years ago, it was settled seven years ago (with no findings ever being made), Mr. Calabria was not named as a defendant, and Acushnet's statements that he "was at the heart of the allegations made in that case" are unsupported (and contradicted by Acushnet's own employees). Acushnet should be precluded from making reference to this litigation.

       Acushnet also says that Bridgestone's damages expert, Mr. Jarosz, "found relevant that the royalty rates associated with these Licenses were affected by Acushnet's belief that Acushnet's former employees, Messrs. Calabria and Cadorniga, misappropriated the technology resulting in the *Maxfli* Litigation" (D.I. 498 at 4). Acushnet seeks to question Mr. Jarosz "on the circumstances surrounding the bringing and settlement of that litigation,...which of course resulted in the Licenses, including the underlying facts and commercial consequences of the infringement there, to put into context whether Mr. Jarosz's consideration of these Licenses and his conclusions based on those considerations are proper" (*id.* at 5). Acushnet can do all of that without discussing the identities of the employees. Any mention of Messrs. Calabria or Cadorniga in this context is extremely prejudicial.

       Acushnet also overstates Mr. Jarosz's reliance on, and consideration of, this settlement agreement. Mr. Jarosz stated in his report that ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

[black redaction bars]

<u>CONCLUSION</u>

Bridgestone requests that Acushnet be precluded from referring to the *Maxfli* litigation, including introducing John Calabria's involvement in it.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti (#4299)*

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.*
*and Bridgestone Golf, Inc.*

4

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 18, 2007

# EXHIBIT 1

## FULLY REDACTED

CERTIFICATE OF SERVICE

I certify that on May 18, 2007 I electronically filed the foregoing with the Clerk

of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz

and David E. Moore.

I further certify that I caused copies to be served upon the following on

May 18, 2007 in the manner indicated:

**BY E-MAIL & HAND**
Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

**BY E-MAIL & FEDERAL EXPRESS**
Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004


*/s/ Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com

## CERTIFICATE OF SERVICE

I certify that on May 22, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 22, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004


/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com