IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD.　)
and BRIDGESTONE GOLF, INC.,　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　)　　C.A. No. 05-132 (JJF)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)　　REDACTED – PUBLIC VERSION
　　　　　　　　　　　　　　　　)
ACUSHNET COMPANY,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　 )

**BRIDGESTONE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 4, TO PRECLUDE ACUSHNET FROM INTRODUCING ANY EXPERT TESTIMONY OUTSIDE THE SCOPE OF THE EXPERT'S REPORT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.*
*and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filed: May 18, 2007
Redacted Version Filed: May 22, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-132 (JJF) |
| v. | ) ) | REDACTED – PUBLIC VERSION |
| ACUSHNET COMPANY, | ) ) | |
| Defendant. | ) ) | |

**BRIDGESTONE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 4, TO PRECLUDE ACUSHNET FROM INTRODUCING ANY EXPERT TESTIMONY OUTSIDE THE SCOPE OF THE EXPERT'S REPORT**

Bridgestone moved *in limine* to preclude Acushnet "from introducing any expert testimony or opinion not articulated in an expert's underlying report" (D.I. 449 at 1). Acushnet says that Bridgestone "seeks an unnecessary advisory ruling" (D.I. 502 at 1). Not so. In fact, Bridgestone gave two specific examples – that Drs. Felker and Koenig had not provided opinions on infringement by equivalents, and that Acushnet should not be allowed to introduce new invalidity positions. In any event, Acushnet does not challenge Bridgestone's request that Drs. Felker and Koenig be precluded from testifying about infringement by equivalents.

As for Bridgestone's request that Acushnet not be allowed to offer new invalidity positions, this request relates in part to Acushnet's pending *KSR* motion (D.I. 426). Setting *KSR* aside, Acushnet should not be allowed to offer new invalidity positions – as it apparently seeks to do, judging by its draft pretrial order sections. Its Statement of Intended Proof in its May 2 draft pretrial order sections includes the prior art that the Court has already excluded – as well as a lot of art not cited in Acushnet's expert reports. For example, Acushnet wants to prove that "Claim 1 of the '707 patent is invalid under 35 U.S.C. § 102 in light of the Altus Newing Massy

golf balls (94092) obtained by Acushnet prior to March 10, 1996" and that "Claims 11, 13, 16, and 26 of the '791 patent are invalid under 35 U.S.C. § 102 in light of United States Patent No. 5,779,563" (Ex. A). Those are references that the Court precluded in its February Order.

Acushnet argues that "[e]xperts must have some latitude within the confines of the Federal Rules to offer full and complete rebuttal to the opinions of other experts" (D.I. 502 at 2). It supports that statement by citing to the *Power Integrations* case, which it says allowed "supplemental expert report to respond to new testimony offered in deposition" (*id.* at 2). That case is not as broad as Acushnet would like – there, the supplemental report addressed evidence that the other side withheld until after the expert's original report was filed. The supplement also included a response to "new testimony" offered by the adversary's expert at his deposition – two and a half months after the expert's original report. Finally, the other side was able to question the expert about his supplement at his deposition. *Power Integrations* is not *carte blanche* to respond to rebuttal reports – particularly in a case where the scheduling order that the parties negotiated did not provide for that.[1]

Acushnet also argues that "Bridgestone's motion also fails to take into account that an expert may elaborate or clarify expert testimony during deposition" (D.I. 502 at 2). That is incorrect. The cases Bridgestone cites – including this Court's *Pfizer* opinion – indicate that an expert's opinion must be "fairly noticed" in the report (D.I. 449 at 2). Although experts may certainly expand on their existing opinions during depositions, Acushnet takes this too far,

---

[1]    Acushnet says that "Bridgestone submitted additional expert declarations in opposition to Acushnet's summary judgment motions," and cites to Mr. Cadorniga's April 26, 2007 declaration, which Acushnet says "contradicts his depositions [sic] testimony that he did not do a doctrine of equivalents analysis" (D.I. 502 at 2 n.1). Mr. Cadorniga submitted that declaration because Acushnet mischaracterized his deposition testimony, using it to argue that Mr. Cadorniga had not given an opinion on the doctrine of equivalents – when multiple pages of his report were dedicated to it.

arguing that "experts [must] be allowed to expand the scope of their expert testimony beyond that of their reports," contrary to the authority that Bridgestone cited and this Court's practices that (D.I. 502 at 3).

Finally, Acushnet asserts, without citation, that, if Bridgestone's motions *in limine* regarding the Callaway license and the testimony of Jeffrey Dalton are granted, that "could result in the need for experts to change both the content and scope of their opinions" (D.I. 502 at 3, n.2). There is no basis for that.

<u>CONCLUSION</u>

Bridgestone requests that its motion *in limine* be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*
_____
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.*
*and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700
830954

May 18, 2007

# EXHIBIT A

**EXHIBIT 4**
**STATEMENT OF INTENDED PROOF**

I.    **BRIDGESTONE'S PATENTS**

    A.    **U.S. Patent No. 5,252,652**

1.    The Asserted Claims are invalid because they are anticipated under 35 U.S.C. § 102, in light of at least the Fujii Japanese Kokai Publication No. 02-092378.

2.    The Asserted Claims are invalid because they are obvious under 35 U.S.C. §103, in light of at least the following prior art references:

- Fujii Japanese Kokai Publication No. 02-092378
- U.S. Patent No. 4,556,220
- H. Fries et al, Mastication of Rubber (1981)
- U.S. Patent No. 4,722,977
- Knowledge of one of ordinary skill in the art
- Other art identified by Acushnet in its discovery responses

3.    In proving obviousness, Acushnet will provide evidence to determine the scope and content of the prior art, ascertain the differences between the prior art and the claims, and resolve the level of ordinary skill in the art.

4.    None of Acushnet's Accused Products practice any of the Asserted Claims of the '652 patent because they lack one or more claim element including, but not limited to, the following:

- "a rubber composition containing 100 parts by weight of a base rubber selected from the group consisting of polybutadiene rubber, natural rubber, polyisoprene rubber and styrene-butadiene rubber"
- "about 25 to about 40 parts by weight of a zinc or magnesium salt of an unsaturated fatty acid having 3 to 8 carbon atoms"

14

- "about 0.05 to about 2 parts by weight of a sulfur compound selected from the group consisting of pentachlorothiophenol, 4-t-tubyl-o-thiocresol, 4-t-butyl-p-thiocresol, 2-benzamidothiophenol, thiobenzoic acid, and zinc salts thereof"

5.     Bridgestone cannot prove that the '652 patent is entitled to rely on its Japanese foreign filing date for priority purposes.

6.     The addition of new matter during the prosecution of the '652 patent results in the '652 patent having a priority date of May 10, 1990.

7.     Bridgestone is barred from attempting to prove infringement under the doctrine of equivalents because of prosecution history estoppel.

**B.     U.S. Patent No. 5,553,852**

1.     The Asserted Claims are invalid because they are anticipated under 35 U.S.C. § 102, in light of at least the U.S. Patent No. 4,431,193 to Nesbitt issued on February 14, 1984, based on an application filed August 25, 1981.

2.     The Asserted Claims are invalid because they are obvious under 35 U.S.C. §103, in light of at least the following prior art references:

- U.S. Patent No. 4,431,193
- U.S. Patent No. 5,314,187
- The Wilson Ultra Tour Balata 90 Golf Ball manufactured and sold by Wilson Sporting Goods and obtained by Acushnet prior to July 1993 and stored under log number 93007.
- Knowledge of one of ordinary skill in the art
- Other art identified by Acushnet in its discovery responses

3.     In proving obviousness, Acushnet will provide evidence to determine the scope and content of the prior art, ascertain the differences between the prior art and the claims, and resolve the level of ordinary skill in the art.

4.    None of Acushnet's Accused Products practice any of the Asserted Claims of the '852 patent because they lack one or more claim element including, but not limited to, the following:

- "a three-piece solid golf ball"
- "said center core having a diameter of at least 29 mm"
- "said intermediate layer having a thickness of at least 1 mm"
- "said cover having a thickness of 1 to 3 mm"

5.    Further, the inventor expressly disavowed golf balls, such as the Accused Products, during the prosecution of the '852 patent.

6.    Bridgestone cannot prove that the '852 patent is entitled to rely on its Japanese foreign filing date for priority purposes.

7.    Allowing Bridgestone to pursue infringement under the doctrine of equivalents would result in Bridgestone improperly recapturing intentionally excluded subject matter. For at least this reason, Bridgestone should be precluded from pursuing infringement under the doctrine of equivalents.

### C.    U.S. Patent No. 6,634,961

1.    The Asserted Claim is invalid because it is anticipated under 35 U.S.C. § 102, in light of at least U.S. Patent 6,612,940 to Nesbitt issued on September 2, 2003, based on an application filed on November 9, 2000 claiming priority to a provisional application filed on January 22, 1999.

2.    The Asserted Claim is invalid because it is obvious under 35 U.S.C. §103, in light of at least the following prior art references:

- U.S. Patent No. 6,612,940
- U.S. Patent No. 6,486,261
- U.S. Patent No. 5,508,350
- U.S. Patent No. 6,486,261

- U.S. Patent No. 4,683,257
- U.S. Patent No. 4,556,200
- U.S. Patent No. 5,252,652
- U.S. Patent No. 6,162,135
- U.S. Patent No. 6,975,131
- Knowledge of one of ordinary skill in the art
- Other art identified by Acushnet in its discovery responses

3.     In proving obviousness, Acushnet will provide evidence to determine the scope and content of the prior art, ascertain the differences between the prior art and the claims, and resolve the level of ordinary skill in the art.

4.     Bridgestone has failed to meet its burden of proof that Acushnet's Accused Product practices the Asserted Claim of the '961 patent.

5.     Bridgestone Dr. Coughlin's assumption that the core formulations described in the manufacturing guidelines remained constant over time was so contrary to the record that his opinion cannot be credited leaving Bridgestone with no evidence of infringement for any particular time period.

6.     Acushnet's current Accused Product does not practice the Asserted Claim of the '961 patent because it does not contain a rubber composition comprising 100 parts by weight of a base rubber composed of 20 to 100 wt % of a polybutadiene synthesized using a rare earth catalyst.

7.     For substantial periods of time, Acushnet's Accused Product did not practice the Asserted Claim of the '961 patent because it did not contain a rubber composition comprising 100 parts by weight of a base rubber composed of 20 to 100 wt % of a polybutadiene synthesized using a rare earth catalyst.

### D.    U.S. Patent No. 5,743,817

1.    Bridgestone is barred from attempting to prove infringement under the doctrine of equivalents because of prosecution history estoppel

2.    None of Acushnet's NXT Tour golf balls bearing the "◄NXT•Tour►" sidestamp infringe claim 1 of the '817 patent because they lack one or more claim elements, including but not limited to the following:

- a core with a distortion of 2.9 to 4.0 mm under a load of 100 kg;
- a cover consisting of an ionomer resin as a resin component;
- a cover thickness of 1.3 to 1.8 mm; and
- a cover with a Shore D hardness of up to 60.

3.    None of Acushnet's NXT Tour golf balls bearing the "◄NXT Tour►" sidestamp infringe claim 1 of the '817 patent, because they lack one or more claim elements, including but not limited to the following:

- a core with a distortion of 2.9 to 4.0 mm under a load of 100 kg;
- a cover consisting of an ionomer resin as a resin component;
- a cover thickness of 1.3 to 1.8 mm; and
- a cover with a Shore D hardness of up to 60.

4.    None of Acushnet's NXT Tour golf balls bearing the "◄NXT-Tour►" sidestamp infringe claim 1 of the '817 patent, because they lack one or more claim elements, including but not limited to the following:

- a core with a distortion of 2.9 to 4.0 mm under a load of 100 kg;
- a cover consisting of an ionomer resin as a resin component; and
- a cover with a Shore D hardness of up to 60.

5.    None of Acushnet's DT So/Lo golf balls bearing the "◄DT So/Lo►" sidestamp infringe claim 1 of the '817 patent, because they lack one or more claim elements, including but not limited to the following:

- a core with a distortion of 2.9 to 4.0 mm under a load of 100 kg;

- a cover consisting of an ionomer resin as a resin component; and
- a cover with a Shore D hardness of up to 60.

6.    None of Acushnet's DT So/Lo golf balls bearing the "DT So/Lo" sidestamp infringe claim 1 of the '817 patent, because they lack one or more claim elements, including but not limited to the following:

- a core with a distortion of 2.9 to 4.0 mm under a load of 100 kg;
- a cover consisting of an ionomer resin as a resin component; and
- a cover with a Shore D hardness of up to 60.

7.    None of Acushnet's PTS So/Lo golf balls bearing the "◄PTS So/Lo►" sidestamp infringe claim 1 of the '817 patent, because they lack one or more claim elements, including but not limited to the following:

- a core with a distortion of 2.9 to 4.0 mm under a load of 100 kg;
- a cover consisting of an ionomer resin as a resin component; and
- a cover with a Shore D hardness of up to 60.

8.    None of Acushnet's PTS So/Lo golf balls bearing the "PTS So/Lo" sidestamp infringe claim 1 of the '817 patent, because they lack one or more claim elements, including but not limited to the following:

- a core with a distortion of 2.9 to 4.0 mm under a load of 100 kg;
- a cover consisting of an ionomer resin as a resin component; and
- a cover with a Shore D hardness of up to 60.

9.    None of Acushnet's Pinnacle Exception golf balls bearing the "Pinnacle Exception" sidestamp infringe claim 1 of the '817 patent, because they lack one or more claim elements, including but not limited to the following:

- a core with a distortion of 2.9 to 4.0 mm under a load of 100 kg;
- a cover consisting of an ionomer resin as a resin component; and
- a cover with a Shore D hardness of up to 60.

10.    None of Acushnet's Pinnacle Exception golf balls bearing the "Exception" sidestamp infringe claim 1 of the '817 patent, because they lack one or more claim elements, including but not limited to the following:

- a core with a distortion of 2.9 to 4.0 mm under a load of 100 kg;
- a cover consisting of an ionomer resin as a resin component; and
- a cover with a Shore D hardness of up to 60.

11.    Bridgestone is estopped from attempting to argue infringement under the doctrine of equivalents for at least the following limitations:

- a core with a distortion of 2.9 to 4.0 mm under a load of 100 kg; and
- a cover consisting of an ionomer resin as a resin component.

12.    The '817 patent is anticipated under 35 U.S.C. § 102 by JP '673.

13.    The Asserted Claim is invalid because it is obvious under 35 U.S.C. §103, in light of at least the following prior art references:

- JP '673
- Knowledge of one of ordinary skill in the art
- Other art identified by Acushnet in its discovery responses

14.    In proving obviousness, Acushnet will provide evidence to determine the scope and content of the prior art, ascertain the differences between the prior art and the claims, and resolve the level of ordinary skill in the art.

### E.    U.S. Patent No. 5,782,707

1.    Bridgestone has failed to prove by a preponderance of the evidence that the golf balls bearing the side stamp "Pro V1 392" manufactured by Acushnet at some time between 2000 and 2002 infringe the following limitations of claim 1 of the '707 patent:

- "the core center hardness is up to 75 degrees"
- "the core surface hardness is up to 85 degrees"

- "the core surface hardness is higher than the core center hardness by 8 to 20 degrees"

- "the intermediate layer hardness is higher than the core surface hardness by at least 5 degrees"

2.      Bridgestone has failed to prove by a preponderance of the evidence that the golf balls bearing the side stamp "Pro V1 392 (stretched)" manufactured by Acushnet at some time between 2000 and 2002 infringe the following limitation of claim 1 of the '707 patent:

- "the core center hardness is up to 75 degrees"

- "the core surface hardness is up to 85 degrees"

- "the core surface hardness is higher than the core center hardness by 8 to 20 degrees"

- "the intermediate layer hardness is higher than the core surface hardness by at least 5 degrees"

3.      Bridgestone has failed to prove by a preponderance of the evidence that the golf balls bearing the side stamp "◀Pro V1●392▶" manufactured by Acushnet at some time between 2000 and 2002 infringe the following limitations of claim 1 of the '707 patent:

- "the core center hardness is up to 75 degrees"

- "the core surface hardness is up to 85 degrees"

- "the core surface hardness is higher than the core center hardness by 8 to 20 degrees"

- "the intermediate layer hardness is higher than the core surface hardness by at least 5 degrees"

4.      Claim 1 of the '707 patent is invalid under 35 U.S.C. § 102 in light of the Altus Newing Massy golf balls (94092) obtained by Acushnet prior to March 10, 1996.

21

5.    Claim 1 of the '707 patent is invalid under 35 U.S.C. § 103 in light of the pertinent prior art, including:

- The knowledge of one of ordinary skill in the art
- European Patent Application EP 0 633 043 A1

6.    In proving obviousness, Acushnet will provide evidence to determine the scope and content of the prior art, ascertain the differences between the prior art and the claims, and resolve the level of ordinary skill in the art.

7.    Claim 1 of the '707 patent is invalid under 35 U.S.C. § 112.

**F.    U.S. Patent No. 5,803,834**

1.    Claim 1 of the '834 patent is invalid because it is anticipated under 35 U.S.C. § 102 in light of the following:

- Precept EV Extra Spin golf balls (96001) obtained by Acushnet prior to February 27, 1996
- Wilson Ultra Competition golf balls (93049) obtained by Acushnet prior to February 27, 1996

2.    Claim 1 of the '834 patent is invalid because it is obvious under 35 U.S.C. § 103 in light of at least the following prior art references:

- Knowledge of one of ordinary skill in the art
- Other art identified by Acushnet in its discovery responses

3.    In proving obviousness, Acushnet will provide evidence to determine the scope and content of the prior art, ascertain the differences between the prior art and the claims, and resolve the level of ordinary skill in the art.

4.    Claim 1 of the '834 patent is invalid under 35 U.S.C. § 112.

5.    Bridgestone has failed to prove by a preponderance of the evidence that the golf balls bearing the side stamp "◄NXT►" manufactured by Acushnet infringe at least the following limitations of claim 1 of the '834 patent:

22

- "a surface hardness is up to 85 degrees"
- "a center hardness is lower than the surface hardness by not less than 8 to less than 20 degrees"
- "a hardness within 5 mm inside the core surface is up to 8 degrees lower than the surface hardness"
- "said cover has a hardness which is higher than the surface hardness of the core by 1 to 15 degrees"

6.      Bridgestone has failed to prove by a preponderance of the evidence that the golf balls bearing the side stamp "◄-NXT-►" manufactured by Acushnet infringe at least the following limitations of claim 1 of the '834 patent:

- "a surface hardness is up to 85 degrees"
- "a center hardness is lower than the surface hardness by not less than 8 to less than 20 degrees"
- "a hardness within 5 mm inside the core surface is up to 8 degrees lower than the surface hardness"
- "said cover has a hardness which is higher than the surface hardness of the core by 1 to 15 degrees"

7.      Bridgestone has failed to prove by a preponderance of the evidence that the golf balls bearing the side stamp "DT So/Lo" manufactured by Acushnet infringe at least the following limitations of claim 1 of the '834 patent:

- "a surface hardness is up to 85 degrees"
- "a center hardness is lower than the surface hardness by not less than 8 to less than 20 degrees"
- "a hardness within 5 mm inside the core surface is up to 8 degrees lower than the surface hardness"
- "said cover has a hardness which is higher than the surface hardness of the core by 1 to 15 degrees"

8.     Bridgestone has failed to prove by a preponderance of the evidence that the golf balls bearing the side stamp "PTS So/Lo" manufactured by Acushnet infringe at least the following limitations of claim 1 of the '834 patent:

- "a surface hardness is up to 85 degrees"
- "a center hardness is lower than the surface hardness by not less than 8 to less than 20 degrees"
- "a hardness within 5 mm inside the core surface is up to 8 degrees lower than the surface hardness"
- "said cover has a hardness which is higher than the surface hardness of the core by 1 to 15 degrees"

9.     Bridgestone has failed to prove by a preponderance of the evidence that the golf balls bearing the side stamp "◄DT So/Lo►" manufactured by Acushnet infringe at least the following limitations of claim 1 of the '834 patent:

- "a surface hardness is up to 85 degrees"
- "a center hardness is lower than the surface hardness by not less than 8 to less than 20 degrees"
- "a hardness within 5 mm inside the core surface is up to 8 degrees lower than the surface hardness"
- "said cover has a hardness which is higher than the surface hardness of the core by 1 to 15 degrees"

10.     Bridgestone has failed to prove by a preponderance of the evidence that the golf balls bearing the side stamp "◄PTS So/Lo►" manufactured by Acushnet infringe at least the following limitations of claim 1 of the '834 patent:

- "a surface hardness is up to 85 degrees"
- "a center hardness is lower than the surface hardness by not less than 8 to less than 20 degrees"

- "a hardness within 5 mm inside the core surface is up to 8 degrees lower than the surface hardness"
- "said cover has a hardness which is higher than the surface hardness of the core by 1 to 15 degrees"

11.    Bridgestone has failed to prove by a preponderance of the evidence that the golf balls bearing the side stamp "Exception airfoil logo" manufactured by Acushnet infringe at least the following limitations of claim 1 of the '834 patent:

- "a surface hardness is up to 85 degrees"
- "a center hardness is lower than the surface hardness by not less than 8 to less than 20 degrees"
- "a hardness within 5 mm inside the core surface is up to 8 degrees lower than the surface hardness"
- "said cover has a hardness which is higher than the surface hardness of the core by 1 to 15 degrees"

12.    Bridgestone has failed to prove by a preponderance of the evidence that the golf balls bearing the side stamp "Exception" manufactured by Acushnet infringe at least the following limitations of claim 1 of the '834 patent:

- "a surface hardness is up to 85 degrees"
- "a center hardness is lower than the surface hardness by not less than 8 to less than 20 degrees"
- "a hardness within 5 mm inside the core surface is up to 8 degrees lower than the surface hardness"
- "said cover has a hardness which is higher than the surface hardness of the core by 1 to 15 degrees"

13.    Bridgestone is barred from attempting to prove infringement under the doctrine of equivalents because of prosecution history estoppel.

25

### G.    U.S. Patent No. 6,679,791

1.    Claims 11, 13, 16, and 26 of the '791 patent are invalid under 35 U.S.C. § 102 in light of United States Patent No. 5,779,563.

2.    Claims 11, 13, 16, and 26 of the '791 patent are invalid because it is obvious under 35 U.S.C. § 103 in light of at least the following prior art references:

- Knowledge of one of ordinary skill in the art
- United States Patent No. 6,174,247
- United States Patent No. 6,390,935
- United States Patent No. 5,830,085
- United States Patent No.6,386,993
- Other art identified by Acushnet in its discovery responses.

3.    In proving obviousness, Acushnet will provide evidence to determine the scope and content of the prior art, ascertain the differences between the prior art and the claims, and resolve the level of ordinary skill in the art.

4.    Claims 11, 13, 16, and 26 of the '791 patent are invalid under 35 U.S.C. § 112.

5.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◄● Pro V1 392 ●►" manufactured by Acushnet infringe at least the following limitations of claim 11 of the '791 patent and claim 1, from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same hardness scale"
- "said elastic core has a hardness which gradually increases radially outward from the center to the surface thereof and a difference in JIS-C hardness of at least 22 between the center and the surface"

6.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◄● Pro V1 392 ●►" manufactured by Acushnet infringe at least the following limitations of claim 13 of the '791 patent:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"

- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, and a difference in JIS-C hardness of at least 22 between the center and the surface"

7.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◄● Pro V1 392 ●►" manufactured by Acushnet infringe at least the following limitations of claim 16 of the '791 patent and claim 13, from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"

- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, and a difference in JIS-C hardness of at least 22 between the center and the surface"

- "the intermediate layer has a Shore D hardness of 50 to 67"

8.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◄● Pro V1 392 ●►" manufactured by Acushnet infringe at least the following limitations of claim 26 of the '791 patent, and claim 24 of the '791 patent from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover having a Shore D hardness of 45 to 58 and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"

- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, and a difference in JIS-C hardness of at least 22 between the center and the surface"

9.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◄ Pro V1-392 ►" manufactured by Acushnet infringe at least the following limitations of claim 11 of the '791 patent and claim 1, from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same hardness scale"

- "said elastic core has a hardness which gradually increases radially outward from the center to the surface thereof and a difference in JIS-C hardness of at least 22 between the center and the surface"

10.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◄ Pro V1-392 ►" manufactured by Acushnet infringe at least the following limitations of claim 13 of the '791 patent:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"

- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof,

28

and a difference in JIS-C hardness of at least 22 between the center and the surface"

11.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◀ Pro V1-392 ▶" manufactured by Acushnet infringe at least the following limitations of claim 16 of the '791 patent and claim 13, from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"
- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, and a difference in JIS-C hardness of at least 22 between the center and the surface"
- "the intermediate layer has a Shore D hardness of 50 to 67"

12.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◀ Pro V1-392 ▶" manufactured by Acushnet infringe at least the following limitations of claim 26 of the '791 patent, and claim 24 of the '791 patent from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover having a Shore D hardness of 45 to 58 and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"
- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, and a difference in JIS-C hardness of at least 22 between the center and the surface"

29

13.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◄● Pro V1x 332 ●►" manufactured by Acushnet infringe at least the following limitations of claim 11 of the '791 patent and claim 1, from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same hardness scale"

- "said elastic core has a hardness which gradually increases radially outward from the center to the surface thereof and a difference in JIS-C hardness of at least 22 between the center and the surface"

14.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◄● Pro V1x 332 ●►" manufactured by Acushnet infringe at least the following limitations of claim 13 of the '791 patent:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"

- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, and a difference in JIS-C hardness of at least 22 between the center and the surface"

15.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◄● Pro V1x 332 ●►" manufactured by Acushnet infringe at least the following limitations of claim 16 of the '791 patent and claim 13, from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"

30

- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, and a difference in JIS-C hardness of at least 22 between the center and the surface"
- "the intermediate layer has a Shore D hardness of 50 to 67"

16.      Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◄● Pro V1x 332 ●►" manufactured by Acushnet infringe at least the following limitations of claim 26 of the '791 patent, and claim 24 of the '791 patent from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover having a Shore D hardness of 45 to 58 and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"
- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, and a difference in JIS-C hardness of at least 22 between the center and the surface"

17.      Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◄ Pro V1x-332 ►" manufactured by Acushnet infringe at least the following limitations of claim 11 of the '791 patent and claim 1, from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same hardness scale"
- "said elastic core has a hardness which gradually increases radially outward from the center to the surface thereof and a difference in JIS-C hardness of at least 22 between the center and the surface"

31

18.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◀ Pro V1x-332 ▶" manufactured by Acushnet infringe at least the following limitations of claim 13 of the '791 patent:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"

- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, and a difference in JIS-C hardness of at least 22 between the center and the surface"

19.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◀ Pro V1x-332 ▶" manufactured by Acushnet infringe at least the following limitations of claim 16 of the '791 patent and claim 13, from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"

- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, and a difference in JIS-C hardness of at least 22 between the center and the surface"

- "the intermediate layer has a Shore D hardness of 50 to 67"

20.    Bridgestone has failed meet it burden of proof to show that the golf balls bearing the side stamp "◀ Pro V1x-332 ▶" manufactured by Acushnet infringe at least the following limitations of claim 26 of the '791 patent, and claim 24 of the '791 patent from which it depends:

- "said intermediate layer is composed of a resin material which is harder than the cover having a Shore D hardness of 45 to 58 and has a greater hardness than the surface of the elastic core when compared using the same JIS-C hardness scale"

- "said elastic core has a hardness at the center and a hardness at the surface thereof which is greater than the hardness at the center thereof, and a difference in JIS-C hardness of at least 22 between the center and the surface"

21.    Bridgestone is barred from attempting to prove infringement under the doctrine of equivalents.

### H.    Damages

1.    Bridgestone's damages claim based on an alleged reasonable royalty of $146.5 million, generated by applying between 7.0 and 8.5 percent to report Acushnet worldwide dollar sales of alleged infringing golf balls, is grossly inflated and unsupported.

2.    Bridgestone cannot prove by a preponderance of the evidence that it is entitled to this in damages. In particular, Mr. Jarosz's opinion related to the likely outcome of the hypothetical negotiation between Bridgestone and Acushnet is unreliable, the wrong analysis for this industry, and speculative guesswork. It is further flawed in assuming that the Bridgestone patents-in-suit are valid and infringed, which they are not.

3.    Assuming that Acushnet infringes any of the Bridgestone patents, if valid, the most likely result of a hypothetical negotiation between Bridgestone and Acushnet with respect to the Bridgestone patents would have been a non-exclusive license involving a lump-sum royalty payment by Acushnet to Bridgestone of $1,487,555 at or about the time leading up to July 2000.

4.     Although less likely, another possible outcome of this negotiation would be a lump-sum payment by Acushnet in the amount of $8,597,285.  The available evidence, in fact, suggests that the outcome of such a negotiation may well have generated lower royalty rates and resulting damage calculations.

## ACUSHNET PATENTS

### A.     U.S. Patent No. 6,818,705

1.     The Bridgestone Tour B330 golf ball infringes claim 4 of the '705 patent.

2.     The Precept U-Tri Extra Distance golf ball infringes claim 4 of the '705 patent.

3.     The Precept U-Tri Extra Spin golf ball infringes claim 4 of the '705 patent.

4.     The Nike One Black golf ball infringes claim 4 of the '705 patent.

5.     The Nike One Platinum golf ball infringes claim 4 of the '705 patent.

6.     The Nike One Gold golf ball infringes claim 4 of the '705 patent.

7.     The Nike One TW golf ball infringes claim 4 of the '705 patent.

8.     Acushnet will rebut Bridgestone's claim that the '705 patent is invalid under 35 U.S.C. § 102.

9.     Acushnet will rebut Bridgestone's claim that the '705 patent is invalid under 35 U.S.C. § 103.

10.     Acushnet will rebut Bridgestone's claim that the '705 patent is invalid under 35 U.S.C. § 112.

### B.     U.S. Patent No. 4,729,861

1.     The Precept U-Tri Tour golf ball infringes claim 1 of the '861 patent.

2.     The Precept Laddie golf ball infringes claim 1 of the '861 patent.

3.     The Bridgestone Tour B300 golf ball infringes claim 1 of the '861 patent.

4.    Acushnet will rebut Bridgestone's claim that the '861 patent is invalid under 35 U.S.C. § 102.

5.    Acushnet will rebut Bridgestone's claim that the '861 patent is invalid under 35 U.S.C. § 103.

6.    Acushnet will rebut Bridgestone's claim that the '861 patent is invalid under 35 U.S.C. § 112.

### C.    U.S. Patent No. 4,936,587

1.    The Precept U-Tri Tour golf ball infringes claim 1 of the '587 patent

2.    The Precept Laddie golf ball infringes claim 1 of the '587 patent.

3.    The Bridgestone Tour B300 golf ball infringes claim 1 of the '587 patent.

4.    The Precept U-Tri Tour golf ball infringes claim 26 of the '587 patent.

5.    The Bridgestone Tour B300 golf ball infringes claim 26 of the '587 patent.

6.    Acushnet will rebut Bridgestone's claim that the '587 patent is invalid under 35 U.S.C. § 102.

7.    Acushnet will rebut Bridgestone's claim that the '587 patent is invalid under 35 U.S.C. § 103.

8.    Acushnet will rebut Bridgestone's claim that the '587 patent is invalid under 35 U.S.C. § 112.

### D.    U.S. Patent No. 5,080,367

1.    The Precept U-Tri Tour golf ball infringes claim 1 of the '367 patent.

2.    The Precept U-Tri Tour golf ball infringes claim 1 of the '367 patent.

3.    The Precept Laddie golf ball infringes claim 1 of the '367 patent.

4.    The Bridgestone Tour B300 golf ball infringes claim 1 of the '367 patent.

5.    Acushnet will rebut Bridgestone's claim that the '367 patent is invalid under 35 U.S.C. § 102.

35

6.     Acushnet will rebut Bridgestone's claim that the '367 patent is invalid under 35 U.S.C. § 103.

7.     Acushnet will rebut Bridgestone's claim that the '367 patent is invalid under 35 U.S.C. § 112.

### E.     Damages

1.     Acushnet intends to prove at trial that Bridgestone's infringement of the '705 and '861, '587 and '367 patents has damaged Acushnet, and that it is entitled to a reasonably royalty in the form of a lump-sum payment, plus pre-judgment and post-judgment interest and costs as fixed by the Court, pursuant to 35 U.S.C. § 284 and 28 U.S.C. § 1961.

2.     Acushnet intends to prove at trial that Bridgestone's infringement of the '705 and '861, '587 and '367 patents has damaged Acushnet, and that it is entitled to a reasonably royalty in the form of a lump-sum payment, plus pre-judgment and post-judgment interest and costs as fixed by the Court, pursuant to 35 U.S.C. § 284 and 28 U.S.C. § 1961.

3.     Acushnet intends to prove that the most likely result of a hypothetical negotiation between Bridgestone and Acushnet with respect to '861, '587 and '367 patents would have resulted in a lump-sum payment by Bridgestone to Acushnet of $46,520 at or about the time leading up to January 2002, and that the most likely outcome of a hypothetical negotiation concerning the '705 patent would have resulted in a lump-sum payment by Bridgestone to Acushnet of $3,334 at or about the time leading up to November 2004.

4.     Acushnet will also demonstrate that it is entitled to a permanent injunction against Bridgestone, preventing Bridgestone from further infringing the '705 patent.

CERTIFICATE OF SERVICE

I certify that on May 18, 2007 I electronically filed the foregoing with the Clerk

of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz

and David E. Moore.

I further certify that I caused copies to be served upon the following on May 18,

2007 in the manner indicated:

**BY E-MAIL & HAND**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

**BY E-MAIL & FEDERAL EXPRESS**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

*/s Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com

## CERTIFICATE OF SERVICE

I certify that on May 22, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 22, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004


*/s/ Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com