IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-132 (JJF) <br><br> REDACTED – PUBLIC VERSION |

**BRIDGESTONE'S REPLY IN SUPPORT OF ITS DAUBERT MOTION TO PRECLUDE DR. FRANCIS DES LYNCH FROM OFFERING TESTIMONY REGARDING INFRINGEMENT OF U.S. PATENT NOS. 4,729,861; 4,936,587 AND 5,080,367**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

Original Filed: May 18, 2007
Redacted Version Filed: May 22, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | ) ) ) ) ) ) C.A. No. 05-132 (JJF) ) ) REDACTED – PUBLIC VERSION ) ) ) |

**BRIDGESTONE'S REPLY IN SUPPORT OF ITS DAUBERT MOTION TO PRECLUDE DR. FRANCIS DES LYNCH FROM OFFERING TESTIMONY REGARDING INFRINGEMENT OF U.S. PATENT NOS. 4,729,861; 4,936,587 AND 5,080,367**

Dr. Lynch's proffered testimony fails to meet *Daubert* standards because (1) Dr. Lynch has not been involved in the golf ball industry, in any capacity, for almost three decades, and (2) his infringement report (the "Lynch Statement") fails to provide any semblance of a proper infringement analysis.

1. **Dr. Lynch's Limited And Antiquated Experience Renders Him Unqualified As An Expert For This Case**

Dr. Lynch has not worked in the golf ball industry in any capacity for 27 years. His only experience related to the aerodynamics of golf balls and dimple design was 27 years ago. Dr. Lynch simply is not an expert qualified to opine on infringement in this case. In fact, Dr. Lynch's own *curriculum vitae* indicates that his only admitted "expertise" has nothing to do with golf balls:

> 30+ years experience in high technology, consumer product, and services industries. Background includes development of new products and improved manufacturing and business process and systems....*Key expertise is helping companies understand the critical information that makes their products and business processes effective, thereby enabling them to develop new and improved products and services.* Proven record in the following areas: Knowledge and Information Management; Product Analysis and Design; Computer Aided Design/Manufacturing

(D.I. 453 at Ex. 1, Tab A, Lynch CV) (emphasis added).

Acushnet argues that the mere fact that Dr. Lynch is an inventor on the Lynch patents means that he "possesses more than ordinary skill in the art" (*id.* at 3). That is not what even Acushnet's parenthetical says is the holding of *Caterpillar Inc. v. Sturman Indus.*, 387 F.3d 1358 (Fed. Cir. 2004). The fact that one may have "exercis[ed]" more than the level of skill in the art does not make that person an "expert."[1]

### 2.   Dr. Lynch Failed To Conduct A Proper Infringement Analysis

Not only did Dr. Lynch not properly identify whether infringement exists literally, under the doctrine of equivalents, or both – which Acushnet does not dispute – but he failed to conduct a proper infringement analysis. Acushnet says that "Dr. Lynch similarly analyzed all claims against the accused products consistent with the parties' agreed upon constructions" (D.I. 499 at 4). Its only support for that statement, however, is Dr. Lynch's use of "dimple depth" and "dimple diameter" (*id.* at 3-4).[2] However, as set forth in Bridgestone's motion, there are many terms which have agreed-upon definitions (D.I. 453 at 4-5). None of them are mentioned in Dr. Lynch's report. There is no way to determine from his statement what, if any, claim constructions he used (*id.* at Ex. 1) – which is why "Bridgestone has not identified a single claim term analyzed by Dr. Lynch in a manner inconsistent with parties' agreed upon constructions" (D.I. 499 at 4).

Moreover, Acushnet's reliance on *Eaton Corp. v. Parker-Hannifin Corp.*, 292 F. Supp. 2d 555 (D. Del. 2003), is of no import here. As Acushnet recognizes, there, the court did

---

[1] Contrary to what Acushnet says, Bridgestone stated that "Dr. Lynch is a named inventor on [the Lynch] patents" (D.I. 453 at 2).

[2] Not all of the agreed upon claim meanings track exactly what is set forth in the Lynch patents (*see* D.I. 228 at 18-26).

-2-

not exclude expert testimony even though the expert "varied his word choices from those precisely announced in the claim construction order." *Id.* at 567. Dr. Lynch, however, failed to provide *any* meaning for most of the claim terms. It is not a question of whether he "varied" the meanings slightly from what was agreed upon. The question is what definitions were used. Acushnet's assertion that Dr. Lynch's "analysis and opinions are clearly within the spirit of the parties' agreed-upon claim constructions" is unsupported by the record. Not only has Dr. Lynch ignored the parties agreed-upon, and disagreed-upon claim constructions, he has also provided no guidance as to what "spirit" he applied to these claim terms.

For example, the parties agreed that the term "periphery of the golf ball or its continuation" means "[t]he outermost surface of the golf ball or an imaginary *plane* corresponding to the outermost surface of the golf ball" (D.I. 228 at 19) (emphasis added). Dr. Lynch does not indicate whether he used that term. Similarly, Dr. Lynch has provided no indication as to how he defined "closest points" or "closest distances," and whether those definitions are as the parties agreed (*see* D.I. 453 at Ex. 1 and D.I. 228 at 18-26).

Finally, Acushnet's attempt to distinguish Dr. Lynch's testimony from that in both *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 436 (D. Del. 2004), and *Inline Connection Corp. v. AOL Time Warner Inc.*, 2007 WL 275928, *5 (D. Del. Jan. 29, 2007), fails. By failing to provide guidance as to the meaning of the claim terms, Dr. Lynch's infringement analysis is fatally flawed. His proffered testimony is not reliable and not admissible to show infringement. *See Inline Connection*, 2007 WL 275928, at *5.

## CONCLUSION

Bridgestone requests that the Court grant its *Daubert* motion.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Leslie A. Polizoti

---

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700
831074

May 18, 2007

## CERTIFICATE OF SERVICE

I certify that on May 18, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 18, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004


/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com

**CERTIFICATE OF SERVICE**

I certify that on May 22, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 22, 2007 in the manner indicated:

**BY E-MAIL & HAND**

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

**BY E-MAIL & FEDERAL EXPRESS**

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com