IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., ) ) ) | |
| Plaintiffs, ) | C.A. No. 05-132 (JJF) |
| v. ) ) | |
| ACUSHNET COMPANY, ) ) | |
| Defendant. ) | |

## JOINT PRE-TRIAL ORDER

On May 25, 2007, at 9:00 a.m., counsel for Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. ("Bridgestone") and counsel for Acushnet Company ("Acushnet") shall participate in a pre-trial conference before the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16.4 of this Court. The Court ordered that trial of this matter commence on June 18, 2007.

### I. NATURE OF THE ACTION AND PLEADINGS

1. This is a patent infringement action brought by Plaintiff Bridgestone against Defendant Acushnet on March 7, 2005. Bridgestone is asserting claims from seven patents against various Acushnet golf balls, alleging that Acushnet willfully infringes Bridgestone's U.S. Patent No. 5,553,852 ("the '852 patent"), U.S. Patent No. 5,782,707 ("the '707 patent"), U.S. Patent No. 6,679,791 ("the '791 patent"), U.S. Patent No. 5,252,652 ("the '652 patent"), U.S. Patent No. 6,634,961 ("the '961 patent"), U.S. Patent No. 5,743,817 ("the '817 patent"), and U.S. Patent No. 5,803,834 ("the '834 patent"). (D.I. 1). These patents will be collectively referred to as the "Bridgestone patents-in-suit." U.S. Patent No. 5,695,413 and U.S. Patent No. 5,813,924 were withdrawn as a result of the Court's limitation on the number of claims Bridgestone may

assert. (*See* D.I. 154). Bridgestone has withdrawn the '125 patent.

2.  On April 28, 2005, Acushnet counterclaimed and asserted that Bridgestone infringed five Acushnet patents: U.S. Patent No. 4,729,861 ("the '861 patent"), U.S. Patent No. 4,936,587 ("the '587 patent"), U.S. Patent No. 5,080,367 ("the '367 patent"), and U.S. Patent No. 6,818,705 ("the '705 patent"). These patents will be collectively referred to as the "Acushnet patents-in-suit." (D.I. 7). Acushnet has withdrawn the '976 patent.

## II.  BASES FOR FEDERAL JURISDICTION

1.  Bridgestone Sports Co., Ltd. is a Japanese corporation organized and existing under the laws of Japan, with a principal place of business in Tokyo, Japan.

2.  Bridgestone Golf, Inc., a U.S. subsidiary of Bridgestone Sports Co., Ltd., is located in and has a principal place of business in Covington, Georgia.

3.  Acushnet Company is a corporation organized and existing under the laws of Delaware, with a principal place of business at 333 Bridge Street, Fairhaven, Massachusetts 02719.

4.  Bridgestone's action for patent infringement arises under the Patent Laws of the United States, Title 35, United States Code. Subject matter jurisdiction over this action is proper under 28 U.S.C. §§ 1331 and 1338(a).

5.  Subject matter over Acushnet's counterclaims is proper under 28 U.S.C. §§ 1331, 1367, 1338(a), 2201 and 2202.

6.  Venue is proper under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## III.  STATEMENT OF ADMITTED FACTS

1.  The facts that are admitted and require no proof at trial are attached as Exhibit 1.

2

## IV. STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

1. Bridgestone's statement of issues of fact that remain to be litigated is attached as Exhibit 2.

2. Acushnet's statement of issues of fact that remain to be litigated is attached as Exhibit 3.

## V. STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

1. Bridgestone's statement of issues of law that remain to be litigated, and citation of authorities relied upon, is attached as Exhibit 4.

2. Acushnet's statement of issues of law that remain to be litigated, and citation of authorities relied upon, is attached as Exhibit 5.

## VI. EXHIBITS

1. The parties will offer at trial one or more of the exhibits set forth on their respective exhibit lists. These exhibit lists include potential rebuttal exhibits that may not necessarily be introduced into evidence. These exhibit lists may also include certain documents relied upon by experts in rendering opinions, which will not necessarily be introduced into evidence (Rules 703 and 1006 of the Federal Rules of Evidence).

2. Bridgestone's list of pre-marked exhibits that it may offer at trial is attached as Exhibit 6, which also includes Acushnet's objections to those exhibits.

3. Acushnet's list of pre-marked exhibits that it may offer at trial is attached as Exhibit 7, which also includes Bridgestone's objections to those exhibits

4. Demonstrative exhibits need not be included in the parties' respective exhibit lists. The parties shall exchange final drafts (subject only to addressing evidentiary objections or rulings) of demonstrative exhibits that they intend to use at trial by no later than 5:00 p.m. EST

two calendar days before the use of that demonstrative at trial. The parties shall exchange copies (using best efforts to exchange color copies) of demonstrative exhibits and shall make available for inspection physical exhibits to be used at trial, labeled with exhibit number. Exchange of large boards or transparencies is not required and these exhibits may be exchanged on 8 ½ x 11 inch white paper as long as the content of the exhibit is still legible. The parties' objections to the demonstrative exhibits, if any, shall be exchanged no later than 5:00 p.m. EST one calendar day before the proposed use of that demonstrative at trial. The notice provision of this paragraph shall not apply to demonstrative exhibits created in the courtroom during testimony or opening or closing statements at trial or to the enlargement, highlighting, ballooning, excerption of trial exhibits or of testimony.

5. Any document not offered into evidence may still be used at trial for the purpose of cross-examination, impeachment, or rehabilitation, if otherwise competent for such purposes.

6. Any document not specifically identified on an exhibit list or not offered into evidence may still be used at trial for the purpose of impeachment, if otherwise competent for such purposes.

### VII. WITNESS TO BE CALLED IN PERSON OR BY DEPOSITION

1. Bridgestone intends to call the witnesses identified in Exhibit 8 to testify at trial in person or by deposition.. Bridgestone's designation of witnesses' deposition testimony it intends to introduce at trial is identified in Exhibit 10.

2. Acushnet intends to call the witnesses identified in Exhibit 9 to testify at trial in person or by deposition. Acushnet's designation of witnesses' deposition testimony it intends to introduce at trial is identified in Exhibit 11.

3. No witness called by a party shall be permitted to testify at trial unless: (a) the

4

witness is identified pursuant to this Order, or (b) the Court determines that in the interests of justice such witness should be called.

4. Each party shall provide the other party with written notice no later than 9:00 a.m. EST on the business day before the trial day on which the party presenting its case expects to call a witness to offer testimony in person.

5. Each party shall provide the other party with written notice no later than 9:00 a.m. EST two business days before the trial day on which the party presenting its case expects to call a witness to offer testimony by deposition. Such notice will include the specific deposition testimony (by page and line number) the party expects to introduce into the record and whether the proposed testimony will be introduced by video. The party receiving such notice shall give written notice of its objections to the proposed testimony no later than 9:00 a.m. EST one business day after receiving this notice.

6. Subject to the requirements adopted by the Court, the listing of a witness on a party's pre-trial witness list does not require the party to call that witness to testify, and does not necessarily mean that listing party has the power to compel the live testimony of that witness.

7. Each party may offer at trial some or all of the deposition testimony identified by it in the exhibits attached hereto. A party's decision not to introduce any deposition testimony identified by it in the exhibits attached hereto shall not be commented on during trial.

8. Any deposition testimony not specifically identified on a party's deposition designation list still may be used at trial for the purpose of impeachment, if otherwise competent for such purposes.

## VIII. BRIEF STATEMENT OF INTENDED PROOFS

1. A brief statement of what Bridgestone intends to prove in support of its claims, including the damages claimed, or other relief sought, is set forth in Exhibit 12.

2. A brief statement of what Acushnet intends to prove in support of its claims, including the damages claimed, or other relief sought, is set forth in Exhibit 13.

## IX. AMENDMENT TO THE PLEADINGS

1. Bridgestone is not aware of any required amendments to the pleadings.

2. Acushnet is not aware of any required amendments to the pleadings.

## X. CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

1. The parties have scheduled a mediation before a neutral mediator. Because of scheduling and distance concerns, the mediation is not scheduled to occur until June 4, 2007, in Hawaii.

## XI. MISCELLANEOUS ISSUES

1. A *Markman* hearing was held on November 29, 2006 (D.I. 254). The parties are awaiting a claim construction order from the Court.

2. Acushnet filed the following summary judgment motions on April 13, 2007 and completed briefing on May 10, 2007:

- Motion for Summary Judgment of Validity of U.S. Patent Nos. 4,729,861; 4,936,587 and 5,080, 367 (D.I. 358);

- Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 5,782,707 (D.I. 368);

- Motion for Summary Judgment of Invalidity of U.S. Patent No. 6,679,791 (D.I. 380);

- Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 5,783,817 (D.I. 360);

6

- Motion for Summary Judgment (Partial) of Non-Infringement of U.S. Patent No. 6,634,961 (D.I. 364);

- Motion for Summary Judgment of Invalidity of U.S. Patent No. 6,634,961 (D.I. 366);

- Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 5,252,652 (D.I. 372);

- Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 5,553,852 (D.I. 362); and

- Motion for Summary Judgment of Invalidity and Non-Infringement of U.S. Patent No. 5,803,834 (D.I. 375).

3. Bridgestone filed the following summary judgment motions on April 13, 2007 and the parties completed briefing on May 10, 2007:

- Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,818,705 (D.I. 345);

- Motion for Summary Judgment of No Invalidity for U.S. Patent No. 5,782,707 (D.I. 347);

- Motion for Summary Judgment of No Invalidity for U.S. Patent No. 6,679,791 (D.I. 349);

- Motion for Summary Judgment of No Invalidity for U.S. Patent No. 5,783,817 (D.I. 351);

- Motion for Summary Judgment of Non-Infringement for U.S. Patent No. 6,634,961 (D.I. 353); and

- Motion for Summary Judgment that the "Wilson Ultra Tour Balata 90" Golf Balls, the "1993 Wilson Ultra Tour Competition" Golf Balls and the "1996 Precept EV Extra Spin" Golf Balls Are Not Prior Art (D.I. 355).

4. Several motions are pending before the Special Master Bechtle including:

- Bridgestone's Motion for Sanctions (D.I. 304);

- Bridgestone's Motion to Compel Production of Documents (D.I. 343)

- Acushnet's Motion to Preclude Bridgestone From Relying on Certain Evidence Regarding Infringement, Invalidity and Damages (D.I. 295); and

7

- Acushnet's Motion to Withdraw its Admissions to Bridgestone's Requests For Admission Nos. 7-8 (D.I. 310).

A hearing was held before Special Master Bechtle on May 7, 2007. Special Master Bechtle heard the parties on all the motions with the exception of Bridgestone's Motion to Compel Production of Documents. The parties are awaiting Special Master Bechtle's findings.

5. The parties filed 14 *in limine* and Daubert motions on May 8, 2007, with answering briefs filed on May 14, 2007 and reply briefs filed on May 18, 2007.

6. The parties' proposed jury verdict form, *voir dire* questions and proposed jury instructions will be filed separately

7. The parties have agreed to show the video "Introduction to the Patent System," which will replace some, but not all, of the preliminary jury instructions.

8. A list of miscellaneous issues that Bridgestone wishes to address at the pre-trial conference is set fort in Exhibit 14.

9. A list of miscellaneous issues that Acushnet wishes to address at the pre-trial conference is set fort in Exhibit 15.

10. The parties have stipulated that no party will challenge the authenticity of a document that was both authored and produced by that party.

11. The parties have stipulated that no party will challenge the authenticity of any copy of any United States or foreign patent or patent application, excluding Japanese Unexamined Patent Publication No. H02-92378 having Yoshihiko Fujii as the named inventor. Bridgestone reserves all of its objections to Japanese Unexamined Patent Publication No. H02-92378 having Yoshihiko Fujii as the named inventor and any related documents. This stipulation is only to the authenticity and all other objections are reserved.

## XII.  ORDER TO CONTROL COURTS OF ACTION

1.  This Order shall control the subsequent court proceedings of this action, unless modified by the Court to prevent manifest injustice.  The parties reserve the right to supplement the pre-trial order as discussed herein.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| */s/ Leslie A. Polizoti* | */s/ David E. Moore* |
| Jack B. Blumenfeld (#1014)<br>Leslie A. Polizoti (#4299)<br>1201 N. Market St.<br>P.O. Box 1347<br>Wilmington, DE 19801<br>(302) 658-9200 | Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>(302) 984-6000 |
| *Attorneys for Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc.* | *Attorneys for Acushnet Company* |
| **OF COUNSEL:** | **OF COUNSEL:** |
| Robert M. Masters<br>Scott M. Flicker<br>Terrance J. Wikberg<br>Brandon M. White<br>**PAUL, HASTINGS, JANOFSKY & WALKER LLP**<br>875 15th St., N.W.<br>Washington, DC 20005<br>(202) 551-1700 | Joseph P. Lavelle<br>Kenneth W. Donnelly<br>Renée L. Stasio<br>Brian S. Seal<br>**HOWREY LLP**<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>(202) 783-0800 |

## CERTIFICATE OF SERVICE

I certify that on May 22, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 22, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com