IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., ) ) ) Plaintiffs, ) ) v. ) ) ACUSHNET COMPANY, ) ) Defendant. ) | C.A. No. 05-132 (JJF) |

## JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS

The parties jointly submit these proposed preliminary jury instructions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com
lpolizoti@mnat.com
*Attorneys for Bridgestone Sports Co., Ltd.
and Bridgestone Golf, Inc.*

OF COUNSEL:
Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

POTTER ANDERSON & CORROON LLP

*/s/ David E. Moore*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Acushnet Company*

OF COUNSEL:
Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
Renée L. Stasio
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 783-0800

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case. Because this is a patent trial which will deal with subject matter that is not within the everyday experience of most of us, I will also play a short video, called "Introduction to the Patent System," that has been prepared by the Federal Judicial Center for the purpose of providing jurors like you a brief background of the patent system. Before I show that video, I will give you an overview of who the parties are and what each party contends.

**The Parties**

This is an action for patent infringement arising under the patent laws of the United States. The parties are Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. (collectively, "Bridgestone"), and Acushnet Company (referred to as "Acushnet"). In this case, both parties contend that the other party infringes its patents.

Bridgestone is the owner of seven U.S. Patents, Nos. 5,252,652; 5,553,852; 5,743,817; 5,782,707; 5,803,834; 6,634,961; and 6,679,791. I may refer to these patents as the "Bridgestone patents-in-suit," or by their last three numbers. For example, I may refer to U.S. Patent No. 5,252,652 as the "'652 patent." Bridgestone contends that Acushnet makes, uses, or sells different models of golf balls that infringe these patents. Non-infringement and invalidity are defenses to a charge of infringement. In this action, Acushnet denies that it infringes Bridgestone's patents-in-suit. It also contends Bridgestone's patents-in-suit are invalid.

Acushnet is the owner of four U.S. Patent Nos. 4,729,861, 4,936,587, 5,080,367, and 6,818,705. I may refer to these patents as the "Acushnet patents-in-suit." They may also be referred to by their last three numbers. For example, I may refer to U.S. Patent No. 4,729,861 as the "'861 patent." Acushnet contends that Bridgestone makes, uses, or sells different models of

golf balls that infringe these patents. In this action, Bridgestone denies that it infringes Acushnet's patents-in-suit. It also contends Acushnet's patents-in-suit are invalid.

### Exclusionary Right And Term Of A Patent

Whenever a patent is issued by the United States Patent and Trademark Office, the patent law gives the patent owner a monopoly over the invention and the right to exclude others from making, using and selling the invention throughout the United States for a period of approximately 17-20 years, depending on the date the patent was issued. If the invention covered by the patent is a method, the patent law gives the patent owner the right for approximately 17-20 years to exclude others from using, or inducing others to use, the method throughout the United States.

At this time, we will now play the Introduction to the Patent System video.

### The Parts Of A Patent[1]

I will next briefly describe the parts of a patent and some of the procedures followed by those attempting to obtain patents. Many of the terms in this description are contained in a "Glossary of Patent Terms" which will be given to you along with a copy of these preliminary instructions. Feel free to refer to this Glossary throughout the trial.

For an invention to be patentable, it must be new, useful, and, at the time the invention was made, must not have been obvious to a person having ordinary skill in the art to which the subject matter pertains.

Under the Patent Laws, the Patent and Trademark Office examines patent applications and issues patents. A person applying for a patent must include a number of matters

---

[1]    The parties agree that this Instruction is unnecessary if the Introduction to the Patent System video is shown.

in his or her application, including the following: (1) a detailed description of the invention in terms sufficiently full, clear, concise and exact to enable any person skilled in the art to which the invention pertains to be able to make and use the invention; and (2) a disclosure of the best mode of carrying out the invention known to the inventor at the time of filing.

The application includes a written description of the invention called a "specification" and may include drawings that illustrate the invention. The specification concludes with one or more claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention. When a patent application is received at the Patent and Trademark Office, it is assigned to an examiner, who examines the application, including the claims, to ascertain whether the application complies with the requirements of the U.S. Patent Laws. The examiner reviews files of prior work of others in the form of voluminous files of patents and publications. This type of material is called "prior art." Documents found in the search of prior art are called "references." In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched. The compilation of the papers concerning the proceedings before the Patent and Trademark Office is called the "prosecution history" or "file wrapper."

If, after reviewing the prior art maintained at the Patent and Trademark Office, the examiner concludes that the claims presented by the applicant patentably define the applicant's claimed invention over the most relevant known prior art, the application is granted as a U.S. Patent.

A patent gives its owner the right to exclude others from making, using or selling the patented invention. A person who, without the patentee's authority, uses a process that is covered by one or more claims of a valid patent, infringes that patent.

**Summary Of The Patent Issues**

In this case, you must decide several things according to the instructions that I will give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide:

1. Whether Bridgestone has proven by a preponderance of the evidence that Acushnet infringes the Bridgestone patents-in-suit.

2. Whether Acushnet has proven by clear and convincing evidence that Bridgestone's patents-in-suit are invalid.

3. Whether Bridgestone is entitled to damages, and, if so, in what amount.

4. Whether Acushnet has proven by a preponderance of the evidence that Bridgestone infringes the Acushnet patents-in-suit.

5. Whether Bridgestone has proven by clear and convincing evidence that Acushnet's patents-in-suit are invalid.

6. Whether Acushnet is entitled to damages, and, if so, in what amount.

**Duty Of Jury**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

I will decide which rules of law apply to this case. You will have to apply the facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

**<u>Evidence</u>**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you. Certain things are not evidence.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or document. If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial I will try to clarify this for you at that time.

3. Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

6

### Burden Of Proof

This is a civil case. For Bridgestone's allegations of infringement, Bridgestone has the burden of proving infringement and damages by what is called a preponderance of the evidence. Likewise, for Acushnet's allegations of infringement, Acushnet has that burden. A "preponderance of the evidence" means that the patent owner has to produce evidence which, when considered in the light of all the facts, leads you to believe that what the patent owner alleges is more likely true than not. To put it differently, if you were to put the patent owner's and the accused party's evidence on the opposite sides of a scale, the evidence supporting the patent owner's allegations would have to make the scales tip somewhat on his side. If the patent owner fails to meet this burden, your verdict must be for the accused party.

In this case, Acushnet contends that Bridgestone's patents are invalid, and Bridgestone contends that Acushnet's patents are invalid. A patent is presumed to be valid. Accordingly, the accused party has the burden of proving that the patents-in-suit are invalid by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden then proof by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not Bridgestone and Acushnet have met their respective burdens of proof in this case.

### Conduct Of The Jury

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusions until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My Courtroom deputy will arrange for pens, pencils and paper. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use--they are not to be given or read to anyone else. Would anyone like a pad of paper and pen?

**Course Of The Trial**

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, Bridgestone will present its witnesses, and Acushnet may cross-examine them. Then Acushnet will present its witnesses, and Bridgestone may cross-examine them.

After all of the evidence is presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and I will give you instructions on the

law and describe for you the matters you must resolve. You will then retire to the jury room to deliberate on your verdict.

At the end of this trial and before you begin your deliberations, I will read and give you a copy of written instructions on the law.

## GLOSSARY OF PATENT TERMS

| | |
|---|---|
| Assignment | Transfer of ownership rights in a patent or patent application from one person or company to another. |
| Claims | That part of a patent which defines the metes and bounds of the invention. These are found at the end of the patent specification in the form of numbered paragraphs. |
| Disclosure of invention | That part of the patent specification which explains how the invention works and usually includes a drawing. |
| File wrapper | The written record of proceedings in the Patent Office including the original patent application and subsequent communications between the Patent Office and applicant. |
| Patent application | The initial papers filed in the Patent Office by an applicant. These typically include a specification, drawings and the oath (Declaration) of applicant. |
| Patent examiners | Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention. |
| Prior art | Any information which is used to describe public, technical knowledge prior to the invention by applicant or more than a year prior to his/her application. |
| References | Any item of prior art (publication or patent) used to determine patentability. |
| Specification | That part of the patent application or patent which describes the invention and concludes with one or more claims. |

835933.1

## CERTIFICATE OF SERVICE

I certify that on May 22, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz and David E. Moore.

I further certify that I caused copies to be served upon the following on May 22, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ *Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com