**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC.,

Plaintiffs,

v.

ACUSHNET COMPANY,

Defendant.

C. A. No. 05-132 (JJF)

**PUBLIC VERSION**

**ACUSHNET COMPANY'S REPLY BRIEF FOR MOTION TO EXCLUDE EVIDENCE OF SECONDARY CONSIDERATIONS OF NON-OBVIOUSNESS**

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: May 18, 2007
Public Version Dated: May 25, 2007
797989 / 28946

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

# TABLE OF AUTHORITIES

**CASES**

*Biacore v. Thermo Bioanalysis Corp.*,
79 F. Supp. 2d 422 (D. Del. 1999) .......... 1

*Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*,
229 F.3d 1120 (Fed. Cir. 2000) .......... 2-3

*Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*,
851 F.2d 1387 (Fed. Cir. 1988) .......... 1, 3

*Dippin' Dots, Inc. v. Mosey*,
476 F.3d 1337 (Fed. Cir. 2007) .......... 2

*In re Grasselli*,
713 F.2d 731 (Fed. Cir. 1983) .......... 3

*Iron Grip Barbell Co. v. USA Sports, Inc.*,
392 F.3d 1317 (Fed. Cir. 2004) .......... 1, 4

*Kao Corp. v. Unilever U.S., Inc.*,
441 F.3d 963 (Fed. Cir. 2006) .......... 1

*KSR, Int'l Co. v. Teleflex, Inc.*,
127 S. Ct. 1727, No. 04-1350, 2007 WL 1237837 (April 30, 2007) .......... 2

*Ormco Corp. v. Align Tech., Inc.*,
463 F.3d 1299 (Fed. Cir. 2006) .......... 1

Whether Bridgestone can present secondary considerations is a threshold determination: A nexus must be established *before* the evidence may become relevant to the issue of obviousness. *Iron Grip Barbell Co. v. USA Sports, Inc.*, 392 F.3d 1317, 1324 (Fed. Cir. 2004). Bridgestone must thus demonstrate a nexus between the proven success and the incremental benefits of each of its patents-in-suits to warrant jury consideration of any secondary considerations. *See Biacore v. Thermo Bioanalysis Corp.*, 79 F. Supp. 2d 422, 465 (D. Del. 1999) (citing *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988)).

In its opening brief, Acushnet showed that, during discovery, Bridgestone failed to provide any evidence of a nexus between any secondary consideration and the claimed features of the inventions. (*See* D.I. 455). In its opposition, Bridgestone attempts to remedy this by once again merely pointing to unspecified pages of deposition transcripts and exhibits, as it did in its answer to Acushnet's interrogatory. In so doing, its response to Acushnet's challenge to put forth nexus evidence similarly lacks merit. Bridgestone also ignores the fact that its experts failed to identify the closest prior art – or any prior art – in an analysis for unexpected results.[1] *See Kao Corp. v. Unilever U.S., Inc.*, 441 F.3d 963, 970 (Fed. Cir. 2006) (when unexpected results are used as evidence of non-obviousness, the results must be unexpected as compared to the closest prior art).

Likewise, Bridgestone's opposition fails to link Acushnet's alleged failures to the claimed invention. *See Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1313 (Fed. Cir. 2006) ("evidence does not suggest that these prior attempts failed because the devices lacked the claimed features"). None of the evidence Bridgestone has ever pointed to establishes a nexus between the secondary considerations and the merits of the claimed invention beyond what was readily available in the prior art, as the case law requires.

[1] Bridgestone's experts provide no opinion on secondary considerations as to the '961, '791, '834, and '817 patents. If the court allows Bridgestone to proffer any evidence of secondary considerations, Bridgestone certainly cannot proffer it with respect to these.

*Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337, 1345 (Fed. Cir. 2007) (factors that led to success were in the prior art, and therefore success was no evidence of secondary consideration); *see also KSR, Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727, No. 04-1350, 2007 WL 1237837 at *12 (Apr. 30, 2007) ("The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results.") (Ex. 1).

Lacking ***any*** nexus evidence, Bridgestone argues that it can merely rely on a presumption or inference of nexus because it alleges that Acushnet infringes its patents with a commercially successful golf ball. Bridgestone is wrong.

In very limited circumstances, a patentee is entitled to invoke a presumption of a nexus. Such a presumption is available only if the commercial success relied upon by the patentee is ***indisputably*** covered by the patents-in-suit, such as when the commercially successful products are the patentee's own. *See Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1130 (Fed. Cir. 2000) (where the parties do not dispute that the commercially successful product reads on the claims of the patent, a nexus is presumed). The presumption, however, is not automatic nor does it have applicability in a case like this, where the absence of a nexus is hotly disputed.

All of the authorities Bridgestone relies upon for support involve situations where the alleged infringers have admitted copying the invention. This is ***not*** the case here. What's more, merely alleging infringement, as Bridgestone has done, is not sufficient to entitle it to the presumption of a nexus. If it were, the presumption would then arise in every lawsuit where a patentee alleged infringement against a successful product. Instead, Bridgestone was required to show that the ***objective evidence of non-obviousness*** is commensurate in scope ***and co-extensive with*** the breadth of the asserted claims. *See Demaco Corp.*, 851 F.2d at 1392; *see In re Grasselli,* 713 F.2d 731, 743 (Fed. Cir. 1983) ("It is well settled 'that objective evidence of non-obviousness must be commensurate in scope with the claims which the evidence is offered to support.'");

*Brown & Williamson*, 229 F.3d at 1130 ("if the marketed product embodies the claimed features, and is coextensive with them, then a nexus is presumed"). Thus, there must be some evidence that the success derives from or is a product of the invention claimed in the entire scope of the claims. Bridgestone has offered no such evidence or attempted to do so. Bridgestone was also required to have undertaken this analysis on a claim-by-claim, patent-by-patent basis, as requested by Acushnet's contention Interrogatory No. 10. Bridgestone did not comply here either. It is thus not entitled to any presumption.



. *See Iron Grip*, 392 F.3d at 1324 ("licenses 'may constitute evidence of nonobviousness; however, only little weight can be attributed to such evidence if the patentee does not demonstrate a nexus between the merits of the invention and the licenses of record'").[2]

Evidence in support of secondary considerations in the absence of a nexus is evidence without relevance. Here it would serve no purpose other than to mislead or confuse the jury to examine such "evidence" with no evidence of a nexus. Although nexus is a question of fact in general, there must be ***some*** fact for the jury to consider. In failing to offer any nexus, Bridgestone has offered nothing that makes its secondary consideration proffer relevant. Acushnet's motion *in limine* should therefore be granted.

---

2 . (*See* D.I. 373 at 2-4; D.I. 344 at Ex. M, ¶¶ 60-62). Thus, the real world evidence shows that the license offer carries no suggestion of non-obviousness. There is no inference of a commercial success nexus on these facts.

                                                              POTTER ANDERSON & CORROON LLP

OF COUNSEL:
Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 783-0800

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com

*Attorneys For Defendant Acushnet Company*

Dated: May 18, 2007
Public Version Dated: May 25, 2007
797989 / 28946

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on May 25, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on May 25, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

*/s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946