IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., </br></br>Plaintiffs,</br></br>v.</br></br>ACUSHNET COMPANY,</br></br>Defendant. | )</br>)</br>)</br>)</br>)</br>)  C. A. No. 05-132 (JJF)</br>)</br>)  **PUBLIC VERSION**</br>)</br>) |

### ACUSHNET COMPANY'S REPLY BRIEF IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE THE PROPOSED EXPERT TESTIMONY OF NICK PRICE

OF COUNSEL:

Alan M. Grimaldi
Joseph P. Lavelle
Kenneth W. Donnelly
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 783-0800

Dated: May 18, 2007
Public Version Dated: May 25, 2007
797994/ 28946

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

**TABLE OF CONTENTS**

I. MR. PRICE'S PROPOSED TESTIMONY ON GOLF BALL PLAY IS NOT RELEVANT IN THIS CASE..................................................................1

II. WOUND BALL TO SOLID BALL TRANSITION BEARS NO RELEVANCE TO THE ISSUES IN THIS CASE.................................................4

III. BRIDGESTONE'S OTHER ARGUMENTS ALSO BEAR NO RELEVANCE TO THE FACTUAL ISSUES IN THIS CASE..............................5

IV. CONCLUSION..................................................................................................5

# TABLE OF AUTHORITIES

## Cases

*Daubert v. Merrell Dow Pharms.*,
  509 U.S. 592 (1993) .................................................................................................. 1

*Kewanee Oil Co. v. Bicron Corp.*,
  416 U.S. 470 (1974) .................................................................................................. 4

*KSR, Int'l Co. v. Teleflex, Inc.*,
  No. 04-1350, slip op. (April 30, 2007) ..................................................................... 1

## Rules

Fed. R. Evid. 402 ............................................................................................................ 1

Fed. R. Evid. 403 ............................................................................................................ 1

Fed. R. Evid. 702 ............................................................................................................ 1

Acushnet Company ("Acushnet") submits this reply in support of its *Daubert* Motion to Exclude the Proposed Expert Testimony of Nick Price. (*See* D.I. 456).

The rules of evidence and *Daubert* require exclusion of expert opinion testimony when it is not "relevant to the task at hand" or "sufficiently tied to the facts of the case [to] aid the jury in resolving a factual dispute." Fed. R. Evid. 402, 403 and 702; *Daubert v. Merrell Dow Pharms.*, 509 U.S. 592, 597 (1993). Bridgestone asserts that its proposed Nick Price testimony is relevant to the issues of infringement and validity, while conceding that his proposed expert testimony is constrained by the scope of his report. (D.I. 491, p. 1, 7). Bridgestone, however, has failed to demonstrate how any testimony contained within his report addresses any of the necessary factual questions relevant or helpful to the jury. Nick Price has not reviewed a single document or analyzed any of the factual issues specific to this case. He has not even reviewed the patents. Rather, his testimony is based solely on his knowledge acquired by *playing* the game of golf and will only interject irrelevant "opinions" to an already complex-enough case.

## I. MR. PRICE'S PROPOSED TESTIMONY ON GOLF BALL PLAY IS NOT RELEVANT IN THIS CASE

As to validity, Bridgestone argues that Mr. Price's proffered testimony on golf ball performance will allow the jury to understand "why it is that Bridgestone's inventions constitute improvements over the prior art." (D.I. 491 at 4). No doubt in assessing the issue of validity, the jury will be called upon to resolve factual questions including the scope and content of the prior art, the differences between the prior art and the claims at issue, and the level of ordinary skill in the pertinent art. *See, e.g., KSR, Int'l Co. v. Teleflex, Inc.*, No 04-1350, slip op. (April 30, 2007) (Ex. 1). Mr. Price's report, however, discusses none of those factors. Instead, he discusses general golf ball play relating to spin, feel and control. (D.I. 456 at Ex. B – Price Report at ¶7). That testimony sheds no light on the factual issues of validity.

First, testimony on spin, feel and control will not assist the jury in assessing the proper scope and content of the prior art. Bridgestone does not contend that its patents were the first directed to improvements in those properties. Those skilled in the art recognized long ago – well before the filing dates of the asserting patents – that optimizing spin, feel and control will improve golf ball performance. Indeed, it is only common sense that these are the objectives in almost all, if not all, golf ball patents. The patents say so, over and over and over and over. Nick Price adds nothing to this.

Second, nowhere in his report does Mr. Price attempt to link these well-known golf ball parameters to the relevant prior art or show how the patent claims in this case differ from or constitute "improvements" upon such prior art. The asserted claims do not recite "spin, feel and control" as required elements. Mr. Price's testimony on those parameters might have been relevant if he had analyzed the claimed elements of the asserted patents and compared the performance parameters of golf balls manufactured with and without those elements. He did not. Indeed, Mr. Price has not reviewed any of the asserted patents nor has he considered a single document from this case. Thus, Mr. Price's proffered testimony regarding general golf ball performance is irrelevant.[1]

Third, Mr. Price does not and cannot opine on the applicable prior art or the level of ordinary skill in the art necessary to address the factual determinations for validity. This is not surprising. While Mr. Price is undoubtedly a talented golfer, he is not one of ordinary skill in the art relevant to this case, even by Bridgestone's standards. (D.I. 456 at Ex. 11- 1/16/2007 Isayev Report at 5).

As to infringement, Bridgestone states that Mr. Price "has the ability to explain to the Court and to the jury what would be an 'insubstantial' change in considering the issue

---

[1] Mr. Price's proposed testimony on the "context and background into the golf ball industry" is similarly irrelevant, as it is disconnected with any factual issue in the case.

2

of equivalents." (D.I. 491 at 4). First, his report includes *no* references to "insubstantial" changes or "the issue of equivalents." Thus he cannot offer such testimony at trial.

Second, assessing "insubstantial change" for determining infringement under the doctrine of equivalents will require the jury to understand whether a particular claim element, literally missing from an accused golf ball, is otherwise present in the accused product in an insubstantially different form.



---

[2] *See, eg.*, D.I. 456 at Ex. 6 (Pls.' Ninth Supp. Resp. to Def.'s First Set of Interrog. No. 12); Ex. 7 (Pls.' Fifth Resp. to Def's First Set of Interrog. No. 9).

[3] Bridgestone attempts to tie the parameters of distance, spin, feel, durability and control, "just to name a few," to the asserted patents by citing to their disclosures. (D.I. 491 at 3). This attempt is of no avail. All the cited passages are either in the Abstract or "Field of the Invention" of the asserted patents and apply to the claimed invention as well as the prior art. Indeed, these same parameters are found in golf ball patents as early as the 1980s for sold-core golf balls. (*See* Ex. 2 - Morgan Declaration at ¶¶ 68-76).

That is only one element of one claim of the eleven patents at issue in this case. The remaining asserted claims are all similarly drafted, requiring a significant understanding of polymer science, chemistry, chemical engineering, "just to name a few." Bridgestone has not shown that Mr. Price has the necessary expertise relevant to discuss any asserted patent technology or accused ball. Mr. Price's career as a professional golfer does not require such knowledge. Unfortunately for Bridgestone, however, such is the "specialized knowledge" required by the Federal Rules as relevant in this case. While Bridgestone may desire for Mr. Price to proffer testimony on "insubstantial" change, without any knowledge of the claim elements or the chemical and physical properties of the materials found in the accused ball, this Court should not permit such testimony as it is unhelpful to the issue of infringement.

## II.  WOUND BALL TO SOLID BALL TRANSITION BEARS NO RELEVANCE TO THE ISSUES IN THIS CASE

Bridgestone next argues that an understanding of the transition from wound to solid ball "is important in this case" and "will allow the jury to understand why Acushnet needed to use Bridgestone's technology." (D.I 491 at 2). This argument, again found nowhere in Mr. Price's report, is flawed in many respects. First, patent infringement is not an intentional tort. *See, e.g., Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 478 (1974). Thus, intent, motivation or "need," are not elements of infringement, and even if Acushnet "needed" Bridgestone's technology, a woefully erroneous assertion, it is still a fact completely irrelevant to the issue of infringement.

Second, this transition is also not relevant to the issues of validity. Bridgestone argues that Mr. Price's testimony "will assist the Court and the jury in understanding the differences between solid balls and would [sic] balls and why golfers much preferred the solid ball technology." (D.I. 491 at 5). Bridgestone further asserts that this fact is somehow important to the validity of its patents. But surely Bridgestone cannot be

4

arguing that the closest relevant prior art in this case is that directed to wound balls. Neither party in this case is relying on any wound golf ball cores to show invalidity.

Third, this wound-to-solid core transition is also not relevant to infringement. All of the asserted patents are directed to solid core golf ball technology and all of the accused balls are solid core golf balls. Thus, testimony on wound balls and the transition to solid core golf balls, including "how and why this transition occurred, and what it means to the professional golfer" (D.I. 491 at 5), has no import to the alleged infringement of a solid core golf ball on claims for solid core golf balls. As such, it will only further complicate an already factually complicated case.

### III. BRIDGESTONE'S OTHER ARGUMENTS ALSO BEAR NO RELEVANCE TO THE FACTUAL ISSUES IN THIS CASE

Finally, Bridgestone appears to assume that, having often played Bridgestone golf balls, "Mr. Price can explain Bridgestone's technology and how Bridgestone's balls developed over time and changed the game of golf forever." (D.I. 491 at 5). Whether Bridgestone leads or lags in the development of solid-core golf ball has no bearing on infringement and validity of the asserted patents, as a late-comer could still have patents that could exclude the forerunners from practicing its invention. Whether Bridgestone "changed the game of golf forever" also has no bearing on the issues of infringement or validity in this case. Thus, Mr. Price's generic discussions of Bridgestone's technology and its role in industry, unmoored to the asserted patents, are not relevant, and this fact does not change no matter how renowned the testifying witness as a professional golfer.

### IV. CONCLUSION

Acushnet does not dispute that Nick Price is a popular and perhaps skilled professional golfer. His personal views regarding Bridgestone's technology, however, or his rating of "9.6 out of 10" for one of Bridgestone's golf balls, is simply not helpful to the jury in this case. For the foregoing reasons, Acushnet respectfully requests the Court grant its *Daubert* Motion to Exclude the Proposed Expert Testimony of Nick Price.

5

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL:<br>Alan M. Grimaldi<br>Joseph P. Lavelle<br>Kenneth W. Donnelly<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC  20004<br>Telephone: (202) 783-0800<br><br>Dated:  May 18, 2007<br>Public Version Dated:  May 25, 2007<br>797994 / 28946 | By:  /s/ *Richard L. Horwitz*<br>     Richard L. Horwitz (#2246)<br>     David E. Moore (#3983)<br>     Hercules Plaza, 6th Floor<br>     1313 N. Market Street<br>     Wilmington, DE  19899-0951<br>     (302) 984-6000<br>     rhorwitz@potteranderson.com<br>     dmoore@potteranderson.com<br><br>*Attorneys For Defendant Acushnet Company* |

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on May 25, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Maryellen Noreika
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on May 25, 2007, I have Electronically Mailed the documents to the following:

Robert M. Masters
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005
RobMasters@paulhastings.com

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680012 / 28946