# EXHIBIT 1

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO., LTD., and
BRIDGESTONE GOLF, INC.,

       Plaintiffs,

    v.

ACUSHNET COMPANY,

       Defendant.

Case No. 05-CA-132 (JJF)

ACUSHNET COMPANY,

       Counterclaimant,

    v.

BRIDGESTONE SPORTS CO., LTD., and
BRIDGESTONE GOLF, INC.,

       Counterdefendant.

## DECLARATION OF BRIAN S. SEAL

1.    My name is Brian S. Seal, and I am an associate at the law firm of Howrey LLP.

2.    Howrey LLP represents the defendant and counterclaimant Acushnet Company ("Acushnet"). I make this declaration in support of Acushnet's Opposition to Bridgestone's Motion for Sanctions.

3.    Acushnet produced its core recipe information, including manufacturing guidelines, documents from its recipe change databases and change notices in its initial document production in August 2005. It supplemented that production several times during the course of the litigation as it became aware of additional recipe changes and to keep the information current. The majority of the recipe changes about which

Bridgestone complains were produced by November 2006, in advance of the parties' agreed-upon December 18, 2006 date for the close of fact discovery.

4.     When Bridgestone's counsel requested documents from Acushnet's Mesabi database, I informed them that the information was highly burdensome to collect and was duplicative of the information produced by Acushnet. From the outset, Bridgestone rejected Acushnet's representation that the information in Mesabi was duplicative of the recipe change notices. Although both recipe change notices and the Mesabi data can be used to determine core formulations, the Mesabi information is easier to use for this purpose. This fact was recognized by both Acushnet and Bridgestone. The dispute with respect to production centered on the difficulty in extracting the information out of Mesabi.

5.     During meet-and-confers with Bridgestone's counsel in September and November 2006, and again in January 2007, I offered to make Acushnet's Mesabi system available to Bridgestone for inspection. Bridgestone declined those offers.

6.     On January 31, 2007, in response to arguments made by Bridgestone's experts, Acushnet obtained a letter from Sartomer Company disclosing the maximum purity of ZDA powder. This letter was not in the possession, custody or control of Acushnet during fact discovery. It was obtained in rebuttal to arguments made for the first time in Bridgestone's expert reports.

7.     Dr. Felker, Acushnet's non-infringement expert, requested counsel to inquire into the purity of ZDA powder, after reading Bridgestone's infringement report from Mr. Cadorniga, in which Mr. Cadorniga attempted to use actual purity information in determining the parts per hundred of the ingredients used in the golf ball cores.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: April 3, 2007

Brian S. Seal

# EXHIBIT 4

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 5

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 6

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD., and BRIDGESTONE GOLF, INC., | ) ) ) C.A. No. 05-132 (JJF) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ACUSHNET COMPANY, | ) ) |
| Defendant. | ) ) |

## BRIDGESTONE'S REVISED THIRD
## NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. ("Bridgestone") shall take the deposition upon oral examination under oath of Defendant Acushnet Company ("Acushnet") beginning at 9:00 a.m., on the 6th day of June, 2006, and continuing from day to day until completed, in the offices of Paul, Hastings, Janofsky & Walker LLP, 875 15th Street, NW, Washington, DC 20005, or at such other time and place as may be agreed upon by counsel. The deposition will be recorded by stenographic means and may be videotaped, and is being taken for the purposes of discovery, for use at trial, and for such other purposes as permitted under the Federal Rules of Civil Procedure.

In accordance with Rule 30(b)(6), Acushnet shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf concerning the matters set forth in Attachment A hereto.



DEPOSITION
EXHIBIT
4
6-6-06

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Leslie A. Polizoti

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com
   *Attorneys for Bridgestone Sports Co., Ltd.
   and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Eric E. Bensen
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 18, 2006
520990

## ATTACHMENT A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Notice of Deposition is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

As used herein, the following terms are to be interpreted in accordance with the DEFINITIONS set forth in Bridgestone's First Set of Requests For Production of Documents and Things (Request Nos. 1-100) as though fully set forth herein.

In addition, the following phrase in this Notice is to be interpreted in accordance with the following definition:

37.    The phrase "Related Patents or Applications" means any patents or patent applications, whether issued, pending, abandoned, or otherwise, related to a patent, including any parents, continuations, continuations-in-part, divisions, provisionals, reexaminations, reissues, and foreign counterparts.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

1.    The conception, reduction to practice, diligence up to reduction to practice and other development activities or alleged inventive activities for the subject matter of the '705 patent including the claims of the '705 patent.

2.    The preparation, filing and prosecution of the application which resulted in the issuance of the '705 patent and its Related Patents or Applications.

-1-

## CERTIFICATE OF SERVICE

I, Leslie A. Polizoti, hereby certify that on May 18, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Richard L. Horowitz, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th floor
1313 N. Market Street
Wilmington, DE 19801

and that I caused copies to be served on May 18, 2006 upon the following in the manner indicated:

### BY HAND

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

### BY FACSIMILE

Alan M. Grimaldi, Esquire
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
lpolizoti@mnat.com

# EXHIBIT 8

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 9

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 10

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 11

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 12

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY