IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE SPORTS CO., LTD. and BRIDGESTONE GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACUSHNET COMPANY, <br><br> Defendant. | C.A. No. 05-132 (JJF) |

**BRIDGESTONE'S CITATION OF SUBSEQUENT AUTHORITY CONCERNING THE SPECIAL MASTER'S MAY 24, 2007 REPORT AND RECOMMENDATION**

Pursuant to D. Del. LR 7.1.2(c), plaintiffs Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc. ("Bridgestone") bring to the Court's attention the Special Master's May 24, 2007 Report and Recommendation (D.I. 567), in which the Special Master largely granted Bridgestone's Motion for Sanctions (D.I. 304). This is the second time that Acushnet has been sanctioned for its litigation tactics, which the Special Master characterized as "a disappointing example of short-term strategy getting in the way of long-term discovery obligations" (D.I. 567 at 13). The Special Master also denied Acushnet's Motion to Preclude (D.I. 294) – which he called a "broad-based motion to preclude practically everything" (D.I. 567 at 26) in its entirety.

The Report and Recommendation affects four pending motions, and should result in the following:

1. The Court should grant Bridgestone's Motion for Summary Judgment of No Invalidity of U.S. Patent No. 5,782,707 (D.I. 347);

2. The Court should deny Acushnet's Motion for Partial Summary Judgment of Non-infringement of U.S. Patent No. 6,624,961 (D.I. 364);

3.  The Court should not consider Acushnet's Opposition to Bridgestone's Motion for Summary Judgment of Infringement of U.S. Patent No. 6,634,961 (D.I. 410) to the extent that Acushnet criticizes the data on which Bridgestone's experts rely; and

4.  The Court should deny Acushnet's Daubert Motion to Exclude the Testimony and Reports of Bridgestone's Experts (D.I. 459) to the extent it concerns infringement of the '961 patent.

> A.  Acushnet Now Has No Prior Art Invalidity Defense To Bridgestone's '707 Patent

Acushnet now has no prior art invalidity defense to Bridgestone's '707 patent, because the Special Master precluded Acushnet from relying on its October 2000 opinion of counsel and a March 7, 2007 supplemental expert report – the only evidence of invalidity on which Acushnet's expert relied in his attempt to show that golf ball cores made according to the prior art patent EP '043 invalidate claim 1 of Bridgestone's '707 patent. Acushnet's invalidity expert, Dr. Felker, sought to rely on the supplemental report for additional support for his opinion that the '707 patent was invalid. This report included results of a series of tests performed by Acushnet employees. One test showed that the golf ball cores purportedly made according to EP '043 did not meet the limitations of the '707 patent – a result favorable to Bridgestone. Acushnet, however, "did not retain the cores or the measurement results" for this test. The Special Master called this "extremely troubling" (D.I. 567 at 9) because "the language suggests that there was some choice made about retaining the cores and the measurements and it was decided not to keep them even though they were being done for litigation purposes" (*id.* at 8). He noted that Acushnet's explanation of "how the routine of laboratory activity resulted in the cores being accidentally cleaned up has a different ring than the March 7th report…that states 'we did not retain the cores or the measurement results'" (*id.* at 8-9). Additionally, the Special

2

Master has precluded Acushnet from relying on a summary exhibit of golf ball dimple characteristics, and therefore Dr. Felker also has no support for his opinion that it would have been obvious to use EP '043 and another feature of claim 1 of the '707 patent, that the dimples on the golf ball occupy at least 62% of the ball surface.

In fact, every single piece of evidence on which Dr. Felker relied to make up for the admitted deficiencies of the EP '043 patent has been excluded – except that Acushnet may rely on the test data associated with the October 2000 opinion of counsel. According to Acushnet, that test data was communicated from its Vice President of Intellectual Property, Jeffrey Dalton, to its invalidity expert, Dr. Felker. The problem is, neither Mr. Dalton nor Dr. Felker remembered speaking to each other about the test results (D.I. 305 at 8 (citing Ex. 10, Dalton Rough Tr. at 195-97; Ex. 5, Felker Rough Tr. at 242-48)). This is another reason why Bridgestone's motion should be granted. No reasonable jury could find that there is clear and convincing evidence of invalidity. Bridgestone's Motion for Summary Judgment of No Invalidity of the '707 patent should be granted.

   B. The Special Master Sanctioned Acushnet's For Its "Short Term Strategy" Concerning Mesabi

The Special Master sanctioned Acushnet for its discovery conduct relating to the Mesabi system, Acushnet's database that contains batch-by-batch information about golf ball core recipes (*see* Bridgestone's Motion To Apply Any Verdict Of Infringement Of The '961 Patent To The Pro V1 and Pro V1x Golf Balls, filed concurrently herewith). Acushnet and its

experts "are precluded from any direct or indirect criticism of plaintiff or its witnesses or experts for not using the Mesabi database in respect to any issue in this litigation" (D.I. 567 at 14):[1]

> Direct criticism relates to any reference on behalf of the defendant that criticizes the work [or] opinion by any representative of the plaintiff because it did not rely on the Mesabi database. Indirect criticism will include any reference that the Mesabi database is superior, better, preferable, more reliable, or of a higher level of reliability than any other source of data relied on by plaintiff in this litigation.

This ruling impacts two pending summary judgment motions and one pending Daubert motion.

    1.    Acushnet moved for partial summary judgment of non-infringement of the '961 patent on the basis that the Court should look to the Mesabi data that it used, and that Bridgestone's experts improperly relied on the manufacturing guidelines (D.I. 365 at 8):

> As shown below, the recipe change information from both the recipe change notice database and the Mesabi control system, show that for substantial periods of time, Acushnet's accused product did not infringe the '961 patent. Therefore, by ignoring such information, Dr. Coughlin [one of Bridgestone's experts] proffered an opinion that is inconsistent with the facts and should be excluded.

This is exactly what the Special Master prohibited Acushnet from doing – criticizing Bridgestone's experts for not using Mesabi. The sole basis for Acushnet's motion is that Mesabi data is more accurate than the data Bridgestone used. This motion should be denied.

    2.    Bridgestone moved for summary judgment of infringement of the '961 patent, in part relying on the manufacturing guidelines for the accused Pro V1 golf ball (D.I. 354

---

[1] As discussed in Bridgestone's Motion To Apply Any Verdict Of Infringement Of The '961 Patent To The Pro V1 and Pro V1x Golf Balls, filed concurrently herewith, Acushnet still has not produced all Mesabi data.

at 8-11). Acushnet opposed this motion by attacking the data that Bridgestone's experts used: "Bridgestone lacks any credible evidence of infringement of the '961 patent" (*id.* at 2), "Bridgestone relies on a single core recipe contained in a guideline's manual" (*id.* at 3), and calling Bridgestone's use of the guidelines a "faulty and unsupported decision of its experts to…take a cliff notes approach to proving infringement" (*id.* at 6). The Special Master precluded Acushnet from exactly this type of criticism. The Court, therefore, should not consider Acushnet's opposition to the extent that it criticizes the data on which Bridgestone relies.

3. Acushnet also moved to exclude the testimony and reports of Bridgestone's experts concerning infringement of the '961 patent on the basis that they "rely on a single core recipe contained in a guideline's manual" (D.I. 460 at 2), which allegedly makes their testimony unreliable and not relevant (*id.* at 6). Again, Acushnet criticized Bridgestone's use of the manufacturing guidelines, and used data from Mesabi to show non-infringement (*id.* at 3). Acushnet's motion should be denied.

## CONCLUSION

The Court should grant Bridgestone's Motion for Summary Judgment of No Invalidity of U.S. Patent No. 5,782,707 (D.I. 347); deny Acushnet's Motion for Partial Summary Judgment of Non-infringement of U.S. Patent No. 6,624,961 (D.I. 364); not consider Acushnet's Opposition to Bridgestone's Motion for Summary Judgment of Infringement of U.S. Patent No. 6,634,961 (D.I. 410) to the extent that Acushnet criticizes the data on which Bridgestone's experts rely; and deny Acushnet's Daubert Motion to Exclude the Testimony and Reports of Bridgestone's Experts (D.I. 459) to the extent it concerns infringement of the '961 patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

---

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Bridgestone Sports Co., Ltd.*
*and Bridgestone Golf, Inc.*

OF COUNSEL:

Robert M. Masters
Scott M. Flicker
Terrance J. Wikberg
Brandon M. White
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
875 15th St., N.W.
Washington, DC 20005
(202) 551-1700

May 30, 2007

## CERTIFICATE OF SERVICE

I certify that on May 30, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to Richard L. Horwitz.

I further certify that I caused copies to be served upon the following on May 30, 2007 in the manner indicated:

### BY E-MAIL & HAND

Richard L. Horwitz, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL & FEDERAL EXPRESS

Joseph P. Lavelle, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com